**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

      Plaintiff,                             **CASE NO. 17-CV-22589-JLK**

v.

**ALLIED PILOTS ASSOCIATION,**
**et al.**

      Defendant.

_____/

**DEFENDANT ALLIED PILOTS ASSOCIATION'S**
**<u>MOTION TO SET ASIDE CLERK'S DEFAULT</u>**

      COMES NOW Defendant, Allied Pilots Association, ("Defendant") by and through its undersigned counsel, and hereby move to set-aside the Clerk's default, and, in support, state as follows:

      1.      On or about October 13, 2017, Defendant was served with the Complaint.

      2.      On October 19, 2017, Plaintiff, *pro se*, Lawrence M. Meadows filed a Motion to Stay.

      3.      On November 7, 2017, the Court denied the Motion to Stay.

      4.      On November 8, 2017, Plaintiff filed a Motion for Clerk's entry for default.

      5.      On November 8, 2017, the Court issued a Clerk's default against Defendant.

      6.      As set forth in Plaintiff's Motion to Stay, for the last several months, Plaintiff and Defendant have been in active discussions to resolve various issues including the claims alleged in the Complaint.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

7.     As such, Defendant did not object to Plaintiff's Motion to Stay the proceedings and was of the understanding the Plaintiff was not moving forward with the litigation pending exhaustion of the parties' effort to address his concerns and resolve the issues involved in this case.  Consequently, Defendant did not file a response or notice of appearance in the matter pending exhaustion of those efforts.

8.     Nonetheless, and despite active and continued settlement discussions between the parties, as late as yesterday, November 8, 2017, Plaintiff, *pro se*, unbeknownst to Defendant, disingenuously filed a Clerk's default on the same day.

9.     As such, based on the aforementioned, Defendant moves to set-aside the Clerk's default.

<u>**MEMORANDUM OF LAW**</u>

It is the general rule and will settled law that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible," <u>Creative  Tile Marketing, Inc. v. SICIS Intern., S.r.L.,</u> 922 F. Supp. 1534 (S.D. Fla. 1996). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); <u>see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion,</u> 88 F.3d 948, 951 (11th Cir. 1996). To determine whether good cause exists, the Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. <u>Id</u>.

Here, the default was not culpable and willful, as Defendant, in good faith, has been in active discussions with Plaintiff, *pro se*, to resolve the issues alleged involved in this instant Complaint, as evidenced by Plaintiff's Motion to Stay.  Plaintiff was fully aware that Defendant was represented by counsel and, unbelievably, made *no* attempt to meet and confer regarding his

intentions to move for a clerk's default.  Moreover, Defendant clearly has a meritorious defense to the claims against it, which deserves to be heard by the Court before making any ruling on the matter.  In this case, it is submitted that the claims in Plaintiff's Complaint are time-barred and fails on their merits.  It is well-settled that claims alleging a breach of the duty of fair representation by a union, such as those alleged here, are subject to a six-month statute of limitations period.  Plaintiff's claims are premised upon alleged actions that fall well outside the applicable limitations period.   Additionally, even if not time-barred, it is submitted that Plaintiff's claims fail on the merits because Defendant owed no duty of representation to Plaintiff and, thus, did not breach any such duty to him.

**WHEREFORE**, Defendant, Allied Pilots Association respectfully requests that that the Court grant its Motion to Set Aside the Clerk's Default and decide the issues presented in this matter on the merits.

Respectfully submitted this 9th day of November, 2017.

*/s/ Capri Trigo*
Capri Trigo, FBN 0028564
Ctrigo@gordonrees.com
**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  (305) 428-5323
Facsimile:   (877) 634-7245
*Counsel for Defendant*
*Allied Pilots Association*

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on November 9, 2017, a true copy of the foregoing was electronically filed with the Clerk of Court by using the Florida E-Filing Portal, which will serve a copy of this document by electronic notice to the parties identified on the following Service List and by regular U.S. Mail and/or email to Plaintiff.

                                  *s/ Capri Trigo*
                                  Capri Trigo, Esq.

## <u>SERVICE LIST</u>

Lawrence Meadows
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Telephone: 516-982-7718
Facsimile: 435-604-7850
PRO SE

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

/35591025v.1