UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAWRENCE MEADOWS,**

    Plaintiff,                                            **CASE NO. 17-CV-22589-JLK**

v.

**ALLIED PILOTS ASSOCIATION,**
**et al.**

    Defendant.
_____/

## DEFENDANT ALLIED PILOTS ASSOCIATION'S
## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
## TO SET ASIDE CLERK'S DEFAULT

COMES NOW Defendant, Allied Pilots Association, ("Defendant" or "APA") by and through its undersigned counsel, replies to Plaintiff Lawrence Meadows ("Plaintiff") response (Dkt. 12) ("Response") to Defendant's Motion to Set-Aside the Clerk's Default (Dkt. 11), and, in support, state as follows:

1. Defendant stands by the assertions made in its Motion to Set Aside the Clerk's Default (Dkt. 11).

2. Plaintiff states that he "meet and conferred" with APA'S Union Base Representative regarding failed settlement discussions, and "recent Court's Order, which *subjected* APA to an entry of default." (*See* Plaintiff's Response §28.)  While Plaintiff alleges that he asked "his Representative to contact APA's General Counsel on his behalf," he acknowledges that he did not make any effort to contact APA's general counsel regarding his proposed default motion. (*Id.*)  Moreover, Plaintiff fails to state that he advised APA's

1
**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Union Base Representative that he was going to move for a default against the Defendant and general counsel for APA was never advised of the proposed motion prior to its filing.

3. Significantly, although he made no effort to contact APA's general counsel regarding his proposed default motion, Plaintiff acknowledges that he sent an e-mail to APA's general counsel on November 8 reiterating his desire to resolve his issues "as opposed to continuing to litigate these issues." (*See* Plaintiff's Response §29 and Exhibit 5.) Despite the representations made in that e-mail regarding his desire to reach a resolution of his issues, Plaintiff then turned around and filed the motion for a default judgment that same afternoon. Again, at no time did Plaintiff make any reference to his intention to move for a default against the Defendant in his November 8 e-mail to APA's general counsel. Had he done so, APA would have taken immediate steps to obtain additional time to respond to the Complaint.

**WHEREFORE**, Defendant, Allied Pilots Association respectfully requests that the Court grant its Motion to Set Aside the Clerk's Default and decide the issues presented in this matter on the merits.

Respectfully submitted this 4th day of December, 2017.

*/s/ Capri Trigo*
Capri Trigo, FBN 0028564
Ctrigo@gordonrees.com
**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5323
Facsimile: (877) 634-7245
*Counsel for Defendant*
*Allied Pilots Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2017, a true copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF, which will serve a copy of this document by electronic notice to the parties identified on the following Service List and by regular U.S. Mail and/or email to Plaintiff.

<u>  s/  Capri Trigo         </u><br>
Capri Trigo, Esq.

**SERVICE LIST**

Lawrence Meadows
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Telephone: 516-982-7718
Facsimile: 435-604-7850
PRO SE