UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CIV-22589-KING

LAWRENCE M. MEADOWS,

    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, a
Texas Labor Association,
and DOES 1-10,

    Defendant(s).
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT

**THIS CAUSE** comes before the Court upon Defendant Allied Pilots Association's ("APA") Motion to Set Aside Clerk's Default (DE #11), filed on November 9, 2017. Therein, Defendant seeks an Order, pursuant to Fed. R. Civ. P. 55(c), setting aside the Clerk's Default entered against APA on November 8, 2017 (DE #10). This matter is fully briefed,[1] and as set forth below the Court finds that Defendant's Motion should be granted.

Plaintiff filed his *pro se* Complaint in this case on July 11, 2017 (DE #1). Waiting nearly three months to have summons issued, Plaintiff did not serve APA until October 6, 2017, making APA's response to the Complaint due on or before October 27, 2017. On October 19, 2017, after having served APA but before APA's response was due, Plaintiff

---

[1] Plaintiff filed his Response in Opposition (DE #12) on November 22, 2017, and an Errata thereto (DE #13) on November 29, 2017, and Defendant filed its Reply (DE #14) on December 4, 2017.

filed a Motion to Stay (DE #7), seeking a stay of the case and any and all associated deadlines, citing ongoing settlement negotiations with APA. APA did not file any opposition to Plaintiff's Motion to Stay. On November 7, 2017 the Court denied Plaintiff's Motion to Stay (DE #8). On November 8, 2017, Plaintiff filed a Motion for Clerk's Default (DE #9), which was entered on the docket at 3:36 p.m. Just two minutes later, at 3:38 p.m. on November 8, the Clerk entered its Default against APA (DE #10). APA filed the instant Motion to Set Aside the next day, November 9, 2017.

APA argues that its failure to timely respond to Plaintiff's complaint was the result of the good faith misunderstanding—based on the Motion to Stay and suspend all deadlines Plaintiff himself filed after perfecting service on APA, and on the months of settlement negotiations referred to in Plaintiff's Motion to Stay—that Plaintiff was not pressing forward with this case until settlement talks were exhausted. Plaintiff argues in response that APA's position is an admission that it willfully failed to respond to the complaint.

The Court finds that Defendant's failure to timely respond to Plaintiff's complaint is excusable under the circumstances. Plaintiff had sought a stay of all proceedings and deadlines in this action prior to APA's response deadline. One day after that stay was denied, Plaintiff moved for entry of clerk's default, which the clerk entered on the docket two minutes prior to actually entering its default. APA was afforded no opportunity to oppose Plaintiff's Motion. The Court finds that APA acted with due diligence in filing its Motion to Set Aside the very next day.

Therefore, it is **ORDERED, ADJUDGED**, and **DECREED** that Defendant Allied Pilots Association's Motion to Set Aside Clerk's Default (DE #11) be, and the same hereby is, **GRANTED**. The Clerk's Default entered on November 8, 2017, 2017 (DE #10) be and the same hereby is **REVOKED, VACATED, SET ASIDE**, and is of no legal effect. Defendant Allied Pilots Association shall plead as it may be advised, or answer Plaintiff's Complaint within 30 days of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of December 2017.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: **All Counsel of Record**

**Lawrence Meadows**, *pro se*
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139