Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Phone: 516-982-7718
Facsimile: 435-604-7850
lawrencemeadows@yahoo.com



FILED by _____ D.C.

DEC 0 7 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## IN THE UNITED STATES DISTRICT COURT

## FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **LAWRENCE M. MEADOWS,** | **PLAINTIFF'S REQUEST FOR PERMISSION TO FILE SUR-REPLY TO DEFENDANT ALLIED PILOTS ASSOCIATION'S MOTION TO SET ASIDE DEFAULT** |
| Plaintiff. | |
| v. | |
| **ALLIED PILOTS ASSOCIATION,** | |
| a Texas Labor Association, and | |
| **DOES 1-10,** | **Case No: 1:17-cv-22589-JLK** |
| Defendants. | **Honorable Judge James Lawrence King** |

### PLAINTIFF'S REQUEST FOR PERMISSION TO FILE SUR-REPLY TO DEFENDANT ALLIED PILOTS ASSOCIATION'S MOTION TO SET ASIDE DEFAULT

**COMES NOW**, the Pro Se Plaintiff, Lawrence M. Meadows ("Meadows), who hereby,

respectfully requests this honorable Court grant permission to file Plaintiff's Sur-Reply To

Defendant Allied Pilots Association's ("APA") Motion To Set Aside Default (Exhibit 1).

Plaintiff makes this request, so he can properly defend against APA's further misrepresentations and newly raised argument.

Dated: this 5th day of December, 2017,

Respectfully Submitted,

Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Dr., #2112
Miami Beach, FL 33139
Phone: 516-982-7718
Facsimile: 435-604-7850
lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Appellant hereby certify,** that a true and correct copy of the foregoing was served by U.S. Mail on December 5, 2017, on all counsel or parties of record on the Service List below.

Signature of Filer

## SERVICE LIST

Capri Trigo, Esq.
**Gordon Rees Scully Mansukhani**
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5323
Facsimile: (877) 634-7245
Ctrigo@gordonrees.com

**Counsel for Defendant –
Allied Pilots Association**

# **<u>EXHIBIT 1</u>**

Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Phone: 516-982-7718
Facsimile: 435-604-7850
lawrencemeadows@yahoo.com

## IN THE UNITED STATES DISTRICT COURT

## FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **LAWRENCE M. MEADOWS,** | **PLAINTIFF'S SUR-REPLY TO DEFENDANT ALLIED PILOTS ASSOCIATION'S MOTION TO SET ASIDE DEFAULT** |
| Plaintiff. | |
| v. | |
| **ALLIED PILOTS ASSOCIATION,** | |
| a Texas Labor Association, and | |
| **DOES 1-10,** | **Case No: 1:17-cv-22589-JLK** |
| Defendants. | **Honorable Judge James Lawrence King** |

## PLAINTIFF'S SUR-REPLY TO DEFENDANT ALLIED PILOTS ASSOCIATION'S MOTION TO SET ASIDE DEFAULT

**COMES NOW**, the Pro Se Plaintiff, Lawrence M. Meadows ("Meadows), who with the Court's permission, files Plaintiff's Sur-Reply To Defendant Allied Pilots Association's ("APA") Motion To Set Aside Default, so he can properly defend against the further misrepresentations and newly raised argument in APA's Reply.

1

1.    Tellingly, APA's new post-default counsel fails to file its Reply with either sworn

verification or affidavit to properly defend its material misrepresentation of fact to this Court,

much less to support as to why it had *"good cause"* or *"meritorious defenses"*; simply

because it cannot defend its indefensible conduct or support its alleged defenses. Regardless,

in its Reply, APA's newly appeared post-default Counsel attempts to parse and distort

Plaintiffs sworn allegations, and raises new argument not previously raised in its original

Motion.

2.    First, APA's disingenuously and subjectively reinterprets Meadows sworn statements of

fact, and attempts to mislead this Court, when it improperly asserts that:

> *" he [Meadows] acknowledges that he did not make any effort to contact APA's general counsel*
> *regarding his proposed default motion. (Id.)  Moreover, Plaintiff fails to state that he advised*
> *APA's Union Base Representative that he was going to move for a default against the Defendant"*
> (DE# 14, ¶ 2.).

3.    Meadows, never made such acknowledgement, and did indeed inform his APA Union

Base Representative (as a Party), who is a union officer who serves on APA's Board of

Director. Specifically, Meadows informed his Representative, that APA was subject to a

default, and that he intended to seek such from the Clerk. It is important to note that at that

juncture (prior to Clerks Default), none of APA's attorney's had ever appeared as counsel of

record in this matter. Thus, Meadows only option was to confer with APA as a Party by and

through his APA Union Base representative; which is exactly what he did.

4.    Next, APA's Reply improperly asserts, *"Significantly, although he made no effort to*

*contact APA's general counsel regarding his proposed default motion..."* (DE# 14, ¶ 2.). To

be certain, under the Rules, Meadows was never required to meet and confer with APA's

General Counsel (as he was never counsel of record). However, he did in fact make a good

faith effort to contact him through his APA Union Representative (as a Party), and also directly via email prior to seeking default. (DE #12, ¶¶ 28-29).

5.      The record shows that Meadows properly and timely served APA's In-house Legal Director, attorney John Elifson with this instant lawsuit. But, Mr. Elifson never acknowledged Meadows' written meet and confer request to stay these proceedings, much less ever communicated with Meadows. To the extent Meadows had communicated with APA's Outside General Counsel, it was only in relation to the unrelated issues regarding arbitration of Meadows' unrelated Company Grievance 12-011, and the failed agreement thereto. Further, Meadows does not possess Mr. Clark's cell phone number, and usually goes through his APA Union Base Representative when he wants to contact him quickly.

6.      Second, APA in its Reply raises a new argument in defense of its willful and flagrant disregard for its obligations under the Rules. Specifically, APA now asserts that;

> *"Again, at no time did Plaintiff make any reference to his intention to move for a default against the Defendant in his November 8 e-mail to APA's general counsel. Had he done so, APA would have taken immediate steps to obtain additional time to respond to the Complaint."* [Emphasis added]. (DE# 14, ¶ 3.).

7.      Not only is APA's newly minted argument for "additional time" untimely, but it is in fact baseless and without merit. Specifically, APA's ex post facto request for additional time (after the original deadline has already expired) fails under the **Federal Rules of Civ. P., Rule 6. Computing and Extending Time; Time for Motion Papers,** states in relevant part;

> b) Extending Time.
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act **because of excusable neglect**. [Emphasis Added].

8.      Once again, APA' Counsel has demonstrated its complete and utter disregard for the Rules. Here, APA would never be entitled to an extension of time after the deadline expired, because it admits it deliberately and willfully failed to timely answer, due to its alleged belief

3

that Plaintiff wasn't moving forward with this litigation (which is belied by the record). Thus, APA could never properly demonstrate "excusable neglect" where it has otherwise, acted willfully with knowledge of its failures.

9.       Moreover, APA could have made an effort to seek additional time by its November 2, 2017 response deadline to Plaintiff's Motion to Stay, or immediately after this Court entered its November 7th Order Denying Stay, but failed to ever take any such action.  Thus, APA's newly minted argument that it would have *"would have taken immediate steps to obtain additional time"* but for Meadows' alleged failure to confer is disingenuous at best.

10.      Therefore, based on the foregoing and the reasons cited in Plaintiffs Verified Response, Plaintiff respectfully requests that this honorable Court deny Defendant APA's Motion To Set Aside Default.

Dated: this 5th day of December, 2017,

Respectfully Submitted,

Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Dr., #2112
Miami Beach, FL 33139
Phone: 516-982-7718
Facsimile: 435-604-7850
lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Appellant hereby certify,** that a true and correct copy of the foregoing was served by U.S. Mail on December 5, 2017, on all counsel or parties of record on the Service List below.

Signature of Filer

## SERVICE LIST

Capri Trigo, Esq.
**Gordon Rees Scully Mansukhani**
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5323
Facsimile: (877) 634-7245
Ctrigo@gordonrees.com

**Counsel for Defendant –
Allied Pilots Association**

5

fedex.com 1.800.GoFedEx 1.800.463.3339

**FedEx**
Express

**US Airbill**
Package

FedEx
Tracking
Number    **8106 6127 5255**

**1 From**
Date
Sender's
Name
Company
Address
City                    State    ZIP

**2 Your Internal Billing Reference**

**3 To**
Recipient's
Name                    Phone
Company
Address
We cannot deliver to P.O. boxes or P.O. ZIP codes.    Dept/Floor/Suite/Room
Address
Use this line for the HOLD location address or for continuation of your shipping address.
City                    State    ZIP

**4 Express Package Service**    *To most locations.
From    0200

**Next Business Day**
☐ FedEx First Overnight
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight

**2 or 3 Business Days**
☐ FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

**5 Packaging**    *Declared value limit $500.
☐ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6 Special Handling and Delivery Signature Options**
☐ SATURDAY Delivery
☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

**Does this shipment contain dangerous goods?**
☐ No    ☐ Yes    ☐ Yes    ☐ Dry Ice    ☐ Cargo Aircraft Only

**7 Payment**    Bill to:
☐ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight

Rev. Date 3/16 • Part #157002 • ©2001-2016 FedEx • PRINTED IN U.S.A.    0000A 00/00