**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

      Plaintiff,                            **CASE NO. 17-CV-22589-JLK**

v.

**ALLIED PILOTS ASSOCIATION,**
**et al.**

      Defendant.

_____/

**DEFENDANT ALLIED PILOTS ASSOCIATION'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(f), defendant Allied Pilots Association ("APA") hereby respectfully submits its Motion to Dismiss Plaintiff Lawrence Meadow's ("Meadows" or "Plaintiff") Initial Complaint ("Complaint") (Dkt. 1), Motion to Strike, and alternatively, Motion to Stay.

      Plaintiff Lawrence Meadows brings the instant action asserting two separate claims against Defendant Allied Pilots Association ("APA") for alleged breaches of its duty of fair representation to him under the Railway Labor Act.  APA now brings the instant motion to dismiss this action on the grounds that the claims alleged in the Complaint are barred by the applicable statute of limitations.

**RELEVANT FACTS**

      In deciding a motion to dismiss, the Court must accept as true all of the factual allegations contained in a complaint, unless they are refuted by documents referenced therein. Accordingly, APA accepts the following relevant facts as true solely for purposes of the instant motion to dismiss:

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

1.      Defendant Allied Pilots Association ("APA") is the union representing the pilots employed by American Airlines.  (Comp. ¶¶3, 10).

2.      On January 15, 2013, American Airlines and US Airways executed a merger agreement entitled, Memorandum of Understanding Regarding Contingent Collective Bargaining Agreement ("MOU"), which outlined the terms of the merger to create the new American Airlines.  (Comp. ¶8).

3.      The MOU was executed by American Airlines, US Airways and APA.  (Comp. ¶8).

4.      The merger required the integration of the seniority lists of the three associated pilot groups from the two airlines, the legacy American Airlines pilots, and the legacy US Airways pilots ("East" and "West" pilot groups).  (Comp. ¶9).

5.      On September 4, 2014, in accordance with the MOU, American Airlines, US Airways and APA executed a Seniority Integration Protocol Agreement which set forth the methodology to be used to integrate the three seniority lists.  (Comp. ¶11).

6.      The Seniority Integration Protocol Agreement established a panel of three arbitrator to conduct a Seniority List Integration ("SLI") arbitration.  (Comp. ¶11).

7.      The American Airlines Pilots Seniority Integration Committee ("AAPSIC") represented the interests of the legacy American Airlines pilots in the SLI proceedings.  (Comp. ¶13).

8.      Plaintiff Larry Meadows is a pilot who is on long term disability from American Airlines and who was dropped by American Airlines from its seniority list on October 24, 2011.  (Comp. ¶13).

9.      In late February 2016, Plaintiff learned that AAPSIC had failed to include him on the certified seniority list that had been presented to the panel of arbitrators in the SLI arbitration.  (Comp. ¶19).

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

10.     Plaintiff learned that AAPSIC had included his name on a separate tab entitled "TAG" (Terminated Awaiting Grievance) which was submitted to the panel in addition to the certified seniority list.  (Comp. ¶19).

11.     The seniority number listed for Plaintiff on the "TAG" sheet was incorrect.  (Comp. ¶19).

12.     On March 1, 2016, Plaintiff sent a certified letter to AAPSIC to express his concerns that his name and correct employment data had not been included on the certified seniority list that had been presented to the SLI arbitration panel.  (Comp. ¶29).

13.     On March 6, 2016, the AAPSIC Chairman responded to Plaintiff's letter and stated, *inter alia*, that "your name [was] not included on the AAPSIC's proposed integrated seniority list because you were not on the American Airlines Pilots system seniority list as of the stipulated snapshot date, 12/9/2013."  (Comp. ¶30).

14.     On March 7, 2016, Plaintiff filed a Motion to Intervene in the SLI arbitration with the arbitration panel, seeking a stay of the proceedings and an opportunity to correct errors in the submissions.  (Comp. ¶32).

15.     On March 17, 2016, Plaintiff filed a Request for Judicial Notice, to inform APA, AAPSIC, and the SLI arbitration panel of alleged legal case precedent allowing him to intervene. (Comp. ¶33).

16.     On March 21, 2016, Plaintiff submitted an Expedited System Board of Adjustment Grievance alleging that American Airlines failed to uphold its obligations to conduct the SLI proceedings in a fair and equitable manner.  (Comp. ¶. 34).

17.     In mid-September 2016, the SLI arbitration panel issued its Decision and Award and final Integrated Seniority List.  (Comp. ¶37).

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

18.     Plaintiff's name was not included on the Integrated Seniority List issued by the panel. (Comp. ¶37).

19.     On September 19, 2016, Plaintiff sent a certified letter to the AAPSIC Chairman advising him that the final SLI Decision and Award was rife with errors.  (Comp. ¶39).

20.     On September 23, 2016, the AAPSIC Chairman responded to Plaintiff and referred him to the Seniority Integration Dispute Resolution procedure.  (Comp. ¶40).

21.     On November 9, 2016, Plaintiff filed a Seniority Integration dispute claim with the Dispute Resolution Committee.  (Comp. ¶50).

22.     On January 8, 2017, the Dispute Resolution Committee denied Plaintiff's claim.  (Comp. ¶51).

23.     Plaintiff filed the instant action on July 11, 2017.

Additional relevant facts may appear throughout the brief.

## LEGAL STANDARD

When deciding a motion to dismiss, the Court can consider "only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference."  *MSP Recovery, LLC v. Progressive Select Insurance Co.*, 2015 WL 10384499 (S.D.Fla. 2015) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).  The Court must accept all factual allegations within the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Miccosukee Tribe of Indians of Florida v. U.S.*, 656 F. Supp. 2d 1375, 1378 (S.D. Fla. 2009) (citing *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).  With respect to a motion to dismiss on statute of limitations grounds, such as the instant motion, the law is clear that such a motion should be granted "if it is apparent from the face of the complaint that the claim is time-barred."  *Gonsalvez v. Celebrity Cruises*

*Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

Moreover, Fed. R. Civ. P.  Rule 12(f) provides in relevant part that a Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . ."  Fed. R. Civ. P. 12(f).

## ARGUMENT

### PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Plaintiff's Complaint purports to assert two breach of duty of fair representation ("DFR") claims against APA under the Railway Labor Act.  The Railway Labor Act, 45 U.S.C. § 151 *et seq.,* governs the rights and responsibilities as between air carriers and their employees. *See* 45 U.S.C. § 181 (1982).  The Act imposes upon a union the duty to provide fair representation to all members of the collective bargaining unit which it represents.  *See Steele v. Louisville & Nashville R.R. Co.,* 323 U.S. 192, 198-204, 65 S. Ct. 226, 230-33 (1944).  It is well-settled that claims asserting a breach of the duty of fair representation under the Railway Labor Act are subject to a six (6) month statute of limitations.  *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S. Ct. 2281 (1983); *Smallakoff v. Air Line Pilots Assoc., Int'l*, 825 F.2d 1544 (11th Cir. 1987) (collecting Circuit court decisions applying six-month statute of limitations to duty of fair representation claims).  The limitations period on a DFR claim runs from when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (citation omitted).

The allegations in the Complaint clearly establish that both of Plaintiff's purported DFR claims are barred by the six-month limitations period.  Plaintiff's first claim alleges that APA

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

breached its duty of fair representation to him "when it treated [his] seniority rights in an arbitrary, discriminatory and bad faith manner" in conjunction with the seniority integration proceedings. (Comp. ¶49).

As fully set forth above, the allegations in the Complaint make it clear that the seniority integration proceedings ended in or about "mid-September 2016" when the seniority integration arbitration panel issued its final SLI Decision and Award and Integrated Seniority List. (Comp. ¶37). According to the allegations in the Complaint, upon the issuance of the Decision and Integrated Seniority List, Plaintiff "carefully reviewed the 60-page document" and learned that his "seniority and employment data was never mentioned [nor] published anywhere [in] the final SLI Decision and Award documents." *Id.* Thus, it is apparent from the face of the Complaint that Plaintiff's alleged duty of fair representation claim arising out of the AAPSIC's alleged failure to represent his interests in the SLI proceedings accrued no later than mid-September 2016, when the final Integrated Seniority List was issued and he realized that his name was not on it. Accordingly, in order to have been timely filed, this action would have had to have been commenced within six months of the issuance of the final List – or mid-March 2017. It is undisputed that the instant action was not filed until July 11, 2017 – approximately 10 months after the issuance of the List and accrual of Plaintiff's claim. As a result, Plaintiff's first cause of action is clearly time-barred and must be dismissed.

Even if Plaintiff argues that his claim did not accrue upon the issuance of the final List but rather it accrued only after he had exhausted his internal remedies in seeking to challenge the List, his claim is nevertheless untimely. As alleged in the Complaint, Plaintiff filed a claim with the seniority Dispute Resolution Committee ("DRC") challenging AAPSIC's alleged failure to protect his relative position on the Integrated Seniority List. (Comp. ¶50). According to the

Complaint, Plaintiff's challenge to the final Integrated Seniority List was denied by the DRC on January 8, 2017. (Comp. ¶51). Thus, even if the Court were to utilize the DRC denial as the date upon which Plaintiff's alleged DFR claim accrued, his claim is still time-barred. Using the January 8, 2017 date, a timely DFR claim would have had to have been filed no later than July 10, 2017, due to July 8 falling on a Saturday. Again, Plaintiff did not file the instant action until July 11, 2017. "The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late … is untimely, just as if a year late." *Turner v. Singletary*, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999); *see also Kersey v. Astrue*, 2007 WL 6600736 (M.D.Fla. 2007) (dismissing action filed one day after expiration of statute of limitations). "Moreover, the fact that a plaintiff is proceeding pro se does not excuse an untimely filling." *Wilson v. Berryhill*, 2017 WL 4305014 at *2 (S.D.Fla. 2017); *see also Blanco GmbH Co. KG v. Vlanco Industries, LLC, 2016 WL 424656, *1 (11th* Cir. Feb. 4, 2016) ("although he is entitled to some leeway as a *pro se* litigant, [plaintiff] is not exempt from the requirements of procedural rules"). Accordingly, Plaintiff's first cause of action is therefore untimely under any possible calculation and must be dismissed.

A similar fate awaits Plaintiff's second DFR claim arising out of the alleged grievance that he submitted on March 21, 2016, attacking American Airlines' alleged failure to conduct the seniority integration proceedings in a "fair and equitable manner." (Comp. ¶57). Plaintiff alleges that APA's alleged failure to prosecute his grievance constituted a breach of its alleged duty of fair representation to him. (Comp. ¶59). This claim is also barred by the six-month statute of limitations period.

As noted, Plaintiff alleges that he attempted to file an individual grievance under paragraph 10 of the MOU Regarding Contingent Collective Bargaining Agreement on March 21,

2016.  A copy of the MOU and the purported grievance letter that Plaintiff sent on March 21, 2016, are attached as Exhibits A-B to the Declaration of Mark Myers, Esq., submitted with the instant motion.  Plaintiff's grievance letter alleges that the "American Airlines' Seniority List Integration Proceedings are inconsistent with the McCaskill-Bond Statute, and therefore violate the MOU ¶10.a, and f."  (Myers Decl. Ex. B).  As stated, Plaintiff's second cause of action claims that APA breached its alleged duty of fair representation to him by failing to process that individual grievance.

Plaintiff contends in his Complaint that, as a non-party to the Agreement, he had a right to pursue an individual grievance under the MOU.  APA disagrees with Plaintiff's assertion regarding his standing to file a grievance under the MOU, however, accepts Plaintiff's assertion as true solely for purposes of the instant motion.  Assuming, *arguendo*, that Plaintiff had an individual right to bring a grievance, his duty of fair representation claim based upon the alleged failure to process that grievance is long time-barred.

Although Plaintiff asserts that APA breached an alleged duty of fair representation to him by failing to process his grievance, the law is clear that "[a]n employee has no absolute right to have his grievance taken to arbitration, or to any other level of the grievance process.'"  *Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 852 (5th Cir. 1989).  Moreover, while Plaintiff alleges that he has waited 16 months for his alleged grievance to be processed and prosecuted, the allegations in the Complaint make it clear that the statute of limitations on any DFR claim arising out of his alleged grievance began to run long before the instant action was commenced.  As noted above, the six-month statute of limitations period for a DFR claim begins to run "when the [plaintiff] discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [breach of duty]."  In the context of a claim arising

8

out of the failure to process a grievance, the statute of limitations can begin to run on such a claim "even though the union never officially notifies the plaintiff that it will not do what the plaintiff requested." *Pantoja v. Holland Motor Exp., Inc.*, 965 F.2d 323, 327 (7th Cir. 1992). "Prolonged inaction is sufficient to give a diligent plaintiff notice" that an alleged breach of a duty of fair representation may have occurred and a claim accrued. *Id.* "The [plaintiff] cannot be allowed to sit back and claim lack of notice in circumstances such as these …. [T]he alleged violation, which consisted of union inactivity, should have been discovered by a reasonably diligent plaintiff." *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir. 1983).

Here, Plaintiff's second claim is based upon his assertion that APA failed to process his March 2016 grievance challenging the Seniority Integration proceedings.  As alleged in the Complaint, those proceedings concluded in September 2016 with the issuance of the Decision and Award and final Integrated Seniority List by the arbitration panel.  (Comp. ¶37).  Thus, it is undisputed that the Seniority Integration proceedings concluded approximately six months after Plaintiff filed his alleged grievance and ten months before the instant action was filed.  In order to be timely filed, the acts upon which Plaintiff bases his DFR claim must have occurred on or after January 11, 2017.  Based upon these undisputed facts, it is clear that Plaintiff's claim is untimely because he should reasonably have become aware of APA's refusal to process his grievance "[a]t some point prior to six months preceding the time this action was brought." *Metz*, 715 F.2d at 304; *see also Christiansen*, 178 F.3d at 915 ("While it is not necessary to determine the exact date on which [plaintiff's] failure to represent claim accrued, it is enough to conclude that the limitations period expired well before [plaintiff] filed this suit").

In *Metz*, the Seventh Circuit affirmed the dismissal of a DFR claim on statute of limitations grounds where the claim involved an assertion that the Union breached its duty of fair

GORDON REES SCULLY MANSUKHANI
100 SE Second Street, Suite 3900, Miami, FL 33131

representation by "its failure and refusal to take any action on behalf of the [plaintiff's grievance.]" *Id.*, 715 F.2d at 304.  There the facts alleged that nothing had occurred with regard to the plaintiff's alleged grievance between May 1981 and when the action was commenced in June 1982, thus "almost seven months of union inactivity preceded the six month statutory period." *Id.*  In affirming dismissal of the claim as untimely, the Court held that "at some point prior to the six month statutory period, the appellant should have realized that the Union was taking no action on her behalf." *Id.*  The same result must be reached here.

Between March 2016 and September 2016 when the Decision and Award was issued concluding the proceeding, Plaintiff knew that his grievance had not been submitted for arbitration.  Thereafter, an additional almost ten months passed without anything being done with his alleged grievance before Plaintiff elected to commence the instant action.  The law is clear that Plaintiff "did not need formal notification to realize that the union would not help him and that he needed to bring suit himself." *Pantoja*, 965 F.2d at 327.  Plaintiff should have been aware that APA was not processing his grievance challenging the Seniority Integration proceeding long before January 2017.  Accordingly, his second cause of action is untimely and must be dismissed. *See, e.g., Smith v. United Airlines, Inc.*, 2014 WL 4181978 *4 (N.D.Cal. 2014) (dismissing DFR claim as untimely where complaint was filed in April 2014 and allegations demonstrate plaintiff should have known union was not pursuing grievance by August 2013).

## CONCLUSION

For the foregoing reasons, Defendant Allied Pilots Association respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint in its entirety, or grant its motion to strike or, in the alternative, stay the matter.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Respectfully submitted this 5th day of January, 2018.

/s/ *Capri Trigo*_____
Capri Trigo, FBN 0028564
Ctrigo@gordonrees.com
**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  (305) 428-5323
Facsimile:   (877) 634-7245
*Counsel for Defendant*
*Allied Pilots Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2018, a true copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF, which will serve a copy of this document by electronic notice to the parties identified on the following Service List and by regular U.S. Mail and/or email to Plaintiff.

 *s/  Capri Trigo*_____
Capri Trigo, Esq.

## SERVICE LIST

Lawrence Meadows
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Telephone: 516-982-7718
Facsimile: 435-604-7850
PRO SE