Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Phone: 516-982-7718
Facsimile: 435-604-7850
lawrencemeadows@yahoo.com



FILED by _____ D.C.
JAN 30 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

# IN THE UNITED STATES DISTRICT COURT

# FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **LAWRENCE M. MEADOWS,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLIED PILOTS ASSOCIATION,**<br>a Texas Labor Association, and<br><br>**DOES 1-10,**<br><br>Defendants. | **PLAINTIFF'S MOTION SEEKING CLARIFICATION OF ORDER AND/OR RECONSIDERATION AND REQUEST TO STAY PROCEEDINGS PENDING DECISION ON THIS MOTION**<br><br><br><br>Case No: **1:17-cv-22589-JLK**<br><br>**Honorable Judge James Lawrence King** |

### PLAINTIFF'S MOTION SEEKING CLARIFICATION OF ORDER AND/OR RECONSIDERATION AND REQUEST TO STAY PROCEEDINGS PENDING DECISION ON THIS MOTION

Pro Se Plaintiff, Lawrence M. Meadows, hereby files this Motion Seeking Clarification Of Courts Order (Doc 21), And/Or Reconsideration And Request To Stay Proceedings Pending Decision On This Motion.

1

## STATEMENT OF FACTS

1. On October 6, 2017, Plaintiff timely and properly served Defendant Allied Pilots Association ("APA") with his complaint (Doc 1), but APA failed to timely file its responsive pleading, and was subsequently subjected to an Entry of Default on November 8, 2017.

2. On December 6, 2017 (two full months after APA was properly served), this Court set aside Defendant APA's Default (Doc 15), and graciously gave APA yet another 30 days to file its first responsive pleading in this action.

3. However, it was not until January 5, 2018, a full 91 days after proper and timely service, and after being found in Default, did APA finally file its Motion to Dismiss. (Doc 18).

4. APA's excessively long delay unduly burdened Pro Se Plaintiff, who has limited resources, and an excessive legal workload in two other matters involving his employer American Airlines (as a result of APA's representational failures), by causing him to deal with responding with lengthy amended complaint at the most inopportune time.

5. Thus, on January 9, 2018, Plaintiff filed a Motion For Extension of Time (requesting to extend response deadline by 45 days) and to Stay these proceedings pending decision on that motion. (Doc 19). Plaintiff asserted the following grounds to stay;

    >"Plaintiff has been prejudiced as a direct result of Defendant Allied Pilots Association ("APA") excessively long delay in responding to his Complaint (91 days after service date). Now Meadows is now squarely in the middle of briefing a voluminous federal appellate brief due late next month in another matter.

    >Additionally, since Meadows has serving his original complaint, Defendant APA has engaged in conduct which has given rise to several new causes of action, necessitating a complete and lengthy amendment to his original Complaint. Thus, at this juncture as a Pro Se litigant with limited time and resources, it is particularly burdensome for Meadows to do so whilst in the midst of meeting his other current legal obligations.

    >Furthermore, as your Defendant APA is well aware, Meadows is currently on long term medical disability, and on that basis he also would request additional time as a reasonable accommodation.

    >Therefore, in light of the foregoing circumstances, Meadows respectfully requests that this Court grant an extension of time of 45 days after his current response deadline, making his new response deadline March 5, 2018." [Emphasis Added].

2

6. On, January, 23, 2018, Defendant APA filed its Response, which stated in relevant part that it; *"...agrees to thirty (30) days versus the forty-five (45) days Plaintiff requested for an extension of time."*

7. Late last week Plaintiff, received APA's Response and was working on a Reply to reassert why he needed the full 45 day extension, versus just the 30 day extension APA agreed to, and anticipate timely filing it on January 30, 2018.

8. On Saturday, January 27, 2018, Pro Se Plaintiff checked his U.S. Mailbox, and received from the Court a paper Notice of Electronic Filing. (Exhibit 1). Upon reading it, he was supprised learn that the day immediately after APA filed its Response, and before he had a chance to timely file his Reply, that this Court had already issued an Order via electronic docket entry only (Doc 21) which stated;

| 01/24/2018 | 21 | **ORDER granting 19 Plaintiff's Motion for Extension of Time to File Response to Motion to Dismiss, and denying Motion to Stay. Plaintiff shall file its Response to Defendant's Motion to Dismiss on or before January 30, 2018. Signed by Senior Judge James Lawrence King on 1/24/2018.** (dsr) (Entered: 01/24/2018) |

## ARGUMENT

### A. Plaintiff Seeks Clarification Of Court's Order

The Courts Order is not a formal written one, but simply an electronic docket entry. As such, it lacks clarity and specificity, leaving Pro Se Plaintiff Meadows uncertain as to what it really means. On one hand the Court says it is *"granting [Doc 19] Plaintiff's Motion for Extension of Time to File Response to Motion to Dismiss"*, which explicitly requested to extend the response deadline by 45 days (until March 5, 2018). But, on the other hand the Docket Entry goes on to say that *"Plaintiff shall file its Response to Defendant's Motion to Dismiss on or*

3

*before January 30, 2018."* (see SOF 8). That doesn't make any sense, especially considering that Defendant APA, in its Response agreed to an extension of at least 30 days. (see SOF 6).

Additionally, Pro Se Plaintiff is not an ECF filer and does not receive NEF. Thus, he didn't even receive the docket entry Order in his U.S. Mailbox until Saturday, January 27th, leaving him only three calendar days (less than two business days) to draft and timely file his amended complaint. (see SOF 8). If the Court truly intended such a short response time, that would seem to be very unreasonable and unduly burdensome, especially in light of the circumstances cited in the Motion to Extend. (see SOF 5).

Therefore, Pro Se Plaintiff Meadows believes that this may be an administrative error, and that by granting his motion without explicit conditions, and without acknowledging Defendant APA's request for only 30 days, that he is in fact entitled to the 45 day extension with a March 5, 2018 Response deadline just as requested in his granted motion. Accordingly, he seeks the Courts clarification on its Order (Doc 21).

## B. Plaintiff Requests Reconsideration Of Court's Order

To the extent that the Court really did intend to Order the Pro Se Plaintiff Meadows to file a Response six days later (only three days after mailing), then he would respectfully ask for this Court to Reconsider that decision. As noted in his Motion For Extension of Time And Request To Stay These Proceedings Pending A Decision (Doc 19), Plaintiff is representing himself Pro Se, who has with limited time and resources, and also has a record medical disability. (see SOF 5 *Id.*). Additionally, it is a matter of public record that he has very high case workload related to claims against his employer American Airlines, involving his employment status, seniority number, and charges of disability discrimination; all of which he is unduly burdened with, due to the representational failures of his very own pilots' union, Defendant APA who had a contractual and statutory duty to prosecute all those claims on Meadows behalf.

4

Moreover, this week he also had to draft another 25-page Objection relating to American Airlines multi-million dollar disability discrimination Settlement with the EEOC, which without notice or justification has excluded Meadows and 241 other similarly situated American Airlines pilots on long term disability. (see Doc 12870 @ amrcaseinfo.com). This is something that Defendant APA was obligated to defend against, and was supposed to protect the rights and claims of its 958 disabled pilot union members, but refused/failed to do so. Now as a result, Meadows must travel to New York this week and appear Pro Se in the U.S Bankruptcy Court SDNY (assigned to American Airlines Chapter 11 Proceedings'), before Judge Sean Lane on Thursday morning to argue his Objection.

So as this Court can clearly see, Pro Se Plaintiff Meadows is over-burdened with this and other legal matters, which could have an adverse impact on his medical condition, unless he is granted the 45 day extension of time requested in his granted Motion.

Furthermore, throughout these proceedings, this Court has given APA the considerable latitude; and even after failing to timely file its initial response/answer and being Defaulted for some 61 days after proper service, this Court gave APA the benefit of the doubt and extended its response time by yet another 30 days. Given the favorable treatment that Defendant APA has already received throughout these proceedings, it would only be fair to extend the same consideration to Plaintiff.

Accordingly, to the extent the Court intended its Order to require a short-notice Response deadline of only January 30, 2018, then Pro Se Plaintiff Meadows would respectful ask it reconsider its decision, and allow him the full 45 day extension of time as requested in his "granted" Motion.

# EXHIBIT 1

## CONCLUSION

Based on all the foregoing, Pro Se Plaintiff Meadows, prays this Court provide clarification that it did in fact "grant" his Motion with the full 45 day extension requested therein. Alternatively, he would respectfully request that Court reconsider its decision, and allow him the full 45 day extension (Response deadline of March 5, 2018) exactly as requested in his "granted" Motion For Extension. Finally, he also requests that these proceedings be stayed pending decision on this instant Motion.

### *Meet and Confer Certification*

Plaintiff certifies that on January 29, 2018, he to meet and conferred with Defendant APA Counsel in writing regarding this instant Motion, and informed him that they *"have no position on the matter, and neither support or oppose the motion."*

Dated: this 30th day of January, 2018,    Respectfully submitted,

*[signature]*

Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Dr., #2112
Miami Beach, FL 33139
Phone: 516-982-7718
Facsimile: 435-604-7850
lawrencemeadows@yahoo.com

6

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Appellant hereby certify,** that a true and correct copy of the foregoing was served by U.S. Mail on January 30, 2017 on all counsel or parties of record on the Service List below.

*/s/ L. M. Meadows*
_____
Signature of Filer

## SERVICE LIST

Capri Trigo, Esq.
**Gordon Rees Scully Mansukhani**
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5323
Facsimile: (877) 634-7245
Ctrigo@gordonrees.com

**Counsel for Defendant –**
**Allied Pilots Association**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK · ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Lawre[nce]
1900
Mia[mi]

Lawrence Meadows
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139

Case: 1:17-cv-22589-JLK  #21    2 pages     Wed Jan 24 11:24:31 2018

IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY

Note: This is NOT a request for information.

Do NOT include personal identifiers in documents filed with the Court, unless specifically permitted by the rules or Court Order. If you MUST include personal identifiers, ONLY include the limited information noted below:
- Social Security number: last four digits only
- Taxpayer ID number: last four digits only
- Financial Account Numbers: last four digits only
- Date of Birth: year only
- Minor's name: initials only
- Home Address: city and state only (for criminal cases only).

Attorneys and parties are responsible for redacting (removing) personal identifiers from filings. The Clerk's Office does not check filings for personal information. Any personal information included in filings will be accessible to the public over the internet via PACER.

For additional information, refer to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.
Also see the CM/ECF Administrative Procedures located on the Court's website www.flsd.uscourts.gov.

IMPORTANT: REQUIREMENT TO MAINTAIN CURRENT MAILING ADDRESS AND CONTACT INFORMATION

Pursuant to Administrative Order 2005-38, parties appearing pro se and counsel appearing pro hac vice must file, in each pending case, a notice of change of mailing address or contact information whenever such a change occurs. If court notices sent via the U.S. mail are returned as undeliverable TWICE in a case, notices will no longer be sent to that party until a current mailing address is provided.

> IMPORTANT: ADDITIONAL TIME TO RESPOND FOR NON-ELECTRONIC SERVICE

> Additional days to respond may be available to parties serviced by non-electronic means. See Fed.R.Civ.P.6(d), Fed.R.Crim.P.45(c) and Local Rule 7.1(c)(1)(A). Parties are advised that the response deadlines automatically calculated in CMECF do NOT account for and may NOT be accurate when service is by mail. Parties may NOT rely on response times calculated in CMECF, which are only a general guide, and must calculate response deadlines themselves.

See reverse side