UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CIV-22589-KING

LAWRENCE M. MEADOWS,

    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, a Texas
Labor Association, and DOES 1-10,

    Defendant(s).
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION, AND DENYING PLAINTIFF'S MOTION TO STAY

**THIS CAUSE** came before the Court upon *pro se* Plaintiff Lawrence Meadows's Motion for Seeking Clarification and/or for Reconsideration and Request to Stay (DE #22), filed on January 30, 2018. Therein, Plaintiff seeks clarification or reconsideration of the Court's January 24, 2018 Order granting a brief extension of time for Plaintiff to respond to Defendant's Motion to Dismiss, and denying his Motion to Stay Proceedings.

Defendant filed its Motion to Dismiss on January 5, 2018. Plaintiff's Response to Defendant's Motion was due to be filed on January 19, 2018. On January 9, 2018, Plaintiff filed a Motion for Extension of Time to respond, and also requesting that the case be stayed until the Court ruled on the Motion for Extension of Time. Plaintiff requested an additional 45 days to respond to Defendant's Motion to Dismiss, such that his response would be due on March 5, 2018, or 60 days after Defendant's Motion was filed. Defendant objected to the 45-day extension sought, but advised they would not oppose a 30-day extension for Plaintiff to file his response.

On January 24, 2018 the Court entered an Order denying Plaintiff's Motion for a stay, but granting Plaintiff's request for an extension of time to respond to the Motion to Dismiss—albeit

not the 45-day extension Plaintiff requested and to which Defendant objected, and not the 30-day extension Defendant indicated it would not object to. Rather, the Court extended the deadline by 7 days from the date of the Order, requiring Plaintiff to respond by January 30, 2018. The net result of the extension granted was that Plaintiff would have a full 25 days to respond to Defendant's Motion to Dismiss, rather than the 14 days provided by the Local Rules.

Rather than file his Response on January 30, 2018 as required, Plaintiff filed the instant 6-page Motion for Clarification, claiming confusion as to whether his original Motion for Extension was actually granted at all, when he requested 45 days, and Defendant suggested 30 days, but the Order only extended the deadline by 7 days. Plaintiff also advised that he did not become aware of the Court's grant of a 7 day extension and January 30 deadline until January 27, 2018 when he received the order in the mail. This, Plaintiff argues, only left him 3 days to draft a response to Defendant's Motion to Dismiss.

As an initial matter, Plaintiff is incorrect that receipt of the Court's order on the January 27, 2018 only left him 3 days to draft his response; as noted above, Plaintiff has now had a total of 25 days since Defendant's Motion was filed to draft his response to the Motion filed on January 5, rather than the 14 days provided by Local Rule.

The Court is not unmindful of Plaintiff's claims of involvement in other ongoing litigation he claims to have filed in other courts. However, Plaintiff is not excused from the rules simply by virtue of proceeding pro se, or having filed other cases in which he has other deadlines. Further, the simple expedient of filing a Motion to Stay or a Motion for Extension of Time does not in and of itself relieve a party—pro se or counseled—from its briefing obligations until such Motion is adjudicated.

Notwithstanding this, however, the Court will extend Plaintiff's response deadline an additional 10 days beyond the current—and now expired—deadline of January 30, 2018. To be

clear, the Court is not granting Plaintiff the 45 day extension he requests in his Motion, and the Court declines to extend the response deadline the 30 days Defendant suggests. Rather, the Court is exercising its discretion and inherent authority to manage its docket to allow Plaintiff a full 21 days beyond what the Local Rules would require for the filing of his response. Also, to be clear, Plaintiff's request for a stay of these proceedings until such time as the Court rules on this Motion for Extension—and any similar Motions to Stay—will be denied.

Therefore, it is **ORDERED, ADJUDGED**, and **DECREED** that Plaintiff Lawrence Meadows's Motion for Seeking Clarification and/or for Reconsideration and Request to Stay (DE #16), be, and the same hereby is, **GRANTED IN PART, AND DENIED IN PART** as follows:

1. To the extent Plaintiff seeks an extension of time to file a response to Defendant's Motion to Dismiss, that Motion is granted in part; Plaintiff shall file his Response on or before February 9, 2018.

2. To the extent Plaintiff seeks a stay of these proceedings until the Court rules on the instant Motion, that motion is denied.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of January 2018.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: **All Counsel of Record**

**Lawrence Meadows**, *pro se*
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139

3