UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAWRENCE MEADOWS,**

    Plaintiff,                                   **CASE NO. 17-CV-22589-JLK**

v.

**ALLIED PILOTS ASSOCIATION,**
**et al.**

    Defendant.
_____/

## DEFENDANT ALLIED PILOTS ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendant Allied Pilots Association ("APA") submits this response in opposition to Plaintiff's motion for leave to file an Amended Complaint [D.E. 28] in this action.

As the Court is aware, APA filed a motion to dismiss the Complaint in this action on January 5, 2018 [D.E. 18]. Thereafter, on January 9, 2018, Plaintiff filed a dual motion for a stay of the instant proceedings and an extension of time to respond to APA's motion [D.E. 19]. On January 24, 2018, the Court denied Plaintiff's motion for a stay of the proceedings, but granted him an extension of time, to January 30, 2018, to respond to the motion to dismiss [D.E. 21]. On January 30, 2018, rather than submit his opposition to the motion to dismiss as required by the Court's January 24, 2018, Order, Plaintiff filed a "motion for clarification" of the Court's January 24 Order [D.E. 22]. On January 31, 2018, the Court issued a further Order, denying any stay of the proceedings, and further extending Plaintiff's time to respond to the pending motion to dismiss to February 9, 2018 [D.E. 23]. In so doing, the Court expressly noted that "Plaintiff is not excused from the rules simply by virtue of proceeding pro se, or having filed other cases in which he has other deadlines."

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

As he did with the January 30 deadline to respond to the APA's motion to dismiss, Plaintiff failed to submit any opposition to the motion by the further extended deadline of February 9, 2018. Rather, that day Plaintiff filed an unfounded motion to recuse Your Honor [D.E. 24], which was summarily denied on February 27, 2018 [D.E. 26]. Plaintiff has not filed any papers in opposition to the APA's motion to dismiss, pending since January 5, 2018. Thereafter, on March 19, 2018, Plaintiff filed the instant motion for leave to file an Amended Complaint, purportedly containing the claims that are the subject of the pending motion to dismiss along with additional claims against APA and a new party, Pam Torell.

In his motion, Plaintiff has failed to offer any justification for his failure to respond to the pending motion to dismiss or his belated attempt to file the instant motion for leave to file an amended complaint. Plaintiff offers nothing more than an assertion that he had the flu and his contention that the proposed amendment was lengthy as his purported excuse for his dilatory conduct and willful noncompliance with the Court's prior Orders. As set forth above, the Court granted Plaintiff two separate extensions of time to respond to Defendant's motion to dismiss. Rather than do so within those extended time periods, Plaintiff elected to file an unfounded motion to recuse Your Honor from the case. After that tactic proved unsuccessful, Plaintiff waited almost another three weeks before filing the instant motion for leave to amend – while still failing to file any opposition to the pending motion.

It is well-settled that leave to amend may be denied on the grounds of undue delay, undue prejudice, and futility, among others. *See Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992). As set forth herein, Plaintiff has unduly delayed filing the instant motion. Not only has he willfully flouted the multiple deadlines imposed by the Court, but his proposed amended complaint contains purported claims which all could have been asserted long before now.

2

Plaintiff has offered no justification for his failure to seek leave to amend before now and, as a result, his motion should be denied for undue delay.

Additionally, a review of the proposed amended complaint reveals that the vast majority of his purported claims are premised upon alleged events which occurred well outside the applicable statute of limitations periods, were previously litigated in other courts, and/or are otherwise futile.  As fully set forth in APA's pending motion to dismiss, the applicable statute of limitations period for breach of duty of fair representation ("DFR") claims under the Railway Labor Act is six months.  All of the purported DFR claims asserted in Plaintiff's proposed amended complaint accrued, if at all, well outside the applicable limitations period. Accordingly, permitting Plaintiff to amend his complaint to assert such futile claims would be improper.

Similarly, it is well-settled that state law claims of breach of contract are preempted by the Railway Labor Act.  In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S. Ct. 773 (1959)[1], the Supreme Court concluded that "state law causes of action are presumptively preempted where they concern conduct that is actually or arguably either protected or prohibited by federal labor relations law."  *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 321 (3d Cir. 2004). As a result, Court have routinely dismissed state law breach of contract claims that are "mere refinements" of the duty of fair representation.  "A claim is a 'mere refinement' of the duty of fair representation if it is based on the same conduct that would support a federal duty of fair representation claim or it seeks to vindicate the same rights as the federal duty of fair representation."  *Cooper v. TWA Airlines, LLC*, 349 F. Supp.2d 495, 507-08 (E.D.N.Y.

---

[1] Although *Garmon* was decided in the context of the National Labor Relations Act, it was extended to claims under the Railway Labor Act in *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 89 S. Ct. 1109 (1969).

2004)(citations omitted). Accordingly, "state law claims of union misconduct are preempted where the conduct at issue is subject to the union's statutory duties as exclusive representative, because that relationship is governed solely by the federal duty of fair representation." *Arnold v. Air Midwest, Inc.*, 1994 WL 247442, *6 (D.Kan. 1994); *see also Holmes v. Air Line Pilots Ass'n, Intern.*, 745 F. Supp.2d 176, 210-213 (E.D.N.Y. 2010) (finding preemption where "plaintiffs' state law claim for breach of contract against [the union] is, in substance, a claim of breach of [the union's] duty of fair representation under the RLA"); *Adkins v. Mireles*, 526 F.3d 531, 540 (9th Cir. 2008) (affirming dismissal of breach of contract claim based upon union constitution and by-laws on preemption grounds where it "sought to enforce … the duty to represent [the plaintiffs] in good faith"); *Garland*, 2006 WL 3692591 at *6 (dismissing state law claims against union which were "essentially identical to [plaintiff's] federal DFR claim"); *Cooper,* 349 F. Supp.2d at 508 ("plaintiffs cannot substitute for an inadequate duty of fair representation claim a state law claim arising out of the same facts and theories of obligation or 'mere refinements' of those theories"); *Peterson v. Air Line Pilots Ass'n, Intern.*, 759 F.2d 1161, 1170-71 (4th Cir. 1985) (affirming dismissal of state law claims which were "essentially identical to the duty of fair representation claim"). Thus, it is clear that Plaintiff's purported state law claims are also futile.

Further, Plaintiff's purported claims regarding his grievance (Grievance 12-011) and his alleged status as an "employee" of American Airlines have been fully litigated and defeated in other courts. First, Plaintiff has already attempted to sue the APA over its decision not to proceed to arbitration with his grievance. That case was filed in the United State District Court for the District of Utah in 2014. *Meadows v. Allied Pilots Association, et al.*, Index No. 14-CV-00115. Contrary to Plaintiff's assertion, that case is not presently pending. As shown in the

attached decision and Order, the Court granted the APA's motion to dismiss the case and reaffirmed its right to decide not to pursue arbitration on Plaintiff's grievance (See attached United State District Court for the District of Utah Order as Exhibit A). Plaintiff has appealed that decision and that appeal is currently stayed in the 10th Circuit. Similarly, despite Plaintiff's repeated representations that he is currently an employee of American Airlines, the fact of his termination by the Company and his status as a former employee has been conclusively determined by multiple federal courts. The United States Bankruptcy Court for the Southern District of New York, in the *Matter of AMR Corporation, et al.*, S.D.N.Y.Bankr., Index No. 11-15463, addressed Plaintiff's claim that he had never been terminated by American Airlines in relation to a motion filed by the Company seeking to prevent him from commencing any further litigation against it arising out of acts occurring before the filing of its bankruptcy petition. In granting the Company's motion, the Court found that Plaintiff's argument regarding his employment status "contradict[ed] the facts established in this case and his own prior statements," concluding that he had "provide[d] no basis to refute the avalanche of evidence of statements attesting to his termination." Bankr. Dkt. No. 12717, at pp.12-13. That decision and finding was recently affirmed on appeal by the United States District Court for the Southern District of New York in *In Re AMR Corp., et al.,* Index No. 16-CV 9429 (See attached United States District Court for the Southern District of New York Order as Exhibit B). In affirming the Bankruptcy Court's granting of American's motion to preclude Plaintiff from further litigation, the District Court addressed, *inter alia*, his claim regarding his employment status with the Company. The Court stated that the Bankruptcy Court "did not clearly err in combing the record and determining that Meadows was not, in fact, still employed by American." As a result, the District Court determined that the Bankruptcy Court did not "commit legal error in suggesting

that [Plaintiff] was estopped from claiming otherwise." *Id*., at pp. 9-10.  Thus, Plaintiff should not be permitted to forum shop in an effort to re-litigate issues which have been conclusively determined against him by other courts.

**WHEREFORE**, for all of the above reasons, the Allied Pilots Association respectfully submits that Plaintiff's motion for leave to amend be denied in its entirety.

Respectfully submitted this 2nd day of April, 2018.

>  */s/ Capri Trigo*
>  Capri Trigo, FBN 0028564
>  Ctrigo@gordonrees.com
>  **GORDON REES SCULLY MANSUKHANI**
>  100 SE Second Street, Suite 3900
>  Miami, Florida 33131
>  Telephone:  (305) 428-5323
>  Facsimile:   (877) 634-7245
>  *Counsel for Defendant*
>  *Allied Pilots Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2018, a true copy of the foregoing was electronically filed with the Clerk of Court by using the Florida E-Filing Portal, which will serve a copy of this document by electronic notice to the parties identified on the following Service List and by regular U.S. Mail and/or email to Plaintiff.

>  *s/ Capri Trigo*
>  Capri Trigo, Esq.

**SERVICE LIST**

Lawrence Meadows
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Telephone: 516-982-7718
Facsimile: 435-604-7850
PRO SE