UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22589-CIV-KING/SIMONTON

LAWRENCE MEADOWS,

    Plaintiff,

v.

ALLIED PILOTS ASSOC., and
DOES 1-10,

    Defendants.
                                    /

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND DENYING
DEFENDANTS' MOTION TO DISMISS AS MOOT**

This matter is before the Court on Defendant Allied Pilots Association's ("APA") Motion to Dismiss Plaintiffs' Complaint, ECF No. [18] and Plaintiff's Motion and Amended Motion to File First Amended Complaint, ECF Nos. [27] [28]. Defendant APA has filed a Response in Opposition to the Plaintiff's Motions to Amend, and the Plaintiff has filed a Reply, ECF Nos. [29] [31]. The Plaintiff has not filed a response to the Defendant's Motion to Dismiss and the time for doing so has elapsed. The Honorable James Lawrence King, United States District Judge, has referred the Motions to the undersigned Magistrate Judge, ECF No. [33]. For the reasons set forth below, Plaintiff's Amended Motion to File First Amended Complaint is Granted, and the Plaintiff's original Motion to Amend and the Defendant's Motion to Dismiss are Denied as Moot.

    I.    **BACKGROUND**

        A.    **Original Complaint**

This matter was initiated when pro se Plaintiff Lawrence Meadows, a pilot on long-term disability, filed a Complaint pursuant to the Railway Labor Act, ("RLA") 45 U.S.C. §

151 *et seq.*, against the Allied Pilots Association, ("APA"), a labor organization, related to the APA's representation of the Plaintiff, as a member of the class of pilots represented by the APA. According to the Complaint, on January 15, 2013, Plaintiff's employer American Airlines, Inc., ("AA") and U.S. Airways executed a Memorandum of Understanding of Contingent Collective Bargaining Agreement ("MOU") which outlined the terms of the merger between those companies. That agreement was signed by the APA, AA and U.S. Airways. Plaintiff alleges that the merger required the integration of three associated pilot group's seniority lists; Legacy American Airlines ("LAA"), and the east and west pilots of the Legacy U.S. Airways ("LUS"). The Plaintiff alleges that the APA breached its duty of fair representation by treating the Plaintiff's seniority rights in an arbitrary, discriminatory and bad faith manner as compared to other similarly situated long term disabled AA employees or pilots (Count I), ECF No. [1] at 13. The Plaintiff further alleges that the APA breached its duty by failing to prosecute the Plaintiff's expedited MOU grievance, (Count II), ECF No. [1] at 16. As relief, among other things, the Plaintiff seeks for the Court to compel the APA to seek to have Plaintiff reinstated to the new AA Integrated Seniority list to his original relative position, and to reimburse him the value of his full back pay and benefits with interest. Plaintiff also seeks punitive damages against the APA.

      **B.**     **Procedural Background**

The Plaintiff filed this action on July 11, 2017, ECF No. [1]. On October 19, 2017, the Plaintiff filed a Motion to Stay requesting that the proceeding be stayed until the parties had a full opportunity to negotiate, review and effectuate a mutually acceptable settlement agreement, or, alternatively, until the Plaintiff fully exhausted his internal union remedies, ECF No. [7]. A Meet and Confer Certification attached to the Motion to

Stay indicated that Plaintiff had conferred with Defendant's Counsel in writing and that Defendant's Counsel voiced no objection to the Motion to Stay, and simply responded to the Plaintiff's correspondence regarding the motion, with a draft settlement agreement, ECF No. [7] at 3. Defendant APA did not file a response to the Motion. On November 7, 2017, the Court denied the Plaintiff's Motion to Stay noting that although the Defendant APA had been served with the action, and its answer was due on October 27, 2017, no such answer had been filed by the APA, ECF No. [8] at 1-2. The Court noted that because it had not entered a scheduling order yet, there were no deadlines to be stayed.

The following day, on November 8, 2017, the Plaintiff filed a Motion for Entry of Default by the Clerk, ECF No. [9]. In the Motion, in addition to seeking a clerk's default, the Plaintiff stated that he sought "guidance from the Court, as he would like to reserve his right to amend his original Complaint, as he has additional newfound claims that he would like to bring against APA and possibly against Does 1-10." ECF No. [9]. The Clerk entered a default on that same day, and on November 9, 2017, the Defendant filed a Motion to Set Aside Clerk's Default, ECF No. [11].

In the Motion, the Defendant explained that, as set forth in the Plaintiff's Motion to Stay, for the last several months, Plaintiff and Defendant had been in active discussions to resolve various issues including the claims alleged in the Complaint. The Plaintiff filed a Response in Opposition to the Motion to Set Aside Default, and the Defendant filed a Reply, ECF Nos. [12] [14]. On December 6, 2017, the Court granted the Defendant's Motion to Set Aside Clerk's Default, and directed the Defendant to file a response to the Plaintiff's Complaint within thirty days of that Order, ECF No. [15].

On January 5, 2018, the Defendant filed a Motion to Dismiss, ECF No. [18]. The Motion requested that, in the alternative to dismissing the case, the Court strike the

Complaint or stay the matter, ECF No. [18] at 1, 5, 10. As to the basis for a dismissal, the Defendant asserted, among other things, that the Plaintiff's claims were barred by the applicable statute of limitations which the Defendant contended was six months for breach of duty of fair representation claims brought under the RLA. The Defendant contended that, as set forth in the Plaintiff's Complaint, the relevant proceedings ended in or about mid-September 2016, and thus Plaintiff's action would have had to been filed within six months, around mid-March 2017, and thus the Plaintiff's July 11, 2017 filing was untimely. The Defendant further contended that, even if the date that Plaintiff's challenge to the final Integrated Seniority List was denied was used as the applicable date, because that denial was issued on January 8, 2017, Plaintiff's action still was not timely filed. The Plaintiff's response to the Motion to Dismiss was due on January 19, 2018.

On January 9, 2018, the Plaintiff filed a Motion for Extension of Time and sought to stay the proceedings until the Court ruled on the Defendant's Motion to Dismiss, ECF No. [19]. In that Motion, the Plaintiff contended that he had been prejudiced by the Defendant's ninety-one day delay in responding to the Complaint, and that the Plaintiff was currently in the middle of briefing a voluminous federal appellate brief due later in the month in an unrelated matter, ECF No. [19] at 2. The Plaintiff further contended that since the filing of his original complaint, the Defendant had been engaged in other conduct that had given rise to several new causes of action which necessitated a "complete and lengthy" amendment to the original Complaint. The Plaintiff explained that as a pro se litigant with limited resources it was particularly burdensome for him to draft the amended complaint while in the midst of other legal obligations. The Plaintiff requested a forty-five (45) day extension until March 5, 2018 in which to file a response to

4

the Defendant's Motion to Dismiss. On January 23, 2018, the Defendant filed a response to the Plaintiff's request for an extension of time indicating that the Defendant agreed to a thirty (30) day, rather than forty-five (45) day extension, for the Plaintiff to file a response to the Motion to Dismiss, ECF No. [20].

In a docket text Order, on January 24, 2018, the Court granted the Plaintiff's motion for extension of time to file a response to the Defendant's Motion to Dismiss, and directed the Plaintiff to file a response on or before January 30, 2018, ECF No. [21].

On January 30, 2018, the Plaintiff filed a Motion Seeking Clarification of Order and/or Reconsideration and Request to Stay Proceedings Pending Decision on that Motion, ECF No. [22]. In the Motion, the Plaintiff contended that he received the Court's January 24, 2018 Order by mail on January 27, 2018, and was surprised that he had not had an opportunity to file a reply prior to the Court ruling on his Motion for Extension of Time. The Plaintiff further explained that he found the Court's Order to be unclear because it indicated that the Court had granted the Plaintiff's request for extension of time, but set a January 30, 2018, deadline date, even though the Defendant had no objection to a thirty day extension for the Plaintiff to file his response.

The following day, on January 31, 2018, the Court entered an Order, granting in part, and denying, in part, Plaintiff's Motion for Reconsideration, and denying Plaintiff's Motion to Stay, ECF No. [23]. In that Order, the Court noted that it had initially granted the Plaintiff twenty-five days from the date that the Defendant filed its Motion to Dismiss in which to file a response. The Court also observed that despite the Plaintiff's claim that he was confused as to whether his request for extension had been granted at all, the Court would grant the Plaintiff an extension until February 9, 2018 in which to file a response to the Motion to Dismiss. The Court advised that the Court would deny any

future requests for a stay of proceedings until such time that the Court ruled on Motions for Extension of Time.

On February 9, 2018, the Plaintiff filed a Motion to Recuse the District Judge in this matter, to vacate pending deadlines, and to stay the proceedings pending the resolution of the Motion to Recuse, ECF No. [24]. The Defendant filed a response, and on February 27, 2018, the Court denied that Motion, ECF Nos. [24] [25].

On March 16, 2018, two weeks and three days after the Court denied his Motion to Recuse, the Plaintiff filed a Motion seeking to file his First Amended Complaint, ECF No. [27]. On March 19, 2018, the Plaintiff filed the currently pending Amended Motion to File First Amended Complaint, ECF No. [28]. On July 13, 2018, the Defendant's Motion to Dismiss and the Plaintiff's Motions seeking leave to file an Amended Complaint were referred to the undersigned by the District Judge, ECF No. [33].

For the following reasons, the undersigned grants the Plaintiff's Amended Motion to File First Amended Complaint, ECF No. [28], and denies the Defendant's Motion to Dismiss as Moot.

## II.  AMENDED MOTION TO FILE FIRST AMENDED COMPLAINT

In the proposed one hundred and ten page, thirteen count, First Amended Complaint, the Plaintiff added additional counts against Defendant APA, including several counts related to a claim that APA violated the Labor Management Reporting Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 401, *et seq.* by violating his freedom of speech, assembly in the Union Hall, equal participation and privileges, and right to sue without reprisal or retaliation as contained in the Union Member Bill of Rights, ECF No. [28] at 80, 86, 91. The Plaintiff also added several causes of action against the APA's

Secretary-Treasurer, Pam Torell, alleging breach of fiduciary duty relating to the use of certain APA funds, ECF No. [28] at 98-108.

In opposition to the Plaintiff's Motion for Leave to File First Amended Complaint, the Defendant contends that the Plaintiff's request should be denied because the Plaintiff has unduly delayed filing the motion, ECF No. [29] at 2. The Defendant additionally argues that a review of the Amended Complaint reveals that many of the claims raised by the Plaintiff are premised on events which occurred well outside the applicable statute of limitations periods, were previously litigated in other courts and/or are otherwise futile.

In Reply, the Plaintiff contends that the Defendant's Response to the Motion is an improper hybrid motion in which the APA makes pre-mature unripe motion to dismiss arguments, which Plaintiff contends effectively treats the Amended Complaint as the operative complaint, ECF No. [31]. Plaintiff thus argues that the APA should be required to file a proper responsive pleading to afford the Plaintiff the full opportunity to respond to the motion to dismiss.

III. <u>**LEGAL FRAMEWORK & ANALYSIS**</u>

A court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2), *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005). However, the Eleventh Circuit has held that "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Haliburton & Assocs. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). The party opposing amendment bears the burden of proving futility. *See Tims v. Golden*, No. 15-0516-WS-B, 2016 WL 1312585, at *13 (S.D. Ala. April 4, 2016). In addition, a pro se plaintiff ordinarily must be given at least one chance to amend the complaint before the district court

7

dismisses the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In this case, the proposed First Amended Complaint raises several claims that are new and distinct from those raised in the initial Complaint. Many of those claims refer to facts that occurred in 2014 or later, and thus several of the new causes of action do not appear on their face appear to be futile given that the statute of limitations for cases brought under LMRDA appears to be four years, which may be subject to tolling under certain facts. S*ee Shivers v. Int'l Brotherhood of Electrical Workers Local Union*, 262 F. App'x 121, 127 (11th Cir. 2008) ("the statute of limitations for causes of action arising under the [LMRDA] 'bill or rights' is determined by the state . . . personal injury statute of limitations. . . which under Florida law is four years."). Further, although pro se litigants must comply with a court's procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), the undersigned finds that the Plaintiff's failures to meet the filing deadlines set forth by the Court in this case were due, in large part, to the Plaintiff's pro se status and not because of bad faith. Moreover, this is the first time that the Plaintiff has sought to amend his Complaint, and he has done so within ten months of the original Complaint being filed.[1] Thus, the undersigned concludes that justice requires that the pro se Plaintiff be given an opportunity to amend his complaint.

Although the Plaintiff is granted leave to file an Amended Complaint, the Plaintiff should familiarize himself with the Federal and Local Rules of Civil Procedure. The

---

[1] It is for this reason that the case at bar is distinguishable from *Abramson v. Gonzalez*, 949 F. 2d 1567, 1581 (11th Cir. 1992), a case cited by Defendant in opposition to Plaintiff's request to amend his complaint. While the court in *Abramson* stated that leave to amend a complaint may be denied on the grounds of undue delay, undue prejudice, and futility, in that case, the plaintiffs sought to file a seventh amended complaint, and the court noted that the case had dragged on for over nine years. *Id.* The case at bar is thus easily distinguishable from *Abramson.*

Plaintiff, however, is cautioned that the continued failure to comply with the Court's orders, particularly deadlines, may result in the imposition of sanctions, including dismissal of this action with prejudice.

IV. **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Amended Motion to File First Amended Complaint, ECF No. [28] is **GRANTED**. The Plaintiff shall file his First Amended Complaint as a separate document on or before October 19, 2018. It is further

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to File an Amended Complaint, ECF No. [27] is **DENIED, as moot.** It is further

**ORDERED AND ADJUDGED** that Defendant Allied Pilots Association's Motion to Dismiss Plaintiff's Complaint, ECF No. [18] is **DENIED, as moot.**

**DONE AND ORDERED** at Miami, Florida, on this 25th day of September, 2018.

_____
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
    Honorable James Lawrence King
    All counsel of record