UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-22589-EA

LAWRENCE MEADOWS,

Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

Defendants.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

**THIS CAUSE** came before the Court for a discovery hearing on October 28, 2025. Plaintiff, Lawrence Meadows ("Plaintiff"), a former American Airlines pilot and former member of the Defendant, Allied Pilots Association ("Defendant"), a labor union that represents pilots at American Airlines, filed this case against Defendant in 2017. In an amended complaint filed in 2018, he alleges that Defendant breached its duty-of-fair-representation under the Railway Labor Act, violated the Labor-Management Reporting and Disclosure Act of 1959, and further alleged state breach of contract claims. His claims center on the union's failure to properly resolve Grievance 12-012, which pertains to pilots who were terminated due to a medical disability, and retaliation against him as a whistleblower. Important to this Order, the allegations relate to conduct that occurred between 2011 and 2018. In 2018, the parties jointly petitioned the Court to stay the case. [ECF No. 37]. The motion to stay was granted and the case remained stayed until May 12, 2025. [ECF Nos. 52; 64; 70].

During the discovery hearing Plaintiff sought a 30-day extension of time to November 30, 2025, to produce documents responsive to Defendant's request for production of documents and

to respond to Defendant's interrogatories. Defendant stated that the discovery was propounded on August 8 and Plaintiff does not dispute this.

Further, Defendant has requested Plaintiff produce discovery responsive to support his demand for damages from the date of the alleged breach to the present by producing documents that reflect his present financial and medical condition. Plaintiff, however, argued that the Court should limit the scope of discovery to the time frame of 2011 to 2018, because Defendant seeks to limit the discovery it is required to produce to Plaintiff to that time period.

Upon review and noting the arguments of the parties at the hearing, it is hereby **ORDERED** as follows:

1. Plaintiff shall respond to Defendant's discovery requests by **November 7, 2025**. The Court finds the November 7 deadline reasonable considering that the discovery requests were propounded in August, and as the person who brought the lawsuit, Plaintiff should have the documents readily available to be produced. *See Virtual Studios, Inc. v. Stanton Carpet Corp.*, No. 4:15-CV-0070-HLM, 2016 WL 5334473, at *12 (N.D. Ga. Jan. 12, 2016) ("Further, Plaintiff has not met its burden to show that producing the documents sought would be unduly burdensome, troublesome, or expensive for Plaintiff. As Defendant pointed out, Plaintiff brought this lawsuit, and it is not unfair or burdensome to require Plaintiff to produce documents and materials relating to its claims.").

2. Specifically, Plaintiff's responses to Defendant's discovery must comply with Federal Rules of Civil Procedure 33 and 34 and the requirements set forth in Local Rule 26.1(e). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived. With respect to the production of documents,

any objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and requires production of the rest. A party must produce documents in a form or forms in which they are ordinarily maintained or must organize and label them to correspond to the categories in the request.

    **SIGNED** this 30th day of October 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc:**    **U.S. District Court Judge Ed Artau;**

    **Plaintiff;**

    **All Counsel of Record**