# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**LAWRENCE MEADOWS,**
    **Plaintiff,**

    **v.**

**ALLIED PILOTS ASSOCIATION,**
    **Defendant.**



FILED BY_____D.C.

DEC 23 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CASE NO. 1:17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_____/

## PLAINTIFF'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO THE MAGISTRATE JUDGE'S CONSTRUCTIVE DENIAL OF DISCOVERY RELIEF

Plaintiff Lawrence Meadows, pursuant to Federal Rule of Civil Procedure 72(a), objects to the Magistrate Judge's constructive denial of discovery relief, which has left Plaintiff without a remedy for Defendant APA's ongoing discovery violations. After Plaintiff followed the Magistrate's Standing Discovery Order, ("SDO") (ECF No. 95), by requesting a hearing to resolve an impasse, the request was summarily denied by the Magistrate's clerk via email. This denial, and the subsequent email exchange culminating in Defendant's counsel's self-serving letter of December 22, 2025 (collectively, **Exhibit A**), has created a procedural dead end that is clearly erroneous and contrary to law.

## BACKGROUND

On December 17, 2025, the Magistrate Judge ordered the parties to "confer and schedule APA's corporate representative's deposition at a mutually convenient date and time." (**Exhibit B**). The parties are at an impasse on three critical issues: (1) APA is over three weeks past the December 1 deadline for substantial document completion; (2) APA has stated it will violate

1

Fed. R. Civ. P. 26(a)(2)(D)(ii) by serving its rebuttal expert report 15 days late; and (3) APA has refused to schedule its Rule 30(b)(6) deposition on a truly "mutually convenient" date, offering only a prejudicial date nine business days before the February 1 discovery cutoff.

Having reached an impasse, Plaintiff requested a hearing in accordance with the Magistrate's SDO. On December 22, 2025, the Magistrate's clerk denied the request, erroneously stating, "The depositions should proceed as scheduled," failing to recognize that APA's deposition is not scheduled at all. (**Ex. A**).

**ARGUMENT**

The Magistrate Judge's refusal to hold a hearing - the mandatory prerequisite to filing a discovery motion under her own Standing Discovery Order - is an abuse of discretion that shields APA's misconduct from judicial review and is therefore contrary to law.

## I. The Magistrate's Inaction is Contrary to Law.

By denying the required hearing, the Magistrate has left Plaintiff without a remedy for APA's clear violations of the Federal Rules and this Court's orders. This procedural blockade is clearly erroneous, as it functionally prevents Plaintiff from moving to compel and allows Defendant to dictate the discovery schedule through delay.

## II. The Magistrate's Inaction Condones APA's Clear Rule Violations.

The Magistrate's refusal to engage allows APA to violate federal rules and court orders with impunity.

- **Untimely Expert Report:** Plaintiff served his expert report on December 1, 2025. Pursuant to **Fed. R. Civ. P. 26(a)(2)(D)(ii)**, APA's rebuttal report was due within 30 days, by **December 31, 2025**. APA's insistence on producing it on January 15, 2026, is a direct violation of the Rule. The Magistrate's inaction effectively sanctions this violation.

2

- **Violation of the Court's Order:** A deposition date nine days before the discovery cutoff is not "mutually convenient" when it denies the deposing party any practical opportunity for follow-up discovery based on that testimony. APA's bad-faith position was crystalized in its final email to the Magistrate's clerk, where counsel disingenuously framed the dispute as Plaintiff rejecting offered dates, while omitting the fact that those dates are prejudicial. (**Ex. A**).

## III. The Result is a Prejudicial and Unequal Playing Field.

This is part of a pattern. The Magistrate held Plaintiff to a grueling nine-day, 64,951-page production schedule (ECF No. 138), yet her inaction now permits APA to ignore discovery deadlines, whose document production is now over three weeks late, with APA stated goal of merely "substantial completion by January 5."

This disparate treatment creates an unlevel playing field and is fundamentally unfair.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court sustain his objections, vacate the Magistrate Judge's constructive denial of relief, and either: (a) order the Magistrate Judge to hold an immediate hearing, or (b) directly compel APA to produce its Rule 30(b)(6) deponent on or before **January 16, 2026**, produce all responsive documents immediately, and serve its rebuttal expert report by the rule-mandated deadline of **December 31, 2025.**

Dated: December 23, 2025

Respectfully submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, *Pro Se* Plaintiff, hereby certify that on December 23, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record listed below, and was also served via email and U.S. Mail.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;

jpellettieri@bredhoff.com;

grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

## EXHIBIT A

RE: [EXTERNAL] Re: Urgent Request for Hearing: Impasse on Court-Ordered Deposition Scheduling

From:   Joshua Shiffrin (jshiffrin@bredhoff.com)

To:     lawrencemeadows@yahoo.com; rocio_iglesiasgonzalez@flsd.uscourts.gov; reid@flsd.uscourts.gov

Cc:     grybak@bredhoff.com; ctrigo@grsm.com; ddymowski@grsm.com; ckekacs@bredhoff.com; hpvonthielen@bredhoff.com; jpellettieri@bredhoff.com

Date:   Monday, December 22, 2025 at 09:13 PM EST

Ms. Gonzalez:

I apologize for the multiple emails regarding this matter, but I thought it would be helpful to clarify APA's position. The parties have scheduled Mr. Meadow's deposition for January 13, 2026, in Salt Lake City. APA has offered both January 21 and January 29 as days for which it is available for a Rule 30(b)(6) deposition, as Mr. Meadows has represented that he is available on those days. APA believes that the Rule 30(b)(6) deposition should be scheduled for one of those days. We have done our best to confer in good faith with Mr. Meadows regarding these matters, however his availability for and positions have been moving targets. Thank you very much for the Court's attention to this matter.

Sincerely,

Joshau Shiffrin

## Disclaimer

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Monday, December 22, 2025 3:21 PM
**To:** Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov>; FLSDdb_efile Reid <Reid@flsd.uscourts.gov>
**Cc:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs

<ckekacs@bredhoff.com>; Hans-Peter von Thielen <hpvonthielen@bredhoff.com>; John M. Pellettieri
<jpellettieri@bredhoff.com>
**Subject:** [EXTERNAL] Re: Urgent Request for Hearing: Impasse on Court-Ordered Deposition
Scheduling

Ms Gonzalez,

The problem is APA's 30(b)(6) deposition is not scheduled, at all. Worse, APA's counsel is disingenuously refusing to provide their corporate designee on  a date mutually convenient to both parties as last order by Magistrate Reid, and worse they are reneging on all the dates they previously offered on 7,,8 9 and 14,-16 Jan, and instead they now shift the goal posts insisting on dates during the last week of January - just before the February 1 cutoff date.

I respectfully request Magistrate Reid order APA's counsel to honor its originally proffered dates for its  30(b) (6) designee deposition. Otherwise I will be extremely prejudiced and be  deprived of any follow-on discovery prior  to the February 1 cutoff, and be force to seek an extension of time from Judge Artau, which I'm

trying to avoid at all costs

Additionally, it's unfair and extremely prejudicial to allow APA to continue to engage in the same pattern of "prolonged delay"  as was previously admonished by Judge Moore (ECF Nos 70 and 91), and continue to broadly ignore all of its production and exert rebuttal obligations in violation of FRCP R 26.

A hearing isn't required as much as an order to ensure

equal an application and enforcement of the rules - here,  APA has and continues to be non-compliant.

Otherwise, discovery will inevitably be delayed to the detriment of my case, and further prolonged delay of these proceedings.

Respectfully,

Lawrence Meadows, Pro Se.

Sent from Yahoo Mail for iPhone

On Monday, December 22, 2025, 2:45 PM, Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov> wrote:

Good afternoon,

The Court has reviewed the emails from both parties. This matter does not appear to be urgent, and, in any event, the Court is closed on December 24th, Judge Reid is unavailable on December 31st due to criminal duty matters, and it does not appear that all parties will be available for an emergency hearing. The depositions should proceed as scheduled.

Thank you,

--

**Rocio Iglesias Gonzalez**

Law Clerk to U.S. Magistrate Judge Lisette M. Reid

U.S. District Court for the Southern District of Florida

Tel: (305) 523-5782

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Monday, December 22, 2025 1:34 PM
**To:** FLSDdb_efile Reid <Reid@flsd.uscourts.gov>; Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov>
**Cc:** Josh Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Hans-Peter Von Thielen <hpvonthielen@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>
**Subject:** Urgent Request for Hearing: Impasse on Court-Ordered Deposition Scheduling

**CAUTION - EXTERNAL:**

**To:** Reid@flsd.uscourts.gov
**Cc:** All Counsel of Record
**From:** Lawrence Meadows, Plaintiff
**Date:** December 22, 2025

**Subject: Urgent Request for Hearing: Impasse on Court-Ordered Deposition Scheduling**

Your Honor,

Pursuant to Your Honor's Order of December 17, 2025, the parties have met and conferred regarding deposition scheduling, most recently this morning. Despite these efforts, a complete impasse remains on several critical discovery issues that require the Court's immediate intervention. Defendant APA's conduct threatens to derail the discovery schedule, and I respectfully request an urgent hearing.

As requested by counsel for APA, I have attached his 10:50 AM email to this submission for the Court's review. (See Mr Shiffrin's email in-line text below).

## 1. Impasse on Rule 30(b)(6) Deposition

APA has refused to schedule its court-ordered Rule 30(b)(6) deposition on a truly "mutually convenient" date, creating substantial prejudice.

- **Plaintiff's Good-Faith Offers:** On December 19, I offered to be deposed on January 7, 8, or 9 and proposed to depose APA on January 14, 15, or 16 - dates APA had previously confirmed its witness, Mr. Myers, was available. I also offered to travel to APA's Headquarter's in Fort Worth, TX be deposed on January 13 if APA's deposition could occur shortly thereafter on a cleared date mutually convienient to both parties.

- **APA's Unacceptable Counteroffer:** APA rejected all proposals and offered only January 21, 2026.

- **Clear Prejudice:** This date is only nine business days before the February 1 discovery cutoff. It provides no practical time for necessary follow-up discovery, such as deposing other witnesses who may be identified in the 30(b)(6) testimony or resolving disputes that arise from it. APA's assertion that this is "routine" ignores that this deposition was noticed nearly a month ago for December 12 and its testimony is foundational to the case.

- **Pretextual Justification:** APA's claim that it needs "weeks to prepare" its own full-time employee for a deposition on topics noticed a month ago is not credible, particularly as this Court has already ruled that my deposition will occur first.

## 2. Broader Pattern of Discovery Delays

This scheduling impasse is part of a larger pattern of dilatory conduct by Defendant that requires the Court's intervention:

- **Delinquent Document Production:** APA is now three weeks past the December 1 deadline for substantial document completion. Its production to date remains a fraction of the 64,951 pages I have produced. This ongoing failure prejudices my ability to prepare for depositions and complete discovery.
- **Untimely Expert Disclosures:** APA has stated it will not serve its rebuttal expert report until January 15, 2026. This is a direct violation of Fed. R. Civ. P. 26(a)(2)(D)(ii), which mandates rebuttal disclosures be made within 30 days of the initial expert disclosure. I served my report on December 1, 2025, making APA's rebuttal due by December 31, 2025. The holiday season does not toll the Federal Rules of Civil Procedure.

To prevent severe prejudice and ensure compliance with the scheduling order, I respectfully request a hearing at the Court's earliest convenience. Counsel for APA has indicated his availability on December 24 and December 29-31. I am also available on those dates.

Respectfully,

Lawrence Meadows
Plaintiff, *Pro Se*

On Monday, December 22, 2025, 10:50 AM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Mr. Meadows:

APA has not, as you claim, been "inconsistent" regarding the availability of its counsel and witness but rather has gone above and beyond to accommodate your continually shifting scheduling requests—including emergency dental surgery and a week-long anniversary trip to Las Vegas that you

apparently also scheduled on the same day you scheduled your surgery but that now apparently no longer poses an impediment to depositions.

You previously claimed to have been unavailable on all of the dates that you now propose for your deposition, as well as many others in January. Your deposition has now been scheduled for January 13 in Salt Lake City, and APA and counsel have made arrangements for that deposition to take place then.

Further, when we spoke on Friday, December 19, we agreed that I would determine whether APA was available during the week of January 19 for a deposition, and you stated that you were now "wide open" in January. Now that we've made further arrangements so that APA can offer January 21 as date for APA's deposition, you've made it clear for the first time today that your position is actually that no date that week would be acceptable to you.

Mr. Myers is traveling with his family this week, so I am unable to confer with him about the dates you have proposed for your Rule 30(b)(6) deposition of APA before your 1 pm deadline. As I have said, I will need time to meet with Mr. Myers for his preparation to testify regarding the topics identified for the Rule 30(b)(6) deposition, and thus, deposing him a day or two after your deposition would be unduly burdensome on APA. In any event, January 21—like January 29—is a date that is "mutually convenient" to the parties, and so I see no reason why the Rule 30(b)(6) deposition should not be scheduled for that date. I do not agree that scheduling a deposition nine days before the discovery deadline would be prejudicial. Rather, it is routine in litigation for depositions to occur close to the discovery cutoff.

As for Defendant's rebuttal expert report, you first disclosed that you intended to call an expert witness during a meet and confer call on November 25, and you first produced your expert's report on December 1. In light of the holidays, it was not realistic for APA to find and retain a rebuttal expert, and for that expert to produce a report, by December 31. I have told you the identity of APA's rebuttal expert and that APA will produce an expert report on or before January 15, 2026. We have also discussed that you could depose APA's rebuttal expert during the last week of January. This timeline is reasonable and non-prejudicial to you.

If you insist on raising these matters to the Court, please include this email in your submission.

Sincerely,

Joshua Shiffrin

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT B

RE: [EXTERNAL] Request for Time-Sensitive Discovery Conference - Meadows v. APA, No. 1:17-cv-22589-EA

| | |
|---|---|
| From: | Rocio Iglesias Gonzalez (rocio_iglesiasgonzalez@flsd.uscourts.gov) |
| To: | lawrencemeadows@yahoo.com; jshiffrin@bredhoff.com; reid@flsd.uscourts.gov |
| Cc: | grybak@bredhoff.com; ctrigo@grsm.com; ddymowski@grsm.com; jpellettieri@bredhoff.com; ckekacs@bredhoff.com; hpvonthielen@bredhoff.com; jnguyen@bredhoff.com |
| Date: | Wednesday, December 17, 2025 at 04:18 PM EST |

Good afternoon,

"Federal Rule of Civil Procedure 26(d) grants the Court broad discretion to decide the timing and sequence of discovery." *Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674, 675 (S.D. Fla. 2012). The general rule is that parties may use discovery methods in any sequence. *Brown v. NCL (Bahamas), Ltd.*, Case No. 15-21732-CV, 2015 WL 6673700 at *3 (S.D. Fla. Oct. 30, 2015). But courts retain discretion to control the timing of discovery for the parties' and witnesses' convenience and in the interests of justice. *See Terman v. NCL (Bahamas), Ltd.*, No. 14-24727-CV, 2015 WL 3892508 at *1 (S.D. Fla. June 16, 2015).

Exercising the discretion afforded by the rules, the Court determines APA may proceed with Plaintiff's deposition first because APA requested and noticed Plaintiff's deposition first. Thereafter, Plaintiff may depose the APA corporate representative. The parties shall confer and schedule APA's corporate < > representative's deposition at a mutually convenient date and time. At this time, a hearing will not be scheduled.

Second, Mark Myers, the APA corporate representative, may attend Plaintiff's deposition. There is no rule of civil procedure that prohibits this.

Third, as Defendant is in the process of producing documents and supplementing its interrogatory response, the request for a hearing is premature.

Regards,



**Lisette M. Reid**
U.S. Magistrate Judge
Southern District of Florida
(305) 523-5780

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Wednesday, December 17, 2025 3:40 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>; FLSDdb_efile Reid <Reid@flsd.uscourts.gov>
**Cc:** Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov>; Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Hans-Peter von Thielen <hpvonthielen@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>
**Subject:** Re: [EXTERNAL] Request for Time-Sensitive Discovery Conference – Meadows v. APA, No. 1:17-cv-22589-EA

**CAUTION - EXTERNAL:**

Your Honor,

I just finished another round of dental surgery, and just now seeing Mr. Shiffrin's email to you, and felt the need to reply.

 I absolute disagree with his position and respectfully request judicial intervention as soon as possible. He has not been truthful about designee's availability. Delaying my 30(b)(6) deposition until two days before the discovery cutoff is extremely prejudicial and leaves me no time for follow-on discovery, along with the fact his prolonged delay in failing to comply with his discovery obligations is unfair and untenable.

Respectfully,

Lawrence Meadows

Plaintiff, Pro Se

Sent from Yahoo Mail for iPhone

On Wednesday, December 17, 2025, 11:02 AM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Magistrate Judge Reid:

Defendant Allied Pilots Association ("APA") disagrees with the characterization of APA's positions and communications that are included in Mr. Meadows' email below.  In any event, Mr. Meadows has included as an attachment to his email to the Court a letter that I sent to him yesterday evening that summarizes APA's position on the matters raised by Mr. Meadows.

Most notably, APA has agreed to depose Mr. Meadows on January 13—a date that he has offered for his deposition—and thus does not understand there to be an outstanding issue with respect to that scheduling issue.  APA is also available for a Rule 30(b)(6) deposition on January 29, a date that Mr. Meadows has offered for his deposition, and so we do not believe there is a need for court intervention on that issue as well.

In the event the Court believes a hearing is necessary, counsel for APA is available on any of the following dates: December 17-19, 21-24, December 29-31.

Sincerely,

Joshua Shiffrin


Joshua B. Shiffrin (he/him)
Bredhoff & Kaiser P.L.L.C.
805 15th Street N.W.
Suite 1000
Washington D.C. 20005
PH (202) 842-2600
FAX (202) 842-1888
CELL: 617-501-1720
www.bredhoff.com


---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Wednesday, December 17, 2025 12:13 PM
**To:** FLSDdb_efile Reid <reid@flsd.uscourts.gov>
**Cc:** Rocio Iglesias Gonzalez <rocio_iglesiasgonzalez@flsd.uscourts.gov>; Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>;

Andrew Dymowski <ddymowski@grsm.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Hans-Peter von Thielen <hpvonthielen@bredhoff.com>
**Subject:** [EXTERNAL] Request for Time-Sensitive Discovery Conference – Meadows v. APA, No. 1:17-cv-22589-EA

**To:** Reid@flsd.uscourts.gov

**Cc:** All Counsel of Record
**From:** Lawrence Meadows
**Date:** December 18, 2025

**Subject: Request for Time-Sensitive Discovery Conference – *Meadows v. APA*, No. 1:17-cv-22589-EA**

Your Honor,

Pursuant to your Standing Discovery Order, I respectfully request a time-sensitive discovery conference. The parties have conferred telephonically on December 17 and remain at a complete impasse, as documented in the Plaintiff's and Defendant's correspondence attached hereto as **Exhibits A and B**. Defendant APA's Counsel has engaged in a pattern of bad-faith obstruction and delay, as a part continued pattern of "prolonged delay" for which this Court admonished them, (See ECF Nos. 70 and 91), that requires immediate judicial intervention to preserve the integrity and fairness of these proceedings.

Specifically, APA's Counsel has:

1. **Violated the Court's Directive and Engaged in Bad-Faith Scheduling:** After I made a good-faith offer to depose APA's 30(b)(6) witness on January 9 - one of the only dates counsel represented the witness was available, counsel improperly misappropriated that date in bad faith and improperly noticed it for my deposition without conferral and refused to withdraw the harassing notice until after I served a formal demand letter.

2. **Made Material Misrepresentations Regarding Witness Availability:** APA's Counsel has now suddenly claimed their 30(b)(6) deponent, Mark Myers, is available on January 13, a date not on the original, restrictive list he provided. This demonstrates that Mr. Myers's "availability" is a pretext to control the schedule, which is particularly disingenuous given that Mr. Myers is a full-time APA employee with no other military or outside employment commitments.

3. **Made a Prejudicial "Poison Pill" Offer:** Counsel has offered to depose me on January 13 but will only produce APA's 30(b)(6) deponent on January 29, just two days before the discovery cutoff. This offer is extremely prejudicial and unacceptable and provides no time for the inevitable follow-up discovery.

4. **Refused a Reasonable Request to Exclude a Conflicted Witness:** Counsel insists on the presence of Mark Myers, at my deposition - a key, deeply conflicted fact witness with a documented history of untruthfulness in a formal internal union investigation, who has displayed a hostile animus towards Plaintiff and all other similarly situated MDD pilots, deliberately abandoning their representation through a secret falsified secret legal opinion letter, as corroborated by the sworn deposition testimony of former APA President Ed Sicher in similar case of *Prietz v. Allied Pilots Association*. APA's insistence on the presence of Mark Myers, was an artifice to reject my proffer of fourteen alternative deposition dates in December and January, waiving the 14-day notice period.

5. **Failed to Comply with Discovery Obligations:** APA remains in violation of its discovery obligations. The Defendant asserts good faith compliance with document requests. However, their response consists almost entirely of various iterations collective bargaining agreements, constitution and bylaws, and policy manuals, that are easily collected and provide zero insight into the core issues of good faith or discriminatory animus. All of the key documents that would address these core issues -- emails, texts, minutes of substantive meetings -- have been withheld. By contrast, Plaintiff has produced in good faith -- and at great expense -- 64,951 pages of documents that **include** 6,170 emails from 42 individuals spanning 15 years. It is imperative that Defendants matches Plaintiff's good faith production in order the Plaintiff to have any opportunity to fully and fairly prosecute his case. This includes refusing to respond to an interrogatory regarding the March 11, 2019 "Carey Promise" letter, a document they possess in Plaintiff's voluminous production to APA. Additional, APA's Counsel is also now threatening to harass my current employers with burdensome subpoenas despite having all relevant mitigation data.

Defendant has not cured these deficiencies.

To prevent further prejudice, a hearing is urgently needed. I am available the next three Wednesdays, today, December 17, as well as December 24, and December 31 (until 2:30 PM EST). Opposing counsel has also stated their availability for the next on 17, 24, and 31 December.

Respectfully,

Lawrence Meadows
Plaintiff, *Pro Se*

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.