IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
Plaintiff,

v.

ALLIED PILOTS ASSOCIATION,
Defendant.

CASE NO. 1:17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/



FILED BY_____ D.C.
JAN 15 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S FOURTH OBJECTIONS TO THE MAGISTRATE JUDGE'S
JANUARY 13, 2026 ORDER (ECF No. 172), AND CONSTRUCTIVE DENIAL
TO ENFORCE THAT ORDER, AND MOTION FOR DE NOVO REVIEW BY
DISTRICT COURT JUDGE ARTAU AND REQUEST FOR IMMEDIATE RELIEF**

Plaintiff Lawrence Meadows, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), files these Objections to the Magistrate Judge's January 14, 2026 discovery Order. That Order is clearly erroneous and contrary to law. The Magistrate Judge abdicated her judicial duty by adopting verbatim a proposed order from a non-compliant party, while completely ignoring dispositive, contemporaneously filed evidence that Defendant's counsel made material misstatements to the Court and that Defendant's discovery production was, and remains, over 6-weeks delinquent, woefully deficient, and fundamentally defective.

The Order sanctions Defendant's abusive discovery tactics, rewards its counsel's lack of candor, and inflicts irreparable harm upon Plaintiff by forcing him to proceed toward a February 1, 2026 discovery cutoff with a 32,464-page "digital needle in a haystack."[1] With the court-

---

[1] Failing to identify with particularity the documents responsive to the request compels the Complainants to seek the needles in a haystack. *See, e.g., Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 462-63 (E.D. Ohio 1995) **(discovery responses may not "hide the needle in the haystack" requiring hours of unnecessary work to locate responsive documents)**. *See Chiaradonna v. Rosemont College*, 2007 U.S. Dis. LEXIS 21202 (E.D. Penn. 2007) **(party cannot**

1

ordered 30(b)(6) deposition of Mark Myers just days away, Plaintiff is being deprived of the most basic tools of discovery and set up to fail.

This is not justice - it is a perversion of the discovery process that demands this Court's immediate intervention.

This morning that perversion has now been further compounded this by the Magistrate Judge's subsequent refusal, via her clerk's email of January 15, 2026, to even grant a hearing on Defendant's non-compliance on document production and witness evasion, claiming these issues were "fully addressed" when they patently were not. The process for relief before the Magistrate is broken, and this Objection to the District Judge is now Plaintiff's only recourse.

## STANDARD OF REVIEW

A district court must modify or set aside a magistrate judge's non-dispositive pretrial order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). An order is contrary to law when it misapplies or fails to apply the relevant statutes, rules, or case law. The Magistrate's Order here meets both standards.

## ARGUMENT

**I. The Order is Clearly Erroneous Because It Was Entered Without Consideration of Dispositive, Contemporaneously Filed Evidence of Counsel's Misconduct.**

On January 13, 2026, well before the Magistrate entered her Order, Plaintiff filed with the Court a detailed demand letter sent to opposing counsel. (ECF No. 173, Ex. B). That letter provided ironclad proof, based on counsel's own emails, that Mr. Shiffrin had made at least two material

---

produce documents *en masse*, but must "specifically identify responsive documents"). [Emphasis Added].

2

misstatements to the Court at the January 7 hearing regarding his production deadline and the searchability of his production. Plaintiff also submitted a competing proposed order granting substantive relief.

The Magistrate Judge committed clear error by completely ignoring this evidence. Instead of holding Defendant accountable, she adopted *verbatim* an order drafted by Mr. Shiffrin himself - an order he submitted *before* his misstatements were exposed. To rubber-stamp an order drafted by a party who has just been shown to have misled the Court, while ignoring the evidence of that deception, leaves the definite and firm conviction that a grave mistake has been committed.

## II. The Order is Contrary to Law by Sanctioning a Production That Flagrantly Violates Rule 34.

The Order's most prejudicial error is its tacit approval of a discovery production that is unlawful on its face. The Order merely requires production in a "searchable format." This is meaningless boilerplate that Defendant has twisted to justify its abusive data dump.

Defendant has produced 32,464 individual files that can only be keyword searched by opening each individual file, one by one.[2] This is not a "searchable" production under any reasonable interpretation of the Federal Rules.[3] Rule 34(b)(2)(E) requires documents to be

---

[2] Defendant APA initially provided Plaintiff a defective download link, and he was unable to open APA's second tranche of 7,264 documents, and even when he demanded an operable link, he discovered that all the documents were "locked" and not keyword searchable as a group or even by induvial pages. On January 9, 2026, APA represented to the court that it reproduced those documents in what it alleged to be a "searchable" format, but even they the production was only keyword searchable by individual files, forcing plaintiff to have to open 32,464 files one-by-one just to see what was in each document file. Which was and is an impossibly burdensome task with his looming deposition of APA's 30(b)(6 witness just days away.

[3] A production of thousands of disassociated electronic files that prevents global searching is not a "reasonably usable form" as contemplated by the Rules. Courts have held that the spirit of Rule 34 is violated where a party's production method, while technically compliant in some narrow sense, serves to obscure rather than reveal evidence. *See, e.g., Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, 584 (M.D. Fla. 2009)

3

produced either as they are kept in the usual course of business or organized and labeled to correspond to the requests. In violation of Rule 34, Defendant has done neither. *City of Colton*, 277 F.R.D. 583, 585, (C.D. Cal 2011) ("[I]t is clear that parties are entitled under the Federal Rules to rationally organized productions so that they may readily identify documents, including ESI, that are responsive to their production requests."). In reaching that conclusion, the Magistrate Judge in *City of Colton* reasoned that interpreting the Federal Rules to require productions "be organized in such a way as to facilitate, not hinder, the usefulness of the information produced also makes commons sense." *Id.* at 584. Indeed, as one court emphasized, "Rule 34(b)(2)(E)(i) is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." *Consolidated Rail Corp. v. Grant Trunk W. R.R. Co.*, 2009 U.S. Dist. LEXIS 118394, 2009 WL 5151745, at *3 (E.D. Mich. Dec. 18, 2009). "The rule allowing for production in the ordinary course of business presupposes that there be some sort of organization that will be maintained throughout the production." *Skyhawke Techs., LLC v. Deca Int'l Corp.* Cas No. CV 18-1234-GW (PLAx), 2019 U.S. Dist. LEXIS 77972, 2019 WL 1976473, at *3 (C.D. Cal. Mar. 21, 2019).

For the Court to condone this conduct is contrary to the entire purpose of Rule 34.

### III. The Order Inflicts Irreparable Harm and Makes a Fair Deposition Impossible.

The practical effect of this erroneous Order is catastrophic. The discovery cutoff is February 1. The deposition of APA's 30(b)(6) designee, Mark Myers, is January 21. Plaintiff is being forced to depose the key corporate representative on a massive document production that he cannot search, review, or analyze. It is a fundamentally unfair and prejudicial scenario that makes a mockery of the discovery process.

The prejudice is amplified when contrasted with Plaintiff's own diligence. To have the Court condone APA's abusive data dump after Plaintiff produced his own discovery in a professional and fully compliant manner causes severe prejudice and irreparable harm.

- **Plaintiff's Production:** Plaintiff produced 64,951 pages, including 6,170 emails in both native .eml and PDF formats with a bates number cross-reference log, from 42 custodians spanning 15 years, all organized by APA's Requests for Production categories and globally keyword searchable.

- **APA's Production:** In response, APA produced a six-week-delinquent, 32,464-file data dump that flagrantly violates Rule 34, as it is not organized or labeled in accordance with Plaintiff's RFPs, not globally searchable, contains no native email files nor actual metadata, and lacks any privilege log – and thus is fundamentally defective.[4]

To have the Court condone this sort of dilatory obstructionist production, causes Plaintiff severe prejudice and irreparable harm.

### IV. The Magistrate's Subsequent Refusal to Hear These Issues Constitutes a Constructive Denial of Relief and an Abdication of Judicial Duty.

As if the clearly erroneous Order were not prejudicial enough, Plaintiff sought to resolve these escalating issues by filing an "Urgent Request for Hearing" on January 14. That request detailed APA's non-compliance with the Order's "searchable format" requirement and the new, alarming evidence of witness evasion by former APA President, Captain Daniel Carey, who is covered by APA's Directors and Officers ("D&O") liability policy.

---

[4] This defective production forces Plaintiff to choose between two prejudicial options: proceed with the Magistrate's ordered January 21 deposition of Mr. Myers without the ability to effectively use APA's own documents to question him, or cancel the deposition and risk waiving the right to take it before the discovery cutoff.

5

On January 15, 2026, the Magistrate's Clerk summarily dismissed the request, stating "The issues were fully addressed during the January 7th hearing and reflected in the January 13th order." *See* **Exhibit A**. This statement is demonstrably false. The issue of Captain Carey's active evasion of service was not and could not have been addressed at the January 7 hearing. The issue of APA's continuing non-compliance with the production Order had not yet occurred. (ECF No. 172, para. 2). By refusing to even hear these critical, time-sensitive disputes, the Magistrate Judge has abdicated her duty to supervise discovery and constructively denied Plaintiff any and all relief - leaving this Objection as the only path forward.

## CONCLUSION AND RELIEF REQUESTED

The Magistrate Judge's January 13 Order, 2026 (ECF No. 172) and subsequent refusal to enforce it, along with the failure to address the witness evasion that occurred post-Order, rewards Defendant's pattern of delay and obstructionism and punishes Plaintiff's diligence. It is not only clearly erroneous and contrary to law, but also a patent abdication of her duty to supervise the discovery process in this matter.

**WHEREFORE,** Plaintiff respectfully requests this Court:

1. **SET ASIDE** the Magistrate Judge's January 13 Order (*Id.*) in its entirety, and;
2. **GRANT,** on de novo review, an order compelling Defendant to re-produce its entire production in a compliant format - properly organized and labeled by RFP category, in a globally searchable format, with native files and associated metadata, and including a complete privilege log - within **three (3) business days,** and,;
3. **MODIFY** the scheduling order to permit Plaintiff to re-depose APA's 30(b)(6) designee, Mr. Myers, in both his corporate and individual capacity within **30 days after** Defendant fully complies with the production order in paragraph 2 above, and;

4. **AWARD** Plaintiff the reasonable fees and costs associated with filing these Objections and for all costs incurred in preparing for and conducting the now-prejudiced January 21 and 22 depositions of Mark Myers as APA's 30(b)(6) designee and in his individual capacity, and;

5. **GRANT** such other and further relief as this Court deems just and proper.

Dated: January 15, 2026

Respectfully submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, *Pro Se* Plaintiff, hereby certify that on January 15, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record listed below, and was also served via email and U.S. Mail.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

# **EXHIBIT A**

RE: [EXTERNAL] URGENT Request for Hearing: Defendant's Non-Compliance with Court Order, Ambiguous Deposition Protocol, and Witness Evasion

From: Rocio Iglesias Gonzalez (rocio_iglesiasgonzalez@flsd.uscourts.gov)

To: jshiffrin@bredhoff.com; lawrencemeadows@yahoo.com; reid@flsd.uscourts.gov

Cc: grybak@bredhoff.com; ctrigo@grsm.com; ddymowski@grsm.com; jpellettieri@bredhoff.com; ckekacs@bredhoff.com; jnguyen@bredhoff.com

Date: Thursday, January 15, 2026 at 09:44 AM EST

Good morning,

The issues were fully addressed during the January 7th hearing and reflected in the January 13th order. Therefore, an additional hearing is not needed at this moment.

Thank you,

--

**Rocio Iglesias Gonzalez**

Law Clerk to U.S. Magistrate Judge Lisette M. Reid

U.S. District Court for the Southern District of Florida

Tel: (305) 523-5782

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


> **From:** Joshua Shiffrin <jshiffrin@bredhoff.com>
> **Sent:** Wednesday, January 14, 2026 4:19 PM
> **To:** Lawrence Meadows <lawrencemeadows@yahoo.com>; FLSDdb_efile Reid <Reid@flsd.uscourts.gov>; Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov>
> **Cc:** Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>
> **Subject:** RE: [EXTERNAL] URGENT Request for Hearing: Defendant's Non-Compliance with Court Order, Ambiguous Deposition Protocol, and Witness Evasion
>
>
> **CAUTION - EXTERNAL:**

Ms. Gonzalez:

To address the matters raised in Mr. Meadows' email below:

1. The issues regarding the manner of APA's document production were fully addressed at the hearing held on January 7 and in the Court's January 13 order. There is no requirement under the Federal Rules that a litigant produce a searchable database of documents to another party, nor would it be practical to require APA to do so. Litigants are typically responsible for their own document storage and database costs.

2. In our correspondence with Mr. Meadows and at the hearing on January 7, APA has offered to make Mr. Myers available to testify in his personal capacity during his Rule 30(b)(6) deposition on January 21.

3. Dan Carey is one of several "individuals likely to have discoverable information" that was identified on APA's initial disclosures. APA has provided Plaintiff its last known address and phone number for Dan Carey. Although Mr. Carey was previously the president of APA, he is now retired and not under the control of APA.

Sincerely,

Joshua Shiffrin

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Wednesday, January 14, 2026 3:24 PM
**To:** FLSDdb_efile Reid <reid@flsd.uscourts.gov>; Rocio Iglesias Gonzalez <rocio_iglesiasgonzalez@flsd.uscourts.gov>
**Cc:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>

**Subject:** [EXTERNAL] URGENT Request for Hearing: Defendant's Non-Compliance with Court Order, Ambiguous Deposition Protocol, and Witness Evasion

To: Reid@flsd.uscourts.gov; Rocio_IglesiasGonzalez@flsd.uscourts.gov

**Cc:** All Counsel of Record

**From:** Lawrence Meadows, Plaintiff

**Date:** January 14, 2026

**Subject: URGENT Request for Hearing: Defendant's Non-Compliance with Court Order, Ambiguous Deposition Protocol, and Witness Evasion**

Ms. Gonzalez,

I am writing to respectfully request an immediate telephonic hearing with Magistrate Judge Reid to address urgent issues arising from her January 14, 2026 Order and Defendant's escalating pattern of obstruction.

**First, Defendant APA is in direct violation of the Order.** Item 2 required APA to produce documents in a "searchable format." APA's production is not searchable as a database and remains fundamentally defective. This non-compliance is severely prejudicing my ability to prepare for the court-ordered 30(b)(6) deposition of Mark Myers on January 21. I cannot depose him on documents I cannot access.

**Second, Item 4 of the Order is ambiguous.** It permits me to question Mr. Myers in his "personal capacity," yet the deposition was noticed only under Rule 30(b)(6). To avoid disputes, I require clarification as to whether Mr. Myers is expected to testify in a dual capacity or if a separate deposition must be noticed.

**Third, Defendant's obstruction of key witness depositions has now escalated.** APA first provided two separate, incorrect addresses for its own designated witness, former President Dan Carey. Following my deposition yesterday, where opposing counsel belabored Captain Carey's promises to me, Captain Carey - who had previously agreed to accept service - is now evading service at his known residence, with three attempts having failed. This appears to be a clear effort to prevent his testimony.

Finally, I am compelled to note my profound concern that the Court's Order appears to have been entered without consideration of my **January 12, 2026 email correspondence to the Court**, which provided dispositive evidence of Mr. Shiffrin's material misstatements and detailed APA's production failures. For the Court's convenience, that email and its demand letter are attached. The Order adopted, verbatim, a draft Mr. Shiffrin submitted *before* this evidence was on the record.

An immediate hearing is necessary to resolve these critical issues and ensure discovery can proceed.

**Attachments:**

1. Jan. 12, 2026 Email to Court re: Competing Order and Counsel Misconduct
2. Jan. 12, 2026 Demand Letter to J. Shiffrin

Respectfully,

Lawrence Meadows

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.