UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:17-cv-22589-EA

**Lawrence Meadows,**

    Plaintiff,

v.

**Allied Pilots Association, et al.**

    Defendants.

_____/

**ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **Monday, May 18, 2026, at 9:00 am**. Calendar call will be held at **11:00 a.m. on Thursday, May 14, 2026**. The parties shall adhere to the following schedule:

| | |
|---:|---|
| February 1, 2026 | The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date and place for mediation; and jointly file a notice informing the Court of the time, date, and place for mediation. Mediation must be in person with all parties and their attorneys participating in person. If circumstances exist that require mediation to be held wholly or partially remotely, the parties must obtain leave of court. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within seven days of mediation, the parties are required to file a mediation report with the Court. |
| February 1, 2026 | Parties exchange expert witness summaries or reports. |
| February 17, 2026 | Parties exchange rebuttal expert witness summaries or reports. |
| March 14, 2026 | All discovery, including expert discovery, is completed. |
| March 21, 2026 | Parties must have completed mediation **and** filed a mediation report |

April 1, 2026    All pre-trial motions and Daubert motions (which include motions to strike experts) are filed.  Each party is limited to filing one Daubert motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  The parties are reminded that Daubert motions must contain the Local Rule 7.1(a)(3) certification.

May 8, 2026    The parties shall file the following materials:

    (1) a joint pre-trial stipulation pursuant to Local Rule 16.1(e);

    (2) a joint exhibit list and a joint trial plan;

    (3) individually filed witness lists and deposition designations (and objections thereto and counter designations);

    (4) joint proposed jury instructions and verdict form in accordance with the instructions below [or proposed findings of fact and conclusions of law, as applicable]; and

    (5) any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. Boilerplate motions that request the Court to order the opposing party to comply with the Federal Rules of Evidence are improper and may be denied immediately. The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.

    **Jury Instructions and Verdict Form**.  Although they need not agree on each proposed instruction, the parties shall file their proposed jury instructions and verdict form, including substantive charges and defenses, in a **single joint filing** on CM/ECF.  Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  The parties' jury instructions should identify, as to each proposed jury instruction, whether the proposed language conforms to the Eleventh Circuit Pattern Jury

2

Instructions. If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. In addition to filing the joint jury instructions and verdict form on CM/ECF, the parties shall submit that filing, in Word format, via e-mail to Artau@flsd.uscourts.gov, by the specified deadline set forth above.

**Referral to Magistrate Judge**. Pursuant to this Court's order [ECF No. 175], all dispositive matters are referred to Magistrate Judge Lisette M. Reid for report and recommendation, and (i) all non-dispositive matters; and (ii) all pretrial discovery matters, are referred to Magistrate Judge Lisette M. Reid for disposition.

**Good Faith Conferral**. For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a minimal e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes**. Magistrate Judge Lisette M. Reid has a standing discovery order. All parties should adhere to the magistrate judge's standing discovery order for handling discovery disputes. Counsel must actually confer and engage in reasonable compromise in a genuine effort

to resolve their discovery disputes before noticing the dispute before the magistrate judge. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

**Summary Judgment**.  In addition to contemporaneously filing a Statement of Material Facts as required under Local Rule 56.1(a)–(b), the parties shall also file a Joint Statement of Undisputed Facts, which must include all relevant facts about which there is no material dispute and be filed separately and on the same day as the motion for summary judgment itself.  **Each undisputed fact shall be numbered individually and separated by paragraph**. **It is imperative that each fact in a Statement of Material Facts (or in a response, reply, or joint statement) be accompanied by a particularized pinpoint citation to material in the record pursuant to Local Rule 56.1(b)**.  If the supporting material is not in the record, the materials shall be attached to the statement as exhibits specifically titled within the CM/ECF system, and reference to a previously filed exhibit shall use the "ECF No." format.  All statements of material fact are limited to 10 pages, *see* Local Rule 56.1(b)(1)(A), and any requests for leave to include additional pages must be filed as a written motion for **prior** Court approval.  The parties are reminded to consult Local Rule 56.1 to ensure compliance with the form and content of Statements of Material Fact.

**Trial Exhibits**.  All trial exhibits must be pre-marked. The Plaintiffs' exhibits must be marked numerically with the letter "P" as a prefix; the Defendants' exhibits must be marked numerically with the letter "D" as a prefix.  The parties must submit a list setting out all exhibits in accordance with the Joint Exhibit List template referenced above.  Counsel should take care to ensure that exhibits are not compound – that is, that each document, to the extent practicable, is identified and marked individually. **Additionally, no later than the time of the pretrial conference, if applicable, all parties are to provide the Court with tabbed binders containing**

**copies of all proposed exhibits.** The binder should also include an exhibit list and a witness list.

**Voir Dire Questions**.  The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom.  Any party may submit up to five proposed, case-specific questions to be included in the questionnaire.  The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to Artau@flsd.uscourts.gov.  **Counsel for the parties will conduct the voir dire** by questioning the venire, starting with counsel for the Plaintiff(s)/Petitioner(s) and followed by counsel for the Defendant(s)/Respondent(s).  The Court will not permit the backstriking of jurors.

**Settlement Notification**.  If this matter is settled, counsel shall promptly file a Notice of Settlement on CM/ECF.  **The Notice of Settlement must be filed and served jointly by counsel for all parties to the settlement.**  *See* S.D. Fla. L.R. 16.4.  In addition to filing a Notice of Settlement, counsel shall promptly inform the Court via telephone (561) 803-3450 and/or e-mail (Artau@flsd.uscourts.gov).  Furthermore, the parties shall file a joint stipulation of dismissal and proposed order granting same no later than seven (7) days following the date of filing the Notice of Settlement.

**Form of Filings**.  All filings should be prepared using 12-point Times New Roman typeface that is double-spaced and fully justified.  This Notice does not supplant the requirements and provisions of Local Rule 7.1(c).

**Joint Filings**.  Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.  If conflicts of position exist, parties shall explain the conflicts in their separate motions.

**Extensions of Time**.  **Any motion for a continuance or extension shall set forth in detail**

**the basis for such a request and be filed sufficiently in advance of the deadline at issue to permit the Court to consider the motion.** Moreover, the filing by counsel of a "Notice of Unavailability" will be stricken without further notice. Such notices are not provided for under the local rules and shall not be presumed to modify or alter the Court's scheduling order.

**Duty to Comply**. Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in appropriate sanctions, including dismissal without prejudice or the entry of a default, without further notice. It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth in this Order to ensure an expeditious resolution of this cause.

**ORDERED** in Chambers in West Palm Beach, Florida, this 16th day of January 2026.

*Ed Artau*
_____
ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Lawrence Meadows**
1900 Sunset Harbour Dr. #2112
Miami Beach, FL 33139
Email: Lawrencemeadows@yahoo.com
PRO SE

**Capri Trigo**
Gordon & Rees LLP
100 SE Second Street
Suite 3900
MIami, FL 33131
305-428-5323
Fax: 877-644-6207
Email: ctrigo@gordonrees.com

**Grace Rybak**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, DC 20005

(202) 842-2600
Email: grybak@bredhoff.com

**John M. Pellettieri**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, DC 20005
(202) 842-2600
Email: jpellettieri@bredhoff.com

**Joshua B. Shiffrin**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, DC 20005
(202) 842-2600
Email: jshiffrin@bredhoff.com