**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

     Plaintiff,                                    **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*

     Defendants.

_____/

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR EXTENSION OF**
**DISCOVERY DEADLINES AND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Allied Pilots Association ("APA") files this response to (1) Plaintiff's motion (ECF Nos. 166, 173) to extend the February 1 discovery deadline by three months, and (2) his notice of supplemental authority (ECF No. 167) contending that a recent right-to-sue letter he received from the U.S. Equal Employment Opportunity Commission ("EEOC") supports his pending objections (ECF No. 149) to a protective order limiting the temporal scope of discovery in this case and his pending motion (ECF No. 129) to supplement the amended complaint. Since Plaintiff filed his request to extend the discovery deadline by three months, the Court has entered a scheduling order (ECF No. 177) that extends the deadline by 41 days, to March 14, 2026. To the extent Plaintiff's request for a larger three-month extension remains pending, APA opposes that request because Plaintiff has not established good cause for a three-month extension. In addition, the EEOC right-to-sue letter is entirely irrelevant to this case.

   **1.** **APA's Document Production Complies with the Court's Order and the Federal Rules**

Plaintiff contends that a three-month extension of the discovery deadline is necessary because APA has produced electronic documents in a manner that is "not keyword searchable" and

1

requires him to "manually open[] 32,466 individual files." ECF No. 173, at 2. That is not true. To date, APA has produced approximately 2,100 documents. Each document has been produced in the form of a PDF file that is individually searchable. APA has offered to produce the documents to Plaintiff in a different format if doing so would facilitate Plaintiff's ability to load them into a database that would permit him to search them collectively, but the Federal Rules of Civil Procedure do not make it incumbent on APA to produce the documents to Plaintiff in a searchable database, and to require APA to do so would be costly and burdensome.

In conformity with the Federal Rules, APA has appropriately produced documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i). For example, approximately 1,860 of the 2,100 documents are emails and email attachments. "Generally, a producing party produces emails in the usual course when it provides sufficient information about the email, typically including the custodian for the email, information to link emails with attachments, and the date and time the email was sent or received." *Heartland Food Prods., LLC v. Fleener*, No. 18-CV-2250, 2019 WL 2501862, at \*3 (D. Kan. June 17, 2019) (quoting David J. Kessler & Daniel L. Regard II, Format of Production, in *The Federal Judges' Guide to Discovery Edition 3.0* 186, 189 (The Electronic Discovery Institute, 2017)). APA has provided this information for each of the emails produced, as well as metadata associated with each email. The form in which APA has produced documents complies with the Federal Rules and does not warrant an extension of the discovery deadline.

2. **APA Has Provided Plaintiff with Contact Information in its Possession for Dan Carey**

Plaintiff contends (ECF No. 173, at 3) that a three-month extension of the discovery deadline is warranted because APA allegedly provided him with a "fictitious" address for APA's

former president Dan Carey. Although this matter will be addressed at the hearing scheduled for January 23, 2026, APA provides the following context for Plaintiff's frivolous allegations.

On August 1, 2025, APA listed Mr. Carey in its initial disclosures as an individual who would likely have discoverable information and provided an address. On January 12, 2026, Plaintiff notified APA that he had spoken with Mr. Carey and had been informed that the address APA provided for Mr. Carey in its initial disclosures was incorrect. APA checked its records and concluded that it had accidentally provided contact information for a different Dan Carey. Accordingly, on January 12, 2026, APA promptly amended its initial disclosures to provide its last known address for APA former president Dan Carey. According to Plaintiff, he has nonetheless been unable to serve a deposition subpoena on Mr. Carey. Plaintiff demands that APA accept service on behalf of Mr. Carey and produce him for a deposition on January 30, 2026.

Mr. Carey is currently retired and has no affiliation with APA. Counsel for APA is not authorized to accept service on behalf of Mr. Carey. A 41-day extension of the discovery deadline provides ample time for Plaintiff to serve a subpoena on Mr. Carey. A further extension is unnecessary and unwarranted.

3. **The Pending Motions and Objections Do Not Currently Justify an Extension of the Discovery Deadline**

Plaintiff contends (ECF No. 173, at 3) that a three-month extension of the discovery deadline is necessary because he cannot effectively depose witnesses while certain motions and objections to discovery rulings by Magistrate Judge Reid are pending. Only two of those pending matters could potentially affect the scope of discovery in this case: Plaintiff's objections (ECF No. 149) to a protective order limiting the scope of discovery and his motion (ECF No. 129) to supplement the amended complaint. Those pleadings are without merit for the reasons APA has

3

previously explained (ECF Nos. 141, 157), but should it become necessary, the Court can entertain a request for additional discovery after the discovery deadline.

**4. The EEOC Letter Does Not Support an Extension of the Discovery Deadline and Confirms That the Court Should Deny Plaintiff's Attempts to Expand the Scope of This Case**

Plaintiff contends that a right-to-sue letter that he received from the EEOC on December 30, 2025, requires a three-month extension of the discovery deadline because he is now permitted to assert claims against APA under the Americans with Disabilities Act "arising from APA's 2025 conduct." ECF No. 173, at 3. He further contends (ECF No. 167, at 2) that the right-to-sue letter from the EEOC "provides overwhelming support for granting" his motion to supplement the amended complaint and his objections to the protective order placing limits on discovery in this case. Plaintiff's arguments are entirely without merit.

The EEOC right-to-sue letter has no bearing on this case. A right-to-sue letter is a prerequisite to bringing suit under the American with Disabilities Act (ADA). *See, e.g.*, *Finn v. Kent Sec. Servs., Inc.*, No. 13-CV-60631, 2014 WL 12796940, at *7 (S.D. Fla. May 22, 2014). But Plaintiff's amended complaint does not contain a claim that APA violated the Americans with Disabilities Act, the protective order limiting discovery in this case accordingly did not address whether Plaintiff could obtain discovery on a discrimination claim under the ADA, and Plaintiff's motion to supplement the amended complaint does not seek leave to add a claim under the ADA.

## CONCLUSION

Plaintiff's request (ECF No. 172) for a three month extension of the discovery deadline should be denied. His objections to Magistrate Judge Reid's protective order (ECF No. 149) and his motion to supplement the amended complaint (ECF No. 129) should also be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com;
ddymowski@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Grace Rybak*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: grybak@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: January 21, 2026