## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**LAWRENCE MEADOWS,**

     Plaintiff,                            **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*

     Defendants.

_____/

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE
### MAGISTRATE JUDGE'S DISCOVERY RULING

Defendant Allied Pilots Association ("APA") files this opposition to Plaintiff's objections (ECF No. 176) to the order entered by Magistrate Judge Reid (ECF No. 172) on January 13, 2026, which contains rulings on discovery matters raised by the parties at a hearing on January 7, 2026. Plaintiff objects to a provision in that order confirming that APA could produce documents in a searchable format and produce metadata reflecting how the documents were kept in the ordinary course of business. According to Plaintiff, this provision permits APA to produce electronic discovery in a manner that violates the requirements in Federal Rule of Civil Procedure 34. Plaintiff is incorrect. APA produced electronic documents in conformity with Rule 34 prior to entry of the order, and the order simply confirmed that APA could continue to produce documents in that compliant manner. Plaintiff does not come close to establishing that Magistrate Judge Reid clearly erred or acted contrary to law.

### BACKGROUND

Plaintiff served APA with requests for documents on October 31 and November 17, 2025. APA informed Plaintiff that it would produce responsive documents on a rolling basis and would

1

complete its production on January 9, 2026. *See* Attachment 1, at 1. APA accordingly made interim productions to Plaintiff on December 1 and December 19, 2025.

Magistrate Judge Reid scheduled a discovery hearing for January 7, 2026.  The day before the hearing, Plaintiff filed a notice alleging—for the first time—that APA had violated Federal Rule of Civil Procedure 34 by failing "to produce documents in a searchable format and to organize and label its production to correspond with the categories in Plaintiff's requests." Attachment 2, at 1.

Prior to the hearing, APA's counsel explained to Plaintiff that APA had produced documents as PDFs (the same format Plaintiff had used to produce documents to APA) and had produced the documents "in the manner in which they are maintained in the usual course of business (i.e., electronically, by custodian)." Attachment 3, at 1. APA provided Plaintiff with a spreadsheet containing the metadata for the files produced. *Id.* As APA's counsel explained, APA's manner of production conformed with typical e-discovery practices in litigation. *Id.* Among other things, producing the documents in this manner enabled the documents to be Bates stamped.

The parties and Magistrate Judge Reid fully addressed the form of APA's document productions at the hearing the next day. *See* ECF No. 165, at 27-47. Counsel for APA (Joshua Shiffrin) explained that APA had produced documents as PDFs on December 1 and December 19, 2025, along with associated metadata, and intended to complete its production on January 9, 2026. ECF No. 165, at 31-32, 34, 37-38, 44-45. Mr. Shiffrin explained that the previous day (January 6) was the first time he had heard from Plaintiff that the PDFs were not searchable, and while it was his belief that the PDFs produced to Plaintiff should be and were searchable, he would check and, if necessary, ensure that Plaintiff received the documents as searchable PDFs. ECF No. 165, at 32, 34, 40-41. Plaintiff argued that APA should be required to organize its document production by

assigning each document to a specific request for production from Plaintiff. *See* ECF No. 165, at 41. Magistrate Judge Reid rejected that request, ruling that the Federal Rules permitted APA to produce the documents as they were kept in the usual course of business. ECF No. 165, at 45-46. Magistrate Judge Reid instructed APA to draft a proposed order reflecting her rulings and to notify the court of any disagreements after providing a draft to Plaintiff. ECF No. 165, at 117, 121.

After the hearing, APA determined that the documents in the first production to Plaintiff were searchable but that the documents in the second production, inadvertently, were not. APA promptly produced the documents in the second production to Plaintiff as searchable PDFs on January 8, 2026. *See* Attachment 4. The following day, January 9, 2026, APA completed its production of documents in response to Plaintiff's October 31 and November 17 requests. As of that date, APA had produced approximately 2,080 documents, approximately 1,840 of which were emails or email attachments. APA produced all emails and other documents as searchable PDFs and produced metadata associated with each document containing the subject or filename and custodian.[1]

On January 12, 2026, Plaintiff sent an email to Mr. Shiffrin claiming that Mr. Shiffrin had made two misrepresentations at the January 7 hearing: first, by stating that he had told Plaintiff APA would complete its document production by January 9, and, second, by stating that he believed the documents produced to Plaintiff prior to the hearing were keyword searchable. Attachment 5, at 1. Plaintiff claimed that these statements "misled the Court," *id.*, and he

---

[1] APA has subsequently produced documents in response to additional requests for production from Plaintiff. In addition, on January 21, 2026, APA produced a privilege log and 24 documents that APA had inadvertently not included with its previous productions. APA has now produced approximately 2,180 documents in total, approximately 1,920 of which are emails or email attachments. All documents have been produced as PDFs or native Excel files, and APA has produced metadata for each document, including emails.

"demand[ed] that [Mr. Shiffrin] immediately file a notice with the Court correcting the record on both of these points," *id.* at 2. Mr. Shiffrin responded that he had "reviewed the transcript from the January 7, 2026 hearing, and it confirms that I did not make any misstatements to the Court." Attachment 6, at 1.

The parties provided separate proposed orders to Magistrate Judge Reid. In his email to Magistrate Judge Reid conveying his proposed order, Plaintiff raised his claims that Mr. Shiffrin had made misrepresentations at the January 7 hearing. *See* Attachment 7, at 1.

On January 13, 2026, Magistrate Judge Reid entered an order memorializing her rulings at the hearing. As relevant here, the order stated: "By January 9, 2026, APA will (1) complete production of documents in response to Plaintiff's requests for documents served on October 31, 2025, and November 17, 2025; (2) produce documents in a searchable format; and (3) produce metadata reflecting how the documents were kept in the ordinary course of business." ECF No. 172, at 1.

## STANDARD OF REVIEW

A district court judge must affirm a magistrate judge's non-dispositive discovery ruling unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). This is "an extremely deferential standard of review." *Kxuber v. Berkshire Life Ins. Co. of Am.*, No. 19-CV-80211, 2019 WL 8275156, at *1 (S.D. Fla. Oct. 11, 2019); *accord Sec. & Exch. Comm'n v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024)*; Jakab v. Arch Specialty Ins. Co.*, No. 23-CV-61624, 2024 WL 3100133, at *1 (S.D. Fla. June 24, 2024)*; Gaudet & Co., Inc. v. ACE Fire Underwriters Ins. Co.*, No. 21-CV-00372, 2024 WL 171697, at *1 (S.D. Ala. Jan. 16, 2024). "[M]agistrate judges enjoy extremely broad discretion in controlling discovery." *Zamber v. Am. Airlines, Inc.*, No. 16-CV-23901, 2017

WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017); *see Runton by & through Adult Advoc. & Representation v. Brookdale Senior Living, Inc.*, No. 17-CV-60664, 2018 WL 1083493, at *4 (S.D. Fla. Feb. 27, 2018).

## ARGUMENT

Plaintiff contends (ECF No. 176, at 3-4) that Magistrate Judge Reid's order was contrary to law because it allegedly permitted APA to produce documents in violation of Federal Rule of Civil Procedure 34. Plaintiff further asserts (ECF No. 176, at 2-3) that Magistrate Judge Reid clearly erred by allegedly ignoring what he describes as "two material misstatements to the Court at the January 7 hearing" by APA's counsel. Plaintiff's arguments are entirely without merit.

1.     Rule 34 provides that a party producing electronic documents "must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). "Generally, a producing party produces emails in the usual course when it provides sufficient information about the email, typically including the custodian for the email, information to link emails with attachments, and the date and time the email was sent or received." *Heartland Food Prods., LLC v. Fleener*, No. 18-CV-2250, 2019 WL 2501862, at *3 (D. Kan. June 17, 2019) (quoting David J. Kessler & Daniel L. Regard II, Format of Production, in *The Federal Judges' Guide to Discovery Edition 3.0* 186, 189 (The Electronic Discovery Institute, 2017)); *accord Partners Insight, LLC v. Gill*, No. 22-CV-739, 2024 WL 4591244, at *2-3 (M.D. Fla. Oct. 28, 2024); *FDIC v. Giannoulias*, No. 12-cv-1665, 2013 WL 5762397, at *3 (N.D. Ill. Oct. 23, 2013); *Valeo Electrical Systems, Inc. v. Cleveland Die & Mfg. Co.*, No. 08-CV-12486, 2009 WL 1803216, at *2 (E.D. Mich. 2009).

APA has fully complied with these requirements. The large majority of APA's document production is comprised of emails, and for each of those emails, APA has provided a spreadsheet containing the custodian, information linking the email to attachments, and the date and time the email was sent or received. APA accordingly has satisfied its obligation to produce the documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i). As noted above, APA's production is consistent with general practices for e-discovery. APA need not *also* "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Petitioner's claim (ECF No. 176, at 3) that APA has "produced 32,464 individual files that can only be keyword searched by opening each individual file, one by one," is false and misleading. APA has produced approximately 2,180 documents to date, not 32,464 individual files. Each of those documents has been produced in the form of an individual PDF file that is keyword searchable. The Federal Rules of Civil Procedure do not make it incumbent on APA to produce the documents to Plaintiff in a database that is globally searchable, nor would it be practicable for APA to do so. In any event, at a recent deposition, Plaintiff revealed that he has loaded the documents produced by APA into a Dropbox filing system and has the ability to search the documents globally. Requiring APA to provide the documents to Plaintiff in a globally searchable database would thus be duplicative and unnecessary.[2]

2.     Plaintiff claims that APA's counsel (Mr. Shiffrin) made two material misrepresentations at the January 7 hearing. Plaintiff's allegations are part of a pattern of maligning

---

[2] Plaintiff's contention (ECF No. 176, at 5) that his own document production was "fully compliant" is grossly inaccurate. Plaintiff has produced a hodgepodge of documents in different formats—including as PDFs without any associated metadata, emails lacking any attachments, and communications that appear to have been cut and pasted into Word documents. Many of the documents that he produced lack Bates stamps. In addition, APA's production has demonstrated that, in many instances, Plaintiff has produced only selective portions of email exchanges with personnel at APA.

counsel for APA without any basis in fact, presumably to obtain some sort of advantage in this litigation. Plaintiff's contentions are frivolous.

First, at the hearing, Mr. Shiffrin stated, "we've told [Plaintiff] that we expect to make a final production to him on January 9th." ECF No. 165, at 31. That statement was demonstrably true. On December 16, 2025, APA sent a letter to Plaintiff stating that APA would "make a final production of non-privileged documents to you on or before January 9, 2025." Attachment 1, at 2. There was plainly no misstatement on this issue.

Second, at the hearing, Mr. Shiffrin stated, "I had not heard before his submission to the Court yesterday that those PDFs are not searchable. I believe that they are. But if there's an issue with that, I'll look into that." ECF No. 165, at 32; *see id.* at 23 ("I would expect—it would be news to me that [searching the PDFs] would not be possible. And I would—obviously—I would agree that that should be possible. I will go double-check with our vendors after this call and make sure that that's possible. If it's not, I will make sure that the documents are produced to—with the ability to do those things."). That statement correctly stated Mr. Shiffrin's belief at the time of the hearing that the documents produced by APA were searchable. After the hearing, counsel for APA inquired into the issue and discovered that one of the two sets of documents produced up to that point was inadvertently produced in a non-searchable format, and counsel for APA immediately corrected the issue. *See* supra p. 2. There was plainly no misstatement on this issue either.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Reid's discovery order (ECF No. 172) should be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Grace Rybak*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: grybak@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: January 30, 2026

# Attachment 1

# BREDHOFF & KAISER, P.L.L.C.

Bruce R. Lerner
Anne Ronnel Mayerson
Leon Dayan
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Kathleen Keller
Joshua B. Shiffrin
Jenifer A. Cromwell
Ramya Ravindran
Jacob Karabell
Caitlin Kekacs
Adam Bellotti
Joshua A. Segal
Elisabeth Oppenheimer
Members
——————
Robert M. Weinberg
Julia Penny Clark
Jeremiah A. Collins
Mady Gilson
John M. West
Andrew D. Roth
Senior Counsel

*Attorneys & Counselors*

805 Fifteenth Street NW – Suite 1000
Washington, D.C. 20005
(202) 842-2600 TEL
(202) 842-1888 FAX
www.bredhoff.com

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1989)

Ernest Zhu
Faaris (Fares) Akremi
Cole D. Hanzlicek
Kara A. Naseef
Ian J. Postman
Derrick C. Rice
Grace Rybak
Lane M. Shadgett
J. Alex Rowell
Rachel S. Casper
Andrew K. Waks
Swapnil Agrawal
Associates
——————
Roger Pollak
Richard F. Griffin, Jr.
Linda A. Elliott
Deedee Fitzpatrick
Jonathan J. Boyles
John M. Pellettieri*
Tzvi Mackson
Of Counsel
——————
Elizabeth A. Swan**
Staff Counsel

*Admitted only to New York Bar.
**Admitted only to Maryland Bar.
Applications for admission to District of Columbia Bar
pending; practices supervised directly by principals of firm.

December 16, 2025

<u>Via Email Only</u>

Lawrence Meadows
lawrencemeadows@yahoo.com

**Re: Response to December 16, 2025 Meet and Confer "Demands"**

Dear Mr. Meadows:

On the afternoon of December 16, 2025, you sent me an email making a series of demands, including a demand that I respond by 9 am on December 18, 2025.  I have done my best to respond within that time frame. Suffice it to say, APA does not agree with your description of the circumstances surrounding the cancellation of your December 4 deposition, your characterization of APA's positions, or your account of our communications to date. Turning to the issues:

1.  <u>Deposition Scheduling</u>.  After our meet and confer call on December 16, 2025—and before you sent your email—I communicated to you that we agree to take your deposition on January 13, 2025 in Salt Lake City, and that we will withdraw the deposition notice for January 9, 2025.  I trust that this issue is now resolved.

December 16, 2025
Page 2

As for the Rule 30(b)(6) deposition of APA, I have informed you that APA will not agree to alter the sequence of depositions given that APA noticed your deposition long before you noticed APA's.  It is not reasonable for you to claim to be available to take a deposition on January 9, 2025 but unavailable to sit for a deposition that same day. In any event, as I informed you via email this afternoon, APA is available for a deposition on January 29, which is one of the dates you had offered for your deposition. Given that you and Mr. Myers are both available on the same day, I trust that this issue is now resolved as well.

2.   APA's Client Representative.  As a courtesy, I informed you before the December 4 deposition that APA in-house attorney Mark Myers will serve as APA's client representative at your deposition. APA has designated Mr. Myers for this role because of the factual issues in dispute in this matter and not for any improper purpose. The fact that he is a potential witness in this case is not a proper reason to exclude him from the deposition.

3.   APA's Document Production Schedule.  On December 1, 2025, APA made a substantial production of documents specifically requested in your first set of document requests—including all collective bargaining agreements between APA and American Airlines since 2003, as well as all versions of the APA Constitution and Bylaws and the APA Policy Manual in effect since January 2011.  Your description of these documents as "non-responsive" is demonstrably false.

As I have explained to you on several occasions, including during our December 16 call, APA and counsel have been actively engaged in collecting and reviewing an extensive number of electronic documents—collected from more than twenty custodians—since we received your document requests on October 31, 2025 and November 17, 2025.  We will make a significant production of additional responsive documents to you on or before December 19, 2025, and, barring unforeseen circumstances, we will make a final production of non-privileged documents to you on or before January 9, 2025.

4.   APA's Second Set of Discovery Requests.  As we discussed during our meet and confer call on December 12, 2025, the information sought in our second set of discovery responses is relevant to the damages calculation that we received from you for the first time on December 1, 2025.  As a courtesy to you, we sought the requested information from you in the first instance, rather than seek it directly from your current employers.  Per your request during our conversation on December 12, 2025, we now intend to serve subpoenas on your current employers for the information requested.

5.   APA's Interrogatory Responses.  As to Interrogatory No. 13, APA will prepare a supplemental response that addresses sub-requests (c) and (d) if you provide us with the March 11, 2019 email referenced therein, which was not included with the interrogatories served on APA on October 31, 2025.  APA disputes that any promise was made to you, and thus it is unable to respond to sub-request (e).  APA stands by its objection to producing information covered by the Court's November 13, 2025 Protective Order.

6.   APA's Objections to Your Document Requests.  APA stands by its objection to producing information covered by the Court's November 13, 2025 Protective Order.

December 16, 2025
Page 3

   7.   <u>APA's Objections to Your Rule 30(b)(6) Notice</u>. APA stands by its objections to Topics 1, 5, 8, and 9 for the reasons articulated in my November 24 and December 5 letters.

   After this week, I will be traveling with my family for most of the next two weeks. Nonetheless, if you wish to raise these matters to the Court, I can make myself available on the following dates:  December 17-19, 21-24, December 29-31.

Sincerely,

<u>/s/Joshua B. Shiffrin</u>
Joshua B. Shiffrin

*Counsel for APA*

# Attachment 2

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**
     **Plaintiff,**

     **v.**

**ALLIED PILOTS ASSOCIATION,**
     **Defendant.**

**CASE NO. 1:17-cv-22589-EA**
**MAGITRATE JUDGE REID**
_____/

**PLAINTIFF'S NOTICE OF ISSUES FOR JANUARY 7, 2026 DISCOVERY HEARING**

     Pursuant to the Court's Order (ECF No. 161), Plaintiff Lawrence Meadows provides this notice of discovery issues to be addressed at the hearing on January 7, 2026 at 2:00PM:

1. **Plaintiff's Forthcoming Motion to Quash** harassing and disproportionate third-party subpoenas served by Defendant on Plaintiff's current and former employers, in violation of Fed. R. Civ. P. 26(b)(1) and 45(d)(3).

2. **Plaintiff's Forthcoming Motion to Compel Defendant's Document Production,** specifically addressing:

   a. Defendant's failure to meet its self-declared January 5, 2026 deadline for substantial completion of its document production, which was originally due December 1, 2025.

   b. Defendant's failure to produce documents in a searchable format and to organize and label its production to correspond with the categories in Plaintiff's requests, in violation of **Fed. R. Civ. P. 34(b)(2)(E)(i).**

3. **Plaintiff's Forthcoming Motion to Compel** full and complete responses to Plaintiff's First and Second Sets of Interrogatories and Requests for Production, and to overrule Defendant's improper objections.

4. **Plaintiff's Forthcoming Motion to Compel** Defendant to withdraw its improper objections to Plaintiff's Rule 30(b)(6) deposition topics.

5. **Plaintiff's Forthcoming Motion to Strike Defendant's Untimely Expert Witness and Report** due to Defendant's failure to comply with the 30-day deadline mandated by **Fed. R. Civ. P. 26(a)(2)(D)(ii)**.

6. **Defendant's Refusal to Provide Contact Information** for its designated expert witness, Matt Barton, for the purpose of service of a deposition subpoena pursuant to **Fed. R. Civ. P. 45.**

7. **Defendant's Failure to Cooperate in Scheduling Court-Ordered Mediation** by the February 20, 2026 deadline, necessitating Plaintiff's unilateral action.


Dated: January 6, 2026

Respectfully submitted,



/s/ Lawrence M. Meadows
_____
Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, *Pro Se* Plaintiff, hereby certify that on January  6, 2026, a true and correct copy of the foregoing was filed to all counsel of record listed below via email.


/s/ Lawrence M. Meadows
_____
Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;

jpellettieri@bredhoff.com;

grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

# Attachment 3

| From: | Joshua Shiffrin |
|---|---|
| To: | Lawrence Meadows; Grace Rybak |
| Cc: | Capri Trigo; Andrew Dymowski; Caitlin Kekacs; Hans-Peter von Thielen; John M. Pellettieri |
| Subject: | RE: [EXTERNAL] Plaintiff's Omnibus Rebuttal to Defendant's Systemic Discovery Failures And Plaintiff's Notice Of Issues |
| Date: | Wednesday, January 7, 2026 11:32:34 AM |
| Attachments: | Defendant"s Production APA01_Metadata Report.xlsx<br>Defendant"s Production APA02_Metadata Report.xlsx |

Mr. Meadows:

I write to respond to the issue that you've raised in your submission to the court regarding the manner in which APA has produced documents to you, about which you had not previously sought to confer.  APA's productions are consistent with the manner in which documents in cases involving substantial number of electronic documents are typically produced.  That is, that have been produced in the manner in which they are maintained in the usual course of business (i.e., electronically, by custodian), after performing a process of collection, deduplication, search, and review.

Typically, law firms utilize specialized database software to maintain documents produced in discovery so that they can be searched as a group, and we often produce documents in litigation as .TIFF image files with a load file containing metadata to other parties. Recognizing that you likely do not have such software, and mirroring your manner of production to us, we produced the documents to you as PDFs.  If you would like the documents to be produced in a different electronic format, please let me know and we will evaluate such request. For your convenience, I have also attached here spreadsheets that summarizes the metadata for the files in the two productions that APA has made to date.

Sincerely,

Joshua Shiffrin

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Tuesday, January 6, 2026 1:35 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>
**Cc:** Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Hans-Peter von Thielen <hpvonthielen@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>
**Subject:** [EXTERNAL] Plaintiff's Omnibus Rebuttal to Defendant's Systemic Discovery Failures And Plaintiff's Notice Of Issues

**To:** Joshua B. Shiffrin
**Cc:** All Counsel of Record
**From:** Lawrence Meadows
**Date:** January 6, 2026

**Subject: Plaintiff's Omnibus Rebuttal to Defendant's Systemic Discovery**

**Failures**
**And Plaintiff's Notice Of Issues For January 7 Discovery Hearing**
Mr. Shiffrin,

Please see attached.
Regards,
Lawrence Meadows

Attachments: Omnibus Rebuttal Letter;
                  March 11, 2019 Email from L. Meadows to D. Carey
                  Plaintiff's Notice Of Issues

# Attachment 4

| | |
|---|---|
| **From:** | Joshua Shiffrin |
| **To:** | Lawrence Meadows |
| **Cc:** | Grace Rybak; Hans-Peter von Thielen; Justine Nguyen; John M. Pellettieri; Caitlin Kekacs; Capri Trigo; Andrew Dymowski |
| **Subject:** | Document Production |
| **Date:** | Thursday, January 8, 2026 9:56:13 AM |

Mr. Meadows:

After the hearing yesterday, we looked into whether the documents in our production were searchable. We determined that the first production was searchable, but, inadvertently, the second production was not.

Here is a link to the second production with searchable PDFs: https://www.imanageshare.com/pd/8lH46yEX8fB. You will need to enter your email address to receive the download link. (This link will expire on January 31, 2026, but we can create a new link after that date if needed.)

If you encounter any issues, please let us know.

Sincerely,

Joshua Shiffrin

# Attachment 5

**John M. Pellettieri**

| | |
|---|---|
| **From:** | Lawrence Meadows <lawrencemeadows@yahoo.com> |
| **Sent:** | Monday, January 12, 2026 8:07 AM |
| **To:** | Joshua Shiffrin; Grace Rybak |
| **Cc:** | Capri Trigo; Andrew Dymowski; Caitlin Kekacs; John M. Pellettieri; Justine Nguyen |
| **Subject:** | [EXTERNAL] URGENT: Formal Demand to Correct Material Misstatements to the Court and Cure Deficient Document Production |
| **Attachments:** | 2025.11.21 JS-LM email-re extending 30b6 depo and production deadlines.pdf; 2026.01.08 JS-LM Email Re Production reissue 2nd tranche- JS Admits was not searchable.pdf |

**To:** Joshua B. Shiffrin
**Cc:** All Counsel of Record
**From:** Lawrence Meadows
**Date:** January 12, 2026

**Subject: URGENT: Formal Demand to Correct Material Misstatements to the Court and Cure Deficient Document Production**

Mr. Shiffrin,

This email serves as a formal demand regarding two critical issues: (1) your material misstatements of fact made to Magistrate Judge Reid during the January 7, 2026 discovery hearing; and (2) your continued failure to provide a complete and compliant document production.

**I. Demand to Correct Material Misstatements**

During the January 7 hearing, you made at least two material misstatements to the Court that require immediate correction:

    1. **Misstatement on Production Deadline:** You represented to the Court that you had promised to complete your production by January 9, 2026. This is false. Your email to me on November 21, 2025, explicitly stated: "We will thereafter produce documents to you on a rolling basis, with the goal of substantially completing our document production to you by January 5." Your representation to the Court obscured the fact that you had already missed your own self-imposed deadline, which itself was more than a month past the original December 1, 2025 due date.

    2. **Misstatement on Document Searchability:** You represented to the Court that you believed your production was keyword searchable. This was also false. In your email dated January 8, 2026, you were forced to admit the contrary, stating, "we determined that the first production was searchable, but, inadvertently, the second production was not." Moreover, even with your "re-issued" second tranche, the production as a whole remains functionally unsearchable, as detailed below.

A lawyer's duty of candor toward the tribunal is absolute. *See, e.g.*, Model Rules of Pro. Conduct r. 3.3. Your statements were not accurate, and they misled the Court regarding

your diligence and compliance. I demand that you immediately file a notice with the Court correcting the record on both of these points.

**II. Demand to Cure Defective Document Production**

Your document production, now over six weeks delinquent, remains woefully deficient and non-compliant with the Federal Rules of Civil Procedure. I demand that you cure the following defects and re-produce your entire production in a compliant format no later than **January 16, 2026, at 5:00 PM EST**.

Your production is defective for at least the following reasons:

1.  **Violation of Fed. R. Civ. P. 34(b)(2)(E):** You have produced documents in a disorganized data dump. The production is neither organized and labeled to correspond to the categories in my Requests for Production, nor is it produced as kept in the usual course of business. This is a direct violation of Rule 34.

2.  **Lack of Group Searchability:** Your production is not keyword searchable as a complete set. A production of over 32,000 individual files that requires me to open each file to perform a search is not a "searchable" production in any meaningful sense. It is a "digital needle in a haystack" that obstructs, rather than facilitates, discovery.

3.  **Absence of Native Files and Metadata:** You have failed to produce native file formats for emails and other electronic documents, stripping them of critical, discoverable metadata. The summary spreadsheet you provided is not an adequate substitute for the actual metadata embedded within native files.

4.  **Omission of Text and Telegram Messages:** You have failed to produce any text messages or Telegram messages, despite specific requests in my First and Second Sets of RFPs. The existence of such communications is confirmed by, inter alia, the sworn declaration of APA's Legal Director, James Clark (ECF 113-2), which describes a text message chain involving APA attorneys and its then-President.

5.  **Failure to Produce a Privilege Log:** My RFPs sought communications that you may contend are privileged (e.g., RFPs 9, 10, 21, 23, 26). You have produced no such documents and have failed to produce a privilege log expressly describing the nature of any documents withheld on the basis of privilege, as required by Fed. R. Civ. P. 26(b)(5).

Your prompt action to cure these deficiencies is required. Should you fail to do so by the deadline specified, I will seek immediate court intervention and sanctions pursuant to Rule 37.

Regards,

Lawrence Meadows

# Attachment 6

| | |
|---|---|
| **From:** | Joshua Shiffrin |
| **To:** | Lawrence Meadows; Grace Rybak; Capri Trigo; Andrew Dymowski; Caitlin Kekacs; John M. Pellettieri; Justine Nguyen |
| **Subject:** | RE: [EXTERNAL] URGENT: Materially False Information in Defendant's Rule 26 Initial Disclosures Regarding Witness Dan Carey |
| **Date:** | Monday, January 12, 2026 12:43:28 PM |
| **Attachments:** | 2025-12-16 Response to Meet and Confer Demands(2705000.4).pdf |

Mr. Meadows:

We have reviewed the transcript from the January 7, 2026 hearing, and it confirms that I did not make any misstatements to the Court as to the production deadline or the searchability of our production.

1. Statements on Production Deadline: At the hearing, I stated, "we've told him that we expect to make a final production to him on January 9th." Tr. 31:20-21. Our December 16 letter (attached) stated the expected production deadline of January 9. There was no misstatement on this issue.

2. Statements on Document Searchability: At the hearing, I stated, "I had not heard before his submission to the Court yesterday that those PDFs are not searchable. I believe that they are. But if there's an issue with that, I'll look into that." Tr. 32:12-15. That statement correctly stated my belief at the time of the hearing. After the hearing, we looked into the issue and discovered that one of the two production sets was inadvertently produced in a non-searchable format. We immediately corrected the issue. There was no misstatement on this issue.

We will send a separate response on the remaining discovery issues you raise in your email below at a later time.

Sincerely,

Joshua Shiffrin

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Monday, January 12, 2026 10:12 AM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>
**Subject:** [EXTERNAL] URGENT: Materially False Information in Defendant's Rule 26 Initial Disclosures Regarding Witness Dan Carey

**Subject: URGENT: Materially False Information in Defendant's Rule 26 Initial Disclosures Regarding Witness Dan Carey**

Mr. Shiffrin,

I am writing to address a serious deficiency in your Rule 26(a) initial disclosures. Your disclosures identify former APA President Dan Carey as a potential witness and provide a corresponding address for him in Gulf Breeze, Florida.

This information is false. I have spoken directly with Mr. Carey, who confirms he has never lived in Gulf Breeze, Florida.

Providing a fictitious address for a key witness - the very one you designated - is a material violation of your obligations under Federal Rule of Civil Procedure 26(a) and your continuing duty to supplement under Rule 26(e). This act of obstruction has forced me to expend my own time and resources to independently locate a witness you were obligated to identify correctly.

Pursuant to your duties under the Federal Rules, I demand that you immediately file a supplemental disclosure with the Court correcting this false information and provide me with a valid, current service address for Mr. Carey by close of business today.

Failure to do so will result in seeking a motion for sanctions.

Regards,

Lawrence Meadows

# Attachment 7

**John M. Pellettieri**

| | |
|---|---|
| **From:** | Lawrence Meadows <lawrencemeadows@yahoo.com> |
| **Sent:** | Monday, January 12, 2026 8:34 AM |
| **To:** | Rocio Iglesias Gonzalez; FLSDdb_efile Reid |
| **Cc:** | Joshua Shiffrin; Grace Rybak; Capri Trigo; Andrew Dymowski; Caitlin Kekacs; John M. Pellettieri; Justine Nguyen |
| **Subject:** | [EXTERNAL] Submission of Plaintiff's Competing Proposed Order |
| **Attachments:** | 2026.01.12 P's Draft Proposed Order on Discovery Issues Raised at January 7 Hearing-LM draft.docx; 2026.01.12 LM-JC-MC and Demand to Correct and Reproduce.pdf |

**To:** Rocio_IglesiasGonzalez@flsd.uscourts.gov
**Cc:** Reid@flsd.uscourts.gov; jshiffrin@bredhoff.com; All Counsel of Record
**Date: January 12, 2026**

**Subject: Submission of Plaintiff's Competing Proposed Order**

Ms. Iglesias-Gonzalez,

Pursuant to the Court's instruction during the January 7, 2026 hearing and your subsequent email correspondence, please find attached Plaintiff's competing proposed order for Magistrate Judge Reid's consideration.

Since the hearing, information has come to my attention that bears directly on the matters currently before the Court. Specifically, it is now clear that opposing counsel made material misstatements to the Court during the hearing regarding his production deadline and the searchability of that production. Furthermore, Defendant's document production, now over six weeks delinquent, remains fundamentally defective and non-compliant with the Federal Rules of Civil Procedure.

I have conferred with opposing counsel regarding these serious issues and demanded that he correct the record with the Court and cure the extensive production deficiencies. For the Court's full awareness of the facts, I have attached a copy of that demand correspondence, sent to Mr. Shiffrin this morning.

Thank you for your attention to this matter.

**Attachments:**

1.  Plaintiff's Competing Proposed Order [File: 2026.01.12 P's Draft Proposed Order on Discovery Issues Raised at January 7 Hearing.docx]

2.  Plaintiff's January 12, 2026 Demand Letter to Opposing Counsel

Respectfully,

Lawrence Meadows
Plaintiff, *Pro Se*

1