IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAWRENCE M. MEADOWS,**
Plaintiff,

v.

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

CASE NO. 17-cv-22589-EA
Honorable Judge Ed Artau

_____/

FILED BY ____ D.C.

FEB 0 3 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND OTHER DISCOVERY ABUSES PURSUANT TO FED. R. CIV. P. 37

Plaintiff Lawrence Meadows, pursuant to Federal Rule of Civil Procedure 37, moves this Court for an order imposing the most severe sanctions, including default judgment, against Defendant Allied Pilots Association ("APA") for its intentional spoliation of electronically stored information ("ESI") and its broader campaign of discovery obstruction.

### PRELIMINARY STATEMENT

For over twelve years, since receiving Plaintiff's first formal preservation letter in 2013, Defendant APA has been under a continuous duty to preserve evidence. Not only has APA systematically failed in that duty, but I have recently discovered that APA has taken affirmative steps to destroy critical, dispositive evidence. As the attached sworn declaration of APA's own former President, Captain Edward Sicher, makes clear, APA failed to ever issue a litigation hold to him, one of the most central figures in this dispute. This gross negligence directly led to his routine deletion of text messages. More egregiously, after Captain Sicher was removed from office, APA took possession of his union-issued laptop and **"effectively wiped clean"** its hard

1

drive, permanently destroying years of relevant data.

This intentional spoliation is not an isolated event. It is the culmination of a months-long pattern of discovery abuse by APA and its counsel, which includes making demonstrably false representations to this Court regarding the non-existence of text messages, producing over 33,000 pages of documents in a deliberately disorganized and unsearchable format, and repeatedly ambushing Plaintiff with eleventh-hour document dumps before key depositions. APA's conduct demonstrates a flagrant and cavalier disregard for its discovery obligations and the integrity of this judicial process. This Court must intervene and impose case-terminating sanctions to remedy the profound and incurable prejudice Plaintiff has suffered.

## FACTUAL BACKGROUND

### A. APA's Long-Standing and Undeniable Duty to Preserve Evidence

1. On September 20, 2013, Plaintiff sent formal preservation letters to APA's then-President and its Director of the Legal Department, putting the entire organization on notice of its duty to preserve all ESI related to this dispute. Over the next decade, Plaintiff sent at least ten subsequent preservation letters to various key custodians, including, most recently, a 2020 letter to Mark Myers, APA's Director of Negotiations and its designated Rule 30(b)(6) deponent. (**See Exhibit 2, ESI Preservation Letters**).

2. APA's duty to preserve evidence, including from personal devices used for work purposes, has been clear, continuous, and absolute for more than a decade.

### B. Counsel's False Representations to the Court Regarding ESI

3. On January 14, 2026, in response to Plaintiff's inquiries about missing communications, APA's counsel, Joshua Shiffrin, unequivocally stated in writing that "APA does not possess any text messages…responsive to the document requests." (**See Exhibit 3,**

2

**Jan. 14, 2026 Shiffrin Email**).

4.        On January 23, 2026, Mr. Shiffrin repeated this falsehood to Magistrate Judge Reid in open court.

5.        These representations were, and are, false. Plaintiff is in possession of numerous text messages with current APA officers and committee members, including Secretary-Treasurer Pat Clark and Deputy Aeromedical Chairman Jeffrey Liesten, proving that such communications exist and are used to conduct APA business. (**See Exhibit 4, Sample of Responsive Text Messages**).

### C. Intentional Spoliation: The Wiped Laptop and Deleted Texts

6.    The full scope of APA's misconduct is revealed in the Supplemental Declaration of former APA President Edward Sicher. (**See Exhibit 1, Supp. Decl. of Edward F. Sicher**).

7.        Captain Sicher attests that at no time during his nearly decade-long tenure as a high-level APA officer and President was he ever notified of a litigation hold or instructed to preserve his ESI. (Ex. 1 at ¶ 2).

8.        Because he was never instructed by APA to preserve his communications, Captain Sicher routinely deleted text messages related to union business from his personal devices. (Ex. 1 at ¶ 3).

9.        Most damningly, Captain Sicher testifies that shortly after he was removed from office in October 2024, he brought his APA-issued laptop to APA headquarters to be serviced, and the hard drive was **"effectively wiped clean, rendering all stored data…permanently inaccessible to me."** (Ex. 1 at ¶ 4). This single act destroyed years of files from one of the most critical witnesses in this case. The prejudice is profound; Captain Sicher had to rely on Plaintiff to provide him with documents simply to prepare his declarations, as APA had

3

wiped his own records.

### D. A Broader Pattern of Obstructive Discovery Tactics

10.     APA's spoliation is part of a wider pattern of bad-faith discovery tactics designed to frustrate Plaintiff's ability to prosecute his case, including:

* **Defective Production:** Producing over 33,000 pages of documents in six separate, disorganized tranches in a non-globally searchable format, directly contrary to the testimony of its own 30(b)(6) witness, Mark Myers, regarding how documents are kept searchable in the usual course of business.

* **Deposition Ambush:** Producing a fourth tranche of documents at 9:05 a.m. on January 21, five minutes *after* the deposition of Mark Myers was scheduled to begin, and a sixth tranche of documents for the economic expert deposition the evening before the examination, making meaningful review impossible.

* **Withholding of Key Documents:** Failing to produce critical, non-privileged documents such as the "Authorization for Expenditure" (AFE) for Sue Edwards's retainer to represent Plaintiff individually in his ADA litigation against American Airlines, as attested to by Captain Sicher. (Ex. 1 at ¶ 5).

**LEGAL ARGUMENT**

### I. APA INTENTIONALLY DESTROYED ESI, WARRANTING TERMINATING SANCTIONS UNDER RULE 37(e)(2).

Federal Rule of Civil Procedure 37(e) governs the spoliation of ESI. Where a party acts "with the intent to deprive another party of the information's use in the litigation," the court may impose the most severe sanctions, including dismissing the action or entering a default judgment. Fed. R. Civ. P. 37(e)(2).

Here, APA's conduct demonstrates clear intent. The sworn testimony of its own former

President establishes an 12-year failure to implement a basic litigation hold, a failure so complete that it amounts to gross negligence and supports an inference of willfulness.  During my conferrals with APA counsel, the Defendant's primary response has been to assert that it has no obligation to preserve the emails and texts original from the personal accounts of former officers. Nevertheless, federal precedent holds that where, as here, a party's officers have used personal accounts to transact the party's business, the duty to preserve evidence and prevent it destruction extends to such personal accounts. *See P.R. Tel. Co. v. San Juan Cable LLC*, 2013 U.S. Dist. LEXIS 146081, at *4-5 (D.P.R. Oct. 7, 2013)* (finding duty to preserve extends to personal email accounts where officers use them for company business);  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,*803 F. Supp. 2d 469, 501 (E.D. Va. 2011) (finding spoliation in part based on deletion of relevant emails from employees' personal email accounts); *U&I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 670-72, 675 (M.D. Fla. 2008)* (defendant searched corporate officer's personal email account and employees personal computers).

More critically, APA's act of wiping clean a key custodian's laptop hard drive after his ouster is an affirmative act of destruction for which there is no innocent explanation. The only plausible reason is to destroy unfavorable evidence. This intentional, bad-faith conduct has irreparably prejudiced Plaintiff, who has been deprived of years of communications from APA's highest officer. Such egregious misconduct warrants the most severe sanction available: default judgment. *See, e.g., Managed Care Sols., Inc. v. Essent Healthcare, Inc.,* 736 F. Supp. 2d 1317, 1333 (S.D. Fla. 2010).

## II. THE PREJUDICE IS SEVERE AND WARRANTS A COMPLETE REVERSAL OF THE COURT'S PRIOR DISCOVERY LIMITATIONS.

APA's spoliation of evidence has fatally tainted this entire proceeding. The Magistrate Judge's prior Protective Order (ECF No. 146), which limited the temporal scope of discovery

and quashed subpoenas of key witnesses like Tricia Kennedy and Nick Silva, was predicated on APA's representations that it was acting in good faith. That predicate is now shattered. It is impossible to know what evidence was destroyed regarding post-2021 events, but given APA's conduct, the Court must infer it was highly damaging to APA's position. The only way to even begin to remedy this prejudice is to vacate the Protective Order in its entirety and permit Plaintiff full discovery into the spoliation and the underlying merits of his case, without limitation.

CONCLUSION

**WHEREFORE,** in light of Defendant's egregious misconduct, Plaintiff respectfully requests the Court enter an order:

1. Striking APA's Answer and entering a **Default Judgment** in favor of Plaintiff; or, in the alternative,

2. Issuing an adverse inference instruction that the jury must presume the destroyed ESI was unfavorable to APA, vacating the November 13, 2025 Protective Order (ECF No. 138) in its entirety, permitting Plaintiff to depose all previously quashed witnesses, and appointing a special master to conduct an *in camera* review of all documents for which APA has claimed privilege; and

3. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in connection with bringing this motion.

### *CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)*

I hereby certify that on January 26, 2026, I sent a formal demand letter to counsel for Defendant seeking to cure the discovery deficiencies at issue. On February 2, 2026, I received a written response that failed to cure the deficiencies. (**See Exhibit 5, Certified Demand Letter**). On February 3, 2026, I conferred telephonically with counsel for Defendant, Joshua B. Shiffrin,

regarding the relief sought in this motion. Mr. Shiffrin stated that Defendant APA opposes this motion.

Dated February 3, 2026.

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

**Attachments:**
**Exhibit 1** - Supplemental Declaration of Edward F. Sicher
**Exhibit 2** - ESI Preservation Letters (Sept. 20, 2013 & May 28, 2020)
**Exhibit 3** - Email from J. Shiffrin dated Jan. 14, 2026
**Exhibit 4** - Sample of Responsive Text Messages with Current APA Officers
**Exhibit 5** - Plaintiff's Certified Demand Letter to Cur Discovery Deficiencies

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on February 3, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

*Lawrence M. Meadows*

### SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
Plaintiff,

v.

ALLIED PILOTS ASSOCIATION,
Defendant.

CASE NO. 1:17-cv-22589-EA
HONORABLE JUDGE ED ARTAU

_____/

## SUPPLEMENTAL DECLARATION OF CAPTAIN EDWARD F. SICHER

I, Captain Edward F. Sicher, declare as follows pursuant to 28 U.S.C. § 1746:

1.     I am the former President of the Allied Pilots Association ("APA") and APA Board of Directors, having served from 2014 until October 2024. I submit this supplemental declaration based on my personal knowledge to provide further information regarding ESI preservation at APA and APA's retention of counsel for Lawrence Meadows.

2.     I have no recollection of, nor any document to corroborate the fact, that at anytime during my service as an APA National Officer starting in 2014, as an APA Board Member, or while serving as the APA National President, I was ever notified by APA's Legal Department of a "litigation hold" in the matter of *Meadows v. APA*. I was never instructed by APA counsel to preserve my emails, text messages, or other ESI related to my union duties with respect to Mr. Meadows, nor did I receive a litigation hold letter related to Mr. Meadows until months after I had left office in 2024, despite being notified by the Plaintiff that he sent preservation letters to APA as early as 2013.

3.      Because I was under no instruction from APA to preserve such communications, I routinely deleted text messages from my personal devices during my tenure as President.

4.      Shortly after I was removed from office in October 2024, my APA-issued laptop became inoperable. When I brought the laptop to APA headquarters to be serviced, the hard drive was effectively wiped clean, rendering all stored data, including emails and documents related to my duties as APA President, permanently inaccessible to me from that device. Thus, almost all of the electronic documents generated during the time of my Presidency, if they still exist, reside on APA's servers which I was obligated use in the performance of my official duties.

5.      As APA President, I authorized and recall signing several payments for outside legal counsel to represent Mr. Meadows. Specifically, on or around May 2024, I signed an Authorization for Expenditure ("AFE") for a retainer to be paid to attorney Sue Edwards, Esq., for her individual representation of Mr. Meadows in connection with his disability discrimination claims against American Airlines.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 29th day of January, 2026.


Captain Edward F. Sicher

**EXHIBIT  2**

September 20th, 2013
Lawrence M. Meadows
777FO/MIA AA# 332713
PO Box 4344
Park City, UT 84060

Bennett Boggess
APA Dir. of Legal
Allied Pilots Association
O'Connell Building - Suite 500
14600 Trinity Blvd.
Fort Worth, TX 76155-2512

Via E-mail Certified Mail

**RE:    Preservation of Electronic Records of the Allied Pilots Association, Bennett
Boggess (as an individual), Chuck Hairston (as an individual), Mark Meyers (as an
individual), Amie Aronhalt Para Legal (as an individual), Linda Compton (as an
individual), Mike Knoerr (as an individual), Keith Wilson (as an individual), Neil
Roghair (as an individual), Scott Shankland (as an individual), Pam Torell (an
individual), Mickey Mellerski (an individual), Mark Stephens (as an individual),
David Quinlan (as an individual), Doug Pinion (as an individual), Rusty
McDaniel's(as an individual),  David Bates (as an individual), Lloyd Hill (as an
individual), Tom Westbrook (as an individual), Bill Haug (as an individual),
Thomas Copeland (as an individual), Ivan Rivera( as an individual), and Scott I
ovine (as an individual), and James and Hoffman (APA's general counsel).**

Dear  Bennett Boggess:

Please ensure that all the named parties above, and other applicable APA Staff,
NO's, BOD, Committee Members, Representatives, Volunteers, Associates, or Affiliates
who have in their possession any electronic records or documents as it related to APA's
representation of First Officer Lawrence M. Meadows  are put on notice to preserve such.

Based on information and belief, and continued investigation into the breach of
duty of fair representation, breach of fiduciary duty, discrimination, retaliation, ADA
violations, and potential conspiracy targeted at disabled pilots has led to the reasonable
belief that certain electronic communications, and/or documents may exist which
potentially implicate the above-referenced parties.

Furthermore, it is clear from the record that APA has failed to uphold it statutory
and contractual duties, especially with respect to its disabled pilots.

We hereby put you on notice that we intend to seek discovery of all relevant
electronic records, which may or may not include emails, IM's, text messages and other

electronic media generated on "work" computers and/or Allied Pilots Association's networks. Additionally, mirror-images of each parties relevant hard-drives will be sought. To the extent those communications are relevant, they will become discoverable, and we intend to exercise any rights or remedies to allow us access to the necessary information.

Based on APA's recent conduct and inconsistencies with APA's verbal statements, written communications, and other evidence, we have reason to believe each of you may attempt to delete or destroy evidence pertaining to First Officer Meadows, and other similarly situated disabled pilots. This letter is intended to put each of you on notice of your duties not to destroy evidence, or in any way compromise our future ability to obtain discovery. On information and belief, each of you possess or control certain electronic records and other documents pertaining to this matter. As critical evidence in this matter exists in the form of electronic data contained on your "personal" and "work" computers and in the computer networks of APA and James and Hoffman, and other affiliated entities, this is a notice and demand that such evidence must be immediately preserved and retained by you personally and the affiliated entities until further written notice from the undersigned. This request is essential, as a paper printout of text contained in a computer file does not completely reflect all information contained within the electronic files, to include all metadata.

For purposes of this notice, "Electronic Data" shall include, but not be limited to, all text files (including word processing documents), spread sheets, text messages, IM's, e-mail files and information concerning e-mail (including logs of e-mail history and usage, header information and "deleted" files) e-mail attachments, internet history files and preferences, graphical image format ("GIF") files, data bases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files containing Electronic Data.

Any attempt to destroy or alter data will be construed as an admission of guilt. Please contact me to discuss any issues set forth herein.

Sincerely,

Lawrence Meadows
777FO/MIA  AA# 332713

cc: APA President, Cap. Keith Wilson

or

February 11, 2020

First Officer Lawrence M. Meadows
MIA/FO/777/LTD/MDD
1900 Sunset Harbor Dr.  2112
Miami Beach, FL 33139
lawrencemeadows@yahoo.com
(516) 982-7718

**_Sent via Email and U.S. Certified Mail_**

Mark Myers, Esq., Director of Pilot Negotiations
Allied Pilots Association
O'Connell Building - Suite 500
14600 Trinity Boulevard
Fort Worth, TX 76155

**Re: Your Litigation Hold and Duty To Preserve Evidence - Electronic Data**

Dear Mr. Myers,

Based on information and belief, and continued investigation into the breaches of fiduciary duty, discrimination, retaliation, violations of several federal statutes; it is reasonably believed that documents may exist which potentially implicate the above-referenced parties in a civil conspiracy targeted at APA's disabled pilots.

Furthermore, record evidence indicates that the above referenced parties have failed to uphold their duty to protect the individual and collective contractual and statutory duties rights of APA's disabled MDD pilots.

This has led to the reasonable belief that certain documents and/or communications, electronic or otherwise may exist which potentially implicate the above-referenced parties.

By operation of this certified litigation hold/electronic preservation letter, the above referenced parties are hereby  on notice that you are under the threat of imminent litigation which has triggered a litigation hold and your duty to preserve evidence in both your business and personal capacities. To be certain, litigation hold letters such as this one, are issued in anticipation of litigation instructing recipients to preserve relevant documents and other information. The duty to preserve relevant information is triggered when litigation is "reasonably anticipated." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612-613 n. 7 (S.D. Tex. 2010). The test for "reasonable anticipation of litigation" varies by jurisdiction, but, in general, reasonable anticipation of litigation arises when a party knows there is a credible threat that it will become involved in litigation. *Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 217 (S.D.N.Y. 2003).

We intend to seek discovery of any or all relevant records, documents, and communications, electronic or otherwise; which may or may not include emails, IM's, text messages and other electronic media generated on personal computers, and/or "work" computers, and/or on Allied Pilots Association's networks. Additionally, mirror-images of each parties relevant hard-drives will be sought.

1

To the extent any of those communications are privileged, they are still relevant, and will become discoverable; moreover, we intend to seek to have any privilege modified or overturned using the doctrine of *"crime-fraud exception"*, and will obtain an court orders necessary to allow us access to the necessary information.

Based on recent conduct and inconsistencies with relevant parties verbal statements, written communications, and other evidence to date, we have reason to believe each of you may attempt to delete or destroy evidence pertaining to First Officer Meadows, and any other similarly situated disabled MDD pilots.

This letter is also intended to put the above referenced parties on notice of your duties not to destroy evidence, or in any way compromise our future ability to obtain discovery. On information and belief, each of you possess or control certain electronic records pertaining to this matter. As critical evidence in this matter exists in the form of electronic data contained on your personal and computers and in the computer networks of APA, and other affiliated entities, this is a notice and demand that such evidence must be immediately preserved and retained by you personally and the affiliated entities until further written notice from the undersigned. This request is essential, as a paper printout of text contained in a computer file does not completely reflect all information contained within the electronic files, to include all metadata.

For purposes of this notice, "Electronic Data" shall include, but not be limited to, all text files (including word processing documents), spread sheets, text messages, IM's, e-mail files and information concerning e-mail (including logs of e-mail history and usage, header information and "deleted" files) e-mail attachments, internet history files and preferences, graphical image format ("GIF") files, data bases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files containing Electronic Data.

Finally, you are hereby cautioned that any attempt to destroy or alter data will be construed as an admission of your guilt, and we will vigorously seek any and all appropriate remedies to the maximum extent permitted by law, to include spoliation sanctions, and up to default judgment.

Furthermore, under the threat of and during the pendency of this litigation, transfer of any personal or business assets, including but not limited to any and all real property, personal property, cash, investments, retirement plans, motor, vehicles, boats, planes, etc. will be deemed a Fraudulent Conveyance subject to the claw-back provisions of any judicial Charging Order.

 Please contact me to discuss any issues set forth herein.

Sincerely,

*L. M. Meadows*

Lawrence Meadows
First Officer American Airlines
MIA/FO/777/LTD/MDD
Founder, DisabledAirlinePilotsFoundaton.org

2

**EXHIBIT 3**

RE: [EXTERNAL] URGENT: Formal Demand to Correct Material Misstatements to the Court and Cure Deficient Document Production

From:  Joshua Shiffrin (jshiffrin@bredhoff.com)
To:    lawrencemeadows@yahoo.com; grybak@bredhoff.com
Cc:    ctrigo@grsm.com; ddymowski@grsm.com; ckckacs@bredhoff.com; jpellettieri@bredhoff.com; jnguyen@bredhoff.com
Date:  Wednesday, January 14, 2026 at 03:08 PM EST

Dear Mr. Meadows:

I write to respond to the discovery matters raised in your email below.

The issues you raise with respect to the manner of our document production were fully addressed by Magistrate Judge Reid at the January 7 hearing and in her January 13 order. Our document productions comply with her January 13 order, and we will not be re-producing any documents to you.

We are working with our vendor on the preparation of our privilege log, and we expect to provide it to you on January 21.

As part of the process of collecting documents, my firm conducted extensive custodian interviews of current APA custodians—i.e., individuals who are currently employed or hold a position with APA. Those interviews included performing targeted searches on individuals' phones for text messages. (No current APA custodian utilizes Telegram.) We determined through that process that APA does not possess any text messages or Telegram messages that were responsive to the document requests in this matter during the relevant period.

Sincerely,

Joshua Shiffrin

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Monday, January 12, 2026 8:07 AM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>
**Cc:** Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>
**Subject:** [EXTERNAL] URGENT: Formal Demand to Correct Material Misstatements to the Court and Cure Deficient Document Production

**To:** Joshua B. Shiffrin

**Cc:** All Counsel of Record

**From:** Lawrence Meadows

**Date:** January 12, 2026

**Subject: URGENT: Formal Demand to Correct Material Misstatements to the Court and Cure Deficient Document Production**

Mr. Shiffrin,

This email serves as a formal demand regarding two critical issues: (1) your material misstatements of fact made to Magistrate Judge Reid during the January 7, 2026 discovery hearing; and (2) your continued failure to provide a complete and compliant document production.

**I. Demand to Correct Material Misstatements**

During the January 7 hearing, you made at least two material misstatements to the Court that require immediate correction:

> 1. **Misstatement on Production Deadline:** You represented to the Court that you had promised to complete your production by January 9, 2026. This is false. Your email to me on November 21, 2025, explicitly stated: "We will thereafter produce documents to you on a rolling basis, with the goal of substantially completing our document production to you by January 5." Your representation to the Court obscured the fact that you had already missed your own self-imposed deadline, which itself was more than a month past the original December 1, 2025 due date.

> 2. **Misstatement on Document Searchability:** You represented to the Court that you believed your production was keyword searchable. This was also false. In your email dated January 8, 2026, you were forced to admit the contrary, stating, "we determined that the first production was searchable, but, inadvertently, the second production was not." Moreover, even with your "re-issued" second tranche, the production as a whole remains functionally unsearchable, as detailed below.

A lawyer's duty of candor toward the tribunal is absolute. *See, e.g.,* Model Rules of Pro. Conduct r. 3.3. Your statements were not accurate, and they misled the Court regarding your diligence and compliance. I demand that you immediately file a notice with the Court correcting the record on both of these points.

## II. Demand to Cure Defective Document Production

Your document production, now over six weeks delinquent, remains woefully deficient and non-compliant with the Federal Rules of Civil Procedure. I demand that you cure the following defects and re-produce your entire production in a compliant format no later than **January 16, 2026, at 5:00 PM EST**.

Your production is defective for at least the following reasons:

1. **Violation of Fed. R. Civ. P. 34(b)(2)(E):** You have produced documents in a disorganized data dump. The production is neither organized and labeled to correspond to the categories in my Requests for Production, nor is it produced as kept in the usual course of business. This is a direct violation of Rule 34.

2. **Lack of Group Searchability:** Your production is not keyword searchable as a complete set. A production of over 32,000 individual files that requires me to open each file to perform a search is not a "searchable" production in any meaningful sense. It is a "digital needle in a haystack" that obstructs, rather than facilitates, discovery.

3. **Absence of Native Files and Metadata:** You have failed to produce native file formats for emails and other electronic documents, stripping them of critical, discoverable metadata. The summary spreadsheet you provided is not an adequate substitute for the actual metadata embedded within native files.

4. **Omission of Text and Telegram Messages:** You have failed to produce any text messages or Telegram messages, despite specific requests in my First and Second Sets of RFPs. The existence of such communications is confirmed by, inter alia, the sworn declaration of APA's Legal Director, James Clark (ECF 113-2), which describes a text message chain involving APA attorneys and its then-President.

5. **Failure to Produce a Privilege Log:** My RFPs sought communications that you may contend are privileged (e.g., RFPs 9, 10, 21, 23, 26). You have produced no such documents and have failed to produce a privilege log expressly describing the nature of any documents withheld on the basis of privilege, as required by Fed. R. Civ. P. 26(b)(5).

Your prompt action to cure these deficiencies is required. Should you fail to do so by the deadline specified, I will seek immediate court intervention and sanctions pursuant to Rule 37.

Regards,

Lawrence Meadows

## **EXHIBIT 4**

7:58



**Nick**

Silva
Current APA President

iMessage

Jan 22, 2025 at 10:13 AM

Good morning Nick,

I suspect you are busy, but I am standing by for you call. I'm free all morning at your convenience.

Larry

Read

7:59



**James (Jim)**

Clark, Atty
Current, APA Director of Representation

Text Message · SMS

Jan 23, 2025 at 4:53 PM

Jim,

I sincerely want to say thank you, and would appreciate whatever you can do to resurrect 12-11 so I can drop my DFR and obtain an amicable. resolution,

Fraternally,
Larry

**Patrick**



Thanks 🙏 Pat
Good Luck in the election.



You're welcome. Thanks & good luck in NY

Jun 28, 2022 at 4:02 PM

Pat I really do appreciate the call and you following up. Thanks

You're welcome. It's cliché, but I work for y'all.



Read

7:59

 2  

**Patrick**

iMessage
Oct 29, 2021 at 10:38 AM

Hey Larry, give me a call when you get a chance. Pat

Nov 1, 2021 at 8:24 PM

Hey Pat just got your VM.

Obviously couldn't make it with the flight schedule debacle but appreciate you following up.

I was stuck in PHX 2days and just now got my flight back home to SLC. Ugh

May 10, 2022 at 2:53 PM



I'll call in 10



8:07



**Jeff**
Liedin
APA Aeronautical
DPASC
Chairman
Text Message • SMS
Feb 14, 2023 at 8:33 AM

Good morning Jeff.
You said you had shuttles to/from
Homewood to APA. What time does
shuttle depart this morning?
Thanks
Larry

iMessage
Feb 24, 2023 at 2:26 PM

Can I call you later?

Sure. Takes for your response to
Elizabeth Stenning. Is it worth me
from my base rep involved?  Call
when you get a chance. Have a sim
in 3-hours

Feb 24, 2023 at 6:12 PM

Sorry I couldn't call sooner.  I know
Joann is looking into this herself.
Let's see what if anything she can do
and proceed from there.

Thanks. She seems pretty
distraught. Says she can't afford her
house w/o PMA. Anyway, I had her
write the detailed synopsis and fwd
to it and the MIA CH.

It's not like she totally blew it off, she
made a diligent attempt to transfer
payment reopend from APA to her

**EXHIBIT 5**

January 26, 2026

Lawrence Meadows, Plaintiff, Pro Se
1900 Sunset Harbour Dr. 2112
Miami Beach FL 33139
516-982-7718
lawrencemeadows@yahoo.com

**_SENT VIA EMAIL AND US CERTFIED MAILING #7020 2450 0000 0597 2195_**

**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com
*Pro Hac Vice Counsel for Defendant*

**Cc:** [All Counsel of Record]

**Subject:** **FORMAL DEMAND TO CURE DEFECTIVE DISCOVERY & PRESERVE RIGHTS**

Mr. Shiffrin,

This letter serves as a formal demand that you immediately cure your ongoing, systemic discovery violations, which were confirmed by the testimony of your own Rule 30(b)(6) deponent, Mark Myers, on January 21, 2026. Your actions have severely prejudiced my ability to prosecute this case and necessitate significant and immediate remedial measures.

**I. Defective Production and Misrepresentations to the Court:**

Your document production remains in flagrant violation of the Federal Rules and this Court's orders.

- **Violation of Rule 34:** Your representation to Judge Reid on January 7 that you produced documents as they are "kept in the usual course of business" was directly contradicted by your own 30(b)(6) witness, Mark Myers, who testified on January 21 that he saves his emails with searchable date and topic descriptors - not as thousands of disconnected files named only by Bates number. Your defective  production of over 32,000 non-globally searchable PDFs is defective and must be cured.

- **Lack of ESI & Spoliation:** You have failed to produce ESI in its native format and have not produced a single text message, which you falsely asserted in your January 14 email, "APA does not possess any text messages or Telegram messages that were responsive to the document requests in this matter during the relevant period."; despite my multiple electronic preservation letters sent to APA's Attorneys, Staff, Officers, Directors, and

Committee, dating back to 2013 (already produced to you). This raises a strong presumption of spoliation.

- **Discovery by Ambush:** Your production of a fourth tranche of documents at 9:05 AM on January 21, five minutes after the scheduled deposition start time of APA's 30(b)(6) designee, was a bad-faith ambush tactic designed to prevent a meaningful examination.

## II. Improper Assertion of Privilege:

During the deposition, you improperly instructed Mr. Myers not to answer questions regarding the Babb-Denison "legal opinion" letter and the REDDI Committee. As stated on the record, any privilege has been destroyed by waiver through public disclosure in PACER docket and deposition testimony of former APA President Edward Sicher the *Preitz* litigation, and is also pierced by the crime-fraud exception, and fiduciary duty exceptions under *Cox v. Administrator U.S. Steel*, 17 F.3d 1386 (11th Cir. 1994).

## III. DEMANDS:

Pursuant to the Federal Rules, I demand the following:

1. **Cure Production:** Within seven (7) days, you must re-produce your entire document production in a compliant format: organized and labeled in folders responsive to my corresponding to my RFPs, globally keyword searchable, and including all native email files with their complete, associated metadata.

2. **Produce Withheld ESI:** Immediately produce all responsive text messages from all relevant custodians to include current and former BOD, NO, Staff, Committeemen, and relevant members.

3. **Stipulate to Recall Myers:** Agree to reproduce Mark Myers for a second deposition, at APA's sole expense, limited to topics covered in your ambush production and matters that you improperly claimed as privileged.

Your failure to comply will result in us moving for an immediate motion to compel and for Rule 37 sanctions, including evidentiary sanctions related to spoliation, including but not limited to adverse inferences and up to default judgment. Additionally, if you refuse to comply with any of the above demands, then please provide you immediate availability for a telephonic meet and conferral, and availability for the next three Wednesdays.

Regards,

*L. M. Meadows*

_____
Lawrence Meadows