UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-22589-EA

LAWRENCE MEADOWS,

Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

Defendants.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

**THIS CAUSE** came before the Court for a discovery hearing on February 10, 2026. [ECF No. 195]. During the hearing non-party Marjorie Powell ("Ms. Powell") moved to quash a deposition subpoena served by Plaintiff, Lawrence Meadows ("Plaintiff"). In addition, Plaintiff moved this Court to: (1) reconsider its Order quashing a deposition subpoena served by Plaintiff on Defendant's, Allied Pilots Association ("APA"), President Nick Silva; and (2) to order APA's corporate representative, Mark Myers, to sit for another deposition. The Court will address each issue in turn.

I.   The Subpoena to Ms. Powell is Quashed

Plaintiff seeks to depose Ms. Powell, an in-house counsel for American Airlines, to ask her about a voicemail message Plaintiff left her related to a previous lawsuit Plaintiff had filed against American Airlines. Further, he seeks to question Ms. Powell regarding a letter she drafted and conversations she had with Plaintiff while in her role as an attorney for American Airlines. He contends the questions are relevant to this litigation because APA intends to refer to his voicemail message as part of its defense.

Although taking the deposition of an attorney is not explicitly prohibited by the Federal Rules of Civil Procedure, federal courts "have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (citing *N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83, 85 (M.D.N.C.1987); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437–39. (E.D.Pa.1981)). Further, "costs are added to litigation, burdens are placed upon attorneys, and the attorney-client relationship is threatened." *Id.* (citations omitted).  As a result, the party seeking the deposition has the burden of overcoming these presumptions and must show the propriety and need for the deposition. *Id.* "The party seeking an attorney's deposition should show that the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege. This information must be relevant and its need must outweigh the dangers of deposing a party's attorney." *Id.* at 302–03 (internal citations omitted).

It is true that, the attorney-client privilege does not protect communications made in furtherance of a crime or fraud. "In deciding whether the crime-fraud exception applies to a communication between a lawyer and his client, courts apply a two part test." *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir.1987).

> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

*Id.* (citations omitted).

"The first prong is satisfied by a showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed." *Id.*

(footnote and citations omitted). Such "showing must have some foundation in fact, for mere allegations of criminality are insufficient to warrant application of the exception." *Id.* (citations omitted). On the other hand, the second prong's purpose is to identify "communications that should not be privileged because they were used to further a crime or a fraud." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1416 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) (quotations omitted). Even though, "that determination must take into account that the [party seeking discovery] does not know precisely what the material will reveal or how useful it will be . . . [t]here is no reason to permit opponents of the privilege to engage in groundless fishing expeditions[.]" *Id.* (internal quotations omitted).

First, although the information Plaintiff seeks might be minimally relevant, the burden imposed on non-party Ms. Powell is greater. The parties do not contest that the voicemail message exists, the authenticity of the voicemail message, nor the contents of the message.

Second, Plaintiff has failed to show how a deposition of Ms. Powell would not violate the attorney-client privilege, given the fact that Ms. Powell was acting in her role as an attorney for American Airlines when the communications occurred. Further, to the extent that Plaintiff argued at the discovery hearing that the crime-fraud exception to attorney-client privilege applies, the Court determines that Plaintiff has failed to produce any evidence showing American Airlines or APA has engaged in criminal or fraudulent conduct when it sought the advice of counsel or how any communications between American Airlines and Ms. Powell regarding Plaintiff furthered or were closely related to an effort to commit a crime or fraud. In any event, American Airlines is not a party to this lawsuit.

II.     <u>Plaintiff's Motion for Reconsideration of the Court's Order Regarding the Subpoena of the APA President is Denied</u>

Plaintiff moved this Court to reconsider its decision quashing the subpoena issued to APA President Nick Silva (Mr. Silva"). [ECF No. 193]. Plaintiff's request stems from the fact that Mr. Silva signed a consulting agreement and according to Plaintiff provided the underlying assumptions for the expert report. The APA argued Mr. Silva signed the consulting agreement on APA's behalf and not his personal capacity. Further, the APA stated that the expert testified he did not have any communication with Mr. Silva when formulating his opinion. The Court finds that there is no new evidence or additional information that makes the deposition of Mr. Silva any more relevant than it was when the Court first quashed the subpoena. *See Moss v. Am. Priv. Equity, LLC*, No. 8:18-CV-587-T-23JSS, 2020 WL 7414397, at *1 (M.D. Fla. Oct. 28, 2020) ("A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice."). Therefore, Plaintiff's motion for reconsideration is denied.

III.     <u>An Additional Deposition of Mark Myers is not Warranted</u>

Under Federal Rule of Civil Procedure 30(d)(1) "a deposition is limited to one day of 7 hours" unless otherwise stipulated or ordered by the Court. Fed. R. Civ. P. 30(d)(1). Here, Plaintiff deposed Mark Myers ("Mr. Myers") twice. Each deposition lasted approximately five and a half hours; thus, Plaintiff deposed Mr. Myers for a total of eleven hours in both Mr. Myers' corporate representative capacity and individual capacity. Plaintiff now seeks to depose Mr. Myers a third time. He contends a further deposition is necessary because the APA produced a set of documents the morning of Mr. Myers first deposition. Plaintiff explains that he was able to only review a few documents the night before Mr. Myers second deposition. Further, Plaintiff states the APA produced another set document on January 26, 2026, that warrant further questioning of Mr.

Myers. The APA argues the documents produced on January 26, 2026, were related to APA's expert and unrelated to Mr. Myers.

The Court is unpersuaded by Plaintiff's argument that the document production warrants a third deposition given that Plaintiff could not point the Court to specific documents or information that would justify exceeding the deposition limit set by the Federal Rules of Civil Procedure. When asked about specific questions he would ask the witness, Plaintiff could present none. Plaintiff is advised that any additional depositions should be truly necessary because of the time and expense that depositions incur for all parties involved. Further to the extent that Plaintiff argued at the hearing that Mr. Myers third deposition is needed to explain how APA calculated his economic damages, the Court finds that such inquiry is better addressed via interrogatories. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

In conclusion the Court **ORDERS AND ADJUDGES THAT**:

1. Non-Party's, Marjorie Powell, Motion to Quash Subpoena is **GRANTED**.

2. Plaintiff's Motion for Reconsideration of the Order quashing Nick Silva's deposition is **DENIED**.

3. Plaintiff's request to depose Mark Myers for a third time is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 17th day of February 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Court Judge Ed Artau;**

**Plaintiff;**

**All Counsel of Record**