IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE M. MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
Honorable Judge Ed Artau

_____/

FILED BY _____ D.C.
FEB 17 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE (ECF No. 183)**

Defendant APA's Response (ECF No. 200) is a transparent attempt to hide from dispositive evidence of its misconduct. APA's entire opposition rests on a single, circular argument: that the sworn declarations of its own former President are "irrelevant" because they fall outside the temporal scope of a Protective Order that those very declarations prove was procured by fraud. This argument is legally baseless and demonstrates APA's bad faith.

**ARGUMENT**

**I. The Sicher Declarations are "Newly Discovered Evidence" Proving Fraud on the Court.**

APA argues Plaintiff could have offered this evidence months ago. This is false. Captain Sicher's declarations, executed in late January 2026, are the definition of "newly discovered evidence" that was not previously available. Moreover, Captain Sicher is one of the witnesses whose subpoena for deposition testimony was quashed by the Magistrate's tainted Protective Order (ECF No. 138). This new evidence proves that APA's counsel, Mr. Pellettieri, made material misrepresentations to the Court regarding the Sue Edwards relationship and the status of Plaintiff's

1

grievances to obtain the Protective Order. (See concurrently filed Emergency Motion to Vacate Protective Order ECF No. 205).

## II. The Protective Order Cannot Be Used as a Shield to Hide the Evidence of its Own Fraudulent Inducement.

APA's primary argument - that the Sicher declarations are irrelevant because they concern post-2021 events - is nonsensical. The declarations prove the Protective Order itself is the fruit of a poisoned tree. APA cannot use a fraudulently obtained order to block the very evidence that exposes the fraud. Such an argument perverts the judicial process and must be rejected. The evidence is not being offered merely to prove post-2021 DFR breaches; it is being offered to prove that APA's counsel lied to this Court to obtain an order limiting discovery in the first place.

## III. The EDNY Lawsuit Confirms, Rather Than Undermines, the Need for this Evidence.

APA claims the new EDNY lawsuit proves the post-2021 facts are unrelated. The opposite is true. The EDNY action was necessitated *by* the fraudulently-procured Protective Order. Plaintiff was forced to seek a new forum to litigate post-2021 continuing events - precisely because APA's misconduct in this case had successfully obstructed his ability to do so here. It is evidence of the prejudice caused by the tainted order, not a reason to uphold it.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to supplement the record with the Sicher declarations (ECF No. 183) should be granted.

Dated February 17, 2026.

Respectfully Submitted,

*[signature]*

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on February 17, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*