IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _MP_ D.C.

FEB 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

LAWRENCE M. MEADOWS,
   Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
   Defendants.

CASE NO. 17-cv-22589-EA
**Honorable Judge Ed Artau**

_____/

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(e)

### PRELIMINARY STATEMENT

Defendant Allied Pilots Association's ("APA") Opposition to Plaintiff's Motion for Sanctions is remarkable not for what it proves, but for what it confesses. Through its own exhibits and the self-serving, threadbare declaration of its designated witness, APA has unintentionally submitted a confession of systemic, multi-year spoliation of evidence. APA's opposition brief proves that it (1) knew for over a decade that its key officers and agents were using personal email accounts to conduct official business; (2) failed to issue litigation holds to its most critical custodians, including its own President for a three-year period; (3) utilized a facially deficient, "check-the-box" litigation hold process that did nothing to actually preserve evidence; and (4) actively obstructed Plaintiff's attempts to obtain discovery from the very personal devices it knew contained relevant evidence.

This conduct, corroborated by the bombshell sworn declaration of former APA President Captain Edward Sicher, is not mere negligence. It is a calculated, bad-faith strategy of evidence suppression designed to prevent Plaintiff from proving his claims. It satisfies the standard for the

1

most severe sanctions under Federal Rule of Civil Procedure 37€(2). For the reasons set forth herein, and based on the overwhelming evidence of APA's willful misconduct, this Court should grant Plaintiff's motion, enter a default judgment against APA, or at a minimum, issue a mandatory adverse inference instruction and award Plaintiff his fees and costs.

## ARGUMENT

APA's opposition attempts to construct a fiction that it acted in good faith. The record evidence, including APA's own exhibits, demolishes that fiction. Sanctions are warranted because APA breached its duty to preserve, did so with the intent to deprive Plaintiff of the use of the evidence, and has caused Plaintiff irreparable prejudice.

## I. APA'S DUTY TO PRESERVE EXTENDED TO THE PERSONAL DEVICES OF ITS OFFICERS, A FACT APA HAS NOW ADMITTED.

A party has a duty to preserve evidence when litigation is pending or reasonably foreseeable. *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011). APA does not, and cannot, dispute that its duty to preserve attached as early as 2013. The central issue is the *scope* of that duty.

APA's entire opposition rests on the false premise that its duty was confined to APA's own servers. This is directly contradicted by APA's own evidence. The litigation hold notices APA attached as exhibits were sent to the **personal email addresses** of numerous custodians. (See APA's Opp., ECF No. 207-1, Exs. A-D). This is a dispositive admission. By sending official litigation hold notices to personal aol.com, gmail.com, and verizon.net accounts, APA explicitly acknowledged two facts: (1) it knew its officers were using personal accounts for union business, and (2) it knew relevant, unique ESI pertaining to this litigation existed on those non-APA systems. Having made this admission, APA cannot now claim it had no duty to take

2

reasonable steps to preserve the very evidence it knew existed on those personal accounts and devices.

## II. APA'S LITIGATION HOLD PROCESS WAS FACIALLY DEFICIENT AND CONSTITUTES GROSS NEGLIGENCE, FROM WHICH INTENT MAY BE INFERRED.

A defendant cannot escape sanctions by pointing to a flawed, "check-the-box" litigation hold process that did nothing to actually preserve evidence. APA's process was deficient in two critical ways.

First, APA failed to issue litigation holds to its most important custodians, particularly from 2014 to present. As Captain Sicher attested there is no , **"document to corroborate the fact, that at anytime during my service as an APA National Officer starting in 2014, as an APA Board Member, or while serving as the APA National President, I was ever notified by APA'S Legal Department of a litigation hold"** in the matter of *Meadows v. APA."* (ECF No. 187 Ex.1, Sicher Supp. Decl. ¶ 2). APA also failed to issue holds to other key presidents from including Captain Dan Carey and Captain Eric Ferguson, and First Officer Nick Silva, or to Plaintiff's Miami pilot domicile APA union representatives, Captain Ed Sicher (in his prior role) and Captain William ("Billy Ray") Read. A preservation effort that misses the President of the organization and the Plaintiff's direct representatives is not a serious effort; it is a farce designed to create the illusion of compliance.

Second, the holds it did issue were stale and ineffective. APA's exhibits show it merely recycled a generic 2013 notice for years, without any effort to update it for any new custodians or evolving issues.

"Spoliation is defined as the destruction of evidence or the significant and meaningful alteration of a document or instrument." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th

Cir. 2020) (internal quotation marks omitted) (quoting Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1308 (11th Cir. 2003)). *See also Pandya v. Marriott Hotel Servs., Inc.,* 552 F. Supp. 3d 1364, 1372 (N.D. Ga. 2021) ("Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."). Rule 37 of the Federal Rules of Civil Procedure addresses a party's recourse if electronically stored information that should have been preserved was not:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> **(A)** presume that the lost information was unfavorable to the party;
>>
>> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). A party seeking an adverse inference instruction under Rule 37(e)(2) must demonstrate the spoliator acted in bad faith. Tesoriero, 965 F.3d at 1183 ("[A]nticipation of litigation is not the standard for spoliation sanctions—bad faith is"). *See also* Pandya, 552 F. Supp. 3d at 1373. In other words, negligently failing to preserve evidence is not sanctionable as "spoliation." *See Tesoriero,* 965 F.3d at 1184-85 (holding the plaintiff failed

4

to establish a cruise line's bad faith in disposing of a chair that caused her injury because no one requested the chair be preserved, the chair was disposed of in accordance with policies on reporting passenger injuries, and there was no indication "the policies themselves . . . establish[ed] bad faith").

The "intent to deprive" language contained in Rule 37(e)(2) is the equivalent of "bad faith." *See Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312 (11th Cir. 2023). A finding of an "intent to deprive" (or "bad faith") can be premised on circumstantial evidence, and "the reasonableness of preservation efforts depends in part on 'the party's sophistication with regard to litigation.'" *Id.* at 1313-14 (quoting advisory committee's note to 2015 amendments to Rule 37). A party's reliance on an ordinary retention policy "is not a silver bullet," especially when coupled with "a lack of any cogent explanation for [the] complete failure to make any effort to preserve [evidence]." Id. at 1302, 1313 (affirming imposition of spoliation sanctions where the defendant company failed to preserve crucial cell phone data or suspend ordinary cell phone destruction policies when a litigation hold was in place).

## III. APA ACTED WITH THE INTENT TO DEPRIVE PLAINTIFF OF CRITICAL EVIDENCE.

The most severe sanctions under Rule 37(e)(2) are warranted because APA acted with the specific intent to deprive Plaintiff of the use of this evidence. This intent is established by two categories of overwhelming evidence: direct evidence of destruction and a bad-faith "Catch-22" of obstruction.

### A. Captain Sicher's Declaration is a Smoking Gun of Intentional Destruction.

Captain Sicher's supplemental declaration is direct, irrefutable evidence of spoliation. He attests, under penalty of perjury, that:

5

- He "routinely communicated union business via text message and Signal (during negotiations) on my personal electronic devices with other APA members, committeemen, officers, and attorneys." (ECF No. 180 Ex.3, Sicher Decl. ¶ 7).
- He "routinely deleted text messages." (ECF No. 187 Ex.1, Sicher Supp. Decl. ¶ 3).
- His APA-issued laptop was "wiped clean, rendering all stored data, including emails and documents related to my duties as APA President..." (*Id.* ¶ 7).

This occurred while he was APA President, without any litigation hold in place to stop him. The destruction of evidence by the head of an organization who was never even told to preserve it is the very definition of bad faith.

## B. APA's "Catch-22" Obstruction of Discovery Proves Intent.

APA's intent is further proven by its calculated, two-step obstruction strategy.

- **Step 1 (October 2025):** When Plaintiff sought this exact evidence - personal emails and texts - directly from the custodians via subpoenas, APA moved to quash and for a protective order, arguing that APA must first review the information for privilege. (See ECF No. 100). The Court granted the motion, relying on APA's representations.
- **Step 2 (December 2025):** When Plaintiff then served discovery requests on APA for that same information, APA refused to produce it, arguing it had no "possession, custody, or control" over its former officers' personal devices and associated text messages and emails.

This is a classic, bad-faith "Catch-22." APA first used its authority to block Plaintiff from getting the evidence from the source, then used its lack of control as a shield to avoid producing it itself. This is not a good-faith dispute over control; it is a deliberate scheme to make critical

6

evidence impossible to obtain. Such calculated obstruction is compelling evidence of an intent to deprive.

### IV. PLAINTIFF IS IRREPARABLY PREJUDICED AND SEVERE SANCTIONS ARE REQUIRED.

The lost ESI is not duplicative or marginal; it is the central nervous system of this case. The deleted communications from Captain Sicher and others go to the heart of APA's motive, its discriminatory and retaliatory animus, its bad-faith grievance handling, and the conspiracy to extinguish Plaintiff's rights. This evidence is irreplaceable.

Because APA's spoliation was intentional and the prejudice is severe, the harshest sanctions are warranted. This Court has broad discretion to fashion the most appropriate sanction. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993). Here, the most appropriate sanction is the entry of a default judgment. APA's conduct—lying to the Court to obtain a protective order, failing to preserve evidence, intentionally destroying evidence, and obstructing discovery at every turn—warrants the ultimate sanction.

In the alternative, the Court must, at a minimum, impose a mandatory adverse inference instruction, presuming that the lost ESI was unfavorable to APA. The Court should also invoke the crime-fraud exception to pierce any privilege APA may still attempt to assert over its communications, appointed a Master for in-camera reviews at APA's sole expense, and award Plaintiff all attorneys' fees and costs associated with bringing this motion.

### CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Sanctions For Spoliation of Evidence (ECF No. 187), enter a default judgment against Defendant APA, or in the alternative, issue a mandatory adverse inference instruction and award Plaintiff his reasonable fees and costs.

Dated: February 25, 2026

Respectfully Submitted,

*[signature]*

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on February 25, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

*Lawrence M. Meadows*

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*