IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAWRENCE MEADOWS,**
   Plaintiff,

v.

**ALLIED PILOTS ASSOCIATION,**
   Defendant.



FILED BY_____ D.C.

MAR 0 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 1:17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/

### PLAINTIFF'S EMERGENCY MOTION TO STAY DISCOVERY AND EXTEND ALL DEADLINES PENDING MAGISTRATE'S RESOLUTION OF MOTIONS TO SUPPLEMENT PLEADINGS, TO DISQUALIFY COUNSEL, FOR SANCTIONS FOR SPOLIATION, AND FOR FRAUD ON THE COURT

   Plaintiff Lawrence Meadows, a former decorated Air Force Officer and military pilot veteran, with an unblemished 34-year career as an American Airlines airline pilot, respectfully files this Emergency Motion for an immediate stay of all proceedings and an extension of all case deadlines. In mid-January, Judge Artau recognized that the complexity of this matter, combined with the critical nature of the then pending motions, required an extension of the extension discovery period. In an immediate response to Plaintiff's time-sensitive motion of January 14, 2026, Judge Artau issued an order on January 16, 2026, extending discovery deadlines by forty-five (45) days. (ECF No.177). Unfortunately, since the issuance of Judge Artau's order, not a single one of the motions, critical to addressing the uncertain scope of discovery, has been resolved.

   Of equal importance, since the issuance of Judge Artau's discovery extension order, the submission of two "blockbuster" sworn declarations from the Defendant's former APA president, Captain Edward Sicher, shines a still brighter light on the procedural crisis that requires this

1

Court's immediate intervention. This new evidence irrefutably confirms a continuing violation of Plaintiff's rights into 2025, proves the Protective Order limiting discovery was procured through fraud, and provides solid proof of the spoliation of evidence.

The persistent failure to address the pending motions, combined with shocking revelations of former APA President Sicher concerning the intentional and continuing retaliatory conduct of APA, confirm that it would be a fundamental violation of due process to force Plaintiff to complete discovery within the currently existing two-week limitation. The stark facts that compelled Judge Artau's prior order now have been trebled in their magnitude. A stay is not merely appropriate; it is essential to preserve the integrity of these proceedings and Plaintiff's right to a fair prosecution of his case before his career is extinguished by mandatory retirement.

### BACKGROUND: A LOGJAM OF EIGHT UNADJUDICATED, CASE-ALTERING MOTIONS AND FIVE PENDNING OBJECTIONS

The Magistrate Judge has failed to adjudicate a growing list of eight critical, fully-briefed motions, many of which are dispositive in nature, and some of which have been pending for months. There are now also five pending Objections to the Magistrate's prior orders, the most critical of which objects to her protective order, the issuance of which was both tainted by Defendant's by fraud and defectively founded on Court's determination that Plaintiff's allegation of a continuing violation by APA was mere "conjecture," which determination has been dispositively dispelled by APA President Sicher's admission to just such a continuing violation. This inaction persists even as Plaintiff has been forced to expend tens of thousands of dollars conducting discovery that is hamstrung by the ill-founded protective order with and Defendant's spoliation of evidence. The pending motions and objections include:

1. **October 21, 2025 (ECF Nos. 109, 110):**
   **Plaintiff's Emergency Motion to Disqualify Defendant's Counsel for Criminal Witness Tampering, And Declaration In Support with Transcript of Witness**

**Recording**. This motion has been fully briefed for over four months. At the Magistrate's request, Plaintiff filed the underlying USB audio recordings of the witness tampering on February 2, 2026 (ECF No. 186). The Magistrate has had this evidence for a month and has not acted. The transcript confirms APA counsel has threatened a key witness with union sanctions and that the witness has both expressed fear of Defendant's retaliation and has committed to withholding testimony to conform to the Defendant's dictates in order to evade the retaliation.

2. **November 3, 2025 (ECF No. 129):**
   **Plaintiff's Motion for Leave to File a Corrected Amended Verified Supplemental Pleading.** Seeking to add facts from 2018-2025 that prove a continuing violation of the existing claims in the First Amended Complaint. This motion has been pending and ripe for over three months. APA President Sicher's declarations have confirmed that APA's punitive actions continued into 2025 with his exclusion from a grievance settlement allowing a path to reinstatement for every previously medical disqualified pilot **except for** the Plaintiff. The Sicher declarations also confirm that, after the reinstatement of the Plaintiff's union membership rights in accordance with Sicher's interpretation of the union constitution, APA again revoked Plaintiff's membership in May 2025.

3. **November 19, 2025 (ECF No. 142):**
   **Plaintiff's Motion to Disqualify the law firm Bredhoff & Kaiser due to the unwaivable conflict of interest.** Arising from APA Counsel's Joshua Shiffrin and his firm's representation of Plaintiff's former counsel, Sue Edwards; and their false denial that she never represented Plaintiff. Here again, the declarations of APA President Sicher confirm that (a) the attorney-client relationship existed, (b) thousands of dollars were spent on Sue Edwards' subsequently abandoned representation of the Plaintiff, and (c) Defendant APA ruptured the relationship in retaliation for Plaintiff's protected activity. These facts compel the conclusion that Bredhoff & Kaiser, as joint representative of APA and Plaintiff's former counsel, has had continuing access to Plaintiff's privileged information. This motion has been fully briefed and pending for over three months.

4. **November 26, 2025 (ECF No. 148):**
   **Plaintiff's Amended Motion to Correct the Record and for Sanctions Against Defendant's Counsel John Pelletieri.** For making numerous substantive misrepresentations of material fact during the October 28, 2026 Protective Order hearing, to mislead the Magistrate and improperly obtain a protective order to limit temporal scope and quash key witnesses. Notably, Mr. Pelletier never submitted a declaration response to Plaintiff's motion, leaving unrebutted the sworn deposition testimony and declarations from both APA officers and attorneys and American Airlines managers establishing that his misrepresentations were demonstrably false.

5. **November 26, 2025 (ECF No. 149):**
   **Plaintiff's Objections to the Magistrate's Protective Order (ECF No. 138).** Wherein, the Magistrate relied upon APA counsel John Pelleteieri's numerous substantive misrepresentations of material facts, used to improperly and arbitrarily limit temporal scope to 2021 - ignoring evidence of continuing violation, and also quashed Plaintiff's

3

seven key witnesses. As referenced above, APA President Sicher's declarations have confirmed that APA's punitive actions continued into 2025 with his exclusion from a grievance settlement allowing a path to reinstatement for every previously medical disqualified pilot **except for** the Plaintiff. The Sicher declarations also confirm that, after the reinstatement of the Plaintiff's union membership rights in accordance with Sicher's interpretation of the union constitution, APA again revoked Plaintiff's membership in May 2025. This tainted and ill-founded protective order has severely hamstrung and prejudiced Plaintiff's discovery and has been pending before presiding Judge Artau for three months.

6. **January 14, 2026 (ECF No. 173):**
   **Plaintiff's Amended Time-Sensitive Motion for Extension of All Case Deadlines, and for an Interim Stay of the Discovery Cutoff and for an Immediate Status Conference.** This motion has been fully briefed since January 28, 2026, when Plaintiff's Reply (ECF No. 180) introduced the **first bombshell declaration of APA President, Captain Ed Sicher**. The Magistrate has ignored this request for a stay and never held a status conference.

7. **January 30, 2026 (ECF No. 183):**
   **Plaintiff's Motion for Leave to File Supplemental Evidence (Declaration of Captain Sicher) in Support of Pending Motions (ECF Nos. 109/110, 129. 142, 148).** This motion was fully briefed on February 18, 2026 (ECF No. 206).

8. **February 4, 2026 (ECF No. 187):**
   **Plaintiff's Motion for Sanctions for Spoliation of Evidence Pursuant to Rule 37.** Supported by the **second bombshell supplemental declaration of Captain Sicher,** detailing APA destruction of data on his laptop hard-drive, his routine deletion of text and signal messages, and APA's failure send him a litigation hold letter for the 10-years while he served as a APA Board and National Officer (2014-2024); despite the fact that he was dealing directly with Plaintiff and his claims. This motion has been fully briefed since February 26, 2026 (ECF No. 212).

9. **February 18, 2026 (ECF No. 205):**
   **Plaintiff's Emergency Motion to Vacate the Protective Order for Fraud on the Court,** This motion is based on APA counsel John Pellettieri's material misrepresentations regarding Sue Edwards never having represented Plaintiff, which are now proven patently false by both Sicher declarations submitted as supporting exhibits. APA's opposition is due March 4, and will be fully briefed by March 11, 2026, just 2 days before fact discovery cutoff.

10. **December 23, 29, January 15, and February 18 (ECF Nos. 159, 162, 176, 208). Four other separate discovery dispute Objections.** These objections address the Magistrate's clearly erroneous quashing of subpoenas of percipient fact witnesses, and errors of law for failing to constrain APA's rampant violations the federal rules, including: ignoring APA's delinquent document production (6-tranches, two months late after rule 30 deadline), woefully deficient production (no electronic meta data, no personal emails, no text messages, no native e-mail files, no electronic meta data), and functionally defective files

4

(over 34,000 pages of individual unnamed files - not organized or labeled per RFPs and not globally keyword searchable, i.e., "digital needle in the haystack). These objections are all pending before presiding Judge Artau.

## ARGUMENT

This procedural logjam creates a "triple threat" to Plaintiff's due process rights that can only be remedied by an immediate stay. It is untenable to proceed to a discovery cutoff while these critical motions remain pending. The failure to address APA's misconduct, and address Plaintiff's pending motions, would compel the parties to proceed to summary judgment motions (deadline April 1, 2026) and trial (May 18, 2026), based on a truncated and profoundly defective discovery process.

### I. The Court Must First Resolve Motions That Redefine the Scope of the Case.

This Court's Protective Order (ECF No. 138) prohibited discovery regarding events after 2021 based on Magistrate Reid's detrimental reliance upon APA's counsel's numerous substantive misrepresentations of material fact, errors of law, and fatally flawed conclusion that Plaintiff's claim of a continuing violation was mere "conjecture." The recently submitted sworn declarations of former APA President, Captain Sicher demolish that premise - and elevate APA's refusal to withdraw its material misrepresentations to fraud upon this court. It is fundamentally illogical to force Plaintiff to conclude discovery on pre-2021 facts, before the Court has even decided via the pending Motion to Supplement Pleadings (ECF No. 129), or whether the unbroken chain of ongoing post-2021 facts, showing a continuing violation as confirmed by the recently declarations of former APA President, Captain Sicher, can be formally added to the case.

### II. The Court Must First Resolve Motions that Implicate Counsel's Fitness to Participate.

It is prejudicial to force Plaintiff to litigate against both the ethically challenged attorneys and their law entire firm - whose very fitness to participate in these proceedings is in grave doubt.

The Motion to Disqualify Defendant APA's lead counsel, Joshus Shiffrin for Criminal Witness Tampering (ECF No. 109, 110), and the Motion to Disqualify the law firm of Bredhoff-Kaiser, PLLC, for the Sue Edwards conflict (ECF No. 142), are both fully briefed and must be decided by an evidentiary hearing.

APA President Sicher's declarations confirm that (a) the attorney-client relationship between Plaintiff and Edwards existed, (b) thousands of dollars were then spent on Sue Edwards' subsequently abandoned representation of the Plaintiff, and (c) Defendant APA ruptured the relationship in retaliation for Plaintiff's protected activity and refusal to withdraw this instant lawsuit. These facts compel the conclusion that Bredhoff & Kaiser, as joint representative of APA and Plaintiff's former counsel, has had continuing access to Plaintiff's privileged information - and further compel the conclusion that Defendant's counsel has deceived this Court.

### III. The Court Must First Resolve Motions that Implicate the Integrity of the Evidentiary Record.

The fully briefed Motion for Sanctions for Spoliation of Evidence (ECF No. 187) and the pending Motion to Vacate the Protective Order for Fraud on the Court (ECF No. 205) both establish that the evidentiary record is tainted and incomplete. APA President, Captain Sicher's supplemental declaration confirms APA failed to implement a litigation hold for its own President from 2014 through 2024, that he routinely communicated via text and signal messages and deleted them, and that APA wiped his laptop hard drive. It is a violation of due process to force Plaintiff to conclude discovery on a record that has been intentionally spoliated and under a limiting Protective Order procured by fraud; whilst APA tries to hide behind that tainted Protective Order to shield itself from this evidence of its misconduct and fraud.

### IV. A Stay is Necessary to Prevent Irreparable Harm.

Time is of the essence here - Justice delayed is justice denied.

6

Plaintiff turns 63 on March 8, 2026, and faces FAA mandatory retirement age in two years. He is also now helping care for his elderly 84-year-old, widowed father in New York who has significant health issues. Forcing Plaintiff to continue to expend tens of thousands of dollars on hamstrung depositions while ignoring these fundamental challenges to the integrity and scope of the proceeding is causing severe and irreparable prejudice. Plaintiff was facing a ticking 90-day EEOC right to sue clock for ADA discrimination and retaliation claims against Defendant APA, has been left with no choice but to file a separate action in the U.S. District Court, EDNY to preserve his rights; that wasteful use of judicial resources that could have been avoided if this Court would simply have timely ruled on the pending motions. As an act of good faith, Plaintiff would consider stipulating a stay of the, EDNY action and joining those claims here if the temporal scope were lifted and discovery reset after a ruling on these critical motions.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests an Order;

(1) **immediately staying all proceedings and deadlines** in this matter, including the March 14, 2026 discovery cutoff, and,

(2) an **immediate status conference** to schedule in-person **evidentiary hearings to adjudicate these critical motions,** and,

(3) **extending all case deadlines by at least ninety (90) days,** following the Magistrate's final resolution of the pending motions and the presiding Judges resolution of all pending objections.

## *LOCAL RULE 7.1(a)(3) CERTIFICATION*

Pursuant to Local Rule 7.1(a)(3), Plaintiff certifies that a good faith effort was made to resolve the issues raised herein. On February 27, 2026, Plaintiff sent a detailed meet-and-confer

email to counsel for Defendant, demanding a telephonic conference in accordance with Judge Artau's Order (ECF No. 177) and a stipulation to an immediate stay. In a response dated March 2, 2026, counsel for Defendant refused to confer telephonically, asserted that the matters were "resolved" by the Magistrate's Clerk, accused Plaintiff of attempting an "end run" around the Court's orders, and threatened to seek sanctions. Counsel's refusal to confer violates a direct court order and makes this motion necessary. Plaintiff therefore assumes Defendant opposes this motion.

Dated: March 2, 2026

Respectfully submitted,

_____
Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 2, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

*/s/ L. M. Meadows*
Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

9