UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAWRENCE MEADOWS,**

    Plaintiff,                                             **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*

    Defendants.

_____/

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DISCOVERY RULING

Defendant Allied Pilots Association ("APA") files this opposition to Plaintiff's objections (ECF No. 208) to the order entered by Magistrate Judge Reid (ECF No. 204) on February 17, 2026, which contains rulings on discovery matters raised by the parties at a hearing on February 10, 2026. As relevant here, Plaintiff objects to provisions in the order that deny reconsideration of prior rulings (1) quashing Plaintiff's subpoena to depose APA president Nick Silva, and (2) foreclosing Plaintiff from deposing APA representative Mark Myers for a third time. Plaintiff also asserts that he should be able to depose Mr. Myers and APA lawyer Jim Clark regarding an expert report by APA's rebuttal expert. Plaintiff's objections are without merit. Plaintiff does not come close to establishing that Magistrate Judge Reid clearly erred or acted contrary to law.[1]

---

[1] Plaintiff also objects (ECF No. 208, at 2-3) to the part of the order granting a motion by American Airlines (American) to quash the deposition of third-party witness Marjorie Powell, an in-house lawyer at American. As APA informed Magistrate Judge Reid at the hearing, *see* ECF No. 209, at 17-18, APA takes no position on whether that deposition should be quashed.

1

**STANDARD OF REVIEW**

A district court judge must affirm a magistrate judge's non-dispositive discovery ruling unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). This is "an extremely deferential standard of review." *Kxuber v. Berkshire Life Ins. Co. of Am.*, No. 19-CV-80211, 2019 WL 8275156, at *1 (S.D. Fla. Oct. 11, 2019); *accord Sec. & Exch. Comm'n v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024)*; Jakab v. Arch Specialty Ins. Co.*, No. 23-CV-61624, 2024 WL 3100133, at *1 (S.D. Fla. June 24, 2024)*; Gaudet & Co., Inc. v. ACE Fire Underwriters Ins. Co.*, No. 21-CV-00372, 2024 WL 171697, at *1 (S.D. Ala. Jan. 16, 2024). "[M]agistrate judges enjoy extremely broad discretion in controlling discovery." *Zamber v. Am. Airlines, Inc.*, No. 16-CV-23901, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017); *see Runton by & through Adult Advoc. & Representation v. Brookdale Senior Living, Inc.*, No. 17-CV-60664, 2018 WL 1083493, at *4 (S.D. Fla. Feb. 27, 2018).

**ARGUMENT**

**1.    Magistrate Judge Reid Acted Well Within Her Discretion in Quashing the Deposition of Nick Silva**

On January 17, 2026, Plaintiff served APA with a notice of deposition for APA's president Nick Silva. According to Plaintiff, because APA's rebuttal expert had addressed his expert report to Mr. Silva (and APA's counsel Joshua Shiffrin), Mr. Silva was "a necessary fact witness regarding the basis, commissioning, and substance of that report." Attachment 1 (email from Plaintiff). APA moved to quash the subpoena, explaining that "any questions that Mr. Meadows has about the basis of the report should be directed to the expert who drafted the report and not to Mr. Silva, who simply was one of the recipients of it." ECF No. 194, at 13. Magistrate Judge Reid granted the motion to quash, informing Plaintiff that he was free to question APA's rebuttal expert during his

2

upcoming deposition about "why he gave a copy of that report to Mr. Silva," and "[i]f something comes out of that deposition that then shows that Mr. Silva has unique information regarding the expert report, then you can come back to the Court." ECF No. 194, at 28; *see* ECF No. 193, at 1 (order). Plaintiff subsequently had an opportunity to depose APA's rebuttal expert and question him about Mr. Silva's involvement, and the rebuttal expert testified that he had not had any contact with Mr. Silva and that Mr. Silva's involvement in the expert report was limited to signing an agreement on APA's behalf to engage the expert. Barton Dep. Tr. 7-13.

Plaintiff subsequently asked Magistrate Judge Reid to revisit her ruling quashing the subpoena to Mr. Silva, and Magistrate Judge Reid denied that request, concluding that "there is no new evidence or additional information that makes the deposition of Mr. Silva any more relevant than it was when the Court first quashed the subpoena." ECF No. 204, at 4; *see* ECF No. 209, at 25 (oral ruling).

Magistrate Judge Reid did not clearly err or act contrary to law in declining to revisit her prior ruling on the deposition of Mr. Silva. On APA's behalf, Mr. Silva (as APA's president) signed the agreement to retain the services of an expert, and the expert listed Mr. Silva (along with APA counsel Joshua Shiffrin) as an addressee on his rebuttal report. *See* Attachment 2 (signature page of agreement). Plaintiff had a full opportunity to question the expert about Mr. Silva's knowledge and participation, and the expert confirmed that he did not speak with Mr. Silva and that Mr. Silva did not have any involvement with the report. Magistrate Judge Reid acted well within her broad discretion in concluding that there was no basis for Plaintiff to depose Mr. Silva.

### 2. Magistrate Judge Reid Acted Well Within Her Discretion in Declining to Permit Plaintiff to Depose Mark Myers for a Third Time

Mark Myers, an in-house attorney at APA, sat for two days of deposition in this matter, on January 21 and January 22, as APA's Rule 30(b)(6) witness and in his personal capacity. As Magistrate Judge Reid found, "[e]ach deposition lasted approximately five and a half hours; thus, Plaintiff deposed Mr. Myers for a total of eleven hours in both Mr. Myers' corporate representative capacity and individual capacity." ECF No. 204, at 4.

Around the time of the depositions, in the course of finalizing its privilege log, it came to APA's attention that 24 non-privileged documents had inadvertently not been included with APA's previous document productions.[2] APA accordingly provided those documents to Plaintiff—along with a privilege long—in an email sent at 10:05 a.m. EST on January 21. Approximately forty minutes later, Plaintiff's first of two depositions of Mark Myers commenced. Plaintiff deposed Mr. Myers on January 21 and then again on January 22. During questioning of Mr. Myers on January 22, Plaintiff made use of several of the documents that APA had produced on January 21.

Plaintiff subsequently requested leave to depose Mr. Myers a third time. *See* ECF No. 209, at 35. As relevant here, he argued that a third deposition was warranted because of APA's production of documents on January 21. *See* ECF No. 209, at 36.[3] Magistrate Judge Reid denied the request, explaining in relevant part that "Plaintiff could not point the Court to specific

---

[2] As relevant here, APA received requests for documents from Plaintiff on October 31 and November 17, 2025. APA produced documents in response to those requests on a rolling basis, completing its production on January 9, 2026. *See* ECF No. 172, at 1 (APA's document production due January 9, 2026). APA's privilege log was therefore due on or before January 23, 2026. *See* S.D. Fla. Local Rule 26.1(e)(2)(D).

[3] Before Magistrate Judge Reid, Plaintiff also argued (ECF No. 209, at 56) that he should be entitled to depose Mr. Myers regarding documents APA produced on January 26, 2026—in response to a document request from Plaintiff dated January 17, 2026—but he does not renew that contention in his objection (ECF No. 208, at 3-4).

4

documents or information that would justify exceeding the deposition limit set by the Federal Rules of Civil Procedure. When asked about specific questions he would ask the witness, Plaintiff could present none." ECF No. 204, at 5; *see* ECF No. 209, at 35-65.

Magistrate Judge Reid did not clearly err or act contrary to law by refusing to let Plaintiff depose Mr. Myers a third time to question him about the documents APA produced on January 21. Plaintiff had ample time to review the documents for purposes of questioning Mr. Myers on January 21 and January 22, and indeed Plaintiff made use of several of the documents during the deposition on January 22. Plaintiff claims that Magistrate Judge Reid's order "ignores the severe prejudice caused by APA's tactic of producing thousands of pages of documents five minutes after the deposition was scheduled to begin." ECF No. 208, at 3-4. That contention is demonstrably false and unfounded. APA produced 24 PDFs totaling 67 pages at 10:05 a.m. EST on January 21, 2026, not thousands of pages of documents. And Plaintiff had access to the documents forty minutes before the first day of deposition began, as well as overnight prior to the second day, and he used several of the documents to question Mr. Myers during the second day of deposition. Plaintiff provides no justification for subjecting Mr. Myers to a third day of deposition.

3. **The Deposition of APA's Rebuttal Expert Does Not Support Depositions of Mark Myers or Jim Clark**

Plaintiff suggests that he should be entitled to depose Jim Clark or Mark Myers (again), both of whom are in-house lawyers for APA, because (according to Plaintiff) he allegedly learned at the deposition of APA's rebuttal expert (on January 27, 2026) that Mr. Clark and Mr. Myers were involved in helping to "provide[] the data and factual assumptions used" by the expert for his report pertaining to Plaintiff's economic damages. ECF No. 208, at 3; *see* ECF No. 209, at 34, 65. Magistrate Judge Reid ruled that Plaintiff could not take additional depositions on that topic but made clear to Plaintiff that "if you had questions with regard to how [individuals at APA]

5

determined your economic damages, those are questions you could put into interrogatories so that you can get the answer." ECF No. 209, at 65-66; *see also id.* at 67 ("If you have additional questions on [APA's] calculations of damages, feel free to put that into an interrogatory where you can require them to put that information in writing and you can use that within the trial . . . or within any motion that you might file."). Plaintiff does not acknowledge the Magistrate Judge's ruling, let alone explain why the ruling was clearly erroneous or contrary to law. Interrogatories would have provided Plaintiff with an entirely adequate opportunity to obtain the discovery he purportedly sought, but he chose not to avail himself of that opportunity. Magistrate Judge Reid did not abuse her discretion.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Reid's discovery order (ECF No. 204) should be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600

        Email: jshiffrin@bredhoff.com
        Email: jpellettieri@bredhoff.com
        Email: lshadgett@bredhoff.com
        *Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: March 3, 2026

# Attachment 1

| | |
|---|---|
| **From:** | Lawrence Meadows |
| **To:** | Joshua Shiffrin; Grace Rybak |
| **Cc:** | Capri Trigo; Andrew Dymowski; Caitlin Kekacs; John M. Pellettieri; Justine Nguyen |
| **Subject:** | [EXTERNAL] Service of Notices of Deposition; Demand for Production from Expert Matt Barton; Plaintiff's Third Set of RFPs |
| **Date:** | Saturday, January 17, 2026 4:26:48 PM |
| **Attachments:** | 2026.01.17 Suboena Duces Tecum Matt Barton.pdf |
| | 2026.01.17 Notice of Depostion Nick Silva.pdf |
| | 2025.12.24. P"s 3rd Set RFP Production-Final.pdf |

**To:** jshiffrin@bredhoff.com; grybak@bredhoff.com; ctrigo@grsm.com
**Cc:** [All other counsel of record]
**From:** lawrencemeadows@yahoo.com
**Date:** January 17, 2026

**Subject:** Service of Notices of Deposition; Demand for Production from Expert Matt Barton; Plaintiff's Third Set of RFPs

Mr. Shiffrin,

My apologies for the weekend contact, but given the impending discovery deadlines and the upcoming hearing, time is of the essence.

Please find attached the following documents served today, January 17, 2026:

> 1. **Notice of Deposition Duces Tecum for Matt Barton:** Pursuant to the Court's Order (ECF No. 172) and Fed. R. Civ. P. 26 and 30, this Notice is served for the deposition of your expert, Matt Barton. The Notice commands the production of his entire case file. To allow for adequate preparation for his deposition on January 27, all responsive documents must be produced to me electronically (via Dropbox link or direct email) no later than **5:00 PM EST on Friday, January 23, 2026.** Documents must be produced organized and labeled to correspond to the requests and be globally keywros searchable as I have provided to you in my production.
>
> 2. **Notice of Deposition for Nick Silva:** This Notice is served for the deposition of APA President Nick Silva. His status as a direct addressee on your expert's report makes him a necessary fact witness regarding the basis, commissioning, and substance of that report. The deposition is noticed for **January 28, 2026, at 9:00 AM CST** in Arlington, TX.
>
> 3. **Plaintiff's Third Set of Requests for Production:** Attached for your convenience is Plaintiff's Third Set of RFPs, served December 24, 2025. Your responses are also due by **January 23, 2026**.

Your refusal to produce Mr. Barton's complete file and the comparator pilot data by the close of business on January 23rd, or your refusal to produce

Mr. Silva for his deposition, will be raised with Magistrate Judge Reid at our scheduled discovery hearing, along with the outstanding issues regarding Dan Carey and your prior deficient productions.

Please confirm receipt and acknowledge you will be producing the above referenced documents and witness as requested.

Regards,

Lawrence Meadows
Plaintiff, Pro Se
*[Attachments: Notice of Deposition Duces Tecum of Matt Barton; Notice of Deposition of Nick Silva; Plaintiff's Third Set of RFPs]*

# Attachment 2

P a g e | **9**

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement on the date first written.

<u>Allied Pilots Association ("Client")</u>

By: *[signature]*

Nick Silva
APA President

<u>Flightpath Economics, LLC ("Consultant")</u>

By:
Matt Barton
Partner

