UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAWRENCE MEADOWS,**

    Plaintiff,                                      **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.,*

    Defendants.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY
### MOTION TO VACATE THE PROTECTIVE ORDER

Defendant Allied Pilots Association ("APA") files this response to Plaintiff's motion (ECF No. 205) to vacate the protective order (ECF No. 138) that the Court entered imposing limits on Plaintiff's discovery. Plaintiff claims that an affidavit from former APA president Ed Sicher is newly discovered evidence that shows APA's counsel made misrepresentations that caused the Court to erroneously enter the protective order. Plaintiff's motion is a rehash of meritless arguments that he has asserted repeatedly in other filings. He filed a motion (ECF No. 144) and an amended motion (ECF No. 148) for sanctions against APA's counsel, alleging that counsel made misrepresentations to the Court to procure the protective order. Plaintiff filed objections (ECF No. 149) to the protective order, again arguing that the order was procured through misrepresentations by APA's counsel. Plaintiff also filed a motion (ECF No. 183) for leave to supplement those two filings—including his objections to the protective order—with a declaration from Ed Sicher. Plaintiff now files (ECF No. 205) a separate "emergency" motion seeking vacatur of the protective order based on declarations from Sicher. Plaintiff's new motion adds nothing to those earlier

1

(meritless and repetitive) motions, which are joined and awaiting decision. This motion and Plaintiff's prior motions should be denied.[1]

Plaintiff again contends that the Sicher declarations provide further support for his prior claims that APA's counsel made misrepresentations at the hearing on the protective order. Plaintiff alludes to (ECF No. 205, at 2) two alleged misrepresentations. His arguments are frivolous.[2]

1.  Count III of the amended complaint concerns APA's handling of Grievance 12-012. ECF No. 35 at ¶¶ 242-262. At the hearing on the protective order, APA's counsel explained that Grievance 12-012 was a base grievance "that challenged the termination of other pilots who were similarly terminated after five years of disability." ECF No. 125, at 18. APA's counsel further explained that APA's then-president (Ed Sicher) transformed that grievance into "a presidential grievance" (Grievance 23-031) in 2023, APA settled Grievance 23-031 in 2025, and "the settlement did not include Mr. Meadows and did not provide relief to Mr. Meadows." ECF No. 125, at 20. Those statements were accurate. *See* ECF No. 154, at 7-8. The Sicher declarations do not undermine those statements in any way and do not provide any reason to revisit the Court's decision to grant the protective order.

---

[1] Plaintiff has also filed two "notices" (ECF Nos. 210, 211) about the fact that Bredhoff & Kaiser is not counsel to attorney Sue Edwards in a separate lawsuit that Plaintiff has filed against American Airlines, APA, and Ms. Edwards in the Eastern District of New York. The fact that Bredhoff & Kaiser does not represent Ms. Edwards in that separate case has no bearing on Plaintiff's disqualification motions (ECF Nos. 109, 142) or anything else pending before the Court.

[2] Plaintiff's reliance on Federal Rule of Civil Procedure 60(b) is misplaced. Rule 60(b) permits relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The "word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief." Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment. "[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." *Id.* "[A] court presiding over a case is always capable of revising an interlocutory ruling." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 313 (2025).

2. APA has addressed at length in multiple filings the circumstances surrounding attorney Sue Edwards and the discrimination lawsuit Plaintiff filed against American Airlines in the Southern District of Florida in 2024. *See* ECF Nos. 132, 152, 154, 200. Those circumstances were immaterial to the Court's ruling on the protective order, which turned on, among other things, the Court's finding that Plaintiff sought discovery regarding events that were not relevant to the claims asserted in the amended complaint that was filed in 2018. ECF No. 138, at 11. The Sicher declarations do not in any way undermine the statements by APA's counsel regarding Ms. Edwards; rather, they are consistent with those statements. *See* ECF No. 154, at 5; ECF No. 200, at 4-5.

\*   \*   \*

APA respectfully requests that the Court exercise its inherent authority to impose sanctions for Plaintiff's vexatious litigation conduct. This Court has the inherent authority to "sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citation omitted). The Court can exercise its inherent authority to sanction *pro se* litigants. *Sassower v. Field,* 973 F.2d 75, 80–81 (2d Cir. 1992).[3] A party may be sanctioned under the court's inherent powers for making reckless and frivolous filings. *Purchasing Power, LLC*, 851 F.3d at 1225. Plaintiff's bad faith is

---

[3] Plaintiff is a highly experienced litigant, and although no attorney has appeared on his behalf in this case, Plaintiff has testified that he consults with a lawyer in connection with this case. Setting aside the propriety of that arrangement, *see, e.g.*, *Garcia v. Thor Motor Coach, Inc.*, No. 1:16-CV-20230-JEM, 2016 WL 9376014, at *5 (S.D. Fla. Oct. 13, 2016), *report and recommendation adopted*, 2017 WL 3112818 (S.D. Fla. Jan. 31, 2017) (explaining that Florida ethical rules limit a lawyer's ability to assist a *pro se* litigant with pleadings without entering an appearance), Plaintiff's consultation with a lawyer is an appropriate consideration in determining whether to impose sanctions, *cf. Durant v. Traditional Invs., Ltd.*, 135 F.R.D. 42, 49 (S.D.N.Y. 1991) (considering *pro se* litigant's receipt of advice from a lawyer as a relevant factor in determining that a filing was "unreasonable and improper" and sanctionable under Rule 11).

demonstrated by the blatant repetitiveness of his filings and his willful refusal to seek the Court's permission to file the motion, in knowing violation of the Court's standing order.

For the foregoing reasons, Plaintiff's "emergency" motion to vacate the protective order should be denied, and the Court should order Plaintiff to pay the attorneys' fees expended by APA to respond to the motion.

                                                  Respectfully submitted,

/s/ Andrew Dymowski
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

/s/ Joshua B. Shiffrin
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: March 3, 2026

4