**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LAWRENCE MEADOWS,

Plaintiff,

    v.                                            Case No. 1:17-cv-22589-EA

ALLIED PILOTS ASSOCIATION, *et al.*,

Defendants.

_____/

**MARJORIE POWELL'S RESPONSE TO PLAINTIFF'S OBJECTIONS (ECF NO. 208) TO THE FEBRUARY 17, 2026 ORDER FOLLOWING DISCOVERY HEARING (ECF NO. 204) ON MS. POWELL'S MOTION TO QUASH**

## INTRODUCTION

In a well-reasoned order (ECF No. 204), Magistrate Judge Reid granted a motion to quash Plaintiff Lawrence Meadows's January 15, 2026 subpoena commanding the deposition of Ms. Marjorie Powell. Ms. Powell is a Managing Director and Senior Attorney at American Airlines, Inc. ("American") and has worked as an attorney at American since 2008. Neither Ms. Powell nor American are parties to this case. Ms. Powell has not had any interactions with Mr. Meadows for more than a decade. And Ms. Powell does not recall ever having any discussions with anyone from the Allied Pilots Association ("APA") about Mr. Meadows or the grievances at issue in this case. Nevertheless, Mr. Meadows sought Ms. Powell's testimony to ask her about a threatening voicemail Mr. Meadows left Ms. Powell in 2015, a letter Mr. Meadows claims she drafted, and conversations she purportedly had with Mr. Meadows in her role as an attorney for American.

Ms. Powell moved to quash her deposition subpoena on the grounds that (1) her testimony is irrelevant to Mr. Meadows's claims against the APA, (2) any marginal relevance is outweighed by the burden of having to sit for a deposition with someone who has threatened her, and (3) any discussions with anyone at American regarding Mr. Meadows would have been solely in her role as an attorney and thus privileged. Mr. Meadows submitted a response. Judge Reid held a hearing on February 10, 2026, and subsequently granted Ms. Powell's motion by written order. *See* ECF No. 204, Order Following Discovery Hr'g ("Order") at 2-3. Judge Reid held that "the burden imposed on non-party Ms. Powell is greater" than the "minimally relevant" information Mr. Meadows sought. *Id.* at 3. She further held that Mr. Meadows failed to demonstrate that the subpoena served on Ms. Powell sufficiently protected attorney-client privilege because it sought information about communications she had while serving as

American's attorney. *Id.*

On February 19, 2026, Mr. Meadows filed objections to Judge Reid's order, *see* ECF No. 208, Plfs.' Objs. to the Magistrate Judge's Order of February 17, 2026 ("Objs."), arguing that the decision to quash Ms. Powell's deposition subpoena should be overturned.[1] For his objections to be sustained, Mr. Meadows must demonstrate that Judge Reid's order was clearly erroneous or contrary to law. Meadows does not come close to meeting that demanding standard. First, Mr. Meadows argues that Ms. Powell is a "[n]ecessary [r]ebuttal [w]itness" because the 2015 voicemail to her was used by opposing counsel in various aspects of this case. Objs. at 2-3. But the voicemail has no relevance to Mr. Meadows's central legal claims, and as Judge Reid rightly concluded, any minimal relevance is outweighed by the burden imposed on Ms. Powell. Second, Mr. Meadows argues that Ms. Powell's status as an attorney should not prevent her from testifying as a fact witness. But that ignores the heightened standard a party is required to meet to depose an attorney—a standard Mr. Meadows does not even attempt to satisfy.

For these reasons, the Court should overrule Mr. Meadows's objections.

## STANDARD OF REVIEW

District judges may consider timely objections to a magistrate judge's ruling on non-dispositive pre-trial matters, such as motions to quash. Fed. R. Civ. P. 72(a). A district court should only overrule a magistrate judge's order if it is clearly erroneous or contrary to law. *See Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). This is an

---

[1] Mr. Meadows did not serve his objections on Ms. Powell, and Ms. Powell's counsel did not receive notice from CM/ECF when they were filed because Ms. Powell is not a party to this case. Counsel for Ms. Powell only learned of the filing on yesterday, March 3, 2026. Mr. Meadows also objects to the portion of Judge Reid's order denying reconsideration of prior rulings quashing Mr. Meadows's subpoena to depose APA president Nick Silva and foreclosing Mr. Meadows from deposing APA representative Mark Myers for a third time. Order at 3-4. Ms. Powell takes no position on those issues.

2

"exacting standard." *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). "To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong; it must … strike [it] wrong with the force of a five-week-old, unrefrigerated dead fish." *Feingold v. Cardinale*, 2024 WL 5120553, at *3 (S.D. Fla. Dec. 16, 2024) (quoting *Cox*, 794 F.3d at 1272 n. 92). And to be contrary to law, a decision must "fail[] to apply or misappl[y] relevant statutes, case law, or rules of procedure." *Bradford Emergency Grp., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2022 WL 4545177, at *1 (S.D. Fla. Sept. 29, 2022).

Pursuant to Federal Rule of Civil Procedure 45, the Court "must quash or modify a [nonparty] subpoena that … subjects a person to undue burden" or "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" under Rule 45. *Talentscale, Inc. v. Aery Aviation, LLC*, 802 F.Supp.3d 1370, 1379 (N.D. Fla. 2025); *see also Am. Online, Inc. v. Bagley*, 2005 WL 8155872, at *2 (S.D. Fla. Nov. 1, 2005) ("DME's status as a non-party entitles DME to special consideration regarding the expense and inconvenience it may suffer" from responding to a subpoena).

## ARGUMENT

I.  **JUDGE REID CORRECTLY CONCLUDED THAT MS. POWELL'S TESTIMONY WAS NOT NECESSARY AND WOULD IMPOSE AN UNDUE BURDEN**

Mr. Meadows argues that Judge Reid's ruling should be overturned because Ms. Powell's testimony is "[n]ecessary" to rebut APA and American's attempts "to portray him as harassing"

by relying on the 2015 voicemail at Mr. Meadows's deposition.  Objs. at 2-3.[2]  But Mr. Meadows fails to explain how or why Judge Reid's conclusion to the contrary was clearly erroneous.  It is Mr. Meadows's burden to demonstrate that Ms. Powell's testimony is relevant. *Feingold v. Cardinale*, 2023 WL 8476408, at *4 (S.D. Fla. Nov. 1, 2023) (Reid, J.), *aff'd* 2024 WL 5120553, at *3 (S.D. Fla. Dec. 16, 2024).  As Judge Reid explained, at best, Ms. Powell's testimony about a voicemail she received more than a decade ago "might be minimally relevant," and neither party "contest[s] that the voicemail message exists, the authenticity of the voicemail message, nor the contents of the message."  Order at 3.  Under those circumstances, it is unclear what relevance, if any, Ms. Powell's testimony would have to this case—making it, at most, "minimally relevant," just as Judge Reid found.

By contrast, "the burden imposed on [] Ms. Powell" to sit for a deposition "is greater." *Id.*  As Ms. Powell explained in her submission to Judge Reid, the tone and content of the 2015 voicemail were threatening.  *See In re AMR Corp.*, 2016 WL 1559294, at *8, (Bankr. S.D.N.Y., Apr. 14, 2016), *aff'd* 764 F. App'x 88 (2d Cir. 2019) (citing that voicemail as an example of a communication from Meadows that was "unprofessional at best and threatening at worst").  Mr. Meadows stated that if Ms. Powell refused to agree to settle his then-pending lawsuit against American, it would be "poisonous to … [her] career," and that he was "certain [she wouldn't] be at American by the end of the year" because he and other people were "after [her], big time."  *In re AMR Corp.*, No. 11-15463-SHL (S.D.N.Y. Bkr. May 16, 2016), ECF No. 12588-3 at 138.[3]

---

[2] Again, American is Ms. Powell's employer and not a party to this litigation.  American has never appeared in this matter, and thus could not have attempted to portray Mr. Meadows in any manner in this matter.

[3] American ultimately relied on this voicemail in part to obtain an injunction prohibiting Mr. Meadows from communicating directly with American employees regarding his litigation, which is still in force today.  *See In re AMR Corp.*, No. 11-15463-SHL (S.D.N.Y. Bkr. May 16, 2016), ECF No. 12738 at 4.

4

Approximately a year after leaving the voicemail, in 2016, Mr. Meadows sued Ms. Powell personally in the Northern District of Illinois. *See Meadows v. Am. Airlines, Inc.*, No. 2015-cv-03899 (N.D. Ill. Aug. 3, 2015), ECF No. 19. As a result of the voicemail and Mr. Meadows's lawsuit against Ms. Powell personally, American removed Ms. Powell from any matter that might require communicating with Mr. Meadows.

In assessing undue burden, the Court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Feingold*, 2023 WL 8476408, at *4. Judge Reid unquestionably did that when she balanced the relevance of Ms. Powell's testimony regarding the voicemail against the burden of subjecting Ms. Powell to a deposition by someone who threatened her and sued her personally. Nothing in Mr. Meadows's objections leaves a "definite and firm conviction that a mistake has been committed" in weighing those concerns. *In re Deepwater Horizon Belo Cases*, 2022 WL 732246, at *2 (N.D. Fla. Mar. 10, 2022). Thus, Judge Reid did not clearly err in granting Ms. Powell's motion to quash.[4]

## II. JUDGE REID RIGHTLY HELD THAT DEPOSITION OF MS. POWELL IS IMPROPER BECAUSE OF HER ROLE AS AMERICAN'S ATTORNEY

Mr. Meadows also claims that Judge Reid erred in "shield[ing]" Ms. Powell from

---

[4] In his objections, Mr. Meadows accuses American's counsel, Mr. Mark Robertson, of "collusion with APA counsel" and "misrepresentations to the Magistrate by submitting an erroneous unsigned subpoena in an attempt to discredit Plaintiff an[d] invalidate his otherwise proper service" upon Ms. Powell. Objs. at 3. Both allegations are frivolous. Mr. Meadows's claim of "collusion" is based on an email chain in which APA's counsel asks Mr. Robertson's permission to share American's data about pilots' scheduling history with Mr. Meadows—data *that Mr. Meadows himself requested*. To suggest that is collusion is nonsensical. The same is true for Mr. Meadows's allegation that Mr. Robertson made "misrepresentations" to Judge Reid. In response to a request from the Court, Mr. Robertson submitted the only copy of the subpoena in his possession, which was originally sent by Mr. Meadows to APA's counsel, and which was unsigned. Mr. Robertson did not intend, and did not ever argue, that the unsigned subpoena discredited Mr. Meadows or invalidated service on Ms. Powell—nor was Mr. Robertson even aware at the time that the subpoena was unsigned. And regardless, Mr. Meadows corrected the record during the hearing by submitting a signed copy of the subpoena to the Court.

deposition "simply because she is also an attorney." Objs. at 2. Not so. Courts generally "exercise great care before permitting the deposition of an attorney," *Stull v. Suntrust Bank*, 2011 WL 13224911, at *2 (S.D. Fla. Jan. 20, 2011), because an attorney's deposition "inherently constitute[s] an invitation to harass the attorney and parties, and to disrupt and delay the case." *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). To justify deposition of an attorney, the party must show that (1) "the deposition is the only practicable means available of obtaining the information"; (2) "the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege"; and (3) the information is "relevant and its need … outweigh[s] the dangers" of deposing the attorney. *Stull*, 2011 WL 13224911, at *2-3.

Applying this well-established framework, Judge Reid concluded Mr. Meadows failed to satisfy it. Order at 3. She held that Mr. Meadows "failed to show how a deposition of Ms. Powell would not violate the attorney-client privilege, given the fact that Ms. Powell was acting in her role as an attorney for American Airlines when the communications [at issue] occurred." Order at 3. In his objections, Mr. Meadows contends that Ms. Powell is a "fact witness" who can testify about his 2011 termination letter and "negotiat[ions] with Plaintiff." Objs. at 2. But just as Judge Reid held, "Ms. Powell was acting in her role as an attorney" during those interactions. Order at 3. Judge Reid therefore did not clearly err in concluding that Mr. Meadows failed to show that the information sought "would not violate the attorney-client privilege." Order at 3; *see also Stull*, 2011 WL 13224911, at *3.[5]

Beyond the privilege issue, Mr. Meadows also failed to satisfy the other two factors

---

[5] Judge Reid also concluded that, contrary to Mr. Meadows's argument, the crime-fraud exception to privilege did not apply. Order at 3. Mr. Meadows does not challenge that holding in his objections.

6

necessary to justify deposition of an attorney. He makes no attempt to indicate that Ms. Powell is "the only reasonably available means of procuring the information" he seeks. *See Curley v. Stewart Title Guar. Co.*, 2019 WL 2552245, at *4 (M.D. Fla. 20, 2019). And as explained above, he has not shown any relevance of the information—much less relevance that "outweigh[s] the dangers" of deposing an attorney. *Stull*, 2011 WL 13224911, at *3.

## CONCLUSION

For these reasons, this Court should overrule Mr. Meadows's objections.

Dated:  March 4, 2026

Respectfully submitted,

 /s/ *Ryan K. Stumphauzer*
Ryan K. Stumphauzer (Florida Bar #12176)
Stumphauzer Kolaya Nadler & Sloman, PLLC
2 South Biscayne Boulevard, Suite 1600
Miami, FL 33131
(305) 614-1400
rstumphauzer@sknlaw.com

Mark W. Robertson (New York Bar #4508248)
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 430-6000
mrobertson@omm.com

*Attorney for American Airlines, Inc.,
on behalf of Ms. Marjorie Powell*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, a copy of the foregoing was served this day on Plaintiff Lawrence Meadows by email and sent by U.S. Mail to 2110 Jackson Ave., Seaford, NY 11783.

/s/ *Ryan K. Stumphauzer*
Ryan K. Stumphauzer

*Attorney for American Airlines, Inc., on behalf of Ms. Marjorie Powell*

8