## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-22589-EA

LAWRENCE MEADOWS,

     Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

     Defendants.

_____/

### ORDER ON DISCOVERY ISSUES

**THIS CAUSE** is before the Court after the discovery hearing held on March 6, 2026, where the Court addressed the request to quash a deposition subpoena from non-party, Lloyd Hill ("Mr. Hill"), and Defendant's Notice of Issues. Upon consideration of the parties' arguments, it is hereby **ORDERED and ADJUDGED** as follows:

Mr. Hill's request to quash the deposition subpoena Plaintiff served on him is **GRANTED**. Federal Rule of Civil Procedure 45 governs the issuance of subpoenas in federal civil actions. In pertinent part, a party may issue subpoenas to non-parties to attend a deposition. Fed. R. Civ. P. 45(a)(1)(B). The limitations placed on discovery by Rule 26, Fed. R. Civ. P., are applicable to nonparty discovery under Rule 45. *See*, *e.g.*, Advisory Committee Note to the 1970 Amendments to Rule 45 (noting that the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules"). So, "[w]hile Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Miss. Dep't of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020) (noting that federal courts in this circuit have uniformly applied this principle).

As such, "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Id*.

Moreover, Rule 45(d)(3)(A)(iv) requires the court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1306 (11th Cir. 2018). Several factors have been identified as pertinent to whether a subpoena would impose an undue burden, including the admissibility or relevance of the information requested and the burden imposed by producing it. *Jordan*, 947 F.3d at 1337 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)); *ML Healthcare*, 881 F.3d at 1306–07 (admissibility and relevance of evidence pertinent to undue burden analysis).

Mr. Hill argued that he does not have any relevant information regarding the allegations raised in Plaintiff's Amended Complaint and this Court agrees. Mr. Hill has not held a position within Allied Pilots Association ("APA") since 2010, and any statements made after that time cannot be attributed to APA. Plaintiff also contends that the sole fact that Mr. Hill was sent a litigation hold letter requesting retention of any documents relevant to Plaintiff from the APA, along with other individuals affiliated with the APA, is proof that Mr. Hill has information relevant to this litigation. Plaintiff, however, can provide no specific evidence that this witness may have and was provided with no documents by the APA despite the litigation hold request.

Further, requiring Mr. Hill to be deposed regarding email messages he sent to APA officials in 2017 about Plaintiff would violate Rule 45(d)(3)(A)(iv). Plaintiff's contention that Mr. Hill's testimony would be relevant to issues raised in Count VI of Plaintiff's Amended Complaint regarding allegations of the APA's violation of his right to freedom of speech under 29 U.S.C. § 101(a)(2) was not supported by the emails Plaintiff presented at the hearing. In the emails, Mr. Hill

had commented on Plaintiff's postings on an APA member website and, in fact, stated Plaintiff's posts should be "preserved." As a result, the deposition subpoena would subject Mr. Hill to undue burden and should be quashed pursuant to Rule 45(d)(3).

2.    Plaintiff has **WITHDRAWN** the deposition subpoenas served on non-parties, Tom Westbrook (former APA board member) and Eric Ferguson (former APA president).

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 9th day of March 2026.

_____

**LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All counsel of record