IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE M. MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

FILED BY _____ D.C.
MAR 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARATAU
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION
TO VACATE THE PROTECTIVE ORDER FOR FRAUD ON THE COURT**

Plaintiff Lawrence Meadows, pursuant to Local Rule 7.1(c), respectfully files this Reply in support of his Emergency Motion to Vacate the Protective Order (ECF No. 205). Defendant Allied Pilots Association's ("APA") opposition brief (ECF No. 216) is a transparent attempt to evade the merits of its counsel's misconduct. Instead of confronting the dispositive new evidence proving its counsel perpetrated a fraud on this Court, APA attacks the motion as a mere "rehash," misstates the applicable legal standard, and concludes with a frivolous request for sanctions. APA's arguments fail, and the Protective Order must be vacated to prevent manifest injustice.

## ARGUMENT

**I. This Motion Is Predicated on Conclusive New Evidence of Fraud, Not a "Rehash" of Prior Arguments.**

APA's central argument - that this motion is merely duplicative of prior motions - is false. This motion is brought under Fed. R. Civ. P. 60(b)(3) and is predicated on dispositive new evidence that was not previously before the Court: the sworn declarations of APA's own former President, Captain Edward Sicher. (ECF No. 205-1, Exs. 1-2). This is not conjecture; it is direct,

1

firsthand proof that APA's counsel, John Pellettieri, made several substantive material misrepresentations of fact to this Court to procure the Protective Order that now shields APA's ongoing misconduct from discovery.

Specifically, Mr. Pellettieri repeatedly stated that attorney Sue Edwards never represented, nor was retained to represent Plaintiff. Captain Sicher's declarations prove this was a falsehood. Captain Sicher attests under oath that he, as APA President, personally retained Ms. Edwards to represent Plaintiff and authorized a $10,000 retainer for that express purpose. (ECF No. 205, Ex. 1 ¶ 26 and Ex. 2 ¶ 5).

Tellingly, Mr. Pellettieri has never submitted a declaration in his own defense - not in response to the original motion for sanctions, and not now in response to this instant motion. His continued silence in the face of direct, sworn testimony from APA's own former President speaks volumes and amounts to a tacit admission of his fraud.

## II. The Court Has Inherent Authority to Vacate an Interlocutory Order Procured by Fraud.

APA's argument that Rule 60(b) applies only to "final" orders is a red herring. It is beyond dispute that a court has inherent and plenary authority to modify or vacate its own interlocutory orders at any time before final judgment, particularly to prevent manifest injustice. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000).

When an interlocutory order, such as the Protective Order here, is procured by fraud on the court, that authority is at its zenith. The standards of Rule 60(b)(3) provide the proper analytical framework for determining when such misconduct warrants relief. APA's counsel deceived the Court, leading it to the erroneous conclusion that post-2021 facts were irrelevant. The resulting Protective Order is therefore fundamentally tainted and must be vacated to restore integrity to these proceedings.

### III. The Fraudulently-Obtained Protective Order Is Causing Ongoing and Irreparable Prejudice.

APA is now using the fraudulently-obtained order as both a sword and a shield to obstruct justice. APA has explicitly stated in its filings (ECF No. 200) and at mediation that it intends to hide behind the Protective Order's temporal limitations to block all discovery into the events confirmed by Captain Sicher, including the collusive secret settlement, the retaliatory termination of Plaintiff's membership, and the widespread spoliation of evidence by its highest-ranking officers.

Forcing Plaintiff to proceed to summary judgment and trial on a constrained and tainted evidentiary record - a record artificially limited by a protective order procured through fraud - is a fundamental denial of due process. APA cannot be permitted to benefit from its own counsel's misconduct. Discovery cannot meaningfully proceed until the Protective Order is vacated and the full scope of APA's continuing violations can be investigated.

### CONCLUSION

**WHEREFORE,** for the foregoing reasons and those stated in the initial Motion, Plaintiff respectfully requests that the Court GRANT this Emergency Motion and enter an Order VACATING the Protective Order of November 13, 2025 (ECF No. 138) in its entirety.

Dated March 10, 2026.

Respectfully Submitted,

_____
Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

3

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 10, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

*Lawrence M. Meadows*

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*