IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/



FILED BY _____ D.C.
MAR 1 2 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**PLAINTIFF'S SECOND MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE PURSUANT TO FED. R. CIV. P. 37**

Plaintiff respectfully moves this Court pursuant to Federal Rule of Civil Procedure 37(e) for an order imposing sanctions on Defendant Allied Pilots Association ("APA") for its failure to preserve electronically stored information ("ESI"). This motion is based on new evidence obtained during the March 4, 2026, deposition of former APA President Daniel Carey, a key custodian of evidence, who testified under oath that APA never issued him a litigation hold letter and that he routinely deleted and didn't preserve relevant communications with Plaintiff. As a sanction for this willful and prejudicial conduct, Plaintiff requests that the Court issue an adverse inference instruction to the jury, and any other relied the Court deems just and proper.

**FACTUAL BACKGROUND**

1.     On March 4, 2026, Plaintiff took the deposition of Daniel Carey, who served as APA's President from July 2016 through June 2019. This period is central to Plaintiff's claims, as it encompasses APA's failure to prosecute Plaintiff's grievances and its broken promises to secure his seniority reinstatement after he re-obtained his Federal Aviation

("FAA") Airman's Medical Certificate to once again perform his duties as an active line pilot for American Airlines.

2. During the deposition, Captain Carey confirmed that a substantial portion of his communications with Plaintiff occurred via his personal, non-APA email address (Careycargo@gmail.com) and via text message. *See* Declaration of Lawrence Meadows in Support of Second Motion for Sanctions. ("Meadows Decl." **Ex. A** at ¶ 3).

3. Despite being the sitting President during this critical period, Captain Carey testified unequivocally under oath that:

   a. He **never received a litigation hold letter** from APA at any point during his presidency. *Id.* at ¶ 4(a).

   b. He confirmed his name was **not included as a "To:" recipient** on the various litigation hold letters APA has produced in this litigation, which were issued during and after his tenure. *Id.* at ¶ 4(b).

   c. He **did not preserve** the emails and text messages exchanged with Plaintiff on his personal accounts. *Id.* at ¶ 4(c).

   d. He **routinely deleted** such communications and subsequently lost years of data from his personal devices due to his practice of replacing phones without utilizing cloud backups. *Id.* at ¶ 4(d).

4. APA's failure to place a litigation hold on its own President is inexcusable and stands in stark contrast to its own stated understanding of its preservation duties. A litigation hold notice sent by APA's counsel in March 2025 explicitly states the obligation extends to personal devices and accounts:

> *The retention requirement applies regardless of the source of the information… . Keep in mind that any of the sources mentioned above are not limited to APA-provided equipment and may include other computers, mobile devices you use for union purposes or have access to either at home or at other locations. The term "all documents" includes any relevant emails or documents saved in personal email accounts (such as gmail accounts)…* (ECF 207-1, Ex. F at 17).

5. APA clearly knew its obligations and explicitly stated such in is litigation hold notice, but selectively failed to apply them to a key custodian, resulting in the permanent loss of evidence central to this case.

## MEMORANDUM OF LAW

Spoliation sanctions are appropriate where "(1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a 'culpable state of mind'; and (3) the evidence was relevant to the other party's claim or defense." *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010). For ESI, Rule 37(e) governs.

Here, all elements are met.

### A. APA Had a Duty to Preserve Carey's Communications.

APA's duty to preserve evidence arose no later than 2013, when it received Plaintiff's first preservation letter. *See* ECF 180-2. As APA President from 2016 to 2019, Captain Carey was a key decision-maker and custodian of evidence directly relevant to Plaintiff's claims. APA had a non-delegable duty to take reasonable steps to preserve his communications, the first and most basic of which is issuing a litigation hold. *See, e.g., Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). APA's failure to do so is a flagrant breach of this duty.

### B. APA Acted with Intent to Deprive, Warranting an Adverse Inference.

3

Under Rule 37(e)(2), parties can establish the requisite bad faith through either direct or circumstantial evidence. *Calixto v. Watson Bowman Acme Corp.*, 2009 U.S. Dist. LEXIS 111659, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009) The Court does not find any direct evidence of bad faith. Thus, the Court will consider whether a moving party established bad faith through circumstantial evidence. *Pete v. Cooper*, No. 1:24-cv-24228, 2025 U.S. Dist. LEXIS 266939, at *43 (S.D. Fla. Oct. 9, 2025); *In re Skanska United States Civil Se.*, 340 F.R.D. 180, 188 (N.D. Fla. 2021)

Here, APA's intent can be inferred from the circumstances. It issued litigation holds to other former officers but conspicuously failed to issue one to the President who was in office during the events in question. This was not mere negligence; it was a targeted failure that ensured a key witness would not preserve his communications. The only plausible reason for such a deliberate omission is that APA intended to deprive Plaintiff of the use of those communications, which would have substantiated his claims and impeached Carey's testimony. This willful conduct justifies the severe sanction of an adverse inference instruction

**C. The Lost Evidence is Relevant and Highly Prejudicial.**

The destroyed emails and texts between Plaintiff and Captain Carey are undeniably relevant. They are the best evidence of the promises APA made to Plaintiff and the retaliatory animus behind its failure to prosecute his grievances. The loss of this evidence is severely prejudicial. It deprives Plaintiff of the ability to use Carey's own words to prove his claims and forces him to rely on witnesses' fading memories, which is precisely the harm spoliation sanctions are meant to cure.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests the Court grant this motion and order that the jury be instructed to presume that the lost ESI from Captain Carey's personal accounts was unfavorable to APA, for sanctions, and any other relief this Court deems just and proper.

**CERTIFICATE OF CONFERRAL PURSUTANT TO S.D. Fla. L.R. 7.1(a)(3).**

I hereby certify that on March 10, 2026, I conferred telephonically with opposing counsel, Joshua Shiffrin, regarding the relief sought in this motion. Mr. Schiffrin stated that APA opposes this motion.

Dated: March 12, 2026.

Respectfully Submitted,

*/s/ Lawrence M. Meadows*

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 12, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/

**DECLARATION OF LAWRENCE M. MEADOWS IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

I, Lawrence Meadows, declare as follows:

1. I am the Plaintiff in this action and am proceeding pro se. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. On March 4, 2026, I conducted the video deposition of former APA President Daniel Carey.

3. During the deposition, Captain Carey acknowledged that during his tenure as APA President from July 2016- July 2019, that he and I frequently and primarily communicated through his personal email address, careycargo@gmail.com, and via text message regarding APA union business relevant to my claims.

4. Under oath, Captain Carey testimony confirmed the following:

    a. That he was never sent, nor received a litigation hold letter from APA during his entire tenure as APA President from 2016 to 2019.

    b. When shown copies of litigation hold letters produced by APA in this case, he confirmed that his name did not appear as one of the "To:" recipients.

1

    c. That he did not preserve the personal emails and text messages he exchanged with me regarding my case.

    d. That he routinely deleted electronic communications and had lost data from his personal devices after replacing them without creating cloud backups.

5. The certified transcript of this deposition is expected to be available early next week, upon receipt of which I will supplement the record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2026.

_____
Lawrence M. Meadows

2