IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU

_____ /

FILED BY _ℳℭ𝒪_ D.C.

MAR 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S REPLY IN SUPPORT OF**
**EMERGENCY MOTION TO STAY ALL DEADLINES**

Plaintiff, Lawrence Meadows, respectfully files this Reply in support of his Emergency

Motion to Stay Discovery and Extend All Deadlines (ECF No. 213). Defendant Allied Pilots

Association's ("APA") perfunctory Opposition (ECF No. 226) is notable more for what it

concedes than what it contests. APA expressly agrees that the current trial schedule is untenable,

and its subsequent, escalating demand - made after conferring with Plaintiff today - to file a 55-

page summary judgment motion confirms that rushing to dispositive motions on this

compromised record is both prejudicial and procedurally improper. For these reasons, the Court

should grant the requested stay.

**ARGUMENT**

I.     **APA's Concession that Trial Deadlines Must Be Adjourned Mandates a Stay of**
        **All Intervening Deadlines.**

The most glaring flaw in APA's Opposition is its own admission that "the current trial

deadlines … should be adjourned while APA's motion for summary judgment is pending." (ECF

No. 226 at 1–2). This concession validates the core premise of Plaintiff's motion: the existing

1

case schedule is unworkable. It is procedurally nonsensical and manifestly prejudicial to force Plaintiff to brief a dispositive summary judgment motion - due April 1, 2026 - while simultaneously acknowledging that the trial date two months later must be vacated.

If the trial cannot proceed as scheduled, then logically, none of the deadlines that precede it can be fairly enforced. Summary judgment briefing is not a standalone exercise; it is an integral part of the pretrial process conducted on a closed and settled record. Where, as here, the trial date is admittedly unrealistic, the entire pretrial schedule leading up to it, including dispositive motion deadlines, must be stayed. APA cannot have it both ways - conceding the back end of the schedule is broken - while trying to reap the benefit of a front-loaded dispositive motion deadline.

## II. APA's Demand for a 55-Page Motion Confirms Summary Judgment is Premature and Prejudicial.

Following the filing of its Opposition, APA has now demanded leave to file a Motion for Summary Judgment of unprecedented length: a 35-page brief and a 20-page Statement of Facts, for a total of 55 pages. This is nearly double the 30-page aggregate limit established by S.D. Fla. L.R. 56.1. This exorbitant request is not a mere procedural matter; it is a de facto admission that this case is far too factually complex and disputed to be suitable for summary judgment.

A request of this magnitude "screams complexity" and belies any notion that this case can be resolved on a simple presentation of undisputed facts. More importantly, it demonstrates the profound prejudice Plaintiff faces. APA asks the Court to force Plaintiff to respond to a 55-page motion, likely supported by thousands of pages of exhibits, within the District's short 14-day response period, all while the record remains tainted and incomplete. This is a transparent attempt to overwhelm Plaintiff and capitalize on a discovery period that was corrupted by the

2

very conduct at issue in numerous pending motions. APA's own litigation tactic confirms that proceeding to summary judgment now is untenable.

**III. A Stay Is Not Moot; It Is Necessary to Preserve Due Process and Judicial Integrity.**

APA's argument that Plaintiff's motion is "moot" because the March 14 discovery deadline has passed misses the point entirely. (ECF No. 226 at 1). The consequences of a discovery period tainted by spoliation, fraud, and improper limitations are ongoing and acute. In fact, this Reply, once filed, will make this the ninth fully-briefed, case-altering motion awaiting adjudication, in addition to five pending Objections before this Court,  along with two additional motions filed last week which affect the scope and integrity of the record.

These eleven pending matters directly challenge the completeness and integrity of the evidentiary record upon which APA now seeks to build its 55-page motion. They include:

1. **Motions that Redefine the Scope of the Case:** Plaintiff's Motion to Supplement the Pleadings (ECF No. 129) and Motion to Vacate the Protective Order for Fraud on the Court (ECF No. 205), and Plaintiff's pending Motion to Transfer Venue And Consolidate Actions (Related E.D.N.Y. lawsuit) (ECF No. 224).

2. **Motions that Implicate Counsel's Fitness:** Plaintiff's motions to disqualify APA's counsel for witness tampering and an unwaivable conflict of interest (ECF Nos. 109/110, 142).

3. **Motions that Challenge the Integrity of the Record:** Plaintiff' first Motion For Sanctions For Spoliation Pursuant to Rule 37(ECF No. 187), and Plaintiff's now pending Second Motion for Sanctions for Spoliation Pursuant to Rule 37 (ECF No. 223).

APA's suggestion that the Court can simply "entertain a request for limited additional discovery" later (ECF No. 226 at 1) is a procedurally backward and prejudicial proposal. It

3

would force Plaintiff to oppose summary judgment with one hand tied behind his back, armed with an incomplete record, while hoping for a chance to obtain the necessary evidence later. The Federal Rules provide for discovery *before* summary judgment, not after. A stay is required to allow for the resolution of these foundational challenges before any party is forced to engage in dispositive motion practice.

## CONCLUSION

In sum, APA asks this Court to ignore a procedural logjam of its own creation and rush to summary judgment on a spoiled record. In the same breath, it admits the current schedule is unworkable and simultaneously telegraphs its intent to bury Plaintiff under a 55-page motion that is almost double the size permitted by the Rules. Plaintiff's Emergency Motion to Stay is not moot; it is more critical than ever. To protect the integrity of these proceedings and ensure fundamental due process, Plaintiff respectfully requests the Court grant the motion, stay all proceedings, and extend all case deadlines by at least ninety (90) days following the final resolution of the nine fully briefed and two pending motions.

Dated: March 17, 2026

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 17, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

_Lawrence M. Meadows_
Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*