IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/

FILED BY_____ D.C.

MAR 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCEED PAGE LIMITS

Plaintiff Lawrence Meadows opposes Defendant Allied Pilots Association's ("APA") Motion to Exceed Page Limits (ECF No. 228). Granting this motion would be a grave error. It would implicitly sanction the filing of a premature, improper summary judgment motion while Plaintiff's fully briefed Emergency Motion to Stay All Deadlines (ECF No. 213) is pending and ripe for decision. APA's motion is a transparent attempt to bury Plaintiff under a mountain of paper on a spoiled, incomplete record. It is procedurally defective, was preceded by a deficient meet-and-confer, and is itself the strongest evidence that this factually complex case is utterly unsuitable for summary judgment. The motion should be denied outright.

### ARGUMENT

**I. The Court Must Decide the Pending Stay Motion Before Entertaining This Request.**

The threshold issue before this Court is not how long APA's summary judgment motion should be, but whether it should be permitted to file one at all. Plaintiff's Emergency Motion to Stay (ECF No. 213), now fully briefed by Plaintiff's Reply filed this morning (ECF No. 227), details no fewer than eleven pending, case-altering matters that challenge the scope of this case,

1

the integrity of the record, and the fitness of APA's counsel. It would be an affront to due process and judicial economy to grant APA leave to file a 55-page tome while ignoring the pending, dispositive motion that argues any such filing is fundamentally premature and prejudicial.

The Court should deny this motion and first adjudicate the Emergency Motion to Stay. Proceeding otherwise puts the cart before the horse and forces Plaintiff to litigate on two fronts, responding to preliminary procedural motions for an MSJ that the Court will likely find to be improper.

## II. APA's Request is a De Facto Admission that this Case is Unsuitable for Summary Judgment.

APA seeks to file a 55-page dispositive motion - a 35-page brief and a 20-page statement of facts. This is nearly double the 30-page aggregate limit prescribed by S.D. Fla. L.R. 7.1 and 56.1. This exorbitant request is APA's own admission that this case, which involves an 113-page Complaint and a decade of misconduct, "screams complexity." Summary judgment is reserved for cases with limited, undisputed facts. APA's need for 55 pages to state its arguments proves this case is the polar opposite: a factually dense, intricate dispute riddled with credibility issues that must be decided by a jury.

Granting this motion would allow APA to weaponize the rules, burying Plaintiff under a voluminous motion on a tight 14-day deadline, all while the record remains polluted by spoliation, constrained by a fraudulently procured Protective Order, and the case subject to motions for disqualification and transfer.

## III. APA's Motion is the Product of Deficient Procedure and Bad Faith.

APA's motion is tainted by a pattern of procedural failures that demonstrate haste and a disregard for the Court's rules.

First, this is the **second consecutive filing** by APA's counsel that is technically defective for failing to include a Certificate of Service as required by Fed. R. Civ. P. 5(d). *See* APA's Opposition to Stay (ECF No. 226); APA's Motion to Exceed Page Limits (ECF No. 228). This pattern demonstrates a troubling lack of diligence.

Second, APA failed to properly confer as mandated by Judge Artau's Order (ECF No. 177). Counsel conferred telephonically regarding a request for a 35-page brief and a 15-page statement of facts. After that call, counsel unilaterally increased the request for the statement of facts by 100% (to 20 pages) via a cursory email, presumptuously stating, "we assume that you remain opposed." This is not good-faith conferral. A material change of this magnitude required another telephonic conference, not a dismissive email assumption.

These defects are not mere trifles; they are symptomatic of APA's rush to file a premature motion before this Court can rule on the pending stay and impose order on these proceedings.

## CONCLUSION

APA's request is improper, prejudicial, and procedurally defective. The Court should deny the motion and turn to the dispositive, fully briefed Emergency Motion to Stay. To do otherwise would validate APA's gamesmanship and force Plaintiff to litigate a summary judgment motion on a un-level playing field that APA and its conflicted counsel have already rigged with spoliated evidence, fraud on the court, and ethical conflicts.

In the alternative, should the Court be inclined to grant APA's extraordinary request of almost double the allowed page limit, then fundamental fairness and due process require that Plaintiff be afforded reciprocity. Accordingly, Plaintiff should be afforded an identical page limit of 55 pages for his Opposition and Counter-Statement of Facts, and have his response time be

doubled from 14 days to twenty-eight (28) days to permit a meaningful review of and response to APA's voluminous filing.

**WHEREFORE,** Plaintiff respectfully requests the Court DENY Defendant's Motion to Exceed Page Limits (ECF No. 228) in its entirety. In the alternative, if the motion is granted, Plaintiff requests leave to file an opposition brief and counter-statement of facts of equal length (55 pages) and an extension of the response deadline to twenty-eight (28) days from the date of APA's filing.

Dated: March 17, 2026

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 17. 2026, a true

and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S.

Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*