IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

FILED BY _____ D.C.

MAR 23 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/

**PLAINTIFF'S SIXTH OBJECTION UNDER FED. R. CIV. P. 72(a)
TO THE MAGISTRATE JUDGE'S ORDER GRANTING
DEFENDANT'S MOTION FOR EXCESS PAGES (ECF NO. 231)**

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Lawrence Meadows objects

to the Magistrate Judge's Paperless Order of March 19, 2026 (ECF No. 231), which granted

Defendant Allied Pilots Association's ("APA") Motion to Exceed Page Limits. The Order is

clearly erroneous and contrary to law. It improperly adjudicated a subordinate procedural motion

before this Court has ruled on a ripe, dispositive Emergency Motion to Stay (ECF No. 213); it

ignored APA's own concessions and Plaintiff's request for reciprocal relief, creating manifest

prejudice; and it contributes to an undeniable appearance of judicial bias that is setting up Plaintiff

to be disposed of on a tainted record. This Court must vacate the Order and grant the pending

Motion to Stay to restore due process and order to these proceedings.

**ARGUMENT**

**I.    The Order Is Contrary to Law Because It Decides a Subordinate Motion Before a
Threshold Dispositive Motion.**

The Magistrate Judge's order is contrary to the fundamental principles of judicial

administration. Currently pending and fully briefed before this Court is Plaintiff's Emergency

1

Motion to Stay All Deadlines (ECF No. 213). That motion is dispositive of the entire pretrial schedule and raises the threshold question of whether APA should be permitted to file a summary judgment motion at all on the current tainted and incomplete record.

Instead of allowing this Court to rule on that critical, case-altering motion, the Magistrate Judge leapfrogged ahead to rule on a subsequently filed, subordinate, procedural motion concerning the format of the very summary judgment motion the stay seeks to prevent. This is procedurally backward and legally erroneous. A court cannot logically rule on the length of a motion before the propriety of that motion has been determined. The Order puts the cart before the horse and should be vacated on this ground alone.

## II. The Order Is Clearly Erroneous and an Abuse of Discretion.

The Magistrate Judge's order is clearly erroneous because it completely ignores the alternative relief requested by Plaintiff and conceded by APA, creating a one-sided and manifestly unjust procedural landscape.

In Plaintiff's Opposition (ECF No. 229), Plaintiff explicitly requested that, in the alternative, if APA's motion were granted, he be afforded an equal page limit and double the response time (28 days) to address APA's extraordinarily voluminous filing. In its own Reply (ECF No. 230), APA stated it did not oppose a "commensurate extension of page limits" and would not oppose a "reasonable extension of time."

The Magistrate Judge's order granted APA everything it wanted - a 55-page motion - while granting Plaintiff nothing. It summarily ignored the reciprocal rights essential to maintain a semblance of fairness. Granting one party leave to file a motion nearly double the standard length while simultaneously denying the opposing party's uncontested request for the pages and time

2

needed to equally and fairly respond is a gross abuse of discretion. It is the definition of a "setup" designed to ensure a non-moving party cannot mount an adequate defense.

**III. The Order Creates an Appearance of Bias and Validates a Prejudicial "Kill Box."**

When viewed in context, the Magistrate's order is not a mere procedural ruling; it is an active step in engineering a prejudicial outcome. The Magistrate has ignored a fully briefed motion to stay, ignored APA's own concessions regarding the broken trial schedule, and ignored Plaintiff's uncontested request for reciprocity. The only party to benefit from this sequence of events is APA.

This creates an undeniable appearance that the Court is pre-judging the outcome and paving the way for a summary disposition, rather than a fair adjudication. Such a ruling, which so perfectly and prejudicially benefits one side while devastating the other, is one that would cause any reasonable person to question the court's impartiality. 28 U.S.C. § 455.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Order at ECF No. 231 is clearly erroneous and contrary to law. Plaintiff respectfully requests this Court vacate the Order and, to restore fundamental fairness and judicial economy, grant Plaintiff's pending Emergency Motion to Stay All Deadlines.

Dated: March 23, 2026

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139

3

Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 23. 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*