**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

    Plaintiff,                                 **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

    Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**SECOND MOTION FOR SPOLIATION SANCTIONS**

Defendant Allied Pilots Association ("APA") files this response in opposition to Plaintiff's second motion (ECF No. 223) for sanctions for alleged spoliation of evidence. Plaintiff contends that he is entitled to an adverse-inference instruction because APA's former president Dan Carey allegedly destroyed texts messages and emails between Captain Carey and Plaintiff. Plaintiff's motion is entirely without merit and should be denied.

Under Federal Rule of Civil Procedure 37(e), "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," a court "may" instruct the jury to draw an adverse inference against the spoliating party, but "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). The Eleventh Circuit has held that "the 'intent to deprive another party of the information's use in the litigation' is the equivalent of bad faith in other spoliation contexts." *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312 (11th Cir. 2023). "The phrase 'intent to deprive' naturally requires that the spoliator has a

1

'purpose of hiding adverse evidence' from other parties," which "is more than negligence or even gross negligence." *Id.*; *see Breedlove v. Hill*, No. 24-CV-11579, 2025 WL 1906057, at *2 (11th Cir. July 10, 2025) ("Without evidence of nefarious intent, a district court cannot impose the severe default-judgment sanction.").

In short, in order to impose sanctions under Rule 37(e) for the destruction of electronically stored information (ESI), a court must find that "(1) the ESI should have been preserved in the anticipation or conduct of the litigation, (2) the ESI is lost or destroyed, (3) the loss of the ESI is due to the party's failure to take reasonable steps to preserve the ESI, and (4) the ESI cannot be restored or replaced through additional discovery." *Akkasha v. Bloomingdales, Inc.*, No. 17-CV-22376, 2019 WL 11215918, at *4 (S.D. Fla. Oct. 18, 2019) (cleaned up). "[I]f all of the conditions enumerated above are met," in order to order an adverse-inference instruction as a sanction, the court must then also determine whether the facts support a finding of bad faith. *Id.*

Plaintiff claims that he is entitled to an adverse-inference instruction based on the following allegations: First, Plaintiff alleges (ECF No. 223, at 2) that former APA President Dan Carey used his personal phone and email address to communicate with Plaintiff via text and email during his presidency between July 2016 and June 2019. Second, Plaintiff avers (*id.*) that APA did not notify Captain Carey that he should preserve communications with Plaintiff that could potentially be relevant to pending or contemplated litigation between Plaintiff and APA. Third, Plaintiff asserts (*id.*) that Captain Carey deleted his texts and personal emails after his term as APA president ended and he no longer held a position at APA.

These allegations do not support Plaintiff's request for an adverse-inference instruction.

First, Plaintiff has not shown that Dan Carey's texts and emails were "lost" and "cannot be restored or replaced." Fed. R. Civ. P. 37(e). To the contrary, Plaintiff presumably possesses the

texts and emails between himself and Dan Carey. Plaintiff had commenced litigation against APA in the District of Utah in 2014, prior to the start of Dan Carey's term as president, and he filed the complaint in this case in 2017, a year after Dan Carey's term as president commenced.[1] Plaintiff therefore had every opportunity to preserve those texts and emails if he felt that they were relevant to his pending or contemplated litigation. To the extent Plaintiff himself may have destroyed the texts or emails, he can hardly contend that APA was reasonably required to take steps to preserve the documents when he himself did not think that they should be preserved.

Second, Plaintiff has not come close to demonstrating that APA acted in bad faith. Plaintiff does not provide evidence suggesting that APA acted with the "'purpose of hiding adverse evidence' from" Plaintiff. *Skanska*, 75 F.4th at 1312. It is difficult to see how APA could have intended to hide texts and emails from Plaintiff that he himself had received or sent. Plaintiff's contention that APA acted in bad faith to intentionally deprived him of those texts and emails defies logic and common sense. Nor does the fact that APA did not include Captain Carey as a recipient of a litigation hold memo establish that APA intended to deprive Plaintiff of his emails and texts with Captain Carey. As APA explained in its response to Plaintiff's first spoliation motion, APA reasonably sent litigation-hold memoranda to individuals APA believed could potentially possess information relevant to Plaintiff and the claims raised by Plaintiff. *See* ECF No. 207, at 2, 7-8. APA acted in good faith at all times.

For the foregoing reasons, Plaintiff's second motion for sanctions based on alleged spoliation should be denied.

---

[1] Dan Carey started his term as president of APA in July 2016. Plaintiff filed his complaint in the District of Utah in 2014. *See Meadows v. APA*, No. 2:14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27, 2015). He filed his initial complaint in this case on July 11, 2017. ECF No. 1. Captain Carey's presidency ended in June 2019.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: March 26, 2026

4