UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,

     Plaintiff,                                  **CASE NO. 1:17-CV-22589-EA**

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

     Defendants.

_____/

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANFER VENUE AND CONSOLIDATE ACTIONS

Defendant Allied Pilots Association ("APA") files this response in opposition to Plaintiff's motion (ECF No. 224) to transfer venue and consolidate actions. The motion should be denied.

Plaintiff filed the complaint in this case in July 2017 (ECF No. 1) and the amended complaint in October 2018 (ECF No. 35). The case was stayed for several years until 2025. *See* ECF Nos. 37, 42, 45, 50. After the Court lifted the stay, Plaintiff sought discovery regarding events between 2022 and 2025 that long post-dated the allegations in the amended complaint and were not relevant to the claims in that complaint. *See* ECF No. 138, at 11-12. Magistrate Judge Reid granted APA's motion for a protective order limiting discovery to events that preceded 2022. *Id.* at 13-14. Plaintiff filed objections to the protective order, ECF No. 149, and a belated motion to supplement the amended complaint with facts between 2022 and 2025, ECF No. 129. While those motions were pending, Plaintiff filed a new lawsuit in the Eastern District of New York against APA, APA President Nick Silva, attorney Sue Edwards (who has previously represented APA in several matters), and American Airlines. *See Meadows v. Am. Airlines*, No. 26-CV-679, ECF No.

1

1 (E.D.N.Y. Feb. 6, 2026). That lawsuit asserts claims based on the events between 2022 and 2025 that are the subject of Plaintiff's motion to supplement the amended complaint in this case.

Plaintiff now seeks to transfer the case in the Eastern District of New York to this district and then consolidate it with this case, effectively seeking the relief he requests in his pending objection to the protective order and his motion to supplement the amended complaint. That request is without basis in law and should be rejected.

To the extent Plaintiff requests that this Court enter an order transferring the case from the Eastern District of New York to the Southern District of Florida, that request must be denied because this Court lacks authority. "[O]nly the court in which a case is pending has the power to transfer that case under [28 U.S.C.] § 1404(a)." *Parker v. Polaris Indus.*, No. 06-CV-61389, 2006 WL 8432621, at *1 (S.D. Fla. Dec. 28, 2006). "A district court lacks jurisdiction to order transfer of a case pending in a different district to itself. The party seeking transfer must make a motion in the court in which the case is pending." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 (4th ed. 2025). Nor can the Court consolidate the two actions under Federal Rule of Civil Procedure 42. "A court cannot consolidate causes of action pending in different federal districts because those actions pending before a different district court cannot properly be considered 'pending before the court' as required by Fed. R. Civ. P. 42(a)." *Parker*, 2006 WL 8432621, at *2; see 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2025). ("Actions pending in different districts may not be consolidated under Rule 42(a) . . . .").

Plaintiff's motion should also be denied insofar as he requests that this Court enter an order "recommending the transfer of the E.D.N.Y. action to this District." ECF No. 224, at 3. There is no procedural mechanism for a district court to recommend to a coordinate district court in another

2

jurisdiction that it transfer a case. Such a recommendation would be akin to an impermissible advisory opinion. *See, e.g.*, *Clayton v. Trump*, No. 25-CV-60120, 2025 WL 4031666, at *4 (S.D. Fla. June 2, 2025) (rejecting a request for a recommendation to the Supreme Court because "[s]uch a recommendation would amount to a prohibited advisory opinion"). If Plaintiff wants to seek transfer of his case in the Eastern District of New York to this district, he must request that relief in the Eastern District of New York. There is no role for this Court to play in that procedure.[1]

For the foregoing reasons, Plaintiff's motion to transfer venue and consolidate cases should be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

---

[1] On March 19, 2026, the district court in the Eastern District of New York ordered the defendants in that case to show cause why the action should not be transferred to the Southern District of Florida. APA has responded to that order, explaining that transfer is impermissible under 28 U.S.C. § 1404(a) because the Southern District of Florida lacks jurisdiction over defendant Nick Silva. Letter Resp. to Order to Show Cause re Transfer, *Meadows v. Am. Airlines*, No. 26-CV-679 (E.D.N.Y. Mar. 24, 2026), ECF No. 22; *see, e.g.*, *Troeger v. JetBlue Airways Corp.*, No. 23-CV-10859, 2024 WL 5146185, at *16 (S.D.N.Y. Dec. 17, 2024) ("[T]o permit transfer under 28 U.S.C. § 1404(a), the transferee district must be able to exercise personal jurisdiction over all defendants in the case."). APA further explained that Plaintiff should not be permitted to use transfer as a procedural end run around this Court's determination of his motion to supplement the amended complaint, and if Plaintiff regrets his choice of forum, the best course of action would be for him to voluntarily dismiss the case in the Eastern District of New York and refile a new complaint in an appropriate forum. *See* Letter Resp. to Order to Show Cause re Transfer, *Meadows v. Am. Airlines*, No. 26-CV-679 (E.D.N.Y. Mar. 24, 2026), ECF No. 22, at 2.

/s/ Joshua B. Shiffrin
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: March 26, 2026