IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

FILED BY_____ D.C.

MAR 3 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF SECOND MOTION FOR SANCTIONS FOR SPOLIATION (ECF NO. 223) PURSUANT TO FED. R. CIV. P. RULE 37

Defendant APA's Opposition (ECF No. 233) is predicated on a material misrepresentation to this Court: that its duty to preserve evidence arose in 2017. This is demonstrably false. As the record shows, APA has been in a continuous litigation posture with Plaintiff since **2013**, placing it under an uninterrupted duty to preserve evidence from key custodians like its own President.

APA's failure to issue a litigation hold to Captain Dan Carey was not mere negligence; it was a targeted, bad-faith failure that resulted in the permanent destruction of highly relevant, likely non-privileged communications. This Court must impose severe sanctions.

### ARGUMENT

### I. APA's Duty to Preserve Arose in 2013 and Was Continuous.

APA's duty to preserve evidence has been unbroken for well over a decade. The undisputed record, much of which APA was a party to, shows:

1

- On **September 20, 2013**, Plaintiff served his first litigation hold letters on APA's President and its legal department, explicitly putting APA on notice of its preservation obligations. (See Pl.'s First Mot. for Sanctions, ECF No. 187, Ex. 2 at 12–16).

- On **February 19, 2014**, Plaintiff filed suit against APA in the District of Utah (Case No. 2:14-cv-00115-EJF).

- Following a dismissal of his LMRDA Claims without prejudice in late **2015**, which directed Plaintiff to first exhaust his internal union remedies – he commenced internal Article VII charges against APA leadership from 2015-2017  - which involved discovery and merits hearings with sworn testimony.  Additionally, he immediately also appealed the dismissal of his RLA DFR claims to the 10th Circuit of Appeals and on **August 31, 2016**, Plaintiff filed a Rule 60 motion in the Utah action.

Captain Dan Carey took office as APA President on **July 1, 2016**, inheriting a union that was actively litigating on multiple fronts against Plaintiff and similarly situated formerly disabled pilot, Kathy Emery's parallel LMRDA claims *Emery v Allied Pilots Assoc.* (Fla. S.D. Case No. 14-cv-80518-DTKH, Jan. 4, 2017). [1]

For APA to now claim it "reasonably" failed to issue a litigation hold to its own President under these circumstances is absurd. This was a willful and targeted failure that ensured a key custodian's communications would not be preserved. This constitutes gross negligence that supports an inference of bad faith. *See Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010).

---

[1]     *Emery* involved the exact same set of facts, party, witnesses, and type of LMRDA claims raised in Plaintiff's First Amended Complaint (ECF No. 35), and was filed in 2014 before Dan Carey took office, and resulted in an injunction and  adverse ruling that APA's lockout of Emery, and MDD pilot similarly situated to Plaintiff was an impermissible infringement of free speech in violation of the LMRDA.

## II. The Destroyed Evidence is Irreplaceable, Highly Relevant, and Likely Non-Privileged.

APA's argument that the evidence is not "lost" because Plaintiff possesses his copies is a classic, improper attempt to improperly shift its burden of preservation. The defendant has an independent duty to preserve its own records, including crucial metadata and internal discussions about those communications.

This destroyed evidence is undeniably relevant. Critically, these communications were made in furtherance of APA's bad-faith grievance handling and its retaliation against Plaintiff for his protected LMRDA activity. Such conduct constitutes an intentional tort, and under controlling Eleventh Circuit law, communications in furtherance of such tortious conduct are not privileged. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1416 (11th Cir. 1994) (holding the crime-fraud exception applies to communications in furtherance of a tort). By allowing this evidence to be destroyed, APA has deprived Plaintiff of discoverable, non-privileged evidence essential to proving its retaliatory motive. *See In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987).

## III. An Adverse Inference Instruction Is the Only Just Remedy.

Given APA's bad-faith failure to preserve this evidence over a decade-long period of continuous litigation, a severe sanction is required. Under Fed. R. Civ. P. 37(e)(2), the only appropriate remedy is to instruct the jury that it may infer the destroyed communications were unfavorable to APA. While the final transcript of Captain Carey's deposition is still pending from the court reporter, his sworn testimony regarding the lack of a litigation hold and his routine deletion of data is undisputed. The Court has all the facts it needs to find that APA acted with intent to deprive Plaintiff of the use of this information and to issue sanctions accordingly.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant the motion and impose sanctions, including an adverse inference instruction.

Dated: March 31, 2026

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 31. 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*