## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**LAWRENCE MEADOWS,**
Plaintiff,

v.

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_____/

FILED BY _____ D.C.

MAR 31 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
## TRANSFER VENUE AND CONSOLIDATE ACTIONS (ECF NO. 224)

Defendant APA's Opposition (ECF No. 234) is a recycled and unpersuasive attempt to avoid the inevitable consolidation of these related actions. This motion was filed at the express invitation of this Court, which recognized the profound judicial inefficiency of litigating these overlapping matters separately. The first-to-file rule dictates that this Court, as the forum of the first-filed action, should adjudicate the entire dispute. The motion should be granted.

### ARGUMENT

APA's opposition ignores the two dispositive factors that compel transfer: judicial economy and this Court's own guidance.

### I. Magistrate Reid's Invitation Is Dispositive of Any Claim of Improper Conduct.

APA's central argument - that this motion is an improper "procedural end run" - is a direct contradiction of the on-the-record history of this case. As detailed in the motion itself, this action was taken because Magistrate Judge Reid, during the March 6, 2026 hearing, specifically questioned why this case and the New York action had not been joined and inquired whether Plaintiff intended to file a motion to consolidate. Plaintiff did not hatch a "procedural end run";

1

Plaintiff followed the clear guidance of the Court. APA's attempt to frame Plaintiff's compliance with a judicial suggestion as improper gamesmanship is disingenuous.

## II. The "First-to-File" Rule Mandates Transfer.

The first-to-file rule is a well-established doctrine designed to avoid duplicative litigation and the risk of inconsistent rulings. This nine-year-old case is the first-filed action. The New York action involves the same plaintiff, the same primary defendant (APA), and arises from the same nucleus of operative facts concerning APA's continuing pattern of bad faith grievance handling and retaliatory conduct. APA's recycled jurisdictional argument is a red herring. Even if it were a closer call, the principles of judicial economy and the need to avoid conflicting judgments overwhelmingly favor transfer to this Court, which possesses nearly a decade of familiarity with this dispute.

## CONCLUSION

For the foregoing reasons, and to promote judicial economy as envisioned by this Court, Plaintiff respectfully requests the Court grant the motion and issue an order recommending the transfer of the E.D.N.Y. action to this District for consolidation.

Dated: March 31, 2026

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

2

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 31, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*
**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

3