# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**LAWRENCE MEADOWS,**
  Plaintiff,

v.

**ALLIED PILOTS ASSOCIATION, et al.,**
  Defendants.



FILED BY_____D.C.

APR 07 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_____/

### PLAINTIFF'S SEVENTH OBJECTION UNDER FED. R. CIV. P. 72(a) TO THE MAGISTRATE JUDGE'S PREJUDICIAL ORDER DENYING AN EXTENSION OF TIME (ECF NO. 243)

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Lawrence Meadows objects to the Magistrate Judge's Paperless Order of April 2, 2026 (ECF No. 243). The Order denies Plaintiff's reasonable request for a 14-day extension of time to respond to Defendant's 716-page Motion for Summary Judgment with a previously granted almost double overlength 55-page brief and facts. The Order is clearly erroneous and contrary to law. It ignores Defendant's own concessions, punishes the non-dilatory party for delays caused by the Defendant, creates an unlevel playing field that makes a mockery of due process, and fails to provide a reasonable accommodation required by federal law. This Court must vacate the Order immediately to prevent irreparable prejudice.

### STANDARD OF REVIEW

A district court must set aside a magistrate judge's order on a non-dispositive matter if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous

1

when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ARGUMENT

The Magistrate Judge's order is the culmination of a pattern of prejudicial rulings and is a manifest abuse of discretion.

### I. The Order is Contrary to Law by Rewarding Defendant's Bad Faith and Punishing Plaintiff's Professional Courtesy.

The Magistrate's Order is contrary to fundamental principles of fairness. In its own pleading, APA's counsel represented to this Court that it "would not oppose a reasonable extension of time for Plaintiff to respond." (ECF No. 230 at 2). Despite this, during the April 2 meet-and-confer, counsel for APA reneged on this representation and opposed any extension unless the trial was adjourned, an act of bad faith. By summarily denying the extension, the Magistrate has rewarded APA's gamesmanship.

Furthermore, the Magistrate's rationale - that the case has been pending since 2017 - is a disingenuous pretext. This Court, through the Honorable K. Michael Moore, has already admonished **APA** twice for engaging in "prolonged delay" (ECF Nos. 70, 91). Plaintiff has never been accused of delay. To the contrary, Plaintiff has granted every extension requested by APA, including a six-month discovery extension and a 14-day extension for its Answer. The Magistrate's order now punishes the diligent, cooperative party for the sins of the dilatory party - a result that is fundamentally contrary to law.

### II. The Order is Clearly Erroneous and a Denial of Due Process.

The Order is a manifest abuse of discretion that creates an impossible and unjust procedural posture.

First, the Magistrate selectively bypassed APA's fully opposed Motion to Adjourn Trial

2

(ECF No. 239) to rule overnight on Plaintiff's subsequently filed motion (ECF No. 241), demonstrating disparate treatment.

Second, the Order's internal logic is nonsensical. The Magistrate states she "will not delay the summary judgment briefing schedule," yet simultaneously finds good cause to grant Plaintiff leave to file a 55-page opposition. She then instructs Plaintiff to "be as succinct as possible." (ECF No. 243). This is a cynical and contradictory directive. Granting a party leave to file a brief nearly two times the standard length while denying the necessary time to write it renders the page grant a meaningless gesture. It is a "setup" designed to ensure Plaintiff cannot mount an effective opposition. Forcing a pro se litigant to prepare a 55-page opposition to Defendant's voluminous 716-page summary judgment filing in just 14 days is a denial of due process, particularly give the fact that Defendant's were granted almost double overlength brief and facts totaling 55-pages alone

Finally, as this court is well aware, it is a matter of record that Plaintiff is an individual with a record of disability under the Americans with Disabilities Act (ADA), and accordingly is entitled to reasonable accommodations. An extension of time to respond to an extraordinarily voluminous motion is a quintessential reasonable accommodation. The Magistrate's summary denial, without any analysis, ignores this requirement of federal law and is therefore clearly erroneous.

## CONCLUSION

The Magistrate's Order is an abuse of discretion that rewards APA's bad faith, punishes Plaintiff for his professionalism, and denies fundamental due process. It is the latest in a pattern of one-sided rulings that has created a manifestly unjust procedural posture. This Court must intervene immediately to prevent irreparable prejudice to Plaintiff's ability to respond to the dispositive motion against him.

WHEREFORE, Plaintiff respectfully requests this Court set aside the Magistrate Judge's Order (ECF No. 243) and grant Plaintiff's motion for a 14-day extension of time – for a total of 28-days to respond  Defendants Motion for Summary Judgment – changing the response deadline to April 29, 2026.

Dated: April 7, 2026

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on April 7, 2026, a true

and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S.

Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*