**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:17-cv-22589-EA


LAWRENCE MEADOWS,

Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

Defendants.

_____/

## OMNIBUS ORDER ON PLAINTIFF'S PENDING MOTIONS

**THIS CAUSE** is before the Court on *Pro se* Plaintiff's, Lawrence Meadows ("Plaintiff"), Motion to Disqualify Defendant Allied Pilots Association's ("Defendant" or "APA") Counsel Joshua B. Shiffrin and Bredhoff & Kaiser, P.L.L.C., [ECF No. 109], Plaintiff's Motion to Withdraw Portions of ECF Nos. 103 & 104, [ECF No. 117]; Plaintiff's Time-Sensitive Notice and Request to Submit for Decision Plaintiff's Motion to Disqualify APA's Counsel, [ECF No. 120]; Plaintiff's Motion to Disqualify the Law Firm of Bredhoff & Kaiser, P.L.L.C., [ECF No. 142]; Plaintiff's Motion for Joint Hearing on Pending Motions to Disqualify Defendant's Counsel, [ECF No. 143]; Plaintiff's Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF No. 144]; Plaintiff's Amended Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF Nos. 148, 156]; Plaintiff's Motion for Evidentiary Hearing, [ECF No. 155]; Plaintiff's Notice of Request to Submit for Decision Related and Pending Motions And Request For Status Conference, [ECF No. 158]; and Motion for Leave to File Supplemental Evidence in Support of Pending Motions, [ECF No. 183].

All motions are fully briefed and ready for adjudication. [ECF Nos. 113, 118, 132, 152, 154, 200, 206]. This matter was referred to the Undersigned by the Honorable Ed Artau for disposition. [ECF No. 175]. Upon review of the filings and applicable case law, and for the reasons that follow, the Court rules as follows:

Plaintiff's Motion to Disqualify APA's Counsel Joshua B. Shiffrin and Bredhoff & Kaiser, P.L.L.C., [ECF No. 109], is **DENIED**;

Plaintiff's Motion to Withdraw Portions of ECF Nos. 103 & 104, [ECF No. 117], is **GRANTED**;

Plaintiff's Time-Sensitive Notice and Request to Submit for Decision Plaintiff's Motion to Disqualify APA's Counsel, [ECF No. 120], is **DENIED**;

Plaintiff's Motion to Disqualify the Law Firm of Bredhoff & Kaiser, P.L.L.C., [ECF No. 142], is **DENIED**;

Plaintiff's Motion for Joint Hearing on Pending Motions to Disqualify Defendant's Counsel, [ECF No. 143], is **DENIED**;

Plaintiff's Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF No. 144], is **DENIED AS MOOT**;

Plaintiff's Amended Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF Nos. 148, 156], is **DENIED**;

Plaintiff's Motion for Evidentiary Hearing, [ECF No. 155], is **DENIED**;

Plaintiff's Notice of Request to Submit for Decision Related and Pending Motions And Request For Status Conference, [ECF No. 158], is **DENIED**;

and Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Pending Motions, [ECF No. 183], is **DENIED**.

**BACKGROUND**

All of Plaintiff's *pro se* Motions arise from issues related to the protective order this Court issued on November 13, 2025, and arguments made during the hearing held on the matter. [ECF No. 138]. Briefly, the protective order quashed eight subpoenas Plaintiff had served on APA's in-house and outside counsel, and current/former officers.

Even before the hearing on the protective order, Plaintiff moved to Disqualify Joshua B. Shiffrin ("Attorney Shiffrin") and, Bredhoff & Kaiser, P.L.L.C., the attorney and law firm representing the APA in this case ("Law Firm") ("Motion to Disqualify for Witness Tampering"), Plaintiff argued APA violated the Undersigned's Standing Discovery Order when it moved for the protective order; and that Attorney Shiffrin engaged in witness tampering by intimidating Tom Rempfer ("Mr. Rempfer"), one of the individuals Plaintiff sought to depose. [ECF No. 109]. Plaintiff requests that Attorney Shiffrin and the Law Firm be disqualified and all discovery proceedings stayed, and further requests the Court issue an order to show cause directed to local counsel for the APA, Capri Trigo, and award Plaintiff monetary sanctions for the costs and fees related to the motion. [*Id.* at 11].

After filing the Motion to Disqualify for Witness Tampering, Plaintiff filed a motion to withdraw the disqualification arguments from his response to APA's motion for protective order. [ECF No. 117]. The day of the hearing on the motion for protective order, Plaintiff filed a notice and request to submit for decision the Motion to Disqualify for Witness Tampering. [ECF No. 120].

Then after this Court issued its Order granting APA's motion for protective order and quashing the eight subpoenas, Plaintiff filed three motions: (1) Motion to Disqualify the Law Firm based on an alleged conflict of interest arising from the representation of  Sue Edwards, Esq.

("Motion to Disqualify Law Firm"); (2) Motion for Joint Hearing on the Motion to Disqualify for Witness Tampering and Motion to Disqualify Law Firm; and (3) Amended Motion to Correct the Record and for Sanctions Against APA's Counsel John M. Pellettieri ("Attorney Pellettieri") ("Motion to Correct the Record"). [ECF Nos. 142, 143, 148].[1] In his reply in support of the Motion to Disqualify the Law Firm, he renewed his request for an evidentiary hearing. [ECF No. 155].

While those motion were pending, Plaintiff again requested a status conference and evidentiary hearing on the Motion to Disqualify for Witness Tampering, Motion to Disqualify the Law Firm, Motion to Correct the Record, his objections to the Undersigned's protective order, his Motion for Leave to File Verified Supplemental Pleading and his Objections to the Undersigned's denial of his request for a discovery hearing. [ECF No. 158]. Lastly, Plaintiff has filed a Motion for Leave to File Supplemental Evidence in Support of his pending motions. [ECF No. 183]. To the extent any of the pleadings addresses issues decided by the Undersigned that Plaintiff intends to appeal, then he must file a separate pleading.

## LEGAL STANDARD

"The disqualification of counsel is an extraordinary measure ... [and a] court 'must take care to preserve the delicate balance between a party's right to retain the counsel of his choice and the need to ensure adherence to the highest ethical standards for professional responsibility.'" *Brown v. Blue Cross & Blue Shield of Florida, Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *3 (S.D. Fla. Aug. 8, 2011), *aff'd sub nom. Brown v. Blue Cross Blue Shield of Florida, Inc.*, 456 F. App'x. 854 (11th Cir. 2012) (quoting *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 144 F.Supp.2d 1334, 1337 (S.D.Fla.2001)). Therefore, "disqualifications must be granted sparingly, and motions

---

[1] Plaintiff's initial Motion to Correct the Record and for Sanctions, [ECF No. 144], is **DENIED AS MOOT** in light of Plaintiff filing the Amended Motion, [ECF No. 148]. The Court's Order will only discuss the Amended Motion, [ECF No. 148].

to disqualify opposing counsel are highly disfavored in the Eleventh Circuit." *Id.* "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear . . . Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of parties." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 751 (11th Cir. 2006). The pertinent part of this Court's Local Rules provides that "[t]he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar." S.D. Fla. L.R. 11.1(c). Consequently, Florida law states, "[a]n order involving the disqualification of counsel must be tested against the standards imposed by the Rules of Professional Conduct." *Bedoya v. Aventura Limousine & Transp. Service, Inc.*, No. 11-24432, 2012 WL 1534488, at *1 (S.D. Fla. Apr. 30, 2012) (quoting *Morse v. Clark*, 890 So. 2d 496, 497 (Fla. 5th DCA 2004) (citing *City of Lauderdale Lakes v. Enter. Leasing Co.*, 654 So. 2d 645 (Fla. 4th DCA 1995))).

## DISCUSSION

A. *Motion to Withdraw*

As an initial matter, the Court grants Plaintiff's Motion to Withdraw his disqualification arguments from his response in opposition to APA's motion for protective order. [ECF No. 117]. Plaintiff stated in the motion the reason for the withdrawal was that he had filed the standalone Motion to Disqualify for Witness Tampering, [ECF No. 109]. This Court did not consider the disqualification argument when it ruled on APA's motion for protective order. Thus, the Motion is **GRANTED**.

B. *Motions Requesting a Hearing*

After reviewing the parties' briefings and all evidence submitted, the Court denies Plaintiff's requests for a hearing on the disqualification motions and Motion to Correct the Record

because a hearing is not required for disposition of this matter. *See Fenik v. One Water Place*, No. 3:06CV514/RV/EMT, 2007 WL 527997, at *2 (N.D. Fla. Feb. 14, 2007) ("Initially, after a careful review of the pleadings and consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that an evidentiary hearing is not required for disposition of this matter."); *Allstate Ins. Co. v. Bowne*, 817 So.2d 994, 998 (Fla. 4th DCA 2002) (finding that a hearing is not required on every motion to disqualify counsel, even when conflicting affidavits have been submitted).[2]

C. *Motion for Leave to File Supplemental Evidence in Support of Pending Motions*

In this motion, Plaintiff seeks leave to file the declaration of former APA President Ed Sicher to support the arguments raised in the motions to disqualify and the Motion to Correct the Record. [ECF No. 183]. APA opposes such relief, arguing that the motion is duplicative and untimely since the declaration was not submitted with the disqualification motions or Motion to Correct the Record. [ECF No. 200]. The Court agrees.

In his Motion to Disqualify the Law Firm and Motion to Correct the Record, Plaintiff repeatedly stated that APA's former president was the person who asked Sue Edwards ("Ms. Edwards") if she could assist Plaintiff in his ongoing lawsuit with American Airlines. [ECF Nos. 142 at 2, 148 at 4–5]. In the motion, Plaintiff simply states that "[t]he evidence was not available when the underlying motions were briefed[;]" and in his reply, Plaintiff merely states that the declaration is the definition of "new evidence." [ECF Nos. 183 at 2, 206 at 1]. However, neither in his motion for leave to file nor in the reply, does Plaintiff provide an explanation as to why the declaration was not available and could not have been submitted with the motions. [ECF Nos. 183, 206]; *see Rainey v. Taylor*, No. 18-24802-MC, 2019 WL 1922000, at *3 (S.D. Fla. Apr. 30, 2019)

---

[2] Local Rule 7.1(b)(2) states that "[t]he Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party." S.D. Fla. L. R. 7.1(b)(2).

("[A] reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.") (internal quotations omitted).

Therefore, the Court will not consider the "new" evidence when ruling on the disqualification motions and the Motion to Correct the Record, and denies Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Pending Motions.

D. *Motions to Disqualify and Motion to Correct the Record*

a. Motion to Disqualify for Witness Tampering

As an initial matter, the Court previously found that APA complied with its Standing Discovery Order when seeking a protective order and moving to quash the non-parties' subpoenas Plaintiff had served. [ECF No. 138 at 5–6]. As a result, Attorney Shiffrin and the Law Firm cannot be disqualified on this basis.

Next, Plaintiff argues Attorney Shiffrin and the Law Firm must be disqualified because Attorney Shiffrin engaged in witness tampering by initiating *ex-parte* contact with Mr. Rempfer, threatening him with retaliation from APA, and instructing Mr. Rempfer on matters he could not give testimony on in violation of 18 U.S.C. Section 1512(b) and Florida Rule of Professional Conduct 4-3.7. [ECF No. 109 at 3–11]. In response, APA argues that it is "appropriate and routine for counsel for a party to contact third party witnesses[.]" [ECF No. 113 at 11]. Further, APA notes all communications between Attorney Shiffrin and Mr. Rempfer were proper and not in violation of the Florida Rules of Professional Conduct 4-3.7 and 4-4.3[3] and 18 U.S.C. Section 1512. [*Id.* at

---

[3] Plaintiff raises the argument that Mr. Shiffrin's conduct violated Florida Rule of Professional Conduct 4-4.3 in his response in opposition to APA's motion for protective order. [ECF No. 103]. Plaintiff moved to withdraw the disqualification arguments from his response in light of the filing of the standalone motion for disqualification. [ECF No. 117]. Plaintiff did not raise this argument

11–18]. In reply, Plaintiff reiterates his argument about Attorney Shiffrin's conduct with respect to Mr. Rempfer and raises new arguments regarding Ms. Edwards, another non-party Plaintiff wanted to subpoena and APA's outside counsel. [ECF No. 118].

Here, the Court finds that Attorney Shiffrin's and the Law Firm's disqualification is not warranted. First, the Court finds that Professional Rule 4-3.7 has no application here. The Rule counsels that that a lawyer is not to represent a client at a trial where that same lawyer is likely to be a "necessary witness" *on behalf* of the client except for discrete circumstances. *See* R. Regulating Fla. Bar. 4-3.7 (emphasis added). However, courts in this Circuit have also construed Rule 4-3.7 to allow disqualification of an attorney when the opposing party intends to call that attorney as a witness if "it is shown that the attorney will be an indispensable witness or . . . a 'central figure' in the case," *Fleitman v. McPherson*, 691 So. 2d 37, 38 (Fla. 1st DCA 1997), or "if the attorney's testimony will be sufficiently adverse to the factual assertions or account of events offered on behalf of the client." *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 4261011, at *5 (S.D. Fla. Aug. 28, 2014), *aff'd,* 671 F. App'x 765 (11th Cir. 2016) (internal quotes omitted); *see also JLIP, LLC v. Stratospheric Indus., Inc.*, No. 14-61798-CIV, 2016 WL 3944076, at *14 (S.D. Fla. Feb. 8, 2016).  The party moving for disqualification of opposing counsel has the burden of showing "the necessity of the attorney's testimony and thus his disqualification." *Quality Air Conditioning Co., Inc. v. Vrastil*, 895 So. 2d 1236, 1237 (Fla. 4th DCA 2005) (quoting *Hiatt v. Estate of Hiatt*, 837 So. 2d 1132, 1133 (Fla. 4th DCA 2003)). "A lawyer is not a necessary witness when there are other witnesses available to testify to the same information." *Steinberg v. Winn–Dixie Stores Inc.*, 121 So. 3d 622, 624 (Fla. 4th DCA 2013).

---

on the Motion to Disqualify for Witness Tampering. [ECF No. 109]. Thus, the Court will not address it.

In this case, Plaintiff argues Attorney Shiffrin is a necessary witness and he cannot be a fact witness "regarding his own misconduct and an advocate arguing the case." [ECF No. 109 at 10]. Notably, Plaintiff does not claim Attorney Shiffrin is a necessary witness testifying on behalf of APA—his client. In addition, Attorney Shiffrin is not a central figure to the case or indispensable witness, since according to Plaintiff, his testimony would relate to the disqualification motions and not the claims Plaintiff brings against APA. "[T]he rule requiring a lawyer to withdraw when he expects to be a witness in a case was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." *Arcara v. Philip M. Warren, P.A.*, 574 So. 2d 325, 326 (Fla. 4th DCA 1991). Thus, Professional Rule 4-3.7 is not a basis to disqualify Mr. Shiffrin or the Law Firm. *See Pharma Supply, Inc.*, 2014 WL 4261011, at *2 (S.D. Fla. Aug. 28, 2014) ("Finally, Rule 4–3.7, regarding a lawyer as a witness, does not provide a basis for disqualification, because Pharma Supply has not shown that Slenn will be called as a witness on Defendants' behalf.").

Second, liability under 18 U.S.C. Section 1512 attaches when a person:

(b) [K]nowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
(1) influence, delay, or prevent the testimony of any person in an official proceeding;
(2) cause or induce any person to--
(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
. . .
(C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
(D) be absent from an official proceeding to which such person has been summoned by legal process[.]

18 U.S.C. § 1512(b). After reviewing the email chain between Attorney Shiffrin and Mr. Rempfer, the summary of the Zoom call between them, and the phone conversation between Mr. Rempfer

and Plaintiff, the Court determines that Attorney Shiffrin did not violate the witness tampering statute.

As APA's counsel, Attorney Shiffrin has a duty to protect APA's interests—that includes preventing the dissemination of APA's confidential information and information protected by the attorney-client privilege. When Plaintiff served the deposition subpoena on Mr. Rempfer, a former APA official, Attorney Shiffrin's duty was to prevent Mr. Rempfer and the other seven subpoenaed non-parties from divulging confidential and privileged information that belonged to APA. As a result, APA moved for a protective order and to quash the subpoenas. [ECF No. 100].

Attorney Shiffrin's communications with Mr. Rempfer were limited to whether Mr. Rempfer's interests aligned with APA's interests. [ECF Nos. 113-1, 113-3 at 6–18]. Once Attorney Shiffrin determined that APA's interests—moving to quash the subpoena—differed from Mr. Rempfer's interests—wanting to be deposed—Attorney Shiffrin explained that he could not represent Mr. Rempfer. [ECF Nos. 113-1 at 4–8, 113-3]. In the recording provided by Plaintiff, it was indeed Plaintiff who suggested that Mr. Rempfer felt threatened and pressured by Attorney Shiffrin. *See* [ECF Nos. 110 at 9–15, 186]. Ultimately, Mr. Rempfer stated he viewed his communications with Attorney Shiffrin as a warning from APA. [*Id.*]. However, it appears that all Attorney Shiffrin did was inform Mr. Rempfer of his obligations under the confidentiality provision of the APA Policy Manual and APA's Constitution and Bylaws. [ECF No. 113-3 at 10–14]. The fact that the confidentiality provision provides for disciplinary action against a member who violates the provision does not mean that APA threatened retaliatory conduct nor that Attorney Shiffrin engaged in witness tampering. *See generally Am. Marcoleta-Lima v. Wal-Mart Stores, Inc.*, No. 07-22291-CIV, 2008 WL 11333771, at *3 (S.D. Fla. Mar. 28, 2008) ("In general,

the Circuit Courts are in agreement that an employee's failure to obey the employer's rules and regulations or to comply with company policies are legitimate reasons for disciplinary action.").

Therefore, for these reasons, Plaintiff's Motion to Disqualify Defendant APA's Counsel Joshua B. Shiffrin and Bredhoff & Kaiser, P.L.L.C., [ECF No. 109], is **DENIED**.

b.  Motion to Disqualify Law Firm

Plaintiff filed a second motion to disqualify the Law Firm, but this time relating to attorney Sue Edwards. [ECF No. 142]. Plaintiff argues the Law Firm should be disqualified because it represented Ms. Edwards in moving to quash Plaintiff's subpoena and such representation created a conflict of interest because Ms. Edwards had represented Plaintiff in his discrimination lawsuit against American Airlines. [*Id.* at 2]. Further, Plaintiff states that APA has an informational advantage arising out of the Law Firm's representation of Ms. Edwards. [*Id.* at 8]. In response, APA argues that no conflict of interest exists because the Law Firm has never represented Plaintiff in any matter, Plaintiff has not identified any ethical rule that the Law Firm violated by representing Ms. Edwards for the limited purposes of responding to a subpoena, and that Plaintiff's inadvertent production of privileged email and text communications between himself and Ms. Edwards is not a ground for disqualification. [ECF No. 152]. In reply, Plaintiff renews his arguments. [ECF No. 155].

Here, the Court finds that disqualification of the Law Firm is not warranted because the law firm never represented Plaintiff nor was Plaintiff ever a prospective client. Florida Bar Rules of Professional Conduct 4-1.9(a) applies to the representation of former clients. "It states, 'A lawyer who has formerly represented a client in a matter must not afterwards: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.'"

11

*United States v. Schneider*, 322 F. Supp. 3d 1294, 1299 (S.D. Fla. 2018), *aff'd*, 853 F. App'x. 463 (11th Cir. 2021) (quoting Fla. Bar R. Prof. Conduct 4-1.9(a)). As APA correctly points out, the Law Firm has not switched sides because it never represented Plaintiff; thus, no conflict can arise, and Professional Rule 4-1.9(a) has no applicability.

Nonetheless, the Court recognizes that Plaintiff was Ms. Edwards prospective client. Ms. Edwards is outside counsel for APA and represented APA in relation to Grievance 23-031. [ECF No. 152-2 ¶ 5]. While in her role, APA's then-president asked Ms. Edwards if she could assist Plaintiff in a case he had filed against American Airlines alleging violations of the American with Disabilities Act.  [*Id.* ¶ 6]. Ms. Edwards then established a prospective client relationship with Plaintiff and began researching whether she could assist Plaintiff with briefings without entering an official appearance in the case. [*Id.* ¶ 7]. However, Ms. Edwards determined that she could not assist Plaintiff without entering an appearance and she secured local counsel to appear *pro hac vice*; but when Ms. Edwards realized that the instant case was still pending, she declined to represent Plaintiff because it would create a conflict of interest. [*Id.* ¶ 8–10].

"Under Rule 4-1.18 of the Florida Rules of Professional Conduct, a lawyer's confidentiality obligations apply to prospective clients. The rule prohibits a lawyer from representing a client in the 'same or a substantially related matter if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter.'" *Hutchinson v. Pyros*, No. 2:24-CV-201-JES-KCD, 2024 WL 3305529, at *2 (M.D. Fla. June 6, 2024). Again, the rule would not be applicable because the Law Firm and Plaintiff did not have a prospective client relationship, the prospective relationship was between Ms. Edwards and Plaintiff, and Ms. Edwards is not the attorney representing APA in this lawsuit. In any event, Ms.

Edwards has stated that no confidential information she received from Plaintiff was shared with APA or the Law Firm. [ECF No. 152-2 ¶¶ 10, 13].

In addition, the fact[???] that Plaintiff inadvertently disclosed confidential information to the Law Firm is not a ground for disqualification; especially because counsel for APA contacted Plaintiff and informed him that no one had yet reviewed the contents of the folder entitled "Sue Edwards," no one would review the folder, and APA was prepared to destroy copies of materials that Plaintiff contended were privileged. [ECF Nos. 152 at 13, 152-1 at 4].

Therefore, the Motion Disqualify the Law Firm of Bredhoff & Kaiser, P.L.L.C., [ECF No. 142], is **DENIED**.

c.   Motion to Correct the Record

After the discovery hearing held on October 28, 2025, Plaintiff filed the Motion to Correct the Record seeking that the Court formally correct the record of the discovery hearing, and impose sanctions against the Law Firm and Attorney Pellettieri, APA counsel, for allegedly making six misrepresentations at the discovery hearing. [ECF No. 148]. According to Plaintiff, alleged misrepresentations are: (1) statements that Ms. Edwards did not represent Plaintiff; (2) that the American Pilots' Collective Bargain Agreement permitted termination of pilots on disability more than five years; (3) that Grievance 12-012 was not "fully national"; (4) that the settlement of grievance 23-31 did not include Plaintiff; and (5) statements regarding the relevance of grievance 23-031. [*Id.*].  It is APA's position that no misrepresentations were made, and sanctions are not warranted. [ECF No. 154]. In reply, Plaintiff renews the arguments made in the Motion to Correct the Record. [ECF No. 156].

The Court finds that the some of the statements Plaintiff refers to are merely argument and APA's interpretation of the facts. This does not arise to the level of bad faith conduct that would

warrant sanctions. *See WasteCare Corp. v. Shredderhotline.com Co.*, No. 2:11-CV-297-WCO, 2014 WL 12495654, at \*7 (N.D. Ga. Feb. 6, 2014), *aff'd sub nom. WasteCare Corp. v. Ward*, 586 F. App'x. 577 (11th Cir. 2014) ("Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order.") (internal quotations omitted). In any event, none of the alleged misrepresentations were material to this Court's reasoning in its protective order. The protective order was premised on the fact that the subpoenas constituted an impermissible use of Rule 45, and sought information protected by attorney-client privilege and not relevant to the claims asserted in the amended complaint. [ECF No. 138].

Thus, Plaintiff's Amended Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF No. 148], is **DENIED**.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Disqualify APA's Counsel Joshua B. Shiffrin and Bredhoff & Kaiser, P.L.L.C., [ECF No. 109], is **DENIED**;

2. Plaintiff's Motion to Withdraw Portions of ECF Nos. 103 & 104, [ECF No. 117], is **GRANTED**;

3. Plaintiff's Time-Sensitive Notice and Request to Submit for Decision Plaintiff's Motion to Disqualify APA's Counsel, [ECF No. 120], is **DENIED**;

4. Plaintiff's Motion to Disqualify the Law Firm of Bredhoff & Kaiser, P.L.L.C., [ECF No. 142], is **DENIED**;

5. Plaintiff's Motion for Joint Hearing on Pending Motions to Disqualify Defendant's Counsel, [ECF No. 143], is **DENIED**;

6. Plaintiff's Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF No. 144], is **DENIED AS MOOT**;

7. Plaintiff's Amended Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF Nos. 148, 156], are **DENIED**;

8. Plaintiff's Motion for Evidentiary Hearing, [ECF No. 155], is **DENIED**;

9. Plaintiff's Notice of Request to Submit for Decision Related and Pending Motions And Request For Status Conference, [ECF No. 158], is **DENIED**; and

10. Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Pending Motions, [ECF No. 183], is **DENIED**.

**SIGNED** this 15th day of April 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Court Judge Ed Artau;**

    **Plaintiff;**

    **All Counsel of Record**