**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:17-cv-22589-EA

LAWRENCE MEADOWS,

Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

Defendants.

_____/

## OMNIBUS ORDER ON PENDING MOTIONS

**THIS CAUSE** is before the Court on *Pro se* Plaintiff's, Lawrence Meadows ("Plaintiff"),

Amended Motion for Leave to File Corrected Amended Verified Supplemental Pleading Pursuant

to Fed. R. Civ. P. 15(d), [ECF No. 129]; and Plaintiff's Motion to Transfer Venue and Consolidate

Actions, [ECF No. 224]. All motions are fully briefed and ready for adjudication. [ECF Nos. 141,

147, 234, 236]. This matter was referred to the Undersigned by the Honorable Ed Artau for

disposition. [ECF No. 175]. Upon review of the filings and applicable case law, and for the reasons

that follow, the Court rules as follows:

1.  Plaintiff's Amended Motion for Leave to File Corrected Amended Verified Supplemental
    Pleading pursuant to Fed. R. Civ. P. 15(d) [ECF No. 129] is **DENIED**;

2.  Plaintiff's Motion to Transfer Venue and Consolidate Actions [ECF No. 224] is **DENIED**.

## BACKGROUND

This is one of many *pro se* cases Plaintiff has filed regarding his termination and removal

from American Airlines' pilot seniority list in 2011. *See Meadows v. American Airlines*, No. 24-

cv-20518-GAYLES/GOODMAN, 2024 WL 5248006, at *2 (S.D. Fla. Oct. 22, 2024) (collecting cases). Plaintiff filed this case against Defendant Allied Pilots Association ("APA OR Defendant") in 2017. In his Amended Complaint filed in 2018, he alleges that APA breached its duty-of-fair-representation under the Railway Labor Act, violated the Labor-Management Reporting and Disclosure Act of 1959, and further alleged state breach of contract claims against APA. *See* [ECF No. 35]. His claims center on Defendant's failure to properly resolve his grievance, Grievance 12-012, which pertains to pilots who were terminated due to a medical disability, and he also claims retaliation against him as a whistleblower. *See* [*id.*]. The allegations in the Amended Complaint relate to conduct that occurred between 2011 and 2018. *See* [*id.*].

In 2018, the parties jointly petitioned the Court to stay the case. [ECF No. 36]. The motion to stay was granted and the case remained stayed until May 12, 2025. [ECF Nos. 37, 52, 64, 71]. On November 4, 2025, Plaintiff filed a motion seeking leave to supplement his Amended Complaint with events that occurred between 2019 and 2025. [ECF No. 129]. Further, Plaintiff has filed a new case in the Eastern District of New York where he is suing American Airlines, APA, APA's President, and Sue Edwards to address the "ongoing breaches" that occurred after 2018. [ECF No. 224]. Plaintiff now requests this Court transfer the New York case to this District and consolidate the cases. [*Id.*].

### DISCUSSION

A. *Motion for Leave to File Supplemental Pleading*

In his Motion for Leave to File Supplemental Pleadings, Plaintiff seeks to supplement his Amended Complaint pursuant to Federal Rule of Civil Procedure 15(d) due to an "ongoing pattern and practice of misconduct directly connected to the original claims." *See* [ECF No. 129]. Specifically, Plaintiff seeks to supplement his Amended Complaint with events that occurred

between 2019 and 2025. *See* [*id.* at 12–22]. Notably, all of the events occurred prior to the Court reopening the case in May 2025. [*Id.*]. In response, APA argues the Motion is untimely, allowing the supplementation would severely prejudice APA, and supplementing the Amended Complaint would be futile. [ECF No. 141]. In reply, Plaintiff argues APA cannot claim undue delay, prejudice, or surprise. [ECF No. 147 at 3–7]. Further, Plaintiff contends that supplementing the Amended Complaint would not be futile because the Amended Complaint survived a motion to dismiss and the supplemental facts are needed to prove Plaintiff's theory of "continuing violation." [*Id.* at 7–10].

> Federal Rule of Civil Procedure 15(d) states as follows:

> **Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "The plain language of the Rule places the decision whether to grant leave to supplement solely in the Court's discretion." *Frank v. Bridenstine*, No. 6:20-CV-2374-WWB-LRH, 2021 WL 12300233, at *8 (M.D. Fla. Oct. 14, 2021), *report and recommendation adopted*, No. 6:20-CV-2374-WWB-LRH, 2021 WL 12300226 (M.D. Fla. Nov. 5, 2021) (quoting *Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2008 WL 11333625, at *1 (M.D. Fla. Sept. 5, 2008)). Further, "it is generally agreed that the standard applicable to a motion to supplement under Rule 15(d) is the same as that to amend under Rule 15(a)[.]" *Id.* (internal quotations omitted). Thus, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments [or supplements] previously allowed, undue prejudice to the opposing

3

party by virtue of allowance of the amendment [or supplement, and] futility of the amendment [or supplement]." *Id.* (internal quotations omitted).

Considering the circumstances of this case, the Court finds that the Motion is untimely. The Court reopened the case on May 12, 2025. *See* [ECF No. 71]. The following day the Court entered its Scheduling Order which stated that: "All motions to amend the pleadings or to join additional parties must be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant." [ECF No. 74]. Therefore, the time for Plaintiff to move to supplement his Amended Complaint was June 27, 2025—forty-five days after the Court's Scheduling Order. However, Plaintiff did not move to supplement the pleadings until November 2025.

Plaintiff waited nearly six months after the deadline had passed. The Court can find no reason to allow Plaintiff to supplement the Amended Complaint given his undue delay in filing the Motion. Especially, considering that Plaintiff knew about the supplemental facts prior to the Court's Scheduling Order. *See* [ECF No. 129 at 14–22] (detailing events that took place between 2012 and May 1, 2025). Therefore, Plaintiff's Motion for Leave to File Supplemental Pleading pursuant to Federal Rule of Civil Procedure 15(d) is **DENIED**. *See Melendez v. Hamilton*, No. 6:23-CV-2337-WWB-RMN, 2024 WL 5672322, at *5 (M.D. Fla. June 24, 2024), *report and recommendation adopted*, No. 6:23-CV-2337-WWB-RMN, 2024 WL 5672325 (M.D. Fla. Sept. 9, 2024) ("First, the Court's Case Management and Scheduling Order set March 15, 2024, as the deadline to add parties or amend pleadings. [] Thus, Defendants [] are correct that Plaintiff's Motion to Supplement, filed on April 1, 2024, is untimely and could be denied on that basis alone."); *Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2017 WL 26859, at *12 (M.D. Fla. Jan. 3, 2017), *aff'd*, 708 Fed. Appx. 615 (11th Cir. 2017) (denying plaintiff's motion to amend when

"most of the new events allegedly occurred a year or more before Plaintiff moved to supplement her Amended Complaint.").

B. *Motion to Transfer Venue and Consolidate Actions*

Plaintiff moves to transfer the New York action to this Court and to consolidate that action with the above-styled case pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 42(a). [ECF No. 224]. APA opposes such relief arguing that: (1) this Court lacks authority to transfer the case, (2) the Court cannot consolidate actions pending in different federal districts, and (3) any order recommending the transfer of the action would constitute an advisory opinion. [ECF No. 234]. The Court agrees.

First, the Court lacks authority to order the transfer of the New York action because only the court in which a case is pending has the power to transfer that case under § 1404(a). "28 U.S.C. § 1404(a) provides that 'a district court may transfer any civil action to any other district or division where it might have been brought.' This language presupposes that the action to be transferred is pending in the transferor court." *Parker v. Polaris Indus.*, No. 06-61389-CIV, 2006 WL 8432621, at *1 (S.D. Fla. Dec. 28, 2006) (quoting 28 U.S.C. § 1404(a)) (other quotations omitted) (emphasis removed). Second, the two actions cannot be consolidated because the New York case is not pending before this Court. "A court cannot consolidate causes of action pending in different federal districts because those actions pending before a different district court cannot properly be considered 'pending before the court' as required by Fed. R. Civ. P. 42(a)." *Parker*, 2006 WL 8432621, at *2; *see Dipietro v. Barron*, No. 418CV00179CDLMSH, 2019 WL 13099115 (M.D. Ga. July 11, 2019) (denying motion to consolidate). Lastly, this Court has no authority to recommend the New York court how it should rule. *See generally Dean v. Sec'y of Georgia*, No. 1:08-CV-2129-JEC, 2009 WL 10690516, at *11 (N.D. Ga. Mar. 25, 2009), *aff'd sub nom. J.P.*

*Morgan Chase Bank v. Dean*, 364 Fed. Appx. 611 (11th Cir. 2010) ("Likewise, this Court is without power to direct a state trial court judge as to how he should rule in a dispute."); *Ashley v. Wellmaker*, No. CV 2:22-MC-2, 2022 WL 10207625, at *1 (S.D. Ga. Oct. 17, 2022) ("The Court has no authority to order another court to perform any action.").

Therefore, Plaintiff's Motion to Transfer Venue and Consolidate Actions is **DENIED.**

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Motion for Leave to File Corrected Amended Verified Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d), [ECF No. 129], is **DENIED**;

2. Plaintiff's Motion to Transfer Venue and Consolidate Actions, [ECF No. 224], is **DENIED**.

**SIGNED** this 15th day of April 2026.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Court Judge Ed Artau;**

      **Plaintiff;**

      **All Counsel of Record**