**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

     Plaintiff,                                  **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*,

     Defendants.

_____/

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**OF DEFENDANT ALLIED PILOTS ASSOCIATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. ii

I.  The Court Should Enter Judgment for APA in Light of Plaintiff's Choice Not to Respond to the Merits of APA's Motion .............................................................................. 2

II.  Plaintiff's Rule 56(d) Motion Is Baseless and Does Not Preclude Entry of Judgment for APA ..................................................................................................................................... 4

III.  Plaintiff's Remaining Procedural Arguments to Delay Judgment Also Fail ...................... 8

IV.  Plaintiff's Response Brief Is Replete With Assertions That Are Immaterial to APA's Motion for Summary Judgment But Nonetheless Warrant a Response ............................... 9

CONCLUSION ............................................................................................................................ 10

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Burns v. Town of Palm Beach*,
   999 F.3d 1317 (11th Cir. 2021) ..................................................................................5

*Deegan v. Aquino*,
   Case No. 16-CV-22820, 2018 WL 10399979 (S.D. Fla. Feb. 23, 2018), *aff'd
   sub nom.*, *Deegan v. Homestead Police Dep't*, 750 F. App'x 796 (11th Cir.
   2018) ........................................................................................................................ 2-3

*In re Grand Jury Subpoena*,
   2 F.4th 1339 (11th Cir. 2021) ...................................................................................8

*Ledbetter v. S.T.A.R. Sec. Corp.*,
   No. 19-CV-14018 , 2021 WL 1246013 (S.D. Fla. Mar. 26, 2021).............................5

*Mackey v. Pioneer Nat'l Bank*,
   867 F.2d 520 (9th Cir. 1989) .....................................................................................6

*Mendez v. Wal-Mart Stores E., LP*,
   67 F.4th 1354 (11th Cir. 2023) ..................................................................................9

*Mijne v. Experian Info. Sols., Inc.*,
   No. 23-CV-22694 , 2024 WL 1655475 (S.D. Fla. Apr. 17, 2024) .............................8

*Nat'l Am. Ins. Co. v. Am. Re-Ins. Co.*,
   358 F.3d 736 (10th Cir. 2004) ...................................................................................6

*Powell v. Am. Remediation & Env't, Inc.*,
   61 F. Supp. 3d 1244 (S.D. Ala. 2014), *aff'd*, 618 F. App'x 974 (11th Cir.
   2015) .........................................................................................................................2

*Pringle v. Johnson & Johnson*,
   No. 13-CV-81022, 2020 WL 4501834 (S.D. Fla. Jan. 30, 2020).............................2

*Ramirez v. Scottsdale Ins. Co.*,
   No. 20-CV-22324, 2021 WL 5050184 (S.D. Fla. Oct. 29, 2021).............................2

*Reyes v. BJ's Restaurants, Inc.*,
   No. 17-CV-62583 , 2018 WL 3872111 (S.D. Fla. Aug. 15, 2018), *aff'd*, 774 F.
   App'x 514 (11th Cir. 2019) .......................................................................................4

*Rivera-Torres v. Rey-Hernandez*,
   502 F.3d 7 (1st Cir. 2007).........................................................................................6

*Santana v. Miami-Dade Cnty.*,
 No. 14-CIV-20840 , 2015 WL 5084136 (S.D. Fla. Aug. 28, 2015), *aff'd*, 688
 F. App'x 763 (11th Cir. 2017) ...............................................................................6

*Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*,
 612 F.2d 896 (5th Cir. 1980) ................................................................................7

*Virgilio v. Ryland Grp., Inc.*,
 680 F.3d 1329 (11th Cir. 2012) ............................................................................5

*Wichita Falls Off. Assocs. v. Banc One Corp.*,
 978 F.2d 915 (5th Cir. 1992) ................................................................................6

**Statutes and Rules**

Americans with Disabilities Act (ADA).........................................................................9

Labor-Management Reporting and Disclosure Act (LMRDA) .......................................3

Railway Labor Act.........................................................................................................3

Fed. R. Civ. P. 30(b)(6)..........................................................................................6, 7, 10

Fed. R. Civ. P. 56(d) ............................................................................................. *passim*

**Other Authorities**

*Meadows v. Am. Airlines*,
 No. 26-CV-00679 (E.D.N.Y. Feb. 6, 2026)...........................................................2

Plaintiff has conceded that Defendant Allied Pilots Association (APA) is entitled to summary judgment on all claims. That is because even though the case has been pending for almost eight years, and he has spent more than seven months in discovery, he could not muster any evidence to show a genuine dispute about a material fact that would foreclose judgment for APA.

In its motion for summary judgment (ECF No. 237), APA demonstrated, based on material facts established by record evidence (ECF No. 244), that each of Plaintiff's claims suffers from defects that necessitate the entry of judgment for APA as a matter of law. In his response (ECF No. 250), Plaintiff chose not to respond to a single argument advanced by APA or dispute a single fact. Rather than attempt to oppose APA's motion on the merits, Plaintiff seeks to distract the Court from the fatal defects in his case, largely by repeating arguments that have already been rejected: namely, that he cannot maintain this litigation without discovery about events between 2022 and 2025—years after the Amended Complaint was filed, in 2018.

Under well-established precedent, Plaintiff's strategic decision not to respond to the substance of APA's motion is sufficient reason to enter judgment for APA. But Plaintiff's gambit also fails on its own terms. The central conceit of Plaintiff's response—*i.e.*, that discovery primarily regarding alleged events between 2022 and 2025 is necessary to establish claims that were pleaded in 2018—is self-defeating, as it admits that Plaintiff's claims lacked merit as pleaded. Equally to the point, the discovery he seeks has no bearing on APA's arguments as to why judgment should be entered in its favor as a matter of law.

In the pages that follow, we show that summary judgment should be entered for APA on the now-undisputed record facts, Plaintiff is not entitled to any additional discovery, and Plaintiff's remaining procedural arguments fail. It is time to bring this litigation to a close and enter judgment for APA.

I.     **The Court Should Enter Judgment for APA in Light of Plaintiff's Choice Not to Respond to the Merits of APA's Motion**

A.     "A party has an obligation to respond to an argument raised in a motion for summary judgement." *Powell v. Am. Remediation & Env't, Inc.*, 61 F. Supp. 3d 1244, 1252 n.9 (S.D. Ala. 2014), *aff'd*, 618 F. App'x 974 (11th Cir. 2015). When a non-moving party opposes summary judgment but intentionally chooses not to engage with the moving party's dispositive arguments as to one or more of the claims in the case, the Court can and should enter judgment on those claims. *See id.* at 1252–53 & n.9; *see also Pringle v. Johnson & Johnson*, No. 13-CV-81022, 2020 WL 4501834, at *1 (S.D. Fla. Jan. 30, 2020).

Here, the Court unambiguously ordered Plaintiff to file his opposition to APA's summary judgment motion by April 15, 2025. *See* ECF No. 243. In that opposition, Plaintiff made the intentional, strategic decision not to respond to any of APA's legal arguments as to why judgment is due on each of his claims as a matter of law, and instead elected to make a futile argument that he needs discovery regarding alleged events that occurred between 2022 and 2025—events that occurred years after the Amended Complaint was filed and that are already the subject of a different lawsuit. *See* Complaint, *Meadows v. Am. Airlines*, No. 26-CV-00679 (E.D.N.Y. Feb. 6, 2026). The Court can and should treat all of APA's legal arguments as conceded in light of Plaintiff's decision.

Further, Plaintiff has admitted all the facts set forth in APA's statement of material facts by not responding to any of them. "When a party opposing a motion for summary judgment fails to file a statement of facts that complies with Local Rule 56.1(a), subsection [(c)] requires that the movant's facts be deemed admitted if they are supported by record evidence—*not as a Court-imposed sanction, but by operation of the rule*." *Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22324, 2021 WL 5050184, at *3 (S.D. Fla. Oct. 29, 2021) (emphasis in original) (quoting *Deegan v. Aquino*, Case No. 16-CV-22820, 2018 WL 10399979, at *1 (S.D. Fla. Feb. 23, 2018), *aff'd sub*

2

*nom.*, *Deegan v. Homestead Police Dep't*, 750 F. App'x 796 (11th Cir. 2018)).

B.      Based on the now-undisputed factual record before the Court, summary judgment should be granted to APA for the following reasons, each of which were fully articulated in APA's motion and supported by admitted facts, and which have now been conceded by Plaintiff.

Counts I and II are time-barred because Plaintiff had notice of the facts underlying those claims more than six months prior to filing his original complaint. *See* ECF No. 237 at 12-15. Those claims are also barred on the undisputed record because it was not arbitrary, discriminatory, or in bad faith for the APA committee representing the interests of legacy American Airlines (American) pilots in the seniority integration process to comply with its contractual obligations pertaining to preparation of certified seniority lists, or for APA to interpret a memorandum of understanding between APA and American to bar individual grievances under that agreement. *See id.* at 14-16.

Count III fails as a matter of law because Grievance 12-012 was not brought on Plaintiff's behalf and did not seek blanket reinstatement of all pilots removed under the five-year-rule, ECF No. 244 at ¶¶ 53-56, and, as such, could not have resulted in Plaintiff's reinstatement. ECF No. 237 at 18. Moreover, even on Plaintiff's interpretation of Grievance 12-012, he could not have succeeded in proving that his termination violated the collective bargaining agreement (CBA) between APA and American. *Id.* at 19-20.

Counts IV and V are state-law contract claims that are preempted by the Railway Labor Act, *see id.* at 20-21, a proposition that Plaintiff does not mention in his opposition, let alone contest.

Counts VI and VII rely on the flawed legal premise that a union cannot, under the Labor-Management Reporting and Disclosure Act (LMRDA), create through its governing documents

different classes of membership with different sets of rights. Plaintiff does not (and cannot) contest that this premise is erroneous. As APA has shown, many courts, including the Eleventh Circuit, have recognized that unions are permitted to maintain membership structures like the one established by APA's Constitution and Bylaws. *See id.* at 24-26. Further, Plaintiff does not address APA's argument that he is collaterally estopped from arguing that he is an "active," rather than an "inactive," member under APA's Constitution and Bylaws. *Id.* at 26.[1]

Finally, Count VIII fails because Plaintiff has not alleged retaliatory discipline, *id.* at 27-28; because any claim based on APA's reasonable decision not to advance Grievance 12-011 is barred by *res judicata*, *id.* at 28-31; and because the undisputed facts foreclose Plaintiff's claim that APA engaged in any retaliatory act or acts against him that are pleaded in the Amended Complaint, *id.* at 31-35. Plaintiff has not addressed, and therefore concedes, all of those points.

## II.   Plaintiff's Rule 56(d) Motion Is Baseless and Does Not Preclude Entry of Judgment for APA

Rather than respond to APA's arguments or statement of material facts, Plaintiff seeks refuge in Federal Rule of Civil Procedure 56(d), asserting that—in addition to the more than seven months of discovery he has already had—he now requires further discovery to "present facts essential to support [his] opposition to" APA's motion. ECF No. 251 at 1. Plaintiff's attempt to invoke Rule 56(d) does not excuse his decision to fail to respond to APA's arguments or statement of facts. *See, e.g.*, *Reyes v. BJ's Restaurants, Inc.*, No. 17-CV-62583, 2018 WL 3872111, at *1 n.1 (S.D. Fla. Aug. 15, 2018), *aff'd*, 774 F. App'x 514 (11th Cir. 2019). Further, Plaintiff has not met his burden under Rule 56(d) to demonstrate a specific need for more discovery.

---

[1] The contention (ECF No. 250 at 5-6) that then-president Ed Sicher issued a constitutional interpretation in 2022 stating that inactive members of APA could retain rights as members in good standing of APA is immaterial. Even under that interpretation, which long post-dates the claims as pleaded, Plaintiff was deemed an inactive member of APA.

4

Rule 56(d) gives courts discretion to defer summary judgment and permit additional discovery if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "To invoke rule 56(d), a party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021) (cleaned up); *see Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (affirming denial of Rule 56(d) motion seeking discovery of "irrelevant" evidence). Accordingly, the party invoking Rule 56(d) is "required to show: (1) what particular discovery the movant intends to seek; (2) how that discovery would preclude the entry of summary judgment; and (3) why this discovery has not been or could not have been obtained earlier." *Ledbetter v. S.T.A.R. Sec. Corp.*, No. 19-CV-14018, 2021 WL 1246013, at *4 (S.D. Fla. Mar. 26, 2021).

Plaintiff's motion fails each prong. Plaintiff provides eight vague descriptions of additional discovery he seeks, lettered A through H. *See* ECF Nos. 250 at 14-19; 251 at 16-20. But Plaintiff fails to identify any part of APA's statement of material facts that any of the additional discovery he seeks would controvert, let alone explain how that discovery would preclude summary judgment on any claim in light of APA's specific legal arguments, summarized above. Also fatal, Plaintiff provides no explanation as to why he could not have obtained the discovery he seeks during the discovery period.

*Item A.* Plaintiff claims he needs to depose former APA president Ed Sicher about APA's "pervasive bad faith" and "the facts surrounding the APA Board of Directors Resolution 2016-30." ECF No. 250 at 14. Plaintiff has not explained how Mr. Sicher's views about that resolution—a

5

document that is already in the record—would be material to any of the arguments made by APA in its summary judgment motion. In any event, Mr. Sicher has *already* provided Plaintiff with a declaration that addresses, among other things, Resolution 2016-30. *See* ECF No. 251-1 at 59-60 (Sicher Decl. ¶¶ 11-12). Plaintiff could have attempted to use Mr. Sicher's declaration to support his opposition to summary judgment—but presumably did not because the declaration does not controvert any of the facts described in APA's statement of material facts supporting its motion.[2]

*Item B*. Plaintiff contends (ECF No. 250 at 15-16) that he needs to depose four individuals to obtain discovery in order to attack the credibility of Mark Myers, an in-house APA lawyer who APA designated to testify on its behalf under Federal Rule of Civil Procedure 30(b)(6) and who provided a declaration in support of APA's motion for summary judgment. Discovery regarding Mr. Myers' credibility could not preclude the entry of summary judgment for APA. "Standing alone, attacks on the credibility of evidence offered by a summary judgment movant do not warrant denial of a summary judgment motion." *Nat'l Am. Ins. Co. v. Am. Re-Ins. Co.*, 358 F.3d 736, 742 (10th Cir. 2004); *see Santana v. Miami-Dade Cnty.*, No. 14-CIV-20840, 2015 WL 5084136, at *8 (S.D. Fla. Aug. 28, 2015) ("Factual disputes cannot be created simply by challenging a witness' credibility."), *aff'd*, 688 F. App'x 763 (11th Cir. 2017). In any event, Plaintiff has had ample opportunity to seek discovery regarding Mr. Myers' credibility—APA listed Mr. Myers in its initial disclosures, and Plaintiff deposed Mr. Myers over the course of two days both in his individual

---

[2] That is not the only example of Plaintiff's lack of diligence. Plaintiff has apparently maintained close contact with Thomas Rempfer, but he does not indicate whether he sought a declaration from him. Plaintiff never noticed depositions for Scott Peterson or Lisa Heller and does not explain why. And although Plaintiff noticed a deposition for Eric Ferguson, he did so only at the end of the discovery period, and he withdrew the notice after learning it was untimely under the local rules. *See* ECF No. 225 at 48. Plaintiff's lack of diligence forecloses him from obtaining that additional discovery under Rule 56(d). *See, e.g.*, *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007); *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989).

capacity and his capacity as a party representative under Rule 30(b)(6).

*Item C*. Plaintiff contends (ECF No. 250 at 17) that he needs to depose Thomas Rempfer and two of APA's attorneys at Bredhoff & Kaiser to obtain evidence about alleged "witness tampering," which was the subject of a motion by Plaintiff seeking disqualification of APA's attorneys. Magistrate Judge Reid has denied Plaintiff's claims of witness tampering (ECF No. 252 at 9-10), which were entirely without merit. Regardless, Plaintiff's witness-tampering claims are wholly immaterial to the arguments made in APA's summary judgment motion.

*Item D*. Plaintiff asserts that he needs to depose Mr. Rempfer because Mr. Rempfer allegedly "has unique personal knowledge of APA's multi-year failures to prosecute Plaintiff's grievances and its subsequent retaliation." ECF No. 250 at 17. A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, particularly where, as here, ample time and opportunities for discovery have already lapsed." *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (citation omitted). Plaintiff's vague characterizations about potential testimony from Mr. Rempfer about delay and retaliation do not preclude entry of judgment under Rule 56.

*Items E, F & G*. Plaintiff contends that he needs to depose five individuals—Mr. Sicher, James Clark, Tricia Kennedy, Nick Silva, and Jay Wilhelm—about two events that took place in 2025. First, in January 2025, APA reached a settlement with American to resolve Grievance 23-031. *See* ECF No. 251-1 at 135-40.[3] Second, in May 2025, APA determined that Plaintiff no longer

---

[3] In 2023, then-APA President Sicher converted Grievance 12-012 (a base grievance on behalf of pilots based in Dallas-Fort Worth) into a presidential grievance (Grievance 23-031) on behalf of all American pilots. The settlement of Grievance 23-031 provided for potential reinstatement of three pilots who, unlike Plaintiff, had been terminated by American without prior notice. The 2018 Amended Complaint did not—and could not—assert a claim that the settlement of Grievance 23-031 in 2025 violated a duty of fair representation.

qualified as a member of APA. *See id.* at 142. Discovery about those two events in 2025 is immaterial to the claims alleged in the Amended Complaint, which was filed in 2018 and necessarily asserts claims based on events that took place prior to that date. Magistrate Judge Reid foreclosed Plaintiff from seeking discovery about events between 2022 and 2025 precisely because they were unrelated to the claims in the Amended Complaint. *See* ECF No. 138 at 11-14.

*Item H*. Plaintiff argues (ECF No. 250 at 19) that he needs to obtain emails and texts between APA officers and APA attorneys pursuant to the crime-fraud exception to the attorney-client privilege. Plaintiff does not identify any specific communications between particular individuals, let alone the possible contents of any communications, that would controvert any of the facts set out in APA' statement of material fact or otherwise preclude summary judgment. Nor does he come close to demonstrating that the crime-fraud exception is applicable to any attorney-client communication in this case. *See, e.g.*, *In re Grand Jury Subpoena*, 2 F.4th 1339, 1345–52 (11th Cir. 2021) (discussing requirements).

* * *

Plaintiff's request to put off judgment under Rule 56(d) is a last-ditch effort to forestall resolution of this long-pending case. Rule 56(d) does not countenance that sort of delay tactic. Plaintiff's request for relief under Rule 56(d) should be denied, and the Court should grant APA's motion for summary judgment forthwith. *See Mijne v. Experian Info. Sols., Inc.*, No. 23-CV-22694 (Altonaga/Reid), 2024 WL 1655475, at *3 (S.D. Fla. Apr. 17, 2024) (granting summary judgment where plaintiff, rather than responding to the substance of a summary judgment motion, filed a Rule 56(d) motion repeating arguments that had already been rejected by the court).

III.    **Plaintiff's Remaining Procedural Arguments to Delay Judgment Also Fail**

In addition to seeking to defer consideration of APA's summary judgment motion under Rule 56(d), Plaintiff asserts (ECF No. 250 at 9-14) an array of procedural grounds for deferring a

8

decision on APA's summary judgment motion. None of Plaintiff's arguments withstand scrutiny.

First, Plaintiff contends (*id*. at 9-10) that there should be no decision on APA's motion while certain motions by Plaintiff remain pending. This argument is moot now insofar as Magistrate Judge Reid has denied the pending motions, except for Plaintiff's motions for spoliation sanctions. *See* ECF Nos. 252, 253. Further, denial of summary judgment as a sanction for spoliation is warranted only when a party acts in bad faith. *See Mendez v. Wal-Mart Stores E.*, *LP*, 67 F.4th 1354, 1362 & n.9 (11th Cir. 2023). As APA has explained at length elsewhere (ECF Nos. 207 at 6-11; 233 at 2-3), there is no basis for such a finding here.

Plaintiff also argues (ECF No. 250 at 10-12) that the Court should defer a ruling on APA's motion for summary judgment while the Eleventh Circuit considers Plaintiff's appeal of the dismissal of a separate case he brought against American under the Americans with Disabilities Act (ADA). In a recent filing in that case (ECF No. 251-1 at 4-71), Plaintiff has accused American of "fraud" as a result of American having cited to the January 2025 settlement agreement (discussed above) in its appellate brief. Plaintiff's allegations of fraud in the Eleventh Circuit are frivolous, and in any event, Plaintiff's ADA claim, and American's appellate briefing, are completely irrelevant to the claims at issue here.

Finally, Plaintiff contends that Magistrate Judge Reid's rulings are biased in APA's favor and have denied him due process. ECF No. 250 at 13-14. Magistrate Judge Reid has given Plaintiff wide latitude to present his arguments and has issued reasoned rulings well within her discretion after giving the arguments careful consideration.

## IV.   Plaintiff's Response Brief is Replete With Assertions That Are Immaterial to APA's Motion for Summary Judgment But Nonetheless Warrant a Response

Plaintiff's response contains an array of misleading statements and falsehoods, many of which are collateral to APA's summary-judgment motion and Plaintiff's request under Rule 56(d).

APA nonetheless believes it is important to correct a few of these misrepresentations here.

1.      Plaintiff falsely suggests (ECF No. 250 at 4) that APA has engaged in an improper "strategy of delay and obstruction." *Id*. at 7. APA is neither the sole nor primary cause of delay. This case was stayed between 2018 and 2025 at the behest of *Plaintiff*, sometimes jointly with APA. *See* ECF Nos. 36, 37, 40, 42, 44. And since the last stay was lifted in May 2025, it is Plaintiff who has repeatedly opposed an efficient, expeditious resolution of the case. *See, e.g.*, ECF No. 213 (motion to stay proceedings); ECF No. 250 (request to defer summary judgment).

2.      Plaintiff's assertion (ECF No. 250 at 7) that APA has a "financial motive" to obstruct or delay this matter is absurd. In support of that assertion, Plaintiff adverts to an internal process at APA that occurred in 2013 to distribute equity (*i.e.*, stock) it received from American to pilots in connection with the settlement of claims in American's bankruptcy. *See* ECF No. 35 (Am. Compl.) ¶ 76. Plaintiff's assertions regarding that process are baseless. In any event, the equity distribution process concluded more than a decade ago, *id.* at ¶ 81, and any claims that any pilot could have sought to raise related to that process have long been extinguished.

3.      Plaintiff claims that APA "dump[ed] thousands of non-searchable documents [on Plaintiff] minutes before the deposition of its key 30(b)(6) witness, Mark Myers." ECF No. 250 at 13. As APA has explained elsewhere (ECF No. 215 at 4-5), and as Plaintiff should well know, this assertion is demonstrably false. Approximately an hour before the first day of Mr. Myers' two-day deposition, APA made a supplemental production of approximately 24 searchable PDF documents totaling 67 pages.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for additional discovery and enter judgment in favor of APA on all counts in the Amended Complaint.

Dated: April 22, 2026

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

11