**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED BY_____D.C.

APR 2 4 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**LAWRENCE MEADOWS,**
    Plaintiff,

v.

**ALLIED PILOTS ASSOCIATION, et al.,**
    Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_____/

### PLAINTIFF'S UNOPPOSED MOTION TO ADJOURN TRIAL AND PRETRIAL DEADLINES PENDING RULING ON SUMMARY JUDGMENT

Plaintiff Lawrence Meadows ("Plaintiff"), *pro se*, respectfully moves this Court to adjourn the trial date of June 15, 2026, and all associated pretrial deadlines - including the May 29, 2026, deadline for joint pretrial submissions - pending a ruling on Defendant Allied Pilots Association's ("APA") Motion for Summary Judgment (ECF No. 237). In support, Plaintiff states:

### I. INTRODUCTION

The parties have reached a procedural juncture where proceeding with trial preparation is a manifest waste of judicial and party resources. Defendant's Motion for Summary Judgment ("MSJ") (ECF No. 237) is a 716-page filing seeking to dismiss all eight counts of the First Amended Complaint. Plaintiff has filed a robust Opposition, Declaration, and Motion for Relief under Rule 56(d) totaling 279 pages (ECF Nos. 249-251). With nearly 1,000 pages of dispositive briefing now before the Court, and foundational issues of fraud currently pending before the U.S. Court of Appeals for the Eleventh Circuit (ECF No. 255), adjourning the trial deadlines is the only

1

path consistent with the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## I. ARGUMENT

### A. Judicial Economy and the Pending Docket Mandate Adjournment.

It is a manifest waste of resources to force the parties to prepare trial exhibits, a joint jury statement, *Daubert* motions regarding economic experts, and motions *in limine* for an eight-count trial when the Court's ruling on the pending MSJ may moot or radically narrow the scope of the trial. Preparing for a trial of this complexity involves over a hundred hours of work and untold thousands of dollars in resources.

Notably, APA itself previously sought an adjournment of the trial dates on April 2, 2026 (ECF No. 239), acknowledging the procedural complexity of the case. Furthermore, the docket is currently saturated with trial-altering motions and objections yet to be decided. In addition to the MSJ, there are four substantive motions pending - including two motions for spoliation sanctions (ECF Nos. 187, 223) and an Emergency Motion to Vacate the Protective Order for Fraud on the Court (ECF No. 205) - along with seven (soon to be nine) pending objections, including foundational objections to the Protective Order (ECF No. 149) that have been pending since November 2025. Clarity on these issues is required before trial preparation can meaningfully commence.

### B. The Interlocked 11th Circuit Fraud Allegations (ECF Nos. 255 & 205).

As detailed in Plaintiff's Notice of Supplemental Authority (ECF No. 255), the Eleventh Circuit is currently seized of a motion for sanctions regarding fraud on the court involving a January 15, 2025, secret Settlement Agreement between APA and American Airlines involving Plaintiff. This authority bears directly on claims made in Defendant's pending Motion for

2

Summary Judgment ("MSJ") (ECF No. 237), as supported by Plaintiff's Opposition thereto and Motion for Relief under Rule 56(d) (ECF Nos. 249-251), and most critically, Plaintiff's pending Emergency Motion to Vacate the Protective Order for Fraud on the Court (ECF No. 205). More, specifically, this new authority provides conclusive support for the arguments made regarding the untenable jurisdictional conflict created by the interlocked fraud allegations. (ECF No. 249 at 2-8, 10-12; Meadows Decl., ECF No. 251, ¶¶ 7-15).

The January 2025 secret Settlement Agreement is inextricably interlocked with the claims before this Court, as it secretly extinguished Grievance 23-031 (the expedited, verbatim twin of Grievance 12-012, which forms the basis Plaintiff's First Amended Complaint ("FAC") Counts III, IV, and V) and explicitly carved Plaintiff out of the settlement based on the false pretext that Grievance 12-011 (the basis of FAC Count VIII) was, "disposed of and closed...in 2013." (ECF No. 255, Ex. B at 36, ¶2.). Contrary to APA's arguments in Its MSJ, the secret settlement agreement confirms that the Plaintiff's grievance rights – were active and pending through 2024 – and not extinguished "with prejudice" until January 15, 2025 Secret settlement was signed by APA.

Ruling and action in this Court should be deferred pending the Eleventh Circuit's disposition of both the motion for sanctions and the reply brief. Even if the appellate court does not find fraud on the court *per se*, a reversal or remand based on the settlement agreement being a false pretext or executed in bad faith will fundamentally alter the landscape of this litigation. Proceeding to trial before these jurisdictional and fraud issues are resolved creates a substantial risk of inconsistent judgments and a egregious waste of this Court's time and resources.

**C. Good Cause and ADA Accommodation.**

3

Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act ("ADA") with a record of disability. Plaintiff is scheduled for medical evaluations at the Mayo Clinic next month regarding his disabling condition and to maintain his FAA Airman's medical certification required to work as an airline pilot. The immense stress of preparing for an 8-count trial with an undefined scope, while simultaneously managing heavy, court-ordered briefing obligations in the Eleventh Circuit and the Eastern District of New York, poses a direct threat to Plaintiff's medical stability and his professional pilot credentials. Plaintiff respectfully requests a reasonable accommodation of additional time to ensure he can fulfill his court obligations without jeopardizing his health or livelihood.

### III. CONCLUSION

Because the MSJ is fully briefed, the docket is heavily backlogged with foundational motions, and the underlying evidence of the case is under appellate review, there is no prejudice to APA in adjourning the trial. Indeed, APA counsel has stated they do not oppose this request. **WHEREFORE**, Plaintiff respectfully requests that this Court adjourn the June 15, 2026, trial date and all pretrial deadlines until 30 days after the Court issues a ruling on the pending Motion for Summary Judgment.

### *LOCAL RULE 7.1(a)(3) CERTIFICATION*

Pursuant to Local Rule 7.1(a)(3) and this Court's Order at ECF No. 177, Plaintiff certifies that he conferred telephonically with counsel for APA, Joshua Shiffrin, on April 23, 2026, followed by email correspondence between both parties. Mr. Shiffrin confirmed both verbally and via email that while APA will not join a joint motion, APA explicitly **does not oppose** an individual motion by Plaintiff to adjourn the trial and pretrial deadlines pending a decision on the Motion for Summary Judgment.

Dated: April 24, 2026

Respectfully Submitted,

Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

5

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on April 24, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*