**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:17-cv-22589-EA

LAWRENCE MEADOWS,

     Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

     Defendants.

_____/

**ORDER ON PLAINTIFF'S EMERGENCY MOTION TO VACATE**
**THE NOVEMBER 13, 2025, PROTECTIVE ORDER**

**THIS CAUSE** came before the Court upon Plaintiff Lawrence Meadows' (Plaintiff) Emergency Motion to Vacate the November 13, 2025, Protective Order, [ECF No. 138], Based on Fraud and Misconduct by Opposing Counsel. [ECF No. 205]. The Motion was referred to the Undersigned for a disposition by The Honorable Ed Artau. *See* [ECF No. 175]. Upon review of the filings and applicable case law, Plaintiff's Motion [ECF No. 205] is **DENIED**.

Federal Rule of Civil Procedure 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or a its legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). "To succeed on a motion filed pursuant to Rule 60(b)(3), the moving party must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 691 (S.D. Fla. 2007) (internal quotations omitted).

The basis of Plaintiff's Motion are statements made by APA's attorney during the hearing on the motion for protective order. [ECF No. 205]. Those same statements formed the basis of Plaintiff's Motion to Correct the Record and for Sanctions Against John M. Pellettieri, [ECF No. 148], which the Court already denied. The first statement relates to Attorney Pellettieri stating that attorney Sue Edwards did not represent Plaintiff. [ECF No. 205 at 2]. The second statement relates to Attorney Pellettieri stating that grievance 23-031 did not apply to Plaintiff. [*Id.*].

First, the Court already determined that Ms. Edwards and Plaintiff merely had a prospective client relationship—Ms. Edwards did not represent Plaintiff in his lawsuit against American Airlines. [ECF No. 252 at 12]. Thus, the statements made by Attorney Pellettieri at the hearing regarding Ms. Edwards did not constitute fraud upon the Court. Second, the Court finds that Attorney Pellettieri's statement that "the settlement did not include [Plaintiff] and did not provide relief to [Plaintiff]," [ECF No. 125 at 20], is an accurate statement because the settlement of grievance 23-031 stated that "[Plaintiff] is deemed not to be an Eligible Individual under this Agreement, and thus, he is not eligible for reinstatement under this Agreement." [ECF No. 205 at 26]. Therefore, the settlement agreement did not provide relief to Plaintiff and Attorney Pellettieri's statement cannot constitute fraud upon the Court.

For the foregoing reasons, Plaintiff's Emergency Motion to Vacate the November 13, 2025, Protective Order, [ECF No. 138], Based on Fraud and Misconduct by Opposing Counsel [ECF No. 205] is **DENIED**.

**SIGNED**, this 27th day of April 2026.

LISETTE M. REID
UNITED STATES MAGSISTRATE JUDGE

cc: All counsel of Record

2