IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY_____D.C.

APR 2 9 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

LAWRENCE MEADOWS,
Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU

_____/

## PLAINTIFF'S NINTH OBJECTION PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE'S OMNIBUS ORDER (ECF NO. 253)

Plaintiff Lawrence Meadows, proceeding *pro se*, respectfully files this Objection pursuant to Federal Rule of Civil Procedure 72(a) and S.D. Fla. Magistrate Judge Rule 4(a), requesting that District Judge Artau set aside the Magistrate Judge's Omnibus Order dated April 15, 2026 (ECF No. 253) (the "Order"), denying Plaintiff's motions to supplement pleadings and to transfer and consolidate (ECF Nos. 129 and 224).

### PRELIMINARY STATEMENT

The Magistrate Judge's Order is clearly erroneous and contrary to law. It is predicated on **a false narrative created by both Defendant APA and the Magistrate herself**, suggesting that Plaintiff is a vexatious litigant and that his supplemental pleading (ECF 129) seeks to "expand the case beyond all recognition." In reality, the supplemental pleading does not add new legal theories; it adds the crucial, concluding facts that prove the continuing violation of the exact claims already alleged in the First Amended Complaint ("FAC") (ECF No. 35).

The Magistrate failed to address Plaintiff's motion for five months, only to deny it for reasons of delay and judicial inefficiency - a delay she herself created, which has caused extreme

1

prejudice to Plaintiff. These supplemental facts, which include the fraudulent January 2025 settlement agreement and Plaintiff's retaliatory May 2025 membership termination, are the "tips of the iceberg" that prove APA's pattern of bad faith. The Magistrate's refusal to permit their inclusion is a manifest injustice that shields Defendant's worst acts from scrutiny and runs directly contrary to the liberal standard of Federal Rule of Civil Procedure 15. The Order must be set aside.

## FACTUAL AND PROCEDURAL HISTORY

This case is not a simple dispute; it is the culmination of a decade-long struggle against a union that has repeatedly breached its duties and engaged in dilatory tactics. This history is essential to understanding the gravity of the Magistrate's errors.

The case centers on Defendant Allied Pilots Association's ("APA") bad faith abandonment of the "MDD Pilots" - pilots on long-term disability who were improperly removed from the American Airlines seniority list in violation of the collective bargaining agreement as both Plaintiff and APA protested in individual and collective Grievances 12-011 and 12-012. For over 13 years, APA allowed both of these grievances to languish, a pattern of weaponized "prolonged delay" that prompted this Court's presiding District Judge Keith Moore to issue scathing rebukes of APA's dilatory tactics. (ECF Nos. 70, 91).

When discovery finally commenced, the Magistrate issued a draconian Protective Order (ECF No. 138) that arbitrarily limited the temporal scope of all discovery to December 31, 2021. The stated basis for this cutoff was the Magistrate's finding that Plaintiff's allegations of a "continuing violation" were "mere conjecture." The Defendant designed this cutoff, adopted by the Magistrate, to shield APA's post-2021 misconduct, which culminated in a secret January 15, 2025 settlement agreement that is now the subject of a fraud-on-the-court investigation in the U.S. Court of Appeals for the Eleventh Circuit.

The Order at issue here, ECF No. 253, denies Plaintiff's Motion to Supplement his pleadings (ECF No. 149) with the very facts that prove the continuing violation was not "mere conjecture." In doing so, the Magistrate relies on a misapplication of the law and ignores the most relevant facts, thereby protecting her own prior erroneous ruling.

## LEGAL STANDARD

With respect to non-dispositive matters, the Court "may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed R. Civ. P. 72(a). A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 U.S. Dist. LEXIS 6709, at *2 (S.D. Fla. Jan. 27, 2010).

The Court reviews the Magistrate Judge's application of the law de novo, because "application of an improper legal standard . . . is never within a court's discretion." *United States v. Doe No. 2*, 2009 U.S. Dist. LEXIS 143390, at *3 (S.D. Fla. Od. 23, 2009) (*quoting Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc.*,299 F.3d 1242, 1246 (11th Cir. 2002)); *United States v. Grobman*, 460 F. Supp. 3d 1331, 1336 (S.D. Fla. 2020) (same). The Magistrate's Order is both clearly erroneous and contrary to law.

## ARGUMENT

### A. The Order's Hostile Framing of Plaintiff as a "Vexatious Litigant" Is a Prejudicial and Clearly Erroneous Factual Finding.

The very first sentence of the Magistrate's Order is an improper and prejudicial attack on Plaintiff's character. The Order begins by stating, "This is one of many pro se cases Plaintiff has

3

filed regarding his termination..." (ECF No. 253 at 1). By citing to an unrelated ADA case, the Magistrate improperly imports facts from outside the record to paint Plaintiff as a vexatious litigant. This finding is clearly erroneous.

The record here demonstrates that Plaintiff's litigation is only commensurate with the long-standing ongoing misconduct and collusion between both American and APA, against Plaintiff, because of his protected activity on behalf of himself and other disabled pilots. Furthermore, it was the Magistrate's own prior ruling—the fraudulently procured Protective Order (ECF No. 138)—that arbitrarily limited the temporal scope of this case and **forced** Plaintiff to file a separate action in New York to preserve his discrimination and retaliation claims triggered by an EEOC ninety-day right to sue letter, which he provided this court notice of (ECF No.167). The Magistrate cannot now punish Plaintiff for the very multi-district litigation her own erroneous ruling created. This hostile framing is clear evidence of a "deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

## B. The Order is Contrary to Law Because It Grossly Misapplies the Liberal Standard of Fed. R. Civ. P. Rule 15.

The Magistrate's core legal error is her misapplication of Rule 15. The Magistrate analyzed the motion under the Rule 15(a) standard for amendments, but this was a motion to *supplement* under Rule 15(d) with facts that occurred *after* the original pleading. In either case, the standard is one of liberal allowance absent undue prejudice. The Magistrate identified no prejudice to APA whatsoever. Her denial is based on a series of clearly erroneous findings.

### 1. The Magistrate Ignored the Law of the Case Regarding Liberal Pleading Standards.

In this very case, on September 25, 2018, this Court's Chief Magistrate Judge, Andrea M. Simonton, rejected APA's strenuous objections and granted Plaintiff leave to file his First

4

Amended Complaint, explicitly recognizing the "liberal standard" afforded to pro se litigants under Rule 15. And in accordance with Eleventh Circuit precedent, Magistrate Judge Simonton held:

> A court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2), *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005). However, the Eleventh Circuit has held that "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting Haliburton & Assocs. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985)). The party opposing amendment bears the burden of proving futility. See *Tims v. Golden*, No. 15-0516-WS-B, 2016 WL 1312585, at *13 (S.D. Ala. April 4, 2016). In addition, a pro se plaintiff ordinarily must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, the proposed First Amended Complaint raises several claims that are new and distinct from those raised in the initial Complaint. Further, although pro se litigants must comply with a court's procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), the undersigned finds that the Plaintiff's failures to meet the filing deadlines set forth by the Court in this case were due, in large part, to the Plaintiff's pro se status and not because of bad faith.

(ECF No. 34 at 7-8).

Here there was no futility as APA was previously rebuked by Judge K. Michael Moore, for its "prolonged delay" tactics and as a result its motion to dismiss was denied as untimely (ECF No. 91). Additionally, Plaintiff is proceeding pro se and there is no evidence of bad faith. Thus, for the current Magistrate to now apply a far stricter, punitive standard to a motion to supplement facts - not even one to amend and add new claims - is contrary to the law of this case and demonstrates an inconsistent and prejudicial application of the law within this very case and Court.

**2. The "Untimeliness" Finding is a Pretext for the Magistrate's Own Delay.**

The Magistrate denied the motion as untimely, faulting Plaintiff for filing in November 2025. This is a disingenuous pretext. First, Plaintiff filed the motion just days after the October 28 Protective Order hearing. Second, the motion was filed well before the close of discovery, at a time when the court had just granted a three-month discovery extension that APA had requested (actually APA had originally asked for a six-month extension) and which Plaintiff did not oppose

5

(ECF No. 105), meaning there was zero prejudice to APA. The only significant delay was the Magistrate's own **five-month inaction** in ruling on Plaintiff's motion to supplement. To deny the motion now for "delay" is an abuse of discretion. *See, e.g., Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998).

### 3. The Supplemental Pleading Does Not "Expand the Case Beyond All Recognition."

The Magistrate erroneously found that the supplemental pleading would "expand the case beyond all recognition." (ECF No. 253 at 3). This is contrary to the record. The pleading does not introduce new legal theories; it simply pleads the culminating facts that prove the existing claims. These facts are the "Three Tips of the Iceberg": (1) the 2022 "Member in Good Standing" Interpretation; (2) the **2025** Fraudulent Settlement; and (3) the **2025** retaliatory Membership Termination, as detailed in Plaintiff's recently filed opposition to APA's MSJ (ECF No. 249, at 5-7, ¶ D.). The Magistrate's reliance on *Nassar*, which concerned events "a year or more" old, is misplaced; two of the three central events here occurred in 2025, just months before Plaintiff filed his motion.

### C. The Retaliatory Timing of the Order Caused Extreme Prejudice.

The timing of this Order is evidence of its retaliatory nature. Plaintiff filed his comprehensive opposition to summary judgment on April 14, which was docketed at 8:59 a.m. on April 15. Just eight hours later, the Magistrate issued this Order, which surgically eviscerated a key pillar of Plaintiff's opposition. This sequence is not a coincidence; it is prejudice. Had the Magistrate ruled on this motion in a timely manner - instead of sitting on it for five months - Plaintiff could have tailored his summary judgment opposition accordingly. By waiting until after Plaintiff filed his opposition to deny the motion, the Magistrate actively prejudiced Plaintiff's ability to defend against summary judgment.

6

**E. The Erroneous Reasoning for Denying the Motion to Transfer Infects the Entire Order.**

While the denial of the Motion to Transfer Venue and Consolidate the Eastern District of New York Action (ECF No. 224) is moot, Plaintiff objects to the prejudicial reasoning used to deny it. The Magistrate relied on the same improper "vexatious litigant" narrative to deny the transfer as she did to deny the supplementation. This shared, erroneous reasoning demonstrates that the entire Order is infected with a prejudicial bias against Plaintiff that is contrary to law and must be set aside.

## CONCLUSION

The Magistrate's Order is clearly erroneous and contrary to law. It is predicated on a prejudicial and false narrative, and it misapplies the liberal standard of Rule 15 to prevent Plaintiff from pleading the culminating facts of his claims. This Court must set aside the Order denying the Motion for Leave to File Supplemental Pleading (ECF No. 129) and grant the motion to ensure that this case is decided on a complete and accurate factual record.

Dated: April 29, 2026

Respectfully Submitted,

Lawrence M. Meadows, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

7

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on April 29, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

8