**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

     Plaintiff,                                    **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*

     Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADJOURN TRIAL AND PRETRIAL DEADLINES PENDING RULING ON SUMMARY JUDGMENT**

Defendant Allied Pilots Association ("APA") files this response to clarify its position as to Plaintiff's motion (ECF No. 257) to adjourn the trial date and pretrial deadlines pending a ruling on APA's motion for summary judgment (ECF No. 237), which is fully briefed.  Although APA does not agree with many of the assertions in Plaintiff's motion[1], APA does not oppose the motion and agrees that the requested relief is warranted for the reasons below.

APA recognizes that the Court recently denied, in part, APA's motion to adjourn the trial pending a decision on APA's motion for summary judgment, instead granting a continuance of approximately one month. ECF No. 247. Subsequent developments, however, provide further support for a longer adjournment.

First, summary judgment briefing has now been completed, and Plaintiff's submission confirmed that there are no disputed issues of material fact necessitating a trial in this case. In his opposition to APA's motion for summary judgment (ECF No. 250), Plaintiff did not respond to *any*

---

[1] Among other things, APA does not agree that the disposition of Plaintiff's Eleventh Circuit appeal in his ADA case against American Airlines is relevant to the schedule in this case.

1

arguments advanced by APA or dispute *any* facts supporting APA's motion. Instead, Plaintiff staked his response on repeating unsuccessful arguments (*see* ECF No. 138) as to why he needs additional discovery largely about events that took place between 2022 and 2025, several years after the Amended Complaint was filed (in 2018). Plaintiff therefore has conceded he is unable to sustain the claims in his Amended Complaint as pleaded, and it is evident that judgment should be entered for APA as a matter of law. Plaintiff admitted as much in his motion, noting that APA's summary judgment motion "may moot or radically narrow the scope of the trial." ECF No. 257 at 2.

Second, there is insufficient time under the current schedule for APA's summary judgment motion to be decided before the parties are required to make their pretrial submissions. Pretrial submissions—including a joint pre-trial stipulation, a joint exhibit list, a joint pretrial plan, witness lists, deposition designations, joint proposed jury instructions, a joint proposed verdict form, and motions in limine—are currently due on May 29, 2026, with trial to take place during the two-week period beginning on June 15. *See* ECF No. 247. The Court has referred APA's summary judgment motion to the magistrate judge for a report and recommendation (ECF No. 175), and the parties will have 14 days to object to a report and recommendation, once it is issued, and another 14 days to respond to any objections. *See* Fed. R. Civ. P. 72(b)(2). Even if the magistrate judge were to issue a report and recommendation regarding APA's motion for summary judgment today, any objections to it would not be fully briefed, let alone decided, by the May 29 deadline for pretrial submissions. As explained above, there is good reason to expect that APA's motion for summary judgment will obviate the need for a trial, or, at a minimum, substantially narrow the scope of any potential trial. Thus, as things stand, the parties will be required to submit pretrial filings on May 29 for a trial that ultimately either will not take place at all or will take place in a substantially different form than that contemplated by the parties while preparing their pretrial

submissions, rendering those submissions obsolete. An adjournment of the pretrial deadlines is therefore necessary to facilitate the efficient resolution of this case.

APA acknowledges that this case has been pending since 2017 and therefore the Court may be reluctant to grant an indefinite adjournment. If the Court is unwilling to grant an adjournment pending a decision on APA's motion for summary judgment, APA respectfully requests that the Court continue the trial dates for a discrete amount of time that would provide the Court a sufficient opportunity to resolve APA's motion for summary judgment and—if issues remain for trial— would give the parties adequate time to prepare pretrial submissions (and make arrangements for witnesses) with the benefit of the Court's summary judgment ruling.

Dated: May 4, 2026

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*