## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**LAWRENCE MEADOWS,**
    Plaintiff,

    v.

**ALLIED PILOTS ASSOCIATION, et al.,**
    Defendants.

FILED BY _____ D.C.

MAY 05 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**

_____/

### PLAINTIFF'S REPLY IN SUPPORT OF HIS UNOPPOSED
### MOTION TO ADJOURN TRIAL AND PRETRIAL DEADLINES

Plaintiff Lawrence Meadows, proceeding *pro se*, files this brief Reply to Defendant Allied

Pilots Association's ("APA") Response (ECF No. 270) to his Motion to Adjourn Trial (ECF No.

257).

As stated in the underlying motion, Plaintiff's request for adjourning the trial was

predicated on several overwhelming grounds. These include: (1) the nearly 1,000 pages of

dispositive briefing now before the Court, including Plaintiff's robust Opposition to APA's Motion

for Summary Judgment (ECF No. 249), his Motion for Relief under Rule 56(d) (ECF No. 250),

and his 41-paragraph supporting Declaration (ECF No. 251) detailing the crucial discovery he has

been denied; (2) the foundational issues of interlocked fraud pending before the U.S. Court of

Appeals for the Eleventh Circuit (ECF No. 255); and (3) Plaintiff's status as a disabled individual

requiring an ADA accommodation, provide a compelling basis to grant the motion.

Based on these grounds, adjourning the trial is the only path consistent with the just and

efficient determination of this action.

1

While APA's Response confirms that it previously did not and still ***does not oppose*** the ultimate relief sought - an adjournment of the trial - it now disingenuously attempts to file an argument in opposition to preserve the fiction that its Statement of Material Facts is "uncontroverted." This mischaracterization of the record requires a direct reply.

APA's argument is a transparent "gotcha" tactic that ignores both the law and Plaintiff's pending opposition and motion noted above. The Eleventh Circuit has made clear that Rule 56(d) exists to prevent exactly this type of "gotcha" tactic. See, e.g., *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (finding reversible error in district court's granting summary judgment before deciding appellant's motion to compel discovery). As Plaintiff argued in his Rule 56(d) motion, **S.D. Fla. Local Rule 56.1(c) contains a crucial safe harbor. It provides that facts are deemed admitted *unless* "any exception under Fed. R. Civ. P. 56 does not apply."** Rule 56(d) is that precise exception. A party cannot be punished for failing to controvert facts when the entire basis of its sworn motion is that it has been denied the evidence required to do so. To deem APA's facts admitted under these circumstances - would render Rule 56(d) a nullity.

In sum, it is a manifest waste of judicial and party resources to proceed with trial preparation while a dispositive motion for summary judgment and a threshold motion under Rule 56(d) are pending. Because APA does not oppose the adjournment, and because the pending motions provide more than sufficient grounds for granting it, Plaintiff respectfully requests the Court grant the motion (ECF 257) and adjourn the trial.

Dated: May 5, 2026

Respectfully submitted,

3

Lawrence M. Meadows
Plaintiff, *Pro se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

3

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on May 5, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

4