IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

    v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
_____/

FILED BY _____ D.C.

MAY 11 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S EMERGENCY MOTION
## FOR PROTECTIVE ORDER TO STAY TRIAL PREPARATION

Plaintiff Lawrence Meadows, pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves for an emergency protective order staying all deadlines related to trial preparation, including the May 29, 2026, deadline for pretrial filings, pending the Court's resolution of, at a minimum, the fully briefed Motion for Summary Judgment (ECF No. 237).

### INTRODUCTION

This case has reached a procedural breaking point. The Court's schedule requires Plaintiff to engage in extensive and costly trial preparation for a June 15, 2026 trial.

However, there are nearly 1,000 pages of fully-briefed dispositive motion for summary judgment, associated opposition, and motion for relief under Rule 56(d) pending before the Court. To compel Plaintiff to expend hundreds of hours and tens of thousands of dollars preparing witness lists, exhibit stipulations, and motions in limine for a trial that may never occur - or whose scope may be fundamentally altered by a ruling on summary judgment or one of ten pending objections - constitutes a profound "annoyance, oppression, or undue burden or expense" from which Plaintiff requires protection under Rule 26(c). Adhering to the current

1

schedule is not just inefficient; it is a manifest injustice that violates the core command of Rule 1 to secure the "just, speedy, and inexpensive determination" of this action.

## ARGUMENT

An immediate stay of trial preparation is required for three overwhelming reasons.

**A. Proceeding with Trial Preparation While a Dispositive Motion for Summary Judgment is Pending is a Manifest Waste of Resources.**

Defendant's 716-page Motion for Summary Judgment (ECF No. 237) is fully briefed and seeks to dismiss all eight counts of the First Amended Complaint. Plaintiff's opposition (ECF Nos. 249-251) totals nearly 300 pages. A ruling in Defendant's favor would obviate the need for a trial entirely.

Conversely, a ruling in Plaintiff's favor, or a partial denial, would define the scope of any potential trial. It is a foundational principle of efficient judicial administration that trial preparation should not commence until the court has resolved a pending, fully briefed dispositive motion. Forcing the parties to prepare for a trial on eight counts when the Court may soon determine that only three, or zero, are viable is the definition of undue burden.

**B. The Record is Incomplete and Unsettled, Making Trial Preparation Impossible.**

Trial preparation is impossible when the very scope of the claims, the admissibility of evidence, and the integrity of the record remain fundamentally unresolved. Currently pending before the Court are:

1. **Ten Objections to the Magistrate's Orders,** including objections to a fraudulently procured Protective Order that has crippled discovery (ECF No. 149), and the Magistrate's refusal to sanction counsel for documented fraud on the court (ECF No. 259, and the forthcoming Tenth Objection).

2

2. Plaintiff's **unopposed** Motion for Relief under Rule 56(d) (ECF No. 250) and its supporting 41-pragraph swron declaration, which details why he has been denied the essential discovery needed to oppose summary judgment, let alone prepare for trial.

3. Two pending Motions for Sanctions for **Spoliation of Evidence** (ECF Nos. 187, 230), which could lead to case-altering adverse inference instructions.

4. A pending investigation into **interlocked fraud** before the U.S. Court of Appeals for the Eleventh Circuit (ECF No. 255), the outcome of which could have preclusive effect on this entire action.

No party can meaningfully prepare jury instructions, witness lists, or motions in limine when the factual and legal battlefield is this unsettled.

**C. The Burden of Preparation is Oppressive and Undue Under Rule 26(c).**

The preparation required for an eight-count, nine-year-old DFR/LMRDA case is immense, requiring what counsel estimates to be 50-100 hours of attorney time, translating to an expenditure of tens of thousands of dollars in legal fees and hundreds of hours of work for a pro se litigant.

To compel such an extraordinary commitment of resources for a trial that is procedurally and logically impossible to conduct is precisely the "undue burden or expense" that Rule 26(c) is designed to prevent. The Eleventh Circuit has long recognized that courts should not force parties into dispositive postures while threshold discovery issues remain unresolved. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990).

Forcing trial preparation here is an even more egregious error.

**D. Good Cause Also Exists Under the ADA.**

As a secondary basis, Plaintiff, a disabled individual under the Americans with Disabilities Act, requires an accommodation from the unworkable trial schedule to attend to his medical needs.

## *LOCAL RULE 7.1(a)(3) CERTIFICATION*

Pursuant to S.D. Fla. L.R. 7.1 and the Court's Order (ECF 177), Plaintiff conferred with counsel for Defendant, Joshua Shiffrin, via email on May 8, 2026, and conferred telephonically on May 11, 2026. Counsel for APA stated that APA "takes no position" on this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter a protective order **STAYING** all trial preparation deadlines, including the May 29, 2026, deadline for pretrial filings, until the Court rules on, at a minimum, Defendant's Motion for Summary Judgment (ECF No. 237) and Plaintiff's Motion to Adjourn Trial (ECF No. 257), and also an interim stay of all deadlines pending ruling on this motion.

Dated: May 11, 2026

Respectfully submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on May 11, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

5