**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

     Plaintiff,                                     **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*,

     Defendants.

_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S DENIAL OF PLAINTIFF'S MOTION TO**
**SUPPLEMENT THE AMENDED COMPLAINT (ECF NO. 253)**

Defendant Allied Pilots Association ("APA") files this opposition to Plaintiff's objections

(ECF Nos. 260) to the magistrate judge's denial (ECF No. 253) of Plaintiff's motion to supplement

the Amended Complaint. Magistrate Judge Reid acted well within her discretion in denying the

motion due to Plaintiff's undue delay in seeking to supplement the Amended Complaint. Plaintiff's

objections are without merit.[1]

**BACKGROUND**

Plaintiff filed the Amended Complaint in this case in 2018 based on alleged events that

took place between 2011 and 2018. *See* ECF No. 35 (Amended Complaint). The case was stayed

between 2018 and 2025 at the behest of Plaintiff, sometimes jointly with APA. *See* ECF Nos. 36,

37, 40, 42, 44. The Court lifted the stay at a status hearing on May 8, 2025. *See* ECF No. 71.

---

[1] In the same order, Magistrate Judge Reid also denied Plaintiff's motion to transfer a case pending in the Eastern District of New York to this district. *See* ECF No. 253, at 5-6. Plaintiff makes the unfounded assertion that the decision reflects "prejudicial bias against Plaintiff," ECF No. 260, at 7, but he does not object to the denial of his transfer motion.

Plaintiff immediately and repeatedly informed the Court and APA that he intended to seek leave to supplement the Amended Complaint with allegations about events that took place between 2019 and 2025. At the status hearing on May 8, 2025, Plaintiff spoke at length about events that postdated the 2018 Amended Complaint, including allegations regarding events from January 2025. ECF No. 86, at 16-20. Judge Moore advised Plaintiff, "I'm going to be dealing with the specific claims in the Complaint and that's pretty much it," and later reiterated, "I'm just dealing with the Complaint that's in front of me." *Id.* at 27. Plaintiff explained that "we may have to amend in the future," but stated that he wished to read APA's forthcoming motion to dismiss first. *Id.* at 28. In response to that motion to dismiss, which APA filed on May 12, 2025, Plaintiff stated that "[t]he passage of time, combined with the surge of new retaliatory actions, requires that the Plaintiff seek leave to further amend the" Amended Complaint. ECF No. 87, at 2. Plaintiff further stated that he "anticipate[d] filing such a motion within two weeks," *id.* at 2-3, which would have been in June 2025; *see id.* at 12-13, 18 (repeating his intent to seek leave to supplement). In September 2025, long after those two weeks had elapsed, Plaintiff again stated that he intended to move to amend the complaint. ECF No. 89 ¶ 3.  APA's motion to dismiss was denied in September 2025 (ECF No. 91), and APA filed its answer to the Amended Complaint on October 20, 2025 (ECF No. 107).

In October 2025, rather than seek leave to supplement the Amended Complaint as forecasted, Plaintiff instead sought extensive discovery about events between 2019 and 2025, serving subpoenas on eight individuals that largely sought discovery from 2022 to 2025. *See* ECF No. 100-1 through 100-9 (subpoenas). APA requested a protective order that would foreclose Plaintiff from obtaining discovery about events between 2022 and 2025, arguing that those events were not relevant to the claims alleged in the Amended Complaint. *See* ECF No. 100. The

magistrate judge held a hearing on the motion on October 28, 2025. *See* ECF No. 125 (hearing transcript).

After that hearing, on October 29, 2025, Plaintiff filed a motion for leave to supplement. ECF No. 121. (Plaintiff later filed an "amended" version (ECF No. 126) and a "corrected amended" version (ECF No. 129) of his motion.) APA opposed the motion, arguing that Plaintiff had waited too long, supplementation would prejudice APA by dramatically transforming the case at a late stage in the litigation, and supplementation would be futile. *See* ECF No. 141, at 9-21.

The magistrate judge granted APA's request for a protective order, ECF No. 138, and the discovery period ended on March 14, 2026, *see* ECF No. 177, at 1. On April 1, 2026, APA filed a motion for summary judgment on all counts, which is pending. *See* ECF Nos. 237, 249, 254.

On April 15, 2026, the magistrate judge denied Plaintiff's motion for leave to supplement the Amended Complaint. ECF No. 253, at 2-5. "The Court [could] find no reason to allow Plaintiff to supplement the Amended Complaint given his undue delay in filing the Motion." *Id.* at 4. Magistrate Judge Reid emphasized that Plaintiff knew about the supplemental facts at the time the Court lifted the stay in May 2025 and yet Plaintiff waited almost six months to seek leave to supplement the Amended Complaint. *Id.*

## STANDARD OF REVIEW

A magistrate judge's non-dispositive ruling must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). This standard of review is "extremely deferential." *Kxuber v. Berkshire Life Ins. Co. of Am.*, No. 19-CV-80211, 2019 WL 8275156, at *1 (S.D. Fla. Oct. 11, 2019) (citing *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)); *accord SEC v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024); *Svistina v. Elbadramany*, No. 22-CV-

20525, 2022 WL 5105199, at *2 (S.D. Fla. Oct. 5, 2022). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Millstein v. Wells Fargo Bank, N.A.*, No. 1:24-CV-22142, 2026 WL 734256, at *1 (S.D. Fla. Mar. 16, 2026). "[A] finding of clear error is only appropriate if the district court is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation modified). "'To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Cox Enters., Inc.*, 794 F.3d at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Gibson v. Lynn Univ., Inc.*, No. 20-CV-81173, 2021 WL 12303393, at *1 (S.D. Fla. Apr. 21, 2021).

## ARGUMENT

"A court has broad discretion in determining whether to grant a motion to supplement the complaint." *AT&T Mobility, LLC v. Digital Antenna, Inc.*, No. 09-CV-60639, 2010 WL 3608247, at *4 (S.D. Fla. Sept. 9, 2010); *see Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211 (11th Cir. 2008) ("[W]e review the denial of leave to supplement a complaint under Fed. R. Civ. P. 15(d) for abuse of discretion."). A court can deny a motion to supplement for reasons such as "undue delay, bad faith, dilatory motive on the part of the movant," "undue prejudice to the opposing party," or "futility." *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 923 (11th Cir. 2010). "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013), *abrogated on*

*unrelated grounds sub nom.*, *CSX Transp. V. Gen. Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017). A court may also find undue delay where an action has been pending for years, the plaintiff has previously amended the pleadings, and the plaintiff offers no excuse as to the delay in seeking to supplement. *Johnson v. Boyd*, 701 F. App'x 841, 843-44 (11th Cir. 2017); *see also Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1237-38 (N.D. Cal. 2008).

Magistrate Judge Reid acted well within her discretion in denying Plaintiff's motion to supplement the Amended Complaint. Plaintiff knew about the supplemental allegations at the time the Court reopened this case in May 2025 and yet he waited almost six more months to request leave to supplement. The case was not dormant during those six months but rather progressed through the filing of a motion to dismiss, an answer, and into discovery. Plaintiff's supplemental allegations would have dramatically expanded the case, which had already been pending for more than seven years, and disrupted ongoing discovery.[2] Plaintiff provided no explanation for his delay in seeking to supplement the Amended Complaint with those allegations, let alone an explanation that would have justified the considerable expansion of the case at that late date. The denial of Plaintiff's motion to supplement did not foreclose him from asserting claims in a different forum based on events between 2019 and 2025—indeed Plaintiff had already filed a lawsuit in the Eastern District of New York alleging new claims based on alleged events occurring between 2019 to 2025. *See* Complaint, *Meadows v. Am. Airlines*, No. 26-CV-679 (E.D.N.Y. Feb. 6, 2026). A "district court [does] not abuse its discretion by refusing to allow [a plaintiff] to expand the scope of its lawsuit by asserting an entirely new theory of recovery at so late a date, particularly where discovery was

---

[2]    To be clear, nowhere in her ruling did the magistrate judge state, as plaintiff repeatedly asserts in his objection, that granting his motion to supplement would "expand the case beyond all recognition." ECF No 260 a 1, 6. Indeed, it appears that the only time that language appears on the entire docket in this case is the plaintiff's latest motion.

already well underway and [the plaintiff] could raise the new claims in another lawsuit." *Schwarz*, 544 F.3d at 1229. Magistrate Judge Reid accordingly acted well within her discretion to rule that this long-pending case should be resolved as pleaded and not be weighed down and delayed further by permitting Plaintiff to add allegations that span the eight-year period following the Amended Complaint. That ruling was not clearly erroneous or contrary to law.

Plaintiff's objections to the magistrate judge's rulings are without merit. Plaintiff makes no attempt to offer an excuse for his delay, let alone a justification that would undermine the magistrate judge's decision to deny Plaintiff's motion to supplement because of Plaintiff's undue delay. Plaintiff falls far short of demonstrating that Magistrate Judge Reid's ruling was clearly erroneous or contrary to law.

First, Plaintiff contends (ECF No. 260, at 4-5) that the magistrate judge erroneously applied the standard for amending a complaint under Federal Rule of Civil Procedure 15(a) rather than the standard for supplementing a complaint under Rule 15(d). Plaintiff is incorrect. The magistrate judge correctly acknowledged (ECF No. 253, at 3-4) that courts consider the same factors when deciding motions to amend under Rule 15(a) and motions to supplement under Rule 15(d), including undue delay. *See, e.g.*, *Schwarz*, 544 F.3d at 1211 (11th Cir. 2008); *Harris v. Garner*, 216 F.3d 970, 987 n.6 (11th Cir. 2000); *Nance*, 381 F. App'x at 923.

Second, Plaintiff argues (ECF No. 260, at 6) that his proposed supplement to the Amended Complaint "does not introduce new legal theories" but instead "simply pleads the culminating facts that prove the existing claims." That is wrong. As APA has repeatedly explained, Plaintiff's new factual allegations are not related to the claims pleaded in the Amended Complaint and could only arguably be relevant to new claims—either a new duty-of-fair-representation claim (different than the duty-of-fair-representation claim pleaded in the Amended Complaint and premised on a

6

different legal theory) or new retaliation claims (premised on new retaliatory acts)—that accrued well after the Amended Complaint was filed in 2018. *See* ECF No. 157, at 8-12; ECF No. 154, at 8-9; ECF No 141, at 11-13; ECF No. 112, at 4-5. Plaintiff has provided nothing to overcome this showing.

Finally, rather than seeking to justify his delay in seeking leave to amend, Plaintiff instead attempts to impugn the magistrate judge, claiming that undue delay was a "disingenuous pretext" for denying the motion and that the magistrate judge's ruling was "retaliatory" and "infected with a prejudicial bias against Plaintiff." ECF No. 260, at 5-7. Plaintiff's attacks on the magistrate judge are unfounded and of a piece with his attacks on opposing parties and lawyers in this case and others. Plaintiff's strategy confirms that his objections entirely lack merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Reid's denial of Plaintiff's motion to supplement the Amended Complaint (ECF No. 260) should be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000

Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: May 13, 2026