**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

     Plaintiff,                                **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.***,**

     Defendants.

_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S DENIAL OF PLAINTIFF'S MOTIONS FOR**
**DISQUALIFICATION AND SANCTIONS (ECF NO. 252)**

Defendant Allied Pilots Association ("APA") respectfully submits this opposition to Plaintiff's objections (ECF Nos. 259) to the magistrate judge's order (ECF No. 252) denying several motions by Plaintiff's that sought disqualification and sanctions against APA's lawyers. Plaintiff's disqualification and sanctions motions were frivolous and consistent with a persistent practice by Plaintiff of impugning adverse parties and their lawyers and attempting to use allegations of misbehavior as a strategy to gain a litigation advantage. Plaintiff does not come close to demonstrating that disqualification or sanctions were remotely warranted, let alone that Magistrate Judge Reid's rejection of his unfounded motions was contrary to law or clearly erroneous.

**BACKGROUND**

In October 2025, Plaintiff served third-party subpoenas on eight individuals under Federal Rule of Civil Procedure 45. *See* ECF Nos. 100-2, 100-3, 100-4, 100-5, 100-6, 100-7, 100-8, 100-9 (subpoenas). Among the eight individuals who received subpoenas were Thomas Rempfer (an

1

APA member who had served on APA committees) and Sue Edwards (an outside lawyer for APA). *See* ECF Nos. 100-2, 100-8. APA's lawyers at Bredhoff & Kaiser agreed to represent Ms. Edwards in connection with her subpoena and also spoke to Mr. Rempfer about potentially representing him in connection with his subpoena. *See* ECF No. 112, at 12-14; ECF No. 132, at 4; ECF No. 152, at 4. During a conversation between Mr. Rempfer and APA's lead counsel (Joshua Shiffrin), the firm concluded that it could not represent Mr. Rempfer because APA's and Mr. Rempfer's interests were not aligned. *See* ECF No. 112, at 12-13. APA subsequently moved to quash the subpoenas and requested a protective order imposing a temporal limit on Plaintiff's discovery, arguing that the subpoenas sought discovery from 2022 to 2025 that was unrelated to the claims in the Amended Complaint, which was filed in 2018. *See* ECF No. 100. Magistrate Judge Reid held a hearing on APA's motion on October 28, 2025. *See* ECF No. 125 (hearing transcript). John M. Pellettieri, an attorney at Bredhoff & Kaiser, appeared on behalf of APA at that hearing.

Plaintiff filed an array of motions related to the Rule 45 subpoenas and APA's motion for a protective order. *See* ECF No. 252, at 3-4 (describing motions). First, Plaintiff filed a motion (ECF No. 109) seeking the disqualification of Joshua Shiffrin and Bredhoff & Kaiser on the grounds that Mr. Shiffrin allegedly engaged in criminal witness tampering during his conversation with Mr. Rempfer. Second, Plaintiff filed a motion (ECF No. 142) seeking disqualification of Bredhoff & Kaiser on the grounds that the firm's representation of Ms. Edwards in connection with the Rule 45 subpoena created a conflict that required the firm's disqualification. Third, Plaintiff filed a motion (ECF No. 148) for sanctions against Bredhoff & Kaiser and John M. Pellettieri, claiming that Mr. Pellettieri intentionally made six material misrepresentations at the hearing on the protective order. Fourth, Plaintiff filed a motion (ECF No. 183) for leave to submit a declaration in further support of his disqualification and sanctions motions. Fifth, Plaintiff filed motions (ECF

Nos. 143, 155) for a hearing on his disqualification and sanctions motions. On April 15, 2026, Magistrate Judge Reid issued an order (ECF No. 252) denying each of these motions.

## STANDARD OF REVIEW

A magistrate judge's non-dispositive ruling must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). This standard of review is "extremely deferential." *Kxuber v. Berkshire Life Ins. Co. of Am.*, No. 19-CV-80211, 2019 WL 8275156, at \*1 (S.D. Fla. Oct. 11, 2019) (citing *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)); *accord SEC v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024); *Svistina v. Elbadramany*, No. 22-CV-20525, 2022 WL 5105199, at \*2 (S.D. Fla. Oct. 5, 2022). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Millstein v. Wells Fargo Bank, N.A.*, No. 1:24-CV-22142, 2026 WL 734256, at \*1 (S.D. Fla. Mar. 16, 2026). "[A] finding of clear error is only appropriate if the district court is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation modified). "'To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Cox Enters., Inc.*, 794 F.3d at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Gibson v. Lynn Univ., Inc.*, No. 20-CV-81173, 2021 WL 12303393, at \*1 (S.D. Fla. Apr. 21, 2021).

**ARGUMENT**

1.      Plaintiff contends (ECF No. 259, at 5-7) that Magistrate Reid clearly erred in finding that Mr. Shiffrin did not engage in criminal witness tampering and thus in denying Plaintiff's motion seeking disqualification on that basis. Plaintiff specifically argues (*id.* at 5-6) that Magistrate Judge Reid "ignore[d]" evidence, in particular "audio recordings" of conversations between Plaintiff and Mr. Rempfer that Plaintiff submitted in support of his disqualification motion. That is incorrect. Magistrate Judge Reid reviewed "the recording provided by Plaintiff" and concluded that it did not support a finding of any improper conduct by Mr. Shiffrin. ECF No. 252, at 10. To the contrary, the evidence established that Mr. Shiffrin's "communications with Mr. Rempfer were limited to whether Mr. Rempfer's interests aligned with APA's interests," *id.*; once Mr. Shiffrin determined that APA's and Mr. Rempfer's interests were not aligned, he "explained that he could not represent Mr. Rempfer," *id.*; and Mr. Shiffrin "inform[ed] Mr. Rempfer of his obligations under the confidentiality provision of the APA Policy Manual and APA's Constitution and Bylaws," *id.* The magistrate judge found that, as a lawyer for APA, Mr. Shiffrin's "duty was to prevent Mr. Rempfer . . . from divulging confidential and privileged information that belonged to APA," and "[t]he fact that the [APA] confidentiality provision provides for disciplinary action against a member who violates the provision does not mean that APA threatened retaliatory conduct nor that Attorney Shiffrin engaged in witness tampering." *Id.* Plaintiff does not come close to establishing that these findings were clearly erroneous.

2.      Plaintiff contends (ECF No. 259, at 7-10) that Magistrate Judge Reid's denial of his disqualification motion based on Bredhoff & Kaiser's representation of Sue Edwards was contrary to law. According to Plaintiff (*id.* at 8), Bredhoff & Kaiser's disqualification was required because Ms. Edwards had represented Plaintiff in a lawsuit against American Airlines under the Americans

4

with Disabilities Act (ADA) and Bredhoff & Kaiser's representation of Ms. Edwards in connection with the subpoena in this case allegedly gives APA an informational advantage.[1] That contention fails both factually and legally. As Magistrate Judge Reid found, "Ms. Edwards has stated that no confidential information she received from Plaintiff was shared with APA or" Bredhoff & Kaiser. ECF No. 252, at 12-13. Moreover, Plaintiff does not cite any ethical rule, let alone establish that Bredhoff & Kaiser's representation of Ms. Edwards violated an ethical rule, which is "a necessary but not always sufficient condition" for the "drastic remedy" of disqualification. *Kleiman v. Wright*, 662 F. Supp. 3d 1247, 1253 (S.D. Fla. 2023). As APA has explained (ECF No. 152, at 10-13), the cases cited by Plaintiff are inapposite, and Bredhoff & Kaiser's representation of Ms. Edwards was entirely appropriate. Magistrate Judge Reid correctly determined (ECF No. 252, at 11-13) that Bredhoff & Kaiser's representation of Sue Edwards for the limited purpose of responding to the Rule 45 subpoena did not violate any ethical rule and therefore did not support disqualification.

3.      Plaintiff contends (ECF No. 259, at 10-11) that Magistrate Judge Reid clearly erred in rejecting his motion for sanctions against Bredhoff & Kaiser and John M. Pellettieri for allegedly making six misrepresentations at the hearing on APA's motion for a protective order. APA has explained at length the frivolity of Plaintiff's contentions, which are consistent with Plaintiff's persistent practice of lobbing claims of fraud and misconduct against his legal adversaries. *See* ECF No. 154, at 4-13. Magistrate Judge Reid correctly concluded (ECF No. 252, at 13-14) that there was no basis for finding bad faith. Magistrate Judge Reid also explained (ECF No. 252, at 14) that none of the alleged misrepresentations were material to her decision to grant a protective

---

[1] As Magistrate Judge Reid correctly found (ECF No. 252, at 12), Plaintiff was a prospective client of Ms. Edwards, but Ms. Edwards ultimately did not represent Plaintiff in the ADA lawsuit. *See also* ECF No. 152, at 2-4; ECF No. 258, at 2.

order. Plaintiff's repetition of his frivolous arguments (ECF No. 259, at 10-11) does not undermine Magistrate Judge Reid's well-supported findings.

4.      Magistrate Judge Reid did not abuse her discretion (ECF No. 252, at 6-7) in declining to consider an affidavit that Plaintiff submitted long after he filed his motions for sanctions and disqualification. A party may not supplement a motion with evidence that is not new and that the party was aware of or reasonably should have been aware of at the time the motion was filed. *See, e.g.*, *Baltzer v. Midland Credit Mgmt., Inc.*, No.14-CV-20140, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence."). Plaintiff has provided no justification for his failure to submit the declaration at the time he filed his motions. Moreover, as APA has further explained, the information in the new declaration was immaterial to Plaintiff's motions and would have made no difference to the outcome of those motions. *See* ECF No. 200, at 2-5.

5.      Magistrate Judge Reid did not abuse her discretion (ECF No. 252, at 5-6) in declining to hold a hearing on Plaintiff's motions for sanctions and disqualification. *See, e.g.*, *Baker v. Alderman*, 158 F.3d 516, 526 (11th Cir. 1998) (no abuse of discretion in imposing sanctions without a hearing); *Gayle v. Harry's Nurses Registry*, 802 F. App'x 1, 3 (2d Cir. 2020) (no abuse of discretion in rejecting sanctions without a hearing). The materials submitted by the parties overwhelmingly established that disqualification and sanctions were unwarranted and that a hearing was unnecessary and would have made no difference to the consideration of Plaintiff's motions.

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Reid's denial of Plaintiff's motion for disqualification and sanctions (ECF No. 259) should be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ddymowski@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: May 13, 2026