**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

      Plaintiff,                          **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*,

      Defendants.

_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO**
**THE MAGISTRATE JUDGE'S ORDER (ECF NO. 258) DENYING**
**PLAINTIFF'S MOTIONS TO VACATE PROTECTIVE ORDER**

Defendant Allied Pilots Association ("APA") respectfully submits this opposition to Plaintiff's objections (ECF No. 264) to the magistrate judge's order (ECF No. 258) denying Plaintiff's motion to vacate a protective order the magistrate judge had entered limiting the temporal scope of discovery in this case. Plaintiff's motion to vacate was premised on frivolous arguments that counsel for APA made misrepresentations at the hearing on the protective order. Plaintiff had separately sought sanctions based on those frivolous assertions (ECF No. 148), and the magistrate judge has correctly rejected those sanctions (ECF No. 252). Plaintiff does not come close to demonstrating that Magistrate Judge Reid's rejection of Plaintiff's similarly frivolous motion to vacate the protective order was contrary to law or clearly erroneous.

**BACKGROUND**

On November 13, 2025, on APA's motion, the magistrate judge entered a protective order (ECF No. 138) that imposed a temporal limit on discovery to ensure that discovery in this case was limited to facts relevant to the claims asserted in Plaintiff's complaint. Plaintiff filed objections

1

(ECF No. 149) to that protective order and separately filed (ECF No. 148) a motion for sanctions against APA's lawyers, arguing that the lawyer who represented APA at the hearing on the protective order (John M. Pellettieri) allegedly made intentional, material misrepresentations at the hearing. Approximately two months later, on January 30, 2026, Plaintiff filed a motion (ECF No. 183) to supplement several of his prior motions with a declaration from former APA president Ed Sicher, arguing that the declaration provided additional support for those prior motions, including his objections to the protective order and his sanctions motion. Finally, on February 18, 2026, while Plaintiff's objections to the protective order (ECF No. 149) were still pending, Plaintiff filed an "emergency" motion (ECF No. 205) to vacate the protective order based on the Sicher declaration. In that filing, Plaintiff alleged (ECF No. 205, at 2) that the Sicher declaration provided support for two alleged misrepresentations by Mr. Pellettieri at the hearing on the protective order (two of the six alleged in Plaintiff's motion for sanctions).

APA's responses to Plaintiff's motions established that Mr. Pellettieri made no misrepresentation at the hearing, let alone intentional misrepresentations that were material to the magistrate judge's ruling on the protective order. ECF No. 154, at 4-11; ECF No. 157, at 18. APA further explained that the supplemental Sicher declaration also did not establish any misrepresentations, let alone material misrepresentations, and added nothing that undermined the protective order entered by the magistrate judge. ECF No. 200, at 2-3; ECF No. 216, at 2-3.

Magistrate Judge Reid denied Plaintiff's sanctions motion, finding that some of the alleged misstatements were "merely argument and APA's interpretation of the facts" and "none of the alleged misrepresentations were material to this Court's reasoning in its protective order." ECF No. 252, at 13-14. Magistrate Reid also denied Plaintiff's motion to supplement his prior filings with the Sicher declaration, concluding that Plaintiff had provided no adequate explanation for

2

why he failed to provide the declaration with his initial filings. ECF No. 252, at 6-7. Plaintiff has filed objections to those orders. *See* ECF No. 259 (objections); ECF No. 268 (APA's response).

On April 27, 2026, Magistrate Judge Reid denied Plaintiff's motion to vacate the protective order. ECF No. 258. Magistrate Judge Reid concluded that Plaintiff's claims that Mr. Pellettieri made two misstatements at the hearing on the protective order were unfounded. *Id.* at 2.

**STANDARD OF REVIEW**

A magistrate judge's non-dispositive ruling must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). This standard of review is "extremely deferential." *Kxuber v. Berkshire Life Ins. Co. of Am.*, No. 19-CV-80211, 2019 WL 8275156, at *1 (S.D. Fla. Oct. 11, 2019) (citing *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)); *accord SEC v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024); *Svistina v. Elbadramany*, No. 22-CV-20525, 2022 WL 5105199, at *2 (S.D. Fla. Oct. 5, 2022). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Millstein v. Wells Fargo Bank, N.A.*, No. 1:24-CV-22142, 2026 WL 734256, at *1 (S.D. Fla. Mar. 16, 2026). "[A] finding of clear error is only appropriate if the district court is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation modified). "'To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Cox Enters., Inc.*, 794 F.3d at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible

3

views of the issue." *Gibson v. Lynn Univ., Inc.*, No. 20-CV-81173, 2021 WL 12303393, at *1 (S.D. Fla. Apr. 21, 2021).

## ARGUMENT

1.      Plaintiff contends (ECF No. 264, at 12-13) that Magistrate Judge Reid clearly erred in rejecting the two claims of misrepresentations by Mr. Pellettieri that Plaintiff alleged in his motion to vacate the protective order. As APA has explained at length, Plaintiff's claims that Mr. Pellettieri made misrepresentations at the hearing on the protective order are entirely baseless and unfounded. *See* ECF No. 154, at 4-11; ECF No. 157, at 18; ECF No. 200, at 2-3; ECF No. 216, at 2-3. Magistrate Judge Reid did not clearly err.

Plaintiff's allegations against Mr. Pellettieri are one of a slew of frivolous accusations by Plaintiff that APA's lawyers have engaged in unethical, sanctionable, and even criminal conduct. *See* ECF Nos. 103, 109, 110, 118, 120, 121, 134, 137, 142, 144, 148. Plaintiff's accusations fit an established pattern that Plaintiff has employed in other litigation. *See* ECF No. 251-1, at 5-71 (Plaintiff's filings in the Eleventh Circuit accusing counsel for American Airlines of fraud on the court and seeking sanctions, in part based on Sicher declaration); *Meadows v. Allied Pilots Ass'n*, No. 2:14-cv-00115 (D. Utah Aug. 31, 2016), ECF No. 60, at 3, 7-12 (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgment against Meadows"); *Meadows v. Am. Airlines*, No. 1:10-cv-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89, at 4, 20, Ex. 20 at 2 (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); *EEOC v. Am. Airlines*, No. 2:17-cv-04059 (D. Ariz. Apr. 2, 2018), ECF No. 12, at 13, 25, 27 (in seeking intervention, claiming that the "[p]arties have engaged in egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this Court" and a "conflict of interest");

4

*see also In re AMR Corp.*, No. 11-15463, 2022 WL 362919, at *4 (Bankr. S.D.N.Y. Feb. 7, 2022) (explaining that "the continuing blitz of litigation filed by Mr. Meadows in these cases has become a burden upon the Court's judicial resources"). Plaintiff has even accused Magistrate Judge Reid and one of the district judges who previously presided over this case of bias and favoritism. *See* ECF No. 250, at 13-14; ECF No. 24, at 2, 7. APA's lawyers at Bredhoff & Kaiser have acted ethically and appropriately at all times. Plaintiff's motion to vacate the protective order and his other motions attacking APA's lawyers are entirely without merit. Magistrate Judge Reid did not clearly err in rejecting those attacks.

2.      In his motion to vacate the protective order, Plaintiff requested vacatur "pursuant to Fed. R. Civ. P. 60(b)(3)." ECF No. 205, at 1. In response, APA explained in a footnote that Plaintiff's reliance on Rule 60(b) was misplaced because that rule provides courts with authority to provide relief from a "final judgment," Fed. R. Civ. P. 60(b), whereas the protective order was an interlocutory ruling, *see* ECF No. 216, at 2 n.2. APA nonetheless acknowledged that a court has "complete power" to revise an interlocutory ruling. *Id.* (quoting *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 313 (2025)). Plaintiff replied that "[t]he standards of Rule 60(b)(3) provide the proper analytical framework for" deciding his motion to vacate. ECF No. 222, at 2. Plaintiff now has the temerity to argue that Magistrate Judge Reid's ruling was contrary to law because she "incorrectly frame[d] her analysis under Rule 60(b)(3)." ECF No. 264, at 14.

Magistrate Judge Reid found that Plaintiff's claims of misstatements by Mr. Pellettieri were unfounded. Magistrate Judge Reid's ruling therefore makes clear that vacatur would be unwarranted under any standard. Regardless, Magistrate Judge Reid did not err in using the standard for relief from judgment under Rule 60(b) to guide her discretion to reconsider her interlocutory ruling. Moreover, any purported error in relying on the Rule 60(b) standard was

invited by Plaintiff and therefore is waived. *See, e.g.*, *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) ("[I]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.").

3.      Plaintiff contends (ECF No. 264, at 15) that Magistrate Judge Reid's denial of his motion to vacate the protective order was "procedurally improper" because his objections to that protective order remained pending at the time of the ruling. But Plaintiff did not ask Magistrate Judge Reid to hold his motion to vacate in abeyance while his objections remained pending. To the contrary, Plaintiff labeled his motion to vacate an "emergency" motion and asked the court to enter an "emergency order." ECF No. 205, at 1, 4. Plaintiff's claim of procedural error is frivolous.

4.      Plaintiff argues (ECF No. 264, at 15) that Magistrate Judge Reid erred in denying his motion without holding a hearing. Plaintiff did not request a hearing. *See* ECF No. 205 (motion); ECF No. 222 (reply). In any event, Plaintiff's claims were frivolous on their face and therefore Magistrate Judge Reid plainly did not abuse her discretion in denying Plaintiff's motion without a hearing.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Reid's denial of Plaintiff's emergency motion to vacate the protective order (ECF No. 264) should be denied.

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309

6

Email: ddymowski@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

Dated: May 26, 2026