**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

       Plaintiff,                               **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

       Defendants.

_____/

### DEFENDANT APA'S UNILATERAL PRETRIAL STIPULATION

Defendant Allied Pilots Association (APA) repeatedly attempted to confer with Plaintiff and establish an orderly process that would permit the parties to submit joint filings as required by the Court's scheduling orders (ECF Nos. 177, 247) and Local Rule 16.1(e). In response, Plaintiff refused to exchange proposed pretrial submissions or confer with APA's counsel. *See* Attachment A (declaration of Joshua B. Shiffrin describing APA's attempts to confer). APA accordingly files this unilateral pretrial stipulation pursuant to Local Rule 16.1(f). Further, APA does so without the benefit of knowing what evidence Plaintiff may seek to introduce at trial to meet his burden of proof on his claims.

**I.      Concise Statement of the Action**

APA is a union that represents over 16,000 pilots employed by American Airlines, Inc. (American). APA is headquartered in Fort Worth, Texas.

Plaintiff Lawrence Meadows is a former pilot for American. He stopped flying for American in 2003 due to disability, and he subsequently began a long period of unpaid sick and/or disability leave. In 2004, Plaintiff's medical certificate from the Federal Aviation Administration (FAA)—a prerequisite to working as a commercial airline pilot—expired. On October 21, 2011,

1

American terminated Plaintiff pursuant to a provision in the collective bargaining agreement between APA and American that permitted American to terminate a pilot and remove him or her from the pilot seniority list after five or more years' unpaid leave (sometimes referred to as the "five-year rule"). Plaintiff did not regain his FAA medical certificate until November 2018. At that point, although Plaintiff had no contractual right to return to employment at American, APA petitioned American to reinstate Plaintiff. American declined to do so.

In general, this suit concerns Plaintiff's contention that APA should have done more to secure his return to employment at American. APA argues that it did all that it could reasonably do within the bounds of its collective bargaining agreement with American to attempt to secure Plaintiff's return. APA also argues that Plaintiff's claims rely on misreading the collective bargaining agreement and other governing documents, as well as the governing law.

Plaintiff filed an Amended Complaint on October 16, 2018.[1] The eight claims asserted in the Amended Complaint focus on events that occurred between 2013 and 2018. APA has filed a motion for summary judgment as to all claims (ECF No. 237). On May 25, 2026, Magistrate Judge Reid issued a Report and Recommendation recommending that the Court grant summary judgment on all eight counts (ECF No. 269).

Counts I and II (ECF No. 35 ¶¶ 219-41) concern the pilot seniority list integration process that occurred between 2013 and 2016 in connection with the merger of American and U.S.

---

[1] This is the third lawsuit Plaintiff has lodged against APA related to his termination from American. The first two resulted in judgments for APA, which have preclusive effect on several of the claims in this suit. *See Meadows v. APA*, No. 14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27, 2015), *aff'd*, 822 F. App'x 653 (10th Cir. 2020); *Meadows v. Am. Airlines, Inc.*, No. 15-CV-03899, 2016 WL 4011231 (N.D. Ill. July 27, 2016). In February 2026, Plaintiff filed a fourth lawsuit against APA in the Eastern District of New York. *Meadows v. APA*, No. 26-cv-00679 (E.D.N.Y). Plaintiff has also filed multiple lawsuits against American.

Airways. APA was party to agreements with the airlines that established a process for the integration of the airlines' seniority lists. Pursuant to those agreements, the committee that represented the interest of legacy American pilots used data received from American to prepare a certified seniority list that listed the pilots employed at American as of December 9, 2013 (the date on which the corporate merger closed). Plaintiff contends that APA violated its duty of fair representation because the committee did not include him on the certified seniority list (Count I), and because APA did not arbitrate a grievance he purported to file challenging the list integration process (Count II). APA argues that Counts I and II are time-barred. Even if they were not, APA argues that Plaintiff had no right to be included on the certified seniority list under the agreements that governed the seniority list integration process—and, therefore, as to Count I, Plaintiff cannot prove that the committee acted arbitrarily, discriminatorily, or in bad faith when it did not include him on the list. As to Count II, APA decided not to arbitrate Plaintiff's grievance in light of APA and American's shared understanding that there was no right for individual pilots to file grievances under a unique memorandum of understanding (MOU) between APA and American pertaining to the transition to a merged airline. As a result, APA argues that its decision to not arbitrate the grievance was not arbitrary, discriminatory, or in bad faith.

Count III (ECF No. 35 ¶¶ 242-51) contends that APA breached its duty of representation as to Plaintiff because APA had not submitted a grievance (DFW Base Grievance 12-012) to arbitration as of the date of the filing of the Amended Complaint. DFW Base Grievance 12-012 was filed on behalf of pilots based in Dallas-Fort Worth (DFW) to challenge American's then-practices of (1) not providing notice to pilots before terminating them pursuant to the five-year rule, and (2) categorically refusing to consider reinstatement of such pilots even after they regained their FAA medical certifications. Plaintiff was not based in DFW but nonetheless argues that he

would have benefited had DFW Base Grievance 12-012 been submitted to arbitration. APA argues that Plaintiff mischaracterizes DFW Base Grievance 12-012 as challenging the validity of the five-year rule itself. But even if Plaintiff's mischaracterization were correct, APA argues that Plaintiff's duty-of-fair-representation claim would fail because he cannot prove that such a grievance would be successful in light of the plain language and American and APA's longstanding, shared interpretation of the collective bargaining agreement between APA and American—a point that Plaintiff previously litigated unsuccessfully in his District of Utah lawsuit against APA, and that he is barred from relitigating. Furthermore, APA did not breach its duty of fair representation by not advancing DFW Base Grievance 12-012 to arbitration before October 2018, as it was able to achieve the objectives of the grievance through other means.

Counts IV and V (ECF No. 35 ¶¶ 252-85) are state-law contract claims asserting that APA breached its Constitution and Bylaws through the same conduct undergirding the federal claims in Counts I-III. These state-law claims are preempted by the Railway Labor Act, and they should not be presented to a jury. Even if they were not preempted, APA did not breach any enforceable contractual obligation to Plaintiff contained in APA's Constitution and Bylaws.

Counts VI and VII (ECF No. 35 ¶¶ 286-328) allege that APA violated the Labor-Management Reporting and Disclosure Act (LMRDA) by failing to give Plaintiff all the rights and privileges afforded to active members in good standing. These claims present issues of law for the Court, and not a jury, to decide. The APA Constitution and Bylaws distinguish between "active" and "inactive" members, and inactive members do not have all the rights and privileges of active members. At the time of the Amended Complaint, Plaintiff was deemed an inactive member of APA. Plaintiff contends that it is unlawful under the LMRDA for APA to make a distinction between active and inactive members, and he primarily seeks an injunction that he be treated as an

active member in good standing of APA with all the rights of an active member, including the right to vote and hold office. The law is settled that unions are entitled to draw reasonable distinctions between classes of members, and it is APA's position that it is eminently reasonable, as a matter of law, for APA—through its Constitution and Bylaws—to assign inactive membership status to pilots, such as Plaintiff, who are terminated or do not actively work for American due to a prolonged period of medical disability.

Finally, Count VIII (ECF No. 35 ¶¶ 329-53) alleges that APA violated the LMRDA by retaliating against Plaintiff for exercising his right to sue APA. As detailed in APA's summary judgment motion, Plaintiff's retaliation claim is deficient as a matter of law because Plaintiff does not allege retaliatory union discipline. In any event, the two retaliation theories Plaintiff advances are deficient for other reasons as well. Plaintiff's first theory is that APA's decision not to advance to arbitration a grievance that Plaintiff had filed challenging his termination (Grievance 12-011) was retaliation against Plaintiff because he had participated in an internal APA arbitration proceeding in which he cross-examined APA officials. This theory is barred as a matter of law by res judicata stemming from Plaintiff's unsuccessful Utah lawsuit. That theory also lacks evidentiary support. Plaintiff's second theory is that APA engaged in a retaliatory "course of conduct" toward him because of the Utah lawsuit, his threat in 2014 to initiate an EEOC action, and his filing the initial complaint in this case. APA argues that Plaintiff cannot prove that any of the individual acts he alleges constitute retaliation for protected activity.

## II.      Basis for the Court's Jurisdiction

The Court has subject matter jurisdiction over Counts I-III and VI-VIII under 28 U.S.C. § 1331. The Court has subject matter jurisdiction over Counts IV and V under 28 U.S.C. § 1367. APA has not contested the Court's personal jurisdiction over APA in this matter.

5

### III.   Pleadings Raising the Issues

Plaintiff's Amended Complaint was filed on October 16, 2018, and is docketed as ECF No. 35. APA's answer to the Amended Complaint is docketed as ECF No. 107. APA's motion for summary judgment is docketed as ECF No. 237.

### IV.   A List of Undisposed of Motions Requiring Action by the Court

1.   The following motions have been referred to Magistrate Judge Reid (ECF No. 175) for disposition and remain pending:

- Plaintiff's Motion for Sanctions for Spoliation of Evidence and Other Discovery Abuses. ECF No. 187.

- Plaintiff's Second Motion for Sanctions for Spoliation of Evidence. ECF No. 223.

2.   The following motions remain pending before the Court:

Scheduling

- Plaintiff's Unopposed Motion to Adjourn Trial and Pretrial Deadlines. ECF No. 257.

- Plaintiff's Emergency Motion for Protective Order to Stay Trial Preparation. ECF No. 263.

Plaintiff's Objections to Orders by Magistrate Judge

- Plaintiff's Objections to the Magistrate's Order (ECF No. 138) Granting Defendant Allied Pilots Association's Motion for Protective Order. ECF No 149.

- Plaintiff's Objections Pursuant to Fed. R. Civ. P. 72(a) to the Magistrate Judge's Constructive Denial of Discovery Relief. ECF No. 159.

- Plaintiff's Third Objections Pursuant to Fed. R. Civ. P. 72(a) to Magistrate's Sua Sponte Order (ECF No. 160) of December 23, 2025. ECF No. 162.

- Plaintiff's Fourth Objections to the Magistrate Judge's January 13, 2026 Order (ECF No. 172), and Constructive Denial to Enforce that Order, and Motion for De Novo Review. ECF No. 176.

- Plaintiff's Objections to Order (ECF No. 204) on Motion to Quash, Order on Motion for Reconsideration, Order on Motion to Compel Discovery. ECF No. 208.

- Plaintiff's Sixth Objection Under Fed. R. Civ. P. 72(a) to the Magistrate Judge's Order (ECF No. 231) on Defendant's Motion for Leave to File Excess Pages. ECF No. 232.

- Plaintiff's Seventh Objection Under Fed. R. Civ. P. 72(a) to Order (ECF No. 243) on Motion for Extension of Time to File Response/Reply/Answer, Order on Motion for Leave to File Excess Pages. ECF No. 246.

- Plaintiff's Eighth Objection Pursuant to Fed. R. Civ. P. 72(a) to Omnibus Order (ECF No. 252) denying Plaintiff's Motions to Disqualify Counsel, Plaintiff's Motion for Sanctions, and several related motions. ECF No. 259.

- Plaintiff's Ninth Objection Pursuant to Fed. R. Civ. P. 72(a) to Omnibus Order (ECF No. 253) denying Plaintiff's Corrected Amended Verified Supplemental Pleading Pursuant to Fed R. Civ. P. 15(d) and Plaintiff's Motion to Transfer Venue and Consolidate Actions. ECF. No. 260.

- Plaintiff's Tenth Objection Pursuant to Fed. R. Civ. P. 72(a) to Order (ECF No. 258) Denying Emergency Motion to Vacate Protective Order (ECF No. 138) Based on Fraud and Misconduct by Opposing Counsel. ECF No. 264.

## V.   Concise Statement of Uncontested Facts

In connection with its motion for summary judgment, APA submitted a statement of material facts (ECF No. 244) that sets forth the facts APA believes are not reasonably subject to dispute, supported by citations to the evidentiary record. In response (ECF No. 250), Plaintiff did not submit a counterstatement of material facts or otherwise dispute any of the facts in APA's statement of material facts. Plaintiff has also refused to confer regarding this pretrial stipulation (or any other pretrial filings). *See* Attachment A. APA is therefore unable to anticipate what facts, if any, Plaintiff believes are contested and would attempt to contest at trial. As a result, at present, the uncontested facts are those set forth in APA's statement of material facts.

## VI.   Issues of Fact Which Remain to Be Litigated at Trial

APA believes that there are no factual issues to be litigated in this case and that all eight counts in this case should be decided on summary judgment as a matter of law, as recommended by Magistrate Judge Reid (ECF No. 269). Moreover, because Plaintiff has refused to confer regarding this pretrial stipulation (or any other pretrial filings), APA is unable to anticipate what facts, if any, Plaintiff would put forward in support of his claims or attempt to contest at trial.

**VII.   Concise Statement of Legal Issues on Which There Is Agreement**

In his response to APA's motion for summary judgment (ECF No. 250), Plaintiff did not dispute the legal analysis in APA's motion, and Plaintiff has refused to confer regarding this pretrial stipulation (or any other pretrial filings).

APA nonetheless believes that Plaintiff likely does not dispute the following legal issues:

1.      This Court has jurisdiction over the parties and subject matter of this lawsuit.

2.      Venue is proper in the U.S. District for the Southern District of Florida.

3.      APA is a union governed by the Railway Labor Act.

4.      A duty of fair representation claim under the Railway Labor Act is subject to a six-month statute of limitations.

5.      APA's Constitution and Bylaws are a contract between APA and its members.

6.      Plaintiff had a duty to mitigate all compensatory damages.

**VIII.   Concise Statement of Legal Issues Which Remain for Determination by the Court**

APA's motion for summary judgment (ECF No. 237) sets forth the legal issues that APA believes compel judgment in APA's favor as a matter of law on all counts, and Magistrate Judge Reid has issued a Report and Recommendation (ECF No. 269) that recommends judgment in APA's favor on all counts. As a result, at present, no legal issues remain for determination by the Court. If Plaintiff were to file objections to the Report and Recommendation, the Court would be required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). APA is currently unable to predict what legal issues might remain for the Court's determination if Plaintiff were to file objections to the Report and Recommendation and the Court were to sustain those objections in whole or in part.

APA has filed a motion in limine, contemporaneously with this pretrial stipulation, setting forth additional legal issues that APA believes may remain for the Court to determine if this case were to go to trial.

## IX.       Numbered List of Trial Exhibits

Plaintiff has refused to confer or participate in a process that would permit the parties to submit a joint exhibit list as required by the Court's scheduling orders (ECF Nos. 177, 247) and Local Rule 16.1(e)(9). APA therefore submits only its own exhibit list as a separate document. Moreover, because Plaintiff has not shared an exhibit list with APA, APA is unable to state its objections to any of Plaintiff's exhibits as required by Local Rule 16.1(e)(9). APA respectfully requests the opportunity to amend its exhibit list if or when Plaintiff produces an exhibit list.

## X.       Numbered List of Trial Witnesses

Pursuant to the Court's scheduling orders (ECF No. 177, 247), APA submits its witness list as a separate document. APA respectfully requests the opportunity to amend its witness list if or when Plaintiff produces a witness list and exhibit list.

## XI.       Estimated Trial Time

The parties represented in their Joint Discovery Plan and Conference Report (ECF No. 63) that they expected a trial in this matter to last 4-5 days. APA continues to believe that 4-5 days is a reasonable estimate of the time that would be needed in the event a trial were held regarding all eight counts in the Amended Complaint. Less time would likely be necessary if only a subset of those counts were to go to trial.

## XII.       Statement on Attorney's Fees

Because Plaintiff is *pro se,* attorney's fees are not available to him. *See Ray v. U.S. Dep't of Just.*, 87 F.3d 1250, 1251 n.2 (11th Cir. 1996) (citing *Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991)).

**XIII.    Proposed Questions for Jury Questionnaire**

The Court's scheduling order (ECF No. 177, at 5) permits the parties to submit up to five

proposed questions to be included in a jury questionnaire. APA proposes the following questions:

1.  Have you or any close family member or friend ever worked in a workplace where employees were represented by a union?

2.  Is there any reason why you might have difficulty being a fair and impartial juror in a case involving a union?

3.  Have you or any close family member or friend ever been involved in a court case involving claims by an employee against their employer?

4.  Have you or any close family member or friend worked for an airline in any capacity?

5.  What websites or other news sources do you like to visit?

Respectfully submitted,

Dated: May 29, 2026

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*