**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

      Plaintiff,                                   **CASE NO. 1:17-CV-22589-EA**

**v.**

**ALLIED PILOTS ASSOCIATION,** *et al.*

      Defendants.

_____/

**DECLARATION OF JOSHUA B. SHIFFRIN**
**REGARDING APA'S UNSUCCESSFUL EFFORTS TO CONFER WITH PLAINTIFF**
**REGARDING PRETRIAL SUBMISSIONS**

I, JOSHUA B. SHIFFRIN, hereby declare and state as follows:

1. I am a resident of Maryland. I am over the age of 18. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am an attorney at Bredhoff & Kaiser, PLLC. I am lead counsel to Defendant Allied Pilots Association (APA) in the above-captioned litigation.

3. On April 8, 2026, the Court issued an Order Granting APA's Motion to Continue Trial Dates. ECF No. 247. The April 8 Order set a deadline of May 29, 2026, for the parties to file the following: a joint pretrial stipulation, exhibit lists with objections, witness lists with objections, deposition designations with objections, joint proposed jury instructions, and motions in limine.

4. The purpose of this declaration is to describe APA's unsuccessful efforts to confer with Plaintiff Lawrence Meadows regarding the joint pretrial submissions called for by the Court's April 8 Order.

5. As detailed below, since April 14, 2026, undersigned counsel has repeatedly attempted to confer with Plaintiff to establish an orderly process to exchange materials and confer

regarding joint pretrial submissions in advance of the May 29 deadline. Throughout that process, Plaintiff has refused to engage with APA and instead has taken the position that it would be "premature" to undertake any pretrial preparation until this Court (and the Eleventh Circuit in a separate case that does not involve APA) resolve multiple pending motions that Plaintiff believed could "radically alter" the trial.

6.      On April 14, 2026, I emailed Plaintiff on behalf of APA to propose a schedule for the orderly exchange of materials in advance of the Court's deadline. The proposed schedule would have begun on May 8, 2026, with the exchange of exhibit lists, witness lists, and deposition designations, with additional exchanges on May 15 and May 22.

7.      On April 16, 2026, Plaintiff replied to my April 14 email, taking the position that "any discussion of a pretrial schedule is premature at this time," and that the parties could "revisit this matter after the Court rules on all dispositive motions and pending objections."

8.      On April 17, 2026, I emailed Plaintiff that APA disagreed with his assessment, explaining that "the Court's scheduling order requires the parties to submit pretrial filings—and confer about those filings—even though the motion for summary judgment is pending."

9.      On April 19, 2026, Plaintiff emailed again, insisting that "it is virtually impossible that the trial can proceed as currently scheduled," and that APA's proposed "effort to determine evidentiary issues at this stage [is] an exercise in futility."

10.     True and correct copies of the April 14, 16, 17, and 19 emails are included in the email thread that is attached to this declaration as **Exhibit A**.

11.     On April 20, 2026, I wrote to the chambers of Magistrate Judge Reid, pursuant to her informal procedures, to request the Court's assistance setting a schedule for APA and Plaintiff to confer in advance of the May 29 deadline for pretrial filings.

2

12. On April 23, 2026, I participated in a phone call with Plaintiff in which he expressed a willingness to exchange initial drafts of pretrial materials on May 22, 2026, but not before. I continued to advocate for an earlier exchange, informing Plaintiff that, in APA's view, May 22 was too late for the parties to have time to review, respond, and redraft their materials before the May 29 deadline. The content of that call was memorialized in an email sent to Magistrate Judge Reid's chambers that same day.

13. Also on April 23, 2026, Plaintiff responded in an email to myself and Magistrate Judge Reid's chambers, stating, in part, that he was "unable commit to a date earlier than May 22 due to my heavy briefing obligations currently pending in the Southern District of Florida, the Eleventh Circuit, and the Eastern District of New York, as well as my upcoming medical appointments at the Mayo Clinic."

14. On April 24, 2026, Magistrate Judge Reid's law clerk informed the parties by email that the court would not grant APA's request for a judicial order setting a schedule for pretrial exchanges, and also reminded the parties that they were still required to "comply with the deadlines outlined in Judge Artau's Order."

15. True and correct copies of the April 20, 23, and 24 emails with chambers are included in the email thread that is attached to this declaration as **Exhibit B**.

16. On May 7, 2026, I attempted to resume the conferral process, emailing Plaintiff to confirm that the parties would exchange pretrial materials on May 22, 2026, and to suggest a telephonic conference to discuss the exchanged materials on May 26, 2026. I also reiterated my view that the parties would benefit from an initial exchange earlier than May 22.

17. On May 8, 2026, Plaintiff replied to my email, writing that "proceeding with trial preparation" would be "procedurally improper and a manifest waste of party and judicial

resources." Plaintiff said that he would discuss the "specific timing" of pretrial exchanges only after the Court "provides clarity on the trial schedule."

18. On May 11, 2026, I spoke with Plaintiff on the phone. On that phone call, Plaintiff would not commit to exchanging pretrial materials on May 22.

19. Also on May 11, 2026, Plaintiff filed an Emergency Motion for Protective Order to Stay Trial Preparation, in which he requested that the Court "stay" the May 29 deadline rather than requiring him to "engage in extensive and costly trial preparation." ECF No. 263, at 1.

20. On May 14, 2026, Plaintiff wrote to inform APA that, despite his earlier representations to the contrary, he would no longer commit to a May 22 exchange of pretrial materials. According to Plaintiff, it was "not feasible to prepare for trial while a dispositive Motion for Summary Judgment, my unopposed Rule 56(d) motion, two spoliation motions, and ten foundational objections all remain pending." Plaintiff continued: "For these reasons, I must await the Court's guidance on my pending Emergency Motion before . . . I will be in a position to confer on a realistic schedule for pretrial exchanges."

21. On May 15, 2026, I wrote to Plaintiff again to explain that the Court's May 29 deadline still applied regardless of Plaintiff's pending motions. I also stated APA's position that "May 22 is really the last realistic date for the parties to exchange initial draft materials and hope to meet the May 29 deadline."

22. On May 18, 2026, Plaintiff replied, stating again that he "must await the Court's guidance on the pending Emergency Motion before proceeding with any pretrial preparation." I understood this email to be Plaintiff's final word that he did not intend to proceed with an exchange of pretrial materials on May 22 or make any timely effort to confer on joint filings.

23.　　True and correct copies of the May 7, 8, 11, 14, 15, and 18 emails are included in the email thread that is attached to this declaration as **Exhibit C**.

24.　　In light of Plaintiff's refusal to engage in pretrial preparations and confer with undersigned counsel, APA is filing a unilateral pretrial stipulation, together with a proposed exhibit list, witness list, deposition designations, jury instructions, and motion in limine.

25.　　In doing so, APA does not know what exhibits or witnesses Plaintiff proposes producing at trial, or what if any deposition designations he wishes to make. Because Plaintiff declined to respond substantively to APA's motion for summary judgment and statement of uncontested facts, APA also does not know Plaintiff's position on uncontested facts or legal issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 29, 2025

Joshua B. Shiffrin

# EXHIBIT A

| | |
|---|---|
| **From:** | Joshua Shiffrin |
| **To:** | "Lawrence Meadows" |
| **Cc:** | John M. Pellettieri; Lane Shadgett; Justine Nguyen; Capri Trigo; Andrew Dymowski |
| **Subject:** | RE: [EXTERNAL] Re: Pretrial Scheduling |
| **Date:** | Monday, April 20, 2026 2:47:13 PM |

Mr. Meadows:

Once again, you have not responded to the schedule that we proposed last Tuesday for the exchange and conferral regarding pretrial documents. Instead, you propose that we wait until Wednesday to confer by telephone, and even then you wish to confer about matters other than the schedule that we have proposed. Given the amount of work that must be done between now and May 29, we need a schedule in place as soon as possible, and it is not realistic to wait to confer with respect to that time-sensitive issue until some time after we first confer about the issues you wish to discuss on Wednesday. As I said, we will be seeking the Magistrate Judge's guidance regarding how to proceed.

As to an adjournment of the trial dates: as we stated in the last motion that we filed (and that you opposed), we believe that the trial should be adjourned until APA's motion for summary judgment is decided.  However, the Court did not grant us that relief, and thus we must presently proceed under  he schedule that the Court has set.  We may consider filing another motion seeking an adjournment after the motion for summary judgment is fully briefed, but we do not agree that the other matters that you have listed in your email are reasons for adjournment.

Sincerely,

Joshua Shiffrin

**From:** Lawrence Meadows <lawrencemeadows@yahoo com>
**Sent:** Sunday, April 19, 2026 9:04 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>
**Subject:** [EXTERNAL] Re: Pretrial Scheduling

Mr. Shiffrin,

Your insinuation that I "decline" to participate in the deferral process is disingenuous and appears to manufacture a conflict, where none exists, for your own tactical advantage. This particularly indicated where you have sought to impose a contrived Monday 9am deadline Monday, less than one business day -- a day I was scheduled for a full ear;y mornmg work day, and am in fact working all but one-day this week in an intensive flight training course.

For numerous reasons, it is virtually impossible that the trial can proceed as currently scheduled.  Moreover, the pending motions/objections before, and/or the pending decisions of, both the district court and Eleventh Circuit will radically alter the shape and form of the any trial that might proceed.

These pending decisions/motions/objections include but are not limited to:

* The pending Rule 11 motion for sanctions before the Eleventh Circuit

* The Eleventh Circuit's decision on the merits of the AA case and how that interlocked fraud impacts this case

* The emergency motion to vacate the protection order

* Both motions for sanctions for spoliation

* Your motion for summary judgment

* My 56(d) motion and swron 41-paragraph declaration in support.

* Seven pending objections to Magistrate's Order

* At least two more Objections to Magistrate's Orders

Your MSJ consisted of over 700 pages of argument and exhibits.  Standing alone, that motion will likely take weeks or months to review.

My 56(d) motion is substantially likely to succeed but, even if it does not, it will almost certainly result in an extension of time for me to file an opposition to the MSJ on the merits.

To be clear, I am willing to proceed with discussions regarding scheduling this week. However, I'm almost fully committed with a flight training, and **I am only available to confer telephonically 3:00pm - 5:00pm Wednesday, or anytime Friday.**  Regardless, the first session should be dedicated to discussing the improbability of the trial proceeding as scheduled and the high probability that the scope of any future trial will be radically altered by pending motions/decisions, thereby making an effort to determine evidentiary issues at this stage an exercise in futility.

It is highly likely that a joint motion to postpone the trial, referencing the above confluence of events, would succeed.  Not to make this effort strikes me as a perverse and willful wasting of the resources of both the parties and the court.

Regards,

Lawrence Meadows

Begin forwarded message:
On Friday, April 17, 2026, 2:51 PM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Mr. Meadows:

The Court denied our request to adjourn the trial dates until after our motion for summary judgment is resolved.  As such, the Court's scheduling order requires the parties to submit pretrial filings- and confer about those filings- even though the motion for summary judgment is pending. If you decline to participate in the conferral process, we will seek direction from the magistrate judge as how to proceed. Please let us know your position by Monday, 4/20, at 9 am est.

Sincerely,

Joshua Shiffrin

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Thursday, April 16, 2026 12:45:15 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>
**Subject:** [EXTERNAL] Re: Pretrial Scheduling

Mr. Shiffrin,

Given the pendency of your client's Motion for Summary Judgment and the Court's recent omnibus orders, and any subsequent objections, any discussion of a pretrial schedule is premature at this time. We can revisit this matter after the Court rules on all dispositive motions and pending objections.

Regards,
Lawrence Meadows

On Tuesday, April 14, 2026 at 10:07:55 AM EDT, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Dear Mr. Meadows:

Pursuant to the court's recent order regarding the trial dates (ECF No. 247), the parties must file by May 29th a pre-trial stipulation, joint exhibit list and trial plan, witness lists and deposition designations, proposed jury instructions and verdict form, and motions in limine.  In light of this order, APA proposes the following schedule for conferring regarding these subjects:

1.  May 8, 2026: the parties exchange draft exhibit lists, witness lists, and deposi ion designations.

2.  May  15, 2026: the parties exchange draft stipulations (covering  he subjects identified in Local Rule 16.1(e)) and proposed jury instructions.

3.  May 22, 2026:  he parties exchange objections to exhibit lists, deposition designa ion objections and counter designations, and any revisions to s ipulations and proposed jury instructions.

4.  May 23, 2026:  he parties confer via zoom regarding objections and potential motions in limine.

Please let us know if you have any questions.

Sincerely,

Josh Shiffrin

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from

disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

On Thursday, April 16, 2026 at 03:45:15 PM EDT, Lawrence Meadows <lawrencemeadows@yahoo.com> wrote:

Mr. Shiffrin,

Given the pendency of your client's Motion for Summary Judgment and the Court's recent omnibus orders, and any subsequent objections, any discussion of a pretrial schedule is premature at this time. We can revisit this matter after the Court rules on all dispositive motions and pending objections.

Regards,
Lawrence Meadows

On Tuesday, April 14, 2026 at 10:07:55 AM EDT, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Dear Mr. Meadows:

Pursuant to the court's recent order regarding the trial dates (ECF No. 247), the parties must file by May 29th a pre-trial stipulation, joint exhibit list and trial plan, witness lists and deposition designations, proposed jury instructions and verdict form, and motions in limine.  In light of this order, APA proposes the following schedule for conferring regarding these subjects:

1.   May 8, 2026: the parties exchange draft exhibit lists, witness lists, and deposition designa ions.

2.   May  15, 2026: the parties exchange draft stipulations (covering the subjects identified in Local Rule 16.1(e)) and proposed jury instructions.

3.   May 22, 2026: the parties exchange objections to exhibit lists, deposition designation objections and counter designations, and any revisions to stipulations and proposed jury instructions.

4.   May 23, 2026: the parties confer via zoom regarding objections and potential motions in limine.

Please let us know if you have any questions.

Sincerely,

Josh Shiffrin

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

# EXHIBIT B

 Outlook

---

**[EXTERNAL] RE: Request for Assistance Regarding Pre-Trial Schedule**

---

**From** Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov>

**Date** Fri 4/24/2026 3:30 PM

**To** 'Lawrence Meadows' <lawrencemeadows@yahoo.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>

**Cc** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; FLSDdb_efile Reid <Reid@flsd.uscourts.gov>; Capri Trigo <ctrigo@grsm.com>; Drew Dymowski <ajdymows@gmail.com>

Good afternoon,

The Court is unable to hold a hearing on the issue below or otherwise enter an order granting the relief requested by Defendant. Please comply with the deadlines outlined in Judge Artau's Order.

Thank you,
--
**Rocio Iglesias Gonzalez**
Law Clerk to U.S. Magistrate Judge Lisette M. Reid
U.S. District Court for the Southern District of Florida
Tel: (305) 523-5782

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Thursday, April 23, 2026 2:37 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Rocio Iglesias Gonzalez <Rocio_IglesiasGonzalez@flsd.uscourts.gov>; FLSDdb_efile Reid <Reid@flsd.uscourts.gov>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Drew Dymowski <ajdymows@gmail.com>
**Subject:** Re: Request for Assistance Regarding Pre-Trial Schedule

 CAUTION - EXTERNAL:


Dear Ms. Gonzalez:

I write to supplement defendant counsel's incomplete account of our conferral regarding pre-trial deadlines.

An integral part of that conferral was my request that the parties file a **Joint Motion to Adjourn** the May 29th pretrial deadlines.  The need for such an adjournment is dictated by the fact that proceeding with trial preparation at this stage would be a manifest waste of party and judicial resources. The defendant's Motion for Summary Judgment is fully briefed and awaiting a decision and, as of yesterday, the Eleventh Circuit has been formally presented with fraud-on-the-court allegations regarding the 2025 settlement agreement (ECF No. 255), which is the foundational instrument of the defendant's defense.

Defendant counsel advised that APA **will not oppose** an individual motion filed by me to adjourn the pretrial deadlines.

Regarding the interim schedule for pretrial exchanges, as I explained during the conferral, I am unable commit to a date earlier than May 22 due to my heavy briefing obligations currently pending in the Southern District of Florida , the Eleventh Circuit , and the Eastern District of New York, as well as my upcoming medical appointments at the Mayo Clinic. While I will comply with the

Court's current scheduling order to have all materials ready by May 29th, the May 22nd start date is the earliest feasible window for these exchanges.

Regards,

Lawrence Meadows

Sent from Yahoo Mail for iPhone

On Thursday, April 23, 2026, 12:12 PM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Dear Ms. Gonzalez:

I write on behalf of APA regarding the dispute discussed in the emails below.  On Thursday, April 23, the parties conferred by telephone regarding a schedule for the exchange of draft pre-trial submissions (such as witness lists, exhibit lists, deposition designations, and jury instructions) in advance of the Court's May 29, 2026 deadline for submission of those materials to the Court (ECF No. 247) . Unfortunately, the parties were unable to reach an agreement on a schedule.

Plaintiff proposed that the parties exchange draft submissions between each other on May 22.  APA could not agree to that date, as it believes it would leave insufficient time for the parties to review each other's materials, prepare objections and potential motions in limine, and confer regarding those objections and motions.  APA continues to believe that the schedule that it described in its April 20 email (which calls for the initial exchanges of information on May 8 and May 15) to be appropriate under the circumstances.  Nonetheless, as a compromise,  APA proposed to Plaintiff that the parties exchange all pretrial submissions between each other on May 15.  Plaintiff would not agree to that proposal in light of other time commitments that he has in May.

In light of these circumstances, APA requests that the Court order a schedule for the exchange of draft pre-trial submissions.  Counsel for APA is available if the Court would like to hold a conference as well.

Sincerely,

Joshua Shiffrin

---

**From:** Joshua Shiffrin
**Sent:** Monday, April 20, 2026 4:02 PM
**To:** 'Rocio Iglesias Gonzalez'
<rocio_iglesiasgonzalez@flsd.uscourts.gov>; 'FLSDdb_efile Reid'
<reid@flsd.uscourts.gov>; Lawrence Meadows
<lawrencemeadows@yahoo.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett

<lshadgett@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; 'Capri Trigo' <ctrigo@grsm.com>; 'Drew Dymowski' <ajdymows@gmail.com>
**Subject:** RE: Request for Assistance Regarding Pre-Trial Schedule

I apologize—I am re-sending this to include Plaintiff.

---

**From:** Joshua Shiffrin
**Sent:** Monday, April 20, 2026 3:59 PM
**To:** Rocio Iglesias Gonzalez <rocio_iglesiasgonzalez@flsd.uscourts.gov>; FLSDdb_efile Reid <reid@flsd.uscourts.gov>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Drew Dymowski <ajdymows@gmail.com>
**Subject:** Request for Assistance Regarding Pre-Trial Schedule

Dear Ms. Rodriguez:

I write on behalf of defendant Allied Pilots Association ("APA") to seek Magistrate Judge Reid's assistance with respect to the pre-trial process contemplated by the Court's April 8, 2026 scheduling order (ECF No. 247). In particular, APA asks that the Court set a schedule for the parties to confer and exchange draft pre-trial filings.

The April 8 order requires that, by May 29, 2026, the parties will file a joint pre-trial stipulation, a joint exhibit list and trial plan, witness lists, deposition designations, proposed jury instructions, and motions in limine. In order to meet the May 29 deadline, the parties must confer regarding matters such as exhibits, deposition designations, and jury instructions. In light of those obligations, last Tuesday, April 14, 2026, undersigned counsel proposed to Plaintiff the following schedule:

1. May 8, 2026: the parties exchange draft exhibit lists, witness lists, and deposition designations.

2. May 15, 2026: the parties exchange draft stipulations (covering the subjects identified in Local Rule 16.1(e)) and proposed jury instructions.

3. May 22, 2026: the parties exchange objections to exhibit lists, deposition designation objections and counter designations, and any revisions to stipulations and proposed jury instructions.

4. May 23, 2026: the parties confer via zoom regarding objections and potential motions in limine.

To date, Plaintiff has declined to respond to this proposed schedule or propose an alternative. Instead, he has stated that any discussion of a

schedule for conferring and exchanging drafts of pretrial matters is "premature" until APA's motion for summary judgment, and other pending motions and objections filed by Plaintiff, are resolved by the Court. (See attached email chain)

APA had filed a motion to adjourn trial pending a decision on APA's motion for summary judgment, but the Court did not grant that relief in its April 8 order; instead it re-scheduled the trial for June 2026 and ordered the parties to submit pre-trial filings on May 29. The parties must abide by that order, and APA cannot adequately prepare its defense without Plaintiff's participation in the pretrial process, particularly since he bears the burden of proof.

We apologize for bringing a matter to the Court's attention that should be capable of resolution between the parties without court intervention, but we believe time is of the essence given the extensive pre-trial tasks that parties must jointly complete. As a result, APA respectfully asks that the Court order that the parties exchange documents and confer pursuant to the schedule proposed by APA.  Counsel for APA is available should the Court wish to hold a hearing regarding this matter.

Sincerely,

Joshua Shiffrin


Joshua B. Shiffrin (he/him)
Bredhoff & Kaiser P.L.L.C.
805 15th Street N.W.
Suite 1000
Washington D.C. 20005
PH (202) 842-2600
FAX (202) 842-1888
CELL: 617-501-1720
www.bredhoff.com

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-

mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT C

 Outlook

---

**Re: [EXTERNAL] Re: Exchange of Pretrial Submissions**

---

**From** Lawrence Meadows <lawrencemeadows@yahoo.com>

**Date** Mon 5/18/2026 10:28 AM

**To** Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>

**Cc** Lane Shadgett <lshadgett@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>

**Subject: Re: Exchange of Pretrial Submissions**

Mr. Shiffrin,

To be clear on my position: when we last conferred, I advised that May 22nd was the earliest possible date I could be available to begin exchanging pretrial materials.

However, as you are aware, I have since filed an Emergency Motion for a Protective Order to Stay All Trial Preparation (ECF 263). As detailed in that motion, it is not feasible to prepare for a trial that is subject to a pending dispositive summary judgment motion, an unopposed Rule 56(d) motion, two spoliation motions, and ten foundational objections. The resolution of these threshold matters can be expected to materially alter the scope of any potential trial, or terminate the case altogether.

For these reasons, I must await the Court's guidance on the pending Emergency Motion before proceeding with any pretrial preparation.

Once the Court rules on these dispositive matters and provides clarity on the path forward, I will be in a position to confer on a realistic schedule for pretrial exchanges.

Regards,

Lawrence Meadows

On Friday, May 15, 2026 at 02:01:20 PM EDT, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Mr. Meadows:

The parties are currently obligated under the Court's April 8 order to file several joint submissions with the Court on May 29, as well as to confer about motions in limine and other matters. In order to meet that deadline, the parties *must* exchange drafts sufficiently in advance of the May 29 deadline so as to provide an opportunity for review, conferral, revisions, and further drafting. APA initially proposed exchanging materials starting earlier this month, but you did not agree to that proposal. May 22 is really

the last realistic date for the parties to exchange initial draft materials and hope to meet the May 29 deadline.

As you know, the fact that you have filed motions to adjourn the trial dates and for a protective order does not relieve you of your obligations under the April 8 order. It is, after all, possible the Court will deny your motions. It is also possible that the Court will not act on your motions at all prior to the May 29 deadline. In either event, we will still be expected *and required* to submit all the pretrial materials required by the existing deadline, which is two weeks from today.

With the deadline looming, we need to clearly understand your position. You stated in your email that "I must await the Court's guidance on my pending Emergency Motion before proceeding with any trial preparation." Is it your position that—if the Court does not grant your motion in the interim—you are refusing to exchange materials on May 22?

Sincerely,

Joshua Shiffrin

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Thursday, May 14, 2026 4:55 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>
**Cc:** Lane Shadgett <lshadgett@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Caitlin Kekacs <ckekacs@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>
**Subject:** Re: [EXTERNAL] Re: Exchange of Pretrial Submissions

**Subject: Re: Exchange of Pretrial Submissions**

Mr. Shiffrin,

As an initial matter, be advised that I am responding within our existing email thread to preserve the full context of our communications for the record. For clarity, your most recent email - sent in a separate thread at 12:05 PM today - is pasted below as a forwarded message.

As I previously advised, May 22nd was the earliest possible date I might be available to begin exchanging pretrial materials.

However, as you are aware, on Monday, immediately after our telephonic meet and confer, I filed an Emergency Motion for a Protective Order to Stay All Trial Preparation (ECF 263), on which you stated APA "takes no position." As detailed in that motion, it is not feasible to prepare for trial while a dispositive Motion for Summary Judgment, my unopposed Rule 56(d) motion, two spoliation motions, and ten foundational objections all remain pending. The resolution of these threshold matters can be expected to materially alter the scope of any potential trial, or terminate the case altogether.

For these reasons, I must await the Court's guidance on my pending Emergency Motion before proceeding with any trial preparation.

Once the Court rules on these dispositive matters and provides clarity on the path forward, I will be in a position to confer on a realistic schedule for pretrial exchanges.

Regards,
Lawrence Meadows

Begin forwarded message:

On Thursday, May 14, 2026, 12:05 PM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Hide trimmed content

Mr. Meadows:

When we spoke on Monday, you committed to getting back to me today as to whether you will agree to exchange pretrial materials on May 22.  Please let me know if the schedule below, which I first proposed to you on May 7, is acceptable to you.

1. On May 20, we will send you draft jury instructions and a draft joint stipulation in the form contemplated by ECF No. 177 and Local Rule 16.1(e)(1)-(12).

2. By 5 pm est on May 22, the parties will electronically exchange the materials as follows:

   a.    We will exchange our respective exhibit lists, along with PDFs of the exhibits identified therein.
   b.    You will send us your proposed edits to the draft joint stipulation.

c.    You will send us your proposed edits to the draft jury instructions, in the format described in ECF No. 177.
   d.    We will exchange our respective deposition designations.
   e. We will exchange our respective witness lists.

3.    The parties will confer via zoom on Tuesday, May  26, at 12 pm noon regarding the foregoing matters, and potential motions in limine, so that the parties can be in a position to make the required submissions to the Court on May 29.

I look forward to receiving your timely response.

Sincerely,

Joshua Shiffrin

On Monday, May 11, 2026, 3:15 PM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Mr. Meadows:

To memorialize the conversation that we had at 10:30 today:

1. In your forthcoming motion, you may represent that APA does not take a position on the motion.  You may not represent that the motion is unopposed.

2. You will tell us on or before Thursday, May 14, whether you commit to exchanging pre-trial materials on May 22.

Sincerely,


Joshua Shiffrin

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Monday, May 11, 2026 7:53 AM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**Subject:** Re: [EXTERNAL] Re: Exchange of Pretrial Submissions


10:30am works for me.


Sent from Yahoo Mail for iPhone


On Sunday, May 10, 2026, 9:42 AM, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Mr. Meadows:


I now have a conflict at 10 am tomorrow. Can we move our call to 10:30?


Thank you,


Josh


Get Outlook for iOS

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Friday, May 8, 2026 4:55:23 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** Lane Shadgett <lshadgett@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs <ckekacs@bredhoff.com>
**Subject:** Re: [EXTERNAL] Re: Exchange of Pretrial Submissions

**Subject: Re: Exchange of Pretrial Submissions**

Mr. Shiffrin,

I am in receipt of your email.

As a prerequisite to my forthcoming motion, and as required by Judge Artau's Order (ECF 177), I confirm our mandatory telephonic conferral for Monday, May 11th at 10:00 AM EST.

Thank you for confirming that on my Emergency Motion for a Protective Order to Stay Trial Preparation, I may represent to the Court that **"APA takes no position."** I will represent your position to the Court exactly as stated.

Regarding the pretrial exchange schedule, as I previously stated, I have already agreed to the May 22nd date. However, my position remains that any further discussion on specific pretrial deadlines is premature until the Court rules on the pending dispositive motions. I will have a clearer view of my availability to confer on that specific topic later next week.

Regards,

Lawrence Meadows


On Friday, May 8, 2026 at 01:13:10 PM EDT, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:


Mr. Meadows:

Given that there is currently a motion pending before the Court to adjourn the trial dates, we do not think it is appropriate or advisable to file another motion seeking the same relief.  For that reason, APA will not join your proposed motion.  If you ultimately file such a motion, you may represent that APA takes no position on the motion.

Further, as things stand now, the parties have substantial pre-trial submissions to prepare over the next few weeks.  Given the breadth of the work involved, we cannot wait until the court issues a ruling on the pending motion to adjourn for you to provide your position on the schedule that I proposed to you yesterday. I would appreciate a response by the end of today.

If you would like to confer by telephone, I am available at 10 am est on Monday.

Josh

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Friday, May 8, 2026 10:27 AM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** Lane Shadgett <lshadgett@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; Caitlin Kekacs <ckekacs@bredhoff.com>
**Subject:** [EXTERNAL] Re: Exchange of Pretrial Submissions


**Subject: URGENT: Request for Telephonic Conferral Re: Pretrial Deadlines & Joint Emergency Motion**

Mr. Shiffrin,

As required by Judge Artau's Order (ECF 177), this email serves as my formal attempt to confer with you telephonically regarding the upcoming pretrial deadlines.

As you know, my substantively unopposed Motion to Adjourn Trial (ECF 257) remains pending for the last two weeks. More importantly, with your 716-page Motion for Summary Judgment (ECF 237) now fully briefed, along with a related Rule 56(d) motion and at least ten objections, proceeding with trial preparation is procedurally improper and a manifest waste of party and judicial resources.

Given this reality, I propose we file a joint emergency motion for a protective order to stay all trial preparation deadlines until the Court has ruled on, at a minimum, both the pending Motion for Summary Judgment and the Motion to Adjourn. This seems the only logical path forward.

If APA is unwilling to join, please be advised that I will be filing the motion unilaterally on Monday, May 11th, due to my travel schedule.

I am available to confer telephonically on these matters this afternoon, **Friday, May 8th, between 2:00 PM and 5:00 PM EST, or on Monday, May 11th, between 8:00 AM and 12:00 PM EST.** Please let me know your availability so we may discuss a joint filing or, alternatively, your position on my forthcoming motion.

Regarding the pretrial exchange date, as you know I previously committed to May 22nd. I am happy to revisit specific timing with you once the Court provides clarity on the trial schedule, but as you explained previously, I am substantially committed at present.

Regards,

Lawrence Meadows


On Thursday, May 7, 2026 at 12:40:35 PM EDT, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Dear Mr. Meadows:

As we have previously discussed, under the Court's April 8 scheduling order (see attached), the parties are required to make substantial pre-trial submissions to the court on May 29.  Among other things, we must submit a joint exhibit list and pretrial stipulation on that date, as well as confer before that date about motions in limine and other matters.  The Court's January scheduling order (ECF No. 177, see attached) also contains instructions for how the court expects jury instructions to be submitted.

You have previously represented that you are willing to exchange pretrial submissions on May 22.  While we continue to believe that, for practical reasons, the parties would benefit from exchanging our pretrial submissions sooner than May 22, we will agree to a May 22 exchange date.   Thus, we propose that:

1. On May 20, we will send you draft jury instructions and a draft joint stipulation in the form contemplated by ECF No. 177 and Local Rule 16.1(e)(1)-(12).

2. By 5 pm est on May 22, the parties will electronically exchange the materials as follows:

1.   We will exchange our respective exhibit lists, along with PDFs of the exhibits identified therein.
2.   You will send us your proposed edits to the draft joint stipulation.
3.   You will send us your proposed edits to the draft jury instructions, in the format described in ECF No. 177.
4.   We will exchange our respective deposition designations.
5.   We will exchange our respective witness lists.

We further propose that the parties confer via zoom on Tuesday, May  26, at 12 pm noon regarding the foregoing matters, and potential motions in limine, so that the parties can be in a position to make the required submissions to the Court on May 29.

Sincerely,

Joshua Shiffrin

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

## Disclaimer

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

## Disclaimer

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

## Disclaimer

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.