IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

    v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU

_____/

FILED BY _____ D.C.

JUN 01 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S RENEWED EMERGENCY MOTION FOR PROTECTIVE ORDER TO STAY TRIAL PREPARATION

Plaintiff Lawrence Meadows, pursuant to Federal Rule of Civil Procedure 26(c), respectfully files this Renewed Emergency Motion for a Protective Order staying all deadlines related to trial preparation pending the Court's resolution of, at a minimum, Plaintiff's forthcoming Objections to the Magistrate Judge's Report and Recommendation (ECF No. 269).

### INTRODUCTION

On June 1, 2026, this Court reset the trial in this matter to July 13, 2026 (ECF No. 277). While this Order resolves the prior calendrical impossibility of the June 15 trial date, it does not resolve the profound procedural logjam that makes any trial preparation at this stage a manifest waste of party and judicial resources. On May 25, 2026, the Magistrate Judge issued a Report and Recommendation to terminate this case in its entirety. To continue to compel Plaintiff to engage in costly and extensive trial preparation while that R&R, ten pending Objections, and two un-ruled-upon spoliation motions remain pending constitutes an "undue burden or expense" from which Plaintiff requires protection under Rule 26(c). Adhering to the current schedule is not just

1

inefficient; it is a manifest injustice that violates the core command of Rule 1 to secure the "just, speedy, and inexpensive determination" of this action.

## ARGUMENT

An immediate stay of trial preparation is required because it is impossible to prepare for a trial when the very scope of the claims, the fitness of counsel, the admissibility of evidence, and the integrity of the record remain fundamentally unsettled. Currently pending before this Court are:

**A Stay is Required to Promote Judicial Economy and Prevent a Manifest Waste of Resources.**

An immediate stay of trial preparation is necessary to promote judicial economy. It is impossible for the parties or the Court to efficiently prepare for a July trial when the fundamental scope of that trial remains unknown. The procedural posture of this case is defined by a series of pending, potentially case-dispositive matters that must be resolved first:

1. **A Dispositive Report & Recommendation (ECF No. 269):** The Magistrate Judge has issued a formal recommendation to terminate this case in its entirety. Proceeding with trial preparation in the face of such a recommendation is illogical and inefficient.

2. **Ten Pending Objections:** These Objections to the Magistrates rulings motion which challenge the very foundation of the case, including the **fitness of opposing counsel** (ECF No. 259), the **integrity of the record** (ECF Nos. 260, 264), and the **proper scope of discovery** due to the fraudulently procured Protective Order (ECF Nos. 149, 259, 260, 264). The resolution of these objections could fundamentally alter the legal and factual battlefield.

3. **Two Un-ruled-upon Motions for Spoliation Sanctions (ECF Nos. 187, 223):** These fully briefed motions, supported by sworn testimony from two former APA Presidents,

2

allege a systemic pattern of evidence destruction. Until the Court rules on these motions and determines the state of the evidentiary record, no party can reasonably prepare for trial.

**B. Proceeding Now Would Impose an Undue Burden on Plaintiff.**

Forcing Plaintiff to prepare for a July trial under these circumstances constitutes an "undue burden or expense" from which he is entitled to protection under Rule 26(c). The preparation required for an complex eight-count, nine-year-old RLA Duty of Fair Representation and LMRDA case is immense, requiring what counsel has estimated to be 50-100 hours of attorney time and hundreds of hours of work for a pro se litigant. To compel such an extraordinary commitment of resources - while it remains unknown what claims will survive, what evidence will be admissible, and whether a trial will even occur - is precisely the kind of oppressive and unjust burden that Rule 26(c) is designed to prevent.

Forcing trial preparation now is precisely the "undue burden or expense" that Rule 26(c) is designed to prevent.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter a protective order **STAYING** all trial preparation deadlines until the Court has resolved the threshold dispositive matters currently pending before it, including: (1) Plaintiff's forthcoming Objections to the Report and Recommendation (ECF No. 269); (2) the two pending Motions for Spoliation Sanctions which directly impact the integrity of the evidentiary record (ECF Nos. 187, 223); and (3) the pending Objections which address the fitness of opposing counsel, the integrity of the record, and the proper scope of discovery (e.g., ECF Nos. 149, 259, 260, 264).

### *LOCAL RULE 7.1(a)(3) CERTIFICATION*

3

Pursuant to Local Rule 7.1(a), Plaintiff conferred with counsel for APA regarding this Renewed Motion. In an email communication on the morning of June 2, 2026, counsel for APA advised that APA "takes no position" on this motion. However, during the subsequent telephonic conferral at 1:00 PM EST, counsel reversed course and stated that APA now opposes the motion. Accordingly, the parties were unable to resolve the dispute.

Dated: June 1, 2026

Respectfully submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on June 1, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*