## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**LAWRENCE MEADOWS,**
  Plaintiff,

  v.

**ALLIED PILOTS ASSOCIATION, et al.,**
  Defendants.



FILED BY_____D.C.

JUN -2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_____/

## PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTION
## IN LIMINE AND CROSS-MOTION TO STRIKE ALL PRETRIAL SUBMISSIONS

Plaintiff Lawrence Meadows, proceeding *pro se*, respectfully files this Consolidated Opposition to Defendant Allied Pilots Association's ("APA") Motion in Limine (ECF No. 276). Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff also respectfully cross-moves to strike all of APA's May 29, 2026 pretrial submissions—including its Unilateral Pretrial Stipulation and associated exhibits (ECF Nos. 271, 272, 273, 274, 275)—as premature, moot, and unduly prejudicial.

### ARGUMENT

**A. APA's Submissions Are Premature and an Undue Burden.**

On June 1, 2026, this Court reset the trial in this matter to July 13, 2026 (ECF No. 277). While this resolves the prior calendrical impossibility, it does not resolve the profound procedural logjam that makes any trial preparation at this stage premature and a manifest waste of resources. As established in Plaintiff's contemporaneously filed **Renewed Emergency Motion for Protective Order to Stay Trial Preparation**, it is impossible to prepare for a July trial when the

1

very scope of the claims, the fitness of counsel, the admissibility of evidence, and the integrity of the record remain fundamentally unsettled.

Currently pending before this Court are: (1) a dispositive Report & Recommendation to terminate this case (ECF No. 269); (2) ten pending Objections which challenge the fitness of opposing counsel, the integrity of the record, and the proper scope of discovery (e.g., ECF Nos. 149, 259, 260, 264); and (3) two un-ruled-upon Motions for Spoliation Sanctions which could result in case-altering evidentiary sanctions (ECF Nos. 187, 223). Forcing Plaintiff to litigate a voluminous motion in limine under these circumstances is the definition of "undue burden or expense" from which he requires protection. Accordingly, APA's filings are premature and should be stricken.

**B. APA's Filings Are a Product of Bad Faith, Not a Good-Faith Effort to Comply.**

APA's last-minute document dump was not an act of good-faith compliance, but a bad-faith ambush designed to manufacture a misleading record. This is demonstrated by a clear timeline of APA's own conduct and admissions.

First, Plaintiff is the only party who acted with prudence and foresight by properly seeking relief from Judge Artau. On April 23, 2026, after APA's counsel attempted to unilaterally impose an aggressive pretrial schedule via an *ex parte* email to Magistrate Judge Reid's chambers, the Magistrate's clerk instructed the parties to "Please comply with the deadlines outlined in Judge Artau's Order." (ECF No. 271-1 at 22-23).

Heeding that guidance, Plaintiff immediately sought relief from Judge Artau by filing his Unopposed Motion to Adjourn Trial on April 24, 2026 (ECF No. 257), after securing APA counsel's agreement that they would not oppose the motion. When the Court did not timely rule, despite his Unopposed Motion to Adjourn being fully briefed by May 5, 2026, Plaintiff again

2

sought relief by filing an Emergency Motion for a Protective Order, on May 11, 2026 (ECF No. 263). On this second motion, **APA took "no position,"** again acquiescing to Plaintiff's request for a stay. By contrast, APA never sought any such relief for itself from Judge Artau.

Second, APA's litigation position has been rife with hypocrisy. Although Plaintiff's Motion to Adjourn (ECF No. 257) was filed as unopposed, APA subsequently filed an opposition on pretextual grounds. (ECF No. 261). Yet, in that same filing, APA itself believed preparing for trial was a waste of resources and wholeheartedly agreed with Plaintiff's core argument; stating for over a page that proceeding with pretrial submissions before a ruling on summary judgment would result in **"rendering those submissions obsolete"** and that an **"adjournment of the pretrial deadlines is therefore necessary to facilitate the efficient resolution of this case."** (ECF No. 261 at 2-3).

Third, APA was the first party to breach its own proposed pretrial schedule. On May 7, 2026, APA counsel proposed a schedule that required it to serve draft jury instructions on **May 20, 2026.** (ECF No. 271-1 at 20). **APA never did so.** Instead of engaging in the sequential pre-trial exchange process it designed, **APA went dark.** Then, during the parties' May 29 meet-and-confer, counsel for APA began the call and stated, **"I see in general that its absurd we have to go through any pre-trial process at this point…"** and later confessed his own non-compliance, stating, **"we certainly had no obligation to send you our materials when you were unwilling to send us anything."** This admission proves APA never intended to proceed in good faith and cannot now claim prejudice from a process it was the first to abandon.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

3

1. **STRIKE** APA's unilateral pretrial submissions (ECF Nos. 271, 271-1, 272, 273, 274, and 275) as premature and unduly burdensome;

2. **DENY** APA's Motion in Limine (ECF No. 276) without prejudice; and

3. **ENTER** a new scheduling order governing pretrial exchanges for all parties in the event this Court denies the pending Report & Recommendation and this matter proceeds to trial. Plaintiff expressly reserves the right to submit his own complete pretrial materials pursuant to a new scheduling order and to file a full, merits-based opposition to any evidentiary motions.

### *LOCAL RULE 7.1 MEET AND CONFER CERTIFICATION*

Pursuant to Local Rule 7.1(a), the parties conferred numerous times via email and telephone between April 24, 2026, and May 29, 2026. During the final telephonic conference on May 29, 2026, Plaintiff advised counsel for APA that any motion in limine would be opposed as premature and unduly burdensome in light of the pending R&R, and that Plaintiff would file a cross-motion to strike. APA's counsel reconfirmed during subsequent meet and confer on June 1, 2026 that they would "oppose" this motion.

Dated: June 1, 2026.

Respectfully submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

4

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on June 1, 2026, a true

and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S.

Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

5





Envelop

**Recycle n**