**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

      Plaintiff,                                    **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*,

      Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO**
**MOTION IN LIMINUE AND MOTION TO STRIKE PRETRIAL FILINGS**

Defendant Allied Pilots Association ("APA") respectfully submits this response to Plaintiff's identical submissions docketed at ECF Nos. 282 and 283, which request that the Court strike APA's pretrial filings, deny APA's motion in limine without prejudice, and enter a new scheduling order that gives Plaintiff another opportunity to submit pretrial filings in the event that this case goes to trial. Plaintiff's requests are frivolous and vexatious, and they should be denied.[1]

On April 8, 2026, the Court entered an order (ECF No. 247) requiring the parties to confer and submit, by May 29, 2026, various materials in preparation for an anticipated June trial, including pretrial stipulations, exhibit and witness lists, deposition designations, proposed jury instructions, and motions in limine. As set forth in detail in an affidavit and supporting documents that APA submitted on May 29 in connection with its pretrial stipulation, Plaintiff (despite multiple efforts by APA) repeatedly refused to agree to a schedule for the orderly exchange of materials or otherwise confer regarding the pretrial filings required by the Court's order, insisting that it was

---

[1] Plaintiff has also filed a motion for an "order STAYING all trial preparation deadlines." ECF No. 280, at 3. APA has opposed that motion as well. *See* ECF No. 281.

"premature" and "an exercise in futility" to engage in any pretrial preparation. *See generally* ECF No. 271-1 (Shiffrin Decl.). APA made clear to Plaintiff that the pendency of pretrial motions did not absolve the parties of complying with the Court's May 29 deadline for pretrial filings. *See id.* Accordingly, on May 29, APA submitted pretrial materials unilaterally. *See* ECF Nos. 271-76. Plaintiff did not file anything.

Plaintiff now has the temerity to request (ECF No. 283, at 4) that the Court strike APA's pretrial filings, deny APA's motion in limine without prejudice, and give Plaintiff another opportunity to submit pretrial filings despite his willful failure to submit those filings on May 29 as required by the Court's scheduling order. Plaintiff's arguments are frivolous and demonstrate disrespect for APA and the Court.

Plaintiff brazenly contends (ECF No. 283, at 2-3) that *APA* acted prematurely and in bad faith by submitting its pretrial filings on May 29, whereas he "acted with prudence and foresight" by intentionally ignoring the May 29 deadline merely because his request to adjourn the deadline remained pending. APA plainly did not act in bad faith by complying with the Court's order, and Plaintiff well knew that the May 29 filing deadline remained in effect regardless of whether he had requested an adjournment.

Plaintiff also audaciously suggests (ECF No. 283, at 3) that APA breached an obligation to Plaintiff because APA did not provide its draft jury instructions to Plaintiff in advance of filing them with the Court. As the correspondence between APA and Plaintiff demonstrates, APA had proposed that it would share its draft instructions as part of a schedule for the mutual exchange of draft pretrial information. When Plaintiff made clear that he had no intention of conferring with respect to pretrial submissions, APA had no obligation to unilaterally provide its proposed instructions to Plaintiff prior to filing them on May 29. Any suggestion by Plaintiff of misconduct

on the part of APA is belied by the correspondence between APA and Plaintiff, which speaks for itself. *See generally* ECF No. 271-1 (Shiffrin Decl.).

In short, Plaintiff provides no basis to excuse his willful, intentional decision to ignore the Court's pretrial deadline—let alone to strike the submissions that APA made in adherence to that deadline. If anything, the Court should sanction Plaintiff for his non-compliance and vexatious conduct. *See, e.g.*, *see Mack v. Wakefield & Assocs., Inc.*, 2017 WL 11686848, at *1 (S.D. Fla. Nov. 1, 2017) (dismissing action after plaintiff failed to comply with show-cause order arising from plaintiff's failure to comply with pretrial obligations);  *Massucco v. Lamberti*, 2008 WL 11331651, at *1 (S.D. Fla. Feb. 27, 2008) (barring defendant who did not comply with pretrial obligations from calling witnesses or presenting exhibits); *see also* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

For the foregoing reasons, Plaintiff's requests should be denied.

Dated: June 4, 2026

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ddymowski@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

4