**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

LAWRENCE MEADOWS,
    **Plaintiff,**

    **v.**

ALLIED PILOTS ASSOCIATION, et al.,
    **Defendants.**

**CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU**

_____/

FILED BY_____D.C.

JUN 11 2026

ANG...
CLERK...
S. D. OF FLA...

### <u>PLAINTIFF'S NOTICE OF FILING REGARDING PARALLEL PROCEEDINGS</u>

Plaintiff, Lawrence Meadows, respectfully submits this Notice to inform the Court of a highly relevant development in a parallel federal action, *Meadows v. Allied Pilots Association*, Case No. 2:26-cv-00679-EK-ARL (E.D.N.Y.). This development bears directly on the pending Report and Recommendation (ECF No. 269), Plaintiff's associated Objection thereto (ECF No. 285), and the related pretrial motions.

On June 9, 2026, the Honorable Eric R. Komitee of the U.S. District Court for the Eastern District of New York issued an Order directing Defendant Allied Pilots Association ("APA") to file no later than June 22 a consolidated response to Plaintiff's request to transfer the action to this District. A true and correct copy of this Order is attached hereto as **Exhibit 1**.

Judge Komitee's Order was issued in response to Plaintiff's Pre-Conference Letter, a copy of which is attached as **Exhibit 2**. As detailed in that letter, the transfer request is based on the complex procedural posture of this case and the fact that the E.D.N.Y. action alleges duty of fair representation ("DFR") and LMRDA claims supported by post-2021 evidence. This includes evidence surrounding the fraudulent 2025 settlement agreement - which resolved Grievance 12-

1

012, the subject of Count III of Plaintiff's First Amended Complaint (ECF No. 35) - that was improperly excluded from this action due to the Magistrate's Protective Order (ECF No. 138). This improper exclusion is what triggered the filing of the E.D.N.Y. action.

This judicial action in New York, which may result in the imminent transfer and consolidation of that case with this one, would fundamentally alter this action and its procedural posture. Accordingly, in the interest of judicial comity and to avoid the risk of conflicting judgments or the issuance of a ruling that will be rendered moot, Plaintiff respectfully suggests that the most prudent course is for the Court to defer any ruling on the pending Report and Recommendation until the transfer issue in the second-filed action is resolved.

Dated: June 10, 2026

Respectfully submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

2

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on June 10th, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

3

# EXHIBIT 1

Activity in Case 2:26-cv-00679-EK-ARL Meadows v. American Airlines, Inc. et al Order

From:   ecf_bounces@nyed.uscourts.gov (ecf_bounces@nyed.uscourts.gov)

To:     nobody@nyed.uscourts.gov

Date:   Tuesday, June 9, 2026 at 04:17 PM MDT

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 6/9/2026 at 6:16 PM EDT and filed on 6/9/2026
**Case Name:**         Meadows v. American Airlines, Inc. et al
**Case Number:**       2:26-cv-00679-EK-ARL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER: The Court is in receipt of the plaintiff's request to transfer [32] this case to the Southern District of Florida and defendant's letter [34] indicating it will respond "in due course." Defendant is directed, on or before June 22, to respond to plaintiff's request to transfer the action and his alternative request to stay [31] the action.Ordered by Judge Eric R. Komitee on 6/9/2026. (JAP)**

**2:26-cv-00679-EK-ARL Notice has been electronically mailed to:**

Howard Marc Miller     hmiller@bsk.com, abates@bsk.com, courtmail@bsk.com, dreinharz@bsk.com, mfriedrich@bsk.com

John M. Pellettieri     jpellettieri@bredhoff.com, jnguyen@bredhoff.com, lshadgett@bredhoff.com

Mark W. Robertson     mrobertson@omm.com, mark-robertson-7574@ecf.pacerpro.com

Joshua Shiffrin     jshiffrin@bredhoff.com, hpvonthielen@bredhoff.com, jwheeler@bredhoff.com

David Henry Reinharz     dreinharz@bsk.com

Lane Martin Shadgett     lshadgett@bredhoff.com

Lawrence Meadows     lawrencemeadows@yahoo.com

**2:26-cv-00679-EK-ARL Notice will not be electronically mailed to:**

# EXHIBIT  2

June 6, 2026

**VIA CM/ECF PRO SE PORTAL**

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Meadows v. Allied Pilots Association*, Case No. 2:26-cv-00679-EK-ARL**
**Request for a Pre-Motion Conference to Discuss Urgent Need for Transfer of Venue**

Dear Judge Komitee:

Pursuant to Your Honor's Individual Rules, I write to respectfully request a pre-motion conference to discuss the urgent need to transfer this action. When this Court issued its March 19, 2026 Order to Show Cause on the docket, it correctly identified that transfer was the logical path, citing bedrock Second Circuit precedent that "transfer is particularly appropriate where there is a pending lawsuit in the transferee district involving the same facts." *Nieves v. Am. Airlines*, 700 F. Supp. 769, 773 (S.D.N.Y. 1988); *see also JP Morgan Chase Bank, N.A. v. Coleman Toll Ltd. P'ship*, 2009 WL 1457158, at *8 (S.D.N.Y. May 26, 2009) ("the existence of a related action pending in the transferee court weighs heavily towards transfer"). The jurisdictional impediments that halted that transfer have since been removed, and the procedural posture of the first-filed Southern District of Florida ("S.D. Fla.") case, has deteriorated into a procedural quagmire that makes transfer essential.

The path to transfer is now clear. In response to the Court's OSC, the only obstacles raised were jurisdictional objections from defendants Nick Silva, Sue Edwards, and American Airlines. On May 4, 2026, I filed Notices of Voluntary Dismissal as to all three (ECF Nos. 28, 29, 30), leaving only the Allied Pilots Association ("APA") - the primary defendant in the Florida action - who can claim no such defense.

Concurrently, the S.D. Fla. case, *Meadows v. APA*, Case No. 1:17-cv-22589-EA, has descended into a procedural quagmire. On May 25, the Magistrate Judge issued an R&R granting APA summary judgment while a dozen foundational motions and objections remained pending before the presiding District Judge, including:

- **Fitness of Counsel:** Objections to orders concerning motions to disqualify counsel for (a) engaging in criminal witness tampering and (b) operating under a non-waivable firm-wide conflict of interest, which requires a mandatory evidentiary hearing. See *Baxter v. Roberts*, 54 F.4th 1241, 1257 (11th Cir. 2022).

- **Integrity of the Record:** Two fully briefed, un-ruled upon motions for spoliation sanctions detailing a systemic pattern of evidence destruction. This includes APA's failure to issue litigation holds to key custodians across four presidential administrations, resulting in the

1

routine deletion of emails, texts, and other ESI, and culminates in affirmative acts of destruction such as the wiping of a former president's laptop hard drive and the destruction of hundreds of pages his handwritten legal pad notes regarding Plaintiff's case and the union's investigation into abandonment of his representation and grievance claims.

- **Scope of the Case:** Objections to a protective order procured by fraud upon the court - a fraud corroborated by the sworn declarations of two of APA's own former presidents. This order improperly quashed key witnesses and arbitrarily limited the case to pre-2022 events, forcing the filing of this very action to address post-2021 ADA violations and breaches of duty under Railway Labor Act and retaliation under the LMRDA.

The July 13, 2026 trial date in the S.D. Fla. case - the fourth such date set in this matter after repeated postponements from its original February trial period - is a legal fiction and a calendrical impossibility. The presiding District Judge there must first resolve these numerous, complex, foundational challenges - a process that will require multiple evidentiary hearings and several months, if not a year or more, of ongoing litigation.

Despite her initial invitation to file such a motion, the Florida Magistrate correctly found she lacked the authority to initiate a transfer (S.D. Fla. ECF No. 253), confirming the power to act rests exclusively with this Court. My pending motion (ECF No. 31), which sought to stay this case and hold APA's motion to dismiss in abeyance, is now unopposed as of the June 3rd deadline established by this Court's April 7 Order. Furthermore, APA also failed to file its anticipated motion to dismiss by the May 6, 2026 deadline established in that same Order, demonstrating a complete disregard for the Court's scheduling directives.

Given this current posture here and the procedural collapse in the S.D. Fla. case, a stay is no longer sufficient. Transfer is the only remedy that serves the interests of justice, promotes judicial comity, and upholds the first-to-file principles this Court first recognized. I respectfully request a conference to discuss an expedited path to transfer.

Respectfully submitted,

*L. M. Meadows*

---

Lawrence M. Meadows, *Pro Se*

Cc: All Counsel of Record (via CM/ECF Pro Se Portal)

2

## CERTIFICATE OF SERVICE

I, Lawrence Meadows, hereby certify that on June 6, 2026, I filed the foregoing via the

Court's CM/ECF Pro Se Portal, which will cause a notice of electronic filing to be sent to all

registered counsel listed below, and also sent via U.S. Mail.

*L. M. Meadows*

_____

Lawrence M. Meadows
Plaintiff, Pro Se

### Service List

*Counsel for Defendants Allied Pilots Association and Nick Silva*

**Joshua Shiffrin**
**John M. Pelletieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpelletieri@bredhoff.com

