# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**LAWRENCE MEADOWS,**

     Plaintiff,

**CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

     Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 285)

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................................................ii

PROCEDURAL HISTORY ................................................................................................ 2

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT ..................................................................................................................... 6

    I.    The Magistrate Judge Did Not Abuse Her Discretion in Denying Plaintiff's Request for Additional Discovery ..................................................................................... 6

    II.   The Magistrate Judge Correctly Found That the Facts in APA's Statement of Material Facts Should Be Deemed Admitted ..................................................................... 8

    III.  The Court Should Adopt the Magistrate Judge's Determinations That Each of Plaintiff's Claims Should Be Resolved in Favor of APA ............................................... 10

    IV.  Plaintiff's Remaining Procedural Arguments and Other Assertions Present No Reason To Disturb the Magistrate Judge's Conclusions............................................... 16

        A.   Plaintiff's Pending Objections and Motions Are Not an Impediment to Summary Judgment............................................................................................... 16

        B.   Plaintiff's Accusation that Magistrate Judge Reid Is Hostile and Biased Against Him Is Completely Unfounded............................................................... 18

        C.   Plaintiff's Remaining Assertions Are Frivolous ........................................... 19

CONCLUSION................................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Black Box Royalties v. Universal Music Publ'g, Inc.*,
839 F. App'x 346 (11th Cir. 2020) .................................................................................6

*Burns v. Town of Palm Beach*,
999 F.3d 1317 (11th Cir. 2021) ......................................................................................6

*Butler v. Emory Univ.*,
45 F. Supp. 3d 1374 (N.D. Ga. 2014) .............................................................................5

*Cowan v. J.C. Penney Co.*,
790 F.2d 1529 (11th Cir. 1986) ......................................................................................7

*Cox Enters., Inc. v. News-Journal Corp.*,
794 F.3d 1259 (11th Cir. 2015) ...................................................................................4, 5

*Deegan v. Aquino*,
No. 16-CV-22820, 2018 WL 10399979 (S.D. Fla. Feb. 23, 2018), *aff'd sub nom.*, *Deegan v. Homestead Police Dep't*, 750 F. App'x 796 (11th Cir. 2018).......................9

*Dunn v. Air Line Pilots Ass'n*,
836 F. Supp. 1574 (S.D. Fla. 1993), *aff'd*, 193 F.3d 1185 (11th Cir. 1999)............................13

*Fernandez v. Bankers Nat'l Life Ins. Co.*,
906 F.2d 559 (11th. Cir. 1990) .......................................................................................7

*Hendricks v. Rambosk*,
No. 10-CV-526, 2011 WL 1429646 (M.D. Fla. Apr. 14, 2011)................................................8

*Henson v. Dep't of Health & Hum. Servs.*,
892 F.3d 868 (7th Cir. 2018) ........................................................................................17

*Holschen v. Int'l Union of Painters & Allied Trades/Painters Dist. Council #2*,
598 F.3d 454 (8th Cir. 2010) ........................................................................................16

*Kxuber v. Berkshire Life Ins. Co. of Am.*,
No. 19-CV-80211, 2019 WL 8275156 (S.D. Fla. Oct. 11, 2019)................................................4

*Macort v. Prem, Inc.*,
208 F. App'x 781 (11th Cir. 2006) ..................................................................................5

*Meadows v. APA*,
No. 14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27, 2015), *aff'd*, 822 F. App'x 653 (10th Cir. 2020) ..........................................................................................12, 15

*Mijne v. Experian Info. Sols., Inc.*,
   No. 23-CV-22694, 2024 WL 1655475 (S.D. Fla. Apr. 17, 2024) ..............................................8

*Millstein v. Wells Fargo Bank, N.A.*,
   No. 24-CV-22142, 2026 WL 734256 (S.D. Fla. Mar. 16, 2026)...............................................4

*Ramirez v. Scottsdale Ins. Co.*,
   No. 20-CV-22324, 2021 WL 5050184 (S.D. Fla. Oct. 29, 2021)..............................................9

*Reese v. Herbert*,
   527 F.3d 1253 (11th Cir. 2008) ............................................................................................10

*Reflectone, Inc. v. Farrand Optical Co.*,
   862 F.2d 841 (11th Cir. 1989) .................................................................................................8

*Shivers v. IBEW Local Union 349*,
   262 F. App'x 121 (11th Cir. 2008) .........................................................................................16

*Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*,
   859 F.2d 865 (11th Cir. 1988) .................................................................................................7

*Sturdivant v. City of Atlanta*,
   No. 11-CV-2310, 2014 WL 11444087, at *29 (N.D. Ga. Feb. 7, 2014), *report
   and recommendation adopted in part*, 2014 WL 11456460 (N.D. Ga. Mar. 25,
   2014), *aff'd* 596 F. App'x 825 (11th Cir. 2015) ...................................................................16

*Sullivan-Mestecky v. Verizon Commc'ns Inc.*,
   No. 14-CV-1835, 2021 WL 650612 (E.D.N.Y. Feb. 19, 2021) ...............................................4

*United States v. Schultz*,
   565 F.3d 1353 (11th Cir. 2009) ...........................................................................................5, 6

*Williams v. McNeil*,
   557 F.3d 1287 (11th Cir. 2009) ...............................................................................................5

*XTec, Inc. v. Hembree Consulting Servs., Inc.*,
   No. 14-21029-CIV, 2015 WL 12550911 (S.D. Fla. June 3, 2015)...........................................8

*Young v. Hancock*,
   No. 17-21473-CIV, 2017 WL 3113417 (S.D. Fla. Apr. 24, 2017)...........................................8

**Statutes and Rules**

28 U.S.C. § 636(b)(1)(A)..............................................................................................................4

28 U.S.C. § 636(b)(1)(C)..............................................................................................................5

29 U.S.C., § 412...........................................................................................................................15

iii

29 U.S.C. § 529 ..............................................................................................................15

Fed. R. Civ. P. 37(e)(2) ...................................................................................................18

Fed. R. Civ. P. 56(d) .....................................................................................................3, 4

Fed. R. Civ. P. 72(a) ........................................................................................................4

Fed. R. Civ. P. 72(b)(3) ....................................................................................................5

S.D. Fl. Mag. Jud. R. 4(b) .................................................................................................5

S.D. Fla. L.R. 56.1(c) ........................................................................................................8

**Other Authorities**

*EEOC v. American Airlines, Inc.*,
  No. 17-cv- 04059 (D. Ariz. Apr. 2, 2018), ECF No. 12 ...........................................18

*Meadows v. Am. Airlines, Inc.*,
  No. 10-cv-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89 ........................................18

*Meadows v. Am. Airlines, Inc.*, No. 10-cv-22175
  (S.D. Fla. Oct. 16, 2023), ECF No. 87................................................................18

*Meadows v. Am. Airlines, Inc.*,
  No. 26-CV-00679 (E.D.N.Y. Feb. 6, 2026)................................................................3

*Meadows v. American Airlines, Inc.*,
  No. 25-10297 (11th Cir. Jan. 30, 2025) ..................................................................19

*Meadows v. APA*, No. 14-cv-00115
  (D. Utah Aug. 31, 2016), ECF No. 60 ..................................................................18

*Meadows v. APA*, No. 14-CV-00115
  (D. Utah Nov. 3, 2015), ECF No. 35 .................................................................12, 15

This case is ripe for resolution. Magistrate Judge Reid has issued a thorough Report and Recommendation (ECF No. 269) recommending that the motion for summary judgment (ECF No. 237) filed by Defendant Allied Pilots Association (APA) be granted on all counts. Her determinations were based on facts set out in APA's Statement of Material Facts (ECF No. 238), which were properly deemed admitted due to Plaintiff's failure to file his own statement of material facts in response. Plaintiff also did not respond to any of APA's substantive arguments supporting its motion for summary judgment in his opposition (ECF No. 249).[1]

In his Objections to the Report and Recommendation (ECF No. 285), Plaintiff largely ignores the Magistrate Judge's detailed analysis as to why APA is entitled to judgment as a matter of law on each claim. Instead, he primarily rehashes procedural arguments he presented in other motions, most of which have been denied by the Magistrate Judge, and he focuses on alleged events from 2022 to 2025 that are immaterial to the claims in the Amended Complaint, which was filed in 2018. Following his well-worn playbook, he also accuses the Magistrate Judge of bias.

It is apparent that Plaintiff's repeated failure to address the substance of APA's motion for summary judgment has a simple explanation: he has no response on the merits. Once Plaintiff's rhetoric and distractions are set aside, he presents nothing in his Objections refuting the reasoning underlying Magistrate Judge Reid's determination that APA is entitled to summary judgment on each of his claims. Further, Plaintiff's decision not to object to specific findings in the Report and Recommendation means that the unobjected-to findings are reviewed only for clear error. For the reasons that follow, the Court should adopt the Magistrate Judge's Report and Recommendation in its entirety as the decision of the Court and grant summary judgment to APA on all counts.

---

[1] Plaintiff once again chose not to engage with the substance of his own case when he did not submit any pretrial filings—such as an exhibit list, witness list, or pretrial stipulation—that were due by order of the Court on May 29, 2026. *See* ECF Nos. 271-1, 284.

**PROCEDURAL HISTORY**

APA filed its motion for summary judgment (ECF No. 237) on April 1, 2026. APA demonstrated that each of the eight counts asserted in Plaintiff's Amended Complaint (ECF No. 35) should be resolved in APA's favor for multiple, independent reasons.

- Counts I and II are duty-of-fair-representation claims under the Railway Labor Act pertaining to a seniority list integration that occurred between 2013 and 2016. APA demonstrated that the claims were time barred under the applicable six-month statute of limitations and were also foreclosed by the material facts. ECF No. 237, at 12-16.

- Count III pertains to a grievance filed in 2012 on behalf of pilots based in Dallas-Fort Worth (DFW), which had not been arbitrated or resolved as of the filing of the Amended Complaint. APA explained that, among other things, the grievance did not apply to Plaintiff (who was not based in DFW at the time of his termination) and could not have resulted in his reinstatement, even if it had been arbitrated. *Id.* at 18-20.

- Counts IV and V are state law contract claims, which are preempted by federal labor law. *Id.* at 20-21.

- Counts VI and VII assert a challenge under the Labor-Management Reporting and Disclosure Act (LMRDA) to APA's Constitution and Bylaws, which distinguish between active and inactive members. APA explained that this distinction is entirely reasonable and lawful, and Plaintiff appropriately had the status of an inactive member as of the filing of the Amended Complaint. *Id.* at 24-26.

- Finally, Count VIII asserts a retaliation claim under the LMRDA. APA explained that Count VIII, among other things, is barred by res judicata and also does not allege any

retaliatory union discipline—something the Eleventh Circuit has indicated is a necessary element for an LMRDA retaliation claim. *Id.* at 27-31.

APA's motion was supported by a Statement of Material Facts that set forth material facts in 138 numbered paragraphs and cited record evidence in support of each fact. ECF Nos. 238, 244.

Plaintiff responded to APA's motion for summary judgment on April 15, 2026. ECF No. 249. Plaintiff did not submit a statement of material facts responding to APA's statement of facts, as required by Local Rule 56.1(a) and (b). Instead, Plaintiff's response primarily concerned procedural matters that had been the subject of other motions made by Plaintiff (*see* ECF No. 249, at 9-14) and otherwise rested on a motion, contained within his response, for additional discovery under Fed. R. Civ. P. 56(d) (*id.* at 14-20). Most of the additional discovery that Plaintiff sought pertained to alleged events occurring between 2022 and 2025.[2] *See id.* Plaintiff had been barred from taking such discovery under a protective order that established a January 31, 2021 cutoff date for discovery. *See* ECF No. 138, at 13 ("[L]imiting post-Amended Complaint discovery to the years of 2018 to 2021 is reasonable and proportional to the needs of the case.").

On May 25, 2026, Magistrate Judge Reid issued a Report and Recommendation recommending that summary judgment be entered in APA's favor on all counts. ECF No. 269. As

---

[2] The alleged events from 2022 to 2025 (*see* ECF No. 285, at 5-8) are the subject of a separate lawsuit Plaintiff has filed against APA. *Meadows v. Am. Airlines, Inc.*, No. 26-CV-00679 (E.D.N.Y. Feb. 6, 2026). Suffice it to say, APA disputes Plaintiff's characterization of those events in his Objections, which are outside the scope of this case. Nonetheless, some context is helpful. In 2023, then-APA President Ed Sicher converted DFW Base Grievance 12-012 (a base grievance on behalf of pilots based in DFW) into Grievance 23-031 (a presidential grievance on behalf of all American pilots). American and APA settled Grievance 23-031 in 2025. That settlement provided for potential reinstatement of three formerly disabled pilots who, unlike Plaintiff, were terminated by American without notice. Later, in May 2025, APA communicated to Plaintiff that he was ineligible for any membership status within APA after Plaintiff had regained his federal medical certification and American had conclusively denied his requests for reinstatement (*i.e.*, Plaintiff was no longer a disabled pilot that had a prospect of reinstatement at American).

a threshold matter, the Magistrate Judge found that the facts contained in APA's Statement of Material Facts were all deemed admitted under Local Rule 56.1(c) due to Plaintiff's failure to submit a statement of material facts. ECF No. 269, at 2-3. As to Plaintiff's Rule 56(d) motion, the Magistrate Judge considered Plaintiff's submission under the applicable standard, which required that Plaintiff specifically demonstrate how additional discovery would rebut APA's showing of the absence of a genuine issue of material fact. Having determined that Plaintiff's request did not meet that standard, the Magistrate Judge exercised her discretion to deny his motion. *Id.* at 9-12. Magistrate Judge Reid also considered each of the arguments raised by APA in its motion with respect to each count in the Amended Complaint, ultimately concluding that summary judgment should be entered for APA on all counts—in several cases, for multiple reasons. *Id.* at 12-26.

## STANDARD OF REVIEW

A magistrate judge's ruling as to a non-dispositive matter, including the denial of a motion for additional discovery under Fed. R. Civ. P. 56(d), must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Sullivan-Mestecky v. Verizon Commc'ns Inc.*, No. 14-CV-1835, 2021 WL 650612, at *1 n.1 (E.D.N.Y. Feb. 19, 2021) (citing cases and explaining that courts "treat Rule 56(d) motions as non-dispositive, subject to review under a 'clearly erroneous' or 'contrary to law' standard"). This standard of review is "extremely deferential." *Kxuber v. Berkshire Life Ins. Co. of Am.*, No. 19-CV-80211, 2019 WL 8275156, at *1 (S.D. Fla. Oct. 11, 2019) (citing *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)). "[A] finding of clear error is only appropriate if the district court is left with the definite and firm conviction that a mistake has been committed." *Millstein v. Wells Fargo Bank, N.A.*, No. 24-CV-22142, 2026 WL 734256, at *1 (S.D. Fla. Mar. 16, 2026) (citation modified). "To be clearly erroneous, a decision must strike [the

4

reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Cox Enters., Inc.*, 794 F.3d at 1272 n.92 (citation omitted).

As to a magistrate judge's report and recommendation regarding a dispositive matter, such as a motion for summary judgment, an objecting party must file and serve "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." S.D. Fl. Mag. Jud. R. 4(b). That is, a party raising an objection must "pinpoint the specific findings the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). The district court judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Matters as to which a proper objection has not been lodged are reviewed only for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

A district court may exercise its discretion to decline to review an argument made in an objection to a report and recommendation that was not presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009). "A contrary rule 'would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.'" *Butler v. Emory Univ.*, 45 F. Supp. 3d 1374, 1383 (N.D. Ga. 2014) (quoting *Williams*, 557 F.3d at 1292).

**ARGUMENT**

Plaintiff has not "pinpoint[ed] the specific findings" in the Report and Recommendation as to which he objects. *Schultz*, 565 F.3d at 1360. Nonetheless, APA addresses his objections as best it can discern them. As we now show, Plaintiff's objections are meritless.

I. **The Magistrate Judge Did Not Abuse Her Discretion in Denying Plaintiff's Request for Additional Discovery**

Plaintiff objects to the Magistrate Judge's denial of his Rule 56(d) motion for additional discovery. *See* ECF No. 285, at 10-13. Magistrate Judge Reid did not abuse her discretion in determining that Plaintiff was not entitled to any additional discovery.

As noted above, Magistrate Judge Reid considered Plaintiff's Rule 56(d) motion in light of the applicable standard, which requires that a party not rely on vague assertions but "specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." ECF No. 269, at 9-10 (quoting *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021)). The Magistrate Judge found that Plaintiff's request did not meet this standard, finding that "Plaintiff fails to identify any part of APA's statement of material facts that any of the additional discovery he seeks would contest, or explain how that discovery would preclude summary judgment on any claim." *Id.* at 10. Magistrate Judge Reid also concluded that Plaintiff had an ample opportunity—ten months—to conduct any necessary discovery. *Id.*; *see also id.* at 9 (quoting *Black Box Royalties v. Universal Music Publ'g, Inc.*, 839 F. App'x 346, 349 (11th Cir. 2020), for the proposition that "[t]he court's decision is discretionary and depends in large part on whether the parties had ample time and opportunity for discovery").

In his Objections, Plaintiff fails to meet this standard once again. He describes several depositions that he would like to take regarding subjects pertaining to post-2021 events that are

6

barred by the protective order (ECF No. 138), and—as APA previously explained (ECF No. 254, at 5-8)—are immaterial to the specific arguments that APA made in support of its summary judgment motion. *See* ECF No. 285, at 11-12. The only pre-2021 discovery sought by Plaintiff is a deposition of former APA President Ed Sicher, who, Plaintiff suggests, may have information about some pre-2021 matters. *Id.* at 11. Plaintiff provides no explanation as to why he could not obtain a declaration from Mr. Sicher regarding his proffered areas of testimony; indeed, Plaintiff has introduced three declarations from Mr. Sicher in this case. *See* ECF No. 251-1, at 73-85, 149-50; ECF No. 285, at 24-27. In any event—as we demonstrate in detail in Part III below—none of the proffered areas of testimony relate to the specific reasons that the Magistrate Judge found that entering summary judgment was appropriate.

The authorities cited by Plaintiff do not call into question the Magistrate Judge's denial of Plaintiff's Rule 56(d) motion. Although he cites a number of cases holding that the requirements of Rule 56(d) are to be liberally construed (ECF No. 285, at 10, 13), that observation does not excuse Plaintiff's total failure to justify his request for additional discovery by demonstrating how that additional discovery could controvert specific facts identified by APA in its statement of material facts, refute specific arguments made by APA in support of its motion for summary judgment, or undermine Magistrate Judge Reid's reasoned analysis that the material facts identified by APA compel judgment as a matter of law in APA's favor on all counts. None of the cases cited by Plaintiff suggest that a court should grant a Rule 56(d) request in absence of such a showing.[3]

---

[3] Plaintiff's cases are inapposite. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th. Cir. 1990) (summary judgment inappropriate where specific relevant documents that were subject of pending motion to compel had not been produced); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (summary judgment inappropriate where plaintiffs had no opportunity for discovery); *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1532

On this record, there is no basis on which to find that Magistrate Judge Reid abused her discretion in denying Plaintiff's Rule 56(d) motion. In addition, in the circumstances of this case, the Magistrate Judge did not abuse her discretion by not providing Plaintiff an additional opportunity to respond to APA's summary judgment motion after denying his request for additional discovery. *See Mijne v. Experian Info. Sols., Inc.*, No. 23-CV-22694 (Altonaga/Reid), 2024 WL 1655475, at *3 (S.D. Fla. Apr. 17, 2024) (granting summary judgment where plaintiff, rather than responding to the substance of a summary judgment motion, filed a Rule 56(d) motion repeating arguments that had already been rejected by the court).

## II.     The Magistrate Judge Correctly Found That the Facts in APA's Statement of Material Facts Should Be Deemed Admitted

Magistrate Judge Reid found that the facts set forth in APA's Statement of Material Facts were deemed admitted under Local Rule 56.1(c) because Plaintiff had not filed a statement of material facts in response, as required by Local Rule 56.1(a). S.D. Fla. L.R. 56.1(c) ("All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts . . . ."). Magistrate Judge Reid also found that the facts set forth in APA's Statement of Material Facts were supported by properly cited record evidence and that no exception to Rule 56 applied. ECF No. 269, at 2-3.

Plaintiff objects to the finding that APA's Statement of Material Facts was "deemed admitted," arguing that his "technical non-compliance" with Local Rule 56.1 should have been

---

(11th Cir. 1986) (summary judgment premature "when the moving party has not answered the opponent's interrogatories"); *XTec, Inc. v. Hembree Consulting Servs., Inc.*, No. 14-21029-CIV, 2015 WL 12550911, at *1-2 (S.D. Fla. June 3, 2015) (summary judgment denied where plaintiff had not had the opportunity to depose a key witness regarding facts relevant to an essential element); *Young v. Hancock*, No. 17-21473-CIV, 2017 WL 3113417, at *1 (S.D. Fla. Apr. 24, 2017) (entering standing order on discovery procedures). In several cases cited by Plaintiff, the courts denied Rule 56(d) motions. *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989); *Hendricks v. Rambosk*, No. 10-CV-526, 2011 WL 1429646, at *6 (M.D. Fla. Apr. 14, 2011).

excused. ECF No. 285, at 5. Plaintiff's non-compliance with Local Rule 56.1 was not merely technical; it was a wholesale abandonment of his obligation to respond to APA's statement of facts. Courts in this district have repeatedly held that "[w]hen a party opposing a motion for summary judgment fails to file a statement of facts that complies with Local Rule 56.1(a), subsection [(c)] requires that the movant's facts be deemed admitted if they are supported by record evidence—*not as a Court-imposed sanction, but by operation of the rule.*" *Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22324, 2021 WL 5050184, at *3 (S.D. Fla. Oct. 29, 2021) (alteration in original) (quoting *Deegan v. Aquino*, No. 16-CV-22820, 2018 WL 10399979, at *1 (S.D. Fla. Feb. 23, 2018), *aff'd sub nom.*, *Deegan v. Homestead Police Dep't*, 750 F. App'x 796 (11th Cir. 2018) (district court did not abuse discretion by deeming facts admitted where non-moving party did not submit statement of facts)). Although a court may, in its discretion, give a party relief from this rule—as occurred in the cases cited by Plaintiff (ECF No. 285, at 5)—there was no reason for such relief from the rule to be granted here.[4]

Elsewhere in his Objections, Plaintiff appears to object that Magistrate Judge Reid should have scoured declarations that Plaintiff submitted in connection with his summary judgment response to determine whether they created a genuine issue of material fact for purposes of APA's summary-judgment motion. *See, e.g.*, ECF No. 285, at 5. The Magistrate Judge was under no obligation to do so. To the contrary, the Eleventh Circuit has held that "the proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement."

---

[4] Although no attorney has entered an appearance on his behalf, Plaintiff has testified that he consults with a lawyer in connection with this case. ECF No. 238-3, at 10.

*Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). That is so because Rule 56.1 is intended to relieve the district court of "the obligation to ferret through the record." *Id.* (citation omitted); *see also id.* ("Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or defense." (citation omitted)).

In any event, *none* of the evidence that Plaintiff now identifies in his Objections refutes Magistrate Judge Reid's analysis with respect to any of Plaintiff's claims, as we now show.

### III. The Court Should Adopt the Magistrate Judge's Determinations That Each of Plaintiff's Claims Should Be Resolved in Favor of APA

In his Objections, Plaintiff includes a brief section in which he addresses each of his claims. ECF No. 285, at 17-18. Many of the Magistrate Judge's key conclusions and dispositive findings go entirely unaddressed by Plaintiff. In addition, Plaintiff makes several new arguments that were not presented to the Magistrate Judge in his summary judgment response. The Court can and should decline to entertain these new arguments, as they all rest on facts that were not included in a statement of material facts or even brought to the Magistrate Judge's attention in his response. *See supra* at 7-10. In any event, Plaintiff's new arguments do not withstand scrutiny.

A.    <u>Counts I and II</u>. As noted above, Counts I and II are duty-of-fair representation claims related to a pilot seniority list integration process that occurred at American Airlines following its merger with U.S. Airways and that culminated in an integrated seniority list in September 2016. *See* ECF Nos. 237, at 10-12; ECF No. 238 ¶¶ 71-95. Magistrate Judge Reid first found that both Counts I and II are time barred. ECF No. 269, at 12-14. Plaintiff does not object to that determination, which is therefore reviewable only for clear error. The Magistrate Judge's statute-of-limitations determination was well founded, correct, and far from clearly erroneous.

The Magistrate Judge's statute-of-limitations ruling is sufficient, standing alone, to support summary judgment on Counts I and II. Her alternative grounds for recommending summary

judgment are also correct. The Magistrate Judge determined that even if Counts I and II were not time barred, the undisputed facts establish that APA's conduct did not breach its duty of fair representation. *Id.* at 14-16. Specifically, as to Count I, the Magistrate Judge found that APA's conduct with respect to not including Plaintiff's name on the certified American pilot seniority list used in the integration process was not "arbitrary, discriminatory, or in bad faith" because "Plaintiff was not an employee at American at the time of the merger," and thus he was not entitled to be included on the seniority list under the terms of the agreement that governed the integration process. *Id.* at 15. As to Count II, which pertained to APA's decision not to arbitrate a grievance that Plaintiff filed under a particular memorandum of understanding (MOU) between APA and American, the Magistrate Judge found that APA's and American's shared interpretation that the MOU did not permit individual pilots to file grievances under its expedited procedures "falls within the wide range of reasonableness afforded to unions and was not arbitrary." *Id.* at 15-16.

Plaintiff's sole response is an argument—absent from his opposition to APA's motion— that the Magistrate Judge's conclusions are "false" in light of a resolution passed by the APA Board of Directors in December 2016, which acknowledged that the merging airlines treated disability retirements differently from one another and directed the APA Negotiating Committee to seek to negotiate contractual language with American to reinstate all disabled pilots. *See* ECF No. 180, at 49 (Ex. F ¶ 3). That resolution does not create a triable issue of fact as to the specific conduct by APA that occurred during the seniority integration process. Among other things, the resolution was passed by the APA Board only after the seniority integration process had concluded.

B.      <u>Count III</u>. Count III asserts that APA breached its duty of fair representation by not advancing a particular grievance—DFW Base Grievance 12-012—to arbitration as of the filing of the Amended Complaint. *See* ECF Nos. 237, at 16-18; ECF No. 238 ¶¶ 48-66. Magistrate Judge

11

Reid found that Count III should be resolved in APA's favor for two independent reasons. First, she found that DFW Base Grievance 12-012 did not apply to Plaintiff because it was only filed on behalf of pilots based in DFW, and Plaintiff was not based in DFW and had also not regained his FAA First Class Medical Certificate (and was thus not eligible for reinstatement) when it was filed. ECF No. 269, at 16-17. Second, she found that, in any event, the fact that APA had not submitted DFW Base Grievance 12-012 to arbitration as of October 2018 was not a breach of its duty of fair representation because it was not unusual for APA grievances to take years to reach arbitration, and APA had addressed the concerns motivating the grievance through other means.[5] *Id.* at 17-18.

Plaintiff does not address this second reason in his Objections. Thus, that determination, which is plainly not clearly erroneous, is sufficient reason standing alone why summary judgment should be entered for APA on Count III.

As to the first reason—*i.e.*, that DFW Base Grievance 12-012 did not apply to Plaintiff—Plaintiff makes assertions about post-2021 facts, which are actually self-defeating. According to Plaintiff, in 2023, then-APA President Sicher, at Plaintiff's request, converted DFW Base Grievance 12-012 to a presidential grievance "for the express purpose of advancing Plaintiff's claim." ECF No. 285, at 18. Far from establishing that DFW Base Grievance applied to Plaintiff, this action—which long postdated the Amended Complaint—in fact establishes the opposite: that President Sicher had to first convert DFW Base Grievance 12-012 to a presidential grievance (*i.e.*,

---

[5] In its summary judgment motion, APA also explained that Count III fails as a matter of law for additional reasons—among them, Plaintiff cannot prove that American breached the applicable collective bargaining agreement ("CBA") with respect to Plaintiff's termination. ECF No. 237, at 19-20. Magistrate Judge Reid found that the CBA permitted American to terminate pilots after they had been on sick or disability leave for five years or longer. ECF No. 269, at 16. The court in a prior unsuccessful case that Plaintiff filed against APA in the District of Utah regarding his termination from American reached the same conclusion. *See* ECF No. 237, at 19-20 (citing Order, *Meadows v. APA*, No. 14-CV-00115 (D. Utah Nov. 3, 2015), ECF No. 35, at 6–7; *Meadows v. APA*, 2015 WL 13650044, at *3, *4).

one that applies to all American pilots) for it to apply to Plaintiff. In other words, Plaintiff's arguments confirm that DFW Base Grievance did *not* apply to Plaintiff as of the time the grievance was filed in 2012 or at the time the Amended Complaint was filed in 2018.

C.      Counts IV and V. Counts IV and V are state law contract claims in which Plaintiff alleges that the same conduct underlying Counts I through III violated APA's Constitution and Bylaws. *See* ECF No. 237, at 20-21. Magistrate Judge Reid found summary judgment should be entered for APA because these state law claims are subject to complete preemption under the Railway Labor Act. ECF No. 269, at 18-19; *see, e.g.*, *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1578 (S.D. Fla. 1993) (the duty of fair representation "preempts the application of state substantive law in [this] area"), *aff'd*, 193 F.3d 1185 (11th Cir. 1999).

Plaintiff does not cite any authority or offer any analysis to call this conclusion into question. Instead, he cites to Mr. Sicher's declaration regarding a legal opinion letter APA obtained from outside counsel in 2016 about the scope of its duty of fair representation. *See* ECF No. 285, at 18. Simply put, legal advice that APA once received is immaterial to the purely legal question of whether Plaintiff's state law claims are preempted by federal law.

D.      Counts VI and VII. Counts VI and VII assert that APA violated the LMRDA because its Constitution and Bylaws distinguish between "active members in good standing" and "inactive members," and because Plaintiff had the status of an inactive member as of the filing of the Amended Complaint. That meant, among other things, that Plaintiff could not vote in union elections or run for union office. *See* ECF No. 237, at 21-24; ECF No. 238 ¶¶ 110-19.

Applying well-established legal principles, Magistrate Judge Reid found that the distinction in APA's Constitution and Bylaws between active and inactive members was reasonable and lawful. ECF No. 269, at 21-22 ("[T]he Court sees nothing 'unreasonable' about the rule that

13

pilots who have been on unpaid leave for longer than twelve months become inactive members."). Magistrate Judge Reid further found that Plaintiff was foreclosed from claiming he should have had the status of an active member under the APA Constitution and Bylaws by collateral estoppel stemming from an arbitration award (the Valverde Award) in which the question of Plaintiff's membership status was fully litigated. *Id.* at 22-23 (finding that "all of the elements of issue preclusion are met by the Valverde Award").

Plaintiff does not object to Magistrate Judge Reid's conclusion that the distinction in APA's Constitution and Bylaws between active and inactive members is reasonable, and therefore lawful. Thus, that conclusion is only reviewable for clear error and should be adopted by the Court.

Plaintiff attempts to object to the finding that he is foreclosed from claiming he should have had the status of active member, but his objection misses the mark completely. Plaintiff does not cite any evidence or legal authority calling Magistrate Judge Reid's legal conclusion regarding collateral estoppel into question. Instead, he points (ECF No. 285, at 5-6, 18) to the fact that, years after the Amended Complaint was filed, then-President Sicher took action that changed Plaintiff's status within APA: President Sicher issued a presidential interpretation in September 2022 under which Plaintiff still had the status of an "inactive member," but was recognized as an inactive member "in good standing." *See* ECF No. 180, at 25, 52-53. This subsequent action does not mean that Plaintiff was an "inactive member in good standing" at the time of the Amended Complaint, let alone that he was entitled to the status of an "active member" at that time—which is what Counts VI and VII assert. Rather, for the reasons identified by Magistrate Judge Reid, Plaintiff had the status of "inactive member" at the time of the Amended Complaint.

E.      Count VIII. Count VIII is a retaliation claim under the LMRDA in which Plaintiff claims that APA retaliated against him for exercising his right to sue APA. Count VIII asserts two

separate theories. First, that APA retaliated against Plaintiff for cross-examining APA officials in an internal proceeding by not advancing to arbitration a grievance (Grievance 12-011) that Plaintiff had filed in 2012 to challenge his termination from American Airlines. Second, that APA engaged in a "retaliatory course of conduct" against him for filing federal lawsuits and threatening an EEOC action. *See* ECF No. 35 ¶¶ 335-50; ECF No. 237, at 27.

Magistrate Judge Reid found (ECF No. 269, at 24-25) that Plaintiff's first theory is foreclosed by res judicata, stemming from an unsuccessful lawsuit that Plaintiff brought against APA in the District of Utah in 2014 concerning APA's decision not to advance Grievance 12-011 to arbitration. *See* Order, *Meadows v. APA*, No. 14-CV-00115 (D. Utah Nov. 3, 2015), ECF No. 35; *Meadows v. APA*, No. 14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27, 2015), *aff'd*, 822 F. App'x 653 (10th Cir. 2020). Plaintiff's amended complaint in the Utah case contained retaliation allegations that are nearly identical to those in the Amended Complaint, yet Plaintiff did not assert an LMRDA claim for retaliation in that action. *See* ECF No. 35 ¶¶ 335-44; ECF No. 238-3, at 286. Thus, this theory was barred by res judicata because "Plaintiff could have raised the LMRDA claim premised on Grievance 12-011 in the Utah litigation and failed to do so." ECF No. 269, at 24-25.

Magistrate Judge Reid also found (ECF No. 269, at 25-26) that both retaliation theories failed for a separate reason, which is that none of the retaliatory acts alleged by Plaintiff involved union discipline. As APA has explained (ECF No. 237, at 27-28), Section 609 of the LMRDA makes it unlawful for a union to "fine, suspend, expel, or otherwise discipline" a member for exercising any right under the LMRDA. 29 U.S.C. § 529. While some courts have interpreted Section 102 of the LMRDA, 29 U.S.C., § 412, to permit retaliation claims that do not involve union discipline, the Eighth Circuit has questioned whether Section 102 creates a free-standing retaliation cause of action in light of the more limited anti-retaliation cause of action that Congress

15

enacted in Section 609. *Holschen v. Int'l Union of Painters & Allied Trades/Painters Dist. Council #2*, 598 F.3d 454, 466-67 (8th Cir. 2010). Similarly in *Shivers v. IBEW Local Union 349*, 262 F. App'x 121 (11th Cir. 2008), the Eleventh Circuit dismissed a LMRDA retaliation claim because the plaintiff had failed to allege facts satisfying Section 609. *Id.* at 128-29. Consistent with this approach*,* Magistrate Judge Reid found that Plaintiff's retaliation claims failed as a matter of law because none of the alleged retaliatory acts involved union discipline.[6] ECF No. 269, at 25-26.

Plaintiff does not object to either of these specific determinations by the Magistrate Judge. Instead, he faults the Magistrate Judge for not considering additional "new, independent" acts of retaliation that he asserts occurred in 2025—which is not an objection to Magistrate Judge Reid's recommendation at all. ECF No. 285, at 18. Thus, the Magistrate Judge's conclusions with respect to Count VIII should be reviewed only for clear error and adopted as the decision of the Court.

## IV. Plaintiff's Remaining Procedural Arguments and Other Assertions Present No Reason To Disturb the Magistrate Judge's Conclusions

### A. Plaintiff's Pending Objections and Motions Are Not an Impediment to Summary Judgment

Much of Plaintiff's submission is devoted to his complaint that the Magistrate Judge issued a report and recommendation on APA's motion for summary judgment while his objections to the Magistrate Judge's non-dispositive, procedural rulings and two spoliation motions remained pending. *See* ECF No. 285, at 4-5, 13-17, 19-20. Magistrate Judge Reid addressed the fact that there were pending objections and motions and found that they were not an impediment to her Report and Recommendation. *See* ECF No. 269, at 11-12 (citing *Sturdivant v. City of Atlanta*, No. 11-CV-2310, 2014 WL 11444087, at *29 (N.D. Ga. Feb. 7, 2014), *report and recommendation*

---

[6] APA also argued that Plaintiff's second "course of conduct" theory failed as a matter of law, and that there was no record evidence that any of the alleged acts identified in the Amended Complaint constituted unlawful retaliation. *See* ECF No. 237, at 31-35.

*adopted in part*, 2014 WL 11456460 (N.D. Ga. Mar. 25, 2014), *aff'd* 596 F. App'x 825 (11th Cir. 2015)). That determination was well within Magistrate Judge Reid's discretion.

A magistrate judge has "considerable discretion to manage the court's docket to ensure the 'just, speedy, and inexpensive' resolution of [the] case." *Henson v. Dep't of Health & Hum. Servs.*, 892 F.3d 868, 874 (7th Cir. 2018) (magistrate judge had discretion to stay discovery and set a briefing schedule for summary judgment). As APA has explained in responding to Plaintiff's pending objections, Magistrate Judge Reid gave thoughtful consideration to each of the non-dispositive, procedural rulings that are the subject of Plaintiff's pending objections. *See* ECF Nos. 157, 163, 185, 215, 245, 248, 267, 268, 270 (APA responses to Plaintiff's objections). Given that trial in this matter was scheduled for June 2026, *see* ECF No. 247, it was eminently reasonable for the Magistrate Judge to issue her Report and Recommendation in late May 2026, even while Plaintiff's objections to her prior procedural rulings remained pending.

Magistrate Judge Reid also did not abuse her discretion in issuing a Report and Recommendation while Plaintiff's spoliation motions remained pending. Magistrate Judge Reid specifically found that "the motion[s] for spoliation of evidence would not affect the Undersigned's reasoning in recommending granting summary judgment in favor of APA." ECF No. 269, at 11. When Magistrate Judge Reid made that determination, Plaintiff's motions for spoliation sanctions were fully briefed, and APA had readily refuted the claims of misconduct that were alleged in those motions, which Plaintiff now repeated in his Objections. *See* ECF No. 207 (and attachments); ECF No. 233. APA demonstrated in its submissions that APA, at all times, made a good faith effort to preserve documents and data, and there is no evidence that APA ever acted "with the intent to deprive another party of the information's use in the litigation," which is a prerequisite for the sanctions sought by Plaintiff in his spoliation motions (default judgment or an adverse inference).

17

*See* Fed. R. Civ. P. 37(e)(2). Even if final judgment ultimately cannot be entered until Plaintiff's spoliation motions are resolved, it was not an abuse of discretion for Magistrate Judge Reid, in light of APA's arguments for summary judgment and the record with respect to the spoliation motions, to issue her Report and Recommendation upon concluding that the pending spoliation motions would not affect her analysis—particularly with a fast approaching trial date.

    B.   <u>Plaintiff's Accusation that Magistrate Judge Reid Is Hostile and Biased Against Him Is Completely Unfounded</u>

Plaintiff resorts to accusing Magistrate Judge Reid of being hostile and biased against him—going so far as to accuse her of retaliation (for what is unspecified). ECF No. 285, at 20-21. This is a familiar strategy for Plaintiff, who has repeatedly turned to impugning the integrity of people who do not agree with him. *See* Pl.'s Mot. for Sanctions, *Meadows v. Am. Airlines, Inc.*, No. 10-cv-22175 (S.D. Fla. Oct. 16, 2023), ECF No. 87, at 2 (seeking sanctions against opposing counsel for "continued unethical conduct [that] shocks the Plaintiff[']s sensibilities"); Pl.'s Mot. for Relief, *Meadows v. APA*, No. 14-cv-00115 (D. Utah Aug. 31, 2016), ECF No. 60, at 3, 7-12 (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgement against Meadows"); Pl.'s Mot. for Rule 60(b) Relief, *Meadows v. Am. Airlines, Inc.*, No. 10-cv-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89, at 2, 20 (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); Am. Mot. to Intervene, *EEOC v. American Airlines, Inc.*, No. 17-cv- 04059 (D. Ariz. Apr. 2, 2018), ECF No. 12, at 13, 25, 27 (in seeking intervention, claiming that the "[p]arties have engaged in an egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this Court" and a "conflict of interest"). Earlier in this case, Plaintiff even accused Judge King of bias and favoritism. ECF No. 24, at 2, 7.

18

Plaintiff has been given wide latitude to present his arguments throughout this case, and Magistrate Judge Reid's decisions are well reasoned and speak for themselves. Nothing supports Plaintiff's claim that Magistrate Judge Reid is biased against him.

C.  Plaintiff's Remaining Assertions Are Frivolous

Finally, Plaintiff's Objections contain an array of misleading statements and falsehoods, all of which are immaterial to Magistrate Judge Reid's Report and Recommendation. APA nonetheless believes it is important to correct a few of these misrepresentations here.

1.      Plaintiff falsely suggests that APA has engaged in an improper "strategy" of "objections and delay." ECF No. 285, at 3-4. APA is neither the sole nor primary cause of delay. This case was stayed between 2018 and 2025 at the behest of *Plaintiff*, sometimes jointly with APA. *See* ECF Nos. 36, 37, 40, 42, 44. And since the last stay was lifted in May 2025, Plaintiff has repeatedly opposed an expeditious resolution of the case. *See, e.g.*, ECF Nos. 173, 213, 250.

2.      Plaintiff's assertion (ECF No. 285, at 8) that APA has a "financial motive" to obstruct or delay this matter is absurd. In support of that assertion, Plaintiff adverts to an internal process at APA that occurred in 2013 to distribute equity (*i.e.*, stock) it received from American to pilots in connection with the settlement of claims in American's bankruptcy. *See* ECF No. 35 ¶ 76; ECF No. 276, at 6-8. Plaintiff's assertions regarding that process are baseless. In any event, the equity distribution process concluded more than a decade ago, *see* ECF No. 35 ¶ 81, and any claims that any pilot could have sought to raise related to that process are long extinguished.

3.      Plaintiff also argues (ECF No. 285, at 8-9) that the Court should defer a ruling on APA's motion for summary judgment while the Eleventh Circuit considers Plaintiff's appeal of the dismissal of a separate case (*Meadows v. American Airlines, Inc.*, No. 25-10297) he brought against American under the Americans with Disabilities Act (ADA). In a filing in that case (ECF No. 255, at 16-21), Plaintiff has accused American of "fraud" as a result of American having cited to the

19

January 2025 settlement agreement in its appellate brief. *See supra* at 3 n.2. Plaintiff's allegations of fraud in the Eleventh Circuit are frivolous, and in any event, Plaintiff's ADA claim, and American's appellate briefing, are wholly irrelevant to the claims at issue here.

**CONCLUSION**

For the foregoing reasons, the Court should adopt the Magistrate Judge's Report and Recommendation and grant APA's Motion for Summary Judgment.

Dated: June 17, 2026                    Respectfully submitted,

                                        */s/ Andrew Dymowski*
                                        Andrew Dymowski, Esq.
                                        Florida Bar No.1058209
                                        Capri Trigo, Esq.
                                        Florida Bar No. 28564
                                        GORDON REES SCULLY MANSUKHANI
                                        Miami Tower
                                        100 S.E. Second Street, Suite 3900
                                        Miami, Florida 33131
                                        Telephone: (305) 428-5309
                                        Email: ddymowski@grsm.com
                                        Email: ctrigo@grsm.com

                                        */s/ Joshua B. Shiffrin*
                                        Joshua B. Shiffrin*
                                        John M. Pellettieri*
                                        Lane Shadgett*
                                        BREDHOFF & KAISER PLLC
                                        805 15th Street NW, Suite 1000
                                        Washington, D.C. 20005
                                        Telephone: (202) 842-2600
                                        Email: jshiffrin@bredhoff.com
                                        Email: jpellettieri@bredhoff.com
                                        Email: lshadgett@bredhoff.com
                                        *Admitted *Pro Hac Vice*

                                        *Counsel for Defendant Allied Pilots Association*