**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**
    Plaintiff,

    **v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
    Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_____/



FILED BY_____D.C.

JUL 2 3 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL FILING**
**REGARDING PARALLEL FEDERAL PROCEEDINGS AND SANCTIONS**
**PURSUANT TO RULE 11 IN THE EASTERN DISTRICT OF NEW YORK**

Plaintiff Lawrence Meadows respectfully files this Notice of Supplemental Filing to bring

to the Court's immediate attention critical, parallel federal proceedings and docket entries made

on July 21, 2026, in the related action pending in the United States District Court for the Eastern

District of New York, *Meadows v. Allied Pilots Association*, No. 2:26-cv-00679-EK.

**I. Description of the Attached Submissions**

Plaintiff attaches the following documents to this Notice:

1. **Exhibit A:** Plaintiff's Motion for Sanctions Pursuant to Rule 11 against Defendant's

   counsel, Joshua Shiffrin, John Pellettieri, and Lane Shadgett (Bredhoff & Kaiser, P.L.L.C.),

   filed in the Eastern District of New York on July 21, 2026. (EDNY ECF No. pending).

2. **Exhibit B:** Defendant APA's counsel filed a misleading and incomplete letter of

   clarification (EDNY ECF No. 39)—filed two days after being served with Plaintiff's

   Motion for Sanctions Pursuant to Rule 11—containing a misleading, partial admission that

   acknowledged only a single witness (Ed Sicher) while continuing to hide their own trial

witness list containing Florida resident former APA President Dan Carey (FLSD ECF No. 273), and other multiple Florida-resident witnesses on the parties' initial disclosures.

3. **Exhibit C:** Plaintiff's Pre-Conference Response and Request for Reconsideration of Transfer Venue, filed with EDNY Judge Eric R. Komitee on July 21, 2026 (ECF No. 40).

## II. Relevance to the Pending Florida Action and the Integrity of These Proceedings

These parallel filings are highly relevant to the pending trial  and discovery disputes in this Court for three key reasons:

1. **Inconsistent and Misleading Representations Concerning Jurisdiction:** In the New York action, Defendant APA's counsel argued that this Court lacks personal jurisdiction over APA Florida for these post-2022 continuing violations (EDNY ECF No. 36, at page 2, paragraph 4). This assertion is factually contradicted by the record in this District, where APA has actively litigated for nine years without ever raising a jurisdictional objection, maintains a permanent Miami pilot Domicile ("MIA"), and continuously represents approximately 1,500 active pilot members based in Florida.

2. **Verifiably Inaccurate Witness Representations to Block Transfer:** To block Plaintiff's motion to transfer and consolidate his post-2022 claims, APA's counsel represented to the EDNY Court that **"APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida"** (EDNY ECF No. 36, at page 2, paragraph 5). This claim is verifiably false. APA's own active Trial Witness List in this case (SDFL ECF No. 273) designates former APA President Captain Dan Carey as an active trial witness, and the parties' disclosures identify multiple other Florida-based witnesses (including former Secretary-Treasurer Pam Torrell, former President Ed Sicher, and similarly situated former disabled pilots Kathy Emery and Pete Lepore).

2

3. **The Misleading and Partial Letter of Clarification:** On July 1, 2026, just two days following service of the Plaintiff's Rule 11 motion—within the safe-harbor period—APA's counsel filed a misleading, partial letter of clarification (EDNY ECF No. 39) containing a partial admission that acknowledged only a single witness (Ed Sicher), while continuing to conceal their own active trial witness list containing Florida resident Captain Dan Carey, and other material Florida-resident witnesses identified in the parties' initial disclosures.

In sum, APA's use of inconsistent and misleading factual statements across two different federal jurisdictions has kept Plaintiff's claims fragmented and denied him a unified forum.[1] This

---

[1]     This systemic fragmentation of claims is directly linked here in this instant matter to the discovery protective order (SDFL ECF No. 138), which is currently subject to Plaintiff's pending Objections (ECF Nos. 259, 264) to Magistrate's denial of both the Plaintiff's Motion to Correct the Record and for Sanctions and Emergency Motion to Vacate Protective Order for Fraud on the Court for Misconduct and Fraud (SDFL ECF Nos. 148, 205). In those motions, Plaintiff details how APA counsel John Pellettieri, through multiple material misrepresentations of fact during the October 28, 2025 protective order hearing, procured a highly restrictive protective order—arbitrarily limiting the temporal scope of discovery to December 31, 2021 and quashing deposition testimony of eight key witnesses—specifically to shield primary defendants and suppress evidence of post-2021 continuing violations. As Plaintiff attested (ECF No. 148, Meadows Decl. ¶¶ 6,8), Mr. Pellettieri's misrepresentations were factually rebutted by prior deposition testimony of both APA's own 30(b)(6) corporate representative, Mark Myers, and American Airlines' Senior Principal of Employee Relations Flight, James Anderson, in the prior litigation of a similarly situated formerly disabled pilot, *Kathy Emery v. Allied Pilots Assoc.*, Case No. 9:14-cv-80518-HURLEY (S.D. Fla. Jan. 4, 2017); and these misrepresentations are most recently corroborated by the three sworn declarations of former APA President Captain Ed Sicher submitted in this matter (ECF Nos 180, Ex. 3; 183, Ex. 1; 205, Exs. 1, 2; 251-1, Exs. D, F; and 285, Ex.1). The union's multi-year strategy of delay and concealment was driven by a discriminatory financial motive; as sworn to by Captain Sicher, APA's legal department sought to limit its exposure to over $24 million in retroactive equity payouts and interest due to the 240 similarly situated disabled pilots who were abandoned by the union. (ECF No. 180, Ex. 3, Sicher Decl. ¶ 19).

conduct directly supports Plaintiff's pending application to withdraw the referral and stay the trial,

highlighting the need for immediate case management oversight by the District Judge.


Dated: July 22, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, Apt 2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on July 22nd, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, Email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees, LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

5

# EXHIBIT A

## To Plainiff's Notice of Supplemental Filing

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**LAWRENCE MEADOWS,**
    Plaintiff,

    v.

**AMERICAN AIRLINES, INC., et al.,**
    Defendants.

**CASE NO. 2:26-cv-00679-EK-ARL**
**HONORABLE JUDGE ERIC R. KOMITEE**
_____/

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 11(c)(2), Plaintiff Lawrence Meadows, proceeding *pro se*, hereby serves this Motion for Sanctions upon Defendant Allied Pilots Association ("APA") and its signing counsel of record, Bredhoff & Kaiser, P.L.L.C. (specifically, Joshua B. Shiffrin, Esq., John M. Pellettieri, Esq., and Lloyd T. Shadgett, Esq.).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 11(c)(2), this Motion is being served upon you twenty-one (21) days prior to its filing with the Court. If the verifiably false factual representations set forth in Defendant's Response to Plaintiff's Pre-Motion Letter (ECF No. 36) regarding the location of witnesses, documents, or facts - which counsel has actively re-urged, defended, and re-advocated in Defendant's Surreply (ECF No. 38) - are not formally and completely withdrawn, or appropriately corrected on the record to purge the false factual contentions, within twenty-one (21) days of the service of this Motion, Plaintiff will file this Motion with the United States District Court for the Eastern District of New York and seek all appropriate relief, including an order striking ECF No. 36 and ECF No. 38, an award of

1

reasonable expenses and consulting fees incurred as a result of the false filings, and a formal referral of signing counsel to the appropriate disciplinary committees.

Plaintiff Lawrence Meadows respectfully moves this Court for the imposition of sanctions against Defendant APA and its signing counsel, Joshua B. Shiffrin, John M. Pellettieri, and Lloyd T. Shadgett of Bredhoff & Kaiser, P.L.L.C., pursuant to Federal Rule of Civil Procedure 11.

## I. INTRODUCTION

By signing and filing Defendant's Response to Plaintiff's Pre-Motion Letter on June 22, 2026 (ECF No. 36) and Defendant's Surreply on June 24, 2026 (ECF No. 38), Defendant's counsel formally certified to this Court, pursuant to Rule 11(b)(3), that the factual contentions therein had evidentiary support. Counsel violated this certification by presenting a blatant, verifiably false representation of material fact designed to mislead this Court on the threshold question of transfer of venue under 28 U.S.C. § 1404(a). Rather than correcting the record when confronted with their misstatement, counsel doubled down by filing an unauthorized surreply (ECF No. 38) to defend their false assertions. Sanctions are required to protect the integrity of these proceedings.

## II. BACKGROUND AND THE RELEVANT RECORD ENTRIES

In seeking to prevent the transfer of this action to the Southern District of Florida, where an active, parallel, first-filed action has been pending since 2017 (*Meadows v. APA*, Case No. 1:17-cv-22589-EA), Defendant's counsel made the following representation to this Court:

> ***"APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida." (ECF No. 36, at 2 ¶ 5).***

When Plaintiff's Reply Letter (ECF No. 37) exposed this statement as a direct falsehood, Defendant's counsel did not utilize the safe-harbor opportunity to clarify or correct the record. Instead, counsel filed an unauthorized "Surreply" (ECF No. 38) actively defending the

2

representation and claiming that the Florida-resident former presidents and union officials are "irrelevant" to this action. (ECF No. 38, at 1–2 ¶ 3).

Counsel's factual representations are directly contradicted by the active filings, witness lists, and disclosures submitted by the parties in the parallel Florida proceeding, which counsel is actively managing:

1. **APA's Florida Trial Witness List (S.D. Fla. ECF No. 273):** Defendant's own active trial witness list in the Florida action designates former APA President Captain Dan Carey as an active trial witness. S.D. filings. Further, on March 2026, during his deposition in Naples, Florida, Captain Carey produced a Florida state driver's license affirming his residency in Florida. (**Exhibit 1**).

2. **APA's Florida Initial Disclosures:** Defendant's initial disclosures in the parallel Florida action identify former APA Presidents Dan Carey and Edward Sicher, and former APA Secretary-Treasurer Pam Torell as Florida residents. (**Exhibit 2**).

3. **APA's S.D. Fla. Amended Initial Disclosures:** Defendant's amended disclosures in the parallel Florida action, rename and re-identify former APA Presidents Dan Carey and Edward Sicher, and former Secretary-Treasurer Pam Torell as Florida residents; and specifically renamed and re-identified Captain Dan Carey listing his up residential address in Naples, Florida, where he was subsequently produced for deposition. (**Exhibit 3**).

4. **Plaintiff's Florida Initial Disclosures:** Plaintiff's initial disclosures in the Florida action identify former APA Presidents Dan Carey and Edward Sicher, current Miami Domicile Chairman Jay Wilhelm, and Florida-based pilot witnesses Kathy Emery and Pete Lepore, as key witnesses. (**Exhibit 4**).

3

The convenience of these material, non-party witnesses is a core factor under a 28 U.S.C. § 1404(a) transfer analysis. *See Nieves v. Am. Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988); *see also Armstrong v. Costco Wholesale Corp.*, 234 F. Supp. 3d 367, 370 (E.D.N.Y. 2017). Defendant's representation to this Court that no such witnesses, documents, or facts exist in Florida is inconsistent with the representations and records actively maintained by APA counsel on the Florida docket.

## III. ARGUMENT: SANCTIONS ARE MANDATED UNDER RULE 11

Federal Rule of Civil Procedure 11(b)(3) requires that an attorney conduct a reasonable inquiry to ensure that "factual contentions have evidentiary support." Sanctions are appropriate when an attorney fails to conduct a reasonable inquiry or makes a deliberate misrepresentation of fact to the Court. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991).

Furthermore, Rule 11 liability attaches when an attorney continues to "advocate" or defend a false factual contention after its falsity has been brought to their attention. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (Subdivisions (b) and (c)) ("a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.").

Here, a simple review of Defendant's own active, signed filings and initial disclosures on the Florida docket reveals that former APA President Carey is on their trial list - who along with multiple other material witnesses, including former and current union officers - resides in Florida. APA counsel's presentation of a contrary factual representation that they "are not aware" of any Florida witnesses is a verifiably false statement designed to deceive this Court on a threshold venue

determination. This bad-faith effort to defeat a transfer request directly departs from the standard of "duty of candor" to the tribunal required under Rule 11.

Moreover, APA counsel's subsequent filing of an unauthorized surreply (ECF No. 38) to defend this falsehood constitutes a further bad-faith, sanctionable escalation of professional misconduct that subverts the administration of justice.

## IV. CONCLUSION AND RELIEF SOUGHT

Because the presenting and subsequent re-advocating of verifiably false factual representations has vexatiously multiplied these proceedings and subverted the integrity of this Court, Plaintiff respectfully requests that this Court grant this Motion for Sanctions in its entirety and impose appropriate remedial sanctions to deter such bad-faith conduct and restore the integrity of the record.

Specifically, Plaintiff requests that this Court:

1. **Strike** Defendant's Response (ECF No. 36) and Defendant's Surreply (ECF No. 38) in their entirety as a necessary remedial measure to purge these false factual contentions from the active judicial record;

2. **Impose** appropriate non-punitive monetary sanctions against signing counsel Joshua B. Shiffrin, John M. Pellettieri, and Lloyd T. Shadgett, and the firm Bredhoff & Kaiser, P.L.L.C., limited to what suffices to compensate Plaintiff for the actual, reasonable expenses and consulting fees directly incurred in preparing his Reply and this Motion;

3. **Refer** signing counsel to the Grievance Committee for the Eastern District of New York for appropriate professional review; and

4. **Grant** such other, non-punitive relief as this Court deems just, proper, and necessary to deter the repetition of such conduct.

5

Dated: June 25, 2026

Respectfully submitted.

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

6

## SAFE HARBOR CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, hereby certify that on June 25, 2026, a true and correct copy of the foregoing Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c)(2), along with Exhibits 1, 2, 3, and 4, was served via Federal Express (Priority Overnight) and Email upon the following counsel of record, in accordance with Fed. R. Civ. P. 11(c)(2) and Fed. R. Civ. P. 5(b)(2)(C), thereby initiating the twenty-one (21) day safe harbor period:

Lawrence M. Meadows
Plaintiff, Pro Se

### Service List

*Counsel for Defendants Allied Pilots Association and Nick Silva*

**Joshua Shiffrin**
**John M. Pelletieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005

7

## SECOND CERTIFICATE OF SERVICE OF
## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

I, Lawrence Meadows, Plaintiff Pro Se, hereby certify that on July 21, 2026, I electronically filed the foregoing Motion for Sanctions Pursuant to Rule 11 and Memorandum of Law in Support with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and also served via email, and Federal Express.

I further certify that, in compliance with the "Safe Harbor" provisions of Federal Rule of Civil Procedure 11(c)(2), the complete motion and memorandum were served more than twenty-one (21) days prior to filing, as follows:

1. **On June 25, 2026**, the complete motion and memorandum were served upon Defendant's counsel via email transmission.

2. **On June 29, 2026**, the complete motion and memorandum were served via Federal Express (FedEx) Priority Overnight delivery, with tracking and signature confirmation, upon:

   - **Joshua B. Shiffrin, Esq.** (Bredhoff & Kaiser, P.L.L.C., 805 Fifteenth St. NW, Suite 1000, Washington, D.C. 20005)

   - **John M. Pellettieri, Esq.** (Bredhoff & Kaiser, P.L.L.C., 805 Fifteenth St. NW, Suite 1000, Washington, D.C. 20005)

   - **Lane M. Shadgett, Esq.** (Bredhoff & Kaiser, P.L.L.C., 805 Fifteenth St. NW, Suite 1000, Washington, D.C. 20005)

No withdrawal of the offending signed ECF submissions was made by Defendant's counsel during the statutory safe harbor period, and only a deceptive partial letter of clarification (ECF No. 39) was filed.

Lawrence M. Meadows

7-1

## Service List

**Joshua Shiffrin**
**John M. Pelletieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005

*Counsel for Defendants Allied Pilots Association*

## Exhibit List:

- **Exhibit 1:** APA's S.D. Fla. Trial Witness List (S.D. Fla. ECF No. 273), listing Captain Dan Carey.

- **Exhibit 2:** APA's S.D. Fla. Initial Disclosures listing Florida residents, Captains Dan Carey, Ed Sicher and Pam Torell.

- **Exhibit 3:** APA's S.D. Fla. Amended Initial Disclosures re-listing Captains Dan Carey, Ed Sicher and Pam Torell, showing Captain Carey's address in Naples, Florida.

- **Exhibit 4:** Plaintiff's S.D. Fla. Initial Disclosures listing First Officers, Jay Wilhelm, Pete Lepore, and Kathy Emery; and Captains Dan Carey and Ed Sicher.

8

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,

     Plaintiff,                          CASE NO. 1:17-CV-22589-EA

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

     Defendants.

_____/

## DEFENDANT APA'S PRETRIAL WITNESS LIST

Pursuant to Local Civil Rule 16.1(e)(10) and the Court's order of April 8, 2026 (ECF No. 247), Defendant APA submits the following witness list for trial, including expert witnesses and witnesses whose testimony is expected to be presented by means of a deposition.

APA respectfully reserves the right to amend its witness list if or when Plaintiff produces witness and exhibit lists.

| No. | Name | Address | Notes |
|-----|------|---------|-------|
| 1 | Mark Myers | c/o Bredhoff & Kaiser 805 15th St NW, Suite 1000 Washington, DC 20005 | Expects to present |
| 2 | **Dan Carey** | [omitted from public filing: information is in possession of both parties] | Expects to present (via deposition) |
| 3 | Matt Barton | P.O. Box 69 Golden, CO 80402 | Expects to present (expert witness) |
| 4 | Lawrence Meadows | 1900 Sunset Harbor #2112 Miami Beach, FL 33139 | Expects to present (plaintiff) |
| 5 | Kimball Stone | c/o Mark Robertson, Esq. O'Melveny 1301 Avenue of the Americas | Expects to present |

1

| | | Suite 1700<br>New York, NY 10019 | |
| --- | --- | --- | --- |
| 6 | Curt DeKeyrel | c/o Bredhoff & Kaiser<br>805 15th St NW, Suite 1000<br>Washington, DC 20005 | May call |

Dated: May 29, 2026

Respectfully submitted,

*/s/ Andrew Dymowski*
Andrew Dymowski, Esq.
Florida Bar No.1058209
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ddymowski@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

2

# EXHIBIT  2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

LAWRENCE MEADOWS,

*Plaintiff,*

v.

ALLIED PILOTS ASSOCIATION, *et al.,*

*Defendants.*

Civil Action No. 17-CV-22589-JLK

## DEFENDANT ALLIED PILOTS ASSOCIATION'S INITIAL DISCLOSURES

Defendant Allied Pilots Association ("APA"), by and through undersigned counsel, hereby makes initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

These disclosures are based upon information reasonably available to APA at the present time and represent a good faith effort to identify discoverable information currently and reasonably believed to fall within Rule 26(a)(1). By making these disclosures, APA does not waive any privilege that may exist under statutory or common law; nor does APA represent that it is identifying every witness, document, or tangible thing that it may use to support its case or defend against the claims asserted against it. APA's future discovery responses and deposition testimony will constitute additional disclosure. APA is continuing to investigate the claims and defenses and, if necessary, will supplement these initial disclosures as soon as is practicable, and in accordance with Rule 26(e). APA reserves any objections it may have to the subsequent production or use of these documents under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any privilege or other right which may exist under statutory or common law.

1

## I.    Individuals Likely to Have Discoverable Information

### A. Dan Carey

Captain Carey is likely to have discoverable information regarding communications between APA, American Airlines, and Larry Meadows from the fall of 2018. Captain Carey's phone number and address is (307) 654-1104; **4403 Southside Drive, Gulf Breeze, Florida 32563.**

### B.   James Clark

Mr. Clark is likely to have discoverable information regarding communications with Mr. Meadows the collective bargaining agreements between APA and American Airlines, the APA Constitution, and correspondence related to Meadows' membership status. Mr. Clark can be contacted through undersigned counsel.

### C.   Chuck Hairston

Mr. Hairston is likely to have discoverable information regarding Grievances 12-011 and 12-012 and allegations pertaining to him in the First Amended Complaint. Mr. Hairston's last known phone number and address is (817) 421-6367; 3348 Spruce Lane, Grapevine, Texas 76051.

### D.   Lawrence Meadows

Mr. Meadows is likely to have discoverable information regarding the allegations in his First Amended Complaint, the circumstances surrounding his employment with American Airlines, the history of his attempts to be re-hired by American Airlines, the grievances he filed, his efforts to mitigate his damages, and his claimed damages.

E.  Rusty McDaniels

Captain McDaniels is likely to have discoverable information regarding the filing of Grievance 12-012 and allegations pertaining to him in the First Amended Complaint. Captain McDaniels's last known phone number and address is (817) 832-0909; 3525 Creekside Court, Bedford, Texas 76021.

F.  Mark Myers

Mr. Myers is likely to have discoverable information regarding the seniority list information process and Mr. Meadows' correspondence with APA regarding that process. He is also likely to have discoverable information regarding the collective bargaining agreements between APA and American Airlines, American Airlines' process for re-hiring pilots after periods of medical disability, and APA's efforts to reach a settlement with American Airlines relating to Mr. Meadows' employment. Mr. Myers is also likely to have discoverable information regarding Grievances 12-011 and 12-012. Mr. Myers can be contacted through undersigned counsel.

G.  Ed Sicher

Captain Sicher is likely to have information about efforts by APA to resolve grievances 12-011 and 12-012 and allegations pertaining to him in the First Amended Complaint. Mr. Sicher's last known phone number and address is (954) 224-6908; 1401 NE 9th Street, Apt. 62, Fort Lauderdale, Florida 33304.

H. Mark Stephens

Captain Stephens is likely to have discoverable information regarding the seniority list integration process and correspondence between APA and Plaintiff regarding that process. Mr. Stephens can be contacted through undersigned counsel. Mr. Stephens's last known address is 106 Avenida de la Paz, Lamy, New Mexico 87540.

I. Pam Torell

Captain Torell is likely to have discoverable information regarding the allegations pertaining to her in the First Amended Complaint. Captain Torrell's last known phone number and address is (772) 708-8129; **18604 Kitty Hawk Court, Port St. Lucie, Florida 34987.**

J. Keith Wilson

Captain Wilson is likely to have discoverable information regarding Grievance 12-011, interpretations of the APA Constitution, and other matters pertaining to allegations in the First Amended Complaint. Captain Wilson's last known address and phone number is (301) 385-1448; 117 Lynthwaite Farm Lane, Wilmington, Delaware 19803.

## II. Documents in APA's Possession Likely to Support Its Defenses

A. APA Constitution and Bylaws

B. Collective bargaining agreements between APA and American Airlines

C. Record of seniority list integration proceedings

D. Records of Meadows' internal Article VII charges

E. Records related to the American Airlines bankruptcy

F. Records related to Grievance 12-011

G. Records related to DFW Grievance 12-012

H. Arbitration decisions in proceedings involving Meadows

4

I. Records from *Meadows v. Allied Pilots Association*, No. 15-cv-4139 (D. Utah)

J. Records from *Preitz v. Allied Pilots Association*, No. 17-cv-1166 (E.D. Pa.)

K. Records from *Meadows v. American Airlines*, No. 24-cv-20518 (S.D. Fla)

L. Presidential constitutional interpretations relating to inactive members

M. Correspondence between Meadows and APA

### III. Computation of Damages

As a defendant, APA does not seek any damages in this action.

### IV. Applicable Insurance Information

The applicable insurance agreement is attached pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(4) at APA_000001 to APA_000169.

DATED:        August 1, 2025                Respectfully submitted,


/s/ *Capri Trigo*
Capri Trigo, Esq. (Fl. Bar No. 28564)
Andrew Dymowski (Fl. Bar No. 1058209)
GORDON REES SCULLY MANSUKHANI
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
ctrigo@grsm.com
ddymowski@grsm.com

/s/ *Joshua B. Shiffrin*
Joshua B. Shiffrin*
Grace Rybak*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
grybak@bredhoff.com
*Admitted Pro Hac Vice

*Counsel for Defendant Allied Pilots Association*

5

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

LAWRENCE MEADOWS,

*Plaintiff,*

v.

ALLIED PILOTS ASSOCIATION, *et al.,*

*Defendants.*

Civil Action No. 17-CV-22589-JLK

## DEFENDANT ALLIED PILOTS ASSOCIATION'S FIRST AMENDED INITIAL
## DISCLOSURES

Defendant Allied Pilots Association ("APA"), by and through undersigned counsel, hereby makes initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

These disclosures are based upon information reasonably available to APA at the present time and represent a good faith effort to identify discoverable information currently and reasonably believed to fall within Rule 26(a)(1). By making these disclosures, APA does not waive any privilege that may exist under statutory or common law; nor does APA represent that it is identifying every witness, document, or tangible thing that it may use to support its case or defend against the claims asserted against it. APA's future discovery responses and deposition testimony will constitute additional disclosure. APA is continuing to investigate the claims and defenses and, if necessary, will supplement these initial disclosures as soon as is practicable, and in accordance with Rule 26(e). APA reserves any objections it may have to the subsequent production or use of these documents under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any privilege or other right which may exist under statutory or common

1

law.

### 1.    Individuals Likely to Have Discoverable Information

#### A. Dan Carey

Captain Carey is likely to have discoverable information regarding communications between APA, American Airlines, and Larry Meadows from the fall of 2018. Captain Carey's phone number and address is (516) 456-6208; 1953 Mustique St, Naples, FL 34120-2874.

#### B. James Clark

Mr. Clark is likely to have discoverable information regarding communications with Mr. Meadows the collective bargaining agreements between APA and American Airlines, the APA Constitution, and correspondence related to Meadows' membership status. Mr. Clark can be contacted through undersigned counsel.

#### C. Chuck Hairston

Mr. Hairston is likely to have discoverable information regarding Grievances 12-011 and 12-012 and allegations pertaining to him in the First Amended Complaint. Mr. Hairston's last known phone number and address is (817) 421-6367; 3348 Spruce Lane, Grapevine, Texas 76051.

#### D. Lawrence Meadows

Mr. Meadows is likely to have discoverable information regarding the allegations in his First Amended Complaint, the circumstances surrounding his employment with American Airlines, the history of his attempts to be re-hired by American Airlines, the grievances he filed, his efforts to mitigate his damages, and his claimed damages.

E.  Rusty McDaniels

Captain McDaniels is likely to have discoverable information regarding the filing of Grievance 12-012 and allegations pertaining to him in the First Amended Complaint. Captain McDaniels's last known phone number and address is (817) 832-0909; 3525 Creekside Court, Bedford, Texas 76021.

F.  Mark Myers

Mr. Myers is likely to have discoverable information regarding the seniority list information process and Mr. Meadows' correspondence with APA regarding that process. He is also likely to have discoverable information regarding the collective bargaining agreements between APA and American Airlines. American Airlines' process for re-hiring pilots after periods of medical disability, and APA's efforts to reach a settlement with American Airlines relating to Mr. Meadows' employment. Mr. Myers is also likely to have discoverable information regarding Grievances 12-011 and 12-012. Mr. Myers can be contacted through undersigned counsel.

G.  Ed Sicher

Captain Sicher is likely to have information about efforts by APA to resolve grievances 12-011 and 12-012 and allegations pertaining to him in the First Amended Complaint. Mr. Sicher's last known phone number and address is (954) 224-6908; 1401 NE 9th Street, Apt. 62, Fort Lauderdale, Florida 33304.

3

H. Mark Stephens

Captain Stephens is likely to have discoverable information regarding the seniority list integration process and correspondence between APA and Plaintiff regarding that process. Mr. Stephens can be contacted through undersigned counsel. Mr. Stephens's last known address is 106 Avenida de la Paz, Lamy, New Mexico 87540.

I. Pam Torell

Captain Torell is likely to have discoverable information regarding the allegations pertaining to her in the First Amended Complaint. Captain Torrell's last known phone number and address is (772) 708-8129; 18604 Kitty Hawk Court, Port St. Lucie, Florida 34987.

J. Keith Wilson

Captain Wilson is likely to have discoverable information regarding Grievance 12-011, interpretations of the APA Constitution, and other matters pertaining to allegations in the First Amended Complaint. Captain Wilson's last known address and phone number is (301) 385-1448; 117 Lynthwaite Farm Lane, Wilmington, Delaware 19803.

## II.  Documents in APA's Possession Likely to Support Its Defenses

A. APA Constitution and Bylaws

B. Collective bargaining agreements between APA and American Airlines

C. Record of seniority list integration proceedings

D. Records of Meadows' internal Article VII charges

E. Records related to the American Airlines bankruptcy

F. Records related to Grievance 12-011

G. Records related to DFW Grievance 12-012

H. Arbitration decisions in proceedings involving Meadows

4

I.  Records from *Meadows v. Allied Pilots Association*, No. 15-cv-4139 (D. Utah)

J.  Records from *Preitz v. Allied Pilots Association*, No. 17-cv-1166 (E.D. Pa.)

K.  Records from *Meadows v. American Airlines*, No. 24-cv-20518 (S.D. Fla)

L.  Presidential constitutional interpretations relating to inactive members

M.  Correspondence between Meadows and APA

### III.    Computation of Damages

As a defendant, APA does not seek any damages in this action.

### IV.    Applicable Insurance Information

The applicable insurance agreement is attached pursuant to Federal Rule of Civil

Procedure 26(a)(1)(A)(4) at APA_000001 to APA_000169.


DATED:          January 12, 2025                Respectfully submitted,


                                                /s/ Capri Trigo
                                                Capri Trigo, Esq. (Fl. Bar No. 28564)
                                                Andrew Dymowski (Fl. Bar No. 1058209)
                                                GORDON REES SCULLY MANSUKHANI
                                                100 S.E. Second Street, Suite 3900
                                                Miami, Florida 33131
                                                ctrigo@grsm.com
                                                ddymowski@grsm.com

                                                /s/ Joshua B. Shiffrin
                                                Joshua B. Shiffrin*
                                                Grace Rybak*
                                                BREDHOFF & KAISER PLLC
                                                805 15th Street NW, Suite 1000
                                                Washington, D.C. 20005
                                                jshiffrin@bredhoff.com
                                                grybak@bredhoff.com
                                                *Admitted Pro Hac Vice

                                                *Counsel for Defendant Allied Pilots Association*

# EXHIBIT 4

Lawrence M. Meadows, Pro Se Plaintiff
1900 Sunset Harbour Dr., 2112
Miami Beach, FL 33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE FLORIDA SOTHERN DISTRICT

LAWRENCE M. MEADOWS,

*Plaintiff,*

v.

ALLIED PILOTS ASSOCIATION, et. al.

*A Texas Labor Association*

*Defendant.*

CASE NO. 1:17-cv-22589

Honorable Judge Michael K. Moore

## PLAINTIFF LAWRENCE MEADOW'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and the parties' Joint Proposed Scheduling Order Setting Civil Trial Date And Pre-Trial Schedule (Doc 62), Plaintiff Lawrence Meadows hereby provides the following initial disclosures. The information disclosed herein represents only that information currently known and available to the Plaintiff at this time. The information disclosed herein does not preclude Plaintiff from later identifying additional individuals likely to have discoverable information or additional relevant documents. Plaintiff reserves the right to supplement or revise these Initial Disclosures. Other than the Plaintiff who should be contacted directly as Pro Se, all witnesses are employees or representatives of the Defendant who may be contacted by Allied Pilots Association Headquarters ("APA") or through

1

Defendants' counsel, or are also employees of American Airlines, who may be contacted through American's counsel.

## A. Named Individuals

The following individuals may give discoverable information that Complainants may use to support its claims or defenses in this matter:

### 1. Plaintiff Lawrence Meadows

In care of Plaintiff as Pro Se.

Plaintiff Meadows will testify in support of all his Amended Complaint's allegations.

### Allied Pilots Employees, Officers, Committeemen, and Members

All the following individuals addressed are available and can be contacted through Allied Pilots Association, 14600 Trinity Blvd., Ste. 500, Fort Worth, TX 76155. As of May 1, 2025, APA has unlawfully terminated Plaintiff's APA Membership and revoked his access to APA's website and membership/staff address and contact information.

### 2. FO Silva, APA President

Mr. Silva has information related to his correspondence, teleconference, and actions regarding failure to obtain reinstatement of Plaintiff in the Grievance 23-31 Settlement Agreement and failure to notify him of such, including APA's withdrawal of the grievance with prejudice without offering him the opportunity to individually arbitrate his contractual claim, and also in terminating of Plaintiff's APA membership in violation of the APA C&B and LMRDA.

### 3. CA Ed Sicher, Former APA President, former MIA Domcile Chair and Vice-Chair, former REDDI ("Reinstatement of Disability Dropped Investigative") Ad hoc Committee Chair

2

Mr. Sicher has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots benefits, seniority, and membership rights, and his efforts to advocate for those pilots, through BOD resolutions, REDDI investigations into unethical conduct of APA's attorneys and their associated abandonment of representation, direct negotiations with American's executive management to obtain reinstatement of MDD pilots, conversion of Grievance 12-012 into Expedited Presidential Grievance 23-31, retaining Sue Edward to represent Plaintiff and subsequent withdrawal of representation.

**4.   FO Tom Rempfer, Former APA Aeromedical Deputy Chair**

Mr. Rempfer has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, and his efforts to advocate for those pilots as Chairman of APA's National Dropped Reinstatement (of MDD pilots) Ad Hoc Committee, and involvement with Sue Edwards in an attempt to arbitrate Grievance 12-012/23-31, and creation and presentation of a detailed MDD PowerPoint presentation to APA BOD to further those efforts.

**5.   FO Alison Glaser, Former APA Aeromedical Deputy Chair**

Ms. Glaser has information related to her in-person meeting and PowerPoint presentation made to American's Executive VP of Flight, CA Chip Long, regarding reinstatement of Meadows and other MDD pilots.

**6.   CA Bill Evans, Former APA LAX Domicile Chair**

Mr. Evans has information regarding APA's representational failures related to APA's disabled and MDD pilots, and has knowledge related to his attempted arbitration of Grievance 12-012/23-31, and Plaintiff's exclusion from seniority reinstatement in the

3

Settlement Agreement, in retaliation for his refusal to withdraw his DFR lawsuit against APA.

**7.  CA Jay Wilhelm, APA MIA Domicile Chair**

Mr. Wilhelm has information related to his lack of advocacy as the union representative on behalf of Plaintiff and failure to respond to Plaintiff's repeated requests for representation, and APA's exclusion of Wilhelm from APA's discussions to exclude Meadows from seniority reinstatement in the 23-31 Settlement Agreement, and APA President's action terminating Plaintiff's APA Membership

**8.   James Clark, APA Director of Legal**

Mr. Clark has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots benefits, seniority, and membership rights, and APA's termination of its former General Counsel, Legal Director, and staff attorneys for conduct and resultant multiple litigations related thereto, his hostile and subversive relationship with former APA President Ed Sicher, his denial of existence of the Babb-Denison Legal Opinion Letter based on a false narrative to justify APA's abandonment of representation of MDD pilots, and more recently his correspondence, teleconferences, and conduct related to the withdrawal of Meadows legal representation in his ADA lawsuit against American, and exclusion of Meadows seniority reinstatement in the Grievance 23-31 Settlement Agreement.

**9.   Mark Myers, APA Director of Contract Negotiations**

Mr. Myers has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots benefits, seniority, and membership rights, his misrepresentations to Arbitrator Goldberg to improperly exclude MDD pilots from APA's

4

Equity Distribution, obtaining without BOD knowledge the Babb-Denison Legal Opinion Letter based on a false narrative to justify APA's abandonment of representation of MDD pilots, and subsequent denial of the existence of that letter during the REDDI investigation, his suppression and failure to comply with the BOD tasking order in R-2016-30, and general hostile animus and conduct towards Meadows and other MDD pilots.

## 10. Tricia Kennedy, Director of Grievances

Ms. Kennedy has information related to APA's representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, and more specifically its failure to timely prosecute MDD related Grievances 12-011, 12-012, 23-31. Additionally, her knowledge and correspondence with APA President Sicher in June 20225, wherein she agreed to schedule and arbitrate Plaintiff's Grievance 12-011.

## 11. Sue Edwards, APA outside legal counsel

Mr. Edwards has information related to APA's representational failures and disparate treatment of its disabled and MDD pilots benefits, seniority, and membership rights, and efforts to resurrect and arbitrate MDD seniority reinstatement claims in Grievance 12-012/23-31, and ultimate Settlement Agreement which excluded Meadows. Additionally, information related to APA's retaining her to represent Meadows in his ADA lawsuit against American, and subsequent abrupt prejudicial withdrawal of her representation on the eve of a responsive deadline, because Meadows did not drop his DFR suit against APA.

## 12. Bennet Boggess, Former APA Legal Director

Mr. Boggess has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, and his associated termination for conduct and resultant multiple litigations related thereto. Additionally, his misrepresentations to Arbitrator Goldberg through submission of a false declaration mischaracterizing the plain and unambiguous language of Grievance 12-012 in order to decouple MDD pilots from APA's Equity Distribution.

### 13. FO Tim Curren, Reinstated MDD Pilot

Mr. Curren has information related to his correspondence and teleconference with Sue Edwards and APA officials related to Grievance 12-012 and his treatment in the Grievance 23-31 Settlement Agreement, which evidences the Defendants' discriminatory treatment of the Plaintiff.

### 14. FO Roger Wagner, Reinstated MDD Pilot

Mr. Wagner has information related to his correspondence and teleconference with Sue Edwards and APA officials related to Grievance 12-012 and his treatment in the Grievance 23-31 Settlement Agreement, which evidences the Defendants' discriminatory treatment of the Plaintiff.

### 15. FO Dale Churovich, Reinstated MDD Pilot

Mr. Churovich has information related to his correspondence and teleconference with Sue Edwards and APA officials related to Grievance 12-012 and his treatment in the Grievance 23-31 Settlement Agreement, which evidences the Defendants' discriminatory treatment of the Plaintiff.

### 16. CA Joe Barkate, Reinstated MDD Pilot

Mr. Barkate is a former MDD pilot who has information related to his special treatment as an APA insider and deal assuring him of seniority reinstatement once he obtained an FAA Medical Certificate, and his subsequent 2019 reinstatement and horse trade deal which bypassed and excluded Plaintiff, despite obtaining his medical certificate months after Plaintiff.

### 17. FO Pete Lepore, Reinstated MDD Pilot

Mr. Lepore is a former MDD pilot who has his 2019 seniority reinstatement and horse trade deal which bypassed and excluded Plaintiff, despite obtaining his medical certificate months after Plaintiff.

### 18. FO Wally Preitz, MDD Pilot

Mr. Prietz is a similarly-situated MDD pilot who has direct knowledge of APA's representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, APA's misrepresentations to Arbitrator Goldberg to improperly exclude MDD pilots from the Equity distribution by and through first-hand experience and DFR lawsuit against APA.

### 19. FO Kathy Emery, MDD pilot

Ms. Emery is a similarly-situated MDD pilot who has direct knowledge of APA's representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, APA's misrepresentations to Arbitrator Goldberg to improperly exclude MDD pilots from the Equity distribution by and through first-hand experience and DFR lawsuit against APA.

### 20. FO Susan Twitchell, MDD pilot

7

Ms. Twitchell is a similarly-situated MDD pilot who has direct knowledge of APA's representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights. APA's misrepresentations to Arbitrator Goldberg to improperly exclude MDD pilots from the Equity by and through first-hand experience and DFR lawsuit against APA.

### 21. CA Dan Carey, Former APA President

Mr. Carey has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, and his termination of its former General Counsel, Legal Director, and staff attorneys for conduct and resultant multiple litigations related thereto. Additional, knowledge of communications, teleconferences, and meetings, wherein he assured Plaintiff that once he obtained his FAA Medical Certificate that he would do whatever it took to obtain his seniority reinstatement and spend $1M dollars if necessary, and that APA would not sign a CBA or 737 Max Agreement that did not include his reinstatement.

### 22. George Buckley, Former APA General Counsel

Mr. Buckley has knowledge of knowledge of communications, teleconference, and meetings, wherein he admitted that given Plaintiff's B777 Instructor Pilot Job at Boeing, and FAA Medical Certification, he had strong retaliation claim against American, if he was denied reinstatement.

### 23. CA Eric Ferguson, Former APA President

Mr. Carey has information related to APA' representational failures and disparate treatment of its disabled and MDD pilots' benefits, seniority, and membership rights, and his termination of its former General Counsel, Legal Director, and staff attorneys for

8

conduct and resultant multiple litigations related thereto. To that end he created the REDDI Committee to investigate such. Additional, knowledge of the unethical conduct of APA attorneys involved with the MDD pilot issues.

**24. CA Scott Peterson, REDDI Ad hoc Committee Member**

Mr. Peterson was a REDDI Committee member who has direct knowledge that APA Attorneys Mark Myers and Jim Clark, during investigative inquiries, behaved unethically by lying and withholding information related to the Babb-Dennison Legal Opinion Letter.

**25. CA Lisa Heller, REDDI Ad hoc Committee Member**

Ms. Heller was a REDDI Committee member who has direct knowledge that APA Attorneys Mark Myers and Jim Clark, during investigative inquiries, behaved unethically by lying and withholding information related to the Babb-Dennison Legal Opinion Letter.

**American Airlines Employees**

All the following individuals below addresses are available and can be contacted through American Airlines, Inc., Deputy General Counsel, Lucretia Guia, 1 Skyview Dr., Fort Worth, TX 76155.

**26. Robert Isom, CEO**

Mr. Isom has information of communications, teleconferences, and meetings with APA President involving seniority reinstatement of MDD pilots to include Plaintiff.

**27. Stephen Johnson, Vice Chair and Chief Strategy Officer**

Mr. Johnson has information of communications, teleconferences, and meetings with APA President involving seniority reinstatement of MDD pilots to include Plaintiff.

**28. Lucretia Guia, Senior VP Labor Relations and Deputy General Counsel**

9

Ms. Guia has information of communications, teleconferences, and meetings with APA officials involving seniority reinstatement of MDD pilots to include Plaintiff.

**29. Marjorie Powell, Senior Attorney**

Ms. Powell has information of communications, teleconferences, and meetings with APA officials and Plaintiff involving seniority reinstatement of MDD pilots to include Plaintiff.

**30. CA John Hale, Executive VP Flight Department**

Mr. Hale has information related the VP of Flight Hearing of Grievance 12-012, Plaintiff's Reasonable Accommodations requests, and disposition thereof.

**31. CA Kimball Stone, Executive VP Flight Department**

Mr. Stone has information related to APA President Carey's communications, teleconference, and meetings regarding seniority reinstatement and training date of Plaintiff.

**32. CA Chip Long, Executive VP Flight Department**

Mr. Long has information related to APA Aeromedical Committee Chair's communications, teleconference, and meetings regarding MDD PowerPoint presentation and seniority reinstatement of Plaintiff.

## B. Documents

The following documents may be used by the Plaintiff in support of his complaint.

1. The Allied Pilots Association ("APA") Constitution and Bylaws ("C&B")

2. Wilson APA C&B Constitutional Interpretation dated 6/30/2016

3. Carey APA C&B Constitutional Interpretation dated 10/18/2017

4. Sicher APA C&B Constitutional Interpretation dated 9/22/2022

5. APA C&B Article VII Charges Meadows v. Wilson 4/6/2015

6. APA C&B Article VII Charges Meadows v. Torell 4/14/2015

7. APA C&B Article VII Charges Meadows v. AAPSIC 12/21/2016

8. Association For Union Democracy June 2014 Newsletter – 233 Disabled Pilots Barred from APA Website

9. APA National Officers Communications Blast 10/9/2008- APA Announces Hiring of ERISA Disability Litigator to Assist with Ongoing Denials of Pilot Disability Claims by AMR Management

10. The collective bargaining agreement between American Airlines and its Pilots as represented by the Allied Pilots Association.

11. Meadows' individual Grievance 12-011

12. Collective MDD Grievance 12-012

13. Meadows' MOU Grievance dated 5/25/2016

14. Sicher Expedited Presidential Grievance 23-31

15. Grievance 23-31 Settlement Agreement between American Airlines and APA 1/15/2025

16. APA Equity Distribution Arbitration Decision and Award dated 10/15/2013

17. Babb-Denison Legal Opinion Letter dated 12/12/2016

18. APA Board of Directors Resolution 2016-30

19. Correspondence between Lawrence Meadows and APA

20. Berkeley Research Group Economic Damages Report Lawrence Meadows Potential Earnings – American Airlines Pilot

## C.  Damages

Plaintiff, Lawrence Meadows, seeks compensatory damages for loss of airline pilot career earnings in an amount of no less than $5.609M (to be fully determined at trial and adjusted for new pilots' JCBA) to include full back pay and benefits from the date for of APA's breach and representational failures, and all forward pay and benefits remaining through normal FAA retirement age, plus any pre and post-judgment interest, as well as appropriate true-up payment to mitigate and adverse tax consequences associated with a lump sum award. Additionally, given APA's arbitrary, discriminatory and bad faith conduct Plaintiff also seeks punitive damages, expert witness, pre- and post-judgement interest, expert witness fees, and or injunctive or equitable belief the Court deems just and proper. Additionally, in the event Meadows is able to convert this into a class-action lawsuit, then also award him all legal fees and costs

DATED this 1st day of August, 2025:

*L. M. Meadows*

Lawrence M. Meadows, Pro Se Plaintiff
1900 Sunset Harbour Dr., 2112
Miami Beach, FL 33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com

12

# CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify,** that a true and correct copy of the foregoing was served via E-mail and U.S. Mail on August 1ˢᵗ, 2025 on all counsel or parties of record on the Service List below.

*L. M. Meadows*

––––––––––––––––––––
Signature of Filer

## SERVICE LIST

**Capri Trigo**
Gordon & Rees LLP
100 SE Second Street
Suite 3900
Miami, FL 33131
305-428-5323
Email: ctrigo@gordonrees.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Joshua B. Shiffrin**
**Grace Rybak**
Bredhoff & Kaiser, P.L.L.C.
805 15ᵗʰ Street N.W.
Suite 1000
Washington, D.C. 20005
202-842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.vom
PRO HAC VICE
ATTORNEY TO BE NOTICED

**Counsel for Defendant – Allied Pilots Association**

13

# EXHIBIT  B

## To Plainiff's Notice of Supplemental Filing

`

# BREDHOFF & KAISER, P.L.L.C.

*Attorneys & Counselors*

July 1, 2026

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:    Meadows v. American Airlines, Inc., et al., No. 26-CV-00679**
          **Clarification Regarding ECF No. 36**

Dear Judge Komitee:

    We write to clarify a statement that we made on behalf of APA in a letter submitted on June 22, 2026 that addressed, among other things, Plaintiff's request that this case be transferred to the Southern District of Florida (ECF No. 36). In that letter, we stated that "APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida." We are aware of one other likely witness who resides in Florida who may have information relevant to the particular claims asserted in this action, former APA President Ed Sicher. (APA believes that the other Florida residents identified by Plaintiff in ECF No. 37 are unlikely to have information probative of the claims in this case.) Mr. Sicher's presence in Florida does not impact the analysis articulated in our submission as to why transfer of this case would not be appropriate.

                                    Respectfully submitted,

                                    */s/ Joshua B. Shiffrin*
                                    Joshua B. Shiffrin (pro hac vice)
                                    John M. Pellettieri
                                    Lane M. Shadgett (pro hac vice)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on July 1, 2026, as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin

# EXHIBIT C

## To Plainiff's Notice of Supplemental Filing

July 21, 2026

Lawrence M. Meadows, Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, Apt 2112, Miami Beach, FL 33139
Email: lawrencemeadows@yahoo.com

**VIA CM/ECF EDNY PRO SE PORTAL**

Honorable Eric R. Komitee, U.S. District Court, E.D.N.Y.
225 Cadman Plaza East, Brooklyn, NY 11201

**Re: *Meadows v. Allied Pilots Association, et al.,* No. 2:26-cv-00679-EK-ARL; Plaintiff's Response to July 15, 2026 Order; Pre-Conference Request for Reconsideration of Transfer Denial or, in the Alternative, Notice of Amended Complaint and Re-Request Transfer**

Dear Judge Komitee,

Plaintiff, Lawrence Meadows, respectfully submits this letter in response to the Court's July 15, 2026 Order denying transfer (ECF. No. 32). Plaintiff writes to: (1) confirm that he rejects voluntary dismissal and will continue to prosecute this action; (2) request a pre-motion conference to seek reconsideration of the Court's denial of his motion to transfer venue to the Southern District of Florida (SDFL) under Local Civil Rule 6.3 and Fed. R. Civ. P. 54(b)/59(e); or (3) in the alternative, request leave to file a First Amended Complaint under Fed. R. Civ. P. 15(a) to explicitly plead the facts establishing personal jurisdiction in both districts, and, upon such amendment, re-request a transfer of venue to the Southern District of Florida under 28 U.S.C. § 1404(a).

**I. Reconsideration is Warranted to Correct Factual Misapprehensions Caused by Counsel's Material Misrepresentations and Procedural Deprivation**

Reconsideration under Local Civil Rule 6.3 is necessary to correct a manifest injustice. The Court's July 15, 2026 Order was based on a fundamental misapprehension of the facts, induced by the material misrepresentations of Defendant Allied Pilots Association's ("APA") counsel, Joshua B. Shiffrin, John M. Pellettieri, and Lane M. Shadgett (Bredhoff & Kaiser, P.L.L.C.) in their June 22, 2026 letter (ECF No. 36). There can be no dispute that the Transferee Court—Southern District of Florida—has personal jurisdiction over Defendant APA. Under established federal law, unincorporated national associations such as labor unions reside and are subject to personal jurisdiction in any district where they continuously represent members and conduct regular business. *Denver & R.G.W.R. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 562 (1967). American Airlines operates a major international passenger hub in Miami, Florida. Consequently, APA represents 1,500 Florida-based pilot members through its permanent Miami pilot Domicile ("MIA") local representational and committee structure where it regularly conduct union business.

While it is true these operational facts were not expressly alleged in Plaintiff's original, pro se complaint, its factually disingenuous for APA's counsel to rely on a technical pleading omission to block a 28 U.S.C. § 1404(a) transfer when they knew the undisputed facts establish personal jurisdiction in Florida. APA's argument is inconsistent with its ethical obligations of candor as officers of the court under New York Rule of Professional Conduct 3.3 (Candor to the Tribunal).

Counsel cannot ethically assert a technical pleading omission, when they possess actual knowledge of undisputed facts that cure the defect. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (holding that courts possess inherent authority to police the "full range of litigation abuses"). That is particularly true here, given APA's maneuvers to mislead the Court on jurisdictional realities.

Furthermore, because this venue issue was decided through an abbreviated, non-standard letter-briefing process (ECF Nos. 32, 36, 37, 38) rather than a standard full-motion cycle under Local Civil Rule 7.1, Plaintiff was never entitled to file a formal full-length reply, submit a personal affidavit, or present extrinsic evidence establishing personal jurisdiction in Florida. Plaintiff was held to a strict pleading standard on a venue transfer request before any formal motion to dismiss was briefed, despite having never received a full opportunity to present a complete evidentiary record. APA improperly exploited this abbreviated process through its misrepresentations to obtain a technical "victory" at the expense of Plaintiff and this Court.

## II. Chronology of Counsel's Misrepresentations and the Rule 11 Filing

Plaintiff was highly reticent to engage in collateral disputes, but was left with no choice given counsel's verifiably false misrepresentations and withholding of evidence designed to impede the transfer. To address Defendant APA counsel's violations of the duty of candor related to its direct misrepresentations of fact, **Plaintiff has filed his Motion for Sanctions Pursuant to Rule 11 against Defendant APA's counsel concurrently herewith on this 21st day of July, 2026,** necessitated by APA counsel's clear pattern of material misrepresentations as detailed below:

1. **The Inconsistent Personal Jurisdiction Claims:** In ECF No. 26 at 2, APA argued that this Court lacks personal jurisdiction over them because they are "not at home" in New York. But in ECF No. 36, at 2, paragraph 4, they subsequently argued that the Southern District of Florida also lacks personal jurisdiction over them. This is an attempt to create a "jurisdictional black hole" to avoid any federal forum, despite the fact that APA has litigated in Florida for nine years without objection, and maintains a permanent MIA pilot Domicile, where its with local representatives conduct regular union business for 1,500 Miami-based members; including Plaintiff, who actively performed APA committee work in Florida from 2022 to mid-2025.

2. **The Witness Misrepresentation:** In ECF No. 36, at 2, paragraph 5, APA's counsel asserted that **"APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida."** This claim is verifiably false. APA's own active trial witness list (ECF no. 273) in the parallel Florida action (*Meadows v. APA*, No. 1:17-cv-22589-EA (S.D. Fla.)) includes former APA President Dan Carey, and party disclosures identify multiple other Florida-resident witnesses (including former APA Sec.-Treasurer Pam Torrell, former President Ed Sicher, and APA pilots Kathy Emery and Pete Lepore).

3. **The Deceptive Partial Clarification:** After being served with Plaintiff's Rule 11 motion, APA's counsel filed a misleading partial letter of clarification (ECF No. 39) acknowledging only a single witness (Ed Sicher) while continuing to hide their own trial witness list containing Florida Resident Dan Carey, and other Florida witnesses on the parties' initial disclosures.

## III. Personal Jurisdiction Is Secure in Both the Transferor and Transferee Forums

2

At the Court's request Plaintiff is prepared to submit a formal affidavit and extrinsic evidence establishing personal jurisdiction in both forums:

- **SDFL (Transferee Forum):** Plaintiff is domiciled in Miami Beach, Florida; his temporary stay in New York to care for his elderly father did not alter his permanent domicile. Under established Supreme Court precedent, national labor unions are subject to personal jurisdiction in any district where they continuously represent members and conduct regular business. *Denver & R.G.W.R. Co.*, 387 U.S. 556, 562 (1967). Furthermore, APA's ongoing organized business presence satisfies long-arm jurisdiction. *United States v. Great Lakes Dredge & Dock Co.*, 259 F.3d 1300, 1304 (11th Cir. 2001). APA's local MIA representative structure and doing union business in Florida provide a clear, indisputable jurisdictional basis.
- **EDNY (Transferor Forum):** Personal jurisdiction over Defendant APA in New York is also secure under the identical *Denver* and *Great Lakes* standards, as APA maintains a permanent New York pilot Domicile at LaGuardia ("LGA") representing hundreds of New York-based members doing union business. Additionally, specific jurisdiction is established under N.Y. C.P.L.R. §§ 302(a)(1) and (a)(2) by the purposeful activities of New York-licensed attorney Sue Edwards and APA Legal Director James Clark (operating out of a New York office) to negotiate the collusive, secret January 15, 2025 settlement agreement (extinguishing Plaintiff's Grievances 12-012 and 23-031 for zero value without notice), which was supported by a $10,000.00 retainer former President Sicher paid to Edwards to represent Plaintiff individually.

### IV. The Pending Motion to Stay

On May 6, 2026, Plaintiff filed a Motion to Stay (ECF No. 31), which APA failed to timely oppose. This stays this action pending an Eleventh Circuit ruling on parallel sanctions for fraud upon the court involving Grievances 12-012 and 23-031, which directly relate to the underlying claims here. Notably, the parallel Florida trial has been postponed to October 5, 2026, and is poised for further deferral due to a profound pretrial deadlock. Granting an interim stay preserves judicial resources while these threshold jurisdictional transfer and Rule 11 issues are resolved.

### V. Leave to Amend and Re-Request of Venue Transfer as an Alternative Remedy

While 28 U.S.C. § 1404(a) does not require that all facts establishing personal jurisdiction in the transferee district be pleaded in the original complaint—as they are routinely established through extrinsic evidence and affidavits—Plaintiff is fully prepared to cure any perceived pleading defects. Rather than dismissing this action, Plaintiff respectfully requests leave of Court under Fed. R. Civ. P. 15(a) to file a First Amended Complaint—under the Second Circuit's highly favored liberal standard—and upon such filing, entry of an order transferring this streamlined action to the Southern District of Florida under § 1404(a) to be consolidated with the parallel pending litigation.

Respectfully submitted,

/s/ Lawrence Meadows
**Lawrence Meadows,** Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, hereby certify that on July 21, 2026, I filed the foregoing via

the Court's CM/ECF Pro Se Portal, which will cause a Notice of Electronic Filing (NEF) to be

sent to all registered counsel of record, and also served the same via email and U.S Mail.

/s/ Lawrence M. Meadows
Lawrence M. Meadows
Plaintiff, Pro Se

## Service List

**Joshua Shiffrin**
**John M. Pellettieri**
**Lloyd M. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpellettieri@bredhoff.com

*Counsel for Defendants Allied Pilots Association*

4

