**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

    Plaintiff,

                                          **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION,** *et al.*,

    Defendants.

_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY**
**OMNIBUS MOTION (ECF NO. 293) AND RESPONSE TO**
**PLAINTIFF'S NOTICE OF SUPPLEMENTAL FILING (ECF NO. 294)**

Defendant Allied Pilots Association ("APA") respectfully submits this combined opposition to Plaintiff's emergency omnibus motion (ECF No. 293) and response to Plaintiff's notice of supplemental filing (ECF No. 294). Plaintiff's emergency omnibus motion is frivolous and duplicative, and it should be denied. Plaintiff's notice of supplemental filing provides no information relevant to this case and merely rehashes Plaintiff's frivolous filings in a separate lawsuit. The Court can and should disregard that notice.

**BACKGROUND**

The Court held a calendar call on July 7, 2026. At the calendar call, the parties provided the Court with an update on the case and their respective views as to how the case should proceed.

APA stated that the July 2026 trial date should be continued pending the Court's resolution of APA's motion for summary judgment. Calendar Call Transcript ("CC Tr.") at 2. APA explained that Magistrate Judge Reid had recently issued a report and recommendation that recommended granting APA's motion for summary judgment in its entirety, and Plaintiff had filed objections to

1

that report and recommendation. *Id.* APA explained that, in its view, the summary-judgment motion should fully resolve the case and obviate the need for a trial. *Id.* at 2-3, 15.

APA further explained that in addition to Plaintiff's objections to the report and recommendation, also pending were two non-dispositive discovery motions by Plaintiff (alleging spoliation of evidence by APA) and ten objections by Plaintiff to various non-dispositive rulings by the magistrate judge. *Id.* at 5-6. APA explained that the ten objections to non-dispositive rulings were ripe for review by this Court, but the two spoliation motions remained pending before the magistrate judge. *Id.* at 6, 18. APA stated that Plaintiff's objections to the report and recommendation on summary judgment should be resolved simultaneously with the spoliation motions. *Id.* at 6. In her report and recommendation, Magistrate Judge Reid stated (ECF No. 269, at 11) that the spoliation motions were not an impediment to her recommendation on summary judgment, which APA understood to mean that decisions on the spoliation motions were likely forthcoming. *Id.* at 6-7. APA informed the Court that it would nonetheless seek clarification from Magistrate Judge Reid on the status of the spoliation motions. *Id.* at 7, 15-16, 18.[1]

Plaintiff agreed that the October 2026 trial date should be continued. *Id.* at 16. Plaintiff argued that his spoliation motions and objections to the magistrate judge's non-dispositive rulings were "foundational" and had to be resolved before APA's motion for summary judgment, and he requested a status conference and an evidentiary hearing on his objections. *Id.* at 5, 14, 15, 16, 19, 21.

Plaintiff also stated that he had filed a case against APA in the Eastern District of New York that raised claims based on events between 2022 and 2025, and he had asked the court in the

---

[1] APA has contacted Magistrate Judge Reid's chambers and been informed that she will rule on the spoliation motions by the week of August 10-14, 2026.

Eastern District of New York to transfer that case to the Southern District of Florida. *Id.* at 3-4, 8, 16-17. According to Plaintiff, a ruling on his transfer request was "imminent." *Id.* at 4, 17. The court in the Eastern District of New York subsequently denied Plaintiff's transfer request. *See* Order, *Meadows v. Am. Airlines*, No. 26-CV-00679 (E.D.N.Y. July 15, 2026).

After hearing from the parties, the Court decided to "continue this case so that these other matters can be resolved first." CC Tr. at 21. Concluding that the pending matters would likely not be resolved for a few months, the Court set the case for a calendar call on September 29, 2026, with trial to take place (if necessary) during the two-week period starting on October 5. *Id.* at 21-22. Both APA and Plaintiff agreed with the Court's approach. *Id.* at 22. The Court stated that it would "start taking a look at these issues" and thanked the parties for "bringing it to [the Court's] attention." *Id.*

**ARGUMENT**

## I.     Plaintiff's Emergency Omnibus Motion Should Be Denied

Plaintiff now claims (ECF No. 293, at 1, 14-15) that there is an "emergency" that requires (1) a stay of the October 2026 trial date and any corresponding deadlines, (2) an immediate status conference, (3) vacatur and withdrawal of the order referring pre-trial matters to Magistrate Judge Reid, (4) a revised scheduling order that gives Plaintiff another opportunity to submit pre-trial filings, and (5) an evidentiary hearing on his ten objections to non-dispositive rulings by the magistrate judge and the two pending spoliation motions. There is no emergency, and Plaintiff's requests are baseless and largely duplicative of requests made by Plaintiff at the calendar call and across multiple filings.[2] Plaintiff's motion should be denied.

---

[2] This is not the first time that Plaintiff has baselessly claimed an emergency, contravening the Court's local rules, which provide that a party filing an "emergency" motion must "set forth in detail the nature of the emergency" and include a written certification to that effect. S.D. Fla. Loc.

First, there is currently no reason to continue the October 2026 trial date. The Court was apprised of this case's current posture—and pending matters—at the calendar call on July 7. The circumstances remain exactly as they were when the parties appeared before the Court. Although both parties proposed that the Court continue the trial indefinitely until Plaintiff's objections to the Magistrate Judge's report and recommendation on summary judgment were resolved, *see* CC Tr. 15, the Court instead concluded that adjourning the trial date until October 2026 would provide sufficient time to resolve pending matters, *see id.* at 21. If that date approaches and matters remain unresolved, a motion to continue the trial date may be appropriate, but there is no reason to revisit the trial date at this time, just a few weeks after the Court set that date.[3]

Second, Plaintiff provides no justification for a status conference, let alone an "immediate" (ECF No. 293, at 1) status conference. At the calendar call, the Court heard from Plaintiff at length regarding the matters at issue in this case, including Plaintiff's multiple requests for a separate status conference. *See* CC Tr. 5, 14, 16 (requesting status conference). The calendar call was therefore the functional equivalent of a status conference. Plaintiff does not identify anything that has happened since then that supports a new request for a status conference.

---

R. 7.1(d)(1); *see* ECF No. 111 (*sua sponte* order from the Court determining that upon review of Plaintiff's "emergency motion to disqualify counsel," "there is no emergency"). Plaintiff persists in characterizing motions as "emergencies" despite Local Rule 7.1's admonition that "[t]he unwarranted designation of a motion as an emergency motion may result in sanctions." S.D. Fla. Loc. R. 7.1(d)(1); *see* ECF Nos. 205, 213, 263, 280, 293 (motions that Plaintiff has labeled "emergencies").

[3] Plaintiff also requests (ECF No. 293, at 1, 14) a stay of "all corresponding pretrial deadlines." There are no pending pretrial deadlines. The Court's prior scheduling order (ECF No. 247) contained a deadline for pretrial filings on May 29, 2026. APA complied with that deadline and filed the materials as required. *See* ECF Nos. 271-76. Plaintiff disregarded those deadlines and filed nothing. *See generally* ECF No. 271-1 (declaration setting forth Plaintiff's refusal to confer regarding pretrial filings).

Third, there is no basis to withdraw or vacate the Court's order referring pretrial matters to Magistrate Judge Reid.[4] Only two motions remain pending before Magistrate Judge Reid, *i.e.*, Plaintiff's two discovery motions alleging spoliation of evidence. Although Magistrate Judge Reid has not yet ruled on those motions, she has indicated that she has reviewed them and concluded that they would not affect her recommendation to grant summary judgment. *See* ECF No. 269, at 11. Plaintiff provides no reason for the Court to pull those two motions from the magistrate judge while they are currently under consideration and rulings on the motions are imminent. *See supra* n.1. Plaintiff apparently believes—incorrectly—that the withdrawal or vacatur of the referral order would vacate the orders already entered by Magistrate Judge Reid and permit this Court to consider them anew. Although the Court can withdraw its referral of future rulings, withdrawal of the Court's referral order (ECF No. 175) would not vacate the orders the magistrate judge has already entered. Those orders are now subject to review under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636.[5]

Fourth, Plaintiff requests that the Court enter a revised scheduling order that gives Plaintiff another opportunity to submit pre-trial filings. APA submitted pretrial filings on May 29 as required by the Court's scheduling order, while Plaintiff filed nothing. *See supra* n.3. APA believes that this case will likely be resolved on summary judgment for the reasons identified by Magistrate Judge Reid in her report and recommendation, and thus no trial will be necessary. In the event the Court disagrees and this case goes to trial, the Court can address Plaintiff's request for another

---

[4] That order refers "[a]ll non-dispositive matters . . . for disposition," "[a]ll dispositive matters . . . for a report and recommendation," and "[a]ll pretrial discovery matters." ECF No. 175.

[5] Plaintiff cites Federal Rule of Civil Procedure 73(b)(3) as authority to vacate or withdraw the order referring pre-trial matters to Magistrate Judge Reid. That rule does not apply to referrals under Federal Rule of Civil Procedure 72, such as the referral at issue here (ECF No. 175). Rather, that rule applies to referrals to a magistrate judge to conduct civil proceedings under Rule 73 upon the consent of the parties. No such referral under Rule 73 has been entered in this case.

opportunity to submit pretrial filings at that time. APA believes there should be consequences for Plaintiff's intentional refusal to submit pretrial filings on May 29, but the Court need not address that issue unless the Court determines that summary judgment is not warranted.

Finally, Plaintiff's request for an evidentiary hearing is misplaced. There is nothing pending before the Court for which an evidentiary hearing is warranted or even permissible. Before the Court are ten objections to the magistrate judge's rulings on non-dispositive matters and Plaintiff's objections to the magistrate judge's report and recommendation on summary judgment.[6] The non-dispositive rulings are subject to deferential review and can be reversed only if they are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). An evidentiary hearing is neither needed nor appropriate to conduct that deferential review. Nor is an evidentiary hearing appropriate to rule on a motion for summary judgment.

## II.     The Court Should Disregard Plaintiff's Notice of Supplemental Filing

Plaintiff has filed a notice (ECF No. 294) attaching a frivolous motion for sanctions under Federal Rule of Civil Procedure 11 that Plaintiff has filed in a separate case against APA in the Eastern District of New York, *Meadows v. Am. Airlines*, No. 26-CV-00679 (E.D.N.Y.). Plaintiff's Rule 11 motion is another instance of his well-worn strategy of impugning the integrity of lawyers (and even judges) in legal proceedings in which he is unsuccessful.[7] The Court can and should

---

[6] Magistrate Judge Reid considered and denied Plaintiff's requests for an evidentiary hearing in ruling on several of his discovery motions, finding such a hearing was not necessary for resolution of those motions. *See* ECF No. 252, at 5-6.

[7] *See, e.g.*, ECF No. 285, at 17, 20 (accusing the magistrate judge of "willful blindness," "judicial hostility," "animus," and a "retaliatory act"); ECF No. 24, at 2, 8 (accusing the district judge of favoritism and bias); Pl.'s Mot. for Relief, *Meadows v. APA*, No. 14-CV-00115 (D. Utah Aug. 31, 2016), ECF No. 60, at 3, 7-12 (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgment against Meadows"); Pl.'s Mot. for Rule 60(b) Relief, *Meadows v. Am. Airlines, Inc.*, No. 10-CV-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89, at 2, 20 (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); Am. Mot.

disregard Plaintiff's Rule 11 filings in the Eastern District of New York. The only relevant development in that case is the court's rejection of Plaintiff's request to transfer that case to the Southern District of Florida. *See* Order, *Meadows v. Am. Airlines*, No. 26-CV-00679 (E.D.N.Y. July 15, 2026).

## CONCLUSION

For the foregoing reasons, Plaintiff's emergency omnibus motion (ECF No. 293) should be denied.

Dated: August 6, 2026

Respectfully submitted,

*/s/ Shea Kleinman*
Shea Kleinman, Esq.
Florida Bar No.1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: ddymowski@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com

---

to Intervene, *EEOC v. Am. Airlines, Inc.*, No. 17-CV-04059 (D. Ariz. Apr. 2, 2018), ECF No. 12, at 13, 25, 27 (in seeking intervention, claiming that the "[p]arties have engaged in an egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this Court" and a "conflict of interest").

7

Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*