**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

LAWRENCE MEADOWS,
    Plaintiff,

    v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

FILED BY _____ D.C.

AUG 1 0 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU**

_____/

## PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY OMNIBUS MOTION

### PRELIMINARY STATEMENT

This motion arises in the context of a highly restricted and truncated discovery record. The operative protective order (ECF No. 138), limited discovery beyond 2021 based on APA's position that Plaintiff's grievance rights had been extinguished and on the Magistrate Judge's conclusion that Plaintiff had presented "nothing other than his conjecture that the breach is ongoing." Plaintiff timely filed his Objection to that order, specifically arguing that the alleged continuing violations and the January 15, 2025 secret settlement agreement concerning Grievance 12-012—the basis of First Mended Complaints Counts III-V (ECF No. 35)—required discovery beyond the imposed cutoff (ECF No. 149 at 4, 9-11). Plaintiff later submitted the settlement agreement through the original declaration of former APA President Captain Ed Sicher, who attested that APA had "falsely claimed" that Plaintiff's grievance rights had been "closed in 2013." (ECF No. 180, Ex. 3, ¶ 30 & Ex. K). The January 2025 secret settlement agreement therefore bears directly on the timing and disposition of Plaintiff's grievance rights and on the factual basis for the discovery restriction.

1

The limited discovery that proceeded was further complicated by evidence of the three declarations (dated January 28, 29 and May 29, 2026) of former APA President Captain Ed Sicher, which Plaintiff submitted and attests to the destruction or loss of relevant electronically stored information and documents. (ECF No. 180, Ex. 3, Sicher Decl. ¶ 7; ECF No. 187, Ex. 2, Sicher Supp. Decl. ¶¶ 2–4; ECF No. 285, Ex. 1, Sicher Second Supp. Decl. ¶¶ 4–5). Against that background—and while two fully briefed spoliation motions (ECF Nos. 187, 223) remained unresolved—the Magistrate Judge permitted summary-judgment proceedings to proceed and issued a Report and Recommendation recommending denial of Plaintiff's Rule 56(d) request and entry of summary judgment for APA (ECF No, 269). Plaintiff's Emergency Omnibus Motion (ECF No. 293) must be evaluated in that procedural context: Plaintiff did not intentionally refuse pretrial preparation; instead he diligently sought judicial direction—through his motion to adjourn trial and two motions for protective order to stay trial preparation (ECF Nos. 257, 263, 280)—while the record, the scope of discovery, and the matters affecting trial preparation remained unresolved.

## INTRODUCTION

APA's opposition rests on a factual premise the docket does not support: Plaintiff did not intentionally refuse pretrial preparation. Plaintiff filed an unopposed motion to adjourn trial, then an emergency motion to stay or protect against premature preparation, and repeatedly sought judicial direction while dispositive, spoliation, discovery, and foundational matters remained unresolved. APA's own filings acknowledged that early submissions could be "rendered obsolete," and its counsel later described the process as "absurd."

The requested relief is case management, not delay. Plaintiff asks the Court to correct the record, deny default and fee relief, establish a workable schedule after the pending foundational

matters are resolved, and exercise direct or appropriately limited supervision over any future evidentiary proceedings.

## I. PROCEDURAL HISTORY SHOWS SUBSTANTIAL JUSTIFICATION

### A. The operative schedule was overtaken by unresolved proceedings.

On January 16, 2026, ECF No. 177 referred pretrial and dispositive matters to the Magistrate Judge. On April 8, 2026, ECF No. 247 later reset the pretrial schedule and trial date, including May 29, 2026 deadlines for exhibits, motions in limine, and pretrial stipulations with a trial date of June 15, 2026. That schedule did not eliminate the Court's obligation to address timely motions affecting whether trial preparation was meaningful or possible.

### B. Plaintiff sought relief before the deadline.

On April 24, 2026, Plaintiff filed his Unopposed Motion to Adjourn Trial (ECF No. 257). On May 4, 2026—after indicating during the meet-and-confer that it would not oppose—APA subsequently opposed that motion on pretextual grounds, while acknowledging that proceeding with pretrial preparation before resolution of summary judgment could "render the submissions obsolete" and that an adjournment would "facilitate efficient resolution of this case." (ECF No. 261 at 1-2). On May 5, 2026, Plaintiff filed his Reply (ECF No. 262). On May 12, before the May 29, 2026 pre-trial submission deadline, Plaintiff filed his Emergency Motion For Protective Order to Stay Trial Preparation (ECF No. 263). Both those requests remained unresolved as the deadline approached.

On May 29, 2026, this Court entered an Order rescheduling the trial date from June 15 to July 13, 2026 (ECF No. 279). Immediately thereafter the Plaintiff continued seeking judicial guidance, by filing his Renewed Emergency Motion for Protective Order (ECF No. 280), to stay trial Preparation for the newly rescheduled July 13, 206 trial date.

The renewed protective-order motion, opposition and cross-motion to strike, and consolidated reply (ECF NO. Nos. 280–286) explain the procedural posture and the basis for deferring extensive preparation. This is not a record of silent noncompliance. It is a record of a self-represented litigant diligently endeavoring to comply with Federal Rules of Civil Procedure 1 and 26(c)—seeking to preserve judicial and party resources—formally asking this honorable Court to resolve threshold issues before incurring substantial, potentially wasted work.

**C. APA's own statements undermine its present characterization.**

APA cannot fairly characterize Plaintiff's conduct as an intentional refusal to file pre-trial submissions while relying on its own contemporaneous docketed arguments made on May 4, 2026 that proceeding with trial preparation before a summary judgment ruling would **"render those submissions obsolete"** and that an **"adjournment was necessary to facilitate the efficient resolution of this case."** (ECF No. 261 at 2-3). Additionally, APA's counsel during a May 29, 2026 meet-and-confer stated, **"it's absurd we have to go through any pre-trial process at this point..."** (ECF No. 286, Ex. 1, ¶¶ 4, 6). Furthermore, APA's counsel in two separate emails on May 7, 2026, and May 14, 2026 proposed a pretrial exchange schedule that required APA to provide Plaintiff with draft jury instructions on May 20, 2026, as the first step in the process—but APA never provided these instructions and initiated no exchanges— and subsequently stated during the May 29 meet-and-confer, **"we certainly had no obligation to send you our [pre-trial] materials when you were unwilling to send us anything."** (*Id.* ¶¶ 5, 7). Thereafter, on the eve of the pretrial submission deadline of May 29, 2026, APA unilaterally filed on the docket its pre-trial submissions all at once, without previously serving them upon Plaintiff.

Those statements materially support Plaintiff's substantial-justification argument and defeat the claim of deliberate obstruction.

**II. APA'S DEFAULT AND FEE REQUESTS ARE DISPROPORTIONATE**

4

The requested preclusion of Plaintiff's witnesses, exhibits, or other pretrial materials would be disproportionate to the alleged scheduling deficiency. Plaintiff sought relief before the deadline, explained the unresolved matters, and remained available for a revised schedule. At most, the record presents a curable case-management problem. The appropriate remedy is a new or conditional pretrial schedule, not merits-preclusive default.

APA's fee request should likewise be denied. Plaintiff's conduct was substantially justified by the pending motion for summary judgment Report and Recommendation ("R&R"), the two unresolved fully-briefed spoliation motions, the ten outstanding foundational objections—affecting the fitness of counsel integrity of record evidence, and scope of the case—and the absence of a ruling on two unresolved emergency motions for protective order directed at staying trial preparation. Rule 1 favors a just, speedy, and inexpensive determination, and Rule 26(c) authorizes protection from undue burden or expense. Requiring both parties to redo pretrial submissions after the foundational issues are resolved is more efficient than imposing sanctions based on a disputed and unsettled record.

## III. UNRESOLVED FOUNDATIONAL MATTERS WARRANT DIRECT OR LIMITED SUPERVISION

### A. Unresolved Spoliation and Sicher-Declaration Issues

On January 16, 2026, the Magistrate Judge was delegated pretrial matters, including the spoliation motions, under ECF No. 177. Plaintiff respectfully submits that permitting summary-judgment briefing to proceed—and, more significantly, issuing the May 25, 2026 Report and Recommendation before resolving those fully briefed motions—created a substantial sequencing concern. The R&R proceeded on APA's factual presentation while motions concerning the integrity and preservation of the underlying record, as well as a motion addressing the arbitrary curtailment of Plaintiff's discovery pursuant to protective order founded on false representations, remained unresolved.

The R&R also did not address the original and supplemental declarations of former APA President Captain Ed Sicher, dated January 28 and 29, 2026, which Plaintiff submitted in support of his opposition to summary judgment and motion for relief under Rule 56(d), including the supporting declaration and exhibits. See ECF Nos. 249–251-1. Whether the Court ultimately agrees with Plaintiff on the merits, those materials directly concern the factual foundation of the summary-judgment proceedings. Magistrate Reid should have either considered these facts or allowed for additional time to address Defendant's summary judgment motion in wake of her denial of a rationally-based 56(d) motion.

These issues are not merely collateral scheduling disputes. They concern whether dispositive proceedings and pretrial preparation were permitted to proceed before foundational evidentiary matters—including the pending spoliation issues and materially disputed factual submissions—were resolved.

## B. APA's "Well-Worn Path" Characterization Does Not Address the Record-Based Issues

APA's attempt to characterize these proceedings as part of a "well-worn" or vexatious practice of impugning counsel or judges does not address the merits of Plaintiff's Emergency Omnibus Motion. APA does not identify any recognized procedural doctrine—such as waiver, laches, collateral estoppel, res judicata, or law of the case—that bars Plaintiff from seeking relief based on the present record. Instead, APA substitutes a generalized characterization for a response to the specific procedural issues presented.

The docket establishes that ECF No. 177 referred pretrial matters, including the two fully briefed spoliation motions, to the Magistrate Judge. Yet the Magistrate Judge issued the May 25, 2026 R&R without first ruling on those motions and without addressing the two declarations (dated January 28 and 29, 2026) of former APA President Captain Ed Sicher (ECF Nos. 180, Ex. 3; 187, Ex. 2; and also 251-1, Exs. D and F) submitted in support of Plaintiff's Rule 56(d) motion and

declaration. Plaintiff's request therefore is neither collateral nor vexatious. It seeks judicial review of whether the sequencing and handling of the summary-judgment and pretrial proceedings were appropriate in light of unresolved foundational matters.

APA's description of the related Rule 11 proceeding likewise does not eliminate the underlying factual issue. The New York motion concerns APA's categorical representation regarding Florida witnesses and evidence—an issue Plaintiff contends is contradicted by APA's own Florida trial-witness list and parties' initial disclosures. This motion concerns the Florida docket, the handling of referred spoliation matters, and the consequences of proceeding with summary judgment and pretrial preparation before those matters were resolved. The issues are related only because APA placed the New York proceeding before this Court; they are not interchangeable.

APA's description of the New York proceedings is also incomplete. The Eastern District's transfer ruling addressed the pleading as then presented, including the alleged omission of facts supporting personal jurisdiction over the proposed transferee forum—the FLSD. Plaintiff's request for reconsideration and request for leave to amend or supplement the pleading to provide those facts remain pending. The transfer issue therefore has not been finally resolved, and APA's characterization of the Rule 11 motion should not be treated as an adjudicated finding that Plaintiff's position was frivolous or vexatious, as that matter is not yet fully briefed or decided.

This Court need not decide the transfer issue or the merits of the Rule 11 motion to resolve the present application. Plaintiff refers to those proceedings only because APA placed them before the Court and used them to characterize Plaintiff's conduct. Those characterizations do not answer the independent, docket-based issues presented by this Emergency Omnibus Motion.

**C. Authority for Prospective Direct or Limited Supervision**

The referral was not consent-based. Plaintiff's primary authority is 28 U.S.C. § 636, including the District Judge's inherent authority to manage the scope of a referral and to determine whether matters should remain before the Magistrate Judge. Plaintiff therefore respectfully submits that the unresolved sequencing of the proceedings, the two pending spoliation motions, and the ten foundational objections concerning counsel, the evidentiary record, and the scope of the case establish good cause for prospective direct supervision. Alternatively, and without conceding that Federal Rule of Civil Procedure 73(b)(3) governs this nonconsensual referral, Plaintiff submits that the same circumstances satisfy even that Rule's more demanding "extraordinary circumstances" standard. Plaintiff accordingly requests that any future evidentiary hearing or foundational proceeding concerning counsel fitness, record integrity, or case scope be conducted by the District Judge or pursuant to an expressly limited referral.

Plaintiff does not ask the Court to prejudge the pending objections or determine the ultimate merits of the spoliation motions through this application. Rather, Plaintiff respectfully requests that, after the Magistrate Judge addresses matters presently before her, any future evidentiary hearing or foundational proceeding concerning counsel fitness, record integrity, or the scope of the case be conducted by the District Judge or pursuant to a narrowly defined referral with clear limits.

That prospective relief would preserve the Court's control over matters that extend beyond routine discovery or scheduling and would ensure that any further proceedings involving the integrity of the evidentiary record, the pending foundational objections, or the consequences of the summary-judgment process receive direct supervision by the presiding judge.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that this honorable Court:

1. **Deny APA's request for default**, preclusion, or any other merits-dispositive sanction.

8

**2. Deny APA's request for attorney's fees and costs**.

**3. Stay and reset the trial and related deadlines** until the pending foundational matters are fully resolved.

**4. Set an immediate status conference** and establish a unified schedule for revised pretrial submissions.

**5. Permit both parties to serve updated or supplemental pretrial materials** after the Court determines which claims, defenses, witnesses, and exhibits remain at issue.

**6. Withdraw or limit the referral prospectively** under 28 U.S.C. § 636, and direct that any future evidentiary hearing or foundational proceeding concerning counsel fitness, record integrity, or case scope be heard by the District Judge or assigned under an express, limited referral.

**7. Grant such other case-management relief** as the Court deems just and proper.


Dated: August 7, 2026

Respectfully submitted,


Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

9

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Plaintiff, hereby certify that on August 7th, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, Email, and U.S. Mail on counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

10

**August 7, 2026**

Wilkie D. Ferguson U.S. Court House
Attn: Clerk's of Court,  Room 8N09
400 North Miami Ave.
Miami, FL 33128
305-523-5100
Miami, Florida

**Re: *Lawrence Meadows v. Allied Pilots Association, et al.*; Case No. 17-cv-22589-EA**
**Plaintiff's Reply in Support of Emergency Omnibus Motion**

Dear Clerk:

Enclosed for filing is Plaintiff's Reply in Support of Emergency Omnibus Motion in the above referenced case.

This filing is time-sensitive. Plaintiff respectfully requests that the Clerk's Office file and docket the reply as soon as practicable upon receipt. The documents are being transmitted by FedEx today and are expected to arrive at the courthouse on Monday morning.

Thank you for your assistance.


Respectfully,

Lawrence M. Meadows
Plaintiff, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
516-982-7718
lawrencemeadows@yahoo.com





