UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-22589-EA

LAWRENCE MEADOWS,

    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, *et al.*,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

**THIS CAUSE** came before the Court upon Plaintiff Lawrence Meadows' ("Plaintiff") Motions for Sanctions for Spoliation of Evidence. [ECF Nos. 187, 223]. He seeks as sanctions a default judgment or an instruction to the jury that it should draw adverse inferences against APA. The Motions were referred to the Undersigned for a disposition by The Honorable Ed Artau. *See* [ECF No. 175]. Upon review of the filings and applicable case law, Plaintiff's Motions [ECF Nos. 187, 223] are **DENIED**.

## I.    BACKGROUND

The background of this case has been discussed extensively in previous orders. *See* [ECF Nos. 138, 252, 253, 269]. Plaintiff filed a Motion for Sanctions for Spoliation of Evidence ("First Motion for Sanctions") seeking sanctions against Defendant Allied Pilots Association ("APA") for allegedly "wiping clean" past APA President Ed Sicher's ("Mr. Sicher") APA-issued laptop and not sending him any documents pursuant to his litigation hold letter. [ECF No. 187]. Further, Plaintiff alleges that APA's counsel made misrepresentations concerning discovery and that APA has engaged in a "pattern of bad faith discovery tactics." [*Id.* at 2–3, 4].

In response, APA notes that Plaintiff notified APA in 2013 that he would likely file a lawsuit against APA, filed the initial complaint in this case in 2017, and filed an amended complaint in 2018. [ECF No. 207 at 2]. Further, post-amended complaint discovery in this case is limited by court order to the years 2018 to 2021. [*Id*. at 3]. Mr. Sicher was APA's president from 2022–2024 and was not provided with a laptop for his use as president of APA until June 2024; thus, the information contained in the laptop is not relevant to the 2018 Amended Complaint. [*Id*. at 4, 7]. Similarly, APA explains that "it was reasonable [] not to include Mr. Sicher as a recipient of a hold memo for litigation about events that long pre-dated [his] presidency." [*Id*. at 8]. In addition, APA contends that the information in the laptop has been retained for 50 years, by APA custom, and was not destroyed. [*Id*. at 7]. Regarding the alleged misrepresentations of counsel, APA contends that Plaintiff seeks production of documents from 2022–2025, which is outside the temporal scope established by the protective order, [ECF No. 138]—thus, counsel's assertion that "APA did not possess text messages from the relevant period" does not constitute a falsehood. [*Id*. at 8–9]. Lastly, APA reiterates that its document production complied with the Federal Rules of Civil Procedure. [*Id*. at 10].

Approximately a month later, Plaintiff filed his second Motion for Sanctions for Spoliation of Evidence ("Second Motion for Sanctions"). [ECF No. 223]. In this Motion, Plaintiff seeks sanctions against APA for allegedly failing to issue former APA President Daniel Carey ("Mr. Carey") a litigation hold letter. [*Id*.]. APA contends that (1) "Plaintiff has not shown that Dan Carey's texts and emails were 'lost' and 'cannot be restored or replaced[;]'" and (2) Plaintiff has not demonstrated that APA has acted in bad faith. [ECF No. 233 (quoting Fed. R. Civ. P. 37(e)]. In reply, Plaintiff renews his arguments. [ECF No. 235].

## II.    LEGAL STANDARD

"The term 'spoliation' is defined as 'the intentional destruction, mutilation, alteration, or concealment of evidence.'" *Jetport, Inc. v. Landmark Aviation Miami, LLC*, No. 1:16-CV-23303-UU, 2017 WL 7732869, at *2 (S.D. Fla. July 24, 2017) (quoting *Walter v. Carnival Corp.*, No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010)). Specifically, the preservation of Electronically Stored Information ("ESI") is governed by Federal Rule of Civil Procedure 37(e). *See Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 3779194, at *18 (S.D. Fla. Aug. 12, 2019) ("[I]t would be inappropriate to analyze the spoliation sanctions motion concerning [ESI] using the common law inherent power authority . . . [i]nstead, Rule 37(e) controls."). Rule 37(e) provides:

> (e)    FAILURE    TO    PRESERVE    ELECTRONICALLY    STORED INFORMATION:
>
> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1)    upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2)    only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

The Eleventh Circuit recently analyzed the issue of spoliation of ESI under Rule 37(e) and explained that the rule "creates a two-tiered sanctions regime—with lesser sanctions under Rule

3

37(e)(1) and more severe sanctions under Rule 37(e)(2). *Skanska USA Civil Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023). Both parts of the rule share two preconditions: (1) "electronically stored information that should have been preserved in the anticipation or conduct of litigation" was "lost because a party failed to take reasonable steps to preserve it" and (2) that information "cannot be restored or replaced through additional discovery." *Id.* Rule 37(e)(1) sanctions apply only where lost electronic evidence causes "prejudice to another party," which then justifies sanctions "no greater than necessary to cure the prejudice." *Id.* Rule 37(e)(2) sanctions, on the other hand, considers the party's intent. *Id.* On a finding of bad faith, the court is justified in imposing more severe sanctions: adverse jury instructions, and even dismissal or default judgment. Fed. R. Civ. P. 37(e)(2).

### III.    DISCUSSION

#### a.   Plaintiff's First Motion for Sanctions is Denied

The Court finds Plaintiff has failed to carry his burden to show that APA spoliated evidence, engaged in any other form of discovery abuse, or in bad-faith destruction of evidence. The Court will address each of Plaintiff's arguments in turn.

First, the Court finds Plaintiff's allegations regarding the "wiping" of Mr. Sicher's computer does not constitute spoliation. Plaintiff states that when Mr. Sicher's presidency ended, "he brought his APA-issued laptop to APA headquarters to be serviced and the hard drive was effectively wiped clean, rendering all stored data . . . permanently inaccessible to [Mr. Sicher]." [ECF No. 187 ¶ 9 (quotations omitted)]. However, as APA explains, when Mr. Sicher decided to retain the APA-issued laptop for personal use APA technicians "securely wiped the laptop, removed partitions, reformatted the drive, and returned the laptop to Mr. Sicher." [ECF Nos. 207 at 5, 207-3 ¶ 5]. Importantly, per APA's retention practice, the information previously deleted

4

from the laptop does not delete it from APA's servers and "those APA emails or documents that were on the laptop, would have been retained virtually by APA and accessible for a period of 50 years." [ECF Nos 207 at 5, 207-2, 207-3 ¶ 6]. Here, there was no spoliation of evidence because the information in Mr. Sicher's APA-issued laptop is still retained in APA's servers, thus, the evidence is not lost or destroyed. *See Pappalardo v. Walgreen Co.*, No. 618CV1256ORL40DCI, 2019 WL 13488507, at *4 (M.D. Fla. Apr. 4, 2019) (noting that in order to impose sanctions for spoliation of ESI four conditions need to be met: "(1) the ESI should have been preserved in anticipation or conduct of the litigation; (2) the ESI is lost or destroyed; (3) the loss of the ESI is due to the party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced." If any of the conditions is not met, "then a motion for spoliation sanctions or curative measures must be denied.") (citation and internal quotations omitted).

Second, the Court finds APA's failure to include Mr. Sicher on the litigation hold letters reasonable and not in bad faith. Mr. Sicher was the president of APA from 2022–2024. Plaintiff's 2018 amended complaint relates to conduct that occurred between 2011–2028. *See* [ECF No. 35]. However, after the case was stayed for several years, the Court extended the relevant time period for discovery to also include conduct that occurred between 2018–2021. [ECF No. 138 at 11–14]. Mr. Sicher's presidency occurred after the relevant time-period. Even more, bad faith cannot be established because APA has taken appropriate, reasonable steps to preserve electronic information relevant to Plaintiff's lawsuit as evidenced by the litigation hold memos. *See* [ECF No. 207-1].

Similarly, the Court finds that the alleged false statements by APA's counsel does not constitute bad faith. In response to Plaintiff's request for documents, counsel for APA stated that "APA does not possess any text messages or Telegram messages that were responsive to document

requests in this matter *during the relevant time period*." [ECF No. 187 at 18 (emphasis added)]. Plaintiff complains the statement was false because there were text messages to be produced. *See* [*id.* at 2–3]. However, to support his claims of falsehood, Plaintiff points the Court to text messages from 2022–2025—the time period precluded by this Court's protective order. *See* [*id.* at 22–24, 26]. The sole text message from 2021 between Plaintiff and Pat Clark, [*id.* at 25], appears to be coordinating a phone call and it is not clear from its face whether it has any connection to Plaintiff's litigation. APA notes that there are no allegations in the Amended Complaint regarding Mr. Clark, he was not listed on any party's initial disclosures, and APA was not aware of any connection of Mr. Clark to Plaintiff's claims. [ECF No. 207 at 9].

Lastly, the Court finds that APA's document production complies with the Federal Rules of Civil Procedure and that the documents produced before the deposition of Mark Myers did not constitute an ambush. *See* [ECF No. 204 at 5 (finding Plaintiff was not entitled to a third deposition of Mark Myers on the basis of the "late" production)].  Likewise, any claim that APA failed to produce documents regarding attorney Sue Edwards and Plaintiff's litigation with American Airlines in 2024, *see* [ECF No. 187 at 4], is without merit as it is beyond the temporal scope of this case.

In sum, Plaintiff has failed to carry his burden to show that APA spoliated evidence or acted in bad faith—destroyed evidence for the purpose of hiding adverse evidence. Therefore, Plaintiff's First Motion for Sanctions is denied.

### b.   Plaintiff's Second Motion for Sanctions is Denied

In his Second Motion for Sanctions, Plaintiff seeks an adverse-inference instruction because APA's former president, Mr. Carey, destroyed texts messages and emails between him and Plaintiff, and APA did not issue him a litigation hold letter. [ECF No. 223]. Again, Plaintiff

6

has not shown that the ESI has been lost or destroyed. Indeed, Plaintiff alleges that the communications that Mr. Carey deleted were *with Plaintiff*. Presumably, Plaintiff has those communications; thus, the ESI is not lost or destroyed, and sanctions are not warranted under Rule 37(e). However, even assuming *arguendo* that APA failed to take reasonable steps to preserve ESI and that relevant communications were lost and unrecoverable from other sources as a result, the Undersigned finds there is no demonstration of either prejudice or intent to deprive to warrant sanctions under either Rule 37(e)(1) or (e)(2). Indeed, Plaintiff was a party to those communications and therefore would have them anyway. Thus, Plaintiff's Second Motion for Sanctions seeking an adverse inference instruction is denied.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Sanctions for Spoliation of Evidence [ECF Nos. 187, 223] are **DENIED**.

**SIGNED**, this 13th day of August 2026.

_____
LISETTE M. REID
UNITED STATES MAGSISTRATE JUDGE

cc: Plaintiff; All counsel of Record