**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**
Plaintiff,

**v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
______________________________/

FILED BY ___ D.C.
AUG 17 2026

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE OVERLENGTH 30-PAGE OBJECTION UNDER RULE 72(a) TO ECF NO. 302

Plaintiff Lawrence Meadows respectfully moves for leave to file an objection under Federal Rule of Civil Procedure 72(a), not exceeding thirty (30) pages, to the August 13, 2026 order denying Plaintiff's two motions for sanctions based on spoliation (ECF No. 302). This motion is unopposed. APA consents to the requested 30-page limit on the reciprocal condition that Plaintiff will not oppose APA's request to file a response not exceeding thirty (30) pages. Plaintiff agrees to that reciprocal request. Good cause supports the limited enlargement requested.

## I. THE REQUEST IS NARROW AND NECESSARY.

ECF No. 302 resolves two separate motions: Plaintiff's motion concerning former APA Miami Domicile Representative, Board of Director ("BOD") Officer, Committeemen, and President Captain Ed Sicher's (serving from 2014-October 2024), laptop, personal-device communications, and preservation history; and Plaintiff's motion concerning former APA President Dan Carey's (serving from 2016-2019) communications. The Rule 72(a) objection must address the distinct factual and legal bases for both rulings, without duplicating arguments or seeking unrelated relief.

The objection also must address a limited set of record-integrity issues that bear directly on ECF No. 302: APA's retrospective March 31, 2025 preservation memorandum; APA counsel Josh Shiffrin's January 14, 2026 representation concerning searches of APA's "current custodians"; the later-developed evidence concerning five milk crates of contemporaneous legal-pad notes; Plaintiff's request in ECF No. 293 for an evidentiary hearing; and the relationship between the preservation ruling, the pending discovery-scope objections, Rule 56(d), and the R&R.

A 30-page limit will allow Plaintiff to present these discrete matters with record citations and a coherent procedural history. It will not authorize a broader attack on every prior ruling, nor will it delay the Rule 72(a) proceeding. The requested enlargement is ten pages beyond the ordinary limit and is proportionate to the fact that one order disposes of two separate spoliation motions and intersects with a pending omnibus request for preservation-related fact-finding.

**II. THE REQUEST WILL PROMOTE, NOT IMPEDE, EFFICIENT REVIEW.**

A shorter filing would force Plaintiff either to omit material facts necessary to explain the distinct Sicher and Carey issues or to present the record in a compressed manner that is less useful to the Court. The requested pages will be used for focused factual context, Rule 37(e) analysis, Rule 72(a) review, and the specific request for a limited evidentiary hearing and targeted preservation discovery.

The request is particularly reasonable because the pending objection concerns whether the Court may treat the summary-judgment record as complete while preservation, discovery-scope, and restoration questions remain unresolved. A complete but disciplined presentation now is more efficient than piecemeal briefing or subsequent clarification motions.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant leave for Plaintiff to file a Rule 72(a) objection to ECF No. 302 not exceeding thirty (30) pages and, consistent with

the parties' agreement, permit APA to file a response not exceeding thirty (30) pages. The requested limits should be exclusive of the caption, signature block, certificate of service, and any other materials excluded by the applicable rules.

**LOCAL RULE 7.1(a)(3) MEET-AND-CONFER CERTIFICATION**

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and the Court's applicable conferral requirements, Plaintiff and APA conferred by email on August 17, 2026, and then conferred telephonically at 2:00 p.m. on August 17, 2026. APA does not oppose Plaintiff's request to file a 30-page Rule 72(a) objection to ECF No. 302, provided that Plaintiff does not oppose APA's reciprocal request to file a response not exceeding 30 pages. Plaintiff agrees. Accordingly, this motion is unopposed.

Dated: August 17, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Plaintiff, hereby certify that on August 17, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, Email, and U.S. Mail on counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*