**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

Plaintiff, **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

Defendants.
_________________________________________/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (ECF NO. 307)**

Defendant Allied Pilots Association ("APA") respectfully submits this opposition to Plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 307). Plaintiff seeks reconsideration to reassert arguments that he already raised on multiple occasions in prior filings and that have repeatedly been rejected, namely that he was foreclosed from obtaining evidence that he needed to oppose summary judgment. Plaintiff cannot use a Rule 59(e) motion to relitigate these issues, and regardless, Plaintiff has never—either in his prior filings or in the present motion—identified any evidence that he was unable to obtain that would controvert any of the material facts that warrant summary judgment in APA's favor. Plaintiff's motion should be denied.

## LEGAL STANDARD

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *accord EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349 (11th Cir. 2016). "'[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised

prior to the entry of judgment.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Reconsideration under Rule 59(e) is "an extraordinary remedy to be employed sparingly." *White v. Carnival Corp.*, No. 25-CV-20925, 2025 WL 2644701, at *1 (S.D. Fla. Sept. 15, 2025).

**BACKGROUND**

APA filed a motion for summary judgment (ECF No. 237) identifying multiple reasons why the undisputable facts required judgment as a matter of law in APA's favor on all counts in the amended complaint. In response (ECF No. 250), Plaintiff did not dispute any of the material facts identified in APA's motion for summary judgment or challenge the application of law to those facts as set forth in the motion; instead, citing discovery motions Plaintiff had previously filed seeking access to additional discovery (including two spoliation motions), Plaintiff argued (ECF No. 250, at 9-20) that the Court should defer or deny summary judgment under Federal Rule of Civil Procedure 56(d) because Plaintiff had been unable to obtain discovery that he purportedly needed to oppose summary judgment. Among other things, Plaintiff argued (ECF No. 250, at 12-16) that he had been unable to obtain evidence from former APA president Ed Sicher. Although Plaintiff had submitted two declarations from Sicher (ECF No. 251-1 at 56-68, 73-85), he asserted that he nonetheless also needed to depose Sicher because Sicher's "live testimony is essential to prove the allegations in all eight counts of Plaintiff's complaint." ECF No. 250, at 14 (emphasis omitted). According to Plaintiff (ECF No. 250, at 14-15), he needed to question Sicher about a 2016 resolution by the APA board of directors.

In response to Plaintiffs' arguments, APA explained (ECF No. 254, at 5-8) that Plaintiff had merely provided vague descriptions of additional discovery he sought; had not identified any part of APA's statement of material facts that any of the additional discovery would controvert; and had

not explained how additional discovery would preclude summary judgment on any claim in light of the specific legal arguments in APA's motion for summary judgment. With respect to evidence from Ed Sicher, APA explained (ECF No. 254, at 5-6) that the two declarations from Sicher did not controvert any material facts supporting APA's motion for summary judgment; and also that Plaintiff had failed to explain how additional testimony from Sicher about the 2016 board resolution, beyond what was included in the declarations, would controvert any of the material facts or APA's arguments in support of summary judgment.

Magistrate Judge Reid issued a report and recommendation (ECF No. 269) that recommended granting APA's motion for summary judgment and denying Plaintiff's motion for relief under Rule 56(d). By that time, Magistrate Judge Reid had decided all of Plaintiff's discovery motions except two spoliation motions, and Magistrate Judge Reid concluded as follows:

> Plaintiff fails to identify any part of APA's statement of material facts that any of the additional discovery he seeks would contest, or explain how that discovery would preclude summary judgment on any claim. For example, Plaintiff contends that the deposition of Ed Sicher is needed to prove the allegations in all eight counts of his amended complaint. However, despite stating that the deposition is needed to prove *all* counts, Plaintiff only explains that the deposition is needed to prove facts surrounding APA Board of Directors Resolution 2016-30 which Plaintiff concludes is relevant to Counts I and II. Plaintiff then concludes vaguely—and without pointing to any specific argument raised by APA—that the resolution contradicts APA's Motion.

ECF No. 269, at 10-11. Magistrate Judge Reid further explained that the two pending spoliation motions "would not effect [her] reasoning in recommending granting summary judgment in favor of APA." ECF No. 269, at 11.

Plaintiff filed objections to the report and recommendation, attaching yet another declaration from Ed Sicher (ECF No. 285 & Ex. 1). Plaintiff repeated his arguments (ECF No. 285, at 11-20) that he had been unable to obtain evidence to oppose summary judgment, including

evidence from Sicher, because of alleged spoliation and Magistrate Judge Reid's rulings on his prior discovery motions.

While Plaintiff's objections to the report and recommendation were pending, Magistrate Judge Reid issued an order (ECF No. 302) denying Plaintiff's spoliation motions. As to Plaintiff's first spoliation motion, which pertained to an APA-provided laptop that Sicher had possessed when he was president of APA from 2022 to 2024, Magistrate Judge Reid found (ECF No. 302, at 4-5) that there was no spoliation of evidence because information from the laptop had been preserved within APA's servers. Magistrate Judge Reid further found that Plaintiff had failed to demonstrate bad faith by APA; rather, she found that "APA has taken appropriate, reasonable steps to preserve electronic information relevant to Plaintiff's lawsuit." ECF No. 302, at 5. As to Plaintiff's second motion, which pertained to text messages and emails between Plaintiff and a different former president of APA, Dan Carey, Magistrate Judge Reid found that Plaintiff had failed to show that evidence "has been lost or destroyed" and had also failed to demonstrate "either prejudice or intent to deprive to warrant sanctions under either Rule 37(e)(1) or (e)(2)." *Id.* at 7.

Subsequently, this Court reviewed de novo the objected-to portions of Magistrate Judge Reid's report and recommendation with respect to APA's summary judgment motion and "agree[d] with Judge Reid's comprehensive analysis and recommendations." ECF No. 304, at 1. The Court accordingly affirmed and adopted the report and recommendation, granted APA's motion for summary judgment, denied Plaintiff's motion for relief under Rule 56(d), and denied other pending motions as moot. ECF No. 304, at 1-2; *see* ECF No. 306 (Final Judgment).

**ARGUMENT**

Plaintiff seeks reconsideration of the Court's final judgment, arguing that the Court should re-open the judgment to consider his objections to Magistrate Judge Reid's discovery rulings

because those rulings purportedly prevented him from obtaining discovery to oppose summary judgment. Plaintiff does not remotely meet the standard for reconsideration.

Plaintiff's reconsideration motion retreads the same arguments that he has already asserted multiple times. Plaintiff seeks to reopen the judgment to raise claims about the "adequacy of discovery" and the "completeness of the Rule 56(d) and summary-judgment record." ECF No. 307, at 2-3. These are the very same arguments that Plaintiff raised in his motion for relief under Rule 56(d), where he argued (ECF No. 250, at 9-20) that he had been unable to obtain adequate discovery to oppose summary judgment. After Magistrate Judge Reid rejected those arguments in her report and recommendation, Plaintiff raised the same arguments in his objections to that report and recommendation (ECF No. 285). This Court then considered those objections and agreed with Magistrate Judge's Reid's comprehensive analysis and recommendation. Plaintiff cannot use Rule 59(e) to re-litigate these matters once again.

Furthermore, Plaintiff does not demonstrate any errors of law or fact, let alone manifest errors of law or fact. Despite submitting three declarations from Sicher, Plaintiff has never identified any additional discovery from Sicher (or anyone else) that would controvert the material facts that warrant summary judgment in APA's favor. Plaintiff claims (ECF No. 307, at 7) that Sicher is a "key witness," indeed the "most important witness," yet he does not explain how additional evidence from Sicher (or anyone else) would undermine any of the Court's detailed reasons as to why judgment should be entered in favor of APA as a matter of law.

Nor could he. As APA has explained (ECF No. 254, at 5-9), and as Magistrate Judge Reid found (ECF No. 269, at 9-12) and this Court affirmed (ECF No. 304), each of the counts in Plaintiff's amended complaint suffered from legal defects as to which additional discovery would be immaterial. The Court held, among other things, that Counts I and II are barred by the applicable

statute of limitations; Count III involved a union base grievance filed in 2012 that did not pertain to Plaintiff; Counts IV and V are preempted by federal labor law; Counts VI and VII rested on an incorrect legal premise that federal law prohibits unions from distinguishing between active and inactive members; and Count VIII was barred by res judicata and otherwise failed as a matter of law because it did not involve union discipline. ECF No. 269, at 12-26.

In light of these specific grounds upon which the Court granted summary judgment for APA, the Court concluded with respect to Plaintiff's Rule 56(d) motion that no additional discovery was necessary. ECF No. 269, at 10 ("Plaintiff fails to identify any part of APA's statement of material facts that any of the additional discovery he seeks would contest, or explain how that discovery would preclude summary judgment on any claim."). Reopening this case to consider Plaintiff's objections to Magistrate Judge Reid's denial of his discovery motions, which generally made the same arguments Plaintiff made in connection with his Rule 56(d) motion, would thus be wasteful and unnecessary.[1]

Throughout this litigation, Plaintiff has shown little interest in the claims actually asserted in his amended complaint. He has repeatedly failed to address the facts that are material to the

---

[1] Plaintiff specifically focuses on his proposed objections to Magistrate Judge Reid's decision denying Plaintiff's spoliation motions, which Plaintiff attaches to his Rule 59(e) motion (ECF No. 307). Plaintiff's combined opposition to APA's motion for summary judgment and Rule 56(d) motion (*see* ECF No. 249, at 12-13) repeated the contentions that Plaintiff made in his spoliation motions (ECF Nos. 187, 223), and Magistrate Judge Reid found that Plaintiff's spoliation arguments were immaterial to the reasons that summary judgment should be granted for APA (ECF No. 269, at 11). Once again, Plaintiff has not identified any allegedly spoliated evidence that would undermine the Court's grounds for granting summary judgment in favor of APA. In any event, Magistrate Judge Reid's reasoned opinion denying Plaintiff's spoliation motions (ECF No. 302) was correct and certainly not clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A) (A magistrate judge's non-dispositive ruling must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 n.92 (11th Cir. 2015)) ("To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.").

claims in his amended complaint or challenge the application of law to those facts. The present reconsideration motion is no different. Plaintiff does not acknowledge at all the Court's legal analysis that supported its grant of summary judgment. Nor does he identify how additional discovery would potentially put into dispute any of the material facts upon which that analysis was based. Plaintiff instead seeks to litigate issues that have no bearing on the resolution of this case. The Court correctly granted summary judgment and denied Plaintiff's remaining motions and objections. Plaintiff's Rule 59(e) motion should therefore be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Rule 59(e) motion (ECF No. 307) should be denied.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Shea Kleinman*
Shea Kleinman, Esq.
Florida Bar No.1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: skleinman@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*