**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED BY ______ D.C.
SEP 11 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**LAWRENCE MEADOWS,**
Plaintiff,

**v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
______________________________________/

**PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(3) AND (6), FILED IN THE ALTERNATIVE TO PLANTIFF'S PENDING RULE 59(e) MOTION**

Plaintiff Lawrence Meadows, proceeding pro se, respectfully moves this Court, in the alternative to his pending Motion to Alter or Amend Judgment (ECF No. 307), for relief from the Final Judgment entered August 18, 2026, pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6).

## I. PRELIMINARY STATEMENT

The Final Judgment rests on a protective order procured by alleged material misrepresentations and misconduct warranting relief under Rule 60(b)(3). Defendant Allied Pilots Association ("APA") counsel, John Pellettieri made serial material misrepresentations during the October 28, 2025 hearing protective order hearing, refused to correct them after being shown the contradictory evidence, and the Magistrate Judge Reid denied relief without addressing the unrebutted declarations proving the fraud. The District Judge never ruled on Plaintiff's multiple timely objections to that order—that were fully briefed and never resolved. The Judgment cannot stand on a record built this way.

## II. PROCEDURAL BACKGROUND

On October 28, 2025, APA's counsel, John M. Pellettieri, made at least six material misstatements of fact to Magistrate Judge Reid during the hearing on APA's motion for a protective order (ECF No. 125, Oct 28, 2025 Hrg. Trans.) Those misstatements formed the basis of Plaintiff's Motion to Correct the Record and for Sanctions (ECF No. 148), which the Magistrate denied (ECF No. 252). Thereafter, Plaintiff then filed an Emergency Motion to Vacate the Protective Order Based on Fraud and Misconduct of Mr. Pellettieri (ECF No. 205), supported by two sworn declarations from APA's former President, Captain Ed Sicher. The Magistrate denied that motion as well (ECF No. 258), once again without ever addressing the Sicher declarations in her ruling. Plaintiff filed timely objections to both orders (ECF Nos. 259, 264), none of which were ruled upon by the District Judge before his entry of Final Judgment.

## III. ARGUMENT

### A. The Protective Order Was Procured by Fraud on the Court

Pellettieri told the Court the January 15, 2025 secret settlement agreement involving extinguishing Plaintiff's contractual grievances—the basis of Count III in his First Amended Complaint (ECF No. 35)— "did not include Mr. Meadows." (ECF No. 125 at 20:6-11.) Despite the settlement agreement naming Plaintiff as one of four "identified individuals" considered for seniority reinstament, only to then explicitly carve him out and extinguish his grievance claims with prejudice for zero value based on a false pretext and without prior notice. (ECF Nos. 148-1, Meadows Decl. ¶ 10 Ex. G; 180 Ex.3, Sicher Decl.¶ 30, Ex. K; 129 Ex. M at 78-79, ¶ 1).

Pellettieri refused to correct the record twice after Plaintiff emailed him settlement agreement and a detailed list of misstatements with transcript citations. (ECF No. 148-1, Meadows Decl., Exs. H, I, J.) He has never filed a sworn declaration in his own defense. These misrepresentations are documented in Plaintiff's Motion to Correct Record and for Sanctions (ECF No. 148), supported by sworn deposition testimony of APA's own 30(b)(6) designee, Mark Myers, and an American Airlines manager, James Anderson, and remain unrebutted. (*Id.* Meadows Decl. ¶¶ 6 and 8, Exs. C and E).

This constitutes clear and convincing evidence of misconduct that prevented Plaintiff from fully and fairly presenting his case. Fed. R. Civ. P. 60(b)(3); *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 691 (S.D. Fla. 2007). The second prong is satisfied directly by the quashed subpoenas and ignored declarations.

The fraud was not a post-Judgment invention. Before Judgment, Plaintiff put this Court on formal notice of the pending Eleventh Circuit sanctions motion in *Meadows v. American Airlines, Inc.*, Case No. 25-10297, which directly challenges the same settlement agreement as a fraud on the court — and of which APA is a co-signatory. (ECF No. 255, filed Apr. 22, 2026.) Plaintiff made the identical argument, attaching the same appellate filings, in a motion to stay proceedings in the Eastern District of New York. (*Meadows v. American Airlines, Inc.*, No. 2:26-cv-00679-EK, ECF No. 31, filed May 4, 2026.), upon which APA was noticed.

The fraud is compounded by the Magistrate's application of the wrong legal standard at the October 28, 2025 hearing. When Plaintiff invoked the crime-fraud exception under *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223 (11th Cir. 1987), and *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994)—which holds that bad-faith grievance handling under the RLA satisfies the prima facie fraud prong—the Magistrate Judge stated she was "not aware of a crime being committed" and also admitted was unfamiliar with the RLA and LMRDA, nor the parallel doctrine to invoke the crime fraud exception under the RLA for bad faith grievance handling. The crime-fraud exception only requires prima facie evidence of fraud, not a criminal conviction as the Magistrate otherwise erroneously asserted. The Magistrate's failure to apply the correct standard is itself evidence that the protective order rests on a fundamentally flawed legal foundation.

The protective order's punitive character is confirmed by disparate treatment. In *Emery v. Allied Pilots Ass'n*, No. 14-80518-CIV-HURLEY (S.D. Fla. 2016), 222 F. Supp. 3d 1120, a similarly situated MDD pilot deposed the same witnesses—APA's Director of Negotiations Mark Myers, former APA Presidents Dan Carey and Ed Sicher, who directly represented and advocated for Plaintiff— on the very same DFR and LMRDA claims in this very District. Yet, Plaintiff was arbitrarily denied that same discovery involving the same facts and Defendant APA. The order was not a routine discovery ruling; it was uniquely punitive and designed to prevent Plaintiff from proving his claims.

**B. The Magistrate Ignored Unrebutted Evidence of APA's Counsel's Fraud**

The two sworn declarations from APA's own former President, Captain Ed Sicher, prove the Mr. Pellettieri's misrepresentations falsely asserting APA never retained attorney Sue Edward to represent Plaintiff in his ADA litigation against American Airlines (ECF Nos. 205, Exs. 1, Sicher Decl. ¶ 26; and Ex. 2, Sicher Supp. Decl. ¶ 5), and grievance 12-012 and its verbatim expedited twin, Grievance 23-031 did not apply to Plaintiff (*Id.* Ex. 1, Sicher Decl. ¶¶ 14, 23, 26, 30).

Magistrate Judge Reid never mentioned either of Sicher's declarations that proved Pelletier's misrepresentation in either her omnibus order denying the Motion to Correct the Record and for Sanctions (ECF No. 252) or her order denying the Emergency Motion to Vacate the Protective Order (ECF No. 258). Pellettieri never submitted a rebuttal declaration – in his defense to the sworn declarations of former APA President Sicher Plaintiff and documenting his serial misrepresentations. Those sworn allegations remain completely unrebutted by Pellettieri.

Federal Rule of Civil Procedure 60(b)(3) grants courts the authority to relieve a party from an order based on fraud, misrepresentation, or misconduct by an opposing party. The standard does not require proof of intent; it is sufficient that the misconduct prevented the moving party from fully and fairly presenting his case. See *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). Here, counsel's material misrepresentations directly led the Court to the erroneous conclusion that post-2021 events were irrelevant. The Sicher declarations are unrebutted evidence of fraud, misrepresentation, and misconduct that prove the order was based on a false premise.

**C. The Magistrate's Bootstrapping and Ignored Objections**

Plaintiff filed two motions related to APA counsel John Pellettieri's material misrepresentations in obtaining a highly restrictive protective order that quashed Plaintiff's key witnesses and arbitrarily limited temporal scope to December 2021, shielding APA's most egregious post-2021 conduct. The motion to correct the record and for sanctions (ECF No. 148),

supported by Plaintiff's declaration and the sworn deposition testimony of APA's 30(b)(6) designee Mark Myers and American Airlines CBA manager James Anderson from the Emery litigation, was denied as a rerun of an earlier motion. (ECF No. 252.) The subsequent emergency motion to vacate the protective order for fraud on the court (ECF No. 205), supported by the two sworn declarations of Captain Ed Sicher (ECF No. 205, Exs. 1 and 2), which further corroborated Pellettieri's misrepresentations, was then denied by citing that denial. (ECF No. 258).

The Sicher declarations were unavailable when the protective order was entered because Magistrate Judge Reed had quashed the subpoena for Sicher's deposition testimony in her November protective order (ECF No. 138), rendering him unavailable as a reluctant witness until he finally came forward and provided his first declaration on January 28, 2026, and his supplemental declaration on January 29, 2026. Magistrate Judge Reed then denied supplementation as new evidence (ECF Nos. 252, 267), ignoring that her own order caused the unavailability of Sicher's testimony. The second supplemental declaration (ECF No. 285, Ex. 1), filed before final Judgment, systematically refutes the magistrate's conclusions in the R&R count by count and further documents the systemic spoliation involving not only his wiping of his laptop and destruction of all his emails and texts, but destruction of five milk crates containing over 300 legal pads of contemporaneous handwritten notes involving Plaintiff and other disabled pilots and their litigations.

The protective order's foundation is further undermined by APA's own initial disclosures (ECF No. 149, Ex. A), which identified former APA Presidents Dan Carey and Ed Sicher, APA's Director of Legal Representation James Clark, and Director of Negotiations and 30(b)(6) designee Mark Myers as individuals likely to have discoverable information — the very same witnesses Reed quashed. In *Emery v. Allied Pilots Ass'n,* No. 14-80518-CIV-HURLEY, 222 F. Supp. 3d

1120 (S.D. Fla. 2016), a similarly situated MDD pilot was allowed to depose Carey, Myers, and Sicher on the same DFR claims in this very District involving the very same defendant, APA. Meanwhile, Plaintiff's objections to the protective order (ECF Nos. 149, 250, 264)—which quashed the subpoenas of eight key witnesses and arbitrarily limited temporal scope—sat unresolved before the district judge and remained unresolved upon entry of final Judgment. A magistrate cannot gut an order the district judge is actively reviewing.

Even assuming arguendo that the protective order was valid, Sicher was listed in several paragraphs of the 2018 First Amended Complaint (ECF No. 35) and was central to the case. As noted in ECF No. 307, Exhibit 1, he served as Plaintiff's local domicile union representative and board of directors officer from 2014 through 2022—all within the temporal scope limitation. The magistrate's circular logic— that Sicher was president only from 2022 to 2024, which she then deemed outside the temporal scope—is internally inconsistent and ignores the record

In sum, the magistrate's rulings formed a closed loop of circular logic: she first denied the motion to correct the record (ECF No. 148) at ECF No. 252, then cited that denial to reject the motion to vacate (ECF No. 205) at ECF No. 258, then cited both to deny supplementation (ECF No. 253) — all while Plaintiff's objections to the underlying protective order (ECF Nos. 149, 250, 264) remained pending before Judge Artau. A magistrate lacks authority to take further action on a matter the district judge is actively reviewing. Each denial propped up the next, and none of it should have occurred while the district judge had the matter before him.

**D. Extraordinary Circumstances Warranting Relief Under Rule 60(b)(6)**

The combination of fraud, ignored evidence, bootstrapping and circular logic, and ten unresolved objections involving fitness of counsel, integrity of record evidence, and scope of the case—including ECF Nos. 149, 259, 260, and 264—and involving a fraudulently obtained, highly

restrictive protective order that arbitrarily limited temporal scope and quashed Plaintiff's key witnesses, shielding APA's most egregious post-2022 conduct as outlined in Plaintiff's Objections (ECF No. 285) to the R&R, constitutes extraordinary circumstances warranting relief under Rule 60(b)(6). See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988). All of it is corroborated by the sworn declarations of former APA President Captain Ed Sicher.

**IV. RELIEF SOUGHT**

Plaintiff respectfully requests that this Court: (1) vacate the Final Judgment; (2) vacate the Protective Order (ECF No. 138); or, in the alternative, (3) reopen discovery and hold an evidentiary hearing on the fraud allegations.

***<u>LOCAL RULE 7.1(a)(3) CERTIFICATION OF CONFERRAL</u>***

Plaintiff certifies that on September 10, 2026, he conferred both via email and telephonically with APA's counsel regarding the relief sought in this Motion, who stated they oppose this motion.

Dated: September 10, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Plaintiff, hereby certify that on September 10, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, Email, and U.S. Mail on counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com; skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com; jpellettieri@bredhoff.com; lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

ORIGIN ID:PKCA (516) 982-?718
LAWRENCE MEADOWS
1900 SUNSET HARBOUR DR 2112
MIAMI BEACH, FL 33139
UNITED STATES US

SHIP DATE: 10SEP26
ACTWGT: 0.30 LB
CAD: 6572123/ROSA2710

TO WILKIE D FERGUSON U.S COURTHOUSE
ATTN: CLERK OF COURT. ROOM 8N09
400 NORTH MIAMI AVENUE

MIAMI FL 33128
(305) 523-5100
INV:
PO:
REF:
DEPT:

Part # 156297-435 RRDB2 EXP 08/27

FedEx Express

E

REL# 3785346

TRK# 0201 8770 4332 3303

FRI - 11 SEP 10:30A
PRIORITY OVERNIGHT

XA MPBA

33128
FL-US MIA

FRI 09/11 08:40 33128-1801
400 N MIAMI AVE MIAMI
PRIORITY OVERNIGHT
458-1022FL
SP:PD:100:Y

REC'D BY ______ D.C.
SEP 11 2026

Envelop
Recycle m