**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED BY ______ D.C.
SEP 11 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**LAWRENCE MEADOWS,**
Plaintiff,

**v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_______________________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUNAT TO RULE 59(e) (ECF No. 307)**

Plaintiff Lawrence Meadows, proceeding pro se, respectfully submits this Reply in support of his Motion to Alter or Amend Judgment (ECF No. 307), filed in the alternative to his concurrently filed Motion for Relief from Final Judgment under Fed. R. Civ. P. 60(b)(3) and (6).

## I. PRELIMINARY STATEMENT

Defendant Allied Pilots Association's ("APA") Opposition to Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e)rests on a single false premise—that Plaintiff never identified evidence that would controvert their material facts. The record proves otherwise. The same fraud that underlies the Rule 60 motion—opposing counsel's material misrepresentations at the October 28, 2025 hearing, the ignored declarations of former APA President Captain Ed Sicher, and the quashed subpoenas—also infected the summary judgment record. The judgment cannot stand on either ground.

## II. ARGUMENT

### A. Plaintiff's Rule 56(d) Declaration Identifies Specific Witnesses and Evidence Needed

APA's claim that Plaintiff never identified evidence controverting its material facts (ECF 308 at 1, 5) is flatly contradicted by the record. Plaintiff's meticulously detailed Rule 56(d) declaration (ECF 251, ¶¶ 32–41) identifies the need for specific witnesses, documents, and facts tied to each count in his First Amended Complaint (FAC, ECF No. 35): the deposition of former APA President Ed Sicher regarding APA's bad-faith handling of Grievances 12-011 and 12-012, discriminatory treatment of MDD pilots, his binding 2022 membership interpretation, and systemic spoliation; the deposition of current APA President Nick Silva regarding the fraudulent 2025 settlement agreement that excluded Plaintiff and the retaliatory termination of his membership; the deposition of APA outside counsel Sue Edwards regarding the attorney-client relationship and the conflict created by Bredhoff & Kaiser simultaneously representing APA and her; the deposition of First Officer Tom Rempfer, chairman of the National Disability Drop Reinstatement Committee, regarding criminal witness tampering; and documents and testimony regarding the "Three Tips of the Iceberg" — the 2022 Member in Good Standing interpretation, the fraudulent 2025 settlement agreement, and the retaliatory May 2025 membership termination —all of whom were quashed by the Magistrate's highly restrictive protective order, which was obtained by the material misrepresentations of APA's counsel, John Pellettieri.

Additionally, Captain Sicher's second supplemental declaration (ECF 285, Ex. 1), filed in support of Plaintiff's objection to Magistrate Judge Reed's R&R (ECF 269), systematically refutes the magistrate's rulings count by count. As Plaintiff stated in that objection, the R&R is a product of willful blindness to dispositive evidence: the magistrate's summary judgment analysis is not just procedurally flawed, it is substantively wrong, proven by her willful blindness to the sworn declarations of Captain Sicher, which she has repeatedly refused to consider. Nowhere in her 26-

page analysis does she confront, analyze, or even mention the bombshell sworn declarations of former APA President Ed Sicher.

The three sworn declarations of former APA President Captain Ed Sicher (ECF No. 251-1, Exs. D and F; ECF No. 285, Ex. 1) provide sworn support for these facts. This is exactly what Barfield v. Brierton, 883 F.2d 923 (11th Cir. 1989), requires: a sworn declaration identifying unavailable facts and explaining how discovery would preclude summary judgment.

**B. Local Rule 56.1(c) Incorporates the Federal Exception**

Both APA and Magistrate Judge Reid treat Plaintiff's failure to file a counter-statement of facts as dispositive. While ignoring Southern District of Florida Local Rule 56.1(c) has two conditions; 1) properly cited record evidence, and 2) that "any exception under Fed. R. Civ. P. 56 does not apply." The Rule explicitly states that the facts shall be deemed admitted *unless* subject to an exception under Fed. R. Civ. P. 56. Here Plaintiff's Rule 56(d) motion and supporting declaration (ECF Nos. 250, 251, and 251-1) are exactly that exception. Magistrate Judge Reid's own R&R (ECF No. 269) admits she found no exceptions within FRCP 56 applicable—a manifest error of law—because she applied the wrong legal standard treating FRCP 56(d)'s exception as nonexistent.

*Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir. 1988); *Jones v. City of Columbus*, 120 F.3d 248 (11th Cir. 1997); and *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559 (11th Cir. 1990), all hold summary judgment is improper without adequate discovery as is the case here; *Fernandez* found reversible error where the court granted summary judgment before deciding a pending motion to compel. As Plaintiff cited in his objection to the Magistrate's R&R (ECF No. 285).

Technical non-compliance with Local Rule 56.1(c) cannot justify disregarding a pro se litigant's substantive refutation of the facts. *Ebsco Gulf Coast Dev., Inc. v. Tennant Land LLC*, 2017 U.S. Dist. LEXIS 216124, at *1 n.1 (N.D. Fla. Sep. 21, 2017); see also N.A.S. v. Morada-Haute Furniture Boutique LLC, 2021 U.S. Dist. LEXIS 242464, at *10–11 (S.D. Fla. Dec. 20, 2021). Even if the draconian application of the rule were permitted, these same facts compel granting Plaintiff's 56(d) motion. (ECF 285 at 5.)

**"Rule 56(d) is 'infused with a spirit of liberality.'"** *Hendricks v. Rambosk*, No. 2:10-cv-526-FtM-29DNF, 2011 U.S. Dist. LEXIS 40608, 2011 WL 1429646, at *5 (M.D. Fla. Apr. 14, 2011) (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989)); *XTEc, Inc. v. Hembree Consulting Servs.*, No. 14-21029-CIV-ALTONAGA, 2015 U.S. Dist. LEXIS 186513, at *4 (S.D. Fla. June 3, 2015) **(the requirements of Rule 56(d) are to be "liberally construed.")** [Emphasis added]. Here, the Plaintiff through the Tips of Three Icebergs discussion (ECF Nos. 249 at 5-7; 285 at 5-8), Plaintiff specifically demonstrated that postponement of ruling would enable him, through discovery, to rebut APA's showing—the precise exception Local Rule 56.1(c) creates. FRCP 56(d). The Magistrate's finding that Plaintiff's meticulously detailed 41-paragraph sworn declaration was 'vague' is belied by the record: it identified the depositions of Sicher, Silva, Edwards, and Rempfer, and documents regarding the Three Icebergs—all blocked by the protective order. *Snook*, 859 F.2d at 870–71; *Fernandez*, 906 F.2d at 570.

**C. The Spoliation Motions Were Decided After the R&R**

Magistrate Judge Reid issued her R&R (ECF No.269) recommending summary judgment on May 25, 2026, while Plaintiff's two spoliation motions (ECF Nos. 187, 223) which were expressly referred to by District Judge Artau's Order ( ECF No. 177), remained fully briefed and unresolved and pending. Only after Judge Artau expressed surprise at the July 7 Calendar Call that

an R&R (ECF No. 269) has issued while the two spoliation motions remained pending—the Magistrate finally denied them in her August 13, 2026 order (ECF No. 302)—albeit three months after her May 25, 2026 R&R.

On August 18, 2026, Plaintiff filed an unopposed motion for leave to file an overlength 30-page objection (ECF No. 303) to the Magistrate's Order denying the spoliation motions, well before the August 27, 2026 objection deadline. Later that very same day, Judge Artau entered Final Judgment without ruling on ECF No. 303, denied all pending motions as moot and terminated all deadlines, but remained silent as to the ten unresolved Objections to Magistrate's rulings on foundational matters. This is a manifest procedural error: judgment entered while Plaintiff's timely request to file an overlength objection (ECF No. 303) to the Magistrate's denial of Plaintiff's foundational spoliation motions was pending.

**D. The Magistrate Ignored Unrebutted Sworn Declarations of APA's Former President Captain Ed Sicher**

Former APA President Ed Sicher's third declaration, titled "Sicher's Second Supplemental Declaration" (ECF No. 285, Ex. 1), establishes his 2014–2024 service as Plaintiff's Miami domicile union representative, APA board officer, and President, seven years of which fell squarely within Magistrate Protective Order's December 31, 2021 temporal scope cutoff (ECF No. 138). Magistrate Judge Reid never addressed Sicher's original and first supplemental declarations in her R&R (ECF No. 251-1, Exs. D and F), nor his second supplemental declaration (ECF No. 285 Ex.1) in her subsequent spoliation ruling. Judge Artau never cited to nor addressed any of the three Sicher declarations in his de novo review of the Objection to the R&R (ECF No. 285), and specifically did not address the Sicher Second Supplemental declaration which refutes the R&R findings count by count and documents the systemic spoliation over four APA Presidential Administrations from 2016-2025.

Reid's order rests on two premises that the Sicher declarations destroy. On Sicher, she found no spoliation because his presidency fell outside the 2018–2021 discovery window — but his declarations establish he served as Plaintiff's local Maimi Domicile representative and APA Board Officer from 2014, inside that window, and he was never placed on a litigation hold during that entire tenure and routinely deleted texts and emails On former president Carey, she found no sanctions because Plaintiff was a party to the destroyed communications and "presumably" still has them—an unsupported assumption, not a finding, and one that ignores the systemic destruction of ESI across four presidential administrations from 2016 to 2025—six years of which was within temporal scope limit. Contemporaneous records for which there is no substitute—as the Eleventh Circuit recognized in *Skanska USA Civil Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023), depositions well after the fact are not a perfect substitute for reviewing contemporaneous text messages, including peer to peer communications between APA's Officers, attorneys and American Airlines' Management, which is missing here.

The Magistrate's Order denying the spoliation motions (ECF No.302) is rebutted by unrebutted sworn testimony she never addressed.

**E. The Grievance 12-012 Contradiction**

APA's summary judgment motion erroneously argues that Grievance 12-012 does not apply to Plaintiff. APA signed the January 2025 settlement agreement carving Plaintiff out of that same grievance—Grievance 12-012 and its expedited verbatim twin, Grievance 23-031, the very same grievance that was the subject of Count III of the FAC (ECF No. 35)—two years after Magistrate Judge Reid's temporal scope limit.

APA's own 30(b)(6) designee, Mark Myers, previously testified that Grievance 12-012 applied system-wide to all affected including Plaintiff (ECF No. 148-1, Meadows Declaration, ¶

8, Ex. E). American Airlines' bankruptcy pleadings also confirm the same, where American admitted in its pleadings that APA filed grievances 12-012 on behalf of Plaintiff and it would arbitrated and likely resolve his employment status (*In re AMR Corp.*, ECF No. 5926, Jan 13, 2013). This is not a discovery argument—this is a factual contradiction corroborated by APA's own record.

**F. The Crime-Fraud Standard Error**

When Plaintiff invoked the crime-fraud exception during the October 28, 2025 protective order hearing, pursuant to *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223 (11th Cir. 1987), and a Railway Labor Act parallel for bad-faith grievance handling as outlined in Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386 (11th Cir. 1994), the Magistrate stated she was not aware of any crime being committed and that she was unfamiliar with the statutory laws of the Railway Labor Act and the LMRDA.

The crime-fraud exception requires prima facie evidence of fraud, not a criminal conviction. Cox, 17 F.3d at 1422, expressly provides for the application of the crime-fraud exception in Railway Labor Act cases involving instances of bad-faith grievance handling, as occurred here. (ECF No. 149 at 13-14). The Magistrate's failure to apply the correct standard is a manifest error of law.

**G. The Protective Order Was Procured by Fraud**

At the October 28, 2025 protective order hearing, APA's counsel, John Pellettieri, made several material misstatements of fact and told the Magistrate that Grievance 12-012 was national only and did not apply to Plaintiff, and that the settlement of Grievance 23-031 "did not include Mr. Meadows." (ECF No. 125 at 20:6-11.) To the contrary, the secret settlement agreement explicitly names Plaintiff as one of the four "identified individuals" identified for reinstatement,

but explicitly carves out Plaintiff and extinguishes his grievance claims with prejudice for zero value without notice. (ECF No. 180, Ex. 3, ¶ 30, Ex. K; ECF No. 148-1, Meadows Declaration, ¶ 10, Ex. G; ECF No. 129, Ex. M at 78–79, ¶ 1.)

Pellettieri refused to correct the record twice after Plaintiff provided him the agreement and a detailed transcript of his six material misstatements of fact with direct citations from the protective order hearing transcript. (ECF No. 148-1, Exs. H, I, and J.) To date, Pellettieri has never filed a sworn declaration in his own defense. Pellettieri's misrepresentations are documented in Plaintiff's Motion to Correct the Record and for Sanctions (ECF No. 148 at 4–8), and are further corroborated by the sworn deposition testimony of APA's own counsel and 30(b)(6) designee, Mark Myers, and American Airlines manager charged with the pilots' collective bargaining agreement, James Anderson. (ECF No. 148-1, Meadows Declaration, ¶¶ 6 and 8, Exs. C and E.) These misrepresentations remain unrebutted.

The punitive character of Magistrate Judge Reid's protective orders (ECF No. 138) is confirmed by disparate treatment. In the case of another similarly situated MDD pilot, *Emery v. Allied Pilots Ass'n, No.* 14-80518-CIV-HURLEY, 222 F. Supp. 3d 1120 (S.D. Fla. 2016), a similarly situated MDD pilot deposed the same witnesses—APA's Director of Negotiations Mark Myers, former APA Presidents Dan Carey and Ed Sicher—on the exact same DFR and LMRDA claims in this very District. Plaintiff was arbitrarily denied that same discovery with respect to the same claims.

**H. The Eleventh Circuit Notice of Interlocked Fraud**

On April 22, 2026, Plaintiff filed a notice of supplemental filing involving the interlocked fraud in the Eleventh Circuit — involving American Airlines' fraud on the court for submitting a secret settlement document which knowingly contained a false pretext, to which APA was a co-

signatory. (ECF No. 255.) Plaintiff did so to put Judge Artau on formal notice of the pending sanctions motion in Meadows v. American Airlines, which directly challenges the exact same secret settlement agreement that extinguished Plaintiff's rights under Grievance 12-012 as a fraud on the court, and of which APA is a co-signatory.

On May 4, 2026, Plaintiff filed a stay motion in the parallel matter, *Meadows v. American Airlines*, No. 2:26-cv-00679-EK-ARL, which made the identical argument regarding American's fraud on the appellate court, of which APA was provided notice.

On August 18, 2026, Judge Artau entered an order adopting the magistrate's R&R recommending and granting APA's motion for summary judgment and denying Plaintiff's motion for relief under Rule 56(d) (ECF No. 250), while knowing that the superior court, the Eleventh Circuit, was seized with reviewing the fraud on the court involving the foundational settlement agreement, which directly relates to the grievance claims in Count III of the First Amended Complaint, ECF No. 35.

**III. RELIEF SOUGHT**

Plaintiff respectfully requests that this Court: (1) vacate the Final Judgment; (2) restore the case to the active docket; (3) permit consideration of Plaintiff's request for an overlength objection to the magistrate's order denying the spoliation motions (ECF No. 303), and his actual Objection to the Magistrate's Order denying the spoliation motions is attached as Exhibit 1 to Plaintiff's Rule 59 motion (ECF No. 307, Ex. 1); or, in the alternative, (4) grant Plaintiff's motion for relief under Rule 56(d) (ECF Nos. 250 and 251) and reopen discovery.

Dated: September 10, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

**CERTIFICATE OF SERVICE**

I, Lawrence M. Meadows, Plaintiff, hereby certify that on September 10, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, Email, and U.S. Mail on counsel of record.

Lawrence M. Meadows

**SERVICE LIST**

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

FRI 09/11 08:40 33128-1801
N MIAMI AVE MIAMI
PRIORITY OVERNIGHT
458-1022FL
SP:PD:100:Y

REC'D BY ______ D.C.
SEP 11 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ORIGIN ID:PKCA (516) 982-2718
LAURENCE MEADOWS
1900 SUNSET HARBOUR DR 2112
MIAMI BEACH, FL 33139
UNITED STATES US

SHIP DATE: 10SEP26
ACTWGT: 0.30 LB
CAD: 6572123/ROSA2710

TO WILKIE D FERGUSON U.S COURTHOUSE
ATTN: CLERK OF COURT. ROOM 8N09
400 NORTH MIAMI AVENUE

MIAMI FL 33128
(306) 523-5100
INV:
PO: REF:
DEPT:

Part # 156297-435 RRDB2 EXP 08/27

FedEx Express

E

REL# 3785346

Envelop
Recycle m

TRK# 0201 8770 4332 3303

FRI – 11 SEP 10:30A
PRIORITY OVERNIGHT

XA MPBA

33128
FL-US MIA