**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

Plaintiff, **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

Defendants.
______________________________________/

**DEFENDANT'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Defendant Allied Pilots Association ("APA") respectfully submits this memorandum in support of its bill of costs pursuant to S.D. Fla. Local Rule 7.3(c). The total cost sought are $14,886.33.

**FACTUAL BACKGROUND**

APA is the prevailing party in this action. The costs sought by APA are largely related to discovery and court hearings that occurred before summary judgment was granted in favor of APA.

The parties engaged in substantial discovery between October 2025 and March 2026, which included a number of depositions as well as multiple discovery hearings and conferences with Magistrate Judge Reid. APA filed a motion for summary judgment on April 1, 2026. ECF No. 237. APA also submitted pretrial filings on May 29, 2026 in advance of a June 2026 trial date. ECF Nos. 247, 271-276.

On May 25, 2026, Magistrate Judge Reid issued a report and recommendation that recommended that summary judgment be granted in favor of APA on all counts. ECF No. 269. On August 18, 2026, the Court adopted Magistrate Judge Reid's report and recommendation and

granted summary judgment in favor of APA. ECF No. 304. On the same day, the Court also entered final judgment in favor of APA on all counts. ECF No. 306.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54, a prevailing party "should be allowed" its taxable costs. Fed. R. Civ. P. 54(d)(1). Categories of taxable costs are identified in 28 U.S.C. § 1920. *See* S.D. Fla. Local Rule 7.3(c).

Among the categories of taxable costs allowed under 28 U.S.C. § 1920 are "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). "Fees of the clerk and marshal" include private process server fees. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000).

Also among the categories of taxable costs allowed under 28 U.S.C. § 1920 are "[f]ees for printed and electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This includes costs associated with obtaining deposition transcripts when they are necessarily obtained for use in the case. *See W&O, Inc.*, 213 F.3d at 620 ("Taxation of deposition costs is authorized by § 1920(2)."). That includes, for example, the use of a deposition in support of a summary judgment motion, *see Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009), or the transcript of a witness on a losing party's witness list, *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F. 3d 1207, 1225 (11th Cir. 2002). In this respect, the burden is on the non-prevailing party to demonstrate that a deposition cost was not necessary. "Because the parties presumably have equal knowledge of the basis for each deposition, unlike costs relating to photocopies, the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus*, 609 F. Supp. 2d. at 1137 (citing *W&O, Inc.*, 213 F.3d at 621).

Taxable costs under 28 U.S.C. § 1920(2) also include court reporter appearance fees and transcript costs. *Id.* Costs associated with video recording of a deposition are taxable when the deposition is noticed to be recorded by video and the recording is necessary for use in the case. *Morrison v. Reichhold Chems., Inc.*, 97 F. 3d 460, 465 (11th Cir. 1996). Transcripts of court conferences and hearings, such as discovery hearings, are taxable when they are necessarily obtained for use in the case. *In re Skanska USA Civ. Se.*, 700 F. Supp. 3d 1032, 1039 (N.D. Fl. 2023).

**DISCUSSION**

APA has taken a conservative approach to its bill of cost, limiting its request to those costs that were indisputably necessary for use in the case. What follows is an explanation of each of the expenses that comprise APA's bill of costs.

**I. Costs associated with service of two subpoena duces tecum, totaling $130.00.**

APA seeks reimbursement of the following process server costs.

- *$65.00, subpoena duces tecum to CCL Aviation; December 30, 2025; Veritext Legal Solutions; invoice no. 8903972 (see Attachment A to Bill of Costs at 1).*

- *$65.00, subpoena duces tecum to Atlas Air; December 30, 2025; Veritext Legal Solutions; invoice no. 8903741 (see Attachment A to Bill of Costs at 2).*

APA served subpoenas duces tecum on two entities that Plaintiff had identified as his employers for records showing the number of hours that Plaintiff had worked for those employers. The records were necessary to rebut assumptions upon which Plaintiff's damages calculations were based. Magistrate Judge Reid denied Plaintiff's request to quash these subpoenas. ECF No. 165, at 24-26 (Transcript); ECF No. 172 (Order). APA has limited the costs it seeks to the statutory fees recoverable by the United States Marshals under 28 U.S.C. § 1921 and 28 C.F.R. § 0.114 for service of subpoenas —*i.e.*, $65 for each subpoena served. *See Monelus*, 609 F. Supp. 2d. at 1333.

**II. Transcript and video costs associated with depositions, totaling $ 11,845.13.**

APA seeks reimbursement of the following transcription and video costs related to depositions.

- *$1,960.50, transcription costs of confidential and non-confidential portions of deposition of Plaintiff Lawrence Meadows; January 13, 2026; Esquire Deposition Solutions; invoice no. INV3469234; expedition, summary, administrative, and exhibit-related fees excluded (see Attachment A to Bill of Costs at 3-4).*

- *$1,415.63, video recording costs of deposition of Plaintiff Lawrence Meadows; January 13, 2026; Esquire Deposition Solutions; invoice no. INV3468026; administrative fee excluded (see Attachment A to Bill of Costs at 5-6).*

These costs relate to APA's deposition of the Plaintiff. APA designated portions of Plaintiff's deposition for use at trial, which it intended to display via video. ECF No. 274. APA also cited Plaintiff's deposition testimony in its summary judgment submission. ECF No. 238-3.

- *$1,192.25, transcription costs of part 1 of day 1 of deposition of Mark Myers; January 21, 2026; Amy Massey & Associates; invoice no. 15134 (see Attachment A to Bill of Costs at 7).*

- *$330.00, transcription costs of Part 2 of day 1 of deposition of Mark Myers; January 21, 2026; Amy Massey & Associates; invoice no. 15125 (see Attachment A to Bill of Costs at 8).*

- *$1,149.75, transcription costs of day 2 of deposition of Mark Myers; January 22, 2026; Amy Massey & Associates; invoice no. 15140 (see Attachment A to Bill of Costs at 9).*

- *$1,810.00, video recording costs of day 1 and 2 of deposition of Mark Myers; January 21-22, 2026; invoice no. 43868; Elite Video Productions, Inc. (see Attachment A to Bill of Costs at 10).*

Plaintiff deposed APA witness Mark Myers in his personal capacity and as a Rule 30(b)(6) witness for APA over two days in January 2026. Plaintiff noticed the deposition by video, and it was recorded by video. In May 2026, APA ordered a copy of the video of the depositions in the course of its trial preparations, as it reasonably anticipated that Plaintiff would seek to introduce deposition designations through video at trial, and the video would be necessary for any potential

counter designations that APA may seek to introduce. APA also relied on Mr. Myers' testimony in its summary judgment submission. ECF No. 238-3.

- *$475.00, transcription cost of deposition of Dr. Peter Wrobel; January 26, 2026; Esquire Deposition Solutions; invoice no. INV3469227; remote video conferencing, exhibit, and administrative costs excluded; (see Attachment A to Bill of Costs at 11).*

APA deposed Plaintiff's expert witness on damages via zoom in January 2026. APA ordered the transcript for use during cross examination at trial.

- *$802.00, transcript cost of deposition of Matt Barton; January 27, 2026; Mile High Court Reporting & Video, Inc.; invoice no. 7956; other costs excluded (see Attachment A to Bill of Costs at 12).*

Plaintiff deposed APA's expert witness on damages via zoom in January 2026. The transcript was necessary because Plaintiff had indicated that he intended to file a *Daubert* motion to exclude Mr. Barton's testimony from trial.

- *$300.00, transcript cost of deposition of Robert Glathe*; *February 26, 2026; Words Court Reporting Services; invoice no. 1624; exhibit and video connection costs excluded (see Attachment A to Bill of Costs at 13-14).*

Plaintiff subpoenaed and deposed third party witness Robert Glathe in February 2026. Mr. Glathe is outside of the subpoena power of the court, and APA anticipated that Plaintiff would seek to introduce Mr. Glathe's testimony via deposition transcript.

- *$2,410.00, transcript and video recording costs of deposition of Daniel Carey; March 4, 2026; Southwest Florida Reporting Services, Inc.; invoice no. 26090; exhibit and syncing costs excluded (see Attachment A to Bill of Costs at 15).*

Dan Carey is a former president of APA who appeared on APA and Plaintiff's initial disclosures. Plaintiff served a subpoena on Mr. Carey for his deposition and made arrangements for his deposition to be recorded via video. Both Plaintiff and counsel for APA questioned Mr. Carey at his deposition. APA relied on Mr. Carey's deposition testimony in its summary judgment

submission. ECF No. 238-3. APA also designated portions of Mr. Carey's deposition for use at trial, which it intended to introduce via video. ECF No. 274.

**III. Transcript costs associated with certain court proceedings, totaling $2,911.20.**

A number of discovery hearings took place before Magistrate Judge Reid in which Magistrate Judge Reid made rulings on discovery issues during the hearing. Those rulings were typically memorialized in subsequent orders. In virtually all instances, Plaintiff filed objections to Magistrate Judge Reid's on-the-record rulings. APA routinely ordered transcripts of such proceedings in connection with the preparation of its responses to Plaintiff's objections. APA seeks reimbursement of the following transcription costs related to status conferences and discovery hearings.

- *$677.74, discovery hearing held before Magistrate Judge Reid on October 28, 2025; Court Reporter Lisa Edwards; invoice no. 20250841; ECF No. 125 (see Attachment A to Bill of Costs at 16).*

Magistrate Judge Reid held a discovery hearing on a motion for protective order sought by APA on October 28. APA cited this transcript in subsequent filings in response to Plaintiff's motions seeking to vacate the protective order and for sanctions. *See* ECF No. 154, at 5; ECF No. 216, at 2; ECF No. 267, at 3; ECF No 268, at 2.

- *$1,140.26, discovery hearing held before Magistrate Judge Reid on January 7, 2026; Court Reporter Lisa Edwards; invoice no. 20260870; ECF No. 165 (see Attachment A to Bill of Costs at 17).*

Magistrate Judge Reid held a discovery hearing regarding several matters raised by Plaintiff on January 7, 2026. APA ordered an expedited transcript because Magistrate Judge Reid asked APA counsel at the conclusion of the hearing to prepare a proposed order based on the rulings made during the hearing. ECF No. 165, at 121. APA also cited the transcript in response to objections Plaintiff filed regarding rulings made during the hearing. ECF No. 185, at 2-3.

- *$450.80, status conference held before Magistrate Judge Reid on January 23, 2026; Court Reporter Lisa Edwards; invoice no. 20260886; ECF No. 194 (see Attachment A to Bill of Costs at 18).*

Magistrate Judge Reid held a discovery status conference on January 23, 2026. Although scheduled as a status conference, the parties presented argument regarding several requests by Plaintiff during the course of the proceeding, and Magistrate Judge Reid ruled upon those requests during the hearing. *See* ECF No. 193. APA cited the transcript of the proceeding in its response to objections Plaintiff filed regarding rulings made during the hearing. ECF No. 215, at 2-3.

- *$642.40, discovery hearing held before Magistrate Judge Reid on February 10, 2026; Court Reporter Lisa Edwards; invoice no. 20260890; ECF No. 209 (see Attachment A to Bill of Costs at 19).*

On February 10, 2026, Magistrate Judge Reid held a discovery hearing regarding several matters, including Plaintiff's request for leave to conduct a third deposition of Mark Myers and a motion by a third party to quash a subpoena from Plaintiff. *See* ECF No. 204. APA subsequently cited the transcript of this hearing in response to objections filed by Plaintiff to rulings made by Magistrate Judge Reid at the hearing. ECF No. 215, at 1 n.1, 3-6.

**CONCLUSION**

For the foregoing reasons, the clerk should enter an order taxing costs against Plaintiff and in favor of APA in the amount of $14,886.33.

**RULE 7.1(a)(3) CERTIFICATION**

On September 15, 2026, counsel for APA emailed Plaintiff to inform him of APA's intention to file a bill of costs, and provided to Plaintiff a copy of its proposed bill of costs and an itemized description of the amounts sought. APA counsel conferred with Plaintiff by telephone on September 17, 2026. Plaintiff informed APA that he cannot agree to APA's entitlement to costs or amounts and will dispute APA's costs after APA files its bill of costs.

Dated: September 17, 2026

*/s/ Shea C. Kleinman*
Shea C. Kleinman, Esq.
Florida Bar No.1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: skleinman@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*