**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

Plaintiff, **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

Defendants.
_______________________________________/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT (ECF NO. 309)**

Defendant Allied Pilots Association ("APA") respectfully submits this opposition to Plaintiff's motion for relief from judgment (ECF No. 309). This is the second motion Plaintiff has filed seeking to reopen the final judgment in this case. Plaintiff's first post-judgment motion (ECF No. 307), which remains pending, was styled as a motion to alter or amend the judgment under Fed. R. Civ. P. 59. The present motion (ECF No. 309) is styled as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(6). As in his first motion to reopen the judgment, Plaintiff's current motion reasserts arguments that he already raised on multiple occasions in repetitive filings prior to judgment. Those duplicative arguments have been squarely rejected by the Court and fare no better here. Plaintiff's motion is another improper attempt to relitigate settled issues, and it should be denied. In addition, in light of Plaintiff's incessant pattern of filing repetitive and frivolous motions such as the instant one, APA respectfully asks the Court to institute measures to curb Plaintiff's vexatious conduct.

## FACTUAL BACKGROUND

The facts pertaining to this case are recounted in Magistrate Judge Reid's comprehensive report and recommendation regarding APA's motion for summary judgment. ECF No. 269. Plaintiff is a former pilot of American Airlines who was terminated from American in 2011 pursuant to the then-operative collective bargaining agreement between American and APA (Plaintiff's former union), which allowed American to terminate pilots after they had been on disability and/or unpaid sick leave for five years or more. *Id.* at 3-4.

Plaintiff initiated this suit in 2017, and he filed an amended complaint in October 2018, which asserted claims regarding alleged events that had occurred between 2011 and 2018. *See* ECF No. 35 ¶¶ 219-392. In October 2018, Plaintiff served deposition and document subpoenas on a number of witnesses—including four in-house and outside lawyers for APA—that largely sought privileged information and information pertaining to events that occurred long after the alleged events at issue in the amended complaint. *See* ECF Nos. 100-1 to 100-6. APA promptly moved for a protective order that sought, among other things, to limit the temporal scope of discovery to matters occurring before December 31, 2021, as well as to prevent the disclosure of privileged information. ECF No. 100, at 8-12.

Oral argument was heard by Magistrate Judge Reid on APA's motion at a discovery hearing held on October 28, 2025. ECF No. 119. Magistrate Judge Reid granted APA's motion for a protective order (the "November protective order") in a written decision on November 13, 2025. ECF No. 138. In that decision, Magistrate Judge Reid limited discovery to matters occurring before December 31, 2021, finding that such a limitation was "reasonable and proportional to the needs of the case." *Id.* at 13. She also quashed six subpoenas that Plaintiff had issued to attorneys for APA, finding that they impermissibly sought information protected by the attorney-client

privilege, and she found that other subpoenas were improper in other respects. *Id.* at 7, 11. In so ruling, she rejected Plaintiff's argument that the crime-fraud exception to the attorney-client privilege applied to the attorney-client communications sought by the subpoenas. *Id.* at 11.

Thereafter, Plaintiff filed an objection to Magistrate Judge Reid's November protective order pursuant to Fed. R. Civ. P. 72(a). ECF No. 149. He also filed several motions either directly or collaterally attacking the November protective order. *See, e.g.*, ECF Nos. 144, 148, 158, 183, 205. Among the motions Plaintiff filed was a "motion to correct the record and for sanctions," which contended that APA's counsel had made several "material misstatements of fact" during the discovery hearing held before Magistrate Judge Reid on October 28, 2025. ECF No. 148, at 1. He also filed a motion, supported by two declarations from former APA President Ed Sicher, seeking to vacate the November protective order pursuant to Rule 60(b)(3) based on the same alleged misstatements by APA counsel. ECF No. 205.

On April 15, 2026, Magistrate Judge Reid issued an omnibus order that, among other things, denied Plaintiff's motion to correct the record and for sanctions. ECF No. 252, at 2. In the order, Magistrate Judge Reid described each of the alleged misrepresentations that Plaintiff claimed had been made by APA counsel at the October discovery hearing. *Id.* at 13. She found that "some of the statements Plaintiff refers to are merely argument and APA's interpretation of the facts," which "does not arise to the level of bad faith conduct that would warrant sanctions." *Id.* at 13-14. She also held that "[i]n any event, none of the alleged misrepresentations were material to this Court's reasoning in its protective order," explaining that "[t]he protective order was premised on the fact that the subpoenas constituted an impermissible use of Rule 45, and sought information

protected by the attorney-client privilege and not relevant to the claims asserted in the amended complaint." *Id.* at 14.[1] Plaintiff filed an objection to the order. ECF No. 259.

On April 27, 2026, Magistrate Judge Reid denied Plaintiff's Rule 60(b)(3) motion to vacate the November protective order, finding that certain statements made by APA's counsel at the hearing on the protective order, and which were the subject of the declarations from Mr. Sicher, were not misrepresentations and did not constitute fraud under Rule 60(b)(3). ECF No. 258, at 2. Plaintiff filed an objection to the order. ECF No. 264.

APA moved for summary judgment on April 1, 2026. ECF No. 237. On April 25, 2026, Plaintiff filed his response to APA's summary judgment motion, in which he moved for additional discovery pursuant to Rule 56(d). ECF No. 249. In support of his Rule 56(d) motion, Plaintiff repeated his contentions that the November protective order was "procured through numerous material misrepresentations of fact," and, as a result, he argued that it arbitrarily limited the scope of discovery in the case regarding alleged events that occurred after 2021. *Id.* at 4-5.

Magistrate Judge Reid issued her report and recommendation regarding APA's motion of summary judgment on May 25, 2026. ECF No. 269. Magistrate Judge Reid recommended denying Plaintiff's Rule 56(d) motion based on the finding that "Plaintiff fail[ed] to identify any part of APA's statement of material facts that any of the additional discovery he seeks would contest, or explain how that discovery would preclude summary judgment on any claim." *Id.* at 10. She also observed that much of the evidence Plaintiff sought was precluded by the November protective order. *Id.* at 11.

---

[1] In the same order, Magistrate Judge Reid denied a motion to file a declaration by former APA President Ed Sicher in support of his motion (ECF No. 183), finding that Plaintiff had not provided any explanation as to why he had not submitted the declaration with his motions. ECF No. 252, at 6.

Plaintiff thereafter filed an objection to Magistrate Judge Reid's report and recommendation. ECF No. 285. In that filing, Plaintiff once again argued that his Rule 56(d) motion should have been granted because he had been precluded from seeking discovery due to a protective order that had been procured through "material misrepresentations of fact." *Id.* at 4.

On August 18, 2026, the Court entered an order adopting Magistrate Judge Reid's report and recommendation, granting APA's motion for summary judgment, denying Plaintiff's Rule 56(d) motion, and denying all other pending motions as moot. ECF No. 304, at 1-2. In so ruling, the Court stated that it had "reviewed the Report de novo and is in agreement with Judge Reid's comprehensive analysis and recommendations." *Id.* at 1.

**LEGAL STANDARD**

Fed. R. Civ. P. 60(b)(3) permits a court to relieve a party from a final judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." This rule requires that the moving party "prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct," and that the conduct "preventing [the party] from fully presenting his case." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003), *rehr'g and rehr'g en banc denied sub nom., In re Waddell*, 77 F. App'x 510 (11th Cir. 2003).

Fed. R. Civ. P. 60(b)(6) is a catchall provision permitting a court to relieve a party from a final judgment for "any other reason that justifies relief." Such relief should only be applied in "extraordinary circumstances," as the "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212-13 (2025) (citation modified). Rule 60(b)(6) only applies to reasons that are not already covered by other prongs of Rule 60(b), such as Rule 60(b)(3). *Id.* at 211.

## ARGUMENT

Plaintiff's motion is his second motion to reopen the final judgment in this matter and also his second Rule 60(b) asserting his oft-repeated and thoroughly dispelled contention that APA's counsel made misrepresentations at the oral argument regarding the November protective order. Plaintiff's contentions have been fully considered and addressed by the Court, and, as such, his Rule 60 motion should be denied—again. In addition, the Court should issue an injunction to curb Plaintiff's vexatious litigation conduct in the future.

### I. Plaintiff's Rule 60(b)(3) Motion Should be Denied, as the Court Has Previously Considered and Rejected Plaintiff's Contentions of Fraud in Connection with the Protective Order

Plaintiff's post-judgment Rule 60(b) motion raises the same arguments that have previously been considered and rejected by the Court, and it should be denied for that reason alone. In two separate decisions (ECF Nos. 252, 258), Magistrate Judge Reid fully addressed Plaintiff's contention that the protective order was "procured" through "misrepresentations" by APA's counsel, finding that APA's counsel had not made any misrepresentations and also that "[i]n any event, none of the alleged misrepresentations were material to this Court's reasoning in its protective order." ECF No. 252, at 14. In addition, in the second decision, Magistrate Judge Reid specifically considered Plaintiff's contention under a Rule 60(b)(3) standard and found it had not been met. ECF No. 258, at 2.

The Court also implicitly considered and rejected the same contention by Plaintiff in connection with his Rule 56(d) motion, in which he argued again that the protective order was procured through misrepresentation and prevented him from conducting necessary discovery.

*Supra* at 4-5. Magistrate Judge Reid found, and the Court agreed, that Plaintiff had not shown that any of the discovery he sought would preclude entry of summary judgment for APA. *Id.*

Plaintiff is not entitled to yet another bite of the apple on this issue, and his motion should be denied for this reason alone. In any event, lest there be any doubt, Plaintiff has not remotely established that the final judgment in this matter was obtained through "fraud, misrepresentations, or other misconduct," let alone "by clear and convincing evidence." *Supra* at 5. APA provided a detailed response to Plaintiff's allegations in response to earlier motions, explaining why each of the statements made by APA's counsel at the October 2025 discovery hearing were accurate (ECF No. 154)—as well as why the two declarations from Mr. Sicher that Plaintiff attached to his first Rule 60(b)(3) motion did not demonstrate otherwise (ECF No. 216).

Magistrate Judge Reid demonstrated in her two decisions that she had considered all the arguments and evidence submitted by Plaintiff before rejecting his arguments on the merits. ECF Nos. 252, 258. Contrary to Plaintiff's claim (ECF No. 309, at 4) that Magistrate Judge Reid did not consider the declarations from Ed Sicher that he had submitted in connection with his first Rule 60(b)(3) motion, Magistrate Judge Reid specifically considered the two contentions about alleged misrepresentations by APA counsel that Plaintiff claims were supported by the Sicher

declarations and found that they lacked merit.[2] Ultimately, she concluded that there was no fraudulent conduct by APA's counsel, let alone conduct that justified vacating the protective order.[3]

Nor, for that same reason, has any alleged misrepresentation by APA's counsel prevented Plaintiff from "fully presenting his case." *Supra* at 5. Magistrate Judge Reid was explicit in her decision that the alleged misrepresentations were not material to the reasons why she entered the protective order. ECF No. 252, at 14. Plaintiff has not identified any prejudice in his motion either. He asserts that he was unable to depose former APA Presidents Dan Carey and Sicher, as well as

---

[2] Specifically, Magistrate Judge Reid found as follows:

> First, the Court already determined that Ms. Edwards and Plaintiff merely had a prospective client relationship—Ms. Edwards did not represent Plaintiff in his lawsuit against American Airlines. [ECF No. 252 at 12]. Thus, the statements made by Attorney Pellettieri at the hearing regarding Ms. Edwards did not constitute fraud upon the Court. Second, the Court finds that Attorney Pellettieri's statement that "the settlement did not include [Plaintiff] and did not provide relief to [Plaintiff]," [ECF No. 125 at 20], is an accurate statement because the settlement of grievance 23-031 stated that "[Plaintiff] is deemed not to be an Eligible Individual under this Agreement, and thus, he is not eligible for reinstatement under this Agreement." [ECF No. 205 at 26]. Therefore, the settlement agreement did not provide relief to Plaintiff and Attorney Pellettieri's statement cannot constitute fraud upon the Court.

ECF No. 258, at 2.

[3] Plaintiff's allegations about APA's counsel statements at the discovery hearing are part of a pattern of attacking the integrity of opposing counsel, as well as judges, when he does not get his way. *See* Pl.'s Mot. for Sanctions, *Meadows v. Am. Airlines, Inc.*, No. 1:10-CV-22175 (S.D. Fla. Oct. 16, 2013), ECF No. 87, at 2 (seeking sanctions against opposing counsel for "continued unethical conduct [that] shocks the Plaintiff[']s sensibilities"); Pl.'s Mot. for Relief, *Meadows v. APA*, No. 2:14-CV-00115 (D. Utah Aug. 31, 2016), ECF No. 60, at 3, 7-12 (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgment against Meadows"); Pl.'s Mot. for Rule 60(b) Relief, *Meadows v. Am. Airlines, Inc.*, No. 1:10-CV-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89, at 2, 20 (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); Am. Mot. to Intervene, *EEOC v. Am. Airlines, Inc.*, No. 2:17-CV-04059 (D. Ariz. Apr. 2, 2018), ECF No. 12, at 13, 25, 27 (in seeking intervention, claiming that the "[p]arties have engaged in an egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this Court" and a "conflict of interest"). Earlier in this case, Plaintiff even accused Judge King of bias and favoritism. ECF No. 24, at 2, 7-8.

APA lawyers James Clark and Mark Myers due to the protective order. ECF No. 309, at 5-6. That is not true: Plaintiff deposed both Mr. Myers (over two days) and Mr. Carey, and he submitted three declarations from Mr. Sicher in support of his various motions and opposition to summary judgment as well. *See* ECF No. 238-3, Exs. 2-4 (excerpts of M. Myers deposition), Ex. 5 (excerpts of D. Carey deposition); ECF No. 251-1 (containing E. Sicher declarations).[4]

In addition to these fatal defects, Plaintiff's motion fails for an additional reason. Plaintiff has not shown that any of the post-2021 evidence that Plaintiff sought would have precluded summary judgment for APA in light of the specific legal reasons that the Court entered summary judgment on those claims. As APA has explained (ECF No. 254, at 3-8), and as Magistrate Judge Reid found (ECF No. 269, at 9-12) and this Court affirmed (ECF No. 304), each of the counts in Plaintiff's amended complaint suffered from legal defects as to which additional discovery would have been immaterial. For instance, the Court held that Counts I and II are barred by the applicable statute of limitations; Count III involved a union base grievance filed in 2012 that did not pertain to Plaintiff; Counts IV and V are preempted by federal labor law; Counts VI and VII rested on an incorrect legal premise that federal law prohibits unions from distinguishing between active and inactive members; and Count VIII was barred by res judicata and otherwise failed as a matter of law because it did not involve union discipline. ECF No. 269, at 12-26. The post-2021 evidence barred by the protective order was not material to any of these reasons that Plaintiff's claims each failed as a matter of law—a reality that Plaintiff has never acknowledged.

---

[4] At a hearing on February 23, 2026, APA informed Plaintiff and Magistrate Judge Reid that APA did not oppose Plaintiff seeking to depose Mr. Clark with respect to non-privileged matters within the discovery period delineated by the protective order. *See* February 23, 2026 Tr. at 32. However, Plaintiff never sought to take a deposition limited to such matters.

## II. Plaintiff's Rule 60(b)(6) Motion Should be Denied Because He Has Not Shown any "Extraordinary Circumstances"

Plaintiff makes assertions in his motion that do not involve any allegations of fraudulent conduct that would justify relief under Rule 60(b)(3). These assertions also do not constitute "extraordinary circumstances" justifying any relief under Rule 60(b)(6). Two merit brief attention.

First, Plaintiff asserts that, in analyzing his contentions about the crime-fraud exception to the attorney-client privilege, Magistrate Judge Reid did not properly apply *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386 (11th Cir. 1994), *opinion modified on rehr'g*, 30 F.3d 1347 (11th Cir. 1994), which Plaintiff claims "holds that bad-faith grievance handling under the RLA satisfies the prima facie fraud prong" of the crime-fraud exception doctrine. ECF No. 309, at 3. *Cox* holds no such thing. *Cox* concerned RICO claims against a union for breach of fiduciary duty. In its lengthy decision, the Eleventh Circuit considered whether the crime-fraud exception applied to otherwise privileged communications sought in discovery in that case, and the Court separately considered an argument that a different exception to the attorney-client privilege found to exist in the context of shareholder derivative suits (the "*Garner*" exception) should be extended to claims by union members against their unions. 17 F.3d at 1414-17. The Court found that the crime-fraud exception did not apply given the facts at hand, *id.* at 1417, and it likewise declined to extend the *Garner* exception to claims by union members against their union in light of the factual circumstance of the case, *id.* at 1415-16. Plaintiff's assertions about Magistrate Judge Reid's misapplication of *Cox* are without merit and do not remotely qualify as extraordinary circumstances warranting relief under Rule 60(b)(3).

Second, Plaintiff asserts that he has been treated disparately by the Court in comparison to a plaintiff who sued APA in a different case, asserting that the other plaintiff was able to depose Mr. Myers, Mr. Carey, and Mr. Sicher, while he had not been. ECF No. 309, at 3. As discussed

*supra* at 8-9, Plaintiff *did* depose Mr. Myers and Mr. Carey, and he submitted multiple declarations from Mr. Sicher. In any event, the claims in this case are not the "very same" claims that were asserted in the other case. *Compare* ECF No. 35 (amended complaint) *with Emery v. APA*, No. 9:14-CV-80518 (S.D. Fla. Sep. 19, 2016), ECF No. 16 (amended complaint). In any event, there was no issue in that case about a party seeking substantial discovery about post-complaint events, as there was here.

In summary, Plaintiff has presented no reason for the Court to vacate the judgment in this matter under either Rule 60(b)(3) or (b)(6).

## III. The Court Should Institute Measures to Curb Plaintiff's Vexatious Conduct

Plaintiff has now filed two meritless post-judgment motions seeking to relitigate matters that have been settled through the Court's prior rulings. These motions are consistent with Plaintiff's pattern of repetitive filings seeking the same relief on substantially the same frivolous grounds. *See supra* at 1. His vexatious conduct imposes burdens on the Court and APA alike.

The Eleventh Circuit has held that district courts may place pre-filing screening restrictions on litigious parties, so long as they do not completely foreclose the party from access to the court. *See, e.g.*, *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("This Court has upheld pre-filing screening restrictions on litigious plaintiffs."); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."); *Suntrust Bank v. Gaeta*, No. 8:10-CV-31-T33AEP, 2010 WL 1049800, at *2 (M.D. Fla. Mar. 22, 2010) (entering "*Martin-Trigona* injunction" with respect to future actions by vexatious plaintiff).

At least one court has entered a similar order with respect to Plaintiff. In an earlier, unsuccessful case that Plaintiff filed against APA in the District of Utah, the court denied a post-

judgment Rule 59 filed by Plaintiff, adding that "the case is closed and no additional filings are warranted." *Meadows v. APA*, 2:14-CV-00115 (D. Utah Aug. 31, 2015), ECF No. 50. Plaintiff nonetheless thereafter filed a Rule 60(b) motion, a motion for sanctions against APA's counsel, and a motion seeking the district court judge's recusal due to "deep seated favoritism" of APA, all while his appeal of the final judgment in that matter was pending. *See id.* ECF Nos. 60, 63 65 (Aug. 31, Sep. 27 and 28, 2016). The district court, noting that Plaintiff had been previously ordered "to cease untimely and meritless filings", ordered that "[n]o additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved." *Id.* ECF No. 67 (Oct. 4, 2016).

Plaintiff has embarked on a similar pattern of repetitive and vexatious filings here. To conserve its resources and the resources of the Court, APA respectfully requests that the Court enjoin Plaintiff from filing any additional motions in this matter without first obtaining leave of the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Rule 60(b) motion (ECF No. 309) should be denied. Further, the Court should enjoin Plaintiff from filing any additional motions in this matter without first obtaining leave of the Court.

Dated: September 25, 2026

Respectfully submitted,

*<u>/s/ Shea Kleinman</u>*
Shea Kleinman, Esq.
Florida Bar No.1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900

Miami, Florida 33131
Telephone: (305) 428-5309
Email: ddymowski@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*