**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED BY [signature] D.C.
SEP 28 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**LAWRENCE MEADOWS,**
Plaintiff,

**v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**
**HONORABLE JUDGE ED ARTAU**
_______________________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(3) AND 60(b)(6)**

Plaintiff Lawrence Meadows respectfully submits this reply to Defendant Allied Pilots Association ("APA") opposition (ECF No. 317) to Plaintiff's motion for relief from final judgment pursuant to Fed. R> Civ. P. 60(b)(3) and 60(b)(6) (ECF No. 309).

## PRELIMINARY STATEMENT

APA's opposition recasts Plaintiff's motion as repetitive disagreement with discovery rulings. That is not the question presented. Plaintiff seeks relief because the final judgment was entered after a restrictive protective order allegedly obtained through material factual misrepresentations, after sworn evidence challenged those representations, and while objections to foundational discovery rulings remained unresolved. The issue is whether Plaintiff was prevented from fully presenting evidence material to summary judgment—not whether Plaintiff is entitled to relitigate every prior ruling.

APA's opposition confirms the central dispute. APA contends that its counsel's statements were accurate, that the statements were immaterial, and that the evidence Plaintiff sought could not have affected the judgment. Those are contested factual and causal propositions. They cannot

be converted into a categorical "law of the case" bar merely by repeating conclusions from prior interlocutory orders. Plaintiff's objections to the foundational rulings (ECF Nos. 149, 259, 260, 264)—including the Rule 72(a) objections directed to ECF Nos. 252 and 258—were presented as substantial record challenges, not as ordinary dissatisfaction with discovery management.

## I. APA'S "REPETITION" ARGUMENT DOES NOT RESOLVE THE RULE 60 CHALLENGE

APA relies principally on the Magistrate Judge's orders ECF Nos. 252 and 258 denying Plaintiff's motions detailing APA counsel's misrepresentations used to obtain a highly restrictive protective order (ECF No. 138). Those orders addressed the protective order and related motions (ECF Nos. 148, 205) before final judgment, but denying Plaintiff's timely filed fully briefed Objections (ECF Nos. 259, 264)—which were never resolved. Plaintiff's present motion concerns the judgment entered after the discovery restrictions were used in the summary-judgment process. The procedural posture matters: the alleged misconduct is relevant not only to the protective order itself, but also to whether the resulting incomplete record supports final judgment.

Plaintiff recognizes that Rule 60 is not a substitute for an appeal and does not seek to reopen ordinary disagreements. But Rule 60(b)(3) exists for circumstances in which fraud, misrepresentation, or misconduct by an opposing party prevented a full and fair presentation. Because Plaintiff previously placed the Court on notice of the issue does not immunize the conduct from review; it shows that Plaintiff preserved the issue and sought review before judgment.

APA also characterizes the Court's ruling (ECF Nos. 304, 306) on Plaintiff's Rule 56(d) motion (ECF Nos. 250, 251, 251-1) as an implicit rejection of the Rule 60 claim. That argument collapses distinct inquiries. Rule 56(d) asks whether the requesting party identified facts that additional discovery could develop and why those facts would preclude summary judgment. Rule

60(b)(3) asks whether opposing-party misconduct prevented a full and fair presentation. The rulings may overlap factually, but one does not automatically decide the other.

## II. THE RECORD SUPPORTS A GENUINE MATERIALITY AND CAUSATION ISSUE

APA says that counsel's statement that the settlement agreement[1] did not include Plaintiff was accurate because the agreement ultimately deemed Plaintiff ineligible for reinstatement. That answer addresses the ultimate benefit, not the full context of the statement. The record identifies Plaintiff as an "Identified Individual" addressed by the settlement and identifies Plaintiff's contractual grievances and related issues (ECF Nos. 148 at 14, Meadows Decl. ¶ 10, Ex. G at 2, ¶¶ 1-2; 180, Ex. 3, Sicher Decl. ¶ 30, Ex. K). Plaintiff's position is that the settlement's treatment of him and his grievances was material to the discovery concerning union membership rights, grievance handling, and post-2021 conduct, particularly as it relates to Counts III-VIII of the First Amended Complaint (ECF No. 35). The Court should evaluate the agreement, the transcript, along with declarations of former APA President Sicher ("Sicher") (ECF Nos. 251-1, Exs. D and F; 285 Ex. 1), rather than treating the word "include" as dispositive of every factual and legal question.

APA alternatively says that the statements were immaterial because the protective order rested on privilege, Rule 45 defects, and relevance. But the order also imposed a broad arbitrary temporal restriction—obtained by APA counsel's alleged misrepresentations during the October 28, 2025 protective order hearing (ECF No. 148 at 4-8)— the subject of Plaintiff's objections to the Magistrate Judge's rulings (ECF Nos. 252, 258), including ECF Nos. 259 and 264—and quashed subpoenas directed to the eight key witnesses and subjects Plaintiff identified as material.

---

[1] On January 15, 2025, this settlement agreement was signed in secret between APA and American Airlines, Inc. after APA's former President Ed Sicher refused to sign and leave any pilot behind, (ECF No. 180, Ex. 3 Sicher Decl., ¶¶ 28, 30, Ex. K), and extinguished Plaintiff's contractual seniority reinstatement grievances 23-031, 12-012, and 12-011, with prejudice for zero value, and without notice. Despite Plaintiff being explicitly named and defined as an "Identified Individual" in the plain and unambiguous language of the agreement, to date APA has never personally provided him a copy of the settlement agreement.

Plaintiff's motion identifies the witnesses and evidence affected, including testimony concerning grievance handling, membership status, the settlement, and APA's post-2021 conduct. Whether each item would ultimately prevail on the merits is not the same as whether the evidence was material to Plaintiff's ability to oppose summary judgment.

The causal chain is therefore straightforward: (1) counsel's statements were used in seeking protective order restrictions; (2) the restrictions limited access to key witnesses and records; (3) Plaintiff identified those witnesses and records in connection with Rule 56(d); and (4) summary judgment was entered on a record Plaintiff contends was materially incomplete. APA may dispute each link, but the dispute is not resolved by saying the evidence was "immaterial" in the same order whose foundation is challenged.

**III. APA'S CLAIM THAT PLAINTIFF HAD THE EVIDENCE DOES NOT ANSWER THE MOTION**

APA correctly notes that Plaintiff deposed secondary witnesses Mark Myers and Dan Carey, and submitted the Sicher declarations, but fails to acknowledge it quashed subpoenas of his eight key witnesses. Plaintiff does not contend that no discovery occurred, but instead the protective order (ECF No. 138)—created a key witness blockade and arbitrary temporal limitation of December 31, 2021—resulting in a prejudicially truncated and unsettled evidentiary record. The narrower point is that the protective order prevented the particular testimony (particularly from former APA President Sicher), documents, and contemporaneous communications that Plaintiff needed to test APA's factual account and to develop the Rule 56(d) record. Depositions of some witnesses do not establish that all material evidence was available. The record identifies a concrete subpoena and ESI issue: Plaintiff's Spoliation Motion documents APA counsel, Joshua Shiffrin's January 14, 2026 written statement that "APA does not possess any text messages" responsive to the requests, while also identifying responsive texts that Plaintiff possessed (ECF No. 187, Ex. 3).

Mr. Shiffrin's January 14 statement was made shortly after Plaintiff re-subpoenaed these text messages under Rule 30—as APA asserted should be done in its original motion for protective order (ECF No. 100)—and was three months after APA argued that Plaintiff's original Rule 45 subpoenas for nonparty emails and texts was improper. Plaintiff's Spoliation Motion is not offered as a final finding of spoliation; it is offered to show why the evidence and preservation issues were material to the Rule 56(d) record—and that Plaintiff's timely sought Objection (ECF Nos. 303, 307, Ex. A), to the Magistrate Judge's denial of the spoliation motions (ECF No. 302) was never allowed to be full briefed or resolved, before final judgment was abruptly entered.

The relevant question is not whether Plaintiff possessed any evidence. It is whether the challenged restrictions prevented him from fully presenting material evidence. Plaintiff identified the evidence in his sworn Rule 56(d) materials and in rule 60 motion (ECF No. 309). The three Sicher declarations (ECF Nos. 180, Ex. 3, Sicher Decl.; 251-1, Exs. D and F, Sicher and Sicher Supp Decls.; and 285, Ex. 1, Second Sicher Supp Decl.) further identify the subjects on which the unavailable testimony would bear. The Myers production issue is also record-supported: Plaintiff's Spoliation Motion identifies a fourth late-filed tranche of documents that were not keyword searchable and not produced until 9:05 a.m. on January 21, 2026—seven weeks after APA's production deadline—five minutes after the deposition of APA's 30(b)(6) designee, Mark Myers, was scheduled to begin (**Exhibit 1**, Myers Depo Trns. Vol. 3, at 7:22-8:16; see also ECF No. 187 at 4). Plaintiff's Rule 59 Motion separately identified that issue's connection to the proposed Rule 72(a) objection (ECF No. 307 at 2–4, Ex. A).

## IV. APA'S ASSERTED INDEPENDENT MERITS DO NOT DEFEAT RULE 60 RELIEF

APA argues that limitations, preemption, the grievance-specific ruling, the active/inactive membership distinction, and res judicata independently defeat the claims. Those arguments belong

to the merits, but they do not eliminate the Rule 60 inquiry. Several of the identified grounds depend on factual premises that Plaintiff contends the restricted discovery would have tested, including the scope and application of the grievances, Plaintiff's membership status, the settlement's treatment of Plaintiff, and the nature of the alleged post-2021 conduct.

Plaintiff is not asking the Court in this reply to decide every claim. He asks the Court to determine whether the judgment should remain final when the evidence necessary to contest those premises was allegedly restricted through misrepresentation and the resulting timely filed fully briefed objections (ECF Nos. 259, 264) which were not resolved before final judgment. If the Court concludes that the asserted merits grounds are independently dispositive after a full and fair record, it can say so after addressing the Rule 60 issue. APA cannot obtain that result simply by assuming the truth of the very premises Plaintiff sought discovery to test.

**V. APA'S RESPONSE TO THE CRIME-FRAUD ARGUMENT IS ERRONEOUS**

APA argues that *Cox* does not hold that bad-faith grievance handling automatically satisfies the crime-fraud standard. Plaintiff does not rely on *Cox* as an automatic rule. The relevant point is that the crime-fraud exception only requires prima facie evidence of fraud, not proof of a criminal conviction as the Magistrate Judge otherwise asserted during the October 28, 2025 protective order hearing and in her order (ECF Nos. 125, Hrg. Trans., 33:1-35:15; 138 at 7). The protective-order record should be evaluated under that standard and in light of the specific evidence Plaintiff identified, including the settlement, grievance history, and sworn declarations.

Even if the Court determines that *Cox* was cited too broadly, that does not resolve the independent Rule 60(b)(3) ground. The motion rests on alleged material misrepresentations, the resulting discovery restrictions, and prejudice to the summary-judgment presentation. The Court may correct the legal framing without treating the entire motion as frivolous.

## VI. EMERY IS CONTEXT, NOT THE SOLE BASIS FOR RELIEF

APA distinguishes *Emery v. Allied Pilots Assoc.*, by pointing to different pleadings and a different discovery posture. Plaintiff does not contend that *Emery* automatically controls this case. Plaintiff's *Emery* materials identify overlapping APA witnesses, DFR and LMRDA claims, grievance-related representation and associated subject matter; including, APA's locking out of Plaintiff, Emery and 950 other similarly situated disabled pilots from its virtual union hall—its member's only electronic discussion forum, "Challenge and Response", hosted on APA's website. (*Emery v. Allied Pilots Assoc.,* FLSD, Case No. 14-cv-80518-Hurley; ECF Nos. 16, Counts I and II at 20-22; 159, Final Ruling at 12-18).

Emery is contextual evidence that APA witnesses and related subject matter were treated as discoverable in comparable litigation. Plaintiff's Rule 60 motion independently rests on this case's transcript, protective order, sworn declarations, objections, and summary-judgment record.

## VII. RULE 60(b)(6) PROVIDES AN ALTERNATIVE BASIS FOR LIMITED RELIEF

APA correctly states that Rule 60(b)(6) is reserved for extraordinary circumstances and cannot simply duplicate Rule 60(b)(3). Plaintiff invokes Rule 60(b)(6) in the alternative based on the combined circumstances: unresolved objections to foundational rulings affecting fitness of counsel, integrity of record evidence, and scope of the case (ECF Nos. 149, 259, 260, 264), the alleged inability to develop material evidence, the timing of the final judgment, and the need to preserve the integrity of the judicial process. Plaintiff does not ask the Court to use Rule 60(b)(6) as a second merits appeal.

At minimum, the Court may grant alternative relief short of immediate final judgment—such as reopening the record for a focused evidentiary hearing or permitting consideration of the pending objections—if it concludes the record is insufficient to resolve the alleged misconduct.

## VIII. APA'S REQUEST FOR A PREFILING INJUNCTION SHOULD BE DENIED

### A. APA's Pre-filing Injunction Request Is Unsupported by the Record

APA's request for an order barring Plaintiff from filing motions without leave is not justified by this record. Back on December 4, 2025, APA made substantially the same request within its opposition (ECF No. 154 at pages 12-13) to Plaintiff's motion to correct the record and for sanctions (ECF No. 148), then asking for prefiling approval for future motions. The Magistrate Judge's omnibus order (ECF No. 252) denied the sanctions motion but does not expressly dispose of APA's request on the face of the order reviewed. Nothing in the materials reviewed shows that the Court granted the request, or ever adjudicated Plaintiff's pleadings as, vexatious, frivolous, or meritless. Nor has any other Court or tribunal ever ruled Plaintiff pleadings as such. Plaintiff's Rule 60 motion simply invokes a recognized post-judgment rule, identifies specific alleged misconduct, cites sworn declarations and transcript evidence, and was filed while related objections and post-judgment proceedings were pending. APA's disagreement with the motion does not establish frivolousness.

APA's current request is effectively yet another request for independent injunctive relief, this time within its opposition to Plaintiff's Rule 60 motion. While there is no absolute rule requiring a separate captioned motion in every circumstance, the Court should not grant a filing restriction without affording Plaintiff due process of fair notice, a fully developed record, and a meaningful opportunity to respond and be heard, before implementing APA's requested remedy. Here, to support its argument APA cites *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("this Court has upheld pre-filing screening restrictions on litigious plaintiffs"), and *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). Both are distinguishable and inapposite, because they involved a fully developed sanctions record sufficient to support notice and an

opportunity to be heard. Moreover, those cases concerned litigants—unlike Plaintiff—who had documented histories of hundreds of frivolous filings and explicit court findings of abuse.[2]

Therefore, the Court should deny APA's request for a filing restriction.

Arguendo, even if any such restriction is entered it must be narrowly tailored, preserve meaningful access to the court, and not interfere with Plaintiff's ordinary Rule 59, Rule 60, bill of costs' objection, or appellate filings. Plaintiff has a right to complete the available post-judgment process, and if necessary, pursue appellate review. APA's older accusations and unfavorable characterizations do not establish that the instant rule 60 motion (ECF No. 309) is frivolous or meritless. The request should therefore be denied outright; alternatively, any order should be limited to objectively defined abusive filings, and only after notice and an opportunity to be heard, without barring filings authorized by federal rules or court order.

Plaintiff further notes that this Court's prior orders provide relevant context for the present discovery dispute, but he does not ask the Court to decide those issues in this reply. Notably, the Honorable K. Michael Moore previously ruled that APA's conduct "is unreasonable and does not justify its prolonged delay…" and denied its motion to dismiss as untimely, (ECF Nos. 70 at 2; 91 at 2). Now, APA seeks to brand Plaintiff as "vexatious" for allegedly filing "repetitive" motions, but APA's same pattern of prolonged delay made the motions necessary.

Here, in its instant opposition, APA uses verifiably false misstatements and misattribution of federal court orders to ask this Court to punish Plaintiff for filing the necessary litigation to

---

2 In *Martin-Trigona*, the family filed 250 civil suits, with two dozen appeals in the Eleventh Circuit and at least thirteen lawsuits in the FLSD alone. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). In *Procup*, the district court enjoined a prisoner—who filed an estimated 300 cases, including 176 in Florida—from filing anything without an attorney; the Eleventh Circuit vacated it as overbroad and warned that an absolute bar would be unconstitutional. *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). In contrast, Plaintiff filed only four lawsuits against APA over twelve years. APA identifies no comparable adjudicated finding in this case, or any other case or Court that Plaintiff is frivolous or vexatious.

pursue the only remedies that American Airlines' bankruptcy court proceedings allowed him to pursue—grievances 12-011 and 12-012. Both of which APA abandoned along with its DFR.

**B. APA's Misstatements Regarding Its Pre-Filing Injunction Request**

APA states that the Utah District Court ("UDC") ordered Plaintiff "to cease untimely and meritless filings." APA's Opp.. at 11. That statement is false, and the falsity is verifiable from the order itself. (**Exhibit 2,** UDC Order ECF 67). The opening paragraph of UDC Order ECF 67 read: "The case is closed. See Doc. 50. Plaintiff has filed an appeal which is currently pending. **Furthermore, defendant** [APA] **has been ordered to cease untimely and meritless filings.**" [Emphasis added]. The order then states, on the following page: "No additional pleadings will be accepted for filing or docketed in this case, and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved." (*Id.* at 2).

APA's brief materially misattributes the "untimely and meritless" language to Plaintiff. The order in fact attributes it to the defendant APA, who did not paraphrase loosely—it reversed the subject of the court's sentence and presented the reversal as a quotation. A party seeking a pre-filing injunction cannot rest that request on a misrepresentation of the record it cites. APA's Opp. at 11 also cites UDC Order ECF 50 for the same proposition. ECF 50 says only that "the case remains closed and plaintiff is cautioned to cease filing additional documents" and "no additional filings are warranted." It contains no finding that any filing was untimely or meritless as APA otherwise falsely asserts. (**Exhibit 3**, UDC Docket).

APA asks the Court to restrict Plaintiff's access to the courts on the ground that Plaintiff has been found vexatious—when the only court order APA cites identifies Defendant APA as the party ordered to cease untimely and meritless filings. Now, APA is asking this Court to impose that same restriction on Plaintiff. That is not a basis for equitable relief—it is a reason to deny it.

The Court should deny APA's request for a pre-filing injunction on that ground alone.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny APA's request for a pre-filing injunction; grant relief under Rule 60(b)(3) or, alternatively, Rule 60(b)(6); vacate or otherwise reopen the Final Judgment; and grant such focused alternative relief as the Court deems appropriate, including an evidentiary hearing or reopening of discovery. Plaintiff requests that the Court evaluate the challenged evidence and causal prejudice rather than treat prior interlocutory rulings as a categorical bar to review of the final judgment.

Dated: September 28, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

**CERTIFICATE OF SERVICE**

I, Lawrence M. Meadows, Plaintiff, hereby certify that on September 28, 2026, a true and correct copy of the foregoing was served via the Court's CM or ECF system, Email, and U.S. Mail on counsel of record.

Lawrence M. Meadows

**SERVICE LIST**

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| LAWRENCE MEADOWS<br>Plaintiff, | *<br>*<br>* |
| v. | * CASE NO.<br>* 1:17-cv-22589-EA |
| ALLIED PILOTS ASSOCIATION,<br>ET AL.,<br>Defendants. | *<br>* HONORABLE JUDGE<br>* ED ARTAU |

*******************************************

ORAL AND VIDEO DEPOSITION OF

MARK MYERS, INDIVIDUALLY AND AS CORPORATE REPRESENTATIVE
FOR
ALLIED PILOTS ASSOCIATION

JANUARY 22, 2026

VOLUME 3

*******************************************

ORAL AND VIDEO DEPOSITION OF MARK MYERS, INDIVIDUALLY AND AS CORPORATE REPRESENTATIVE FOR ALLIED PILOTS ASSOCIATION, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and -numbered cause on the 22nd day of January, 2026, from 9:32 a.m. to 3:27 p.m., before Amy Massey, CSR in and for the State of Texas, reported by machine shorthand, at the offices of Spark Coworking, 1000 Ballpark Way, in the City of Arlington, County of Tarrant, State of Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

A P P E A R A N C E S

FOR THE PLAINTIFF, LAWRENCE MEADOWS:

MR. LAWRENCE MEADOWS
Pro Se
1900 Sunset Harbour Drive
Number 2112
Miami Beach, Florida 33139
516-982-7718
lawrencemeadows@yahoo.com

FOR THE DEFENDANT, ALLIED PILOTS ASSOCIATION, ET AL:

MR. JOSHUA B. SHIFFRIN
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W.
Suite 1000
Washington, D.C. 20005
202-842-2600
jshiffrin@bredhoff.com

Also Present:

Mr. Brian Primavera, Videographer
Elite Video Productions
214-747-1952
info@elitevideoproductions.com

Captain Brian Ostrom

INDEX

PAGE

Appearances . . . . . . . . . . . . . . . . . . . . . 2

Stipulations . . . . . . . . . . . . . . . . . . . . 1

MARK MYERS, INDIVIDUALLY AND AS CORPORATE REPRESENTATIVE FOR ALLIED PILOTS ASSOCIATION

Direct Examination by Mr. Meadows . . . . . . . . . 7

Signature and Changes . . . . . . . . . . . . . . . .269

Reporter's Certificate . . . . . . . . . . . . . . .271

REPORTER'S NOTE: Quotation marks used are for the ease of reader and may not indicate an actual quote.

(Exhibits marked by Plaintiff prior to deposition.)

P R O C E E D I N G S

THE VIDEOGRAPHER: We are on the record at the 9:32. Today is Thursday, January 22nd, 2026. This is the videotaped deposition of Mark Myers. It's being taken in the matter of Lawrence Meadows versus Allied Pilots Association, et al, filed in the United States District Court, Southern District of Florida, Miami Division, Civil Action Number 1:17-cv-22589-EA.

Will counsel please state their appearances and any agreement for the record.

MR. MEADOWS: Lawrence Meadows, plaintiff, proceeding pro se. With me is my observer and exhibit logger, Captain Brian Ostrom.

MR. SHIFFRIN: Joshua Shiffrin, counsel for the Allied Pilots Association.

THE VIDEOGRAPHER: Will the court reporter please swear in our witness.

MARK MYERS,

having been first duly sworn, testified as follows:

MR. MEADOWS: Okay. We're on the record. Before we begin questioning, I need to make three points for the record.

First, regarding document production: APA's

production, due December 1st, 2025, remains seven weeks delinquent and woefully deficient. Yesterday at 9:05 a.m., five minutes after the scheduled start of deposition, APA served its fourth tranche of documents, including evidence of targeted retaliation which we will address. This production, like previous ones, is not globally keyword searchable and not organized according to Rule 34. To date, no text messages have been produced. Furthermore, a privilege log was provided yesterday, to which I have not had a reasonable opportunity to review. This is an unacceptable, prejudicial, and obstructionist tactic. I am proceeding under protest and reserve all rights to recall Mr. Myers in both his individual 30(b)(6) capacities, at APA's expense, to question him regarding the late-produced documents and any questions or documents improperly withheld on the unreviewed privilege log.

Second, regarding deposition time: This deposition was noticed for two full seven-hour days. Yesterday we completed approximately six and a half hours. Counsel has expressed a desire to leave early today. Let the record reflect I intend to use the full time allotted under the notice. Any attempt to prematurely conclude this deposition will be treated as an improper obstruction tactic and presented to Judge -- or Magistrate Judge Lissette Reid tomorrow at 10:00 a.m.

# EXHIBIT 2

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT - 4 2016

D. MARK JONES, CLERK

BY ______ DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LAWRENCE M. MEADOWS, | ) | |
| | ) | |
| | ) | Case No. 2:14-CV-115 DS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| ALLIED PILOTS ASSOCIATION, | ) | |
| a Texas Labor Association, and | ) | |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This case is closed. (See Doc. #50) Plaintiff has filed an appeal which is currently pending. (See Doc. #'s 51, 59). Furthermore, defendant has been ordered to cease untimely and meritless filings.

In addition, generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Marrese v AmericanAcademy of Orthopaedic Surgeons,* 470 U.S.

373, 379 (1985); *Warren v. American Bankers Ins. Of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007).

Accordingly, the court will not consider the motions recently filed by plaintiff (Doc. #'s 60, 63, 65) until the Tenth Circuit has disposed of plaintiff's appeal. No additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved. All pending motions are stayed pending final disposition of plaintiff's appeal.

IT IS SO ORDERED.

DATED this 3rd day of October, 2016.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

# **EXHIBIT 3**

Query Reports Utilities Help Log Out

CLOSED,OPEN_MJ,PROSE

# US District Court Electronic Case Filing System
# District of Utah (Central)
# CIVIL DOCKET FOR CASE #: 2:14-cv-00115-DS

Meadows v. Allied Pilots Association et al
Assigned to: Judge David Sam
Case in other court: Tenth, 15-04139
Cause: 29:0151 Labor: Review of Agency Action

Date Filed: 02/19/2014
Date Terminated: 04/27/2015
Jury Demand: Plaintiff
Nature of Suit: 740 Labor: Railway Labor Act
Jurisdiction: Federal Question

**Plaintiff**

**Lawrence M. Meadows**

V.

**Defendant**

**Allied Pilots Association**
*a Texas Labor Association*

represented by **Arthur F. Sandack**
925 E 200 S
SALT LAKE CITY, UT 84102
801-595-1300
Email: artsandack@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven K. Hoffman**
JAMES & HOFFMAN PC
1130 CONNECTICUT AVE NW STE 950
WASHINGTON, DC 20036
(202)496-0500
Email: skhoffman@jamhoff.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Airlines, Inc.**
*a Delaware Corporation*

represented by **James M. Barrett**
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
222 SW COLUMBIA ST STE 1500
PORTLAND, OR 97201
(503)552-2140
Email: james.barrett@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen E. Kubis**
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
191 PEACHTREE ST NE STE 4800
ATLANTA, GA 30303
(404)881-1300
*LEAD ATTORNEY*
*PRO HAC VICE*

**Todd C. Duffield**
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
191 PEACHTREE ST NE STE 4800
ATLANTA, GA 30303
(404)881-1300
Email:
todd.duffield@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2014 | 1 | COMPLAINT against Allied Pilots Association, American Airlines, Inc. (Filing fee $ 400, receipt number 4681060840), filed by Lawrence M. Meadows. (Attachments: # 1 Civil Cover Sheet 1, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12) Assigned to Magistrate Judge Evelyn J. Furse (amw) (Entered: 02/19/2014) |
| 06/11/2014 | 2 | ****RESTRICTED DOCUMENT****Summons Issued Electronically as to Allied |

| | | |
|---|---|---|
| 06/23/2015 | 45 | REPLY to Response to Motion re 41 MOTION to Amend/Correct and Memorandum in Support filed by Plaintiff Lawrence M. Meadows. (jmr) (Entered: 06/23/2015) |
| 06/29/2015 | 46 | REQUEST to Submit for Decision re 41 MOTION to Amend/Correct and Memorandum in Support filed by Defendant American Airlines, Inc.. (Duffield, Todd) (Entered: 06/29/2015) |
| 07/28/2015 | 47 | NOTICE of Request for Judicial Notice re: new found evidence by Lawrence M. Meadows (Attachments: # 1 Envelope) (jmr) (Entered: 07/28/2015) |
| 08/10/2015 | 48 | RESPONSE re 47 Notice (Other),*of Request for Judicial Notice* filed by Allied Pilots Association. (Attachments: # 1 Exhibit A - Declaration of Charles Hepp, # 2 Exhibit 1 to Hepp Declaration, # 3 Exhibit 2 to Hepp Declaration, # 4 Exhibit 3 to Hepp Declaration)(Hoffman, Steven) (Entered: 08/10/2015) |
| 08/24/2015 | 49 | MOTION to Strike 48 Response (NOT to motion), filed by Plaintiff Lawrence M. Meadows. (jmr) (Entered: 08/25/2015) |
| 08/31/2015 | 50 | ORDER denying 41 Motion to Amend/Correct; denying 49 Motion to Strike. The case remains closed and plaintiff is cautioned to ceasefiling additional documents. The case is closed and no additional filings are warranted. See Order for additional details. Signed by Judge David Sam on 8/31/15. (jmr) (Entered: 08/31/2015) |
| 09/23/2015 | 51 | NOTICE OF APPEAL as to 40 Order on Motion to Amend/Correct, Order on Motion to Stay, 35 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Amend/Correct, 50 Order on Motion to Amend/Correct, Order on Motion to Strike, filed by Lawrence M. Meadows. Appeals to the USCA for the 10th Circuit. Fee Status: Fee Paid. Filing fee $ 505, receipt number 4681068899. (jmr) (Entered: 09/24/2015) |
| 09/24/2015 | 52 | Transmission of Preliminary Record to USCA re 51 Notice of Appeal. (Attachments: # 1 Appendix)(jmr) (Entered: 09/24/2015) |
| 09/24/2015 | 53 | USCA Case Number Case Appealed to Tenth Case Number 15-4139 for 51 Notice of Appeal, filed by Lawrence M. Meadows. (jmr) (Entered: 09/24/2015) |
| 10/07/2015 | 54 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court (ERR). Response to motions to dismiss due on 10/19/2015 for Lawrence M. Meadows. Briefing on the merits is tolled. (jmr) (Entered: 10/13/2015) |
| 10/16/2015 | 55 | Transmitted Record on Appeal to USCA-Tenth Circuit re 51 Notice of Appeal. (jmr) (Entered: 10/16/2015) |

| | | |
|---|---|---|
| 09/30/2016 | 66 | NOTICE of to Clerk of Erroneous Docketing of Pleadings and Request to Re-Docket Pleadings in the Same Sequence as Filed by Lawrence M. Meadows. (jmr) (Entered: 10/03/2016) |
| 10/04/2016 | 67 | ORDER - the court will not consider the motions recently filed by plaintiff 60 , 63 , 65 , until the Tenth Circuit has disposed of plaintiffs appeal. No additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiffs appeal is fully and finally resolved. All pending motions are stayed pending final disposition of plaintiffs appeal. IT IS SO ORDERED. See Order for additional details. Signed by Judge David Sam on 10/3/16. (jmr) (Entered: 10/04/2016) |
| 10/21/2016 | 68 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court denying the motion for partial remand filed by Appellant Mr. Lawrence M. Meadows and continuing abatement. Status report due to the Tenth Circuit on 12/20/2016 by Lawrence M. Meadows. (jmr) (Entered: 10/24/2016) |
| 06/06/2018 | 69 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court upon consideration of Appellant's Fourteenth Status Report, the court continues the abatement of this matter. Mr. Meadows shall file another status report as to the status of Appeal No. 18-735 by 9/04/18 or sooner if developments impact the abatement of this appeal. Status report due on or before 09/04/2018 by Lawrence M. Meadows. (jmr) (Entered: 06/06/2018) |
| 01/30/2019 | 70 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court continuing the abatement of this appeal. Appellant shall file a status report on the earlier of 04/29/2019 or five days after any developments that impact the abatement of this appeal. Status report due 04/29/2019 by Lawrence M. Meadows. (jmr) (Entered: 01/30/2019) |
| 08/04/2020 | 71 | MANDATE of USCA as to 51 Notice of Appeal, filed by Lawrence M. Meadows According to the USCA the appeal is dismissed; the Clarification Order and Rule 59(e) order are affirmed. Judgment included with mandate: Yes. (Attachments: # 1 Mandate Cover Letter)(jwt) (Entered: 08/04/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/25/2026 22:39:50 | | | |
| **PACER Login:** | Aa332713 | **Client Code:** | |