**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED BY [handwritten initials] D.C.
SEP 28 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**LAWRENCE MEADOWS,**
Plaintiff,

**v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**

**HONORABLE JUDGE ED ARTAU**
______________________________/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF COSTS AND SUPPORTING MEMORANDUM (ECF NOS. 313–314), OR, IN THE ALTERNATIVE, PLAINTIFF'S PRE-TAXATION OBJECTIONS UNDER RULE 54(d)(1)**

Plaintiff Lawrence Meadows ("Meadows") hereby files his Opposition to Defendant Allied Pilots Association's ("APA") Motion for Bill of Costs (ECF No. 313) and supporting Memorandum (ECF No. 314). The filings request taxation of $14,886.33, consisting of $130.00 in subpoena costs and $14,756.33 in transcript and electronically recorded-transcript costs. Plaintiff strongly disputes APA's entitlement to, and the taxability, necessity, non-duplication, documentation, payment or present obligation, and amount of the claimed items.

**Preliminary Statement**

The docket now identifies APA's Bill of Costs (ECF No. 313) as a *Motion* for Bill of Costs after the Clerk corrected the filing event on September 18, 2026. The correction notice did not establish a response deadline or direct a separate briefing schedule. Plaintiff nevertheless submits this opposition by October 1, 2026, as a conservative protective filing. If the Court treats ECF Nos. 313–314 as an AO 133 application subject to the Clerk's Rule 54(d)(1) taxation procedure, Plaintiff requests that this filing also be treated as timely filed pre-taxation objections.

If the Court requires a different procedure or schedule, Plaintiff requests leave to conform or supplement without waiver. Plaintiff reserves the right to supplement if APA or the Clerk supplies additional documentation.

APA's supporting materials do not establish that every listed charge falls within an authorized cost category or was necessarily obtained for use in the case. The itemized objections below and Appendix A identify specific deductions for transcript or video duplication, optional and expedited services, synchronization and related video components, hearing transcripts, and inadequately documented subpoena charges. Plaintiff also identifies a separate Esquire billing dispute arising from APA's retention of the vendor for Plaintiff's deposition. That dispute supports a reconciliation and, if APA contends the charges are the same expense or otherwise attributable to APA's vendor relationship, an appropriate credit or other relief;

Plaintiff objects to the entitlement, taxability, necessity, duplication, documentation, payment or present obligation, and amount of the claimed items for the reasons below. Plaintiff requests denial of unsupported or non-taxable components and the specific deductions summarized in Section IX below and as set out in **Appendix A attached hereto,** and any further relief warranted after APA supplies a complete item-by-item reconciliation.

Plaintiff's objections are itemized against APA's Motion for Bill of Costs (ECF No. 313, Attachment A), by invoice and page number. Plaintiff also identifies two separate billing disputes arising from APA's chosen court reporting vendor used to depose Plaintiff, Esquire Deposition Solutions, who inappropriately billed Plaintiff and aggressively sought payment—for services that Plaintiff never ordered, as summarized in Section III. below.

## I. Governing Standards

APA's Motion for Bill of Costs reproduces Section 1924 and Rule 54(d)(1) ECF No. 313 at 2), and its supporting Memorandum states APA's theories under 28 U.S.C. §§ 1920 and 1924 (ECF No. 314, at 2-4). Those authorities permit only costs within an authorized category that were necessarily obtained for use in the case; they do not make every vendor charge, convenience service, duplicate medium, or late or expedited charge taxable.

The applicant must identify the statutory category, prove the amount, establish that it was incurred or presently owed by the applicant, and show necessity and reasonableness. APA's general declaration (ECF No. 313 at 1), does not eliminate the need to reconcile the individual invoices in listed in Attachment A (*Id.*) when the documents themselves reveal different balances, payment entries, optional services, or unexplained amounts.

**II. Objection to the Entire Amount as Unsupported in Part**

Plaintiff objects to the $14,886.33 request as a whole to the extent it includes costs outside Section 1920 or amounts that APA has not tied to a taxable, necessary, non-duplicative obligation. The following objections seek denial of particular components, not merely a generalized reduction.

**III. Esquire Invoices Are a Separate Billing Dispute and Require Clarification**

The Esquire invoices are offered as evidence supporting Plaintiff's objections to attribution, duplication, reconciliation, and the amount claimed. Plaintiff requests that the Court or Clerk require APA to address those invoices before taxing any overlapping or related charge.

Esquire Invoice INV3371927, dated January 21, 2026, and related billing correspondence bills Plaintiff directly for $3,081.45 (**Exhibit 1**), and INV3374322, dated January 22, 2026, and related billing correspondence bills Plaintiff directly for $442.50 (**Exhibit 2**). These invoices identify the January 13, 2026 deposition of Plaintiff, Meadows, but simply describe the charges as "copies of transcript", without any further specificity. These Esquire invoices do not bear the

invoice numbers used in APA's Motion for Bill of Costs (ECF No. 313, Attachment A at 6-9), for APA's transcript and video charges for Plaintiff Meadows' deposition.

Plaintiff was the deponent, not the party who retained court reporting vendor, Esquire, and he never ordered a transcript, video, or copy from Esquire. At the deposition, Plaintiff asked how a copy could be ordered and Esquire's court reporter, Jose Patino, handed him his business card and told him a written request must be submitted through Esquire's local Miami office via email; but Plaintiff never made such request. Plaintiff's written disputes to Esquire state these facts (**Exhibits 1 and 2**). APA retained Esquire for the Plaintiff's deposition, and the direct invoices arose directly from that vendor relationship, not from any request made by Plaintiff.

Plaintiff requests that the Court or Clerk, as applicable, deny any overlapping or related amount unless APA provides a line-by-line reconciliation between all the Esquires invoices (ECF No. 313, Attachment A at 6-9; and **Exhibits 1-2 attached hereto**). Additionally, APA must identify who is legally obligated to pay each charge; and establish that APA is not obtaining a duplicate recovery.

In the alternative, if APA contends the Esquire invoices are the same expense shifted to Plaintiff, Plaintiff requests a corresponding credit against any amount taxed. Plaintiff does not ask the Court or Clerk to decide the separate vendor dispute; Plaintiff asks not to tax an unexplained or duplicative charge.

**IV. Deposition Transcript and Video Charges**

A transcript and an electronically recorded deposition may sometimes both be recoverable, but neither is automatically taxable. APA must show why each medium was necessarily obtained for use in this case and must separate the written transcript, video, synchronization, exhibit, expedited, administrative, and other components. The fact that a party recorded a deposition does

not establish that the opposing party must bear the full cost of every later copy or synchronization service.

- **Meadows deposition - January 13, 2026:** APA's Bill of Costs (ECF NO. 313, Attachment A at 6-9) (Esquire Invoices INV #3469234 and INV #3468026). Plaintiff objects to the Meadows video components, including the videographer minimum, additional hours, overtime, digital media, and administration, as duplicative of the written transcript and not shown necessary where the case did not proceed to trial. Plaintiff separately objects to any overlap with **Exhibits 1-2**.

- **Myers depositions - January 21 and 22, 2026:** APA's Bill of Costs (*Id.*, at 10-13), pages 10-13 (Amy Massey Invoices 15134, 15125, 15140; Elite Video Invoice #43868). Plaintiff took the two Myers depositions, one individual and one Rule 30(b)(6). APA must distinguish each transcript, copy, and video charge. Plaintiff objects especially to Elite Invoice #43868, which is $1,810.00 for copy-order synchronization of both videos plus $85.00 archiving or administration; the invoice shows payments or credits of $0.00 and balance due of $1,810.00.

- **Carey deposition - March 4, 2026:** APA's Bill of Costs (*Id.*, at 18) (Southwest Florida Reporting Invoice #26090). The invoice separately lists $2,310.00 for transcription, $213.00 for exhibits, $100.00 for a video copy, and $700.00 for synchronization. APA's claimed Carey amount is $2,410.00, apparently excluding exhibits and synchronization. Plaintiff objects to the separately billed $100.00 video copy as duplicative and requests confirmation that the $700.00 synchronization charge is not included elsewhere.

- **Other depositions:** Wrobel, January 26, 2026, (*Id.*, at 14); Barton, January 27, 2026, (*Id.*, at 15); and Glathe, February 26, 2026, (*Id.*, at 16-17); APA must show why a complete transcript was necessarily obtained for APA's use rather than for exploratory discovery, possible future use, or convenience. A deposition not cited in summary-judgment papers is not automatically barred, but the absence or limited nature of actual use bears directly on necessity and reasonableness.

- **Video copies and synchronization:** Plaintiff objects to the video-copy and synchronization amounts identified above as optional or duplicative where APA already had, or could use, a written transcript and has not identified a specific necessary use. Any video amount should be limited to a reasonable taxable component, if any, not the full amount of a later copy-order or synchronization package.

## V. Optional and Convenience Charges

Plaintiff objects to expedited, condensed-transcript, color-exhibit, exhibit-handling, processing, administrative, digital-media, shipping, minimum, synchronization, archiving, and similar add-on charges shown in APA's Bill of Costs (ECF NO. 313, Attachment A at 6-18), unless

it proves that the particular line is independently taxable and necessarily incurred. The Meadows deposition invoice includes four-day expedite and summary or administrative components; the Myers deposition video invoice includes synchronization and archiving; and the Carey deposition invoice includes exhibits and synchronization. Convenience premiums are not ordinary transcript costs merely because a vendor charged them—and should be denied and deducted.

APA's exclusion of some sub-charges from its claimed total does not establish that the remaining components are taxable. The claimed amount must still reconcile to the invoice and to the statutory category.

**VI. Hearing Transcripts**

Plaintiff objects to the invoices for the four hearing transcripts identified in APA's Memorandum (ECF NO. 314) and attached to its Motion for Bill of Costs (ECF NO. 313, Attachment A at 19-22): October 28, 2025 ($677.74); January 7, 2026 ($1,140.26); January 23, 2026 ($450.80); and February 10, 2026 ($642.40). Each invoice uses an expedited delivery category. Plaintiff objects to the expedited delivery and to the complete transcript charges absent a showing of the pages or rulings actually used and why expedited delivery was necessary.

APA's Memorandum (ECF NO. 314) cites some docket filings as purported uses, but a citation does not automatically establish that every page, expedited component, or ancillary amount was necessary. APA should identify the specific filing or ruling, the pages used, the reason for the delivery speed, and payment or present obligation for each hearing invoice.

**VII. Subpoena-Service Charges**

Plaintiff objects to the two subpoena charges listed in APA's Motion for Bill of Costs (ECF NO. 313, at 1), and supported with invoices (ECF NO. 313, Attachment A at 4-5); specifically, Veritext Invoices #8903972 and #8903741. These invoices show balances of $186.11 and $100.00,

while APA's AO 133 form only claims $65.00 for each. The invoices also identify expedited or rush service—but fail to identify the name of the party served. APA's Memorandum claims these subpoenas are for CCL Aviation and Atlas Air respectively, but that is not supported by the actual invoices.

Plaintiff requests the actual subpoena, proof of service, date, method, location, person served, proof of payment, and a reconciliation explaining the claimed $65.00 amounts. Plaintiff cannot infer those facts from a case caption or job number.

**VIII. Payment, Present Obligation, and Documentation**

Several invoices state an amount due, balance due, or payment notation without establishing the amount APA actually incurred or presently owes (ECF NO. 313, Attachment A, at 10-18), and Attachment A (*Id.*) contains invoices with different totals, payment entries, credits, processing charges, and balances.

Plaintiff reasonably requires a record of payment, vendor balance statement, or sworn reconciliation sufficient to show a real non-duplicative obligation of APA rather than an estimate, late charge, unresolved vendor demand, or amount billed to another entity.

**IX. Scheduled Totals and Requested Deductions from APA's Claimed Bill of Costs**

The Plaintiff's detailed schedule in **Appendix A attached hereto** directly follows the sequence of the invoices in APA's Motion for Bill of Costs (ECF NO. 313, Attachment A), in the same document sequence and identifies the invoice, page, APA's claimed amount, the amount of deduction requested, and stated reason for each deduction. and assigns stable item labels for cross-reference.

Plaintiff requests the following deductions based on the present record:

1. **Total APA bill-of-cost request is in the total amount of $14,886.33:** consisting of $130.00 for subpoenas and $14,756.33 for transcript or electronically recorded transcript costs (ECF NO. 313 at 1).

2. **Conservative minimum quantified deduction is $3,455.63:** consisting of the Meadows video amount ($1,415.63), Myers synchronization or administration ($1,810.00), Carey video copy ($100.00), and subpoena charges ($130.00). (**Appendix A**, Row A1-2, 4, 8, 13). Initially reducing APA's total bill of cost request from $14,886.33, to a proposed taxable balance of $11,430.70 before any additional reconciliation.

3. **Additional alternative deductions is $4,488.20:** consisting of the Wrobel transcript ($475.00), Barton transcript ($802.00), Glathe transcript ($300.00) (*Id.* at Row A9-11), and the four hearing transcripts ($677.74, $1,140.26, $450.80, and $642.40, totaling $2,911.20). (*Id.* at Row A15-18). If considered independently from the conservative minimum, these deductions would reduce APA's $14,886.33 bill-of-cost request to a proposed taxable balance of $10,398.13 = ($14,886.33 – $4,488.20).

4. **Combined minimum qualified plus alternative deductions requested is $7,943.83:** The conservative minimum deduction of $3,455.63 plus the additional alternative deductions of $4,488.20 together total $7,943.83. If both positions are accepted, the combined deductions would reduce APA's $14,886.33 request to a proposed taxable balance of $6,942.50 = ($14,886.33 – $7,943.83). This combined calculation is cumulative total of the amount of the deductions in paragraphs 2 and 3 above.
5. **Separate Esquire potential additional credit or reconciliation $3,523.95:** consisting of INV3371927 ($3,081.45) and INV3374322 ($442.50) (**Exhibits 1 and 2**) This amount is not included in the minimum or alternative totals because it is a separate vendor billing dispute. Plaintiff requests no double recovery and, if APA contends the same expense is being shifted to Plaintiff, an appropriate credit against any amount taxed. Taking into account this additional Esquire credit would which would further reduce APA's total bill of cost request of $14,886.33 by another $3,523.95, which in addition to the amount in paragraph 3 above results in a final net proposed taxable balance of $3,418.55.

The above deductions are requested as denials of taxable costs, not as a concession that APA is entitled to the remainder. Plaintiff continues to object to entitlement, taxability, necessity, duplication, documentation, payment or present obligation, and amount as to every item. The following table summarizes the requested reductions and the resulting proposed taxable balances. The figures are alternative litigation positions and calculations, not concessions that any unlisted amount is taxable.

| Stage | Calculation or principal items | Requested reduction or credit | Proposed taxable balance |
|---|---|---|---|
| **APA request** | **APA's Biil of Costs AO 133 request** | — | **$14,886.33** |
| **Minimum deductions** | Meadows video $1,415.63; Myers video or synchronization $1,810.00; Carey video component $100.00; subpoena charges $130.00 | ($3,455.63) | $11,430.70 |
| **Additional alternative deductions** | Wrobel depo $475; Barton depo $802.00; Glathe depo $300.00; hearing-transcript charges $2,911.20 | ($4,488.20) | $10.398.13 |
| **Combined minimum and alternative deductions** | Minimum deductions plus additional alternative deductions | ($7,943.83) | $6,942.40 |
| **Potential additional Esquire credit*** | Separate Esquire invoices and related correspondence, subject to reconciliation and legal determination | ($3,523.95) | $3,418.45 |

*The Esquire credit is not included in either the minimum or alternative deductions. It is a separate additional potential credit or reconciliation, dependent on APA's identification of the legally obligated payor and proof that APA is not seeking duplicate recovery.

**X. Specific Relief Requested from the Court or Clerk**

Plaintiff respectfully requests that the Court or Clerk grant the following relief:

1. deny the application to the extent it seeks costs outside 28 U.S.C. § 1920;
2. deny the claimed costs identified as the conservative minimum in Section IX above and Appendix A attached hereto;
3. alternatively deny the additional deductions identified in Section IX above and Appendix A attached hereto;
4. deny or defer any Esquire-related or overlapping charge pending APA's line-by-line reconlciliation;

5. exclude expedited, condensed, color, exhibit, handling, administrative, digital-media, synchronization, archiving, shipping, minimum, and other optional charges not independently shown to be taxable and necessary;
6. require separate itemization of each transcript, video, hearing, subpoena, and ancillary component, including payment or present-obligation documentation;
7. deny unsupported or unnecessary hearing and subpoena charges;
8. tax no more than the amounts APA proves are taxable, necessary, reasonable, non-duplicative, and actually incurred or presently owed; and,
9. permit Plaintiff to supplement these objections if APA or the Clerk supplies additional documentation or sets a further response schedule.

Plaintiff does not request that the Court or Clerk adjudicate the separate Esquire contract or billing dispute. Plaintiff requests only that APA not obtain taxation of an unexplained duplicate or a charge that leaves Plaintiff exposed to the same vendor demand.

Dated: September 28, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

## APPENDIX A — ITEMIZED SCHEDULE OF CLAIMED COSTS AND REQUESTED DEDUCTIONS

*This Appendix follows ECF No. 313, Attachment A, in sequence. "APA claimed" means the amount included in APA's $14,886.33 request.*

| Item | Invoice / proceeding | ECF 313 Attachment A page | APA claimed | Requested deduction | Reason |
|---|---|---|---|---|---|
| A1 | CCL Aviation — Veritext 8903972 | PDF p. 4; footer 1 | $65.00 | $65.00 | Invoice balance $186.11; expedited service; missing proof of service, person served, date, method, and reconciliation. |
| A2 | Atlas Air — Veritext 8903741 | PDF p. 5; footer 2 | $65.00 | $65.00 | Invoice balance $100.00; rush service; missing service details and unexplained $65 claim. |
| A3 | Meadows depositon transcript — Esquire INV3469234; Jan. 13, 2026 | PDF pp. 6–7; footers 3–4 | $1,960.50 | Alternative challenge | Four-day expedite, exhibits, summaries, processing, administration, and overlap with Exhibits 1–2 require reconciliation and necessity proof. |
| A4 | Meadows video — Esquire INV3468026; Jan. 13, 2026 | PDF pp. 8–9; footers 5–6 | $1,415.63 | $1,415.63 | Videographer minimum, additional hours, overtime, digital media, and administration; duplicative of written transcript and no trial need shown. |
| A5 | Myers deposition Day 1 transcript — Amy Massey 15134; Jan. 21, 2026 | PDF p. 10; footer 7 | $1,192.25 | Alternative challenge | Full/condensed/ASCII-Etran copy; APA must show necessity and distinguish from other Myers charges. |
| A6 | Myers Day 1 Part 2 — Amy Massey 15125; Jan. 21, 2026 | PDF p. 11; footer 8 | $330.00 | Alternative challenge | Separate ASCII/Etran copy; invoice does not establish payment or necessity. |
| A7 | Myers deposition Day 2 — Amy Massey 15140; Jan. 22, 2026 | PDF p. 12; footer 9 | $1,149.75 | Alternative challenge | Separate ASCII/Etran copy; APA must distinguish proceeding and necessity. |
| A8 | Myers video — Elite 43868; Jan. 21–22, 2026 | PDF p. 13; footer 10 | $1,810.00 | $1,810.00 | $975 + $750 synchronization plus $85 archiving/administration; credits $0; balance due $1,810; duplicative and not shown necessary. |
| A9 | Wrobel deposition — Esquire INV3469227; Jan. 26, 2026 | PDF p. 14; footer 11 | $475.00 | $475.00 alternative | APA claims $475: $350 minimum transcript, $45 condensed, $55 processing/compliance, $25 administration. Invoice totals $1,181.25 and shows payment. APA must reconcile and prove necessity. |
| A10 | Barton deposition— Mile High 7956; Jan. 27, 2026 | PDF p. 15; footer 12 | $802.00 | Alternative $802.00 | Invoice shows $802 transcript, payment $886.89 and total due $0; necessity and claimed amount require proof. |
| A11 | Glathe deposition— Words 1624; Feb. 26, 2026 | PDF pp. 16–17; footers 13–14 | $300.00 | $300.00 | $300 minimum transcript within $455 invoice; no payment shown; no demonstrated necessity. |
| A12 | Carey deposition transcript — Southwest 26090; Mar. 4, 2026 | PDF p. 18; footer 15 | $2,310.00 | Alternative challenge | 420-page transcript; full amount requires proof of necessary use and reasonable scope. |

| | | | | | |
|---|---|---|---|---|---|
| A13 | Carey video copy — Southwest 26090 | PDF p. 18; footer 15 | $100.00 | $100.00 | Separately billed video copy; duplicative unless specific necessary use shown. |
| A14 | Carey synchronization — Southwest 26090 | PDF p. 18; footer 15 | Excluded by APA | $0.00 | Invoice lists $700; APA's claimed Carey amount appears to exclude it. Confirm no inclusion elsewhere. |
| A15 | Oct. 28, 2025 hearing transcript — 20250841 | PDF p. 19; footer 16 | $677.74 | $677.74 | Three-day delivery; expedited category; necessity, pages used, and payment not shown. |
| A16 | Jan. 7, 2026 hearing transcript — 20260870 | PDF p. 20; footer 17 | $1,140.26 | $1,140.26 | Next-day delivery; expedited category; full necessity and payment not shown. |
| A17 | Jan. 23, 2026 conference transcript — 20260886 | PDF p. 21; footer 18 | $450.80 | $450.80 | Seven-day delivery; necessity, pages used, and payment not shown. |
| A18 | Feb. 10, 2026 hearing transcript — 20260890 | PDF p. 22; footer 19 | $642.40 | $642.40 | Next-day delivery; expedited category; full necessity and payment not shown. |

**CERTIFICATE OF SERVICE**

I, Lawrence M. Meadows, Plaintiff, hereby certify that on September 28, 2026, a true and correct copy of the foregoing was served via the Court's CM or ECF system, Email, and U.S. Mail on counsel of record.

Lawrence M. Meadows

**SERVICE LIST**

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

# EXHIBIT 1

ESQUIRE

***Invoice INV3371927***

1500 Centre Pkwy
Suite 100
East Point GA 30344
888-486-4044
www.esquiresolutions.com
Tax ID # 45-3463120

| | |
|---|---|
| **Date** | 1/21/2026 |
| **Terms** | COD |
| **Due Date** | 1/21/2026 |

| | |
|---|---|
| **Client Number** | C14133281 |
| **Esquire Office** | Washington DC |
| **Proceeding Type** | Deposition |
| **Name of Insured** | |
| **Adjuster** | |
| **Firm Matter/File #** | 0146-0026 |
| **Client VAL ID** | |
| **Date of Loss** | |

**Bill To**
Lawrence Meadows - Pro Se
1900 Sunset Harbour Drive
Unit #2112
Miami Beach, FL 33139

**Services Provided For**
Lawrence Meadows - Pro Se
Meadows, Lawrence
1900 Sunset Harbour Drive
Unit #2112
Miami Beach FL 33139

1/13/2026 J14060650 Miami, FLORIDA LAWRENCE MEADOWS V. ALLIED PILOTS ASSOCIATION, ET AL

| | | |
|---|---|---|
| COPY OF TRANSCRIPT | Lawrence Meadow | $997.49 |
| COPY OF TRANSCRIPT | Lawrence Meadows Conf. | $2,083.96 |

| | |
|---|---|
| **Subtotal** | 3,081.45 |
| **Shipping Cost (n/a)** | 0.00 |
| **Total** | $3,081.45 |
| **Amount Due** | 3,081.45 |

Attorney is responsible for payment of all charges incurred. Payment is due by "Due Date" shown on invoice. Failure to pay by "Due Date" may result in the assessment of a late fee. Transcript package typically includes transcript/word index, exhibits, appearance fee, condensed transcript, litigation support disk, shipping, video charges and may include other service charges based on job or region. Some services and rates may vary by job or region. Please contact your local office for specific detail and questions. Full Terms and Conditions are viewable online at www.esquiresolutions.com/terms-conditions. These stated terms and conditions, to the extent they contradict the rules and regulations in Arizona, do not apply. All aspects of this invoice and other business terms comply with the ethical obligations set forth in the AZ Code of Judicial Administration Section 7-206(J)(1)(g)(3) through (6).

Please detach and return this bottom portion with your payment or
pay online or obtain W9 at www.esquireconnect.com or to pay just this invoice with CC/ACH: Click Here to Pay Now

**Remit to:**
Esquire Deposition Solutions, LLC
P. O. Box 846099
Dallas, TX 75284-6099

**Federal Express, UPS or Overnight USPS:**
Esquire Deposition Solutions, LLC
Lockbox 846099
1950 N. Stemmons Freeway
Suite 5010
Dallas, TX 75208

| | |
|---|---|
| **Client Name** | Lawrence Meadows - Pro Se |
| **Client #** | C14133281 |
| **Invoice #** | INV3371927 |
| **Invoice Date** | 1/21/2026 |
| **Due Date** | 1/21/2026 |
| **Amount Due** | **$3,081.45** |

# Re: 180 Days Past Due Reminder - Invoice INV3371927 - LAWRENCE MEADOWS V. ALLIED PILOTS ASSOCIATION, ET AL - Esquire Deposition Solutions, LLC - Lawrence Meadows - Pro Se, C14133281

From: Lawrence Meadows (lawrencemeadows@yahoo.com)

To: clientinvoicing@esquiresolutions.com

Date: Monday, July 20, 2026 at 02:18 PM EDT

Ms. Delgado,

As I previously explained in detail (see fwd email in-line text below); I was the deponent/witness in this matter, and I never retained nor order. the services of Esquire's transcriber or videographer - the Defendant Allied Association did, as they were the party conducting the deposition. Finally, nor, did I ever make a written request to order a copy of transcript or video of my deposition testimony.

Please cease emailing me invoices for services that were neither ordered by, nor rendered to me.

Sincerely,
Lawrence Meadows

Begin forwarded message:

On Thursday, June 11, 2026, 4:50 PM, Lawrence Meadows <lawrencemeadows@yahoo.com> wrote:

> Ms Delgado,
>
> As I told you the last time we spoke. I was the deponent/witness in this matter, and I never ordered the Esquire transcriber, nor the videographer - the Defendant Allied Association did, as they were the party conducting the deposition.
>
> Nor, did I ever order make a written request for a copy of transcript or the video of my deposition testimony.
>
> At the end of my depo, your court reporter and Esquire representative, Jose Patino, who conducted my depo in Miami, gave me his business card, and explicitly told me if I wanted a copy of the transcript, that I would have to send an email to the Esquire office and request such - but I never did so.
>
> Yet, you sending me invoices for services I never ordered, nor transcript copies that I never requested. Please discontinue invoicing immediately.
>
> Sincerely,
> Lawrence Meadows

On Monday, July 20, 2026, 10:03 AM, Esquire Client Invoicing <ClientInvoicing@esquiresolutions.com> wrote:

ESQUIRE GPS SG

# Lawrence Meadows - Pro Se

**Important: Please review your past due invoices from Esquire Deposition Solutions, LLC**

Invoice INV3371927 for $3,081.45 is 180 days or more past due. Please remit payment as soon as possible.

You can access your account statement and all open invoices via your Customer Portal. Credit card or ACH payment may also be made via this portal.

If you have any questions regarding this invoice, please reach out to us below and we will be happy to assist.

We appreciate your business!

Jenny Delgado
304-400-6087 ext:989920
ClientInvoicing@EsquireSolutions.com

Sent from Yahoo Mail for iPhone

On Thursday, June 11, 2026, 4:25 PM, Esquire Client Invoicing <ClientInvoicing@esquiresolutions.com> wrote:

ESQUIRE GPS SG

Good Afternoon,

I hope this message finds you well. I am writing to kindly follow up on the status of the payment for past due invoice.

Could you please provide an update on the status of the payment?

We are asking that this delinquent balance be addressed promptly per our terms.

You can pay your open invoice by clicking this link without logging in.

You may pay via Credit card for real time posting of payment. Just click on the "Click Here to Pay Now" option at the bottom of the invoice page.

or Remit to:
Esquire Deposition Solutions, LLC
P. O. Box 846099
Dallas, TX 75284-6099

Thank you very much for your attention to this matter. I appreciate your help and looking forward to your response.

Best regards,

Jenny Delgado | Accounts Receivable Analyst
Esquire Deposition Solutions, LLC
1500 Centre Parkway Suite 100
Atlanta, GA 30344
Office: 304 400 6087
Ext 989920

---------- Forwarded message ----------
From: **ClientInvoicing@esquiresolutions.com**
Date: 2026-04-09 19:25:08.0
Subject: 2nd NOTICE: Past Due Reminder_ Lawrence Meadows - Pro Se, C14133281
To: lawrencemeadows@yahoo.com
Cc:

ESQUIRE GPS SG

Good Afternoon,

2nd Notice

I am contacting you again regarding the attached past due invoices I sent you an email on 3/9 /26, however, I never heard back from you.

Please advise on the status of these invoices and when we should expect payment as soon as possible, as we are asking that this balance is resolved promptly.

You can pay your open invoices by clicking this link without logging in. You may pay via Credit card for real time posting of payment.

If payment is being mailed in, it is important you provide a promise to pay date by emailing me with your check details.

If not please remit to:
Esquire Deposition Solutions, LLC
P. O. Box 846099
Dallas, TX 75284-6099

We appreciate your prompt attention to this matter.

Thank you!

Best regards,

Jenny Delgado | Accounts Receivable Analyst
Esquire Deposition Solutions, LLC
1500 Centre Parkway Suite 100
Atlanta, GA 30344
Office: 304 400 6087
Ext 989920

---------- Forwarded message ----------
From: **ClientInvoicing@esquiresolutions.com**
Date: 2026-03-09 16:46:09.0
Subject: Past Due Reminder_ Lawrence Meadows - Pro Se, C14133281
To: lawrencemeadows@yahoo.com
Cc:

ESQUIRE GPS SG

Good Morning,

We noticed that the attached past due invoices haven't been paid.

Please note that your account is past due and we are asking that this balance is addressed promptly.

Please email me directly at clientinvoicing@esquiresolutions.com with a promise to pay date as soon as possible.

You can pay your open invoices by clicking this link without logging in. You may pay via Credit card for real

time posting of payment with no service fees.

or Remit to:
Esquire Deposition Solutions, LLC
P. O. Box 846099
Dallas, TX 75284-6099

We appreciate your prompt attention to this matter.

Thank you!

Best regards,

Jenny Delgado | Accounts Receivable Analyst
Esquire Deposition Solutions, LLC
1500 Centre Parkway Suite 100
Atlanta, GA 30344
Office: 404-443-7170

Sent from Yahoo Mail for iPhone

# EXHIBIT 2

ESQUIRE

1500 Centre Pkwy
Suite 100
East Point GA 30344
888-486-4044
www.esquiresolutions.com
Tax ID # 45-3463120

***Invoice INV3374322***

| | |
|---|---|
| **Date** | 1/22/2026 |
| **Terms** | COD |
| **Due Date** | 1/22/2026 |

| | |
|---|---|
| **Client Number** | C14133281 |
| **Esquire Office** | Washington DC |
| **Proceeding Type** | Deposition |
| **Name of Insured** | |
| **Adjuster** | |
| **Firm Matter/File #** | 0146-0026 |
| **Client VAL ID** | |
| **Date of Loss** | |

**Bill To**
Lawrence Meadows - Pro Se
1900 Sunset Harbour Drive
Unit #2112
Miami Beach, FL 33139

**Services Provided For**
Lawrence Meadows - Pro Se
Meadows, Lawrence
1900 Sunset Harbour Drive
Unit #2112
Miami Beach FL 33139

1/13/2026 J14060650 Miami, FLORIDA LAWRENCE MEADOWS V. ALLIED PILOTS ASSOCIATION, ET AL

| | | |
|---|---|---|
| COPY OF TRANSCRIPT | Lawrence Meadow | $402.75 |
| COPY OF TRANSCRIPT | Lawrence Meadows Conf. | $39.75 |

| | |
|---|---|
| **Subtotal** | 442.50 |
| **Shipping Cost (n/a)** | 0.00 |
| **Total** | $442.50 |
| **Amount Due** | 442.50 |

Attorney is responsible for payment of all charges incurred. Payment is due by "Due Date" shown on invoice. Failure to pay by "Due Date" may result in the assessment of a late fee. Transcript package typically includes transcript/word index, exhibits, appearance fee, condensed transcript, litigation support disk, shipping, video charges and may include other service charges based on job or region. Some services and rates may vary by job or region. Please contact your local office for specific detail and questions. Full Terms and Conditions are viewable online at www.esquiresolutions.com/terms-conditions. These stated terms and conditions, to the extent they contradict the rules and regulations in Arizona, do not apply. All aspects of this invoice and other business terms comply with the ethical obligations set forth in the AZ Code of Judicial Administration Section 7-206(J)(1)(g)(3) through (6).

Please detach and return this bottom portion with your payment or
pay online or obtain W9 at www.esquireconnect.com or to pay just this invoice with CC/ACH: Click Here to Pay Now

**Remit to:**
Esquire Deposition Solutions, LLC
P. O. Box 846099
Dallas, TX 75284-6099

**Federal Express, UPS or Overnight USPS:**
Esquire Deposition Solutions, LLC
Lockbox 846099
1950 N. Stemmons Freeway
Suite 5010
Dallas, TX 75208

| | |
|---|---|
| **Client Name** | Lawrence Meadows - Pro Se |
| **Client #** | C14133281 |
| **Invoice #** | INV3374322 |
| **Invoice Date** | 1/22/2026 |
| **Due Date** | 1/22/2026 |
| **Amount Due** | **$442.50** |

Re: 180 Days Past Due Reminder - Invoice INV3374322 - LAWRENCE MEADOWS V. ALLIED PILOTS ASSOCIATION, ET AL - Esquire Deposition Solutions, LLC - Lawrence Meadows - Pro Se, C14133281

From: Lawrence Meadows (lawrencemeadows@yahoo.com)

To: clientinvoicing@esquiresolutions.com

Date: Tuesday, July 21, 2026 at 09:51 AM MDT

Ms. Delgado,

Once again, as I previously explained yeterday in detail (see fwd emaisl in-line text below); I was the deponent/witness in this matter, and I never retained nor ordered the services of Esquire's transcriber or videographer - the Defendant Allied Association did, as they were the party conducting the deposition. Finally, nor, did I ever make a written request to order a copy of transcript or video of my deposition testimony.

Please cease emailing me invoices for services that were neither ordered by, nor rendered to me.

Sincerely,
Lawrence Meadows

Begin forwarded message:

On Thursday, June 11, 2026, 4:50 PM, Lawrence Meadows <lawrencemeadows@yahoo.com> wrote:

> Ms Delgado,
>
> As I told you the last time we spoke. I was the deponent/witness in this matter, and I never ordered the Esquire transcriber, nor the videographer - the Defendant Allied Association did, as they were the party conducting the deposition.
>
> Nor, did I ever order make a written request for a copy of transcript or the video of my deposition testimony.
>
> At the end of my depo, your court reporter and Esquire representative, Jose Patino, who conducted my depo in Miami, gave me his business card, and explicitly told me if

I wanted a copy of the transcript, that I would have to send an email to the Esquire office and request such - but I never did so.

Yet, you sending me invoices for services I never ordered, nor transcript copies that I never requested. Please discontinue invoicing immediately.

Sincerely,
Lawrence Meadows

On Tuesday, July 21, 2026 at 06:25:21 AM MDT, Esquire Client Invoicing <clientinvoicing@esquiresolutions.com> wrote:

ESQUIRE GPS SG

# Lawrence Meadows - Pro Se

**Important: Please review your past due invoices from Esquire Deposition Solutions, LLC**

Invoice INV3374322 for $442.50 is 180 days or more past due. Please remit payment as soon as possible.

You can access your account statement and all open invoices via your Customer Portal. Credit card or ACH payment may also be made via this portal.

If you have any questions regarding this invoice, please reach out to us below and we will be happy to assist.

We appreciate your business!

Jenny Delgado
304-400-6087 ext:989920
ClientInvoicing@EsquireSolutions.com