**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

Plaintiff, **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

Defendants.
_______________________________________/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF BILL OF COSTS**

Defendant Allied Pilots Association ("APA") respectfully submits this reply in further support of its bill of costs, which seeks reimbursement of $14,886.33.[1] ECF Nos. 313, 314. Plaintiff's opposition (ECF No. 319) raises scattershot objections to APA's submission but does not succeed in proving that any cost sought by APA fails to meet the standard of Rule 54 and 28 U.S.C. § 1920.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) provides that taxable costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.

---

[1] The S.D. Fla. Local Rules require a party to file an application for a bill of costs and a supporting memorandum. *See* S.D. Fla. Local Rule 7.3(c). Courts in this District have treated a memorandum in support of a bill of costs as a motion, permitting a memorandum in opposition and a reply in further support. *See, e.g.*, *Minus v. Miami-Dade County*, No. 19-CV-25113, 2021 WL 2072441, at *2 (S.D. Fla. May 24, 2021); *McCalla v. Avmed, Inc.*, No. 11-60007-CIV, 2011 WL 5190946, at *1 (S.D. Fla. Nov. 1, 2011). Following that convention, APA files this reply in further support of its application for a bill of costs.

2007). A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017).

"Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable." *Tejeda v. Swire Props., Inc.*, No. 18-23725-CIV, 2019 WL 8160724, at *3 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, 2020 WL 1062975 (S.D. Fla. Mar. 5, 2020); *accord Eugene v. 3Don & Partner Est. Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the challenging party had the burden to show that depositions were not wholly or partially "necessarily obtained for use in the case"). "[T]he losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). To overcome the presumption that the prevailing party will be awarded costs "and deny full costs under Rule 54(d), the trial judge must 'have and state a sound reason for doing so.'" *Yellow Pages Photos, Inc.*, 846 F.3d at 1166 (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *see Mathews*, 480 F.3d at 1277 ("As we explained in *Chapman*, a district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs."); *see also Minus v. Miami-Dade County*, No. 19-CV-25113, 2021 WL 2072441, at *2 (S.D. Fla. May 24, 2021).

**ARGUMENT**

Pursuant to Local Rule 7.3(c), APA has submitted a bill of costs with supporting documentation, together with a memorandum detailing why each expense is taxable and was necessary. Plaintiff's opposition is scattershot, unsupported, and non-responsive. He vaguely

opposes all costs; submits some focused objections in an appendix that contains notes with no explanation, let alone legal argument; and he frequently objects to costs that APA does not seek. At bottom, Plaintiff has failed to meet his burden to prove that any particular cost was not necessary.[2] APA addresses Plaintiff's contentions below, as best it can discern them.

**I. Costs associated with service of two subpoena duces tecum, totaling $130.00.**

As described in APA's memorandum (ECF No. 314 at 3; Shiffrin Decl. ¶¶ 5-6), APA seeks reimbursement of the following expenses related to the service of two subpoenas duces tecum directed to two of Plaintiff's former and current employers, CCL Aviation and Atlas Air:

- *$65.00, subpoena duces tecum to CCL Aviation; December 30, 2025; Veritext Legal Solutions; invoice no. 8903972 (see ECF No. 313, at 4).*
- *$65.00, subpoena duces tecum to Atlas Air; December 30, 2025; Veritext Legal Solutions; invoice no. 8903741 (see ECF No. 313, at 5).*

Plaintiff appears to question why APA has only sought reimbursement of $65 for each subpoena, when the actual costs it incurred were higher. ECF No. 319 at 11. Following the approach described in *Monelus*, in which the district court indicated that reimbursement of subpoena service-related costs should be limited to the amounts taxable for service by U.S. Marshal set out in 28 C.F.R. § 0.114, *see* 609 F. Supp. 2d at 1334, APA only seeks $65 in reimbursement for the cost of each subpoena, the cost per hour for service by U.S. Marshal.

---

[2] In several places, Plaintiff contends that the documentation submitted by APA is insufficient. *See, e.g.*, ECF No. 319, at 3, 7. APA has submitted vendor invoices for each claimed expense, which is consistent with Local Rule 7.3(c), as well as with conventional practice. *See, e.g.*, *Monelus*, 609 F. Supp. 2d at 1332 (relying on vendor invoices to substantiate expenses); *Banks v. Seaboard Coast Line R. Co.*, 62 F.R.D. 21, 22 (N.D. Ga. 1974) (same). In any event, APA submits with this reply a declaration certifying that all sought expenses have been incurred for the purposes described in APA's memorandum and that all such expenses have been paid in full on behalf of APA. *See* Decl. of Joshua B. Shiffrin ("Shiffrin Decl.").

## II. Transcript and video costs associated with depositions, totaling $11,845.13.

APA addresses Plaintiff's contentions with respect to the following deposition costs:

- *$1,960.50, transcription costs of confidential and non-confidential portions of deposition of Plaintiff Lawrence Meadows; January 13, 2026; Esquire Deposition Solutions; invoice no. INV3469234; expedition, summary, administrative, and exhibit-related fees excluded (see ECF No. 313, at 6-7).*

Plaintiff does not appear to contest the necessity of the APA's obtaining the transcript of his deposition, which APA cited extensively in support of its motion for summary judgment. *See* ECF No. 238-3. Instead, he objects to several line-item charges included in the vendor's invoice. ECF No. 319, at 5-6. However, as stated in its memorandum (ECF No. 314, at 4), APA does not seek reimbursement for the line-item charges to which Plaintiff objects. *See* ECF No. 319, at 11.

APA only seeks reimbursement of the following costs identified in the vendor's invoice (ECF No. 313, at 6), which total $1,960.50: on site resource fee ($95.00); appearance fee: first hour ($75.00); appearance fee: additional overtime ($55.00); transcript confidential ($1,210.40); and transcript non confidential ($525.10). APA does not seek reimbursement for the expedition, exhibits, summaries, processing, or other administrative costs identified by Plaintiff. Thus, there should be no dispute about the amount that is taxable to Plaintiff.[3]

- *$1,415.63, video recording costs of deposition of Plaintiff Lawrence Meadows; January 13, 2026; Esquire Deposition Solutions; invoice no. INV3468026; administrative fee excluded (see ECF No. 313, at 8).*

Plaintiff objects to the necessity of the costs associated with APA's acquiring the video of the deposition of Plaintiff. ECF No. 319, at 5, 11. As APA explained in its memorandum (ECF No. 314, at 4), APA intended to introduce portions of Plaintiff's deposition testimony by video at

[3] In his response, Plaintiff also refers to an apparent dispute between him and the court reporter service related to costs for a copy of the transcript of the deposition that were charged to Plaintiff. *See* ECF No. 319, at 3-4, Exs. 1-2. Plaintiff's vendor dispute is irrelevant to APA's entitlement to reimbursement of the costs incurred by APA for the transcript it ordered.

trial as evidence in its case. *See* ECF No. 274 (APA trial deposition designations); Fed. R. Civ. P. 32 (a)(3). Trial was set to occur during the Court's two-week trial calendar commencing on June 15, 2026 (ECF No. 247), shortly after summary judgment briefing was completed on April 22, 2026 (ECF No. 254). Further, the deposition was noticed to be recorded stenographically and by video, without objection. *See* Shiffrin Decl. ¶ 7; *see Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) ("[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed") (footnote omitted). It was thus reasonable and necessary for APA to obtain the video of Plaintiff's deposition in advance of trial.

Plaintiff also appears to object to the charges for videographer's time and digital media fees, as well as a $25 administrative fee included in the videographer's invoice. ECF No. 319, at 5, 11. The time and digital media costs are akin to the costs for a court reporter's appearance and transcript costs and should be taxable. *See Monelus*, 609 F. Supp. 2d at 1338 (court reporter appearance fees and transcript fees are taxable). As noted in its memorandum, APA does not seek the $25 administrative expense included in the videographer's invoice. ECF No. 314, at 4.

- *$1,192.25, transcription costs of part 1 of day 1 of deposition of Mark Myers; January 21, 2026; Amy Massey & Associates; invoice no. 15134 (see ECF No. 313, at 10).*
- *$330.00, transcription costs of part 2 of day 1 of deposition of Mark Myers; January 21, 2026; Amy Massey & Associates; invoice no. 15125 (see ECF No. 313, at 11).*
- *$1,149.75, transcription costs of day 2 of deposition of Mark Myers; January 22, 2026; Amy Massey & Associates; invoice no. 15140 (see ECF No. 313, at 12).*

Plaintiff deposed APA witness Mark Myers in his personal capacity and as a Rule 30(b)(6) witness for APA over two days in January 2026, which resulted in three separate invoices being

generated. Plaintiff noticed the deposition to be recorded by video and stenographic means. Shiffrin Decl. ¶ 10. Both the court reporter and videographer were selected by Plaintiff. *Id.*

Plaintiff objects to the necessity of obtaining the transcripts of Mr. Myers' deposition. "[T]he non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus*, 609 F. Supp. 2d at 1337. Plaintiff has not met his burden here. As APA has explained, it cited the transcripts of Mr. Myers' deposition in its summary judgment submission, which is sufficient to demonstrate their necessity. *See* ECF No. 238-3; *Monelus*, 609 F. Supp. 2d at 1337 (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The descriptions of the charges in the court reporter service's invoice were generated by the court reporter service selected by Plaintiff.

- *$1,810.00, video recording costs of day 1 and 2 of deposition of Mark Myers; January 21-22, 2026; invoice no. 43868; Elite Video Productions, Inc. (see ECF No. 313, at 13).*

Plaintiff objects to the charges for the videos of Mr. Myers' deposition. ECF No. 319, at 5, 11. APA ordered a copy of the video of the deposition in the course of its trial preparations in May 2026, as it reasonably anticipated that Plaintiff would seek to introduce deposition designations through video at trial. Shiffrin Decl. ¶ 14. Having himself noticed the deposition to be recorded by video, Plaintiff has not met his burden to prove that ordering a copy of the video was not a necessary expense.

Plaintiff also objects to the amounts charged by the videographer. The videographer charged APA $975 for the video of the first day of the deposition, which included synchronization to the transcript; $750 for the video of the second day of deposition, which also included synchronization; and an $85 fee for archiving and administration. Given that the synchronization

costs were combined with the costs of the videos themselves, it is reasonable to tax the full amount. The $85 fee was an unavoidable expense imposed by the videographer, whom Plaintiff had selected.

- *$475.00, transcription cost of deposition of Dr. Peter Wrobel; January 26, 2026; Esquire Deposition Solutions; invoice no. INV3469227; remote video conferencing, exhibit, and administrative costs excluded (see ECF No. 313, at 14).*

APA deposed Plaintiff's expert witness on damages via Zoom in January 2026. It was reasonable and necessary for APA to order the transcript of the deposition of Plaintiff's expert witness for cross-examination at trial, and Plaintiff has not demonstrated otherwise.

Plaintiff objects to certain administrative and other line-item charges included in the vendor's invoice. *See* ECF No. 319, at 11. However, APA does not seek reimbursement of the line-item charges to which Plaintiff objects. APA only seeks reimbursement of $475, which consists of the court reporter appearance fee, first hour ($50); court reporter appearance fee, additional hours ($75); and the minimum transcript charge ($350). APA does not seek reimbursement of the exhibit, condensed transcript, processing, or administrative line-item charges.

- *$802.00, transcript cost of deposition of Matt Barton; January 27, 2026; Mile High Court Reporting & Video, Inc.; invoice no. 7956; other costs excluded (see ECF No. 313, at 15).*

Plaintiff deposed APA's expert witness on damages via Zoom in January 2026. Having noticed the deposition himself, Plaintiff has not met his burden to prove that this deposition transcript was not necessary for APA to obtain. Further, APA only seeks reimbursement for the transcript cost ($802), and no other line-item charges.

- *$300.00, transcript cost of deposition of Robert Glathe; February 26, 2026; Words Court Reporting Services; invoice no. 1624; exhibit and video connection costs excluded (see ECF No. 313, at 16-17).*

Plaintiff subpoenaed and deposed third party witness Robert Glathe in February 2026. Plaintiff has not established that it was not necessary to obtain a transcript of a deposition that he himself noticed and conducted, using a court reporting service that he selected. Further, APA only seeks reimbursement of the minimum transcript cost of $300, and no other line-item charges.

- *$2,410.00, transcript and video recording costs of deposition of Daniel Carey; March 4, 2026; Southwest Florida Reporting Services, Inc.; invoice no. 26090; exhibit and syncing costs excluded (see ECF No. 313, at 18).*

Dan Carey is a former president of APA who appeared on APA and Plaintiff's initial disclosures. Plaintiff subpoenaed Mr. Carey for his deposition and made arrangements for his deposition to be recorded via video and stenographic means. Shiffrin Decl. ¶ 18. Both Plaintiff and counsel for APA questioned Mr. Carey at his deposition, and APA relied on Mr. Carey's deposition testimony in its summary judgment submission. ECF No. 238-3. Against these facts, Plaintiff has not demonstrated that Mr. Carey's deposition transcript was not necessary.

APA also designated portions of Mr. Carey's deposition for use at trial, which it intended to introduce via video. ECF No. 274. Given that Plaintiff had himself noticed the deposition to be recorded by video, he cannot now object to the cost of the video. *See Morrison*, 97 F.3d at 464-65. As noted in APA's memorandum, APA only seeks reimbursement of the $100 cost of the copy of the video; it does not seek reimbursement of the synchronization cost listed in the vendor's invoice. *See* ECF No. 313, at 18; ECF No. 314, at 5.

**III. Transcript costs associated with certain court proceedings, totaling $2,911.20.**

As described in its memorandum, APA seeks reimbursement for the costs of four transcripts of discovery hearings that took place before Magistrate Judge Reid. ECF No. 314, at 6-7. In each instance, Plaintiff had filed an objection or other motion regarding a ruling made by Magistrate Judge Reid during the course of the discovery hearing, and APA cited the transcript of the hearing

in its response to the objection or motion. *See id.* Under these circumstances, Plaintiff has not met his burden to prove that any of the transcripts were unnecessary.

Plaintiff also challenges the fact that several of the transcripts were ordered on an expedited basis. ECF No. 319, at 6. Expedition costs are taxable when they are reasonably necessary under the circumstances. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002) (district court did not abuse its discretion in allowing costs of expedited trial transcripts, given the length and complexity of the case). Here, in each instance in which an expedited transcript was ordered, the expedition was justified under the circumstances:[4]

- *$677.74, discovery hearing held before Magistrate Judge Reid on October 28, 2025; Court Reporter Lisa Edwards; invoice no. 20250841; ECF No. 125 (see ECF No. 313, at 19).*

Magistrate Judge Reid held a discovery hearing on a motion for protective order sought by APA on October 28, 2025. APA ordered a transcript of the hearing with a three-day turnaround. ECF No. 313, at 19. Within a day of the hearing, Plaintiff filed a motion to disqualify APA's counsel, in which he described events that took place at the October 28 hearing. ECF No. 120. APA later cited the hearing transcript in subsequent filings in response to Plaintiff's motions seeking to vacate the protective order and for sanctions. *See* ECF No. 154, at 5; ECF No. 216, at 2; ECF No. 267, at 3; ECF No. 268, at 2.

- *$1,140.26, discovery hearing held before Magistrate Judge Reid on January 7, 2026; Court Reporter Lisa Edwards; invoice no. 20260870; ECF No. 165 (see ECF No. 313, at 20).*

Magistrate Judge Reid held a discovery hearing regarding several matters raised by Plaintiff on January 7, 2026. APA ordered a next-day, expedited transcript because Magistrate

---

[4] The expedition charges only added $425.25 to the costs for the transcripts. If APA had ordered all of four transcripts on a seven-day turnaround, the total cost would have been $2,485.84 at the rate of $6.44 per page for 386 pages, rather than $2,911.11.

Judge Reid asked APA counsel at the conclusion of the hearing to prepare a proposed order based on the rulings made during the hearing. ECF No. 165, at 121.

- *$450.80, status conference held before Magistrate Judge Reid on January 23, 2026; Court Reporter Lisa Edwards; invoice no. 20260886; ECF No. 194 (see ECF No. 313, at 21).*

Magistrate Judge Reid held a discovery status conference on January 23, 2026. APA ordered a transcript on a seven-day turnaround, which was reasonable under the circumstances. ECF No. 313, at 21. APA cited the transcript of the proceeding in its response to objections Plaintiff filed on February 18, 2026 (ECF No. 208) regarding rulings made during the hearing. ECF No. 215, at 2-3.

- *$642.40, discovery hearing held before Magistrate Judge Reid on February 10, 2026; Court Reporter Lisa Edwards; invoice no. 20260890; ECF No. 209 (see ECF No. 313, at 22).*

On February 10, 2026, Magistrate Judge Reid held a discovery hearing regarding several matters, including Plaintiff's request for leave to conduct a third deposition of Mark Myers and a motion by a third party to quash a subpoena from Plaintiff. *See* ECF No. 204. On February 17, 2026, Magistrate Judge Reid entered several orders pertaining to matters discussed at the hearing. ECF Nos. 201-04. That same day, APA ordered a transcript of the hearing for next day delivery. ECF No. 313, at 22. Plaintiff filed an objection to Magistrate Judge Reid's orders the following day. ECF No. 208. APA subsequently cited the transcript of this hearing in response to Plaintiff's objections to Magistrate Judge Reid's rulings at the hearing. ECF No. 215, at 1 n.1, 3-6, 4 n.3.

**CONCLUSION**

For the foregoing reasons, the clerk should enter an order taxing costs against Plaintiff and in favor of APA in the amount of $14,886.33.

Dated: October 6, 2026

*/s/ Shea C. Kleinman*
Shea C. Kleinman, Esq.
Florida Bar No.1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: skleinman@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com
*Admitted *pro hac vice*

*Counsel for Defendant Allied Pilots Association*