**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

Plaintiff, **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

Defendants.
____________________________________/

**DEFENDANT'S CORRECTION REGARDING ECF NO. 317**

At Plaintiff's urging, defendant Allied Pilots Association ("APA") respectfully submits this correction regarding a summary of a court order included in its opposition to Plaintiff's Rule 60 motion (ECF No. 317).[1] For the reasons explained below, APA believes its summary reasonably reflects the intent of the court, but it nonetheless submits this filing out of an abundance of caution and to provide the Court with full context regarding the court order in question.

In its opposition, APA argued that the Court should impose pre-filing restrictions on Plaintiff in light of his ongoing pattern of vexatious litigation conduct. ECF No. 317, at 11-12. In support of that position, APA summarized and quoted an order that was entered in October 2016 in a prior case that Plaintiff had brought against APA in the District of Utah, *Meadows v. APA*, No. 2:14-CV-00115, ECF No. 67 (D. Utah Oct. 4, 2016). APA described the order as follows in its opposition:

[1] On September 28, 2026, Plaintiff served on counsel for APA "Plaintiff's Proposed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11," which states, among other things, that if APA counsel "withdraws or appropriately corrects the challenged contention and associated request," Plaintiff will not file his proposed Rule 11 motion.

> The district court, noting that Plaintiff had been previously ordered "to cease untimely and meritless filings", ordered that "[n]o additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved."

ECF No. 317, at 12. The order of the Utah district court quoted in APA's opposition reads in full:

> This case is closed. (See Doc. #50) Plaintiff has filed an appeal which is currently pending. (See Doc. #'s 51, 59). **Furthermore, defendant has been ordered to cease untimely and meritless filings**.
>
> In addition, generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Marrese v AmericanAcademy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985); *Warren v. American Bankers Ins. Of Florida,* 507 F.3d 1239, 1242 (10th Cir. 2007).
>
> Accordingly, the court will not consider the motions recently filed by plaintiff (Doc. #'s 60, 63, 65) until the Tenth Circuit has disposed of plaintiff's appeal. No additional pleadings will be accepted for filing or docketed in this case and **plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved.** All pending motions are stayed pending final disposition of plaintiff's appeal.

*Meadows v. APA*, No. 2:14-CV-00115, ECF No. 67 (D. Utah Oct. 4, 2016) (emphasis added). The text entered on the docket related to this order similarly stated: "No additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiffs [sic] appeal is fully and finally resolved." *Id.*, ECF No. 67 (D. Utah Oct. 4, 2016) (docket text).

As Plaintiff has correctly pointed out, the October 2016 Utah district court order states that "*defendant* has been ordered to cease untimely and meritless filings," and the defendant in the Utah action was APA. APA nonetheless submits that, in context, it appears more than likely that the Utah district court intended to refer to *Plaintiff* rather than APA in this regard. In support of this interpretation, APA notes the following:

The statement in the order that defendant "*has been* ordered to cease untimely and meritless filings" appears to refer to an earlier order. *Supra* 2 (emphasis added). In an August 2015 order in the case denying a Rule 59 motion filed by Plaintiff, the Utah district court stated that "[t]he case remains closed and plaintiff is cautioned to cease filing additional documents. The case is closed and no additional filings are warranted." *Id.*, ECF No. 50, at 5 (D. Utah Aug. 31, 2015). The court never directed any such admonition to APA in this or any other prior order.

Further, the statement in the last paragraph of the October 2016 order that "plaintiff is *once again* advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved," *supra* at 2 (emphasis added), indicates that the Court intended to refer to Plaintiff in the first paragraph of the order as well.

Finally, at the time that the Utah district court entered its October 2016 order, Plaintiff had made a number of unsuccessful post-dismissal motions. *See id.*, ECF No. 40 (D. Utah Apr. 27, 2015) (denying motion seeking "clarification" and stay); *id.*, ECF No. 50 (D. Utah Aug. 31, 2015) (denying Rule 59 motion and motion to strike). He had also recently filed several additional motions—all lodged a year or more after the case had been closed—that are referenced in the order, as well as a "notice to clerk" complaining about the order in which certain filings had been docketed. *See id.*, ECF No. 60 (D. Utah Aug. 31, 2016) (Rule 60(b) motion); *id.*, ECF No. 63 (D. Utah Sep. 27, 2016) (motion for recusal of district court judge); *id.*, ECF No. 65 (D. Utah Sep. 28, 2016) (sanctions motion); *id.*, ECF No. 66 (D. Utah Sep. 30, 2016) (notice to clerk).

For these reasons, APA submits that it is reasonable to infer that the Utah district court intended to refer to "untimely and meritless filings" by the *Plaintiff*, and not APA, in its October 2016 order. In any event, APA provides this correction so that the Court can reach its own conclusion with respect to this issue.

Dated: October 14, 2026

*/s/ Shea C. Kleinman*
Shea C. Kleinman, Esq.
Florida Bar No. 1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: skleinman@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com

*Admitted *pro hac vice*

*Counsel for Defendant Allied Pilots Association*