**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED BY [signature] D.C.
OCT 23 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**LAWRENCE MEADOWS,**
Plaintiff,

**v.**

**ALLIED PILOTS ASSOCIATION, et al.,**
Defendants.

**CASE NO. 17-cv-22589-EA**

**HONORABLE JUDGE ED ARTAU**
______________________________/

**PLAINTIFF'S MOTION FOR SANCTIONS**
**<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11</u>**

**PLEASE TAKE NOTICE** that Plaintiff Lawrence M. Meadows, proceeding pro se, proposes to move for sanctions under Federal Rule of Civil Procedure 11 against the attorneys who signed Defendant Allied Pilots Association's ("APA") Opposition to Plaintiff's Motion for Relief from Final Judgment (ECF No. 309), filed as FLSD ECF No. 317, specifically by Shea Kleinman, Esq.; Capri Trigo, Esq., and Shea Kleinman, Esq. of Gordon, Rees, Scull, Mansukhani; and Esq.; Joshua B. Shiffrin, Esq.; John M. Pellettieri, Esq.; and Lane M. Shadgett, Esq., of Bredhoff & Kaiser, P.L.L.C.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 11(c)(2), this Motion is being served upon you twenty-one (21) days prior to its filing with the Court. If the verifiably false factual representation set forth in Defendant's Opposition to Plaintiff's Motion for Relief from Final Judgment (ECF No. 309), filed as FLSD ECF No. 317—is not formally and completely withdrawn, or appropriately corrected on the record to purge the false factual contentions, within twenty-one (21) days of the service of this Motion, Plaintiff will file this

Motion with the United States District Court for the Florida Southern District and seek all appropriate relief, including an order striking ECF No. 317, an award of reasonable expenses and consulting fees incurred as a result of the false filings, and a formal referral of signing counsel to the appropriate disciplinary committees.

Plaintiff Lawrence Meadows respectfully moves this Court for the imposition of sanctions against Defendant APA and its signing counsel, Capri Trigo and Shea Kleinman of Gordon Rees, Scully; and Joshua B. Shiffrin, John M. Pellettieri, and Lane M. Shadgett of Bredhoff & Kaiser, P.L.L.C., pursuant to Federal Rule of Civil Procedure 11. The challenged conduct is narrow and specific: ECF No. 317 materially misattributes to Plaintiff language in a Utah order that expressly refers to Defendant. Plaintiff does not ask the Court to decide the Rule 60 motion through this proposed sanctions motion or to impose sanctions merely because counsel advanced an unfavorable legal position.

## MEMORANDUM OF LAW

### I. INTRODUCTION

ECF No. 317 supports APA's request for a pre-filing injunction by stating that the Utah district court had previously ordered Plaintiff "to cease untimely and meritless filings." The cited Utah order does not say that. Its opening paragraph states that "defendant has been ordered to cease untimely and meritless filings." The order separately states, on its second page, that Plaintiff was advised to cease filing additional pleadings while his appeal was pending.

The distinction is material. APA improperly relies on the Utah order to portray Plaintiff as previously adjudicated vexatious party who has filed meritless and frivolous pleadings—despite no Court or tribunal ever ruling such—and to support restricting his access to this Court. ECF No.

317 disengenuously reverses the subject of the "untimely and meritless" finding and attributes it to Plaintiff. That factual contention is directly contradicted by the cited order itself.

## II. THE CHALLENGED PAPER AND SPECIFIC CONTENTION

The challenged paper is Defendant's Opposition to Plaintiff's Motion for Relief from Final Judgment (ECF No. 317, at pages 11–12). The brief states that the Utah district court, "noting that Plaintiff had been previously ordered 'to cease untimely and meritless filings,'" later ordered that no additional pleadings would be accepted and that Plaintiff should cease filing until his appeal was resolved.

> The Utah District Court ("UDC") order, UDC ECF No. 67 at 1, states in its opening paragraph: "This case is closed. (See Doc. #50) Plaintiff has filed an appeal which is currently pending. (See Doc. #'s 51, 59). **Furthermore, defendant has been ordered to cease untimely and meritless filings."** [Emphasis added].
>
> The order then states on page two:
>
> "No additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved." (*Id.* at 2).

**(Exhibit 1 attached hereto).**

The separate Utah order, UDC ECF No. 50, states that "the case remains closed and plaintiff is cautioned to cease filing additional documents" and that "no additional filings are warranted." ECF No. 50 does not state that Plaintiff's filings were untimely or meritless **(Exhibit 2 attached hereto).** Plaintiff acknowledges that UDC ECF No. 50 contains a caution directed to Plaintiff concerning additional filings; the Rule 11 issue concerns ECF No. 317's attribution of the distinct "untimely and meritless" finding in UDC ECF No. 67.

## III. RULE 11 STANDARD AND ARGUMENT: SANCTIONS ARE MANDATED UNDER RULE 11

Federal Rule of Civil Procedure 11(b)(3) requires that an attorney conduct a reasonable inquiry to ensure that "factual contentions have evidentiary support." Sanctions are appropriate when an attorney fails to conduct a reasonable inquiry or makes a deliberate misrepresentation of fact to the Court. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991).

Rule 11(b)(3) provides that, by presenting a paper to the Court, an attorney certifies that the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Rule 11(c)(2) requires a separately served motion describing the specific conduct alleged to violate Rule 11 and gives the challenged party twenty-one days to withdraw or appropriately correct the challenged paper.

The proposed motion is directed principally to Rule 11(b)(3). The issue is not whether counsel may seek a filing restriction, whether Plaintiff's Rule 60 motion will succeed, or whether ECF No. 50 cautioned Plaintiff against additional filings. The issue is whether counsel could reasonably attribute the Utah court's "untimely and meritless" finding to Plaintiff when the cited order expressly attributes that finding to Defendant.

## IV. THE MISATTRIBUTION IS MATERIAL AND OBJECTIVELY VERIFIABLE

### A. The cited order contradicts the factual assertion.

UDC ECF No. 67 does not merely omit a finding concerning the subject of the sentence. It identifies the defendant as the party previously ordered to cease untimely and meritless filings. ECF No. 317 changes that subject to Plaintiff while using the altered statement to support a request that Plaintiff be characterized as vexatious and be barred from filing motions without leave.

### B. The error matters to the requested relief.

APA's pre-filing request depends in part on the asserted existence of a prior adjudicated history of vexatious or meritless filings. A statement that the Utah court found Plaintiff's filings untimely and meritless materially strengthens that request. The order cited by APA does not support that proposition. The factual premise should therefore be withdrawn or corrected before APA asks this Court to rely on it.

**C. The proposed motion does not challenge ordinary advocacy.**

Plaintiff does not contend that every inaccurate characterization warrants sanctions. Nor does Plaintiff ask the Court to resolve the truth of the underlying Rule 60 allegations through Rule 11. This proposed motion addresses one record-based assertion, the order cited to support it, and the direct conflict between the assertion and the cited order.

## V. REQUESTED SAFE-HARBOR CORRECTION

To resolve the issue without Court intervention, Plaintiff requests that the signing counsel, within twenty-one days after service, withdraw the challenged factual contention and amend or withdraw the portion of ECF No. 317 that relies on it. Any correction should accurately state that UDC ECF No. 67 referred to Defendant's untimely and meritless filings, while separately stating that Plaintiff was advised to cease additional filings while his appeal was pending.

If counsel withdraws or appropriately corrects the challenged contention and associated request, Plaintiff will not file this proposed motion. If counsel does not do so, Plaintiff will file it after the safe-harbor period and ask the Court to impose sanctions limited to the violation established by the record, including reasonable expenses actually incurred and such other relief as the Court deems appropriate.

## VI. CONCLUSION AND RELIEF REQUESTED

If the challenged factual contention and the portion of ECF No. 317 relying on it is not withdrawn or appropriately corrected within twenty-one days after service, Plaintiff will file this motion and respectfully requests that this honorable Court:

(1) determine that the challenged factual contention lacked evidentiary support within the meaning of Rule 11(b)(3);

(2) strike Defendant's Opposition (ECF No. 317) in its entirety as a necessary remedial measure to purge these false factual contentions from the active judicial record;

(3) impose sanctions limited to what is necessary to deter repetition of the conduct, including documented out-of-pocket expenses actually incurred in presenting this Rule 11 issue, to the extent permitted by Rule 11(c)(4); and

(4) grant such other non-punitive relief as the Court deems just and proper under Rule 11.

Plaintiff does not seek to use this motion to obtain a merits ruling on the Rule 60 motion, to require counsel to concede any disputed issue, or to obtain compensation for time spent by Plaintiff acting pro se. The requested relief is limited to the specific record-based misattribution described above.

## VII. CERTIFICATION UNDER SOUTHERN DISTRICT FLORIDA LOCAL RULE 7.1

Plaintiff initially conferred by serving written notice of draft rule 11 motion via FedEx via overnight delivery, and also via email, identifying the challenged statement and requesting withdrawal or correction. This certification is separate from and does not shorten the twenty-one-day safe-harbor period under Rule 11(c)(2).

Before filing this motion with the Court, Plaintiff Lawrence Meadows certifies under Local Rule 7.1(a)(3) and the Court's procedures referenced in ECF No. 177 as follows:

On September 26, 2026, Plaintiff served Defendant Allied Pilots Association and its counsel with the Rule 11 motion concerning APA counsel's mischaracterization and misattribution of the October 2016 Utah order in ECF No. 317.

APA's October 14, 2026 filing at ECF No. 321 acknowledged the wording of the Utah order and presented APA's contextual explanation but did not expressly withdraw or amend the challenged attribution or the related pre-filing request. APA's subsequent correspondence maintained that no further correction was warranted.

On October 15, 2026, Plaintiff sent correspondence requesting complete correction or withdrawal of the challenged statement in ECF No. 317 and the portion of APA's pre-filing-screening request relying on that statement. Plaintiff asked APA to confirm whether it would: (1) withdraw or amend the challenged statement; (2) accurately state that the Utah order's "untimely and meritless filings" language identifies Defendant APA; and (3) withdraw or amend the related portion of the pre-filing request.

On October 19, 2026, Joshua Shiffrin stated that APA would make no additional correction, would not withdraw the pre-filing-screening request in ECF No. 317, and would communicate with Plaintiff only in writing. He did not arrange a telephone conference or provide conference information. He further stated that he would be the sole attorney communicating for APA regarding this matter. No conference, including Ms. Trigo, occurred.

On October 20, 2026, Plaintiff sent a further email reiterating the request for Ms. Trigo's participation, restating the three requested corrections, and offering telephone availability on October 21 from 9:00 a.m. to 4:00 p.m. Eastern and October 22 from 9:00 a.m. to noon Eastern.

As of the filing of this motion and despite Judge Artau's Order mandating either in-person or telephonic good faith conferrals and the parties' duty to comply with such (ECF No. 177 at 3, 6),

APA did not participate in a telephonic conference despite Plaintiff's repeated requests over three days of offered availability. Additionally, APA has never provided the requested yes-or-no responses, and has not withdrawn or amended the challenged attribution in ECF No. 317, and has neither withdrawn nor amended the related portion of the pre-filing request.

Plaintiff certifies that he made a good-faith effort to confer and is filing the motion without adding new grounds. A true and correct copy of the relevant October 15–21, 2026 email correspondence concerning Plaintiff's good faith conferral attempts are attached as **Exhibit 3.**

Dated October 22, 2026.

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, Florida 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## SAFE-HARBOR CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Plaintiff Pro Se, certify that on September 26, 2026, I served a true and correct copy of the foregoing proposed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, together with Exhibits 1 and 2, by Federal Express Overnight and was also copied via email on the following counsel of record. This service is made pursuant to Rule 11(c)(2) and initiates the twenty-one-day safe-harbor period. The proposed motion has not been filed with the Court.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com;
skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

## SECOND CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Plaintiff Pro Se, certify that on October 22, 2026, I served a true and correct copy of the foregoing proposed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, together with Exhibits 1-3, filed through the Court's CM/ECF system, and served by Federal Express, with a copy also sent by email, upon the following counsel of record

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
**Shea Kleinman, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@grsm.com; ctrigo@gordonrees.com; skleinman@grsm.com

*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane M. Shadgett, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com; jpellettieri@bredhoff.com; lshadgett@bredhoff.com

*Pro Hac Vice Counsel for Defendant*

# EXHIBIT 1

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT - 4 2016

D. MARK JONES, CLERK

BY DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LAWRENCE M. MEADOWS, | ) | |
| | ) | |
| | ) | Case No. 2:14-CV-115 DS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| ALLIED PILOTS ASSOCIATION, | ) | |
| a Texas Labor Association, and | ) | |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This case is closed. (See Doc. #50) Plaintiff has filed an appeal which is currently pending. (See Doc. #'s 51, 59). Furthermore, defendant has been ordered to cease untimely and meritless filings.

In addition, generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Marrese v AmericanAcademy of Orthopaedic Surgeons,* 470 U.S.

373, 379 (1985); *Warren v. American Bankers Ins. Of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007).

Accordingly, the court will not consider the motions recently filed by plaintiff (Doc. #'s 60, 63, 65) until the Tenth Circuit has disposed of plaintiff's appeal. No additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved. All pending motions are stayed pending final disposition of plaintiff's appeal.

IT IS SO ORDERED.

DATED this 3rd day of October, 2016.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**EXHIBIT 2**

Query Reports Utilities Help Log Out

CLOSED,OPEN_MJ,PROSE

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: 2:14-cv-00115-DS

Meadows v. Allied Pilots Association et al
Assigned to: Judge David Sam
Case in other court: Tenth, 15-04139
Cause: 29:0151 Labor: Review of Agency Action

Date Filed: 02/19/2014
Date Terminated: 04/27/2015
Jury Demand: Plaintiff
Nature of Suit: 740 Labor: Railway Labor Act
Jurisdiction: Federal Question

**Plaintiff**

**Lawrence M. Meadows**

V.

**Defendant**

**Allied Pilots Association**
*a Texas Labor Association*

represented by **Arthur F. Sandack**
925 E 200 S
SALT LAKE CITY, UT 84102
801-595-1300
Email: artsandack@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven K. Hoffman**
JAMES & HOFFMAN PC
1130 CONNECTICUT AVE NW STE 950
WASHINGTON, DC 20036
(202)496-0500
Email: skhoffman@jamhoff.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Airlines, Inc.**
*a Delaware Corporation*

represented by **James M. Barrett**
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
222 SW COLUMBIA ST STE 1500
PORTLAND, OR 97201
(503)552-2140
Email: james.barrett@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen E. Kubis**
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
191 PEACHTREE ST NE STE 4800
ATLANTA, GA 30303
(404)881-1300
*LEAD ATTORNEY*
*PRO HAC VICE*

**Todd C. Duffield**
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
191 PEACHTREE ST NE STE 4800
ATLANTA, GA 30303
(404)881-1300
Email:
todd.duffield@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2014 | 1 | COMPLAINT against Allied Pilots Association, American Airlines, Inc. (Filing fee $ 400, receipt number 4681060840), filed by Lawrence M. Meadows. (Attachments: # 1 Civil Cover Sheet 1, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12) Assigned to Magistrate Judge Evelyn J. Furse (amw) (Entered: 02/19/2014) |
| 06/11/2014 | 2 | ****RESTRICTED DOCUMENT****Summons Issued Electronically as to Allied |

| | | |
|---|---|---|
| 06/23/2015 | 45 | REPLY to Response to Motion re 41 MOTION to Amend/Correct and Memorandum in Support filed by Plaintiff Lawrence M. Meadows. (jmr) (Entered: 06/23/2015) |
| 06/29/2015 | 46 | REQUEST to Submit for Decision re 41 MOTION to Amend/Correct and Memorandum in Support filed by Defendant American Airlines, Inc.. (Duffield, Todd) (Entered: 06/29/2015) |
| 07/28/2015 | 47 | NOTICE of Request for Judicial Notice re: new found evidence by Lawrence M. Meadows (Attachments: # 1 Envelope) (jmr) (Entered: 07/28/2015) |
| 08/10/2015 | 48 | RESPONSE re 47 Notice (Other),*of Request for Judicial Notice* filed by Allied Pilots Association. (Attachments: # 1 Exhibit A - Declaration of Charles Hepp, # 2 Exhibit 1 to Hepp Declaration, # 3 Exhibit 2 to Hepp Declaration, # 4 Exhibit 3 to Hepp Declaration)(Hoffman, Steven) (Entered: 08/10/2015) |
| 08/24/2015 | 49 | MOTION to Strike 48 Response (NOT to motion), filed by Plaintiff Lawrence M. Meadows. (jmr) (Entered: 08/25/2015) |
| 08/31/2015 | 50 | ORDER denying 41 Motion to Amend/Correct; denying 49 Motion to Strike. The case remains closed and plaintiff is cautioned to ceasefiling additional documents. The case is closed and no additional filings are warranted. See Order for additional details. Signed by Judge David Sam on 8/31/15. (jmr) (Entered: 08/31/2015) |
| 09/23/2015 | 51 | NOTICE OF APPEAL as to 40 Order on Motion to Amend/Correct, Order on Motion to Stay, 35 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Amend/Correct, 50 Order on Motion to Amend/Correct, Order on Motion to Strike, filed by Lawrence M. Meadows. Appeals to the USCA for the 10th Circuit. Fee Status: Fee Paid. Filing fee $ 505, receipt number 4681068899. (jmr) (Entered: 09/24/2015) |
| 09/24/2015 | 52 | Transmission of Preliminary Record to USCA re 51 Notice of Appeal. (Attachments: # 1 Appendix)(jmr) (Entered: 09/24/2015) |
| 09/24/2015 | 53 | USCA Case Number Case Appealed to Tenth Case Number 15-4139 for 51 Notice of Appeal, filed by Lawrence M. Meadows. (jmr) (Entered: 09/24/2015) |
| 10/07/2015 | 54 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court (ERR). Response to motions to dismiss due on 10/19/2015 for Lawrence M. Meadows. Briefing on the merits is tolled. (jmr) (Entered: 10/13/2015) |
| 10/16/2015 | 55 | Transmitted Record on Appeal to USCA-Tenth Circuit re 51 Notice of Appeal. (jmr) (Entered: 10/16/2015) |

| | | |
|---|---|---|
| 09/30/2016 | 66 | NOTICE of to Clerk of Erroneous Docketing of Pleadings and Request to Re-Docket Pleadings in the Same Sequence as Filed by Lawrence M. Meadows. (jmr) (Entered: 10/03/2016) |
| 10/04/2016 | 67 | ORDER - the court will not consider the motions recently filed by plaintiff 60 , 63 , 65 , until the Tenth Circuit has disposed of plaintiffs appeal. No additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiffs appeal is fully and finally resolved. All pending motions are stayed pending final disposition of plaintiffs appeal. IT IS SO ORDERED. See Order for additional details. Signed by Judge David Sam on 10/3/16. (jmr) (Entered: 10/04/2016) |
| 10/21/2016 | 68 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court denying the motion for partial remand filed by Appellant Mr. Lawrence M. Meadows and continuing abatement. Status report due to the Tenth Circuit on 12/20/2016 by Lawrence M. Meadows. (jmr) (Entered: 10/24/2016) |
| 06/06/2018 | 69 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court upon consideration of Appellant's Fourteenth Status Report, the court continues the abatement of this matter. Mr. Meadows shall file another status report as to the status of Appeal No. 18-735 by 9/04/18 or sooner if developments impact the abatement of this appeal. Status report due on or before 09/04/2018 by Lawrence M. Meadows. (jmr) (Entered: 06/06/2018) |
| 01/30/2019 | 70 | ORDER of USCA Tenth Circuit as to 51 Notice of Appeal, filed by Lawrence M. Meadows. Order filed by Clerk of the Court continuing the abatement of this appeal. Appellant shall file a status report on the earlier of 04/29/2019 or five days after any developments that impact the abatement of this appeal. Status report due 04/29/2019 by Lawrence M. Meadows. (jmr) (Entered: 01/30/2019) |
| 08/04/2020 | 71 | MANDATE of USCA as to 51 Notice of Appeal, filed by Lawrence M. Meadows According to the USCA the appeal is dismissed; the Clarification Order and Rule 59(e) order are affirmed. Judgment included with mandate: Yes. (Attachments: # 1 Mandate Cover Letter)(jwt) (Entered: 08/04/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/25/2026 22:39:50 | | | |
| PACER Login: | Aa332713 | Client Code: | |

**EXHIBIT 3**

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**To:** Capri Trigo <ctrigo@grsm.com>; Shea Kleinman <skleinman@grsm.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Sent:** Wednesday, October 21, 2026 at 06:56:15 PM EDT
**Subject:** Re: [EXTERNAL] Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321

Date: October 21, 2026
To: Capri Trigo; Shea C. Kleinman
Cc: Joshua B. Shiffrin; John M. Pellettieri; Lane Shadgett

**Subject: Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321**

Mr. Shiffrin:

I acknowledge your latest email. For clarity, I understand APA's position to be that:

(1) you are the sole attorney communicating for APA regarding this matter;
(2) APA will communicate only in writing;
(3) APA will make no further correction beyond ECF No. 321; and (4) APA will not withdraw the pre-filing-screening request in ECF No. 317.

I remain concerned that Ms. Trigo has not participated. She is counsel of record and the Florida-licensed attorney who sponsored your pro hac vice admission. Given the gravity of the alleged misattribution of a federal court order, I continue to believe her participation would be appropriate.

I also disagree with APA's characterization of my pending motions as repetitive. The Rule 59 and Rule 60 motions raise distinct legal issues. I have addresses the merits of those issues in the appropriate filings and will not litigate them further in this correspondence.

I remind you that ECF No. 177 requires the parties to confer telephonically or in person for purposes of Local Rule 7.1(a)(3), and states that a minimal email exchange does not constitute a good-faith effort. **I remain available tommorrow, October 22, from 9:00 a.m. to noon Eastern.**

If APA does not participate, I will accurately state in the Rule 11 certification that APA elected to communicate only in writing, that no telephone conference occurred, that Ms. Trigo did not participate, and that APA maintained its stated positions.

This correspondence does not add, amend, or expand any Rule 11 ground previously served.

Respectfully,

Lawrence M. Meadows
Plaintiff, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139

(516) 982-7718
lawrencemeadows@yahoo.com

On Wednesday, October 21, 2026 at 10:55:19 AM EDT, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Mr. Meadows:

I will be the sole lawyer communicating with you on behalf of APA regarding this matter, and I will only do so in writing for the reasons I identified in my second October 19 email. As is apparent from the email thread below, my first October 19 email contains APA's position regarding the questions raised in your email. In case you have any remaining doubt, APA will not be making any additional correction beyond that included in its October 14, 2026 filing, as none is warranted. APA's October 14, 2026 filing sets out the full language and context of the October 2016 order of the Utah district court. APA will not withdraw the request in ECF No. 317 that the Court impose pre-filing screening restrictions on you as that request is justified by your pattern in this case of making repetitive motions seeking the same relief on the same, non-meritorious grounds.

Sincerely,

Joshua Shiffrin

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Tuesday, October 20, 2026 5:19 PM
**To:** Capri Trigo <ctrigo@grsm.com>; Shea Kleinman <skleinman@grsm.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Subject:** Re: [EXTERNAL] Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321

Date: October 20, 2026
To: Capri Trigo; Shea C. Kleinman
Cc: Joshua B. Shiffrin; John M. Pellettieri; Lane Shadgett

**Subject: Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321**

Mr. Shiffrin and Ms. Trigo:

Your October 19 email states that my prior letter implied a threat. It did not. In no way, implied or otherwise, did that letter threaten bar discipline or any collateral consequence. It addressed only the Rule 11 motion previously served on September twenty-sixth. I expressly stated I would not raise bar-complaint issues in any conference, and I stand by that.

Given the gravity of the alleged misattribution of a federal court order, I requested the participation Ms. Trigo, APA's Florida-licensed local lead counsel of record

responsible for sponsoring you and your associates pro hac admission in this action. That request stands.

I need you to clarify, and answer with specificity, the following.

1. Are you stating that you are refusing to comply with Judge Artau's standing order, ECF No. 177, which instructs the parties to confer telephonically or in person for purposes of the good-faith conferral requirement of Local Rule 7.1(a)(3), and provides that a minimal email exchange shall not constitute a good-faith effort?

2. Are you stating that you have authority to speak for Ms. Trigo, that she will not participate in any meet-and-confer, and that she has knowledge of this position?

3. In my October 16 email, I asked APA to confirm three specific items. Please answer each individually.

A. Will APA withdraw or amend the challenged statement in ECF 317?

B. Will APA accurately state that the "untimely and meritless filings" language in the October 2016 Utah order identifies Defendant APA?

C. Will APA withdraw or amend the portion of its pre-filing-injunction request that relies on that attribution? Your October fourteenth filing acknowledged the order's text but did not expressly withdraw or amend the contrary statement in ECF 317. I need APA's position on each item, yes or no.

I understand APA opposes the motion. However, opposition is not a substitute for specific answers to specific requests.

In the spirit of cooperation and good faith, **I am available for a telephone conference tomorrow, Wednesday, October 21, from 9:00 a.m. to 4:00 p.m. EST, or Thursday, October 22, from 9:00 a.m. to 12:00 p.m. EST.**

If I do not hear from you, my meet-and-confer certification to the Court will state exactly which of the above you declined to address.

Respectfully,

Lawrence M. Meadows
Plaintiff, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, Florida 33139
(516) 982-7718
lawrencemeadows@yahoo.com

----- Forwarded Message -----
**From:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**To:** Lawrence Meadows <lawrencemeadows@yahoo.com>; Capri Trigo <ctrigo@grsm.com>; Shea Kleinman <skleinman@grsm.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Sent:** Monday, October 19, 2026 at 09:20:00 PM EDT

**Subject:** Re: [EXTERNAL] Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321

Mr. Meadows:

Given the implied threat in the last line of your email, counsel for APA will only communicate with you in writing regarding this matter. APA opposes your proposed Rule 11 motion.

Sincerely,

Joshua Shiffrin

Get Outlook for iOS

---

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Monday, October 19, 2026 4:50 PM
**To:** Capri Trigo <ctrigo@grsm.com>; Shea Kleinman <skleinman@grsm.com>
**Cc:** Joshua Shiffrin <jshiffrin@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Subject:** [EXTERNAL] Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321

**Subject: Rule 11 Meet-and-Confer Regarding ECF Nos. 317 and 321**
To: Capri Trigo; Shea C. Kleinman
Cc: Joshua B. Shiffrin; John M. Pellettieri; Lane Shadgett

Dear Counsel:

Pursuant to the Court's applicable meet-and-confer procedures, including the Court's standing procedures referenced in ECF No. 177, I request a telephone conference concerning the Rule 11 motion previously served on September 26, 2026, relating to ECF No. 317 and APA's October 14 filing at ECF No. 321.

Because Ms. Trigo is counsel of record and local Florida counsel, I specifically request that she participate in the conference, together with Mr. Kleinman and counsel who prepared or signed the

challenged filings. This request is directed to all counsel of record and is not intended to add any new Rule 11 ground.

The conference is limited to the grounds already stated in the served Rule 11 motion: APA's characterization of the October 2016 Utah order, the effect of APA's October 14 filing, and the related portion of APA's request for pre-filing restrictions. APA's October 14 filing acknowledges that the order states that "defendant has been ordered to cease untimely and meritless filings," but it does not expressly withdraw or amend the contrary attribution in ECF No. 317 or withdraw the portion of the pre-filing request relying on that attribution. APA's October 19 email confirms that it will make no further correction.

I am available for the telephone conference on Tuesday, October 20, 2026, between 9:00 a.m. and 2:00 p.m. Eastern Time. If necessary, I am also available Wednesday, October 21, 2026, between 9:00 a.m. and 12:00 p.m. Eastern Time. Please propose a specific time and identify the telephone number or conference information.

For clarity, this conference does not amend, expand, or replace the Rule 11 safe-harbor motion previously served. If APA will withdraw or amend the challenged statement and the related portion of its pre-filing request, please state that during the conference and confirm it in writing.

I will not address collateral allegations, personal characterizations, or unrelated proceedings during this conference. I also do not seek to discuss any bar-complaint issue in this Rule 11 conference.

Respectfully,

Lawrence M. Meadows
Plaintiff, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, Florida 33139
(516) 982-7718
lawrencemeadows@yahoo.com

----- Forwarded Message -----
**From:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**To:** Lawrence Meadows <lawrencemeadows@yahoo.com>; Capri Trigo <ctrigo@grsm.com>; Shea Kleinman <skleinman@grsm.com>
**Cc:** John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Sent:** Monday, October 19, 2026 at 10:40:44 AM EDT

**Subject:** RE: [EXTERNAL] ECF No. 317 - Request for Complete Correction or Withdrawal

Mr. Meadows:

No additional correction or action by APA is warranted for the reasons described in APA's October 14, 2026 filing. Your proposed Rule 11 motion is frivolous, and, if you persist in filing it, APA will seek an award of its attorneys' fees expended in connection with responding to it pursuant to Rule 11(c)(2).

Sincerely,

Joshua Shiffrin

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Thursday, October 15, 2026 7:27 PM
**To:** Capri Trigo <ctrigo@grsm.com>; Shea Kleinman <skleinman@grsm.com>
**Cc:** Joshua Shiffrin <jshiffrin@bredhoff.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Subject:** [EXTERNAL] ECF No. 317 - Request for Complete Correction or Withdrawal

Date: October 16, 2026
To: All Counsel of Record for Allied Pilots Association

**Subject: ECF No. 317 - Request for Complete Correction or Withdrawal**

Dear APA Counsel:

I write regarding APA's October 14, 2026 filing titled "Defendant's Correction Regarding ECF No. 317" and Plaintiff's Rule 11 safe-harbor notice served on September 26, 2026 (ECF No. 321).

APA's filing acknowledges that the October 2016 Utah order states that **"defendant has been ordered to cease untimely and meritless filings."** The filing also acknowledges that Plaintiff correctly identified this discrepancy. APA nevertheless does not expressly withdraw or amend the contrary statement in ECF No. 317 that the Utah court had previously ordered Plaintiff to cease untimely and meritless filings. Nor does APA withdraw the portion of its request for a pre-filing injunction that relies on that characterization.

APA's contextual argument may be presented to the Court as advocacy, but it does not alter the text of the Utah order or correct the original attribution in ECF No. 317. The order separately advised Plaintiff to cease filing additional pleadings while his appeal was pending. Those are distinct statements and should not be represented as the same finding.

Accordingly, please confirm whether APA will: (1) withdraw or amend the challenged statement in ECF No. 317; (2) accurately state that the "untimely and meritless filings" language identifies Defendant; and (3) withdraw or amend the portion of the pre-filing-injunction request that relies on the challenged attribution.

If APA does not make that correction before expiration of the Rule 11 safe-harbor period, Plaintiff will proceed with the Rule 11 motion previously served, substantially in the form served and without adding new grounds. This correspondence does not

expand, amend, or replace the previously served safe-harbor motion, and Plaintiff reserves all rights concerning ECF No. 317 and the requested pre-filing restriction.

Please treat this email as a final opportunity to resolve the record-correction issue without court intervention.

Respectfully,

Lawrence M. Meadows
Plaintiff, Pro Se
1900 Sunset Harbour Drive, #2112
Miami Beach, Florida 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

FedEx

Envelope

Recycle me

RECEIVED BY ___ D.C.
OCT 23 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

PRIORITY OVERNIGHT
458-1022

ORIGIN ID:MPBA (516) 982-7718
LAWRENCE MEADOWS

1900 SUNSET HARBOUR DR 2112

MIAMI BEACH, FL 33139
UNITED STATES US

SHIP DATE: 22OCT26
ACTWGT: 0.35 LB
CAD: 6575695/ROSA2710

TO WILKIE FERGUSON U.S COURTHOUSE
ATTN: CLERK OF COURT, ROOM 8N09
400 NORTH MIAMI AVENUE

MIAMI FL 33128
(305) 523-5100 REF:
INV:
PO: DEPT:

FedEx Express
E
REL# 376534

FRI - 23 OCT 10:3
PRIORITY OVERNIG

TRK# 0201 8790 9012 2012

3C MPBA

331
FL-US M

Do not ship liquids, blood, or clinical specimens in this packaging.

FedEx®

**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination by packing your items securely. Need help? Go to **fedex.com/packaging** for packing tips.

Check your FedEx shipping document, the current FedEx Service Guide, or the conditions of carriage for complete terms, conditions, and limits of liability.

© 2025 FedEx 155475/155476 REV 2/25

PAP 21

Please recycle. See how we are connecting the world in responsible and resourceful ways at **fedex.com/sustainability**. Recycling options may vary by location.

**Scan to learn how we can help make Earth a priority together.**

Insert shipping document here.