**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**LAWRENCE MEADOWS,**

Plaintiff, **CASE NO. 1:17-CV-22589-EA**

v.

**ALLIED PILOTS ASSOCIATION, *et al.*,**

Defendants.
_______________________________________/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 322)**

Defendant Allied Pilots Association ("APA") respectfully submits this response to Plaintiff Lawrence Meadows' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (ECF No. 322). Plaintiff's motion is the latest example of his pattern of vexatious and frivolous litigation conduct. The Court should deny the motion and exercise its authority under Rule 11(c)(2) to award APA the attorneys' fees APA expended in connection with the motion.

**FACTUAL BACKGROUND**

Final judgment in this matter was entered on August 18, 2026 (ECF No. 306), after the Court entered summary judgment for APA on all of Plaintiff's claims (ECF No. 304). Since then, Plaintiff has filed two successive motions asking the Court to reconsider its summary judgment decision. The first, styled as a motion under Rule 59(e) to alter or amend the judgment, asks the Court to vacate the judgment in the case to reconsider decisions that had been made by Magistrate Judge Reid denying Plaintiff's motions based on allegations of evidence spoliation by APA. *See* ECF Nos. 307 (motion), 308 (APA response), 310 (Plaintiff reply).

The second—which Plaintiff filed before briefing on his first motion was even completed—is styled as a motion under Fed. R. Civ. P. 60, and it asks the Court to provide relief from judgment in light of Plaintiff's allegations that APA counsel made misrepresentations at a discovery hearing before Magistrate Judge Reid regarding a protective order sought by APA. *See* ECF Nos. 309 (motion), 317 (APA response), 318 (Plaintiff reply). Plaintiff repeatedly raised these allegations in several earlier motions (including an earlier Rule 60 motion), as well as in responding to APA's motion for summary judgment. Magistrate Judge Reid fully considered his allegations and found they lacked any merit. *See* ECF No. 317, at 2-5 (recounting procedural history).

In its response to Plaintiff's second post-judgment motion for reconsideration, APA included a request that the Court institute pre-filing screening restrictions on Plaintiff to curb his pattern of vexatious conduct. *Id.* at 11-12. APA explained that such restrictions have been approved by the Eleventh Circuit as a means of preventing litigants from "unnecessarily encroaching on the judicial machinery," and that they are appropriate in this case in light of "Plaintiff's pattern of repetitive filings seeking the same relief on substantially the same frivolous grounds." *Id.* at 11 (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986).

In support of its request, APA pointed out that another district court in Utah had entered a similar order in a prior case that Plaintiff had brought against APA regarding Plaintiff's termination from American Airlines. *Id.* at 11-12. APA stated in its brief:

> At least one court has entered a similar order with respect to Plaintiff. In an earlier, unsuccessful case that Plaintiff filed against APA in the District of Utah, the court denied a post-judgment Rule 59 filed by Plaintiff, adding that "the case is closed and no additional filings are warranted." *Meadows v. APA*, 2:14-CV-00115 (D. Utah Aug. 31, 2015), ECF No. 50. Plaintiff nonetheless thereafter filed a Rule 60(b) motion, a motion for sanctions against APA's counsel, and a motion seeking the district court judge's recusal due to "deep seated favoritism" of APA, all while his appeal of the final judgment in that matter was pending. *See id.* ECF Nos. 60, 63

> 65 (Aug. 31, Sep. 27 and 28, 2016). The district court, noting that Plaintiff had been previously ordered "to cease untimely and meritless filings", ordered that "[n]o additional pleadings will be accepted for filing or docketed in this case and plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved." *Id.* ECF No. 67 (Oct. 4, 2016).

*Id.* The last sentence of this paragraph quoted from a order entered on October 4, 2016 by the Utah Court. That order read in full as follows:

> This case is closed. (See Doc. #50) Plaintiff has filed an appeal which is currently pending. (See Doc. #'s 51, 59). **Furthermore, defendant has been ordered to cease untimely and meritless filings**.
>
> In addition, generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Marrese v AmericanAcademy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985); *Warren v. American Bankers Ins. Of Florida,* 507 F.3d 1239, 1242 (10th Cir. 2007).
>
> Accordingly, the court will not consider the motions recently filed by plaintiff (Doc. #'s 60, 63, 65) until the Tenth Circuit has disposed of plaintiff's appeal. No additional pleadings will be accepted for filing or docketed in this case and **plaintiff is once again advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved.** All pending motions are stayed pending final disposition of plaintiff's appeal.

*Meadows v. APA*, No. 14-cv-00115, ECF No. 67 (D. Utah Oct. 4, 2016) (emphasis added).

Soon after APA filed its response, Plaintiff served APA with a proposed Rule 11 motion that flagged that the Utah district court in its order stated that "*defendant* has been ordered to cease untimely and meritless filings," rather than *Plaintiff*. *Id.* (emphasis added); *see* ECF No. 322, at 7. (Plaintiff made the same point in his reply in support of his Rule 60 motion as well. *See* ECF No. 318, at 10.) Plaintiff stated in his proposed motion that if APA counsel "withdraws or appropriately corrects the challenged contention and associated request," Plaintiff would not file his proposed Rule 11 motion. ECF No. 322, at 5.

Thereafter, APA filed a correction to its response to Plaintiff's Rule 60 motion. ECF No. 321. As APA explained in its filing, Plaintiff is correct that the Utah district court stated in its

October 2016 order that "defendant has been ordered to cease untimely and meritless filings," and the defendant in the Utah action was APA. *Id.* at 2. Nonetheless, APA explained that it was reasonable to infer from the surrounding context—such as the language in the rest of the order, the Court's prior admonition to Plaintiff to "cease filing additional documents," and Plaintiff's course of conduct in that case—that the Utah district court intended to refer to Plaintiff, and not APA, in this regard. *Id.* at 2-3.

Plaintiff subsequently filed his Rule 11 motion. *See* ECF No. 322.

## LEGAL STANDARD

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). "When deciding whether to impose sanctions under Rule 11, a district court must conduct a two-step inquiry, determining '(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "A factual claim is frivolous when it has no reasonable factual basis." *Id.* Sanctions are not warranted when an attorney's evidence is "merely weak," but are warranted when an attorney exhibits "a deliberate indifference to obvious facts." *Id.*

Further, "Rule 11 motions should not be made or threatened for minor, inconsequential violations." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1261 (11th Cir. 2014) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

## ARGUMENT

### I. Plaintiff's Rule 11 Motion Is Frivolous and Should Be Denied

Plaintiff's Rule 11 motion stems from a single word in an order entered by the Utah district court in October 2016, and whether the Utah district court intended to refer to Plaintiff or APA when it stated that "defendant" had previously been ordered "to cease untimely and meritless filings." There can be no serious dispute that the Utah district court intended to refer to Plaintiff, and not APA. At a minimum, APA has a reasonable factual basis for that assertion, for the reasons that APA explained in its correction (ECF No. 321) and below.

As APA explained in its correction, for at least three reasons it is clear that the Utah district court intended to refer to the Plaintiff, and not APA, in the sentence in question. First, the sentence referred to a prior order ("defendant *has been* ordered"), and the only party that had been previously admonished to cease making additional filings was Plaintiff, not APA. *See* ECF 321, at 3 (citing August 2015 and October 2016 orders of Utah district court). Second, the statement in the Utah district court's October 2016 order that "plaintiff is *once again* advised to cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved," plainly indicates that the court intended to refer to Plaintiff throughout the order. *Id.* (citing August 2015 order) (emphasis added). Finally, at the time of the October 2016 order, Plaintiff had filed in the Utah district court case several unsuccessful post-dismissal motions, and he had recently filed a number of motions and filings—more than a year after his appeal was filed—including a motion for recusal of the Utah district court judge and a "notice to clerk" complaining about the order in which his filings had been docketed. *Id.* (citing filings).

Given this context, APA had a more than reasonable factual basis for concluding that the Utah district court intended to refer to Plaintiff, and not APA, throughout its October 2016 order. In any event, even if APA's Rule 60 motion response would have benefited from an explanatory

footnote, APA provided a full explanation, and all surrounding context, in its correction, thus enabling the Court to reach its own conclusion. Yet Plaintiff persisted in filing a Rule 11 motion, even after APA filed its correction. For this reason, Plaintiff's Rule 11 motion is not merely non-meritorious, it is frivolous and a waste of the Court's resources.

In this regard, it also bears noting that, for at least two reasons, the resolution of whether the Utah district court intended to refer to Plaintiff or APA in the sentence in question is entirely immaterial to APA's request that the Court impose pre-filing restrictions on Plaintiff in this case. First, as APA explained in making the response, pre-filing restrictions are warranted due to Plaintiff's conduct in *this* case—namely his conduct in repeatedly filing motions raising the same, baseless allegations about APA counsel. *See* ECF No. 317, at 3, 11. Second, as even Plaintiff must acknowledge (*see* ECF No. 322, at 2), the penultimate sentence in the Utah district court's October 2016 order unambiguously ordered *Plaintiff* to "cease filing any additional pleadings until plaintiff's appeal is fully and finally resolved." *Supra* at 3. Thus, APA's characterization of the order as a similar order in which a court had placed filing restrictions on Plaintiff was entirely accurate. ECF No. 317 at 11-12. Thus, at best, the issue raised by Plaintiff in his Rule 11 motion is precisely the type of "minor, inconsequential" issue for which the Eleventh Circuit has held Rule 11 sanctions are inappropriate. *Smith*, 750 F.3d at 1261.

## II. The Court Should Award APA Its Attorneys' Fees and Expenses Incurred in Responding to This Motion

Rule 11(c)(2) authorizes the Court to award the "prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2); *see Smith*, 750 F.3d at 1260 ("'[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.' . . . Ordinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion.")

(quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). *Smith* is instructive, as in that case the Eleventh Circuit upheld an award of fees under Rule 11(b) against a party that it found had filed a Rule 11 motion as an "improper combative tool," where the motion made arguments about alleged misrepresentations in a filing that "were of no real consequence and did not warrant sanctions." *Id.* at 1260-61.

An award of fees is warranted here for the same reasons. Not only did Plaintiff file a Rule 11 motion about a trivial and inconsequential matter, Plaintiff persisted in filing his Rule 11 motion even after APA filed its correction. This is just another example of Plaintiff's pattern of vexatious conduct, which has imposed burdens on APA and the Court alike.

As APA has pointed out to the Court before, Plaintiff's motion is also the latest iteration of Plaintiff's strategy of impugning the integrity of people who do not agree with him. *See* Pl.'s Mot. for Sanctions, *Meadows v. Am. Airlines, Inc.*, No. 10-cv-22175, ECF No. 87, at 2 (S.D. Fla. Oct. 16, 2013) (seeking sanctions against opposing counsel for "continued unethical conduct [that] shocks the Plaintiff[']s sensibilities"); Pl.'s Mot. for Relief, *Meadows v. APA*, No. 14-cv-00115, ECF No. 60, at 3, 7-12 (D. Utah Aug. 31, 2016) (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgement against Meadows"); Pl.'s Mot. for Rule 60(b) Relief, *Meadows v. Am. Airlines, Inc.*, No. 10-cv-22175, ECF No. 89, at 2, 20 (S.D. Fla. Mar. 20, 2014) (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); Am. Mot. to Intervene, *EEOC v. Am. Airlines, Inc.*, No. 17-cv-04059, ECF No. 12, at 13, 25, 27 (D. Ariz. Apr. 2, 2018) (in seeking intervention, claiming that the "[p]arties have engaged in an egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this

Court" and a "conflict of interest"). Earlier in this case, Plaintiff even accused Judge King of bias and favoritism. ECF No. 24, at 2, 7.

Stepping back, what the record before the Court reveals is that for at least ten years—over which time Plaintiff has filed four unsuccessful lawsuits against APA arising out of his termination from American Airlines in 2011—Plaintiff has subjected APA and its counsel to a campaign of abusive legal tactics. To curb this conduct in the future, APA respectfully asks for a modest remedy, which is an award of the reasonable fees and expenses it has incurred in connection with Plaintiff's Rule 11 motion.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Rule 11 motion (ECF No. 322) and award APA its reasonable fees and expenses incurred in connection with the Motion.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Shea C. Kleinman*
Shea C. Kleinman, Esq.
Florida Bar No. 1049666
Capri Trigo, Esq.
Florida Bar No. 28564
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Email: skleinman@grsm.com
Email: ctrigo@grsm.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin*
John M. Pellettieri*
Lane Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600

Email: jshiffrin@bredhoff.com
Email: jpellettieri@bredhoff.com
Email: lshadgett@bredhoff.com

*Admitted *pro hac vice*

*Counsel for Defendant Allied Pilots Association*